IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

              Plaintiff,

    v.

ACUSHNET COMPANY,

              Defendant.

C. A. No. 06-91 (SLR)

**DECLARATION OF STEVEN C. McCRACKEN IN SUPPORT OF
PLAINTIFF CALLAWAY GOLF COMPANY'S OPPOSITION
TO DEFENDANT ACUSHNET COMPANY'S MOTION TO
STAY LITIGATION PENDING *INTER PARTES*
REEXAMINATION BY THE U.S. PATENT OFFICE**

I, Steven C. McCracken, declare as follows:

1.      I am Senior Executive Vice President and Chief Administrative Officer of Plaintiff Callaway Golf Company ("Callaway Golf"). I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      In September 2003, Callaway Golf purchased the assets of what was then known as the Top-Flite Golf Company ("Top-Flite"), including the patents-in-suit, and created a wholly-owned subsidiary of Callaway Golf of the same name. I personally participated in the process of purchasing the Top-Flite assets, including its existing patent portfolio. The patents are now owned by Callaway Golf.

3.      In August 2004 Callaway Golf initiated the dispute resolution procedures mandated by the 1996 Settlement Agreement ("1996 Agreement") between Acushnet and Top-Flite (Callaway Golf and Acushnet both acknowledged that Callaway Golf was obligated to follow the procedures in the 1996 Agreement as a successor to the original

Top-Flite).  In that process, Callaway Golf asserted that Acushnet's Pro V1 line of golf balls infringed Callaway Golf's patents.

4.      For approximately the next 18 months the parties engaged in the pre-lawsuit dispute resolution procedure mandated by the 1996 Agreement.  Specifically, Acushnet and Callaway Golf engaged in negotiations by and between senior executives, involving Joe Nauman, Executive Vice President of Corporate and Legal of Acushnet, and myself on behalf of Callaway Golf.  In addition, there was a non-binding mediation before mediator David W. Plant on August 3, 2005, and several non-binding mediation sessions before Magistrate Judge Thynge.

5.      The parties followed all of the procedures in the 1996 Agreement with one exception:  they mutually agreed to waive a meeting between the corporate CEO's because they felt such a meeting would not be productive.  During that process, Mr. Nauman and I had a frank discussion about the risk that one party or the other might cut the pre-filing dispute resolution mechanism short and rush to court to gain a tactical advantage.  To avoid such a situation, we agreed that each would advise the other before actually going to court.  However, I acknowledge that I did not ask, and Mr. Nauman did not volunteer, whether this agreement to provide advance notice would apply to proceedings before the United States Patent and Trademark Office ("PTO").

6.      While Callaway Golf pursued the discussions with vigor and candor, the parties were never able to reach agreement on a range of options that would likely result in settlement.  Mr. Nauman mentions in his declaration one proposal made by Acushnet. It was explored fully, but it was not within the range of settlement options acceptable to Callaway Golf and was rejected.  Although proposed by Acushnet, at no time during the discussions did Callaway Golf believe that review of the patents-in-suit by the PTO was appropriate, needed or encompassed by the 1996 Agreement.

7.      On Monday January 16, 2006, after another series of negotiations between the parties failed to resolve the matter, I concluded that the parties had exhausted their

2

contractual obligations to mediate the dispute and was prepared to file suit on behalf of Callaway Golf. As a courtesy, and consistent with our prior discussions about providing advance notice, on Tuesday January 17, at approximately 1:00 p.m. (PST), I called Mr. Nauman to inform him of my decision. He was not in, so I left a message to return my call. Mr. Nauman returned my call at approximately 2:10 p.m. (PST). I told him that I thought the parties had reached the end of negotiations and that the next step would be for Callaway Golf to file its patent infringement complaint the next day in District Court in Delaware, as provided in the 1996 Agreement.

8.      During that call, Mr. Nauman disagreed with my assessment that the parties had fully exhausted all settlement discussions and asked that Callaway Golf hold off filing the complaint until the parties could discuss the matter with Magistrate Judge Thynge the following day via telephone. Mr. Nauman did not tell me that he was going to file Acushnet's reexamination petitions later that day. Had he done so consistent with the spirit, if not the exact letter, of our earlier understanding about giving prior notice, I would have objected on the ground that the 1996 Agreement specified that the next step in the process was a lawsuit in District Court in Delaware.

9.      Believing that Mr. Nauman was contacting Magistrate Judge Thynge to arrange a telephone call, and out of respect for the Court and the process set forth in the 1996 Agreement, I asked my lawyers to hold off on the filing of the complaint on January 17, 2006 to give time for that process to run its course. I had no idea that Mr. Nauman had already instructed his lawyers to file papers in the PTO. Had I known that Mr. Nauman was taking his own action in the PTO without regard to Magistrate Judge Thynge, or the process set forth in the 1996 Agreement, I would not have given this instruction and the complaint would have been filed immediately after my call with Mr. Nauman on January 17.

10.      A conference call among Mr. Nauman, myself and Magistrate Judge Thynge was arranged for January 18, 2006. During that call, I told the Court and Mr.

3

Nauman that I had been ready to file the complaint that day, but had refrained from doing so to permit time for Magistrate Judge Thynge to participate in the process if she chose to do so. Magistrate Judge Thynge suggested that we have further mediation proceedings before resorting to litigation, and I agreed to her suggestion.

11.     At that point, Mr. Nauman informed the Court and Callaway Golf for the first time that Acushnet had already filed its reexamination petitions with the PTO. I stated that those filings would have an adverse effect upon any chance of resolution, and that Callaway Golf should proceed to file its complaint immediately. I expressed the concern that Acushnet would use its filing as a tactic to seek to stay any court proceedings. Mr. Nauman asked that Callaway Golf not file its complaint and stated that he would try to withdraw the reexamination filings from the PTO.

12.     Furthermore, Mr. Nauman also represented to Magistrate Judge Thynge that Acushnet would not use any delay in filing to gain any tactical advantage if Callaway Golf agreed to delay filing its complaint until the parties had another face-to-face mediation. With Mr. Nauman's representation to the Court on the issue of prejudice to Callaway Golf, and at the request of Magistrate Judge Thynge, I agreed to refrain from filing the complaint and have another mediation before the Court on February 8, 2006.

13.     The parties attended a mediation session before Magistrate Judge Thynge on February 8, but were unable to resolve the dispute. Callaway Golf, having complied fully with the 1996 Agreement, filed its complaint on February 9, 2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 19th day of May, 2006, at Carlsbad, California.

Steven C. McCracken

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006, I electronically filed **DECLARATION OF STEVEN C. McCRACKEN IN SUPPORT OF PLAINTIFF CALLAWAY GOLF COMPANY'S OPPOSITION TO DEFENDANT ACUSHNET COMPANY'S MOTION TO STAY LITIGATION PENDING *INTER PARTES* REEXAMINATION BY THE U.S. PATENT OFFICE** with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

Richard L. Horwitz                          Attorneys for Defendant
David E. Moore                              ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
Wilmington, DE 19801


I hereby certify that on May 19, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Joseph P. Lavelle                           Attorneys for Defendant
Andrew R. Sommer                            ACUSHNET COMPANY
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004


/s/ *Thomas L. Halkowski*
Thomas L. Halkowski


50349209.doc

6