IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| v. | ) | |
| | ) | |
| ACUSHNET COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF JOSEPH NAUMAN

|  |  |
|---|---|
|  | Richard L. Horwitz (#2246) |
|  | David E. Moore (#3983) |
|  | POTTER ANDERSON & CORROON LLP |
|  | Hercules Plaza 6th Floor |
|  | 1313 N. Market Street |
|  | P.O. Box 951 |
|  | Wilmington, DE 19899 |
|  | Tel: (302) 984-6000 |
| OF COUNSEL: | rhorwitz@potteranderson.com |
|  | dmoore@potteranderson.com |
| Alan M. Grimaldi |  |
| Joseph P. Lavelle | *Attorneys for Defendant Acushnet Company* |
| Andrew R. Sommer |  |
| HOWREY LLP |  |
| 1299 Pennsylvania Ave., N.W. |  |
| Washington, D.C. 20004 |  |
| Tel: (202) 783-0800 |  |

Dated: May 30, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Callaway Golf Company,<br><br>    PLAINTIFF,<br>v.<br><br>Acushnet company,<br><br>    DEFENDANT. | C.A. NO. 06-91 (SLR)<br><br><br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF JOSEPH NAUMAN

I, Joseph Nauman, Executive Vice President, Corporate and Legal at the Acushnet Company Fairhaven, Massachusetts, hereby declare as follows:

1. I represent and am Executive Vice President, Corporate and Legal of Acushnet Company ("Acushnet"), located at 333 Bridge Street, Fairhaven, Massachusetts 02719.

2. I negotiated and witnessed the signing of the 1996 Settlement Agreement between Acushnet, Spalding & Evenflo Companies, Inc. and Lisco, Inc. that Callaway has raised both before this Court and the United States Patent and Trademark Office.

3. Mr. Arturi of Spalding contacted Acushnet on December 6, 2001 to discuss two Spalding patents, one of which was United States Patent No. 6,210,293. Between that time and October 2002, Acushnet and Spalding met several times in an attempt to resolve this matter. On December 6, 2002, Mr. Arturi contacted me to cancel a meeting to further discuss this matter. That meeting was never rescheduled. Over 20 months passed before Callaway contacted me in late August 2004 to attempt to reengage the dispute resolution process described in the 1996

Declaration of Joseph Nauman

Page 2

Agreement. After being contacted by Callaway, I met with representatives of Callaway in October and December 2004 to further discuss this matter.

4. Pursuant to Paragraph 19.5 of the Agreement, I was present at a mediation proceeding before David W. Plant between Acushnet and Callaway Golf Company ("Callaway") on August 3, 2005.

5. Pursuant to Paragraph 19.6 of the Agreement, I was present at a mediation proceeding before Magistrate Judge Mary Pat Thynge on October 28, 2005.

6. On January 5th and 6th 2006, I met with Mr. Steve McCracken, General Counsel of Callaway to discuss a possible settlement of the dispute between Acushnet and Callaway. During discussions with Mr. McCracken, I informed him that if Callaway were to file suit against Acushnet in Federal Court, Acushnet would request *inter partes* reexamination of Callaway's United States Patent Nos. 6,210,293, 6,503,156, 6,506,130 and 6,595,873. During the course of those discussions, Mr. McCracken proposed reexamination of an Acushnet patent as part of a potential settlement.

7. Mr. McCracken never mentioned to me that any reexamination request would violate the 1996 Settlement Agreement. I also believe that based on Mr. McCracken's proposal that Callaway would ask the PTO to reexamine an Acushnet patent that Mr. McCracken did not believe that the Agreement precluded reexamination.

8. On January 17, 2006 I received a telephone call from Mr. McCracken. On that call Mr. McCracken indicated that Callaway would file suit against Acushnet the next day. I suggested that the parties participate in a telephone call with Magistrate Judge Thynge with the intention of arranging another meeting. Mr. McCracken refused to participate in this telephone call and indicated that Callaway would not agree to such a meeting. Based on this call, Acushnet's

Declaration of Joseph Nauman

Page 3

attorneys were instructed to immediately file the four different requests for reexamination that were previously prepared. Acushnet filed its requests for reexamination of Callaway's patents on January 17, 2006. I was surprised that in Callaway's brief Callaway falsely tells the Court that Acushnet "strung along" mediation to buy time to "prepare and file its reexamination requests." This is directly contrary to the facts as set forth above, as well as the facts in Callaway's Opposition. The facts indicate that Acushnet filed its requests for reexamination only hours after Callaway notified Acushnet of its intent to file suit.

9. On January 18, 2006, at Acushnet's prompting, the parties participated in a conference call with Magistrate Judge Thynge and agreed to meet with her again. During the conference call, Callaway conditioned the meeting with Magistrate Judge Thynge on Acushnet suspending the reexaminations. At one point, Callaway requested that Acushnet prepare a joint request to suspend the reexamination proceedings. Acushnet prepared the joint requests, but Callaway then refused to execute them explaining that it did not want to prejudice its legal position by joining Acushnet in any action at the Patent Office. Acushnet went ahead and filed a request to suspend the reexaminations as a measure of good faith. The meeting with Magistrate Judge Thynge took place on February 8, 2006 in Delaware and I was present. During the course of discussions, Callaway's representatives did not once suggest that Acushnet's requests for reexamination were prohibited by the 1996 Agreement.

11. I am surprised that Callaway's litigation inspired story has changed. In one of the petitions Callaway filed in the United States Patent Office, Callaway told the Office that Acushnet filed its requests for reexamination "while the mediation process was still underway." However, now Callaway tells the Court that "the parties ... had exhausted the 1996 Agreement's pre-lawsuit dispute resolution procedures." (Callaway Opp. at 6.) While I agree with

3

Declaration of Joseph Nauman
Page 4

Callaway's statement to this Court that the parties' obligations for pre-lawsuit dispute resolution had ended prior to Acushnet's filing of its reexamination requests, I am at a loss to understand its prior misrepresentations to the Patent Office.

12. Additionally, I was disappointed and surprised that Callaway found it necessary to disclose the terms of a confidential license agreement between the Acushnet and Callaway despite Callaway's contractual obligation to maintain that license agreement in confidence. (Callaway Opp. at 15.) That license agreement was entered into as settlement of a prior dispute with Callaway.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 30, 2006.

_____
Joseph Nauman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 30, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114

I hereby certify that on May 30, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

John V. Picone, III
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
picone@fr.com

David S. Shuman
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
shuman@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869