IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

             Plaintiff,

      v.

ACUSHNET COMPANY,

             Defendant.

C. A. No. 06-91 (SLR)

**PLAINTIFF CALLAWAY GOLF COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

FISH & RICHARDSON P.C.
Thomas L. Halkowski (#4099)
halkowski@fr.com
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel:  (617) 542-5070
Fax:  (617) 542-8906

John V. Picone III
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel:  (650) 839-5070
Fax:  (650) 839-5071

David S. Shuman
12290 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax:  (858) 678-5099

*Attorneys for Plaintiff*
*Callaway Golf Company*

DATED: June 15, 2006

## TABLE OF CONTENTS

**Page**

I.     NATURE AND STAGE OF THE PROCEEDING.................................................1

II.    SUMMARY OF THE ARGUMENT .......................................................1

III.   FACTS ..........................................................................................2

IV.    ARGUMENT .................................................................................4

     A.    Leave To Amend Should be Freely Given Absent Some
          Compelling Countervailing Factor .........................................................4

     B.    Callaway Golf's Motion To Amend Imposes No
          Prejudice On Acushnet .........................................................................5

     C.    Acushnet Can Point To No Other Countervailing Factor
          That Would Override The Liberal Policy Favoring
          Granting Leave To Amend .....................................................................6

V.     CONCLUSION.............................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989)...............................................................................4, 5

*In re Burlington Coat Factory Securities Lit.*,
  114 F.3d 1410 (3d Cir. 1997).............................................................................4, 6

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
  668 F. Supp. 906 (D. Del. 1987)...........................................................................5

*Dole v. Arco Chemical Co.*,
  921 F.2d 484 (3d Cir. 1990)..................................................................................5

*Kiser v. General Electric Corp.*,
  831 F.2d 423 (3d Cir. 1987)..................................................................................4

*Lorenz v. CSX Corp.*,
  1 F.3d 1406 (3d Cir. 1993)...............................................................................4, 5, 6

*Shamrock Holdings of California, Inc. v. Arenson*,
  421 F. Supp. 2d 800 (D. Del. 2006)......................................................................6

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
  140 F.3d 478 (3d Cir. 1998)..................................................................................6

## FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ...........................................................................................4

## I.     NATURE AND STAGE OF THE PROCEEDING

On February 9, 2006, Callaway Golf filed this action against Acushnet alleging

that Acushnet infringed four of Callaway's United States Patents. [D.I. 1]. Callaway Golf

asserted that Acushnet infringed U.S. Patent Nos. 6,210,293, 6,503,156, 6,506,130, and

6,595,873.  On March 1, 2006, Acushnet answered the complaint. [D.I. 6].

On June 2, 2006, the Court issued a scheduling order setting the case for trial on

December 3, 2007 and establishing other milestones for the case. [D.I. 28]. Callaway

Golf has served its first set of written discovery.  Acushnet has not served any discovery.

## II.     SUMMARY OF THE ARGUMENT

The law of the Third Circuit is clear.  Leave to amend a complaint should be

freely given absent a compelling countervailing reason such as prejudice, undue delay,

bad faith, or futility.  In this case, Callaway Golf seeks leave to add a breach of contract

claim relating to the same patents-in-suit.  [Tab 1 to Motion for Leave to Amend, filed

herewith].  Specifically, Callaway Golf's predecessor in interest, Spalding & Evenflo

Companies, Inc., ("Spalding") entered into a settlement agreement with Acushnet in

1996, in which the parties agreed to resolve any and all future intellectual property

related disputes, including patent disputes, exclusively by lawsuit in the United States

District Court for the District of Delaware.[1]  Acushnet violated this agreement when it

filed for *inter partes* re-examination of the four patents-in-suit in this case.

---

[1]  The Settlement Agreement underlying this motion was between Spalding & Evenflo
Companies, Inc., ("Spalding") and Acushnet.  For all purposes relevant here, Spalding
became Top-Flite Golf.  Callaway Golf purchased the assets of Top-Flite Golf in 2003
and therefore, as explained below, is the successor-in-interest to the Settlement
Agreement at issue in this motion.

The litigation is at its very early stages, with Callaway Golf being the only party to have served discovery thus far. Thus, the addition of a single, related claim will not prejudice Acushnet in any way. No other compelling countervailing reason exists to deny Callaway Golf's motion.

