

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

**www.potteranderson.com**

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

July 21, 2006

**VIA HAND DELIVERY**
**AND ELECTRONIC FILING**

The Honorable Sue L. Robinson
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE  19801

> Re:     **Callaway Golf Company v. Acushnet Company**
>          **C.A. No. 06-91-SLR**

Dear Chief Judge Robinson:

I am writing on behalf of defendant Acushnet Company to bring to the Court's attention newly-acquired information bearing on Acushnet's Motion to Stay Litigation. (D.I. 9.)

On July 19, 2006, the PTO again denied Callaway Golf's petition to the United States Patent and Trademark Office to suspend the pending *inter partes* reexamination proceedings. The PTO rejected Callaway's arguments that (1) assignor estoppel bars the PTO from conducting reexamination and (2) that nothing bars Callaway from presenting evidence to the PTO.  The PTO's decisions are attached as Exhibits A-D.  In its decision, the PTO committed to conducting the *inter partes* reexamination proceedings with "special dispatch," as required by the Patent Act.  (Ex. A at 12.) After discussing a number of procedural issues, the PTO concluded that (1) Callaway had failed to show "good cause" as to why reexamination should be suspended (*Id.*); (2) that there was no authority to support Callaway's assertion that the doctrine of assignor estoppel barred former privies from requesting *inter partes* reexamination; (*Id.* at 13-14); and (3) that adopting Callaway's argument that reexamination should be suspended because the Court's subpoena and discovery power was needed to resolve a reexamination proceeding would frustrate the purpose of the *inter partes* reexamination statute. (*Id.* at 14.)

These PTO decisions are relevant to the discussion of Callaway's petitions to have the reexamination proceedings suspended, which can be found in the following papers:

- *Acushnet Company's Memorandum in Support of its Motion to Stay Litigation Pending Inter Partes Reexamination by the U.S. Patent Office* at page 8 (D.I. 10);

The Honorable Sue L. Robinson
July 21, 2006
Page 2

- *Plaintiff Callaway Golf Company's Opposition to Defendant Acushnet Company's Motion to Stay Litigation* at pages 7-8 (D.I. 16); and

- *Acushnet Company's Reply Memorandum to Callaway's Opposition to Acushnet's Motion to Stay Litigation* at 8-11 (D.I. 22).

Respectfully submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

742278

cc:     Thomas L. Halkowski (via hand delivery)
        Frank E. Scherkenbach (via email)
        John V. Picone, III (via email)
        David S. Shuman (via email)
        Alan M. Grimaldi (via email)

# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

Dorothy P. Whelan
Fish & Richardson P.C.          (For Patent Owner)          **MAILED**
P.O. Box 1022
Minneapolis, MN 55440-1022                                  **JUL 19 2006**

                                                            **CENTRAL REEXAMINATION UNIT**

Alan M. Grimaldi
Howrey LLP                       (For Third Party Requester)
1299 Pennsylvania Avenue NW
Washington, DC 20004


In re Callaway Golf Company                :
   *Inter Partes* Reexamination Proceeding  : **DECISION DENYING**
Control No.: 95/000,123                     : **PETITION**
Filed:   January 17, 2006                   :
For:     U.S. Patent No. 6,595,873          :


This is a decision on the April 28, 2006 patent owner petition entitled "RENEWED PETITION TO SUSPEND INTER PARTES REEXAMINATION PROCEEDINGS." Also, on May 5, 2006, the third party requester filed a paper entitled "ACUSHNET'S OPPOSITION TO PATENT OWNER CALLAWAY'S RENEWED PETITION TO SUSPEND INTER PARTES REEXAMINATION PROCEEDINGS."

*Inter partes* reexamination control number 95/000,123, patent owner's renewed petition, and requester's opposition to patent owner's renewed petition are before the Office of Patent Legal Administration for consideration.

Patent owner's present petition is taken as a renewed petition under CFR 1.183 for waiver of 37 CFR 1.939, and as a petition under 37 CFR 1.182 for suspension of *inter partes* reexamination proceeding 95/000,123. Third party requester's opposition is also taken as a renewed petition under 37 CFR 1.183 for waiver of 37 CFR 1.939, and as a petition 37 CFR 1.182 to oppose the patent owner's renewed petition.

### FEES

As the fee for the originally filed patent owner petition was not charged, a petition fee of $400.00 under 37 CFR 1.17(f) will be charged to the patent owner's Deposit Account No. 06-1050 as authorized in the April 28, 2006 patent owner renewed petition.

As the fee for the originally filed third party requester opposition to patent owner's petition was not charged, a petition fee of $400.00 under 37 CFR 1.17(f) will be charged to the third party requester's Deposit Account No. 08-3038, as authorized in the May 5, 2006 third party requester renewed opposition.

## SUMMARY

The respective 37 CFR 1.183 aspect of the petition of the patent owner to permit entry and consideration of the renewed patent owner petition as a petition to suspend the present *inter partes* reexamination proceeding, and of the third party requester to permit entry and consideration of the third party requester's opposition to the renewed petition to suspend, are <u>granted</u>.

The patent owner renewed petition under 37 CFR 1.182 to suspend the present *inter partes* reexamination proceeding is <u>denied</u>.

## REVIEW OF FACTS

1.  U.S. Patent No. 6,595,873 ("the '873 patent") issued to Michael J. Sullivan on July 22, 2003, and is currently assigned to Callaway Golf Company.

2.  A request for *inter partes* reexamination of the '873 patent was filed by a third party requester, Acushnet Company, on January 17, 2006. The request was assigned Control No. 95/000,123 ("the '123 *inter partes* reexamination proceeding").

3.  On February 9, 2006, the third party requester filed a paper purporting to withdraw a paper requesting suspension of the '123 *inter partes* reexamination proceeding stated to have been filed by third party requester on January 23, 2006.

4.  On February 15, 2006, the Office recognized the requester's February 15, 2006 paper, and accepted the withdrawal of the January 23, 2006 paper, noting that, had the January 23, 2006 paper been before the Office, the Office would have taken that paper as a petition for suspension of action without rendering a decision on the petition.

5.  On March 21, 2006, the patent owner filed a petition, requesting that the '123 *inter partes* reexamination proceeding be suspended.

6.  On March 24, 2006, the third party requester filed an opposition to the March 21, 2006 patent owner petition.

7.  On April 11, 2006, an Office decision was issued, discarding both the March 21, 2006 patent owner petition and the March 24, 2006 opposition thereto as being improper premature papers.

8.  On April 6, 2006, reexamination was ordered for claims 1-6, i.e. all of the claims, of the '873 patent.

9.  On April 13, 2006, patent owner filed a petition requesting that the order granting the present reexamination proceeding be vacated as being an *ultra vires* action.

10. On April 27, 2006, third party requester filed an opposition to patent owner's April 13, 2006 petition.

11. On April 28, 2006, patent owner filed the present renewed petition to suspend the '123 *inter partes* reexamination proceeding.

12. On May 5, 2006, third party requester filed the present opposition to the April 28, 2006 patent owner petition.

13. On June 7, 2006, the patent owner petition to vacate the '123 *inter partes* reexamination proceeding was dismissed by the Office.

## DECISION

### I.    Relevant Law And Procedure

35 U.S.C. § 311(a) provides:

> IN GENERAL. — **Any third-party requester** at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art cited under the provisions of section 301." [Emphasis supplied]

35 U.S.C. § 312(a) provides in pertinent part:

> "Not later than 3 months after the filing of a request for *inter partes* reexamination under section 311, the Director **shall** determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications. . ." [Emphasis supplied.]

35 U.S.C. § 313 provides:

> "If, in a determination made under section 312(a), the Director finds that a substantial new question of patentability affecting a claim of a patent is raised, the determination **shall** include an order for *inter partes* reexamination of the patent for resolution of the question. The order may be accompanied by the initial action of the Patent and Trademark Office on the merits of the *inter partes* reexamination conducted in accordance with section 314." [Emphasis supplied.]

35 U.S.C. § 314 (c) provides:

> "Unless otherwise provided by the Director for good cause, all inter partes reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, shall be conducted with special dispatch within the Office."

37 CFR 1.132 provides:

> "When any claim of an application or a patent under reexamination is rejected or objected to, any evidence submitted to traverse the rejection or objection on a basis not otherwise provided for must be by way of an oath or declaration under this section."

37 CFR 1.182 provides:

> "All situations not specifically provided for in the regulations of this part will be decided in accordance with the merits of each situation by or under the authority of the Director, subject to such other requirements as may be imposed, and such decision will be communicated to the interested parties in writing. Any petition seeking a decision under this section must be accompanied by the petition fee set forth in § 1.17(f).

37 CFR 1.183 provides:

"In an extraordinary situation, when justice requires, any requirement of the regulations in this part which is not a **requirement of the statutes** may be suspended or waived by the Director or the Director's designee, *sua sponte*, or on petition of the interested party, subject to such other requirements as may be imposed. Any petition under this section must be accompanied by the petition fee set forth in § 1.17(f)."

37 CFR 1.907 provides:

"(a) Once an order to reexamine has been issued under § 1.931, neither the third party requester, nor its privies, may file a subsequent request for *inter partes* reexamination of the patent until an *inter partes* reexamination certificate is issued under § 1.997, unless authorized by the Director.

(b) Once a final decision has been entered against a party in a civil action arising in whole or in part under 28 U.S.C. 1338 that the party has not sustained its burden of proving invalidity of any patent claim-in-suit, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claim on the basis of issues which that party, or its privies, raised or could have raised in such civil action, and an *inter partes* reexamination requested by that party, or its privies, on the basis of such issues may not thereafter be maintained by the Office.

(c) If a final decision in an *inter partes* reexamination proceeding instituted by a third party requester is favorable to patentability of any original, proposed amended, or new claims of the patent, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claims on the basis of issues which that party, or its privies, raised or could have raised in such *inter partes* reexamination proceeding."

37 CFR 1.913 provides:

"Except as provided for in § 1.907, any person other than the patent owner or its privies may, at any time during the period of enforceability of a patent which issued from an original application filed in the United States on or after November 29, 1999, file a request for *inter partes* reexamination by the Office of any claim of the patent on the basis of prior art patents or printed publications cited under § 1.501."

37 CFR 1.935 provides:

"The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination."

37 CFR 1.937(b) provides:

"The *inter partes* reexamination proceeding will be conducted in accordance with §§ 1.104 through 1.116, the sections governing the application examination process, and will result in the issuance of an *inter partes* reexamination certificate under § 1.997, except as otherwise provided."

37 CFR 1.939 provides:

"(a) If an unauthorized paper is filed by any party at any time during the *inter partes* reexamination proceeding **it will not be considered** and may be returned." [Emphasis supplied.]

(b) Unless otherwise authorized, **no paper** shall be filed prior to the initial Office action on the merits of the *inter partes* reexamination." [Emphasis supplied.]

37 CFR 1.987 provides:

"If a patent in the process of *inter partes* reexamination is or becomes involved in litigation, the Director shall determine whether or not to suspend the *inter partes* reexamination proceeding."

With respect to suspension of *inter partes* reexamination, MPEP § 2684.04(III) provides that:

> "... 'good cause' might be present, for example, where there is an issue that cannot be decided in the reexamination proceeding but affects the resolution of the proceeding. Another example is where there is an issue common to the litigation and the reexamination that can best be decided in court due to the availability in court of discovery and subpoena power (e.g., an issue heavily dependent on presentation of conflicting/contested evidence by the two parties)."

## II. Procedural Discussion *Re*: Patent Owner's Original (March 21, 2006) Petition To Suspend

On March 21, 2006, patent owner filed a petition to suspend the '123 *inter partes* reexamination proceeding. In the present petition, patent owner takes the position [1] that the original petition to suspend filed on March 21, 2006 was not entered in the '123 proceeding, and was instead discarded, because it was filed prior to issuance of a reexamination order. This position is inaccurate.

By its terms, 37 CFR 1.939(b) precludes the filing of any paper in an *inter partes* reexamination proceeding prior to "the initial Office action on the merits" in that proceeding, unless the filing of the paper is authorized. At the time of filing of that petition, and at the time of the decision thereon, not only had there been no decision on the request for reexamination, there had also been no Office action on the merits in the *inter partes* proceeding. The patent owner petition of March 21, 2006 was held to be an improper paper under 37 CFR 1.939 because it was filed prior to the issuance of the initial Office action in the reexamination proceeding. [2] Not only had *inter partes* reexamination not yet been ordered, no "initial Office action on the merits of the *inter partes* reexamination" had been promulgated in the '123 *inter partes* reexamination proceeding, and a paper prior to that point is barred by regulation unless authorized, in accordance with 37 CFR 1.939(b). [3]

Although patent owner's March 21, 2006 petition requested relief under 37 CFR 1.183, the regulatory provision that provides for waiver of the rules, [4] there was no specific identification of which regulation that patent owner was seeking to waive. However, even if waiver of the provisions of 37 CFR 1.939 had been specifically requested, the March 21, 2006 patent owner petition could not have been granted. As explained in the decision dated April 11, 2006 (by which the March 21, 2006 patent owner petition and third party requester opposition were discarded as being improper papers), U.S.C. § 312(a) <u>requires</u>, *inter alia,* that after a request for *inter partes* reexamination is filed, the Director <u>shall, within three months of the filing of a request for *inter partes* reexamination,</u> determine whether that request raises a substantial new question of patentability affecting any claim of the patent that is the subject of the request. Further, 35 U.S.C. § 313 **requires** that - when the Director does determine that a substantial new question of patentability is raised by the request, then the determination <u>shall</u> include an order for *inter partes* reexamination of the patent concerned.

---

[1] See patent owner's "Renewed Petition to Suspend, page 2, second full paragraph.

[2] See Decision Discarding Improper Papers", April 11, 2006, page 2, paragraph styled "The Patent Owner Petition"

[3] It appears that petitioner patent owner is confusing the terminology "initial Office action on the merits" with the terminology "reexamination order." The terminology "action on the merits" means an action on the patentability of the claims of the patent being reexamined. See, for example, 37 CFR 1.935 which provides that "The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination." Clearly, a reexamination order and "the initial action on the merits of the reexamination are two different things. See also MPEP Chapter 700, wherein it is made clear that in examination proceedings, "action on the merits" is a term of art meaning an action in which a patentability determination is made.

[4] At page 2 thereof, the March 21, 2006 petition requested relief under a variety of regulations, as well as relief pursuant to 35 U.S.C § 314(c), as does the present renewed petition.

It is clear that consideration of the substance of patent owner's March 21, 2006 petition, and granting it, would have, in effect, required a waiver of 35 U.S.C. §§ 312(a) and 313, because a suspension of the '123 *inter partes* reexamination proceeding would have precluded both a determination of the existence or absence of a substantial new question of patentability, and the promulgation of a reexamination order based on that determination within three months of the filing of the request for reexamination, as required by §§ 312(a) and 313. However, a waiver of the statutes is an action beyond the authority of the Director, and 37 CFR 1.183 expressly recognizes that a requirement of the statutes may not be waived. Therefore, a suspension of the '123 *inter partes* reexamination prior to the determination on the request for reexamination promulgation of the reexamination order, based upon any petition by the parties, was barred.

## III.  Procedural Discussion *Re:* The Present Patent Owner Renewed Petition To Suspend

In the present patent owner renewed petition, patent owner takes the position that because an Order granting *inter partes* reexamination has now been issued, the petition to suspend is a proper paper. Patent owner also takes the position that the present renewed petition, (as well as patent owner's March 21, 2006 petition to suspend), is proper because it is authorized by 37 CFR 1.987. [5]

### A.  Relief Pursuant to 37 CFR 1.939

Patent owner argues that the present patent owner petition to suspend the '123 reexamination proceeding is now timely under 37 CFR 1.939(b) as reexamination has already been ordered. This position is not persuasive because, as discussed in section II., *supra*, an order for *inter partes* reexamination is not the initial Office action on the merits of the *inter partes* reexamination proceeding. "Action on the merits" is a term of art, and as such, means an action on the patentability of claims. It is clearly so used in the reexamination regulations, for example, in 37 CFR 1.935. [6] Thus, it is clear that the filing of the present patent owner renewed petition to suspend is not authorized by 37 CFR 1.939(b), because the "initial action on the merits " of the '123 *inter partes* reexamination proceeding has not yet been issued by the Office.

### B.  Relief Pursuant to 37 CFR 1.987

The patent owner's argues that 37 CFR 1.987 independently authorizes the filing of the present petition to suspend. This too is not persuasive. The plain language of the regulation does not state or imply that it in any way authorizes the filing of a petition to suspend, particularly a petition that would be improper pursuant to one or more of the regulations that implement the *inter partes* reexamination statutes. 37 CFR 1.987 is merely declaratory of the Director's discretionary authority to *sua sponte* suspend an *inter partes* reexamination proceeding in certain circumstances, *i.e.*, when there is both: (a) litigation involving the patent which is the subject of the *inter partes* reexamination proceeding and (b) "good cause" to suspend. 37 CFR 1.987 in no way authorizes the filing of a petition to request such a suspension. The right of parties in this arena is the filing of a Notification of Existence of Prior or Concurrent Proceedings and Decisions pursuant to MPEP § 2686 to provide the Office with information which may, or may not, justify a suspension of action.

Patent owner has not cited a regulation that authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding. In fact, no regulation implementing the *inter partes* reexamination statutes authorizes such a petition.

---

[5] *Id* , at footnote 1.
[6] See the discussion in footnote 3.

*Reexamination Control Nos. 95/000,123*                                                              -7-

C.  Relief Pursuant to Patent Owner's Petition Under 37 CFR 1.182 and 1.183

Note is taken that the present patent owner renewed petition requests relief under both 37 CFR 1.182 and 1.183. Notwithstanding that patent owner has again failed to specifically identify the regulations(s) for which a waiver under 37 CFR 1.183 is requested, the present renewed petition will be taken as a petition under 37 CFR 1.183 to waive the provisions of 37 CFR 1.939 in order to permit the filing of a paper prior to the issuance of the initial Office action on the merits in the '123 *inter partes* reexamination proceeding. Further, the present renewed petition will also be taken as a petition under 37 CFR 1.182 for a situation "not specifically provided for in the regulations" to permit the filing of a petition to suspend the '123 *inter partes* reexamination proceeding.

1.  37 CFR 1.183 Waiver of 37 CFR 1.939

As discussed in sections I. and II (A), *supra*, 37 CFR 1.939(b) precludes the filing of any paper prior to the initial Office action on the merits of the '123 *inter partes* reexamination proceeding. As no initial Office action on the merits has yet been issued, no patent owner paper may be filed in the '123 *inter partes* reexamination proceeding at this point in the proceeding. However, *inter partes* reexamination has now been ordered. [7] Therefore, suspension of the '123 *inter partes* reexamination proceeding would not require the waiver of any provision of the *inter partes* reexamination statutes; only a waiver of 37 CFR 1.939(b) would be needed to provide for an entry right of the petition paper requesting suspension.

In this instance, it is determined to be in the interests of justice with respect to both parties to the '123 *inter partes* reexamination proceeding that a decision regarding suspension of the '123 *inter partes* proceeding be made as soon as possible, given that (1) a suspension of the proceedings would not impair compliance with the reexamination statutes, and (2) extraordinary circumstances are found to exist, including the fact that this proceeding is but one of four *inter partes* proceedings in which the present parties are involved, and that the present parties are actively involved in litigation with respect to the patents that are the subject of those four *inter partes* reexamination proceedings. Rather than requiring patent owner and third party requester to re-file the petition and opposition thereto after a first action on the merits, it is appropriate to consider the question of suspension now. Further, if suspension were in fact warranted, it would be in the interests of justice that such suspension takes place prior to an action on the patentability of the claims. Finally, there is a public interest, and an interest to be considered by the court in the ongoing litigation, to ascertain, as soon as practical, whether the '123 *inter partes* reexamination proceeding will continue to conclusion, or will presently be suspended pending the outcome of the parallel litigation involving the '873 patent, as well as such future circumstance that would demand that a suspension be lifted, if imposed.

Accordingly, based upon the facts of record and the current circumstances set forth, *supra*, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit filing of the present patent owner renewed petition and the requester's opposition to the renewed petition, and consideration of the substance of both the petition and the opposition.

2.  37 CFR 1.182 Petition to Suspend the '123 *Inter Partes* Reexamination Proceeding

As discussed Section III(B), *supra*, neither 37 CFR 1.987 nor any regulation implementing the *inter partes* reexamination statutes authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding. However, the present patent owner renewed petition does request

---

[7] See the "Order Granting *Inter Partes* Reexamination" dated April 6, 2006.

consideration pursuant to 37 CFR 1.182, and a proposed suspension of an *inter partes* reexamination proceeding is a situation not specifically provided for in the regulations. For the reasons set forth in the second paragraph of section III(C)(1), *supra*, and based upon the facts of record and the current circumstances, consideration will be given to the substance of the present patent owner renewed petition to suspend the '123 *inter partes* reexamination proceeding, as a situation not specifically provided for in the regulations.

