IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | |
| Plaintiff, | |
| v. | C. A. No. 06-91 (SLR) |
| ACUSHNET COMPANY, | |
| Defendant. | |

## [Proposed] Stipulated Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c), the parties, Plaintiff, Callaway Golf Company ("Callaway Golf"), and Defendant, Acushnet Company ("Acushnet"), through their respective counsel, hereby stipulate to the following protective order:

### I.    PURPOSE

The purpose of this Protective Order is to allow the parties to have reasonable access to information while providing the parties and third parties with a means for limiting disclosure of confidential information that is produced in this lawsuit.

### II.    DEFINITIONS

#### A.    Designated Material

The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with Paragraphs IV.A-C below. All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

1

**B.**    **CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION**

"CONFIDENTIAL INFORMATION" comprises or contains information that the Producing Party claims in good faith to constitute or relate to: (1) sensitive technical information that is not publicly available and that is not expressly contained in public information; and (2) sensitive business or financial information that is not publicly available and that is not expressly contained in public information, private personal information, or confidential research, development, or commercial information.

CONFIDENTIAL INFORMATION may include, without limitation, product information (including technical specifications, product composition information, and design specifications), research and development information (including testing documentation, market and demographic research, and product and advertising development), commercial information (including business plans, business strategies, negotiations, and license agreements), financial information (including budgeting, accounting, sales figures and advertising expenditures), business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information (including compensation, evaluations and other employment information), and patent prosecution information (including present or future patent applications).

"HIGHLY CONFIDENTIAL INFORMATION" comprises or contains information that the Producing Party claims in good faith to constitute or relate to (1) proprietary research and development and/or highly sensitive technical information that is not publicly available; (2) highly sensitive

2

business-related financial or commercial information that is not publicly

available and that is not expressly contained in public information; (3)

trade secrets; and/or (4) unpublished patent applications (including future

patent applications) and patent prosecution documents that are not

available upon request from the United States Patent and Trademark

Office or any other patent office.

**C.    Discovery Material**

The term "Discovery Material" shall mean any document (as defined

below), material, item, testimony, or thing filed with or presented to the

Court or produced, served, or generated during the discovery process,

including, for example, exhibits; answers to interrogatories; responses to

requests for admissions; responses to requests for production; subpoenas;

declarations; affidavits; and deposition testimony or transcripts; and all

copies, extracts, summaries, compilations, designations, and portions

thereof.

**D.    Documents**

The term "Document" shall mean every means of recording any form of

communication or representation upon any tangible thing, including

letters, words, pictures, sounds, or symbols, or combinations thereof,

whether recorded by handwriting, printing, photostatic, or photographic

means, magnetic impulse, tape, computer disk, CD-ROM or any other

form of data storage, data compilation, or mechanical or electronic

recording, and all other tangible things which come within the meaning of

writing contained in Rule 1001 of the Federal Rules of Evidence, or within

the meaning of "document" or "tangible thing" contained in Rule 34 of the

Federal Rules of Civil Procedure.

3

**E.    Producing Party**

The term "Producing Party" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this action.

**F.    Receiving Party**

The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

**G.    In-House Counsel**

The term "In-House Counsel" means up to two attorney(s) per party and their support staff (secretary, paralegals and clerical staff) who are employees of a party and that are responsible for litigation matters on behalf of that party.

## III.    RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

**A.    Scope**

This Order shall encompass all Discovery Material produced in this action except that this Order shall not encompass information (a) which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) which lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this order.

4

**B.    Purpose**

Designated Materials shall be used solely for purposes of and in connection with this action and related actions before the U.S. Patent and Trademark Office and shall not be used for any other purpose, including, without limitation, any business or commercial purpose. The parties recognize the public nature of proceedings before the United States Patent and Trademark Office. Designated Material designated hereunder can be shared with the U.S. Patent and Trademark Office ("USPTO"), provided that the USPTO enters an appropriate protective order or other order to preserve the confidentiality of the Designated Materials to the same degree as they are protected hereunder. Acushnet agrees to jointly move with Callaway for the entry of such an order and to cooperate with Callaway in seeking entry of an appropriate protective order before the USPTO.

