IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>ACUSHNET COMPANY,<br><br>    Defendant. | C. A. No. 06-91 (SLR) |

**DECLARATION OF THOMAS L. HALKOWSKI IN SUPPORT OF PLAINTIFF CALLAWAY GOLF COMPANY'S OPPOSITION TO DEFENDANT ACUSHNET COMPANY'S MOTION TO CERTIFY UNDER 28 U.S.C. § 1292(b) THE COURT'S ORDER DENYING A STAY OF THE LITIGATION PENDING *INTER PARTES* REEXAMINATION**

  I, Thomas L. Halkowski, declare as follows:

  1. I am a member of Fish & Richardson P.C., counsel of record in this action for Callaway Golf Company ("Callaway").  I am a member of the Bar of the State of Delaware and am admitted to this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

  2. Attached hereto as Exhibit 1 is a true and correct copy of the Order on Permission to Appeal in the *Enzo Biochem, Inc. v. Applera Corp.,* No. M835 (Fed. Cir. November 27, 2006) matter.

  3. Attached hereto as Exhibit 2 is a true and correct copy of the Patent and Trademark Office's Decision on Petition to Vacate Order Granting Reexamination at p. 4, n.3  (June 7, 2006).

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed this 14th day of December, 2006 at Wilmington, Delaware.

               */s/ Thomas L. Halkowski*
               Thomas L. Halkowski

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2006, I electronically filed **DECLARATION OF THOMAS L. HALKOWSKI IN SUPPORT OF PLAINTIFF CALLAWAY GOLF COMPANY'S OPPOSITION TO DEFENDANT ACUSHNET COMPANY'S MOTION TO CERTIFY UNDER 28 U.S.C. § 1292(b) THE COURT'S ORDER DENYING A STAY OF THE LITIGATION PENDING *INTER PARTES* REEXAMINATION** with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| Richard L. Horwitz | Attorneys for Defendant |
| David E. Moore | ACUSHNET COMPANY |
| Potter Anderson & Corroon LLP | |
| Hercules Plaza | |
| 1313 North Market Street, 6th Floor | |
| P.O. Box 951 | |
| Wilmington, DE 19899 | |

I hereby certify that on December 14, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Joseph P. Lavelle | Attorneys for Defendant |
| Alan M. Grimaldi | ACUSHNET COMPANY |
| Brian Rosenthal | |
| Howrey LLP | |
| 1299 Pennsylvania Avenue, N.W. | |
| Washington, DC 20004 | |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

50388962 (4).doc

# Exhibit 1

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 834

ENZO BIOCHEM, INC., ENZO LIFE SCIENCES, INC., and YALE UNIVERSITY,

Plaintiffs-Respondents,

v.

APPLERA CORP. and TROPIX, INC.,

Defendants-Petitioners.

- - - - - - - - - - - - - - - - - - - - -

MISCELLANEOUS DOCKET NO. 835

ENZO BIOCHEM, INC., ENZO LIFE SCIENCES, INC., and YALE UNIVERSITY,

Plaintiffs-Petitioners,

v.

APPLERA CORP. and TROPIX, INC.,

Defendants-Respondents.

ON PETITION FOR PERMISSION TO APPEAL

Before MAYER, LOURIE, and PROST, Circuit Judges.

MAYER, Circuit Judge.

## ORDER

Applera Corp. and Tropix, Inc. (Applera) and Enzo Biochem, Inc. et al. (Enzo Biochem) each petition for permission to appeal a claim construction order certified by the United States District Court for the District of Connecticut as one involving a controlling issue of law as to which there is substantial ground for difference of opinion

and for which an immediate appeal may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b), (c)(1). Applera responds to Enzo Biochem's petition.

On October 12, 2006, the Connecticut district court issued a claim construction order regarding disputed claim terms in five patents. The Connecticut district court certified the order for interlocutory review, recognizing that portions of its claim construction ruling conflicted with a claim construction order issued by the United States District Court for the Southern District of New York in a pending case. The parties do not state that any determinations regarding infringement or invalidity have been made and do not state that any such issues were conceded.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petitions in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petitions for permission to appeal are denied.

