IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>            Plaintiff,<br><br>   v.<br><br>ACUSHNET COMPANY,<br><br>            Defendant. | C. A. No. 06-91 (SLR)<br><br>**AMENDED DEPOSITION NOTICE** |

**PLAINTIFF CALLAWAY GOLF COMPANY'S AMENDED NOTICE OF
DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO:    ACUSHNET COMPANY AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff Callaway Golf Company ("Callaway Golf") will take the deposition of Acushnet Company's ("Acushnet") designated corporate witness on the topics set forth in Attachment A at the offices of Howrey LLP, 1299 Pennsylvania Avenue., N.W. Washington, D.C. 2004, commencing at 9:30 a.m. on February 7, 2007. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Acushnet shall produce one or more officers, directors, managing agents, or other designated persons to testify on its behalf as to the topics set forth in Attachment A attached hereto. Acushnet has designated Troy Lester as its designated corporate witness for the deposition. The deposition will be taken before a duly qualified notary public or other officer authorized by law to administer oaths, and will continue for one day. The deposition may be recorded stenographically and by video, as well as by instant visual display of testimony using LiveNote software.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying certificate of service.

**DEFINITIONS AND INSTRUCTIONS**

A.    "Acushnet," "you," and "your" means or refers to Acushnet Company, including without limitation its agents, representatives, employee staff members, and

consultants; or any affiliate of any of the aforementioned; or any joint ventures; or any person acting on behalf of or purporting to act on behalf of any of the aforementioned.

      B.     "Callaway Golf" means plaintiff Callaway Golf Company.

      C.     "Patents-in-suit" as used herein refers to U.S. Patent No. 6,210,293; U.S. Patent No. 6,503,156; U.S. Patent No.6,506,130; and U.S. Patent No. 6,959,873.

      D.     "Any" shall be understood to include and encompass "all."  As used herein, the singular shall always include the plural and the present tense shall also include the past tense.  The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all information, documents or things that might otherwise be construed to be outside its scope.

      E.     The words "document" and "documents" are used herein in their broadest senses to include anything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including documents stored in hard copy or electronic form.  Electronic documents include electronic mail and documents stored on any media accessible by electronic means.  A comment or notation appearing on any document and not a part of the original text is to be considered a separate document.

Dated: February 1, 2007  FISH & RICHARDSON P.C.

By: */s/ Thomas K. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

David S. Shuman
12290 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

# ATTACHMENT A

1.  Acushnet's document retention policies.

2.  Acushnet's efforts to gather and produce documents and information in response to Callaway Golf's discovery requests, including any search for responsive electronic documents.

3.  Acushnet's preservation or destruction of documents relating to this lawsuit.

4.  The location of documents relating to this lawsuit.

5.  The custodians of documents for documents requested in Callaway Golf's requests for production.

6.  An identification of Acushnet's parents, subsidiaries, divisions, and other operations, the relationship between such entities, and Acushnet's ability to gather documents from its parents, subsidiaries, divisions, and any other operations.

7.  Communications between Acushnet and any third party concerning Callaway Golf, the Patents-in-suit, or this litigation.

8.  Communications between Acushnet and its customers or potential customers concerning Callaway Golf, the Patents-in-suit, or this litigation.

Callaway 30bg.doc

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2007, I electronically filed with the Clerk of Court PLAINTIFF CALLAWAY GOLF COMPANY'S AMENDED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

**VIA HAND DELIVERY**
Richard L. Horwitz             Attorneys for Defendant
David E. Moore                 ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899

**VIA U.S. MAIL**
Brian Rosenthal                Attorneys for Defendant
Alan M. Grimaldi, Esq.         ACUSHNET COMPANY
Joseph P. Lavelle
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski

Callaway 30bg.doc