## III.    FACTS

In 1996, Callaway Golf's predecessor-in-interest, Spalding, entered into a settlement agreement with Acushnet to resolve various claims relating to claims of patent infringement. Among the terms of the 1996 Settlement Agreement is the requirement that the parties resolve any and all patent-related disputes exclusively in the District Court of Delaware. Specifically, the parties agreed that "[a]ny dispute arising out of or relating to patents. . . shall be resolved in accordance with the procedures specified in this Section, which shall be the sole and exclusive resolution of any disputes." [Declaration of Thomas L. Halkowski in Support of Plaintiff Callaway Golf Company's Motion for Leave to Amend Complaint, ("Halkowski Decl."), Ex. A at section 19.1, p.15]. Section 19 goes on to specify that after the parties undertake a multi-step mediation process, including mediation before a District of Delaware Magistrate, "either party may initiate legal proceedings, but only in the United States District Court for the District of Delaware, and no other. Said court retains jurisdiction of the parties for such purpose." [*Id.* at section 19.7, p. 18].

The 1996 Settlement Agreement remains in effect today. Section 16 of the Agreement provides that the, "Settlement Agreement shall expire upon the expiration of the last to expire patent subject of this Settlement Agreement." Since the two patents

identified by number in the Settlement Agreement (U.S. Patent Nos. 5,328,959[2] and

5,368,304) remain in force, so also does the Settlement Agreement.  [*Id.,* at section 16, p.

15].

Additionally, the terms and conditions of the Settlement Agreement were

assumed by Callaway Golf pursuant to section 15, when Callaway Golf acquired

substantially all of the golf ball business of Top-Flite's predecessor in interest, then also

known as "The Top-Flite Golf Company," and before that as "Spalding Sports

Worldwide, Inc."  Specifically, the Agreement provides that the "Settlement Agreement

is binding upon the parties … as well as their representatives and the successors,

transferees and assigns…."[Halkowski Decl., Ex. A at section 15, p. 15].

Callaway Golf has at all times complied with the terms of the 1996 Settlement

Agreement, including the pre-filing mediation requirements of section 19.  The same

cannot be said for Acushnet.  While Acushnet did follow the terms and conditions of the

Settlement Agreement for several months, including participating in several mediations,

on January 17, 2006, Acushnet breached the  Agreement by filing four *inter partes*

reexamination requests with the PTO for the patents-in-suit, U.S. Patent Nos. 6,210,293;

6,503,156; 6,506,130; and 6,595,873.

Following Acushnet's breach of the Settlement Agreement, Callaway Golf

initiated a meet and confer session with Acushnet regarding amending its complaint.  On

May 6, 2006, counsel for Callaway Golf sent an e-mail to Acushnet's counsel requesting

that it reconsider its refusal to stipulate to Callaway Golf's request to amend its

---

[2]  The '959 patent at issue is U.S. Patent No. 5,328,959 and not 5,329,959, which deals
with an unrelated technology, and is listed in the actual text of the 1996 Settlement
Agreement.  This was a typographical error that the parties realized, but apparently did
not remedy prior to the Agreement's execution.

complaint. [Halkowski Decl., Ex. B]. Counsel for Acushnet agreed to reconsider. [Halkowski Decl., Ex. C]. After not hearing from Acushnet regarding this issue for over a month, on June 13, Callaway Golf sent to Acushnet its proposed Amended Complaint and once again requested that Acushnet stipulate to the amendment. [Halkowski Decl., Ex. D]. On June 14, Acushnet confirmed that it would not stipulate. It is expected that Acushnet will contend that Callaway Golf's amendment is futile. [Halkowski Decl., Exs. E-F]. Callaway Golf disagrees and thus, files this motion seeking leave to amend.

In light of Acushnet's violation of the 1996 Settlement Agreement, Callaway Golf seeks to amend its complaint to add a breach of contract claim.

## IV.   ARGUMENT

### A.   Leave To Amend Should be Freely Given Absent Some Compelling Countervailing Factor

Fed. R. Civ. P. 15(a) states that leave to amend shall be "freely given when justice so requires." *In re Burlington Coat Factory Securities Lit.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit treats Rule 15(a) motions generously as "courts have shown a strong liberality in allowing amendments under Rule 15(a). *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citations omitted). "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be freely given." *Id.; see also Kalman v. Berlyn Corp.,* 914 F.2d 1473, 1479 (Fed. Cir. 1990).

Denial of leave to amend is primarily limited to situations where the non-moving party will be substantially prejudiced by the amendment. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Bechtel*, 886 F.2d at 652; *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). The burden to show prejudice rests on the non-moving party. *Kiser v. General Electric Corp.*, 831 F.2d 423,

428 (3d Cir. 1987); *see also Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 668 F. Supp. 906, 921-22 (D. Del. 1987) (finding that conclusory allegations of prejudice will not suffice to defeat a motion to amend).  It requires that "the non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel*, 886 F.2d at 652 (internal quotations omitted).  Where no prejudice exists, "denial must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414.

> **B.    Callaway Golf's Motion To Amend Imposes No Prejudice On Acushnet**

Callaway Golf is seeking to add a single claim, breach of contract, relating to the patents already asserted.  As this case is only in its beginning stages of discovery, adding this claim, rather than bringing a separate lawsuit, cannot prejudice Acushnet.