## IV.  Procedural Discussion Of The Third Party Requester Renewed Opposition

The third party requester renewed opposition filed on May 5, 2006, lacks an entry right under 37 CFR 1.939(b) for the same reasons discussed with respect to the renewed patent owner petition. Further, the regulations implementing the *inter partes* reexamination statutes do not expressly provide for the filing of an opposition paper to a patent owner request to suspend an *inter partes* reexamination proceeding.

However, third party requester has submitted the instant opposition pursuant to 37 CFR 1.182 and 1.183. For reasons analogous to those discussed above with respect to the patent owner's renewed petition, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit the filing of the instant opposition to the present patent owner's renewed petition prior to the initial Office action on the merits in the '123 *inter partes* reexamination proceeding. Although the regulations do not specifically provide for a third party requester opposition to a patent owner petition to suspend an *inter partes* reexamination proceeding, for reasons analogous to those discussed above with respect to the patent owner's renewed petition, consideration will be given, pursuant to 37 CFR 1.182, to the requester's opposition to the patent owner's renewed petition.

## V.  Findings And Analysis On The Merits Of Patent Owner's Renewed Petition to Suspend

### A.  Patent Owner's Substantive Position In Support Of Suspension of the '123 *Inter Partes* Reexamination Proceeding

Patent owner states that pursuant to 35 U.S.C. § 314 (c), and the procedure discussed in MPEP § 2686.04(III), there is good cause to suspend the '123 *inter partes* reexamination proceeding. Patent owner asserts the existence of matters to be raised in the concurrent litigation that are argued to affect the resolution of the '123 *inter partes* reexamination proceeding or potentially bar the proceeding. Patent owner also raises issues in which the District Court's discovery and subpoena powers are asserted to be important in deciding matters heavily dependent upon the evidentiary showings of the parties.

### 1.  Matters Involving Privity And Assignor Estoppel [8]

Patent owner states that the sole inventor of the '873 patent is Michael J. Sullivan, who is now a Vice President of third party requester business entity. Patent owner urges that 37 CFR 1.913 [9] is facially broad enough to cover both current and former patent owners and current and former privies, to bar *inter partes* reexamination. Patent owner argues that Mr. Sullivan is a

---

[8] See *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F.2d 789; USPQ2d 1728 (Fed. Cir. 1990), and compare *Acushnet Company v. Dunlop Maxfli Sports Corporation*, 2000 U.S. Dist. LEXIS 10123, Civ. A. No. 98-717-SLR, (D. Del June 29, 2000).

[9] Pursuant to 37 CFR 1.913, a request for *inter partes* reexamination can be filed by any person other than patent owner or its privies.

privy of a former patent owner [10] to whom the '873 patent was originally assigned, and that 37 CFR 1.913 should have precluded the filing of the '123 *inter partes* reexamination proceeding.

Patent owner further alleges that, as a Vice President of third party requester, Mr. Sullivan may well be a privy of third party requester. Patent owner argues that the third party requester would therefore be barred from challenging the validity of the '873 patent via the '123 *inter partes* reexamination proceeding by the doctrine of assignor estoppel.

Patent owner's position is that a suspension of the '123 *inter partes* reexamination proceeding is necessary, because these issues can only be resolved by evidence that can uniquely be obtained through the use of the District Court's discovery and subpoena power.

> ## 2. Additional Matters Requiring The District Court's Discovery And Subpoena Power

Patent owner also urges that the use of the District Court's discovery and subpoena power is required to permit full and fair evaluation of testing undertaken by third party requester that is relied upon by third party requester to support its allegations of patent invalidity. Patent owner points out that third party requester relies upon an invalidity argument under 35 U.S.C. § 103, that objective evidence of commercial success of both the patent owner and an alleged infringer (the third party requester) is relevant to § 103 nonobviousness. Patent owner argues that access to evidence that would establish commercial success of the third party requester's accused products could be obtained utilizing the District Court's discovery and subpoena powers.

> ## B. Established Standards Demonstrating The Existence of "Good Cause" For Suspension Of *Inter Partes* Reexamination Proceedings

35 U.S.C. § 305 requires that all *ex parte* reexamination proceedings be conducted with special dispatch within the Office. It has been held that, based on the unequivocal statutory requirement for special dispatch, the Office may not suspend a pending *ex parte* reexamination proceeding merely because of the existence of concurrent litigation on the patent that is the subject of reexamination. [11] *Ethicon* discusses certain fundamental concepts regarding concurrent *ex parte* reexamination proceedings in the Office and litigation of the patent that is the subject of reexamination. For example the *Ethicon* court quoted extensively from the decision of the court in *In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 4, (Fed Cir. 1985) (in banc) to point out:

> "That:one challenging validity in court bears the burden assigned by [35 U.S.C.] § 282, that the same party may request reexamination upon submission of art not previously cited, and that, if that art raises a substantial new question of patentability, the PTO may during reexamination consider the same and new and amended claims in light of that art free of any presumption, *are concepts not in conflict*. On the contrary, those concepts are but further indication that *litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes*." [Emphasis is the Court's.]

The *Ethicon* court also cited *Etter* in order to point out that when reexamination and litigation for the same patent are conducted concurrently:

> "...precise duplication of effort does not occur because the PTO and the courts employ different standards of proof when considering validity, and the courts, unlike the PTO during a reexamination of patent claims, are not limited to review of prior art patents or printed publications."

---

[10] The present patent owner acquired rights to the '873 patent from the original owner, Top-Flite.

[11] *Ethicon, Inc., v. Quigg*, 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir. 1988)

*Reexamination Control Nos. 95/000,123*                                                                     -10-

*Id.*, at 856, at 4.

In contrast to the 35 U.S.C. § 305 which applies only to *ex parte* reexamination, 35 U.S.C. § 314(c) expressly allows for the suspension of an *inter partes* reexamination proceeding within the Office "for good cause," notwithstanding that *inter partes* reexamination proceedings are to be conducted with "special dispatch." Therefore, the question of whether a petition to suspend an *inter partes* reexamination proceeding that is being conducted concurrently with litigation of the patent establishes "good cause" for the suspension of an *inter partes* reexamination proceeding presents a question that differs from the question of suspension of an *ex parte* reexamination proceeding. Pursuant to 35 U.S.C. § 314(c) and 37 CFR 1.987 that implements the statutory provision, the USPTO Director has authority to determine circumstances amounting to "good cause" for suspension of an *inter partes* reexamination proceeding, and to do so on a case-by-case basis.

In *inter partes* reexamination proceedings control numbers 95/000,093 and 95/000,094 (collectively referred to hereinafter as "the Immersion-Sony *inter partes* reexamination proceedings"), the Office granted a patent owner petition to stay the *inter partes* reexamination proceedings due to the existence of concurrent litigation of the patents that were the subject of the reexamination proceedings. [12] The decision suspension granting acknowledged that MPEP § 2684.04 set forth certain criteria as indicia of "good cause" for suspension of an *inter partes* reexamination proceeding, but pointed out that these criteria were merely exemplary. [13] The criteria relied upon by the Office in the Immersion-Sony *inter partes* reexamination proceedings to support a finding of "good cause" to suspend was upheld by the U.S. District Court, Eastern District of Virginia, *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. This criteria establishes a benchmark and standard which the Office can make use of to test the facts and circumstances of record in a given *inter partes* reexamination proceeding in order to determine whether there is "good cause" to suspend that *inter partes* reexamination proceeding, due to the existence of concurrent litigation of the patent being reexamined.

**In the *Sony* scenario:**

The patent claims for which *inter partes* reexamination was requested were not identical to the claims being litigated; there was one non-litigated patent claim (claim 1 in each instance) for which reexamination had been requested in each proceeding. The Office denied patent owner Immersion's first petition to suspend the *inter partes* reexamination proceedings, noting that even if the proceedings were suspended in the Office and judgment was rendered adverse to requester Sony in the concurrent litigation, that would not dispose of all claims in the existing *inter partes* reexamination proceedings, leading to a piecemeal reexamination, and a delay in reexamination of the non-litigated claims. [14] The patent owner then disclaimed claim 1 of each patent, whereby identical patent claims were the subject of both the *inter partes* reexamination proceedings and the concurrent litigation. The Office then granted patent owner Immersion's second petition to suspend the *inter partes* reexamination proceedings.

At the point in time that the Immersion-Sony *inter partes* reexamination proceedings were suspended, the proceedings were at an early stage; the Office's work had been limited only to a finding that the requests for reexamination had raised a substantial new question of

---

[12] See the '093 and '094 proceedings, Decision Granting Petitions To Suspend, November 17, 2005

[13] *Id.*, Decision Granting Petitions To Suspend", November 17, 2005, footnote 6.

[14] *Id.*, "Decision Denying Petitions", August 23, 2005, at page 6.

patentability. The <u>concurrent litigation</u>, on the other hand, <u>was at an advanced stage</u>: (a) a District Court had issued a decision adverse to requester Sony, holding the litigated patent claims to be valid, (b) an appeal of the District Court had been filed in the Court of Appeals for the Federal Circuit ("the Federal Circuit"), and (c) the matter had already been briefed. Thus, there was a substantial likelihood that suspension of the reexamination proceedings would serve to conserve Office of resources, since a final holding of claim validity would statutorily require termination of the Immersion-Sony *inter partes* prosecutions with respect to all of the claims subject to the litigation, which was also all the claims subject to reexamination in those proceedings. It was not in the Office's and parties' interests to engage resources in administrative proceedings that ultimately could be mooted by the concurrent litigation which was soon to be finally resolved. The substantial likelihood that the reexamination prosecutions would terminate and the proceedings be concluded, taken together with the identity of claims in the litigation and the *inter partes* reexamination proceedings, led the Office to conclude that on balance, there was "good cause" to suspend the Immersion-Sony *inter partes* reexamination proceedings, to await the decision by the Federal Circuit. The decision granting suspension noted that should circumstances change, *e.g.*, if the matter were remanded to the District Court by the Federal Circuit without a holding on claim validity, the third party would be free to petition for a resumption of the *inter partes* reexamination proceeding based upon the change in circumstances. The decision also noted that further *inter partes* proceedings on the claims not before the Office and the courts could subsequently be obtained by members of the public.

**In the present instance:**

The facts and circumstances in the '123 *inter partes* reexamination proceeding differ significantly from those present in the Immersion-Sony *inter partes* reexamination proceeding. In contrast to the Immersion-Sony *inter partes* reexamination proceedings, the litigation involving the '873 patent is at an early stage. For example, there is a pending order dated June 2, 2006, referring the matter to a Magistrate Judge for the purposes of exploring joinder of parties, setting September 29, 2006 as a due date for amended papers, and setting a discovery conference for October 18, 2006. The issue of claim construction is still pending, and there are apparently a number of preliminary motions pending. Thus, unlike the Immersion-Sony *inter partes* proceedings in which the litigation had resulted in an appealable holding of claim validity, with the appeal having been filed and briefed to the appellate court, in this instance, it is not even foreseeable when the District Court's holding on the issue of validity might be would be rendered, and what it might be. It certainly cannot be envisioned when the litigation involving the '873 patent will reach a <u>final </u>holding on the validity of the claims of the '873 patent, including any appeal to the Federal Circuit, let alone what that holding is likely to be.

Further, in the '123 *inter partes* reexamination proceeding, patent owner has not established that there that the litigation of the '873 patent will result in a decision on the validity of all of the claims being currently being reexamined, *i.e.*, claims 1-6 of the '873 patent. Thus, it is not even clear that a final holding of claim validity in the litigation would necessarily require conclusion of the '123 *inter partes* reexamination proceeding as to all the claims subject to reexamination.

**As a final point, as to the difference:**

In the Immersion-Sony *inter partes* proceedings Sony chose to permit the District Court litigation to proceed for three years before filing its requests for reexamination only after judgment was entered in Immersion's favor in the litigation. Had Sony filed its requests for reexamination earlier, the reexamination proceedings could have been much farther along in the process, and may likely have been completed at the Office <u>before</u> the district court issued its decision. Also,

the district court might have stayed the litigation to await the Office's decisions in the reexamination proceedings. In the present instance, the requester has filed the '123 *inter partes* reexamination well before the District Court litigation has advanced to conclusion, and the Office proceedings should be available for the District Court.

**In conclusion as to this issue:**

Congress specifically provided estoppel provisions when a "final decision" upholding the validity of patent claims has been reached in a civil action or in a prior *inter partes* reexamination. *See* 35 U.S.C. § 317(b); 35 U.S.C. § 315(c). Thus, if a party's challenge to the validity of certain patent claims has been <u>finally</u> resolved, either through civil litigation or the *inter partes* reexamination process, then that party is barred from making a subsequent request for *inter partes* reexamination (or filing a new civil action) challenging the validity of those same claims. *Id.* Accordingly, while Congress desired that the creation of an *inter partes* reexamination option would lead to a reduction in expensive patent litigation, it nonetheless also contemplated in the statute that a court validity challenge and *inter partes* reexamination of a patent may occur simultaneously; but once one proceeding finally ends, then the issues raised (or that could have been raised) with respect to the validity of a claim in that proceeding would have estoppel effect on the same issues in the other. Until that time, however, the Office is obligated to move forward in the *inter partes* reexamination with "special dispatch." Only "good cause" will permit the Office from deviating from that statutory mandate. In this instance, the litigation is at a preliminary stage so that it can not be determined when the litigation will reach a final holding on the issue of claim validity and what that decision is likely to be. Even if there should be a final holding on the issue of claim validity, the patent owner has not established that there is an identity of claims in the '123 *inter partes* reexamination proceeding and those subject to the litigation to thereby statutorily bar proceeding further with the entirety of the reexamination proceeding. Accordingly, the patent owner has not provided the USPTO Director with sufficient basis upon which to conclude that there is "good cause" to suspend the *inter partes* reexamination proceeding to await a final decision on claim validity in the litigation.

### C. Other Patent Owner's Allegations That Good Cause For Suspension Exists

The factors alleged by patent owner to present "good cause" for suspension of the '123 *inter partes* reexamination proceeding have been thoroughly considered. However, for the reasons that follow, these factors do not establish "good cause" for suspension.

#### 1. Privity and Assignor Estoppel

Patent owner argues that because Michael J. Sullivan, the sole inventor of the '873 patent, assigned the '873 patent to patent owner's predecessor in interest, the '123 *inter partes* reexamination proceeding was filed by a "former privy" of patent owner and is therefore barred under 37 CFR 1.913. The purpose of 37 CFR 1.913 is simply declaratory of the statutory mandate of 35 U.S.C. § 311(a) that provides that <u>any third-party requester</u> may, at any time, file a request for *inter partes* reexamination. [15] Patent owner has not established that 37 CFR 1.913,

---

[15] In the Notice of Proposed Rulemaking entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg 18154, 18167 (April 6, 2000) it is stated that proposed rule includes the language "an person other than the patent owner or its privies may ... file a request for *inter partes* reexamination." The commentary stated that the proposed rule "provides for any third-party requester ... to file a request for ... an *inter partes* reexamination ..." That is, the proposed rule was thought to simply echo the statutory language. However, the words "other than patent owner or its privies" were deleted from the final rule because a comment to directed proposed rule 1.913 had suggested that the Office had exceeded its authority in excluding patent owner or its privies

nor the statute upon which it is grounded, precludes the filing of a request for *inter partes* reexamination by a party who is a so-called "former privy" of patent owner, especially a party who assigned a patent to an entity other than the present patent owner. Absent citation of controlling authority to the contrary by patent owner, it would appear that the statutory language "any third-party requester" is broadly drawn and would permit a party not in direct privity with a patent owner, i.e., a "former privy" of patent owner, to file a request for *inter partes* reexamination.

Patent owner also argues that the doctrine of assignor estoppel should have precluded the filing of the '123 *inter partes* reexamination proceeding, because sole inventor Sullivan assigned the patent to patent owner's predecessor in interest, but is now a Vice President of the third party requester business entity. However, reexamination is not litigation to determine the validity of patent claims conducted before a court wherein the equitable doctrine of assignor estoppel is applicable. Rather, reexamination is an administrative proceeding to determine the patentability of patent claims, a determination that is not conducted under the equitable considerations attaching to a litigation in which claim validity is determined. As discussed above, *In re Etter*, 756 F 2d 852, 857, 225 USPQ 1, 4, (Fed Cir. 1985) (*en banc*) makes it clear that litigation and reexamination are distinct proceedings with distinct parties, purposes, procedures and outcomes. Stated differently, although the application of the assignor estoppel doctrine in litigation is a fact intensive issue requiring the finding of facts and the balancing of the equities by the court, [16] a reexamination proceeding is not a determination of patent validity and infringement of patent claims. [17] It is also to be noted that a patent owner is statutorily authorized to file a reexamination request to obtain an advisory opinion as to the applicability of a prior patent or printed publication; such an advisory opinion would be prohibited in litigation as lacking a "case or controversy." If a patent owner can request reexamination of a patent, a party who assigned to the patent owner should likewise be permitted to do so. Therefore, absent citation of authority holding that assignor estoppel applies to reexamination so as to bar a statutorily approved request for *inter partes* reexamination filed by "[A]ny third-party requester at any time," assignor estoppel would not appear to apply generally to reexamination, and specifically to the present *inter partes* reexamination proceeding. Patent owner has argued  that a suspension of the '123 *inter partes* reexamination proceeding is necessary because the issue of whether the present requester was barred from filing the '123 *inter partes* reexamination proceeding based on assignor estoppel can only be resolved through

---

because the language of 35 U S C § 311(c) appeared to permit a patent owner to file a request for an *inter partes* reexamination proceeding. See Final Rule entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg. 76756, 76764 (December 7, 2000) However, Public Law 107-273, section 12101, 116 Stat. 1901 amended 35 U.S.C § 311(c) clarify that only the third party requester, and not a patent owner, may file a request for *inter partes* reexamination. Thereafter, the language "other than patent owner or its privies" was added to 37 CFR 1 913. See Final Rule entitled "Changes to Implement the 2002 *Inter Partes* Reexamination and Other Technical amendments to the Patent Statute", 68 Fed. Reg. 70996, 70999 (December 22, 2003)

[16] Compare *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F 2d 789, 14 USPQ2d 1728 (Fed. Cir. 1990) holding that because inventor Luniewski who had assigned his patent to Shamrock was now a Vice President of MSI was in privity with MSI, that MSI was barred from asserting patent invalidity and unenforceability as defenses to patent infringement with *Acushnet Company v. Dunlop Maxfli Sports Corporation, Civ. A No 98-717-SLR, 2000 U.S. Dist., LEXIS 10123* (D Del June 29, 2000) distinguishing *Shamrock* holding that where an inventor had assigned a patent to plaintiff and then became a Vice President of defendant accused infringer the facts and equities did not establish that the inventor was in privity with the defendant and that the defense of patent invalidity was, therefore, available to defendant

[17] See also *Joy Technologies, Inv. v. Harry F Manbeck, Jr.* 959 F 2d 226, 229 (Fed. Cir 1992) "Trying to equate its appeal of the reexamination decision to an action analogous to a 'suit at common law,' Joy argues that the reexamination proceeding should be construed as most like a declaratory judgment action where the PTO is seeking a determination that Joy's patent is invalid. It admits, however, that the PTO could not bring such a suit. Thus, there is no basis to recharacterize the statutory procedure established by Congress in the reexamination statute."

evidence obtained through the use of the District Court's discovery and subpoena power to ascertain whether an assignor filed the present request. However, since patent owner has not established that the doctrine of assignor estoppel applies in the administrative reexamination of a patent, patent owner's argument has not been shown to establish "good cause" for suspension of the '123 *inter partes* reexamination proceeding.

### 2. Additional Matters Requiring The District Court's Discovery and Subpoena Power

Patent owner argues that, in addition to the issues of assignor estoppel and privity, the District Court's discovery and subpoena power is necessary for patent owner to secure objective evidence of commercial success of third party requester's infringing products. Patent owner also argues that patent owner will be able to question tests conducted by third party requester in support of third party requester's arguments of patent invalidity, and that patent owner will be able to obtain the information necessary to question these tests only through the District Court's discovery and subpoena powers. Thus, patent owner reasons that "good cause" exists warranting suspension of the '123 *inter partes* reexamination proceedings.

These arguments are unpersuasive for a number of reasons. First, the provisions of 37 CFR 1.132 apply to the '123 *inter partes* reexamination proceeding, as it does to all *inter partes* reexamination proceedings. Patent owner will in fact have an opportunity in the '123 *inter partes* reexamination proceedings to submit objective test evidence in support of nonobviousness to the same extent that third party requester may submit objective test evidence tending to show nonobviousness. Also, the parties can submit evidence rebutting each other's 37 CFR 1.132 showings. Further, patent owner has submitted no showing that sales of the accused infringer's products are secret data not available publicly, thereby enabling patent owner to secure this data by commissioning research of the matter, without the necessity of the District Court's subpoena and discovery. Speculative allegations that patent owner might require the District Court's subpoena and discovery power in aid of a position taken in litigation does not establish "good cause" for suspension of the '123 *inter partes* reexamination proceeding.