**C.    Confidentiality**

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

**D.    Maintenance of Designated Material**

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

5

**E.    Restrictions on Designated Materials**

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party. A Producing Party is free to do whatever it desires with its own Designated Material.

**F.    Discovery From Third Parties**

Information sought or obtained from a person not a party to this action ("third party") shall be treated as Designated Material if requested by the third party. Any such information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" pursuant to paragraphs IV.A-C by a third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order. Either party may seek to challenge designations by a third party under the provisions of Paragraph V.B after providing at least ten (10) business days notice to the third party and agreeing that it will not object to the third party appearing in this action for the limited purpose of seeking to preserve its requested designation.

**G.    Unintentional Disclosure Of Designated Material**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c)

request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

## IV.   PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with this Order. The burden of establishing that Designated Material is either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" as defined herein shall be on the Producing Party. The designation of Designated Material as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation. Designated material must be marked in the following manner:

A.   In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION – Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

B.   In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL INFORMATION – Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective

7

Order," as applicable, the copies of such documents as may contain either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as defined in Paragraphs II.B at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION before it is copied and marked pursuant to this Order; and

C.    In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION – Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order," as applicable, by the reporter, as the Producing Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within twenty (20) days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending expiration of the twenty (20) day period or the receipt of such written notice from the Producing Party (whichever comes first), all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order. If no such written notice is provided within the twenty (20) day period, the designation(s) made during the deposition

8

shall stand. If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt by the Receiving Party. No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

**D.** In the event that the deposition is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire transcript for that day is to be treated as Designated Material until such time as there is a written request to specifically identify the portions of the transcript that are HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION. In the event of such request, the party desiring to maintain the treatment of any portion of the transcript as CONFIDENTIAL INFORMATION shall specify, by page and line numbers, the designated portions within ten (10) business days of the written request.

## V. CONTESTING THE DESIGNATION

**A.** No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

**B.** Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as either CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or as set forth in Paragraph VI.P, must give outside counsel of record for the Producing Party written notice of its reasons for the objection. The Producing Party will then have 10 days after receipt of this notice to change the designation or respond in writing why the designation is

9

appropriate. Failing resolution after service of the written notice of its reasons for the objection, the party objecting may, on a duly noticed motion, seek an order changing or removing the designation. The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate. The information designated as either CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or as set forth in Paragraph VI.P, shall remain as such until the matter is resolved by Court order or agreement of the Producing Party.

## VI.    DISCLOSURE OF DESIGNATED MATERIALS

Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL INFORMATION under this Order may be disclosed by the Receiving Party only to the following persons:

A.    Outside Counsel, which means any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on the pleadings);

B.    no more than two (2) "in-house" attorney(s) and his or her support staff (secretary, paralegals, and clerical staff), subject to the provisions of Paragraph VII.B.

C.    support personnel for attorneys listed in sub-paragraph A above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by an attorney identified in sub-paragraph A and assisting in connection with this Action;

D.    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending including any appellate Court, and the jury, if any;

E.    court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

F.    outside consultants or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph A to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

G.    no more than two (2) officers of each Receiving Party, provided that they receive only derived summaries of CONFIDENTIAL INFORMATION for the sole and exclusive purpose of evaluating litigation strategy;

H.    any person who authored and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that deponent;

I.    attorneys representing any company providing liability insurance to a party under which there may be coverage for claims related to this action;

J.    litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

K.    jury or trial consultants retained by a party in this action, providing that any such consultant is not an employee of a party nor anticipated to

11

become an employee in the near future and is approved pursuant to
Paragraph VII.A;

**L.**    mock jurors engaged by the parties and/or their consultants in preparation
for trial, provided that (i) no party will use any mock juror who knows any
person employed or affiliated with either party to this action; and (ii) mock
jurors will not be allowed to retain any tangible materials that contain or
disclose any Designated Material, and (iii) mock jurors first agree in
writing to maintain the confidentiality of any materials and information
provided to them in connection with being a mock juror; and

**M.**    persons who have been retained by a party to provide translation or
interpretation from one language to another.