FOR THE COURT

NOV 2 7 2006
Date

*[signature]*
Haldane Robert Mayer
Circuit Judge

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 2 7 2006

JAN HORBALY
CLERK

cc: Scott L. Robertson, Esq.
    Nicholas Groombridge, Esq.
s8

Misc. 834, 835                                    - 2 -

# Exhibit 2

Case 1:06-cv-00091-SLR     Document 71-3     Filed 12/14/2006     Page 1 of 8



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

Dorothy P. Whelan
Fish & Richardson P.C.
P.O. Box 1022
Minneapolis, MN 55440-1022

(For Patent Owner)

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004

(For Third Party Requester)

MAILED

JUN 07 2006

REEXAM UNIT

In re Callaway Golf Company
   *Inter Partes* Reexamination Proceeding
Control No.: 95/000,120
Filed:   January 17, 2006
For:    U.S. Patent No. 6,210,293

: DECISION ON PETITION
: TO VACATE ORDER GRANTING
: REEXAMINATION
:

This is a decision on the April 13, 2006 patent owner petition entitled "PETITION TO VACATE REEXAMINATION ORDERS AS ULTRA VIRES" under 37 CFR 1.181. On April 27, 2006, the third party requester filed an opposition to the present petition entitled "ACUSHNET'S OPPOSITION TO PATENT OWNER'S PETITION TO VACATE REEXAMINATION ORDERS AS ULTRA VIRES."

Both the petition and the opposition are before the Office of Patent Legal Administration for consideration.

The patent owner's petition is <u>dismissed</u> for the reasons set forth below.

## REVIEW OF SALIENT FACTS

1. U.S. Patent No. 6,210,293 (the '293 patent) issued to Michael J. Sullivan on April 3, 2001, and is currently assigned to Callaway Golf Company.

2. A request for *inter partes* reexamination of the '293 patent was filed by a third party requester, Acushnet Company (hereinafter "Acushnet"), on January 17, 2006. The request was assigned Control No. 95/000,120 (the '120 *inter partes* reexamination proceeding).

3. On February 9, 2006, the patent owner filed suit against requester Acushnet in the United States District court for the District of Delaware. *Callaway Golf Company v Acushnet Company*, C.A. No. 06-91 (SLR) (February 9, 2006).

4. On February 15, 2006, the third party requester filed a paper purporting to withdraw a paper requesting suspension of the '120 *inter partes* reexamination proceeding stated to have been filed by third party requestor on January 23, 2006.

5. On March 29, 2006, the Office recognized the February 15, 2006 paper, and accepted the withdrawal of the January 23, 2006 paper, noting that, had the January 23, 2006 paper been before the Office, the Offcie would have taken that paper as a petition for suspension of action without rendering a decision on the petition.

6. On March 21, 2006, the patent owner filed a petition, requesting that the '120 *inter partes* reexamination proceeding be suspended.

7. On March 24, 2006, the third party requester filed an opposition to the March 21, 2006 patent owner petition.

8. On March 31, 2006, the Office issued a decision discarding the March, 2006 petition and opposition papers as improper because reexamination had not yet been ordered.

9. Reexamination was ordered for the '120 *inter partes* reexamination proceeding on April 7, 2006.

10. On April 13, 2006 the patent owner filed the present petition under 37 CFR 1.181 to vacate the reexamination orders as *ultra vires*.

11. On April 27, 2006 the third party requester filed an opposition to the April 13, 2006 patent owner petition pursuant to MPEP 2646 (I).

## RELEVANT STATUTORY AND REGULATORY LAW AND PROCEDURE

35 U.S.C. § 311(a) provides:

"IN GENERAL. — **Any** third-party requester **at any time** may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art cited under the provisions of section 301." [Emphasis supplied.]

35 U.S.C. § 312(a) provides in pertinent part:

"Not later than 3 months after the filing of a request for *inter partes* reexamination under section 311, the Director **shall** determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications. ... " [Emphasis supplied.]

35 U.S.C. § 313 provides:

"If, in a determination made under section 312(a), the Director finds that a substantial new question of patentability affecting a claim of a patent is raised, the determination **shall** include an order for *inter partes* reexamination of the patent for resolution of the question. The order may be accompanied by the initial action of the Patent and Trademark Office on the merits of the *inter partes* reexamination conducted in accordance with section 314." [Emphasis supplied.]