In order to show prejudice, "[Acushnet] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (finding no hardship where the facts and circumstances of new allegations were similar to the original allegations).  Prejudice sufficient to justify denial usually entails new claims or factual assertions brought after discovery has closed or during the later stages of discovery.  *See Bechtel*, 886 F.2d at 652.

Here, the lawsuit is just beginning.  Only Callaway Golf has served discovery.  As such, adding this claim presents no hardship to Acushnet, or delay to this action.

**C.    Acushnet Can Point To No Other Countervailing Factor That Would Override The Liberal Policy Favoring Granting Leave To Amend**

Unable to show that it will suffer prejudice, Acushnet will presumably attempt to rely on some other factor to show why amendment should not be allowed.  In the absence of prejudice, "denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorenz*, 1 F.3d at 1414.  Callaway Golf's request for leave to amend simply does not implicate any of these other factors.

Acushnet apparently intends to argue that adding the breach of contract claim is futile because the 1996 Settlement Agreement does not on its face prohibit reexaminations.  Acushnet must overcome a very high bar to prevail on this theory in that the Third Circuit has consistently held an amendment is futile only if it would not survive a motion to dismiss.  *See In re Burlington*, 114 F.3d at 1434-35.  This Court has stated that "[a] complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."  *Shamrock Holdings of California, Inc. v. Arenson*, 421 F. Supp. 2d 800 (D. Del. 2006) (quoting *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Here, Callaway Golf certainly would survive a motion to dismiss because Acushnet's expected argument ignores the plain language of the Settlement Agreement.  The language of the 1996 Settlement Agreement is extremely broad in scope – it encompasses "any dispute" and it mandates that the parties use the specified process as the "exclusive procedure" to resolve the dispute.  [*See* Ex. A at section 19.1, p.15]  The plain meaning of the 1996 agreement (and the interpretation that the parties agreed to in writing and followed for 18 months) allows only one way to ultimately resolve any patent dispute - through a lawsuit in the District Court of Delaware.  The 1996 Agreement does

6

not give the parties the option of seeking recourse through the PTO, International Trade Commission or any other administrative agency or adjudicative body.  Instead, it clearly and unequivocally states that all patent disputes will be resolved through negotiation, followed by non-binding, pre-lawsuit mediation and then, if necessary, a lawsuit ("legal proceedings") in the District Court of Delaware.  [*See Id.* at section 19, pp. 15-17] Callaway Golf's request to amend its complaint is not futile.

Callaway Golf's new claim for breach of contract is also in no way motivated by bad faith or dilatory motives.  Callaway Golf is only seeking to enforce the terms bargained for by the parties under the 1996 Settlement Agreement, specifically, the right to have the District Court of Delaware determine the issues relating to validity.   Absent Callaway Golf filing a second lawsuit, Callaway Golf has no other adequate remedy at law.  Furthermore, given that the parties have only recently begun to serve discovery, Callaway Golf's request is not dilatory.

## V.     CONCLUSION

For the reasons stated above, the Court should grant leave for Callaway Golf to amend its complaint to add a breach of contract claim.

Dated:  June 15, 2006                FISH & RICHARDSON P.C.

By:  /s/ *Thomas L. Halkowski*
       Thomas L. Halkowski (#4099)
       919 N. Market Street, Suite 1100
       P.O. Box 1114
       Wilmington, DE 19899-1114
       Tel:  (302) 652-5070
       Fax:  (302) 652-0607

       Frank E. Scherkenbach
       225 Franklin Street
       Boston, MA 02110-2804
       Tel:  (617) 542-5070
       Fax:  (617) 542-8906

       John V. Picone III
       500 Arguello Street, Suite 500
       Redwood City, CA 94063
       Tel:  (650) 839-5070
       Fax:  (650) 839-5071

       David S. Shuman
       12290 El Camino Real
       San Diego, CA 92130
       Tel: (858) 678-5070
       Fax:  (858) 678-5099

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, I electronically filed **PLAINTIFF**

**CALLAWAY GOLF COMPANY'S MEMORANDUM IN SUPPORT OF ITS**

**MOTION FOR LEAVE TO AMEND ITS COMPLAINT** with the Clerk of Court

using CM/ECF which will send electronic notification of such filing(s) to the following

Delaware counsel.  In addition, the filing will also be sent via hand delivery:


Richard L. Horwitz                          Attorneys for Defendant
David E. Moore                              ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
Wilmington, DE 19801



      I hereby certify that on June 15, 2006, I have mailed by United States Postal

Service, the document(s) to the following non-registered participants:

Joseph P. Lavelle                          Attorneys for Defendant
Andrew R. Sommer                           ACUSHNET COMPANY
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004




                         /s/ *Thomas L. Halkowski*
                         Thomas L. Halkowski




80034133.doc