Of greater import, however, is that patent owner's position, if taken to its logical conclusion, would undercut the ability of a third party requester (and, for that matter, a patent owner) to obtain any final result in an *inter partes* reexamination proceeding. Thus, the purpose of the *inter partes* reexamination statutes would be frustrated. For if a party engaged in patent infringement/validity litigation could demonstrate "good cause" for a suspension of an *inter partes* reexamination proceeding merely by invoking the existence of a district court's subpoena and discovery power and coupling that invocation with allegations that the party might need to employ that power in the course of litigation, then any *inter partes* reexamination proceeding for a patent involved in litigation could be readily stayed. It is presumed that if Congress had desired this, Congress would have expressly so stated in the reexamination statutes. However, Congress instead enacted 35 U.S.C. § 314 (c) and the "good cause" standard, a far more flexible and fact specific test allowing the USPTO Director to determine on a case-by-case basis whether to stay a pending *inter partes* reexamination proceeding.

## CONCLUSION

1.  The patent owner renewed petition filed April 28, 2006, is <u>granted</u> with respect to the relief requested pursuant to 37 CFR 1.183, to the extent that the substance of patent owner's petition to suspend the '123 *inter partes* reexamination proceeding has been considered under 37 CFR 1.182.

2.  The substance of the third party requester opposition filed on May 5, 2006, has been considered pursuant to 37 CFR 1.183.

3.  The patent owner's petition under 37 CFR 1.182 to suspend the '123 *inter partes* reexamination is <u>denied</u>.

4.  This decision is a final agency action within the meaning of 5 U.S.C. § 704.

5.  Telephone inquiries related to the present decision should be directed to the Stephen Marcus, Legal Advisor, at 571-272-7743, or, in his absence, to the undersigned at 571-272-7710.


_____
Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration


sm
July 17, 2006

                                                    7-17-06
              C:\Kiva\Kenpet6\IP\IP 123_PO_suspend-re-lit_after-Order+before-1stOA.doc

# EXHIBIT B



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

Dorothy P. Whelan
Fish & Richardson P.C.                    (For Patent Owner)          **MAILED**
P.O. Box 1022
Minneapolis, MN 55440-1022                                           **JUL 19 2006**

                                                          **CENTRAL REEXAMINATION UNIT**
Alan M. Grimaldi
Howrey LLP                                (For Third Party Requester)
1299 Pennsylvania Avenue NW
Washington, DC 20004


In re Callaway Golf Company                    :
  *Inter Partes* Reexamination Proceeding      : **DECISION DENYING**
Control No.: 95/000,121                        : **PETITION**
Filed:    January 17, 2006                     :
For:      U.S. Patent No. 6,503,156            :


This is a decision on the April 28, 2006 patent owner petition entitled "RENEWED PETITION TO SUSPEND INTER PARTES REEXAMINATION PROCEEDINGS." Also, on May 5, 2006, the third party requester filed a paper entitled "ACUSHNET'S OPPOSITION TO PATENT OWNER CALLAWAY'S RENEWED PETITION TO SUSPEND INTER PARTES REEXAMINATION PROCEEDINGS."

*Inter partes* reexamination control number 95/000,121, patent owner's renewed petition, and requester's opposition to patent owner's renewed petition are before the Office of Patent Legal Administration for consideration.

Patent owner's present petition is taken as a renewed petition under CFR 1.183 for waiver of 37 CFR 1.939, and as a petition under 37 CFR 1.182 for suspension of *inter partes* reexamination proceeding 95/000,121. Third party requester's opposition is also taken as a renewed petition under 37 CFR 1.183 for waiver of 37 CFR 1.939, and as a petition 37 CFR 1.182 to oppose the patent owner's renewed petition.


### FEES

As the fee for the originally filed patent owner petition was not charged, a petition fee of $400.00 under 37 CFR 1.17(f) will be charged to the patent owner's Deposit Account No. 06-1050 as authorized in the April 28, 2006 patent owner renewed petition.

As the fee for the originally filed third party requester opposition to patent owner's petition was not charged, a petition fee of $400.00 under 37 CFR 1.17(f) will be charged to the third party requester's Deposit Account No. 08-3038, as authorized in the May 5, 2006 third party requester renewed opposition.

## SUMMARY

The respective 37 CFR 1.183 aspect of the petition of the patent owner to permit entry and consideration of the renewed patent owner petition as a petition to suspend the present *inter partes* reexamination proceeding, and of the third party requester to permit entry and consideration of the third party requester's opposition to the renewed petition to suspend, are granted.

The patent owner renewed petition under 37 CFR 1.182 to suspend the present *inter partes* reexamination proceeding is denied.

## REVIEW OF FACTS

1. U.S. Patent No. 6,503,156 ("the '156 patent") issued to Michael J. Sullivan on January 7, 2003, and is currently assigned to Callaway Golf Company.

2. A request for *inter partes* reexamination of the '156 patent was filed by a third party requester, Acushnet Company, on January 17, 2006. The request was assigned Control No. 95/000,121 ("the '121 *inter partes* reexamination proceeding").

3. On February 9, 2006, the third party requester filed a paper purporting to withdraw a paper requesting suspension of the '121 *inter partes* reexamination proceeding stated to have been filed by third party requester on January 23, 2006.

4. On February 16, 2006, the Office recognized the requester's February 9, 2006 paper, and accepted the withdrawal of the January 23, 2006 paper, noting that, had the January 23, 2006 paper been before the Office, the Office would have taken that paper as a petition for suspension of action without rendering a decision on the petition.

5. On March 21, 2006, the patent owner filed a petition, requesting that the '121 *inter partes* reexamination proceeding be suspended.

6. On March 24, 2006, the third party requester filed an opposition to the March 21, 2006 patent owner petition.

7. On April 11, 2006, an Office decision was issued, discarding both the March 21, 2006 patent owner petition and the March 24, 2006 opposition thereto as being improper premature papers.

8. On April 7, 2006, reexamination was ordered for claims 1-11, i.e. all of the claims, of the '156 patent.

9. On April 13, 2006, patent owner filed a petition requesting that the order granting the present reexamination proceeding be vacated as being an *ultra vires* action.

10. On April 27, 2006, third party requester filed an opposition to patent owner's April 13, 2006 petition.

11. On April 28, 2006, patent owner filed the present renewed petition to suspend the '121 *inter partes* reexamination proceeding.

12.  On May 5, 2006, third party requester filed the present opposition to the April 28, 2006 patent owner petition.

13.  On June 7, 2006, the patent owner petition to vacate the '121 *inter partes* reexamination proceeding was dismissed by the Office.

## DECISION

### I.  Relevant Law And Procedure

35 U.S.C. § 311(a) provides:

> IN GENERAL — **Any third-party requester** at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art cited under the provisions of section 301." [Emphasis supplied.]

35 U.S.C. § 312(a) provides in pertinent part:

> "Not later than 3 months after the filing of a request for *inter partes* reexamination under section 311, the Director **shall** determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications. . . ." [Emphasis supplied.]

35 U.S.C. § 313 provides:

> "If, in a determination made under section 312(a), the Director finds that a substantial new question of patentability affecting a claim of a patent is raised, the determination **shall** include an order for *inter partes* reexamination of the patent for resolution of the question. The order may be accompanied by the initial action of the Patent and Trademark Office on the merits of the *inter partes* reexamination conducted in accordance with section 314." [Emphasis supplied.]

35 U.S.C. § 314 (c) provides:

> "Unless otherwise provided by the Director for good cause, all inter partes reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, shall be conducted with special dispatch within the Office."

37 CFR 1.132 provides:

> "When any claim of an application or a patent under reexamination is rejected or objected to, any evidence submitted to traverse the rejection or objection on a basis not otherwise provided for must be by way of an oath or declaration under this section."

37 CFR 1.182 provides:

> "All situations not specifically provided for in the regulations of this part will be decided in accordance with the merits of each situation by or under the authority of the Director, subject to such other requirements as may be imposed, and such decision will be communicated to the interested parties in writing. Any petition seeking a decision under this section must be accompanied by the petition fee set forth in § 1.17(f)."

37 CFR 1.183 provides:

"In an extraordinary situation, when justice requires, any requirement of the regulations in this part which is not a **requirement of the statutes** may be suspended or waived by the Director or the Director's designee, *sua sponte*, or on petition of the interested party, subject to such other requirements as may be imposed. Any petition under this section must be accompanied by the petition fee set forth in § 1.17(f)."

37 CFR 1.907 provides:

"(a) Once an order to reexamine has been issued under § 1.931, neither the third party requester, nor its privies, may file a subsequent request for *inter partes* reexamination of the patent until an *inter partes* reexamination certificate is issued under § 1.997, unless authorized by the Director.

(b) Once a final decision has been entered against a party in a civil action arising in whole or in part under 28 U.S.C. 1338 that the party has not sustained its burden of proving invalidity of any patent claim-in-suit, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claim on the basis of issues which that party, or its privies, raised or could have raised in such civil action, and an *inter partes* reexamination requested by that party, or its privies, on the basis of such issues may not thereafter be maintained by the Office.

(c) If a final decision in an *inter partes* reexamination proceeding instituted by a third party requester is favorable to patentability of any original, proposed amended, or new claims of the patent, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claims on the basis of issues which that party, or its privies, raised or could have raised in such *inter partes* reexamination proceeding."

37 CFR 1.913 provides:

"Except as provided for in § 1.907, any person other than the patent owner or its privies may, at any time during the period of enforceability of a patent which issued from an original application filed in the United States on or after November 29, 1999, file a request for *inter partes* reexamination by the Office of any claim of the patent on the basis of prior art patents or printed publications cited under § 1.501."

37 CFR 1.935 provides:

"The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination."

37 CFR 1.937(b) provides:

"The *inter partes* reexamination proceeding will be conducted in accordance with §§ 1.104 through 1.116, the sections governing the application examination process, and will result in the issuance of an *inter partes* reexamination certificate under § 1.997, except as otherwise provided."

37 CFR 1.939 provides:

"(a) If an unauthorized paper is filed by any party at any time during the *inter partes* reexamination proceeding **it will not be considered** and may be returned." [Emphasis supplied.]

(b) Unless otherwise authorized, **no paper** shall be filed prior to the initial Office action on the merits of the *inter partes* reexamination." [Emphasis supplied.]

37 CFR 1.987 provides:

"If a patent in the process of *inter partes* reexamination is or becomes involved in litigation, the Director shall determine whether or not to suspend the *inter partes* reexamination proceeding."

With respect to suspension of *inter partes* reexamination, MPEP § 2684.04(III) provides that:

> "... 'good cause' might be present, for example, where there is an issue that cannot be decided in the reexamination proceeding but affects the resolution of the proceeding. Another example is where there is an issue common to the litigation and the reexamination that can best be decided in court due to the availability in court of discovery and subpoena power (e.g., an issue heavily dependent on presentation of conflicting/contested evidence by the two parties)."

## II.    Procedural Discussion *Re:* Patent Owner's Original (March 21, 2006) Petition To Suspend

On March 21, 2006, patent owner filed a petition to suspend the '121 *inter partes* reexamination proceeding. In the present petition, patent owner takes the position [1] that the original petition to suspend filed on March 21, 2006 was not entered in the '121 proceeding, and was instead discarded, because it was filed prior to issuance of a reexamination order. This position is inaccurate.

By its terms, 37 CFR 1.939(b) precludes the filing of any paper in an *inter partes* reexamination proceeding prior to "the initial Office action on the merits" in that proceeding, unless the filing of the paper is authorized. At the time of filing of that petition, and at the time of the decision thereon, not only had there been no decision on the request for reexamination, there had also been no Office action on the merits in the *inter partes* proceeding. The patent owner petition of March 21, 2006 was held to be an improper paper under 37 CFR 1.939 because it was filed prior to the issuance of the initial Office action in the reexamination proceeding. [2] Not only had *inter partes* reexamination not yet been ordered, no "initial Office action on the merits of the *inter partes* reexamination" had been promulgated in the '121 *inter partes* reexamination proceeding, and a paper prior to that point is barred by regulation unless authorized, in accordance with 37 CFR 1.939(b). [3]

Although patent owner's March 21, 2006 petition requested relief under 37 CFR 1.183, the regulatory provision that provides for waiver of the rules, [4] there was no specific identification of which regulation that patent owner was seeking to waive. However, even if waiver of the provisions of 37 CFR 1.939 had been specifically requested, the March 21, 2006 patent owner petition could not have been granted. As explained in the decision dated April 11, 2006 (by which the March 21, 2006 patent owner petition and third party requester opposition were discarded as being improper papers), U.S.C. § 312(a) <u>requires</u>, *inter alia*, that after a request for *inter partes* reexamination is filed, the Director <u>shall, within three months of the filing of a request for *inter partes* reexamination,</u> determine whether that request raises a substantial new question of patentability affecting any claim of the patent that is the subject of the request. Further, 35 U.S.C. § 313 **requires** that - when the Director does determine that a substantial new question of patentability is raised by the request, then the determination <u>shall</u> include an order for *inter partes* reexamination of the patent concerned.

---

[1] See patent owner's "Renewed Petition to Suspend, page 2, second full paragraph.

[2] See Decision Discarding Improper Papers", April 11, 2006, page 2, paragraph styled "The Patent Owner Petition"

[3] It appears that petitioner patent owner is confusing the terminology "initial Office action on the merits" with the terminology "reexamination order." The terminology "action on the merits" means an action on the patentability of the claims of the patent being reexamined. See, for example, 37 CFR 1.935 which provides that "The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination." Clearly, a reexamination order and "the initial action on the merits of the reexamination are two different things. See also MPEP Chapter 700, wherein it is made clear that in examination proceedings, "action on the merits" is a term of art meaning an action in which a patentability determination is made.

[4] At page 2 thereof, the March 21, 2006 petition requested relief under a variety of regulations, as well as relief pursuant to 35 U.S.C. § 314(c), as does the present renewed petition

It is clear that consideration of the substance of patent owner's March 21, 2006 petition, and granting it, would have, in effect, required a waiver of 35 U.S.C. §§ 312(a) and 313, because a suspension of the '121 *inter partes* reexamination proceeding would have precluded both a determination of the existence or absence of a substantial new question of patentability, and the promulgation of a reexamination order based on that determination within three months of the filing of the request for reexamination, as required by §§ 312(a) and 313. However, a waiver of the statutes is an action beyond the authority of the Director, and 37 CFR 1.183 expressly recognizes that a requirement of the statutes may not be waived. Therefore, a suspension of the '121 *inter partes* reexamination prior to the determination on the request for reexamination promulgation of the reexamination order, based upon any petition by the parties, was barred.

III.  Procedural Discussion *Re:* The Present Patent Owner Renewed Petition To Suspend

In the present patent owner renewed petition, patent owner takes the position that because an Order granting *inter partes* reexamination has now been issued, the petition to suspend is a proper paper. Patent owner also takes the position that the present renewed petition, (as well as patent owner's March 21, 2006 petition to suspend), is proper because it is authorized by 37 CFR 1.987.[5]

   A.  Relief Pursuant to 37 CFR 1.939

Patent owner argues that the present patent owner petition to suspend the '121 reexamination proceeding is now timely under 37 CFR 1.939(b) as reexamination has already been ordered. This position is not persuasive because, as discussed in section II., *supra*, an order for *inter partes* reexamination is <u>not</u> the initial Office action on the merits of the *inter partes* reexamination proceeding. "Action on the merits" is a term of art, and as such, means an action on the patentability of claims. It is clearly so used in the reexamination regulations, for example, in 37 CFR 1.935.[6] Thus, it is clear that the filing of the present patent owner renewed petition to suspend is not authorized by 37 CFR 1.939(b), because the "initial action on the merits" of the '121 *inter partes* reexamination proceeding has not yet been issued by the Office.

   B.  Relief Pursuant to 37 CFR 1.987

The patent owner's argues that 37 CFR 1.987 independently authorizes the filing of the present petition to suspend. This too is not persuasive. The plain language of the regulation does not state or imply that it in any way authorizes the filing of a petition to suspend, particularly a petition that would be improper pursuant to one or more of the regulations that implement the *inter partes* reexamination statutes. 37 CFR 1.987 is merely declaratory of the Director's discretionary authority to *sua sponte* suspend an *inter partes* reexamination proceeding in certain circumstances, *i.e.*, when there is both: (a) litigation involving the patent which is the subject of the *inter partes* reexamination proceeding and (b) "good cause" to suspend. 37 CFR 1.987 in no way authorizes the filing of a petition to request such a suspension. The right of parties in this arena is the filing of a Notification of Existence of Prior or Concurrent Proceedings and Decisions pursuant to MPEP § 2686 to provide the Office with information which may, or may not, justify a suspension of action.

Patent owner has not cited a regulation that authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding. In fact, no regulation implementing the *inter partes* reexamination statutes authorizes such a petition.

---

[5] *Id.*, at footnote 1.
[6] See the discussion in footnote 3.

C. Relief Pursuant to Patent Owner's Petition Under 37 CFR 1.182 and 1.183

Note is taken that the present patent owner renewed petition requests relief under both 37 CFR 1.182 and 1.183. Notwithstanding that patent owner has again failed to specifically identify the regulations(s) for which a waiver under 37 CFR 1.183 is requested, the present renewed petition will be taken as a petition under 37 CFR 1.183 to waive the provisions of 37 CFR 1.939 in order to permit the filing of a paper prior to the issuance of the initial Office action on the merits in the '121 *inter partes* reexamination proceeding. Further, the present renewed petition will also be taken as a petition under 37 CFR 1.182 for a situation "not specifically provided for in the regulations" to permit the filing of a petition to suspend the '121 *inter partes* reexamination proceeding.

1. 37 CFR 1.183 Waiver of 37 CFR 1.939

As discussed in sections I. and II (A), *supra*, 37 CFR 1.939(b) precludes the filing of any paper prior to the initial Office action on the merits of the '121 *inter partes* reexamination proceeding. As no initial Office action on the merits has yet been issued, no patent owner paper may be filed in the '121 *inter partes* reexamination proceeding at this point in the proceeding. However, *inter partes* reexamination has now been ordered.[7] Therefore, suspension of the '121 *inter partes* reexamination proceeding would not require the waiver of any provision of the *inter partes* reexamination statutes; only a waiver of 37 CFR 1.939(b) would be needed to provide for an entry right of the petition paper requesting suspension.

In this instance, it is determined to be in the interests of justice with respect to both parties to the '121 *inter partes* reexamination proceeding that a decision regarding suspension of the '121 *inter partes* proceeding be made as soon as possible, given that (1) a suspension of the proceedings would not impair compliance with the reexamination statutes, and (2) extraordinary circumstances are found to exist, including the fact that this proceeding is but one of four *inter partes* proceedings in which the present parties are involved, and that the present parties are actively involved in litigation with respect to the patents that are the subject of those four *inter partes* reexamination proceedings. Rather than requiring patent owner and third party requester to re-file the petition and opposition thereto after a first action on the merits, it is appropriate to consider the question of suspension now. Further, if suspension were in fact warranted, it would be in the interests of justice that such suspension takes place prior to an action on the patentability of the claims. Finally, there is a public interest, and an interest to be considered by the court in the ongoing litigation, to ascertain, as soon as practical, whether the '121 *inter partes* reexamination proceeding will continue to conclusion, or will presently be suspended pending the outcome of the parallel litigation involving the '156 patent, as well as such future circumstance that would demand that a suspension be lifted, if imposed.

Accordingly, based upon the facts of record and the current circumstances set forth, *supra*, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit filing of the present patent owner renewed petition and the requester's opposition to the renewed petition, and consideration of the substance of both the petition and the opposition.

2. 37 CFR 1.182 Petition to Suspend the '121 *Inter Partes* Reexamination Proceeding

As discussed Section III(B), *supra*, neither 37 CFR 1.987 nor any regulation implementing the *inter partes* reexamination statutes authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding. However, the present patent owner renewed petition does request

---

[7] See the "Order Granting *Inter Partes* Reexamination" dated April 7, 2006.

consideration pursuant to 37 CFR 1.182, and a proposed suspension of an *inter partes* reexamination proceeding is a situation not specifically provided for in the regulations. For the reasons set forth in the second paragraph of section III(C)(1), *supra*, and based upon the facts of record and the current circumstances, consideration will be given to the substance of the present patent owner renewed petition to suspend the '121 *inter partes* reexamination proceeding, as a situation not specifically provided for in the regulations.

### IV.   Procedural Discussion Of The Third Party Requester Renewed Opposition

The third party requester renewed opposition filed on May 5, 2006, lacks an entry right under 37 CFR 1.939(b) for the same reasons discussed with respect to the renewed patent owner petition. Further, the regulations implementing the *inter partes* reexamination statutes do not expressly provide for the filing of an opposition paper to a patent owner request to suspend an *inter partes* reexamination proceeding

However, third party requester has submitted the instant opposition pursuant to 37 CFR 1.182 and 1.183. For reasons analogous to those discussed above with respect to the patent owner's renewed petition, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit the filing of the instant opposition to the present patent owner's renewed petition prior to the initial Office action on the merits in the '121 *inter partes* reexamination proceeding. Although the regulations do not specifically provide for a third party requester opposition to a patent owner petition to suspend an *inter partes* reexamination proceeding, for reasons analogous to those discussed above with respect to the patent owner's renewed petition, consideration will be given, pursuant to 37 CFR 1.182, to the requester's opposition to the patent owner's renewed petition.