Unless otherwise directed by the Court or authorized in writing by the Producing
Party, Discovery Material designated as HIGHLY CONFIDENTIAL INFORMATION
may be disclosed by the Receiving Party only to the following persons:

**N.**    any "outside" attorney of record in this Action (including attorneys
employed by firms of record but not otherwise identified specifically on
the pleadings), subject to the provisions of Paragraph VII.C;

**O.**    support personnel for attorneys listed in sub-paragraph N above, including
law clerks, analysts, paralegals, secretaries, and clerical staff employed by
an attorney identified in sub-paragraphs N and assisting in connection with
this Action;

**P.**    one "in-house" attorney, identified in exhibit B to this Order, and his or
her support staff (secretary, paralegals, and clerical staff), subject to the
provisions of Paragraph VII.B-C.  If there are specific documents that
either party believes should not be disclosed to such designated "in-house"
counsel, such documents shall be produced and marked as "OUTSIDE
COUNSEL ONLY."  The Producing Party when marking a specific

12

document "OUTSIDE COUNSEL ONLY" must also articulate specific concern(s) for why the document should not be disclosed to the one designated in-house counsel. The receiving party may contest such designation as set forth in Paragraph V.

Q.    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending including any appellate Court, and the jury, if any;

R.    court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

S.    outside consultants or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph A to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

T.    any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL INFORMATION sought to be disclosed to that deponent;

U.    attorneys representing any company providing liability insurance to a party under which there may be coverage for claims related to this action;

V.    litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, but only to the extent necessary for the

particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

**W.**     jury or trial consultants retained by a party in this action, providing that any such consultant is not an employee of a party nor anticipated to become an employee in the near future and is approved pursuant to Paragraph VII.A;

**X.**     mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

**Y.**     persons who have been retained by a party to provide translation or interpretation from one language to another.

## VII.     CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

**A.     Consultants and Experts**

1.     No DESIGNATED MATERIAL shall by shown to an expert pursuant to Paragraphs VI.F, K, S, and W until ten (10) calendar days after said expert is identified in writing, and a current biographical sketch and written commitment in the form of Exhibit A is provided to the Producing Party. The biographical sketch shall include a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, past and present relationship, if any, with the Receiving Party and company or companies by which that individual was employed or consulted at any time during the last

14

four (4) years. The list shall disclose the name and address of each such entity for which consulting work is being, or has been performed, and the general subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed. In the event that said individual enters into a subsequent consulting agreement or arrangement, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements.

2. The Producing Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) calendar days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material. A party's consent permitting disclosure of its confidential information by a retained expert of the other party shall not be unreasonably withheld.

3. The party wishing to disclose the Designated Material to an expert or consultant to whom a written objection has been made has the burden to apply to the Court for an order that such disclosure is proper.

4. No disclosure of the Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served, until the time as the Court has

made a ruling thereon, and then, only in accordance with such ruling.

**B.     In-House Counsel**

1.     Up to two (2) In-House Counsel may be designated for any Receiving Party engaged in this litigation matter, and the clerical and secretarial employees of such counsel in the preparation of this case (the designated In-House Counsel, as agreed at the time this Protective Order is executed, are set forth in Exhibit B to this Order).  The parties recognize that the responsibilities of the In-House Counsel may change during the litigation, and that replacement of a previously designated In-House Counsel under this section by a substitute In-House Counsel may therefore become appropriate.  Any party desiring to make such a replacement of an In-House Counsel shall give written notice, including In-House Counsel's signing of Exhibit A attached to this Order, to all other parties, and the substitute In-House Counsel identified shall be deemed approved unless another party objects to such substitution within ten (10) business days of such notice.