35 U.S.C. 314(c) provides:

> c) SPECIAL DISPATCH.- Unless otherwise provided by the Director for good cause, all *inter partes* reexamination proceedings under this section ... shall be conducted with special dispatch within the Office.

35 U.S.C. § 317 provides:

> "a) ORDER FOR REEXAMINATION.- Notwithstanding any provision of this chapter, once an order for *inter partes* reexamination of a patent has been issued under section 313, neither the third-party requester nor its privies may file a subsequent request for *inter partes* reexamination of the patent until an *inter partes* reexamination certificate is issued and published under section 316, unless authorized by the Director.
>
> (b) FINAL DECISION.- Once a final decision has been entered against a party in a civil action arising in whole or in part under section 1338 of title 28, that the party has not sustained its burden of proving the invalidity of any patent claim in suit ..., then neither that party nor its privies may thereafter request an *inter partes* reexamination of any such patent claim on the basis of issues which that party or its privies raised or could have raised in such civil action..., and an *inter partes* reexamination requested by that party or its privies on the basis of such issues may not thereafter be maintained by the Office, notwithstanding any other provision of this chapter. This subsection does not prevent the assertion of invalidity based on newly discovered prior art unavailable to the third-party requester and the Patent and Trademark Office at the time of the inter partes reexamination proceedings."

37 CFR 1.907 provides in pertinent part:

> " (b) Once a final decision has been entered against a party in a civil action arising in whole or in part under 28 U.S.C. 1338 that the party has not sustained its burden of proving invalidity of any patent claim-in-suit, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claim on the basis of issues which that party, or its privies, raised or could have raised in such civil action, and an *inter partes* reexamination requested by that party, or its privies, on the basis of such issues may not thereafter be maintained by the Office."

MPEP § 2646 (I) provides in pertinent part:

> "A petition under 37 CFR 1.181 may... be filed to vacate an *ultra vires* reexamination order, such as where the order for reexamination is not based on prior art patents and printed publications. In cases where no discretion to grant a request for reexamination exists, a petition to vacate the decision to grant, or a request for reconsideration, will be entertained. "Appropriate circumstances" under 37 CFR 1.181(a)(3) exist to vacate the order granting reexamination where, for example:
>
>   (A) the reexamination order is not based on prior art patents or printed publications;
>   (B) reexamination is prohibited under 37 CFR 1.907;
>   (C) all claims of the patent were held to be invalid by a final decision of a Federal Court after all appeals;
>   (D) reexamination was ordered for the wrong patent;
>   (E) reexamination was ordered based on a duplicate copy of the request; or
>   (F) the reexamination order was based wholly on the same question of patentability raised by the prior art previously considered in an earlier concluded examination of the patent by the Office (e.g., the application which matured into the patent, a prior reexamination, an interference proceeding)."

## DECISION

Patent owner argues that the order granting reexamination is an *ultra vires* action on the part of the Office because the third party requester, Acushnet, lacked standing to file the *inter partes* request. Patent owner bases this argument on allegations that:

(1) Certain Stipulations of Dismissal resulted in a settlement agreement between patent owner's predecessor in interest, and requester Acushnet entered into a Settlement Agreement on November 10, 1990, for a term of ten years;

(2) The same parties executed a Settlement Agreement in 1996 that superseded the 1990 agreement, and the 1996 Settlement agreement provides, *inter alia*, that the exclusive forum for the third present party requester to resolve patent validity issues with the patent owner is the United States District Court for the District of Delaware; and

(3) The same (present) parties participated in the dispute resolution process pursuant to the 1996 Settlement Agreement, and while the mediation process was underway, Acushnet requester filed a request for the present *inter partes* reexamination proceeding. [1]

It is patent owner's position that filing of the present *inter partes* by requester Acushnet violates the aforementioned Settlement Agreement, and that Acushnet therefore does not have standing to file and maintain the present request for *inter partes* reexamination. [2] However, taking the facts as given by patent owner are accurate, and that there is a valid Settlement Agreement between patent owner and requester Acushnet, [3] patent owner has simply <u>not</u> established that the order granting the present *inter partes* reexamination proceeding is an *ultra vires* action on the part of the Office.