### V.   Findings And Analysis On The Merits Of Patent Owner's Renewed Petition to Suspend

#### A.   Patent Owner's Substantive Position In Support Of Suspension of the '121 *Inter Partes* Reexamination Proceeding

Patent owner states that pursuant to 35 U.S.C. § 314 (c), and the procedure discussed in MPEP § 2686.04(III), there is good cause to suspend the '121 *inter partes* reexamination proceeding. Patent owner asserts the existence of matters to be raised in the concurrent litigation that are argued to affect the resolution of the '121 *inter partes* reexamination proceeding or potentially bar the proceeding. Patent owner also raises issues in which the District Court's discovery and subpoena powers are asserted to be important in deciding matters heavily dependent upon the evidentiary showings of the parties.

#### 1.   Matters Involving Privity And Assignor Estoppel [8]

Patent owner states that the sole inventor of the '156 patent is Michael J. Sullivan, who is now a Vice President of third party requester business entity. Patent owner urges that 37 CFR 1.913 [9] is facially broad enough to cover both current and former patent owners and current and former privies, to bar *inter partes* reexamination. Patent owner argues that Mr. Sullivan is a

---

[8] See *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F.2d 789; USPQ2d 1728 (Fed. Cir. 1990), and compare *Acushnet Company v. Dunlop Maxfli Sports Corporation*, 2000 U.S. Dist. LEXIS 10123, Civ. A. No. 98-717-SLR, (D. Del June 29, 2000).

[9] Pursuant to 37 CFR 1.913, a request for *inter partes* reexamination can be filed by any person other than patent owner or its privies.

privy of a former patent owner [10] to whom the '156 patent was originally assigned, and that 37 CFR 1.913 should have precluded the filing of the '121 *inter partes* reexamination proceeding.

Patent owner further alleges that, as a Vice President of third party requester, Mr. Sullivan may well be a privy of third party requester. Patent owner argues that the third party requester would therefore be barred from challenging the validity of the '156 patent via the '121 *inter partes* reexamination proceeding by the doctrine of assignor estoppel.

Patent owner's position is that a suspension of the '121 *inter partes* reexamination proceeding is necessary, because these issues can only be resolved by evidence that can uniquely be obtained through the use of the District Court's discovery and subpoena power.

> ## 2. Additional Matters Requiring The District Court's Discovery And Subpoena Power

Patent owner also urges that the use of the District Court's discovery and subpoena power is required to permit full and fair evaluation of testing undertaken by third party requester that is relied upon by third party requester to support its allegations of patent invalidity. Patent owner points out that third party requester relies upon an invalidity argument under 35 U.S.C. § 103, that objective evidence of commercial success of both the patent owner and an alleged infringer (the third party requester) is relevant to § 103 nonobviousness. Patent owner argues that access to evidence that would establish commercial success of the third party requester's accused products could be obtained utilizing the District Court's discovery and subpoena powers.

> ## B. Established Standards Demonstrating The Existence of "Good Cause" For Suspension Of *Inter Partes* Reexamination Proceedings

35 U.S.C. § 305 requires that all *ex parte* reexamination proceedings be conducted with special dispatch within the Office. It has been held that, based on the unequivocal statutory requirement for special dispatch, the Office may not suspend a pending *ex parte* reexamination proceeding merely because of the existence of concurrent litigation on the patent that is the subject of reexamination. [11] *Ethicon* discusses certain fundamental concepts regarding concurrent *ex parte* reexamination proceedings in the Office and litigation of the patent that is the subject of reexamination. For example the *Ethicon* court quoted extensively from the decision of the court in *In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 4, (Fed Cir. 1985) (in banc) to point out:

> "That:one challenging validity in court bears the burden assigned by [35 U.S.C.] § 282, that the same party may request reexamination upon submission of art not previously cited, and that, if that art raises a substantial new question of patentability, the PTO may during reexamination consider the same and new and amended claims in light of that art free of any presumption, *are concepts not in conflict*. On the contrary, those concepts are but further indication that *litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes.*" [Emphasis is the Court's.]

The *Ethicon* court also cited *Etter* in order to point out that when reexamination and litigation for the same patent are conducted concurrently:

> "...precise duplication of effort does not occur because the PTO and the courts employ different standards of proof when considering validity, and the courts, unlike the PTO during a reexamination of patent claims, are not limited to review of prior art patents or printed publications."

---

[10] The present patent owner acquired rights to the '156 patent from the original owner, Top-Flite.

[11] *Ethicon, Inc., v. Quigg*, 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir. 1988)

*Id.*, at 856, at 4.

In contrast to the 35 U.S.C. § 305 which applies only to *ex parte* reexamination, 35 U.S.C. § 314(c) expressly allows for the suspension of an *inter partes* reexamination proceeding within the Office "for good cause," notwithstanding that *inter partes* reexamination proceedings are to be conducted with "special dispatch." Therefore, the question of whether a petition to suspend an *inter partes* reexamination proceeding that is being conducted concurrently with litigation of the patent establishes "good cause" for the suspension of an *inter partes* reexamination proceeding presents a question that differs from the question of suspension of an *ex parte* reexamination proceeding. Pursuant to 35 U.S.C. § 314(c) and 37 CFR 1.987 that implements the statutory provision, the USPTO Director has authority to determine circumstances amounting to "good cause" for suspension of an *inter partes* reexamination proceeding, and to do so on a case-by-case basis.

In *inter partes* reexamination proceedings control numbers 95/000,093 and 95/000,094 (collectively referred to hereinafter as "the Immersion-Sony *inter partes* reexamination proceedings"), the Office granted a patent owner petition to stay the *inter partes* reexamination proceedings due to the existence of concurrent litigation of the patents that were the subject of the reexamination proceedings. [12] The decision suspension granting acknowledged that MPEP § 2684.04 set forth certain criteria as indicia of "good cause" for suspension of an *inter partes* reexamination proceeding, but pointed out that these criteria were merely exemplary. [13] The criteria relied upon by the Office in the Immersion-Sony *inter partes* reexamination proceedings to support a finding of "good cause" to suspend was upheld by the U.S. District Court, Eastern District of Virginia, *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. This criteria establishes a benchmark and standard which the Office can make use of to test the facts and circumstances of record in a given *inter partes* reexamination proceeding in order to determine whether there is "good cause" to suspend that *inter partes* reexamination proceeding, due to the existence of concurrent litigation of the patent being reexamined.

In the *Sony* scenario:

The patent claims for which *inter partes* reexamination was requested were not identical to the claims being litigated; there was one non-litigated patent claim (claim 1 in each instance) for which reexamination had been requested in each proceeding. The Office denied patent owner Immersion's first petition to suspend the *inter partes* reexamination proceedings, noting that even if the proceedings were suspended in the Office and judgment was rendered adverse to requester Sony in the concurrent litigation, that would not dispose of all claims in the existing *inter partes* reexamination proceedings, leading to a piecemeal reexamination, and a delay in reexamination of the non-litigated claims. [14] The patent owner then disclaimed claim 1 of each patent, whereby <u>identical patent claims</u> were the subject of both the *inter partes* reexamination proceedings and the concurrent litigation. The Office then granted patent owner Immersion's second petition to suspend the *inter partes* reexamination proceedings.

At the point in time that the Immersion-Sony *inter partes* reexamination proceedings were suspended, <u>the proceedings were at an early stage</u>; the Office's work had been limited only to a finding that the requests for reexamination had raised a substantial new question of

---

[12] See the '093 and '094 proceedings, Decision Granting Petitions To Suspend, November 17, 2005

[13] *Id.*, Decision Granting Petitions To Suspend", November 17, 2005, footnote 6.

[14] *Id.*, "Decision Denying Petitions", August 23, 2005, at page 6.

patentability. The concurrent litigation, on the other hand, was at an advanced stage: (a) a District Court had issued a decision adverse to requester Sony, holding the litigated patent claims to be valid, (b) an appeal of the District Court had been filed in the Court of Appeals for the Federal Circuit ("the Federal Circuit"), and (c) the matter had already been briefed.    Thus, there was a substantial likelihood that suspension of the reexamination proceedings would serve to conserve Office of resources, since a final holding of claim validity would statutorily require termination of the Immersion-Sony *inter partes* prosecutions with respect to all of the claims subject to the litigation, which was also all the claims subject to reexamination in those proceedings.    It was not in the Office's and parties' interests to engage resources in administrative proceedings that ultimately could be mooted by the concurrent litigation which was soon to be finally resolved. The substantial likelihood that the reexamination prosecutions would terminate and the proceedings be concluded, taken together with the identity of claims in the litigation and the *inter partes* reexamination proceedings, led the Office to conclude that on balance, there was "good cause" to suspend the Immersion-Sony *inter partes* reexamination proceedings, to await the decision by the Federal Circuit.    The decision granting suspension noted that should circumstances change, *e.g.*, if the matter were remanded to the District Court by the Federal Circuit without a holding on claim validity, the third party would be free to petition for a resumption of the *inter partes* reexamination proceeding based upon the change in circumstances.    The decision also noted that further *inter partes* proceedings on the claims not before the Office and the courts could subsequently be obtained by members of the public.

**In the present instance:**

The facts and circumstances in the '121 *inter partes* reexamination proceeding differ significantly from those present in the Immersion-Sony *inter partes* reexamination proceeding.    In contrast to the Immersion-Sony *inter partes* reexamination proceedings, the litigation involving the '156 patent is at an early stage.    For example, there is a pending order dated June 2, 2006, referring the matter to a Magistrate Judge for the purposes of exploring joinder of parties, setting September 29, 2006 as a due date for amended papers, and setting a discovery conference for October 18, 2006.    The issue of claim construction is still pending, and there are apparently a number of preliminary motions pending.    Thus, unlike the Immersion-Sony *inter partes* proceedings in which the litigation had resulted in an appealable holding of claim validity, with the appeal having been filed and briefed to the appellate court, in this instance, it is not even foreseeable when the District Court's holding on the issue of validity might be would be rendered, and what it might be. It certainly cannot be envisioned when the litigation involving the '156 patent will reach a final holding on the validity of the claims of the '156 patent, including any appeal to the Federal Circuit, let alone what that holding is likely to be.

Further, in the '121 *inter partes* reexamination proceeding, patent owner has not established that there that the litigation of the '156 patent will result in a decision on the validity of all of the claims being currently being reexamined, *i.e.*, claims 1-11 of the '156 patent.    Thus, it is not even clear that a final holding of claim validity in the litigation would necessarily require conclusion of the '121 *inter partes* reexamination proceeding as to all the claims subject to reexamination.

**As a final point, as to the difference:**

In the Immersion-Sony *inter partes* proceedings Sony chose to permit the District Court litigation to proceed for three years before filing its requests for reexamination only after judgment was entered in Immersion's favor in the litigation.    Had Sony filed its requests for reexamination earlier, the reexamination proceedings could have been much farther along in the process, and may likely have been completed at the Office before the district court issued its decision.    Also,

the district court might have stayed the litigation to await the Office's decisions in the reexamination proceedings. In the present instance, the requester has filed the '121 *inter partes* reexamination well before the District Court litigation has advanced to conclusion, and the Office proceedings should be available for the District Court.

**In conclusion as to this issue:**

Congress specifically provided estoppel provisions when a "final decision" upholding the validity of patent claims has been reached in a civil action or in a prior *inter partes* reexamination. *See* 35 U.S.C. § 317(b); 35 U.S.C. § 315(c). Thus, if a party's challenge to the validity of certain patent claims has been <u>finally</u> resolved, either through civil litigation or the *inter partes* reexamination process, then that party is barred from making a subsequent request for *inter partes* reexamination (or filing a new civil action) challenging the validity of those same claims. *Id.* Accordingly, while Congress desired that the creation of an *inter partes* reexamination option would lead to a reduction in expensive patent litigation, it nonetheless also contemplated in the statute that a court validity challenge and *inter partes* reexamination of a patent may occur simultaneously; but once one proceeding finally ends, then the issues raised (or that could have been raised) with respect to the validity of a claim in that proceeding would have estoppel effect on the same issues in the other. Until that time, however, the Office is obligated to move forward in the *inter partes* reexamination with "special dispatch." Only "good cause" will permit the Office from deviating from that statutory mandate. In this instance, the litigation is at a preliminary stage so that it can not be determined when the litigation will reach a final holding on the issue of claim validity and what that decision is likely to be. Even if there should be a final holding on the issue of claim validity, the patent owner has not established that there is an identity of claims in the '121 *inter partes* reexamination proceeding and those subject to the litigation to thereby statutorily bar proceeding further with the entirety of the reexamination proceeding. Accordingly, the patent owner has not provided the USPTO Director with sufficient basis upon which to conclude that there is "good cause" to suspend the *inter partes* reexamination proceeding to await a final decision on claim validity in the litigation.

### C.    Other Patent Owner's Allegations That Good Cause For Suspension Exists

The factors alleged by patent owner to present "good cause" for suspension of the '121 *inter partes* reexamination proceeding have been thoroughly considered. However, for the reasons that follow, these factors do not establish "good cause" for suspension.

#### 1.    Privity and Assignor Estoppel

Patent owner argues that because Michael J. Sullivan, the sole inventor of the '156 patent, assigned the '156 patent to patent owner's predecessor in interest, the '121 *inter partes* reexamination proceeding was filed by a "former privy" of patent owner and is therefore barred under 37 CFR 1.913. The purpose of 37 CFR 1.913 is simply declaratory of the statutory mandate of 35 U.S.C. § 311(a) that provides that <u>any third-party requester</u> may, at any time, file a request for *inter partes* reexamination. [15] Patent owner has not established that 37 CFR 1.913,

---

[15] In the Notice of Proposed Rulemaking entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg. 18154, 18167 (April 6, 2000) it is stated that proposed rule includes the language "an person other than the patent owner or its privies may ... file a request for *inter partes* reexamination." The commentary stated that the proposed rule "provides for any third-party requester ... to file a request for ... an *inter partes* reexamination ... ." That is, the proposed rule was thought to simply echo the statutory language. However, the words "other than patent owner or its privies" were deleted from the final rule because a comment to directed proposed rule 1.913 had suggested that the Office had exceeded its authority in excluding patent owner or its privies

nor the statute upon which it is grounded, precludes the filing of a request for *inter partes* reexamination by a party who is a so-called "former privy" of patent owner, especially a party who assigned a patent to an entity other than the present patent owner. Absent citation of controlling authority to the contrary by patent owner, it would appear that the statutory language "any third-party requester" is broadly drawn and would permit a party not in direct privity with a patent owner, i.e., a "former privy" of patent owner, to file a request for *inter partes* reexamination.

Patent owner also argues that the doctrine of assignor estoppel should have precluded the filing of the '121 *inter partes* reexamination proceeding, because sole inventor Sullivan assigned the patent to patent owner's predecessor in interest, but is now a Vice President of the third party requester business entity. However, reexamination is not litigation to determine the validity of patent claims conducted before a court wherein the equitable doctrine of assignor estoppel is applicable. Rather, reexamination is an administrative proceeding to determine the patentability of patent claims, a determination that is not conducted under the equitable considerations attaching to a litigation in which claim validity is determined. As discussed above, *In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 4, (Fed. Cir. 1985) (*en banc*) makes it clear that litigation and reexamination are distinct proceedings with distinct parties, purposes, procedures and outcomes. Stated differently, although the application of the assignor estoppel doctrine in litigation is a fact intensive issue requiring the finding of facts and the balancing of the equities by the court, [16] a reexamination proceeding is not a determination of patent validity and infringement of patent claims. [17] It is also to be noted that a patent owner is statutorily authorized to file a reexamination request to obtain an advisory opinion as to the applicability of a prior patent or printed publication; such an advisory opinion would be prohibited in litigation as lacking a "case or controversy." If a patent owner can request reexamination of a patent, a party who assigned to the patent owner should likewise be permitted to do so. Therefore, absent citation of authority holding that assignor estoppel applies to reexamination so as to bar a statutorily approved request for *inter partes* reexamination filed by "[A]ny third-party requester at any time," assignor estoppel would not appear to apply generally to reexamination, and specifically to the present *inter partes* reexamination proceeding. Patent owner has argued that a suspension of the '121 *inter partes* reexamination proceeding is necessary because the issue of whether the present requester was barred from filing the '121 *inter partes* reexamination proceeding based on assignor estoppel can only be resolved through

---

because the language of 35 U.S.C. § 311(c) appeared to permit a patent owner to file a request for an *inter partes* reexamination proceeding. See Final Rule entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg. 76756, 76764 (December 7, 2000). However, Public Law 107-273, section 12101, 116 Stat. 1901 amended 35 U.S.C. § 311(c) clarify that only the third party requester, and not a patent owner, may file a request for *inter partes* reexamination. Thereafter, the language "other than patent owner or its privies" was added to 37 CFR 1.913. See Final Rule entitled "Changes to Implement the 2002 *Inter Partes* Reexamination and Other Technical amendments to the Patent Statute", 68 Fed. Reg. 70996, 70999 (December 22, 2003)

[16] Compare *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F.2d 789, 14 USPQ2d 1728 (Fed. Cir. 1990) holding that because inventor Luniewski who had assigned his patent to Shamrock was now a Vice President of MSI was in privity with MSI, MSI was barred from asserting patent invalidity and unenforceability as defenses to patent infringement with *Acushnet Company v. Dunlop Maxfli Sports Corporation*, *Civ. A. No. 98-717-SLR, 2000 U.S. Dist., LEXIS 10123* (D. Del June 29, 2000) distinguishing *Shamrock* holding that where an inventor had assigned a patent to plaintiff and then became a Vice President of defendant accused infringer the facts and equities did not establish that the inventor was in privity with the defendant and that the defense of patent invalidity was, therefore, available to defendant.

[17] See also *Joy Technologies, Inv. v. Harry F. Manbeck, Jr.* 959 F.2d 226, 229 (Fed. Cir 1992) "Trying to equate its appeal of the reexamination decision to an action analogous to a 'suit at common law,' Joy argues that the reexamination proceeding should be construed as most like a declaratory judgment action where the PTO is seeking a determination that Joy's patent is invalid. It admits, however, that the PTO could not bring such a suit. Thus, there is no basis to recharacterize the statutory procedure established by Congress in the reexamination statute."

evidence obtained through the use of the District Court's discovery and subpoena power to ascertain whether an assignor filed the present request. However, since patent owner has not established that the doctrine of assignor estoppel applies in the administrative reexamination of a patent, patent owner's argument has not been shown to establish "good cause" for suspension of the '121 *inter partes* reexamination proceeding.

## 2. Additional Matters Requiring The District Court's Discovery and Subpoena Power

Patent owner argues that, in addition to the issues of assignor estoppel and privity, the District Court's discovery and subpoena power is necessary for patent owner to secure objective evidence of commercial success of third party requester's infringing products. Patent owner also argues that patent owner will be able to question tests conducted by third party requester in support of third party requester's arguments of patent invalidity, and that patent owner will be able to obtain the information necessary to question these tests only through the District Court's discovery and subpoena powers. Thus, patent owner reasons that "good cause" exists warranting suspension of the '121 *inter partes* reexamination proceedings.

These arguments are unpersuasive for a number of reasons. First, the provisions of 37 CFR 1.132 apply to the '121 *inter partes* reexamination proceeding, as it does to all *inter partes* reexamination proceedings. Patent owner will in fact have an opportunity in the '121 *inter partes* reexamination proceedings to submit objective test evidence in support of nonobviousness to the same extent that third party requester may submit objective test evidence tending to show nonobviousness. Also, the parties can submit evidence rebutting each other's 37 CFR 1.132 showings. Further, patent owner has submitted no showing that sales of the accused infringer's products are secret data not available publicly, thereby enabling patent owner to secure this data by commissioning research of the matter, without the necessity of the District Court's subpoena and discovery. Speculative allegations that patent owner might require the District Court's subpoena and discovery power in aid of a position taken in litigation does not establish "good cause" for suspension of the '121 *inter partes* reexamination proceeding.

Of greater import, however, is that patent owner's position, if taken to its logical conclusion, would undercut the ability of a third party requester (and, for that matter, a patent owner) to obtain any final result in an *inter partes* reexamination proceeding. Thus, the purpose of the *inter partes* reexamination statutes would be frustrated. For if a party engaged in patent infringement/validity litigation could demonstrate "good cause" for a suspension of an *inter partes* reexamination proceeding merely by invoking the existence of a district court's subpoena and discovery power and coupling that invocation with allegations that the party might need to employ that power in the course of litigation, then any *inter partes* reexamination proceeding for a patent involved in litigation could be readily stayed. It is presumed that if Congress had desired this, Congress would have expressly so stated in the reexamination statutes. However, Congress instead enacted 35 U.S.C. § 314 (c) and the "good cause" standard, a far more flexible and fact specific test allowing the USPTO Director to determine on a case-by-case basis whether to stay a pending *inter partes* reexamination proceeding.