2.     If the Producing Party needs further information regarding the newly identified In-House Counsel to make a decision as to whether to object to that person, such party may request further information within five (5) business days after receipt of the written notice and signed Exhibit A of Protective Order.  The Producing Party shall then be entitled to object to such disclosure to the newly identified In-House Counsel within five (5) business days after receipt of the requested information, or receipt of a refusal to provide such information.

16

3.      No disclosure of the Designated Material shall be made to the proposed In-House Counsel until the time for serving objections to that counsel has passed, or, in the event that a written objection is timely served, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

**C.     Patent Prosecution Bar**

1.      In January of 2006, Acushnet filed requests for inter partes re-examination ("re-examination proceedings") of the patents-in-suit. The PTO granted those requests and has assigned control numbers 95/000120-123 to the requests.  The recitation of the re-examination proceedings in this Order does not waive Callaway Golf's assertion that the re-examination proceedings are ultra vires and that Acushnet breached the parties' settlement agreement by filing the requests.

2.      Any attorney, patent agent, or other person who has accessed Discovery Material designated "HIGHLY CONFIDENTIAL INFORMATION -- Subject to Protective Order" pursuant to Paragraphs IV.A-C shall be prohibited, during the pendency of this case and the co-pending re-examination proceedings and for a period of two (2) years following the final disposition of this litigation matter and/or the pending re-examination proceedings whichever concludes last, whether by judgment (including exhaustion of all appeals), settlement, or otherwise, from participating either directly or indirectly, in Patent Prosecution relating to the subject matter of the patents-in-suit and/or relating to the subject matter of any HIGHLY CONFIDENTIAL MATERIAL received by the Receiving Party.  This prosecution

17

bar does not prohibit participation in the re-examination
proceedings.

3.  For the Purposes of this Order, Patent Prosecution shall be defined
as preparing, drafting, reviewing, filing, or responding to office
actions, signing oaths or declarations, or prosecuting any pending
or future patent application, or assisting in any part of those
activities, with respect to any patent application disclosing or
claiming (in whole or in part) the subject matter of: (a) any of the
patents-in-suit ; (b) any of the parents (grand-parents or other
predecessor applications in the chain) of any of the patents-in-suit;
and (c) any HIGHLY CONFIDENTIAL MATERIAL received by
the Receiving Party.  This section does not apply to participation in
related re-examination proceedings.

## VIII.  COURT PROCEDURES

### A.  Procedures For Filing Papers With Designated Material

Designated Material may be included with, or referred to in, papers filed
with the Court where this case is now pending or in any other court only in
accordance with the following procedures:

1.  The Designated Material must be filed under seal in sealed
envelopes endorsed with the title of this action, an indication of the
contents of the envelope, the identity of the filing party and the
notation "CONFIDENTIAL INFORMATION- SUBJECT TO
PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT
BY COURT ORDER OR WRITTEN STIPULATION OF THE
PARTIES" or "HIGHLY CONFIDENTIAL INFORMATION-
SUBJECT TO PROTECTIVE ORDER - NOT TO BE
DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN

18

STIPULATION OF THE PARTIES".

2.    All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order. Counsel for the parties shall be responsible for designating all papers filed with the Court as Designated Material and marked as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION depending on the contents of the papers being filed. Such papers shall be subject to the terms of this Order.

3.    All papers filed under seal must clearly be marked "filed under seal" or "lodged with the Court."

**B.    Redacted Filings Of Papers With Designated Material**

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

1.    All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

2.    Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**C.    Use At Pre-Trial Hearings**

Prior to the use of Designated Material at any pretrial hearing in this action, counsel intending to use such material shall take reasonable steps

19

to afford counsel for the Producing Party the opportunity to object to disclosure of designated material in open court.

**D.    Use At Trial**

This Order is not intended to govern the use of Designated Material at the trial of this action.  Procedures governing the use of Designated Material at trial, if necessary, will be established by separate order, pursuant to application by one or more of the parties to the Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pretrial conference.