First, the reexamination statute governing *inter partes* reexamination permits the filing of a request for *inter partes* reexamination of a qualifying patent by **any party at any time**; [4] and it further <u>requires</u> the USPTO Director to (1) determine, within three months of the filing of the request, whether the request raises a substantial new question of patentability affecting any claim of the patent, [5] (2) order and conduct *inter partes* reexamination when such substantial new question is found, [6] and (3) conduct the *inter partes* reexamination proceeding with special dispatch. [7] Patent owner has not cited authority that holds that an agreement by parties in any way relieves the Office from the duty to faithfully follow the mandatory requirements of the *inter partes* reexamination statute, when a party files a request for *inter partes* reexamination. Neither has patent owner cited authority for the proposition that private parties, by agreement, may abrogate the statutory jurisdiction conferred upon the Office to decide the merits of a

---

[1] See patent owner's Petition, pages 2-3.
[2] *Id.*, at pages 4-6
[3] Patent owner has not established the Office has jurisdiction to make a determination regarding the validity and applicability of the Settlement Agreement, or to make any findings regarding the facts alleged in patent owner's petition or the third party requester's opposition to patent owner's petition. No such determination has been, or will be, undertaken by the Office.
[4] 35 U.S.C. §311(a)
[5] 35 U.S.C. § 312(a)
[6] 35 U.S.C. § 313
[7] 35 U.S.C. § 314(c)

request for *inter partes* reexamination and to thereafter conduct an *inter partes* reexamination within the framework provided by the statutes and regulations.

Second, a contractual provision preventing a party from seeking reexamination would be void as being contrary to public policy [8]. In *Lear v. Adkins*, 395 U.S. 653, (1969), the United States Supreme Court determined that prohibiting licensees from challenging the validity of a patent that they had licensed runs afoul of public policy "in permitting full and free competition in the use of ideas which are in reality part of the public domain." *id.* at 670. By analogy, preventing a third party requester (and a potential licensee of the subject patent) from requesting reexamination of a patent would be contrary to the public policy embodied in the *Lear v. Adkins* decision. It should also be noted that the settlement agreements entered into in 1990 and 1996 are <u>prior to</u> the enactment in 1999 of the statute authorizing *inter partes* reexamination. Thus it was not even possible for these settlement agreements to address preventing a party to the agreement from filing such a request for reexamination.

Third, MPEP § 2646 (I) sets forth examples of appropriate circumstances that would require the Office to vacate an order for *inter partes* reexamination after granting the order. These circumstances include (1) orders in which a substantial new question of patentability was found based on evidence other than prior art patents or printed publications, (2) circumstances in which estoppels established by 35 U.S.C. § 317(b) as implemented by 37 CFR 1.907 arise out of litigation between the parties **on the patent for which reexamination has been ordered** or the existence of a pending *inter partes* reexamination proceeding on a patent for which *inter partes* reexamination has again been requested by the same party or a party in privity with the requester, (3) the existence of a final, non-appealable Federal Court decision holding all claims of a patent for which *inter partes* reexamination has been ordered invalid, (4) an *inter partes* reexamination order for the wrong patent, or on duplicate copies of the same request for *inter partes* reexamination, and (5) an *inter partes* reexamination ordered based entirely upon the same question of patentability previously considered in an early concluded examination of the patent by the Office. These circumstances address either the issue of a statutory prohibition barring the grant of a request for *inter partes* reexamination, or the grant of an order for reexamination based upon a clear error of a clerical nature. Patent owner has not established that the present *inter partes* reexamination proceeding was ordered contrary to a statutory prohibition barring the order, or due to a clerical error.

Finally, while Congress did establish statutory estoppels requiring either the denial of a request for *inter partes* reexamination, [9] or the conclusion of a pending *inter partes* reexamination proceeding, [10] patent owner has not demonstrated the existence of 35 U.S.C. § 317 estoppel. If Congress had intended for any other basis for an estoppel to apply, it would have included such other basis in the statute. Congress did not provide for an "estoppel" arising out of a settlement agreement or other contractual agreement between parties.