## CONCLUSION

1.  The patent owner renewed petition filed April 28, 2006, is <u>granted</u> with respect to the relief requested pursuant to 37 CFR 1.183, to the extent that the substance of patent owner's petition to suspend the '121 *inter partes* reexamination proceeding has been considered under 37 CFR 1.182.

2.  The substance of the third party requester opposition filed on May 5, 2006, has been considered pursuant to 37 CFR 1.183.

3.  The patent owner's petition under 37 CFR 1.182 to suspend the '121 *inter partes* reexamination is <u>denied</u>.

4.  This decision is a final agency action within the meaning of 5 U.S.C. § 704.

5.  Telephone inquiries related to the present decision should be directed to the Stephen Marcus, Legal Advisor, at 571-272-7743, or, in his absence, to the undersigned at 571-272-7710.


Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration


sm
July 3, 2006

7-7-06
C:\Kiva\Kenpet6\IP\IP 121_PO_suspend-re-lit_after-Order+before-1stOA.doc

# EXHIBIT C



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

Dorothy P. Whelan
Fish & Richardson P.C.            (For Patent Owner)            **MAILED**
P.O. Box 1022
Minneapolis, MN 55440-1022                                    JUL 19 2006

                                                    CENTRAL REEXAMINATION UNIT

Alan M. Grimaldi
Howrey LLP                         (For Third Party Requester)
1299 Pennsylvania Avenue NW
Washington, DC 20004


In re Callaway Golf Company              :
  *Inter Partes* Reexamination Proceeding  : **DECISION DENYING**
Control No : 95/000,122                    : **PETITION**
Filed:    January 17, 2006                 :
For:     U.S. Patent No. 6,506,130         :


This is a decision on the April 28, 2006 patent owner petition entitled "RENEWED PETITION TO SUSPEND INTER PARTES REEXAMINATION PROCEEDINGS." Also, on May 5, 2006, the third party requester filed a paper entitled "ACUSHNET'S OPPOSITION TO PATENT OWNER CALLAWAY'S RENEWED PETITION TO SUSPEND INTER PARTES REEXAMINATION PROCEEDINGS."

*Inter partes* reexamination control number 95/000,122, patent owner's renewed petition, and requester's opposition to patent owner's renewed petition are before the Office of Patent Legal Administration for consideration.

Patent owner's present petition is taken as a renewed petition under CFR 1.183 for waiver of 37 CFR 1.939, and as a petition under 37 CFR 1.182 for suspension of *inter partes* reexamination proceeding 95/000,122. Third party requester's opposition is also taken as a renewed petition under 37 CFR 1.183 for waiver of 37 CFR 1.939, and as a petition 37 CFR 1.182 to oppose the patent owner's renewed petition.


### FEES

As the fee for the originally filed patent owner petition was not charged, a petition fee of $400.00 under 37 CFR 1.17(f) will be charged to the patent owner's Deposit Account No. 06-1050 as authorized in the April 28, 2006 patent owner renewed petition.

As the fee for the originally filed third party requester opposition to patent owner's petition was not charged, a petition fee of $400.00 under 37 CFR 1.17(f) will be charged to the third party requester's Deposit Account No. 08-3038, as authorized in the May 5, 2006 third party requester renewed opposition.

## SUMMARY

The respective 37 CFR 1.183 aspect of the petition of the patent owner to permit entry and consideration of the renewed patent owner petition as a petition to suspend the present *inter partes* reexamination proceeding, and of the third party requester to permit entry and consideration of the third party requester's opposition to the renewed petition to suspend, are granted.

The patent owner renewed petition under 37 CFR 1.182 to suspend the present *inter partes* reexamination proceeding is denied.

## REVIEW OF FACTS

1. U.S. Patent No. 6,506,130 ("the '130 patent") issued to Michael J. Sullivan on January 14, 2003, and is currently assigned to Callaway Golf Company.

2. A request for *inter partes* reexamination of the '130 patent was filed by a third party requester, Acushnet Company, on January 17, 2006. The request was assigned Control No. 95/000,122 ("the '122 *inter partes* reexamination proceeding").

3. On February 9, 2006, the third party requester filed a paper purporting to withdraw a paper requesting suspension of the '122 *inter partes* reexamination proceeding stated to have been filed by third party requester on January 23, 2006.

4. On February 16, 2006, the Office recognized the requester's February 15, 2006 paper, and accepted the withdrawal of the January 23, 2006 paper, noting that, had the January 23, 2006 paper been before the Office, the Office would have taken that paper as a petition for suspension of action without rendering a decision on the petition.

5. On March 21, 2006, the patent owner filed a petition, requesting that the '122 *inter partes* reexamination proceeding be suspended.

6. On March 24, 2006, the third party requester filed an opposition to the March 21, 2006 patent owner petition.

7. On April 11, 2006, an Office decision was issued, discarding both the March 21, 2006 patent owner petition and the March 24, 2006 opposition thereto as being improper premature papers.

8. On April 6, 2006, reexamination was ordered for claims 1-6, i.e. all of the claims, of the '130 patent.

9. On April 13, 2006, patent owner filed a petition requesting that the order granting the present reexamination proceeding be vacated as being an *ultra vires* action.

10. On April 27, 2006, third party requester filed an opposition to patent owner's April 13, 2006 petition.

11. On April 28, 2006, patent owner filed the present renewed petition to suspend the '122 *inter partes* reexamination proceeding.

12. On May 5, 2006, third party requester filed the present opposition to the April 28, 2006 patent owner petition.

13. On June 7, 2006, the patent owner petition to vacate the '122 *inter partes* reexamination proceeding was dismissed by the Office.

## DECISION

### I.  Relevant Law And Procedure

35 U.S.C. § 311(a) provides:

> IN GENERAL – **Any third-party requester** at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art cited under the provisions of section 301." [Emphasis supplied.]

35 U.S.C. § 312(a) provides in pertinent part:

> "Not later than 3 months after the filing of a request for *inter partes* reexamination under section 311, the Director **shall** determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications . ... " [Emphasis supplied.]

35 U.S.C. § 313 provides:

> "If, in a determination made under section 312(a), the Director finds that a substantial new question of patentability affecting a claim of a patent is raised, the determination **shall** include an order for *inter partes* reexamination of the patent for resolution of the question. The order may be accompanied by the initial action of the Patent and Trademark Office on the merits of the *inter partes* reexamination conducted in accordance with section 314." [Emphasis supplied.]

35 U.S.C. § 314 (c) provides:

> "Unless otherwise provided by the Director for good cause, all inter partes reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, shall be conducted with special dispatch within the Office."

37 CFR 1.132 provides:

> "When any claim of an application or a patent under reexamination is rejected or objected to, any evidence submitted to traverse the rejection or objection on a basis not otherwise provided for must be by way of an oath or declaration under this section."

37 CFR 1.182 provides:

> "All situations not specifically provided for in the regulations of this part will be decided in accordance with the merits of each situation by or under the authority of the Director, subject to such other requirements as may be imposed, and such decision will be communicated to the interested parties in writing. Any petition seeking a decision under this section must be accompanied by the petition fee set forth in § 1.17(f)

37 CFR 1.183 provides:

"In an extraordinary situation, when justice requires, any requirement of the regulations in this part which is not a **requirement of the statutes** may be suspended or waived by the Director or the Director's designee, *sua sponte*, or on petition of the interested party, subject to such other requirements as may be imposed. Any petition under this section must be accompanied by the petition fee set forth in § 1.17(f)."

37 CFR 1.907 provides:

"(a) Once an order to reexamine has been issued under § 1.931, neither the third party requester, nor its privies, may file a subsequent request for *inter partes* reexamination of the patent until an *inter partes* reexamination certificate is issued under § 1.997, unless authorized by the Director.

(b) Once a final decision has been entered against a party in a civil action arising in whole or in part under 28 U.S.C. 1338 that the party has not sustained its burden of proving invalidity of any patent claim-in-suit, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claim on the basis of issues which that party, or its privies, raised or could have raised in such civil action, and an *inter partes* reexamination requested by that party, or its privies, on the basis of such issues may not thereafter be maintained by the Office.

(c) If a final decision in an *inter partes* reexamination proceeding instituted by a third party requester is favorable to patentability of any original, proposed amended, or new claims of the patent, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claims on the basis of issues which that party, or its privies, raised or could have raised in such *inter partes* reexamination proceeding."

37 CFR 1.913 provides:

"Except as provided for in § 1.907, any person other than the patent owner or its privies may, at any time during the period of enforceability of a patent which issued from an original application filed in the United States on or after November 29, 1999, file a request for *inter partes* reexamination by the Office of any claim of the patent on the basis of prior art patents or printed publications cited under § 1.501."

37 CFR 1.935 provides:

"The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination."

37 CFR 1.937(b) provides:

"The *inter partes* reexamination proceeding will be conducted in accordance with §§ 1.104 through 1.116, the sections governing the application examination process, and will result in the issuance of an *inter partes* reexamination certificate under § 1.997, except as otherwise provided."

37 CFR 1.939 provides:

"(a) If an unauthorized paper is filed by any party at any time during the *inter partes* reexamination proceeding **it will not be considered** and may be returned." [Emphasis supplied.]

(b) Unless otherwise authorized, **no paper** shall be filed prior to the initial Office action on the merits of the *inter partes* reexamination." [Emphasis supplied.]

37 CFR 1.987 provides:

"If a patent in the process of *inter partes* reexamination is or becomes involved in litigation, the Director shall determine whether or not to suspend the *inter partes* reexamination proceeding."

With respect to suspension of *inter partes* reexamination, MPEP § 2684.04(III) provides that:

> " ... 'good cause' might be present, for example, where there is an issue that cannot be decided in the reexamination proceeding but affects the resolution of the proceeding. Another example is where there is an issue common to the litigation and the reexamination that can best be decided in court due to the availability in court of discovery and subpoena power (e.g., an issue heavily dependent on presentation of conflicting/contested evidence by the two parties)."

## II.   Procedural Discussion *Re:* Patent Owner's Original (March 21, 2006) Petition To Suspend

On March 21, 2006, patent owner filed a petition to suspend the '122 *inter partes* reexamination proceeding. In the present petition, patent owner takes the position [1] that the original petition to suspend filed on March 21, 2006 was not entered in the '122 proceeding, and was instead discarded, because it was filed prior to issuance of a reexamination order.    This position is inaccurate.

By its terms, 37 CFR 1.939(b) precludes the filing of any paper in an *inter partes* reexamination proceeding prior to "the initial Office action on the merits" in that proceeding, unless the filing of the paper is authorized. At the time of filing of that petition, and at the time of the decision thereon, not only had there been no decision on the request for reexamination, there had also been no Office action on the merits in the *inter partes* proceeding. The patent owner petition of March 21, 2006 was held to be an improper paper under 37 CFR 1.939 because it was filed prior to the issuance of the initial Office action in the reexamination proceeding. [2] Not only had *inter partes* reexamination not yet been ordered, no "initial Office action on the merits of the *inter partes* reexamination" had been promulgated in the '122 *inter partes* reexamination proceeding, and a paper prior to that point is barred by regulation unless authorized, in accordance with 37 CFR 1.939(b). [3]

Although patent owner's March 21, 2006 petition requested relief under 37 CFR 1.183, the regulatory provision that provides for waiver of the rules, [4] there was no specific identification of which regulation that patent owner was seeking to waive. However, even if waiver of the provisions of 37 CFR 1.939 had been specifically requested, the March 21, 2006 patent owner petition could not have been granted. As explained in the decision dated April 11, 2006 (by which the March 21, 2006 patent owner petition and third party requester opposition were discarded as being improper papers), U.S.C. § 312(a) requires, *inter alia*, that after a request for *inter partes* reexamination is filed, the Director <u>shall, within three months of the filing of a request for *inter partes* reexamination,</u> determine whether that request raises a substantial new question of patentability affecting any claim of the patent that is the subject of the request. Further, 35 U.S.C. § 313 **requires** that - when the Director does determine that a substantial new question of patentability is raised by the request, then the determination <u>shall</u> include an order for *inter partes* reexamination of the patent concerned.

---

[1] See patent owner's "Renewed Petition to Suspend, page 2, second full paragraph.

[2] See Decision Discarding Improper Papers", April 11, 2006, page 2, paragraph styled "The Patent Owner Petition"

[3] It appears that petitioner patent owner is confusing the terminology "initial Office action on the merits" with the terminology "reexamination order." The terminology "action on the merits" means an action on the patentability of the claims of the patent being reexamined. See, for example, 37 CFR 1.935 which provides that "The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination." Clearly, a reexamination order and "the initial action on the merits of the reexamination are two different things See also MPEP Chapter 700, wherein it is made clear that in examination proceedings, "action on the merits" is a term of art meaning an action in which a patentability determination is made.

[4] At page 2 thereof, the March 21, 2006 petition requested relief under a variety of regulations, as well as relief pursuant to 35 U.S.C § 314(c), as does the present renewed petition.

It is clear that consideration of the substance of patent owner's March 21, 2006 petition, and granting it, would have, in effect, required a waiver of 35 U.S.C. §§ 312(a) and 313, because a suspension of the '122 *inter partes* reexamination proceeding would have precluded both a determination of the existence or absence of a substantial new question of patentability, and the promulgation of a reexamination order based on that determination within three months of the filing of the request for reexamination, as required by §§ 312(a) and 313. However, a waiver of the statutes is an action beyond the authority of the Director, and 37 CFR 1.183 expressly recognizes that a requirement of the statutes may not be waived. Therefore, a suspension of the '122 *inter partes* reexamination prior to the determination on the request for reexamination promulgation of the reexamination order, based upon any petition by the parties, was barred.

III.  Procedural Discussion *Re:* The Present Patent Owner Renewed Petition To Suspend

In the present patent owner renewed petition, patent owner takes the position that because an Order granting *inter partes* reexamination has now been issued, the petition to suspend is a proper paper. Patent owner also takes the position that the present renewed petition, (as well as patent owner's March 21, 2006 petition to suspend), is proper because it is authorized by 37 CFR 1.987. [5]

   A.  Relief Pursuant to 37 CFR 1.939

Patent owner argues that the present patent owner petition to suspend the '122 reexamination proceeding is now timely under 37 CFR 1.939(b) as reexamination has already been ordered. This position is not persuasive because, as discussed in section II., *supra*, an order for *inter partes* reexamination is not the initial Office action on the merits of the *inter partes* reexamination proceeding.  "Action on the merits" is a term of art, and as such, means an action on the patentability of claims.  It is clearly so used in the reexamination regulations, for example, in 37 CFR 1.935. [6] Thus, it is clear that the filing of the present patent owner renewed petition to suspend is not authorized by 37 CFR 1.939(b), because the "initial action on the merits " of the '122 *inter partes* reexamination proceeding has not yet been issued by the Office.

   B.  Relief Pursuant to 37 CFR 1.987

The patent owner's argues that 37 CFR 1.987 independently authorizes the filing of the present petition to suspend. This too is not persuasive. The plain language of the regulation does not state or imply that it in any way authorizes the filing of a petition to suspend, particularly a petition that would be improper pursuant to one or more of the regulations that implement the *inter partes* reexamination statutes.  37 CFR 1.987 is merely declaratory of the Director's discretionary authority to *sua sponte* suspend an *inter partes* reexamination proceeding in certain circumstances, *i.e.*, when there is both: (a) litigation involving the patent which is the subject of the *inter partes* reexamination proceeding and (b) "good cause" to suspend. 37 CFR 1.987 in no way authorizes the filing of a petition to request such a suspension. The right of parties in this arena is the filing of a Notification of Existence of Prior or Concurrent Proceedings and Decisions pursuant to MPEP § 2686 to provide the Office with information which may, or may not, justify a suspension of action.

Patent owner has not cited a regulation that authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding.  In fact, no regulation implementing the *inter partes* reexamination statutes authorizes such a petition.

---

[5] *Id* , at footnote 1
[6] See the discussion in footnote 3.

## C. Relief Pursuant to Patent Owner's Petition Under 37 CFR 1.182 and 1.183

Note is taken that the present patent owner renewed petition requests relief under both 37 CFR 1.182 and 1.183. Notwithstanding that patent owner has again failed to specifically identify the regulation(s) for which a waiver under 37 CFR 1.183 is requested, the present renewed petition will be taken as a petition under 37 CFR 1.183 to waive the provisions of 37 CFR 1.939 in order to permit the filing of a paper prior to the issuance of the initial Office action on the merits in the '122 *inter partes* reexamination proceeding. Further, the present renewed petition will also be taken as a petition under 37 CFR 1.182 for a situation "not specifically provided for in the regulations" to permit the filing of a petition to suspend the '122 *inter partes* reexamination proceeding.

### 1. 37 CFR 1.183 Waiver of 37 CFR 1.939

As discussed in sections I. and II (A), *supra*, 37 CFR 1.939(b) precludes the filing of any paper prior to the initial Office action on the merits of the '122 *inter partes* reexamination proceeding. As no initial Office action on the merits has yet been issued, no patent owner paper may be filed in the '122 *inter partes* reexamination proceeding at this point in the proceeding. However, *inter partes* reexamination has now been ordered. [7] Therefore, suspension of the '122 *inter partes* reexamination proceeding would not require the waiver of any provision of the *inter partes* reexamination statutes; only a waiver of 37 CFR 1.939(b) would be needed to provide for an entry right of the petition paper requesting suspension.

In this instance, it is determined to be in the interests of justice with respect to <u>both</u> parties to the '122 *inter partes* reexamination proceeding that a decision regarding suspension of the '122 *inter partes* proceeding be made as soon as possible, given that (1) a suspension of the proceedings would not impair compliance with the reexamination statutes, and (2) extraordinary circumstances are found to exist, including the fact that this proceeding is but one of four *inter partes* proceedings in which the present parties are involved, and that the present parties are actively involved in litigation with respect to the patents that are the subject of those four *inter partes* reexamination proceedings. Rather than requiring patent owner and third party requester to re-file the petition and opposition thereto after a first action on the merits, it is appropriate to consider the question of suspension now. Further, if suspension were in fact warranted, it would be in the interests of justice that such suspension takes place prior to an action on the patentability of the claims. Finally, there is a public interest, and an interest to be considered by the court in the ongoing litigation, to ascertain, as soon as practical, whether the '122 *inter partes* reexamination proceeding will continue to conclusion, or will presently be suspended pending the outcome of the parallel litigation involving the '130 patent, as well as such future circumstance that would demand that a suspension be lifted, if imposed.

Accordingly, based upon the facts of record and the current circumstances set forth, *supra*, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit filing of the present patent owner renewed petition and the requester's opposition to the renewed petition, and consideration of the substance of both the petition and the opposition.

### 2. 37 CFR 1.182 Petition to Suspend the '122 *Inter Partes* Reexamination Proceeding

As discussed Section III(B), *supra*, neither 37 CFR 1.987 nor any regulation implementing the *inter partes* reexamination statutes authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding. However, the present patent owner renewed petition does request

---

[7] See the "Order Granting *Inter Partes* Reexamination" dated April 6, 2006.

consideration pursuant to 37 CFR 1.182, and a proposed suspension of an *inter partes* reexamination proceeding is a situation not specifically provided for in the regulations. For the reasons set forth in the second paragraph of section III(C)(1), *supra*, and based upon the facts of record and the current circumstances, consideration will be given to the substance of the present patent owner renewed petition to suspend the '122 *inter partes* reexamination proceeding, as a situation not specifically provided for in the regulations.

### IV.  Procedural Discussion Of The Third Party Requester Renewed Opposition

The third party requester renewed opposition filed on May 5, 2006, lacks an entry right under 37 CFR 1.939(b) for the same reasons discussed with respect to the renewed patent owner petition. Further, the regulations implementing the *inter partes* reexamination statutes do not expressly provide for the filing of an opposition paper to a patent owner request to suspend an *inter partes* reexamination proceeding.

However, third party requester has submitted the instant opposition pursuant to 37 CFR 1.182 and 1.183. For reasons analogous to those discussed above with respect to the patent owner's renewed petition, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit the filing of the instant opposition to the present patent owner's renewed petition prior to the initial Office action on the merits in the '122 *inter partes* reexamination proceeding. Although the regulations do not specifically provide for a third party requester opposition to a patent owner petition to suspend an *inter partes* reexamination proceeding, for reasons analogous to those discussed above with respect to the patent owner's renewed petition, consideration will be given, pursuant to 37 CFR 1.182, to the requester's opposition to the patent owner's renewed petition.

### V.  Findings And Analysis On The Merits Of Patent Owner's Renewed Petition to Suspend

#### A.  Patent Owner's Substantive Position In Support Of Suspension of the '122 *Inter Partes* Reexamination Proceeding

Patent owner states that pursuant to 35 U.S.C. § 314 (c), and the procedure discussed in MPEP § 2686.04(III), there is good cause to suspend the '122 *inter partes* reexamination proceeding. Patent owner asserts the existence of matters to be raised in the concurrent litigation that are argued to affect the resolution of the '122 *inter partes* reexamination proceeding or potentially bar the proceeding. Patent owner also raises issues in which the District Court's discovery and subpoena powers are asserted to be important in deciding matters heavily dependent upon the evidentiary showings of the parties.