## IX.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in Paragraph VII, and to disclose Designated Material to such person to properly prepare this litigation for trial, the following procedures shall be employed:

**A.**    Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, stating therein the specific Designated Material to be disclosed and the name, address and position of the person(s) to whom such disclosure is to be made;

**B.**    If no objection to such disclosure is made by outside counsel for the Producing Party within ten (10) business days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form shown in Exhibit A, whereby such person agrees to comply with and be bound by this Order.  The acknowledgment shall be retained by outside

counsel for the Receiving Party, and distributed upon final disposition of this action as set forth in Paragraph XIV below;

C. If, within ten (10) business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party. Before filing such a motion, outside counsel for the Receiving Party shall meet and confer with outside counsel for the Producing Party in a good faith effort to resolve their differences.

## X. UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Discovery Material. Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the material is confidential and must be treated as provided in the Order.

**XI.    UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL**

If a Producing Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work-product immunity, such action shall not constitute a waiver of the attorney-client privilege and/or work product immunity.  The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party.  Upon receiving written notice, the Receiving Party shall return to the Designating Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of receiving such written notice.  The Producing Party shall be obligated to keep in a sealed envelope or similar sealed container, all inadvertently produced discovery returned by the Receiving Party that it believes is subject to a claim of attorney-client privilege or work-product immunity until the end of this Action, including all appeals.  Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.  The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the document and other such information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and nature of a document may not be used for any purposes other than

preparing a motion to compel production of that document in this Action.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court. Unless previously waived, the inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

## XII.    RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A.    No Limitation of Other Rights

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

### B.    Release From or Modification of This Order

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information.  This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

### C.    Admissibility

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater.

### D.    Non-Party Request/Subpoena Of Designated Material

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a

Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

**E.**    **Counsel's Right To Provide Advice**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

**F.    No Contract**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## XIII.  EFFECTIVE DATE

This Order shall be effective on the date of its execution by counsel for the parties after which the parties may produce documents and information and designate the material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Such material shall be treated in accordance with this Order by the parties upon its execution. In the event that the Court enters a Protective Order other than this stipulated and proposed Order, the parties shall comply with the terms of this Order until it is superseded by any Protective Order or ruling by the Court.

## XIV.  FINAL DISPOSITION

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel of record may retain pleadings, attorney and consultant work product, and deposition and trial transcripts and exhibits for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

25

## XV.    TERMINATION

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

Pursuant to Federal Rule of Civil Procedure 26 and the above stipulation of the parties, and it appearing that discovery in the above-entitled action is likely to involve the disclosure of confidential information, and good cause appearing, IT IS SO ORDERED.


Dated: _____


_____
Honorable Sue Robinson
United States District Court



Dated: October 13, 2006

**AGREED TO AND APPROVED FOR ENTRY**:

Attorneys for Callaway Golf Company


By: /s/ *Thomas L. Halkowski*_____

Date: October 13, 2006_____

Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel:  (617) 542-5070
Fax:  (617) 542-8906

Craig R. Compton
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel:  (650) 839-5070
Fax:  (650) 839-5071

Roger A. Denning
David S. Shuman
12290 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax:  (858) 678-5099


Attorneys for Acushnet Company


By: */s/ David E. Moore*

Date:  October 13, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Alan Grimaldi
Joseph P. Lavelle
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 383-6989
Fax: (202) 383-6989

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

              Plaintiff,

     v.                                 C. A. No. 06-91 (SLR)

ACUSHNET COMPANY,

              Defendant.

I, _____, state that:

My business address is _____

_____.

My present employer and job description are _____

_____.

My relationship to the parties to this action is as follows_____

_____

     I have read and reviewed in its entirety the Protective Order ("Protective Order") entered in this matter.

     I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

     I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 2006

_____

Signature


_____

(Typed or Printed Name)

**EXHIBIT B**

Subject to Paragraph VI.P, the parties designate the following In-House Counsel:

|  | Access to HIGHLY CONFIDENTIAL and CONFIDENTIAL INFORMATION |
| --- | --- |
| Callaway Golf Counsel | Michael J. Rider |
| Acushnet Counsel | Joe Nauman |

50376809.doc

30