---

[8] *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)(concluding that a forum selection clause, while generally enforceable, will not be enforced where it violates the strong public policy of the forum in which suit is brought); *Newton v. Rumery*, 480 U.S. 386,392 (1987) ("The relevant principle is well established: a promise is unenforceable if the interest in its enforcement is outweighed in the circumstances by a public policy harmed by enforcement of the agreement."); *Suter v. Munich Reinsurance*, 223 F.3d 150 (3d Cir. 2000) (citing *Bremen* for the proposition that federal forum selection clauses should not be enforced where they are contrary to public policy).
[9] 35 U.S.C. § 317(a)
[10] 35 U.S.C. § 317(b)

It is additionally noted that petitioner patent owner requests that the Office return jurisdiction to the District Court conducting the litigation. [11] It is to be observed, however, that Congress provided in 35 U.S.C. § 317(b) that a court validity challenge <u>and</u> *inter partes* reexamination of a patent may occur simultaneously. It is only when one proceeding <u>finally</u> ends, that the issues raised (or that could have been raised) with respect to the validity of a claim in that one proceeding can have estoppel effect on the same issues in the other proceeding. Such is not the case in the present instance. The Office is thus obligated to move forward in the instant *inter partes* reexamination with "special dispatch" despite the presence of the litigation. The present request to vacate/withdraw the instant *inter partes* reexamination request cannot be granted in view of the legislation and implementing rules which require that (1) once an *inter partes* reexamination request is filed, it will be decided, and (2) once the request is determined to raise a substantial new question of patentability of a claim of the patent, the request *will* result in an order for reexamination to resolve the substantial new question, which in turn *will* be followed by reexamination in accordance with 35 U.S.C. §§ 311-314. The statutory language is based on the **public interest** in resolving any reexamination proceeding that is filed.

Withdrawal of a requested and granted *inter partes* reexamination proceeding would leave both the public and the patent owner with an unresolved request for reexamination and unresolved substantial new question of patentability (found to be present via the decision ordering reexamination). The public has a right to such a resolution. Vacating, withdrawing, or otherwise abandoning or terminating the instant reexamination proceeding would abrogate this public right. Rather, the proceeding must continue according to the procedure mandated by the *inter partes* reexamination statute.

In *Heinl v. Godici*, 143 F. Supp. 2d 593, 601 (E.D. Va. 2001), the court stated, in a decision seeking termination of reexamination based on the absence of a new question of patentability:

> "Under the well established *ultra vires* doctrine, the exhaustion and final agency requirements are excused 'only if plaintiff is able to show that the PTO clearly exceeded its statutory authority', quoting from *Philip Morris, Inc. v. Block*, 755 F.2d 368, 370 (4th Cir 1985 (quoting *Mayor and City Council of Baltimore v. Mathews*, 562 F.2d 914, 920 (4th Cir. 1977), vacated on other grounds, 571 F.2d 1273 (4th Cir. 1978).

The court went on to state:

> "Put differently, when an agency acts in 'brazen defiance' of its statutory authorization, courts need not await the conclusions of underlying proceedings."

After a review of the record, and based upon the above discussion, it is found that patent owner has not established that the Office "clearly exceeded its statutory authority," nor acted "in brazen defiance of its statutory authorization," in the Office's determination that the January 17, 2006 reexamination request properly raised a substantial new question of patentability and should go forward.

---

[11] Presumably *Callaway Golf Company v Acushnet Company*, C.A. No. 06-91 (SLR) (February 9, 2006), discussed briefly above.

For the forgoing reasons, the order granting reexamination remains intact and the *inter partes* reexamination proceeding will continue in accordance with the procedure mandated by the *inter partes* reexamination statute.

## CONCLUSION

1. The patent owner petition filed on April 13, 2006, is <u>dismissed</u>.

2. A copy of this decision will be made of record in the IFW of the '120 *inter partes* reexamination proceeding.

3. Jurisdiction over the '120 *inter partes* reexamination proceeding is returned to the Central Reexamination Unit.

4. Telephone inquiries related to the present decision should be directed to Stephen Marcus, Legal Advisor, at 571-272-7743, or, in his absence, to Karen Hastings, Legal Advisor, at 571-272-7717.

*/Kenneth M. Schor/*
Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration

kmh
June 1, 2006

6-6-06
C:\Kiva\Kenpet6\UV\95_120-UV_settlement agreement.doc
C:\Kiva\Kenpet6\IP\95_120-UV_settlement agreement.doc