#### 1.  Matters Involving Privity And Assignor Estoppel [8]

Patent owner states that the sole inventor of the '130 patent is Michael J. Sullivan, who is now a Vice President of third party requester business entity. Patent owner urges that 37 CFR 1.913 [9] is facially broad enough to cover both current and former patent owners and current and former privies, to bar *inter partes* reexamination. Patent owner argues that Mr. Sullivan is a

---

[8] See *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F.2d 789; USPQ2d 1728 (Fed. Cir. 1990), and compare *Acushnet Company v. Dunlop Maxfli Sports Corporation*, 2000 U.S. Dist. LEXIS 10123, Civ. A. No. 98-717-SLR, (D. Del June 29, 2000)

[9] Pursuant to 37 CFR 1.913, a request for *inter partes* reexamination can be filed by any person other than patent owner or its privies

privy of a former patent owner [10] to whom the '130 patent was originally assigned, and that 37 CFR 1.913 should have precluded the filing of the '122 *inter partes* reexamination proceeding.

Patent owner further alleges that, as a Vice President of third party requester, Mr. Sullivan may well be a privy of third party requester. Patent owner argues that the third party requester would therefore be barred from challenging the validity of the '130 patent via the '122 *inter partes* reexamination proceeding by the doctrine of assignor estoppel.

Patent owner's position is that a suspension of the '122 *inter partes* reexamination proceeding is necessary, because these issues can only be resolved by evidence that can uniquely be obtained through the use of the District Court's discovery and subpoena power.

    2.   Additional Matters Requiring The District Court's Discovery And Subpoena Power

Patent owner also urges that the use of the District Court's discovery and subpoena power is required to permit full and fair evaluation of testing undertaken by third party requester that is relied upon by third party requester to support its allegations of patent invalidity. Patent owner points out that third party requester relies upon an invalidity argument under 35 U.S.C. § 103, that objective evidence of commercial success of both the patent owner and an alleged infringer (the third party requester) is relevant to § 103 nonobviousness. Patent owner argues that access to evidence that would establish commercial success of the third party requester's accused products could be obtained utilizing the District Court's discovery and subpoena powers.

    B.   Established Standards Demonstrating The Existence of "Good Cause" For Suspension Of *Inter Partes* Reexamination Proceedings

35 U.S.C. § 305 requires that all *ex parte* reexamination proceedings be conducted with special dispatch within the Office. It has been held that, based on the unequivocal statutory requirement for special dispatch, the Office may not suspend a pending *ex parte* reexamination proceeding merely because of the existence of concurrent litigation on the patent that is the subject of reexamination. [11] *Ethicon* discusses certain fundamental concepts regarding concurrent *ex parte* reexamination proceedings in the Office and litigation of the patent that is the subject of reexamination. For example the *Ethicon* court quoted extensively from the decision of the court in *In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 4, (Fed Cir. 1985) (in banc) to point out:

> "That:one challenging validity in court bears the burden assigned by [35 U.S.C.] § 282, that the same party may request reexamination upon submission of art not previously cited, and that, if that art raises a substantial new question of patentability, the PTO may during reexamination consider the same and new and amended claims in light of that art free of any presumption, *are concepts not in conflict.* On the contrary, those concepts are but further indication that *litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes.*" [Emphasis is the Court's ]

The *Ethicon* court also cited *Etter* in order to point out that when reexamination and litigation for the same patent are conducted concurrently:

> "... precise duplication of effort does not occur because the PTO and the courts employ different standards of proof when considering validity, and the courts, unlike the PTO during a reexamination of patent claims, are not limited to review of prior art patents or printed publications."

---

[10] The present patent owner acquired rights to the '130 patent from the original owner, Top-Flite.

[11] *Ethicon, Inc., v. Quigg*, 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir. 1988)

*Id.*, at 856, at 4.

In contrast to the 35 U.S.C. § 305 which applies only to *ex parte* reexamination, 35 U.S.C. § 314(c) expressly allows for the suspension of an *inter partes* reexamination proceeding within the Office "for good cause," notwithstanding that *inter partes* reexamination proceedings are to be conducted with "special dispatch." Therefore, the question of whether a petition to suspend an *inter partes* reexamination proceeding that is being conducted concurrently with litigation of the patent establishes "good cause" for the suspension of an *inter partes* reexamination proceeding presents a question that differs from the question of suspension of an *ex parte* reexamination proceeding. Pursuant to 35 U.S.C. § 314(c) and 37 CFR 1.987 that implements the statutory provision, the USPTO Director has authority to determine circumstances amounting to "good cause" for suspension of an *inter partes* reexamination proceeding, and to do so on a case-by-case basis.

In *inter partes* reexamination proceedings control numbers 95/000,093 and 95/000,094 (collectively referred to hereinafter as "the Immersion-Sony *inter partes* reexamination proceedings"), the Office granted a patent owner petition to stay the *inter partes* reexamination proceedings due to the existence of concurrent litigation of the patents that were the subject of the reexamination proceedings. [12] The decision suspension granting acknowledged that MPEP § 2684.04 set forth certain criteria as indicia of "good cause" for suspension of an *inter partes* reexamination proceeding, but pointed out that these criteria were merely exemplary. [13] The criteria relied upon by the Office in the Immersion-Sony *inter partes* reexamination proceedings to support a finding of "good cause" to suspend was upheld by the U.S. District Court, Eastern District of Virginia, *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. This criteria establishes a benchmark and standard which the Office can make use of to test the facts and circumstances of record in a given *inter partes* reexamination proceeding in order to determine whether there is "good cause" to suspend that *inter partes* reexamination proceeding, due to the existence of concurrent litigation of the patent being reexamined.

**In the *Sony* scenario:**

The patent claims for which *inter partes* reexamination was requested were not identical to the claims being litigated; there was one non-litigated patent claim (claim 1 in each instance) for which reexamination had been requested in each proceeding. The Office denied patent owner Immersion's first petition to suspend the *inter partes* reexamination proceedings, noting that even if the proceedings were suspended in the Office and judgment was rendered adverse to requester Sony in the concurrent litigation, that would not dispose of all claims in the existing *inter partes* reexamination proceedings, leading to a piecemeal reexamination, and a delay in reexamination of the non-litigated claims. [14] The patent owner then disclaimed claim 1 of each patent, whereby <u>identical patent claims</u> were the subject of both the *inter partes* reexamination proceedings and the concurrent litigation. The Office then granted patent owner Immersion's second petition to suspend the *inter partes* reexamination proceedings.

At the point in time that the Immersion-Sony *inter partes* reexamination proceedings were suspended, <u>the proceedings were at an early stage</u>; the Office's work had been limited only to a finding that the requests for reexamination had raised a substantial new question of

---

[12] See the '093 and '094 proceedings, Decision Granting Petitions To Suspend, November 17, 2005

[13] *Id.*, Decision Granting Petitions To Suspend", November 17, 2005, footnote 6.

[14] *Id.*, "Decision Denying Petitions", August 23, 2005, at page 6.

patentability. The concurrent litigation, on the other hand, was at an advanced stage: (a) a District Court had issued a decision adverse to requester Sony, holding the litigated patent claims to be valid, (b) an appeal of the District Court had been filed in the Court of Appeals for the Federal Circuit ("the Federal Circuit"), and (c) the matter had already been briefed.   Thus, there was a substantial likelihood that suspension of the reexamination proceedings would serve to conserve Office of resources, since a final holding of claim validity would statutorily require termination of the Immersion-Sony *inter partes* prosecutions with respect to all of the claims subject to the litigation, which was also all the claims subject to reexamination in those proceedings.   It was not in the Office's and parties' interests to engage resources in administrative proceedings that ultimately could be mooted by the concurrent litigation which was soon to be finally resolved. The substantial likelihood that the reexamination prosecutions would terminate and the proceedings be concluded, taken together with the identity of claims in the litigation and the *inter partes* reexamination proceedings, led the Office to conclude that on balance, there was "good cause" to suspend the Immersion-Sony *inter partes* reexamination proceedings, to await the decision by the Federal Circuit.   The decision granting suspension noted that should circumstances change, *e.g.*, if the matter were remanded to the District Court by the Federal Circuit without a holding on claim validity, the third party would be free to petition for a resumption of the *inter partes* reexamination proceeding based upon the change in circumstances.   The decision also noted that further *inter partes* proceedings on the claims not before the Office and the courts could subsequently be obtained by members of the public.

**In the present instance:**

The facts and circumstances in the '122 *inter partes* reexamination proceeding differ significantly from those present in the Immersion-Sony *inter partes* reexamination proceeding.   In contrast to the Immersion-Sony *inter partes* reexamination proceedings, the litigation involving the '130 patent is at an early stage.   For example, there is a pending order dated June 2, 2006, referring the matter to a Magistrate Judge for the purposes of exploring joinder of parties, setting September 29, 2006 as a due date for amended papers, and setting a discovery conference for October 18, 2006.   The issue of claim construction is still pending, and there are apparently a number of preliminary motions pending.   Thus, unlike the Immersion-Sony *inter partes* proceedings in which the litigation had resulted in an appealable holding of claim validity, with the appeal having been filed and briefed to the appellate court, in this instance, it is not even foreseeable when the District Court's holding on the issue of validity might be would be rendered, and what it might be. It certainly cannot be envisioned when the litigation involving the '130 patent will reach a final holding on the validity of the claims of the '130 patent, including any appeal to the Federal Circuit, let alone what that holding is likely to be.

Further, in the '122 *inter partes* reexamination proceeding, patent owner has not established that there that the litigation of the '130 patent will result in a decision on the validity of all of the claims being currently being reexamined, *i.e.*, claims 1-6 of the '130 patent.   Thus, it is not even clear that a final holding of claim validity in the litigation would necessarily require conclusion of the '122 *inter partes* reexamination proceeding as to all the claims subject to reexamination.

**As a final point, as to the difference:**

In the Immersion-Sony *inter partes* proceedings Sony chose to permit the District Court litigation to proceed for three years before filing its requests for reexamination only after judgment was entered in Immersion's favor in the litigation.   Had Sony filed its requests for reexamination earlier, the reexamination proceedings could have been much farther along in the process, and may likely have been completed at the Office before the district court issued its decision.   Also,

the district court might have stayed the litigation to await the Office's decisions in the reexamination proceedings. In the present instance, the requester has filed the '122 *inter partes* reexamination well before the District Court litigation has advanced to conclusion, and the Office proceedings should be available for the District Court.

**In conclusion as to this issue:**

Congress specifically provided estoppel provisions when a "final decision" upholding the validity of patent claims has been reached in a civil action or in a prior *inter partes* reexamination. *See* 35 U.S.C. § 317(b); 35 U.S.C. § 315(c). Thus, if a party's challenge to the validity of certain patent claims has been finally resolved, either through civil litigation or the *inter partes* reexamination process, then that party is barred from making a subsequent request for *inter partes* reexamination (or filing a new civil action) challenging the validity of those same claims. *Id.* Accordingly, while Congress desired that the creation of an *inter partes* reexamination option would lead to a reduction in expensive patent litigation, it nonetheless also contemplated in the statute that a court validity challenge and *inter partes* reexamination of a patent may occur simultaneously; but once one proceeding finally ends, then the issues raised (or that could have been raised) with respect to the validity of a claim in that proceeding would have estoppel effect on the same issues in the other. Until that time, however, the Office is obligated to move forward in the *inter partes* reexamination with "special dispatch." Only "good cause" will permit the Office from deviating from that statutory mandate. In this instance, the litigation is at a preliminary stage so that it can not be determined when the litigation will reach a final holding on the issue of claim validity and what that decision is likely to be. Even if there should be a final holding on the issue of claim validity, the patent owner has not established that there is an identity of claims in the '122 *inter partes* reexamination proceeding and those subject to the litigation to thereby statutorily bar proceeding further with the entirety of the reexamination proceeding. Accordingly, the patent owner has not provided the USPTO Director with sufficient basis upon which to conclude that there is "good cause" to suspend the *inter partes* reexamination proceeding to await a final decision on claim validity in the litigation.

### C. Other Patent Owner's Allegations That Good Cause For Suspension Exists

The factors alleged by patent owner to present "good cause" for suspension of the '122 *inter partes* reexamination proceeding have been thoroughly considered. However, for the reasons that follow, these factors do not establish "good cause" for suspension.

#### 1. Privity and Assignor Estoppel

Patent owner argues that because Michael J. Sullivan, the sole inventor of the '130 patent, assigned the '130 patent to patent owner's predecessor in interest, the '122 *inter partes* reexamination proceeding was filed by a "former privy" of patent owner and is therefore barred under 37 CFR 1.913. The purpose of 37 CFR 1.913 is simply declaratory of the statutory mandate of 35 U.S.C. § 311(a) that provides that any third-party requester may, at any time, file a request for *inter partes* reexamination. [15] Patent owner has not established that 37 CFR 1.913,

---

[15] In the Notice of Proposed Rulemaking entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg 18154, 18167 (April 6, 2000) it is stated that proposed rule includes the language "an person other than the patent owner or its privies may ... file a request for *inter partes* reexamination." The commentary stated that the proposed rule "provides for any third-party requester ... to file a request for ... an *inter partes* reexamination ..." That is, the proposed rule was thought to simply echo the statutory language. However, the words "other than patent owner or its privies" were deleted from the final rule because a comment to directed proposed rule 1.913 had suggested that the Office had exceeded its authority in excluding patent owner or its privies

nor the statute upon which it is grounded, precludes the filing of a request for *inter partes* reexamination by a party who is a so-called "former privy" of patent owner, especially a party who assigned a patent to an entity other than the present patent owner. Absent citation of controlling authority to the contrary by patent owner, it would appear that the statutory language "any third-party requester" is broadly drawn and would permit a party not in direct privity with a patent owner, i.e., a "former privy" of patent owner, to file a request for *inter partes* reexamination.

Patent owner also argues that the doctrine of assignor estoppel should have precluded the filing of the '122 *inter partes* reexamination proceeding, because sole inventor Sullivan assigned the patent to patent owner's predecessor in interest, but is now a Vice President of the third party requester business entity. However, reexamination is not litigation to determine the validity of patent claims conducted before a court wherein the equitable doctrine of assignor estoppel is applicable. Rather, reexamination is an administrative proceeding to determine the patentability of patent claims, a determination that is not conducted under the equitable considerations attaching to a litigation in which claim validity is determined. As discussed above, *In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 4, (Fed. Cir. 1985) (*en banc*) makes it clear that litigation and reexamination are distinct proceedings with distinct parties, purposes, procedures and outcomes. Stated differently, although the application of the assignor estoppel doctrine in litigation is a fact intensive issue requiring the finding of facts and the balancing of the equities by the court, [16] a reexamination proceeding is not a determination of patent validity and infringement of patent claims. [17] It is also to be noted that a patent owner is statutorily authorized to file a reexamination request to obtain an advisory opinion as to the applicability of a prior patent or printed publication; such advisory opinion would be prohibited in litigation as lacking a "case or controversy." If a patent owner can request reexamination of a patent, a party who assigned to the patent owner should likewise be permitted to do so. Therefore, absent citation of authority holding that assignor estoppel applies to reexamination so as to bar a [statutorily approved request for *inter partes* reexamination filed by "[A]ny third-party requester at any time," assignor estoppel would not appear to apply generally to reexamination, and specifically to the present *inter partes* reexamination proceeding. Patent owner has argued that a suspension of the '122 *inter partes* reexamination proceeding is necessary because the issue of whether the present requester was barred from filing the '122 *inter partes* reexamination proceeding based on assignor estoppel can only be resolved through

---

because the language of 35 U.S.C. § 311(c) appeared to permit a patent owner to file a request for an *inter partes* reexamination proceeding. See Final Rule entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg. 76756, 76764 (December 7, 2000). However, Public Law 107-273, section 12101, 116 Stat. 1901 amended 35 U.S.C. § 311(c) clarify that only the third party requester, and not a patent owner, may file a request for *inter partes* reexamination. Thereafter, the language "other than patent owner or its privies" was added to 37 CFR 1.913 See Final Rule entitled "Changes to Implement the 2002 *Inter Partes* Reexamination and Other Technical amendments to the Patent Statute", 68 Fed. Reg. 70996, 70999 (December 22, 2003).

[16] Compare *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F.2d 789, 14 USPQ2d 1728 (Fed. Cir. 1990) holding that because inventor Luniewski who had assigned his patent to Shamrock was now a Vice President of MSI was in privity with MSI, that MSI was barred from asserting patent invalidity and unenforceability as defenses to patent infringement with *Acushnet Company v. Dunlop Maxfli Sports Corporation, Civ. A. No. 98-717-SLR, 2000 U.S. Dist., LEXIS 10123* (D. Del June 29, 2000) distinguishing *Shamrock* holding that where an inventor had assigned a patent to plaintiff and then became a Vice President of defendant accused infringer the facts and equities did not establish that the inventor was in privity with the defendant and that the defense of patent invalidity was, therefore, available to defendant.

[17] See also *Joy Technologies, Inv. v. Harry F. Manbeck, Jr.* 959 F.2d 226, 229 (Fed. Cir. 1992) "Trying to equate its appeal of the reexamination decision to an action analogous to a 'suit at common law,' Joy argues that the reexamination proceeding should be construed as most like a declaratory judgment action where the PTO is seeking a determination that Joy's patent is invalid. It admits, however, that the PTO could not bring such a suit. Thus, there is no basis to recharacterize the statutory procedure established by Congress in the reexamination statute."

evidence obtained through the use of the District Court's discovery and subpoena power to ascertain whether an assignor filed the present request. However, since patent owner has not established that the doctrine of assignor estoppel applies in the administrative reexamination of a patent, patent owner's argument has not been shown to establish "good cause" for suspension of the '122 *inter partes* reexamination proceeding.

> ### 2.    Additional Matters Requiring The District Court's Discovery and Subpoena Power

Patent owner argues that, in addition to the issues of assignor estoppel and privity, the District Court's discovery and subpoena power is necessary for patent owner to secure objective evidence of commercial success of third party requester's infringing products. Patent owner also argues that patent owner will be able to question tests conducted by third party requester in support of third party requester's arguments of patent invalidity, and that patent owner will be able to obtain the information necessary to question these tests only through the District Court's discovery and subpoena powers. Thus, patent owner reasons that "good cause" exists warranting suspension of the '122 *inter partes* reexamination proceedings.

These arguments are unpersuasive for a number of reasons. First, the provisions of 37 CFR 1.132 apply to the '122 *inter partes* reexamination proceeding, as it does to all *inter partes* reexamination proceedings. Patent owner will in fact have an opportunity in the '122 *inter partes* reexamination proceedings to submit objective test evidence in support of nonobviousness to the same extent that third party requester may submit objective test evidence tending to show nonobviousness. Also, the parties can submit evidence rebutting each other's 37 CFR 1.132 showings. Further, patent owner has submitted no showing that sales of the accused infringer's products are secret data not available publicly, thereby enabling patent owner to secure this data by commissioning research of the matter, without the necessity of the District Court's subpoena and discovery. Speculative allegations that patent owner might require the District Court's subpoena and discovery power in aid of a position taken in litigation does not establish "good cause" for suspension of the '122 *inter partes* reexamination proceeding.

Of greater import, however, is that patent owner's position, if taken to its logical conclusion, would undercut the ability of a third party requester (and, for that matter, a patent owner) to obtain any final result in an *inter partes* reexamination proceeding. Thus, the purpose of the *inter partes* reexamination statutes would be frustrated. For if a party engaged in patent infringement/validity litigation could demonstrate "good cause" for a suspension of an *inter partes* reexamination proceeding merely by invoking the existence of a district court's subpoena and discovery power and coupling that invocation with allegations that the party might need to employ that power in the course of litigation, then any *inter partes* reexamination proceeding for a patent involved in litigation could be readily stayed. It is presumed that if Congress had desired this, Congress would have expressly so stated in the reexamination statutes. However, Congress instead enacted 35 U.S.C. § 314 (c) and the "good cause" standard, a far more flexible and fact specific test allowing the USPTO Director to determine on a case-by-case basis whether to stay a pending *inter partes* reexamination proceeding.

## CONCLUSION

1. The patent owner renewed petition filed April 28, 2006, is <u>granted</u> with respect to the relief requested pursuant to 37 CFR 1.183, to the extent that the substance of patent owner's petition to suspend the '122 *inter partes* reexamination proceeding has been considered under 37 CFR 1.182.

2. The substance of the third party requester opposition filed on May 5, 2006, has been considered pursuant to 37 CFR 1.183.

3. The patent owner's petition under 37 CFR 1.182 to suspend the '122 *inter partes* reexamination is <u>denied</u>.

4. This decision is a final agency action within the meaning of 5 U.S.C. § 704.

5. Telephone inquiries related to the present decision should be directed to the Stephen Marcus, Legal Advisor, at 571-272-7743, or, in his absence, to the undersigned at 571-272-7710.


Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration

sm
July 17, 2006

# EXHIBIT D



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

Dorothy P. Whelan
Fish & Richardson P.C.                    (For Patent Owner)       **MAILED**
P.O. Box 1022
Minneapolis, MN 55440-1022                                        JUL 19 2006

                                                          CENTRAL REEXAMINATION UNIT
Alan M. Grimaldi
Howrey LLP                                (For Third Party Requester)
1299 Pennsylvania Avenue NW
Washington, DC 20004


In re Callaway Golf Company                    :
  *Inter Partes* Reexamination Proceeding       : **DECISION DENYING**
Control No.: 95/000,120                         : **PETITION**
Filed:   January 17, 2006                       :
For:     U.S. Patent No. 6,210,293              :


This is a decision on the April 28, 2006 patent owner petition entitled "RENEWED PETITION
TO SUSPEND INTER PARTES REEXAMINATION PROCEEDINGS." Also, on May 5, 2006, the
third party requester filed a paper entitled "ACUSHNET'S OPPOSITION TO PATENT OWNER
CALLAWAY'S RENEWED PETITION TO SUSPEND INTER PARTES REEXAMINATION
PROCEEDINGS."

*Inter partes* reexamination control number 95/000,120, patent owner's renewed petition, and
requester's opposition to patent owner's renewed petition are before the Office of Patent Legal
Administration for consideration.

Patent owner's present petition is taken as a renewed petition under CFR 1.183 for waiver of 37
CFR 1.939, and as a petition under 37 CFR 1.182 for suspension of *inter partes* reexamination
proceeding 95/000,120. Third party requester's opposition is also taken as a renewed petition
under 37 CFR 1.183 for waiver of 37 CFR 1.939, and as a petition 37 CFR 1.182 to oppose the
patent owner's renewed petition.


### FEES

As the fee for the originally filed patent owner petition was not charged, a petition fee of
$400.00 under 37 CFR 1.17(f) will be charged to the patent owner's Deposit Account No. 06-1050
as authorized in the April 28, 2006 patent owner renewed petition.

As the fee for the originally filed third party requester opposition to patent owner's petition was
not charged, a petition fee of $400.00 under 37 CFR 1.17(f) will be charged to the third party
requester's Deposit Account No. 08-3038, as authorized in the May 5, 2006 third party requester
renewed opposition.

## SUMMARY

The respective 37 CFR 1.183 aspect of the petition of the patent owner to permit entry and consideration of the renewed patent owner petition as a petition to suspend the present *inter partes* reexamination proceeding, and of the third party requester to permit entry and consideration of the third party requester's opposition to the renewed petition to suspend, are granted.

The patent owner renewed petition under 37 CFR 1.182 to suspend the present *inter partes* reexamination proceeding is denied.

## REVIEW OF FACTS

1.  U.S. Patent No. 6,210,293 ("the '293 patent") issued to Michael J. Sullivan on April 3, 2001, and is currently assigned to Callaway Golf Company.

2.  A request for *inter partes* reexamination of the '293 patent was filed by a third party requester, Acushnet Company, on January 17, 2006. The request was assigned Control No. 95/000,120 ("the '120 *inter partes* reexamination proceeding").

3.  On February 9, 2006, the third party requester filed a paper purporting to withdraw a paper requesting suspension of the '120 *inter partes* reexamination proceeding stated to have been filed by third party requester on January 23, 2006.

4.  On February 16, 2006, the Office recognized the requester's February 9, 2006 paper, and accepted the withdrawal of the January 23, 2006 paper, noting that, had the January 23, 2006 paper been before the Office, the Office would have taken that paper as a petition for suspension of action without rendering a decision on the petition.

5.  On March 21, 2006, the patent owner filed a petition, requesting that the '120 *inter partes* reexamination proceeding be suspended.

6.  On March 24, 2006, the third party requester filed an opposition to the March 21, 2006 patent owner petition.

7.  On April 11, 2006, an Office decision was issued, discarding both the March 21, 2006 patent owner petition and the March 24, 2006 opposition thereto as being improper premature papers.

8.  On April 6, 2006, reexamination was ordered for claims 1-6, i.e. all of the claims, of the '293 patent.

9.  On April 13, 2006, patent owner filed a petition requesting that the order granting the present reexamination proceeding be vacated as being an *ultra vires* action.

10. On April 27, 2006, third party requester filed an opposition to patent owner's April 13, 2006 petition.

11. On April 28, 2006, patent owner filed the present renewed petition to suspend the '120 *inter partes* reexamination proceeding.

12.   On May 5, 2006, third party requester filed the present opposition to the April 28, 2006 patent owner petition.

13.   On June 7, 2006, the patent owner petition to vacate the '120 *inter partes* reexamination proceeding was dismissed by the Office.

## DECISION

### I.   Relevant Law And Procedure

35 U.S.C. § 311(a) provides:

> IN GENERAL. — **Any third-party requester** at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art cited under the provisions of section 301." [Emphasis supplied.]

35 U.S.C. § 312(a) provides in pertinent part:

> "Not later than 3 months after the filing of a request for *inter partes* reexamination under section 311, the Director **shall** determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications ..." [Emphasis supplied.]

35 U.S.C. § 313 provides:

> "If, in a determination made under section 312(a), the Director finds that a substantial new question of patentability affecting a claim of a patent is raised, the determination **shall** include an order for *inter partes* reexamination of the patent for resolution of the question. The order may be accompanied by the initial action of the Patent and Trademark Office on the merits of the *inter partes* reexamination conducted in accordance with section 314." [Emphasis supplied.]

35 U.S.C. § 314 (c) provides:

> "Unless otherwise provided by the Director for good cause, all inter partes reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, shall be conducted with special dispatch within the Office."

37 CFR 1.132 provides:

> "When any claim of an application or a patent under reexamination is rejected or objected to, any evidence submitted to traverse the rejection or objection on a basis not otherwise provided for must be by way of an oath or declaration under this section."

37 CFR 1.182 provides:

> "All situations not specifically provided for in the regulations of this part will be decided in accordance with the merits of each situation by or under the authority of the Director, subject to such other requirements as may be imposed, and such decision will be communicated to the interested parties in writing. Any petition seeking a decision under this section must be accompanied by the petition fee set forth in § 1.17(f).

37 CFR 1.183 provides:

"In an extraordinary situation, when justice requires, any requirement of the regulations in this part which is not a **requirement of the statutes** may be suspended or waived by the Director or the Director's designee, *sua sponte*, or on petition of the interested party, subject to such other requirements as may be imposed. Any petition under this section must be accompanied by the petition fee set forth in § 1.17(f)."

37 CFR 1.907 provides:

"(a) Once an order to reexamine has been issued under § 1.931, neither the third party requester, nor its privies, may file a subsequent request for *inter partes* reexamination of the patent until an *inter partes* reexamination certificate is issued under § 1.997, unless authorized by the Director.

(b) Once a final decision has been entered against a party in a civil action arising in whole or in part under 28 U.S.C. 1338 that the party has not sustained its burden of proving invalidity of any patent claim-in-suit, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claim on the basis of issues which that party, or its privies, raised or could have raised in such civil action, and an *inter partes* reexamination requested by that party, or its privies, on the basis of such issues may not thereafter be maintained by the Office.

(c) If a final decision in an *inter partes* reexamination proceeding instituted by a third party requester is favorable to patentability of any original, proposed amended, or new claims of the patent, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claims on the basis of issues which that party, or its privies, raised or could have raised in such *inter partes* reexamination proceeding."

37 CFR 1.913 provides:

"Except as provided for in § 1.907, any person other than the patent owner or its privies may, at any time during the period of enforceability of a patent which issued from an original application filed in the United States on or after November 29, 1999, file a request for *inter partes* reexamination by the Office of any claim of the patent on the basis of prior art patents or printed publications cited under § 1.501."

37 CFR 1.935 provides:

"The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination."

37 CFR 1.937(b) provides:

"The *inter partes* reexamination proceeding will be conducted in accordance with §§ 1.104 through 1.116, the sections governing the application examination process, and will result in the issuance of an *inter partes* reexamination certificate under § 1.997, except as otherwise provided."

37 CFR 1.939 provides:

"(a) If an unauthorized paper is filed by any party at any time during the *inter partes* reexamination proceeding **it will not be considered** and may be returned." [Emphasis supplied.]

(b) Unless otherwise authorized, **no paper** shall be filed prior to the initial Office action on the merits of the *inter partes* reexamination." [Emphasis supplied.]

37 CFR 1.987 provides:

"If a patent in the process of *inter partes* reexamination is or becomes involved in litigation, the Director shall determine whether or not to suspend the *inter partes* reexamination proceeding."

With respect to suspension of *inter partes* reexamination, MPEP § 2684.04(III) provides that:

> " ... 'good cause' might be present, for example, where there is an issue that cannot be decided in the reexamination proceeding but affects the resolution of the proceeding. Another example is where there is an issue common to the litigation and the reexamination that can best be decided in court due to the availability in court of discovery and subpoena power (e.g., an issue heavily dependent on presentation of conflicting/contested evidence by the two parties)."

## II.    Procedural Discussion *Re:* Patent Owner's Original (March 21, 2006) Petition To Suspend

On March 21, 2006, patent owner filed a petition to suspend the '120 *inter partes* reexamination proceeding. In the present petition, patent owner takes the position [1] that the original petition to suspend filed on March 21, 2006 was not entered in the '120 proceeding, and was instead discarded, because it was filed prior to issuance of a reexamination order.    This position is inaccurate.

By its terms, 37 CFR 1.939(b) precludes the filing of any paper in an *inter partes* reexamination proceeding prior to "the initial Office action on the merits" in that proceeding, unless the filing of the paper is authorized. At the time of filing of that petition, and at the time of the decision thereon, not only had there been no decision on the request for reexamination, there had also been no Office action on the merits in the *inter partes* proceeding. The patent owner petition of March 21, 2006 was held to be an improper paper under 37 CFR 1.939 because it was filed prior to the issuance of the initial Office action in the reexamination proceeding. [2] Not only had *inter partes* reexamination not yet been ordered, no "initial Office action on the merits of the *inter partes* reexamination" had been promulgated in the '120 *inter partes* reexamination proceeding, and a paper prior to that point is barred by regulation unless authorized, in accordance with 37 CFR 1.939(b). [3]

Although patent owner's March 21, 2006 petition requested relief under 37 CFR 1.183, the regulatory provision that provides for waiver of the rules, [4] there was no specific identification of which regulation that patent owner was seeking to waive. However, even if waiver of the provisions of 37 CFR 1.939 had been specifically requested, the March 21, 2006 patent owner petition could not have been granted. As explained in the decision dated April 11, 2006 (by which the March 21, 2006 patent owner petition and third party requester opposition were discarded as being improper papers), U.S.C. § 312(a) requires, *inter alia*, that after a request for *inter partes* reexamination is filed, the Director shall, within three months of the filing of a request for *inter partes* reexamination, determine whether that request raises a substantial new question of patentability affecting any claim of the patent that is the subject of the request. Further, 35 U.S.C. § 313 **requires** that - when the Director does determine that a substantial new question of patentability is raised by the request, then the determination shall include an order for *inter partes* reexamination of the patent concerned.

---

[1] See patent owner's "Renewed Petition to Suspend, page 2, second full paragraph.

[2] See Decision Discarding Improper Papers", April 11, 2006, page 2, paragraph styled "The Patent Owner Petition"

[3] It appears that petitioner patent owner is confusing the terminology "initial Office action on the merits" with the terminology "reexamination order." The terminology "action on the merits" means an action on the patentability of the claims of the patent being reexamined. See, for example, 37 CFR 1.935 which provides that "The order for *inter partes* reexamination will usually be accompanied by the initial Office action on the merits of the reexamination." Clearly, a reexamination order and "the initial action on the merits of the reexamination are two different things. See also MPEP Chapter 700, wherein it is made clear that in examination proceedings, "action on the merits" is a term of art meaning an action in which a patentability determination is made.

[4] At page 2 thereof, the March 21, 2006 petition requested relief under a variety of regulations, as well as relief pursuant to 35 U.S.C. § 314(c), as does the present renewed petition.

It is clear that consideration of the substance of patent owner's March 21, 2006 petition, and granting it, would have, in effect, required a waiver of 35 U.S.C. §§ 312(a) and 313, because a suspension of the '120 *inter partes* reexamination proceeding would have precluded both a determination of the existence or absence of a substantial new question of patentability, and the promulgation of a reexamination order based on that determination within three months of the filing of the request for reexamination, as required by §§ 312(a) and 313. However, a waiver of the statutes is an action beyond the authority of the Director, and 37 CFR 1.183 expressly recognizes that a requirement of the statutes may not be waived. Therefore, a suspension of the '120 *inter partes* reexamination prior to the determination on the request for reexamination promulgation of the reexamination order, based upon any petition by the parties, was barred.

## III.  Procedural Discussion *Re:* The Present Patent Owner Renewed Petition To Suspend

In the present patent owner renewed petition, patent owner takes the position that because an Order granting *inter partes* reexamination has now been issued, the petition to suspend is a proper paper. Patent owner also takes the position that the present renewed petition, (as well as patent owner's March 21, 2006 petition to suspend), is proper because it is authorized by 37 CFR 1.987. [5]

### A.  Relief Pursuant to 37 CFR 1.939

Patent owner argues that the present patent owner petition to suspend the '120 reexamination proceeding is now timely under 37 CFR 1.939(b) as reexamination has already been ordered. This position is not persuasive because, as discussed in section II., *supra*, an order for *inter partes* reexamination is not the initial Office action on the merits of the *inter partes* reexamination proceeding.  "Action on the merits" is a term of art, and as such, means an action on the patentability of claims. It is clearly so used in the reexamination regulations, for example, in 37 CFR 1.935. [6] Thus, it is clear that the filing of the present patent owner renewed petition to suspend is not authorized by 37 CFR 1.939(b), because the "initial action on the merits " of the '120 *inter partes* reexamination proceeding has not yet been issued by the Office.

### B.  Relief Pursuant to 37 CFR 1.987

The patent owner's argues that 37 CFR 1.987 independently authorizes the filing of the present petition to suspend. This too is not persuasive. The plain language of the regulation does not state or imply that it in any way authorizes the filing of a petition to suspend, particularly a petition that would be improper pursuant to one or more of the regulations that implement the *inter partes* reexamination statutes.  37 CFR 1.987 is merely declaratory of the Director's discretionary authority to *sua sponte* suspend an *inter partes* reexamination proceeding in certain circumstances, *i.e.,* when there is both: (a) litigation involving the patent which is the subject of the *inter partes* reexamination proceeding and (b) "good cause" to suspend.  37 CFR 1.987 in no way authorizes the filing of a petition to request such a suspension. The right of parties in this arena is the filing of a Notification of Existence of Prior or Concurrent Proceedings and Decisions pursuant to MPEP § 2686 to provide the Office with information which may, or may not, justify a suspension of action.

Patent owner has not cited a regulation that authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding.  In fact, no regulation implementing the *inter partes* reexamination statutes authorizes such a petition.

---

[5] *Id* , at footnote 1.
[6] See the discussion in footnote 3.

C. Relief Pursuant to Patent Owner's Petition Under 37 CFR 1.182 and 1.183

Note is taken that the present patent owner renewed petition requests relief under both 37 CFR 1.182 and 1.183. Notwithstanding that patent owner has again failed to specifically identify the regulation(s) for which a waiver under 37 CFR 1.183 is requested, the present renewed petition will be taken as a petition under 37 CFR 1.183 to waive the provisions of 37 CFR 1.939 in order to permit the filing of a paper prior to the issuance of the initial Office action on the merits in the '120 *inter partes* reexamination proceeding. Further, the present renewed petition will also be taken as a petition under 37 CFR 1.182 for a situation "not specifically provided for in the regulations" to permit the filing of a petition to suspend the '120 *inter partes* reexamination proceeding.

1. 37 CFR 1.183 Waiver of 37 CFR 1.939

As discussed in sections I. and II (A), *supra*, 37 CFR 1.939(b) precludes the filing of any paper prior to the initial Office action on the merits of the '120 *inter partes* reexamination proceeding. As no initial Office action on the merits has yet been issued, no patent owner paper may be filed in the '120 *inter partes* reexamination proceeding at this point in the proceeding. However, *inter partes* reexamination has now been ordered. [7] Therefore, suspension of the '120 *inter partes* reexamination proceeding would not require the waiver of any provision of the *inter partes* reexamination statutes; only a waiver of 37 CFR 1.939(b) would be needed to provide for an entry right of the petition paper requesting suspension.

In this instance, it is determined to be in the interests of justice with respect to both parties to the '120 *inter partes* reexamination proceeding that a decision regarding suspension of the '120 *inter partes* proceeding be made as soon as possible, given that (1) a suspension of the proceedings would not impair compliance with the reexamination statutes, and (2) extraordinary circumstances are found to exist, including the fact that this proceeding is but one of four *inter partes* proceedings in which the present parties are involved, and that the present parties are actively involved in litigation with respect to the patents that are the subject of those four *inter partes* reexamination proceedings. Rather than requiring patent owner and third party requester to re-file the petition and opposition thereto after a first action on the merits, it is appropriate to consider the question of suspension now. Further, if suspension were in fact warranted, it would be in the interests of justice that such suspension takes place prior to an action on the patentability of the claims. Finally, there is a public interest, and an interest to be considered by the court in the ongoing litigation, to ascertain, as soon as practical, whether the '120 *inter partes* reexamination proceeding will continue to conclusion, or will presently be suspended pending the outcome of the parallel litigation involving the '293 patent, as well as such future circumstance that would demand that a suspension be lifted, if imposed.

Accordingly, based upon the facts of record and the current circumstances set forth, *supra*, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit filing of the present patent owner renewed petition and the requester's opposition to the renewed petition, and consideration of the substance of both the petition and the opposition.

2. 37 CFR 1.182 Petition to Suspend the '120 *Inter Partes* Reexamination Proceeding

As discussed Section III(B), *supra*, neither 37 CFR 1.987 nor any regulation implementing the *inter partes* reexamination statutes authorizes the filing of a petition to suspend an *inter partes* reexamination proceeding. However, the present patent owner renewed petition does request

---

[7] See the "Order Granting *Inter Partes* Reexamination" dated April 6, 2006.

consideration pursuant to 37 CFR 1.182, and a proposed suspension of an *inter partes* reexamination proceeding is a situation not specifically provided for in the regulations. For the reasons set forth in the second paragraph of section III(C)(1), *supra*, and based upon the facts of record and the current circumstances, consideration will be given to the substance of the present patent owner renewed petition to suspend the '120 *inter partes* reexamination proceeding, as a situation not specifically provided for in the regulations.

### IV.  Procedural Discussion Of The Third Party Requester Renewed Opposition

The third party requester renewed opposition filed on May 5, 2006, lacks an entry right under 37 CFR 1.939(b) for the same reasons discussed with respect to the renewed patent owner petition.  Further, the regulations implementing the *inter partes* reexamination statutes do not expressly provide for the filing of an opposition paper to a patent owner request to suspend an *inter partes* reexamination proceeding.

However, third party requester has submitted the instant opposition pursuant to 37 CFR 1.182 and 1.183.  For reasons analogous to those discussed above with respect to the patent owner's renewed petition, the provisions of 37 CFR 1.939 are waived to the extent necessary to permit the filing of the instant opposition to the present patent owner's renewed petition prior to the initial Office action on the merits in the '120 *inter partes* reexamination proceeding.  Although the regulations do not specifically provide for a third party requester opposition to a patent owner petition to suspend an *inter partes* reexamination proceeding, for reasons analogous to those discussed above with respect to the patent owner's renewed petition,  consideration will be given, pursuant to 37 CFR 1.182, to the requester's opposition to the patent owner's renewed petition.

### V.   Findings And Analysis On The Merits Of Patent Owner's Renewed Petition to Suspend

#### A.   Patent Owner's Substantive Position In Support Of Suspension of the '120 *Inter Partes* Reexamination Proceeding

Patent owner states that pursuant to 35 U.S.C. § 314 (c), and the procedure discussed in MPEP § 2686.04(III), there is good cause to suspend the '120 *inter partes* reexamination proceeding.  Patent owner asserts the existence of matters to be raised in the concurrent litigation that are argued to affect the resolution of the '120 *inter partes* reexamination proceeding or potentially bar the proceeding.  Patent owner also raises issues in which the District Court's discovery and subpoena powers are asserted to be important in deciding matters heavily dependent upon the evidentiary showings of the parties.

#### 1.   Matters Involving Privity And Assignor Estoppel [8]

Patent owner states that the sole inventor of the '293 patent is Michael J. Sullivan, who is now a Vice President of third party requester business entity.  Patent owner urges that 37 CFR 1.913 [9] is facially broad enough to cover both current and former patent owners and current and former privies, to bar *inter partes* reexamination.  Patent owner argues that Mr. Sullivan is a

---

[8] See *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F.2d 789; USPQ2d 1728 (Fed. Cir. 1990), and compare *Acushnet Company v. Dunlop Maxfli Sports Corporation*, 2000 U.S. Dist. LEXIS 10123, Civ. A. No. 98-717-SLR, (D. Del June 29, 2000).

[9] Pursuant to 37 CFR 1.913, a request for *inter partes* reexamination can be filed by any person other than patent owner or its privies.

privy of a former patent owner [10] to whom the '293 patent was originally assigned, and that 37 CFR 1.913 should have precluded the filing of the '120 *inter partes* reexamination proceeding.

Patent owner further alleges that, as a Vice President of third party requester, Mr. Sullivan may well be a privy of third party requester. Patent owner argues that the third party requester would therefore be barred from challenging the validity of the '293 patent via the '120 *inter partes* reexamination proceeding by the doctrine of assignor estoppel.

Patent owner's position is that a suspension of the '120 *inter partes* reexamination proceeding is necessary, because these issues can only be resolved by evidence that can uniquely be obtained through the use of the District Court's discovery and subpoena power.

## 2. Additional Matters Requiring The District Court's Discovery And Subpoena Power

Patent owner also urges that the use of the District Court's discovery and subpoena power is required to permit full and fair evaluation of testing undertaken by third party requester that is relied upon by third party requester to support its allegations of patent invalidity. Patent owner points out that third party requester relies upon an invalidity argument under 35 U.S.C. § 103, that objective evidence of commercial success of both the patent owner and an alleged infringer (the third party requester) is relevant to § 103 nonobviousness. Patent owner argues that access to evidence that would establish commercial success of the third party requester's accused products could be obtained utilizing the District Court's discovery and subpoena powers.

## B. Established Standards Demonstrating The Existence of "Good Cause" For Suspension Of *Inter Partes* Reexamination Proceedings

35 U.S.C. § 305 requires that all *ex parte* reexamination proceedings be conducted with special dispatch within the Office. It has been held that, based on the unequivocal statutory requirement for special dispatch, the Office may not suspend a pending *ex parte* reexamination proceeding merely because of the existence of concurrent litigation on the patent that is the subject of reexamination. [11] *Ethicon* discusses certain fundamental concepts regarding concurrent *ex parte* reexamination proceedings in the Office and litigation of the patent that is the subject of reexamination. For example the *Ethicon* court quoted extensively from the decision of the court in *In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 4, (Fed Cir. 1985) (in banc) to point out:

> "That one challenging validity in court bears the burden assigned by [35 U.S.C.] § 282, that the same party may request reexamination upon submission of art not previously cited, and that, if that art raises a substantial new question of patentability, the PTO may during reexamination consider the same and new and amended claims in light of that art free of any presumption, *are concepts not in conflict.* On the contrary, those concepts are but further indication that *litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes.*" [Emphasis is the Court's.]

The *Ethicon* court also cited *Etter* in order to point out that when reexamination and litigation for the same patent are conducted concurrently:

> ". precise duplication of effort does not occur because the PTO and the courts employ different standards of proof when considering validity, and the courts, unlike the PTO during a reexamination of patent claims, are not limited to review of prior art patents or printed publications."

---

[10] The present patent owner acquired rights to the '293 patent from the original owner, Top-Flite.

[11] *Ethicon, Inc., v. Quigg,* 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir. 1988)

*Id.*, at 856, at 4.

In contrast to the 35 U.S.C. § 305 which applies only to *ex parte* reexamination, 35 U.S.C. § 314(c) expressly allows for the suspension of an *inter partes* reexamination proceeding within the Office "for good cause," notwithstanding that *inter partes* reexamination proceedings are to be conducted with "special dispatch." Therefore, the question of whether a petition to suspend an *inter partes* reexamination proceeding that is being conducted concurrently with litigation of the patent establishes "good cause" for the suspension of an *inter partes* reexamination proceeding presents a question that differs from the question of suspension of an *ex parte* reexamination proceeding. Pursuant to 35 U.S.C. § 314(c) and 37 CFR 1.987 that implements the statutory provision, the USPTO Director has authority to determine circumstances amounting to "good cause" for suspension of an *inter partes* reexamination proceeding, and to do so on a case-by-case basis.

In *inter partes* reexamination proceedings control numbers 95/000,093 and 95/000,094 (collectively referred to hereinafter as "the Immersion-Sony *inter partes* reexamination proceedings"), the Office granted a patent owner petition to stay the *inter partes* reexamination proceedings due to the existence of concurrent litigation of the patents that were the subject of the reexamination proceedings. [12] The decision suspension granting acknowledged that MPEP § 2684.04 set forth certain criteria as indicia of "good cause" for suspension of an *inter partes* reexamination proceeding, but pointed out that these criteria were merely exemplary. [13] The criteria relied upon by the Office in the Immersion-Sony *inter partes* reexamination proceedings to support a finding of "good cause" to suspend was upheld by the U.S. District Court, Eastern District of Virginia, *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. This criteria establishes a benchmark and standard which the Office can make use of to test the facts and circumstances of record in a given *inter partes* reexamination proceeding in order to determine whether there is "good cause" to suspend that *inter partes* reexamination proceeding, due to the existence of concurrent litigation of the patent being reexamined.

In the *Sony* scenario:

The patent claims for which *inter partes* reexamination was requested were not identical to the claims being litigated; there was one non-litigated patent claim (claim 1 in each instance) for which reexamination had been requested in each proceeding. The Office denied patent owner Immersion's first petition to suspend the *inter partes* reexamination proceedings, noting that even if the proceedings were suspended in the Office and judgment was rendered adverse to requester Sony in the concurrent litigation, that would not dispose of all claims in the existing *inter partes* reexamination proceedings, leading to a piecemeal reexamination, and a delay in reexamination of the non-litigated claims. [14] The patent owner then disclaimed claim 1 of each patent, whereby <u>identical patent claims</u> were the subject of both the *inter partes* reexamination proceedings and the concurrent litigation. The Office then granted patent owner Immersion's second petition to suspend the *inter partes* reexamination proceedings.

At the point in time that the Immersion-Sony *inter partes* reexamination proceedings were suspended, <u>the proceedings were at an early stage</u>; the Office's work had been limited only to a finding that the requests for reexamination had raised a substantial new question of

---

[12] See the '093 and '094 proceedings, Decision Granting Petitions To Suspend, November 17, 2005

[13] *Id.*, Decision Granting Petitions To Suspend", November 17, 2005, footnote 6.

[14] *Id.*, "Decision Denying Petitions", August 23, 2005, at page 6.

patentability. The <u>concurrent litigation</u>, on the other hand, <u>was at an advanced stage</u>: (a) a District Court had issued a decision adverse to requester Sony, holding the litigated patent claims to be valid, (b) an appeal of the District Court had been filed in the Court of Appeals for the Federal Circuit ("the Federal Circuit"), and (c) the matter had already been briefed.    Thus, there was a substantial likelihood that suspension of the reexamination proceedings would serve to conserve Office of resources, since a final holding of claim validity would statutorily require termination of the Immersion-Sony *inter partes* prosecutions with respect to all of the claims subject to the litigation, which was also all the claims subject to reexamination in those proceedings.    It was not in the Office's and parties' interests to engage resources in administrative proceedings that ultimately could be mooted by the concurrent litigation which was soon to be finally resolved. The substantial likelihood that the reexamination prosecutions would terminate and the proceedings be concluded, taken together with the identity of claims in the litigation and the *inter partes* reexamination proceedings, led the Office to conclude that on balance, there was "good cause" to suspend the Immersion-Sony *inter partes* reexamination proceedings, to await the decision by the Federal Circuit.  The decision granting suspension noted that should circumstances change, *e.g.*, if the matter were remanded to the District Court by the Federal Circuit without a holding on claim validity, the third party would be free to petition for a resumption of the *inter partes* reexamination proceeding based upon the change in circumstances.  The decision also noted that further *inter partes* proceedings on the claims not before the Office and the courts could subsequently be obtained by members of the public.

**In the present instance:**

The facts and circumstances in the '120 *inter partes* reexamination proceeding differ significantly from those present in the Immersion-Sony *inter partes* reexamination proceeding.  In contrast to the Immersion-Sony *inter partes* reexamination proceedings, the litigation involving the '293 patent is at an early stage.  For example, there is a pending order dated June 2, 2006, referring the matter to a Magistrate Judge for the purposes of exploring joinder of parties, setting September 29, 2006 as a due date for amended papers, and setting a discovery conference for October 18, 2006. The issue of claim construction is still pending, and there are apparently a number of preliminary motions pending.    Thus, unlike the Immersion-Sony *inter partes* proceedings in which the litigation had resulted in an appealable holding of claim validity, with the appeal having been filed and briefed to the appellate court, in this instance, it is not even foreseeable when the District Court's holding on the issue of validity might be would be rendered, and what it might be. It certainly cannot be envisioned when the litigation involving the '293 patent will reach a <u>final </u>holding on the validity of the claims of the '293 patent, including any appeal to the Federal Circuit, let alone what that holding is likely to be.

Further, in the '120 *inter partes* reexamination proceeding, patent owner has not established that there that the litigation of the '293 patent will result in a decision on the validity of all of the claims being currently being reexamined, *i.e.*, claims 1-6 of the '293 patent  Thus, it is not even clear that a final holding of claim validity in the litigation would necessarily require conclusion of the '120 *inter partes* reexamination proceeding as to all the claims subject to reexamination.

**As a final point, as to the difference:**

In the Immersion-Sony *inter partes* proceedings Sony chose to permit the District Court litigation to proceed for three years before filing its requests for reexamination only after judgment was entered in Immersion's favor in the litigation.  Had Sony filed its requests for reexamination earlier, the reexamination proceedings could have been much farther along in the process, and may likely have been completed at the Office <u>before</u> the district court issued its decision.  Also,

the district court might have stayed the litigation to await the Office's decisions in the reexamination proceedings. In the present instance, the requester has filed the '120 *inter partes* reexamination well before the District Court litigation has advanced to conclusion, and the Office proceedings should be available for the District Court.

**In conclusion as to this issue:**

Congress specifically provided estoppel provisions when a "final decision" upholding the validity of patent claims has been reached in a civil action or in a prior *inter partes* reexamination. *See* 35 U.S.C. § 317(b); 35 U.S.C. § 315(c). Thus, if a party's challenge to the validity of certain patent claims has been <u>finally</u> resolved, either through civil litigation or the *inter partes* reexamination process, then that party is barred from making a subsequent request for *inter partes* reexamination (or filing a new civil action) challenging the validity of those same claims. *Id.* Accordingly, while Congress desired that the creation of an *inter partes* reexamination option would lead to a reduction in expensive patent litigation, it nonetheless also contemplated in the statute that a court validity challenge and *inter partes* reexamination of a patent may occur simultaneously; but once one proceeding finally ends, then the issues raised (or that could have been raised) with respect to the validity of a claim in that proceeding would have estoppel effect on the same issues in the other. Until that time, however, the Office is obligated to move forward in the *inter partes* reexamination with "special dispatch." Only "good cause" will permit the Office from deviating from that statutory mandate. In this instance, the litigation is at a preliminary stage so that it can not be determined when the litigation will reach a final holding on the issue of claim validity and what that decision is likely to be. Even if there should be a final holding on the issue of claim validity, the patent owner has not established that there is an identity of claims in the '120 *inter partes* reexamination proceeding and those subject to the litigation to thereby statutorily bar proceeding further with the entirety of the reexamination proceeding. Accordingly, the patent owner has not provided the USPTO Director with sufficient basis upon which to conclude that there is "good cause" to suspend the *inter partes* reexamination proceeding to await a final decision on claim validity in the litigation.

### C.   Other Patent Owner's Allegations That Good Cause For Suspension Exists

The factors alleged by patent owner to present "good cause" for suspension of the '120 *inter partes* reexamination proceeding have been thoroughly considered. However, for the reasons that follow, these factors do not establish "good cause" for suspension.

#### 1.   Privity and Assignor Estoppel

Patent owner argues that because Michael J. Sullivan, the sole inventor of the '293 patent, assigned the '293 patent to patent owner's predecessor in interest, the '120 *inter partes* reexamination proceeding was filed by a "former privy" of patent owner and is therefore barred under 37 CFR 1.913. The purpose of 37 CFR 1.913 is simply declaratory of the statutory mandate of 35 U.S.C. § 311(a) that provides that <u>any third-party requester</u> may, at any time, file a request for *inter partes* reexamination. [15] Patent owner has not established that 37 CFR 1.913,

---

[15] In the Notice of Proposed Rulemaking entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg. 18154, 18167 (April 6, 2000) it is stated that proposed rule includes the language "an person other than the patent owner or its privies may ... file a request for *inter partes* reexamination." The commentary stated that the proposed rule "provides for any third-party requester ... to file a request for ... an *inter partes* reexamination ...." That is, the proposed rule was thought to simply echo the statutory language. However, the words "other than patent owner or its privies" were deleted from the final rule because a comment to directed proposed rule 1.913 had suggested that the Office had exceeded its authority in excluding patent owner or its privies

nor the statute upon which it is grounded, precludes the filing of a request for *inter partes* reexamination by a party who is a so-called "former privy" of patent owner, especially a party who assigned a patent to an entity other than the present patent owner. Absent citation of controlling authority to the contrary by patent owner, it would appear that the statutory language "any third-party requester" is broadly drawn and would permit a party not in direct privity with a patent owner, i.e., a "former privy" of patent owner, to file a request for *inter partes* reexamination.

Patent owner also argues that the doctrine of assignor estoppel should have precluded the filing of the '120 *inter partes* reexamination proceeding, because sole inventor Sullivan assigned the patent to patent owner's predecessor in interest, but is now a Vice President of the third party requester business entity. However, reexamination is not litigation to determine the validity of patent claims conducted before a court wherein the equitable doctrine of assignor estoppel is applicable. Rather, reexamination is an administrative proceeding to determine the patentability of patent claims, a determination that is not conducted under the equitable considerations attaching to a litigation in which claim validity is determined. As discussed above, *In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 4, (Fed Cir. 1985) (*en banc*) makes it clear that litigation and reexamination are distinct proceedings with distinct parties, purposes, procedures and outcomes. Stated differently, although the application of the assignor estoppel doctrine in litigation is a fact intensive issue requiring the finding of facts and the balancing of the equities by the court, [16] a reexamination proceeding is not a determination of patent validity and infringement of patent claims. [17] It is also to be noted that a patent owner is statutorily authorized to file a reexamination request to obtain an advisory opinion as to the applicability of a prior patent or printed publication; such an advisory opinion would be prohibited in litigation as lacking a "case or controversy." If a patent owner can request reexamination of a patent, a party who assigned to the patent owner should likewise be permitted to do so. Therefore, absent citation of authority holding that assignor estoppel applies to reexamination so as to bar a statutorily approved request for *inter partes* reexamination filed by "[A]ny third-party requester at any time," assignor estoppel would not appear to apply generally to reexamination, and specifically to the present *inter partes* reexamination proceeding. Patent owner has argued that a suspension of the '120 *inter partes* reexamination proceeding is necessary because the issue of whether the present requester was barred from filing the '120 *inter partes* reexamination proceeding based on assignor estoppel can only be resolved through

---

because the language of 35 U.S.C. § 311(c) appeared to permit a patent owner to file a request for an *inter partes* reexamination proceeding. See Final Rule entitled "Rules To Implement Optional Inter Partes Reexamination Proceedings", 65 Fed. Reg. 76756, 76764 (December 7, 2000). However, Public Law 107-273, section 12101, 116 Stat. 1901 amended 35 U.S.C. § 311(c) clarify that only the third party requester, and not a patent owner, may file a request for *inter partes* reexamination. Thereafter, the language "other than patent owner or its privies" was added to 37 CFR 1.913. See Final Rule entitled "Changes to Implement the 2002 *Inter Partes* Reexamination and Other Technical amendments to the Patent Statute", 68 Fed. Reg. 70996, 70999 (December 22, 2003)

[16] Compare *Shamrock Technologies, Inc. v. Medical Sterilization, Inc. and Robert S. Luniewski*, 903 F.2d 789, 14 USPQ2d 1728 (Fed. Cir. 1990) holding that because inventor Luniewski who had assigned his patent to Shamrock was now a Vice President of MSI was in privity with MSI, that MSI was barred from asserting patent invalidity and unenforceability as defenses to patent infringement with *Acushnet Company v. Dunlop Maxfli Sports Corporation, Civ. A. No. 98-717-SLR, 2000 U.S. Dist., LEXIS 10123* (D. Del June 29, 2000) distinguishing *Shamrock* holding that where an inventor had assigned a patent to plaintiff and then became a Vice President of defendant accused infringer the facts and equities did not establish that the inventor was in privity with the defendant and that the defense of patent invalidity was, therefore, available to defendant

[17] See also *Joy Technologies, Inv. v. Harry F. Manbeck, Jr.* 959 F.2d 226, 229 (Fed. Cir. 1992) "Trying to equate its appeal of the reexamination decision to an action analogous to a 'suit at common law,' Joy argues that the reexamination proceeding should be construed as most like a declaratory judgment action where the PTO is seeking a determination that Joy's patent is invalid. It admits, however, that the PTO could not bring such a suit. Thus, there is no basis to recharacterize the statutory procedure established by Congress in the reexamination statute."

evidence obtained through the use of the District Court's discovery and subpoena power to ascertain whether an assignor filed the present request. However, since patent owner has not established that the doctrine of assignor estoppel applies in the administrative reexamination of a patent, patent owner's argument has not been shown to establish "good cause" for suspension of the '120 *inter partes* reexamination proceeding.

       2.   <u>Additional Matters Requiring The District Court's Discovery and Subpoena Power</u>

Patent owner argues that, in addition to the issues of assignor estoppel and privity, the District Court's discovery and subpoena power is necessary for patent owner to secure objective evidence of commercial success of third party requester's infringing products. Patent owner also argues that patent owner will be able to question tests conducted by third party requester in support of third party requester's arguments of patent invalidity, and that patent owner will be able to obtain the information necessary to question these tests only through the District Court's discovery and subpoena powers. Thus, patent owner reasons that "good cause" exists warranting suspension of the '120 *inter partes* reexamination proceedings.

These arguments are unpersuasive for a number of reasons. First, the provisions of 37 CFR 1.132 apply to the '120 *inter partes* reexamination proceeding, as it does to all *inter partes* reexamination proceedings. Patent owner will in fact have an opportunity in the '120 *inter partes* reexamination proceedings to submit objective test evidence in support of nonobviousness to the same extent that third party requester may submit objective test evidence tending to show nonobviousness. Also, the parties can submit evidence rebutting each other's 37 CFR 1.132 showings. Further, patent owner has submitted no showing that sales of the accused infringer's products are secret data not available publicly, thereby enabling patent owner to secure this data by commissioning research of the matter, without the necessity of the District Court's subpoena and discovery. Speculative allegations that patent owner might require the District Court's subpoena and discovery power in aid of a position taken in litigation does not establish "good cause" for suspension of the '120 *inter partes* reexamination proceeding.

Of greater import, however, is that patent owner's position, if taken to its logical conclusion, would undercut the ability of a third party requester (and, for that matter, a patent owner) to obtain any final result in an *inter partes* reexamination proceeding. Thus, the purpose of the *inter partes* reexamination statutes would be frustrated. For if a party engaged in patent infringement/validity litigation could demonstrate "good cause" for a suspension of an *inter partes* reexamination proceeding merely by invoking the existence of a district court's subpoena and discovery power and coupling that invocation with allegations that the party might need to employ that power in the course of litigation, then any *inter partes* reexamination proceeding for a patent involved in litigation could be readily stayed. It is presumed that if Congress had desired this, Congress would have expressly so stated in the reexamination statutes. However, Congress instead enacted 35 U.S.C. § 314 (c) and the "good cause" standard, a far more flexible and fact specific test allowing the USPTO Director to determine on a case-by-case basis whether to stay a pending *inter partes* reexamination proceeding.

## CONCLUSION

1.  The patent owner renewed petition filed April 28, 2006, is <u>granted</u> with respect to the relief requested pursuant to 37 CFR 1.183, to the extent that the substance of patent owner's petition to suspend the '120 *inter partes* reexamination proceeding has been considered under 37 CFR 1.182.

2.  The substance of the third party requester opposition filed on May 5, 2006, has been considered pursuant to 37 CFR 1.183.

3.  The patent owner's petition under 37 CFR 1.182 to suspend the '120 *inter partes* reexamination is <u>denied</u>.

4.  This decision is a final agency action within the meaning of 5 U.S.C. § 704.

5.  Telephone inquiries related to the present decision should be directed to the Stephen Marcus, Legal Advisor, at 571-272-7743, or, in his absence, to the undersigned at 571-272-7710.

*Kenneth M. Schor* (signature)
_____
Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration

sm
July 13, 2006

7-17-06
C:\Kiva\Kenpet6\IP\IP 120_PO_suspend-re-lit_after-Order+before-1stOA.doc