IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>ACUSHNET COMPANY,<br><br>        Defendant. | C. A. No. 06-91 (SLR) |

### NOTICE OF SERVICE OF SUBPOENA
**(Arnold Worldwide)**

PLEASE TAKE NOTICE that on January 31, 2007, a true and correct copy of a Subpoena In A Civil Case to Arnold Worldwide was caused to be served via email on the attorneys of record, at the following addresses and in the manner indicated:

| | |
|---|---|
| **VIA EMAIL**<br>Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th floor<br>1313 N. Market Street<br>Wilmington, DE 19801 | Attorneys for Defendant<br>ACUSHNET COMPANY |
| **VIA EMAIL**<br>Joseph P. Lavelle<br>Andrew R. Sommer<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Attorneys for Defendant<br>ACUSHNET COMPANY |

Attached hereto as Exhibit A is a true and correct copy of the Subpoena in a Civil Case, and the Proof of Service thereof upon Arnold Worldwide.

Dated: February 2, 2007		FISH & RICHARDSON P.C.

By: /s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2007, I electronically filed the **Notice of Service of Subpoena** with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| Richard L. Horwitz | Attorneys for Defendant |
| David E. Moore | ACUSHNET COMPANY |
| Potter Anderson & Corroon LLP | |
| Hercules Plaza, 6th floor | |
| 1313 N. Market Street | |
| Wilmington, DE 19801 | |

I hereby certify that on February 2, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Joseph P. Lavelle | Attorneys for Defendant |
| Andrew R. Sommer | ACUSHNET COMPANY |
| Howrey LLP | |
| 1299 Pennsylvania Avenue, N.W. | |
| Washington, DC 20004 | |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     MASSACHUSETTS

CALLAWAY GOLF COMPANY,

        Plaintiff,          **SUBPOENA IN A CIVIL CASE**

        v.          CASE NUMBER:[1] C. A. No. 06-91 (SLR)

ACUSHNET COMPANY,

        Defendant.

TO:     Arnold Worldwide, 101 Huntington Avenue, Boston, Massachusetts 02199 (Tel: 617-587-8000)

☐     YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fish & Richardson P.C. (Tel: 617-542-5070) <br> 225 Franklin Street <br> Boston, MA 02110-8906 <br> The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape or on DVD. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote." <br> In addition, Callaway Golf is willing to meet and confer regarding the date and time for the deposition. <br> (See "Exhibit B" for Examination Topics for which Arnold Worldwide is required to designate a witness or witnesses to under Federal Rules of Civil Procedure 30(b)(6) and 45.) | March 6, 2007 <br> 9:00 a.m. |

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

(See Attached "Exhibit A" for Documents and Things Requested)
(Also attached is a copy of the Protective Order for this case that provides for third parties to designate certain discovery material pursuant to the terms of the Protective Order.)

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C. (Tel: 617-542-5070) <br> 225 Franklin Street <br> Boston, MA 02110-8906 | February 20, 2007 <br> 9:00 a.m. |

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

---

[1]   If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff CALLAWAY GOLF COMPANY | January 30, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David J. Miclean (Tel: 650-839-5070)
500 Arguello Street, Suite 500
Redwood City, CA 94063

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ─────────────────────
          DATE                                           SIGNATURE OF SERVER


                                                         ADDRESS OF SERVER


---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena
      (i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT A TO SUBPOENA**

I. **INSTRUCTIONS**

A. When producing a Document, please produce the Document as it is kept in the ordinary course of business, or indicate the paragraph of these Requests to which that Document is responsive.

B. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

C. In producing Documents, furnish all Documents known or available to you regardless of whether such Documents are possessed directly by you or are in your custody or control.

D. File folders with tabs or labels identifying Documents called for by these Requests must be produced intact with such Documents.

E. Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to insure that the source of each Document may be determined, if necessary.

F. Documents attached to each other must not be separated.

G. The term "all Documents" means any and all Documents that might reasonably be located through a search of all locations reasonably likely to contain Documents called for by these Requests.

H. Should any Document be withheld based on some limitation of discovery (including a claim of privilege), please supply the following information:

(1) The identity(ies) of each Document's author(s), writer(s), sender(s), or initiator(s);

(2) The identity(ies) of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended;

  (3) The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

  (4) The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

  (5) The claimed ground(s) for limitation of discovery (*e.g.*, "attorney-client privilege" or "attorney work product doctrine").

 I. The written answer to each individual request for production must repeat verbatim, immediately before each answer, the text of the individual request for production being answered.

## II. DEFINITIONS

As used in these Requests, the following terms have the meanings indicated:

 1. "You" or "Arnold" means Arnold Worldwide, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

 2. "Acushnet" or "Titleist" means Acushnet Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

 3. "Callaway Golf" means Callaway Golf Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

 4. "Top-Flite Golf" means Top-Flite Golf Company including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting

or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

5. The phrase the "Pro V1" means all versions and/or variants of the Titleist "Pro V1" golf ball, including, but not limited to, all versions and variants of the Pro V1, Pro V1 392, ◀ Pro V1 • 392 ▶, ◀•Pro V1 392•▶, ◀ Pro V1-392 ▶, Pro V1★, ◀ Pro V1★ 392 ▶, Pro V1x, ◀•Pro V1x 332•▶, ◀ Pro V1x-332 ▶, and/or Pro V1 balls in development.

6. The phrase "Competitor Golf Ball" or "Competitor Golf Balls" means any golf ball designed, developed, manufactured, distributed, sold, and/or donated by any party other than Acushnet.

7. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document."

8. "Thing" means any tangible object other than a Document.

9. "Person" or "Persons" includes not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

10. "Including" shall mean "including but not limited to."

11. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

12. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstance clearly make it inappropriate.

13. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## III. REQUESTED DOCUMENTS AND THINGS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All Documents and Things relating to any communication between You and Acushnet regarding the lawsuit *Callaway Golf Company v. Acushnet Company*, C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 2:

All Documents and Things relating to any communication between You and Acushnet regarding the Pro V1.

REQUEST FOR PRODUCTION NO. 3:

All Documents and Things referring or relating to any change in Acushnet's golf advertising, marketing and/or promotion occasioned by the introduction of the Pro V1.

REQUEST FOR PRODUCTION NO. 4:

All Documents and Things from 1998 forward referring or relating to any comparison between the Pro V1 and any Competitor Golf Balls.

REQUEST FOR PRODUCTION NO. 5:

All Documents and Things referring or relating to the advantages or benefits of the Pro V1 as compared to Competitor Golf Balls.

REQUEST FOR PRODUCTION NO. 6:

All Documents and Things referring or relating to praise, from any source, for Pro V1 balls over Competitor Golf Balls.

REQUEST FOR PRODUCTION NO. 7:

All Documents and Things that refer or relate to the amount of money spent by You and/or Acushnet from 1998 forward to develop an advertising, marketing and/or promotional campaign for Acushnet golf ball products.

REQUEST FOR PRODUCTION NO. 8:

All Documents and Things that refer or relate to the amount of money spent by You and/or Acushnet from 1998 forward to develop an advertising, marketing and/or promotional campaign for the Pro V1.

REQUEST FOR PRODUCTION NO. 9:

All Documents and Things related to any communications between You and Acushnet regarding capital expenditures related to print, television, radio, mail, electronic and/or any other form of advertising and promotion for the Pro V1 from 1998 forward.

REQUEST FOR PRODUCTION NO. 10:

All Documents and Things from 1998 forward referring or relating to any decision by You and/or Acushnet as to allocation of capital to advertise and promote the Pro V1 as compared to Acushnet's other golf balls and/or golf products.

REQUEST FOR PRODUCTION NO. 11:

All advertisements and/or promotional products for the Pro V1, whether developed by You or in conjunction with You or by others, and whether in print, television, radio, mail, electronic and/or any other form or media.

REQUEST FOR PRODUCTION NO. 12:

All Documents and Things, including all studies, testimonials, product testing or opinions, relied on by You for any claim contained in any advertising or promotional product responsive to Request for Production No. 11.

REQUEST FOR PRODUCTION NO. 13:

All contracts and/or agreements entered into between You and Acushnet that relate in any way to the Pro V1.

REQUEST FOR PRODUCTION NO. 14:

All Documents and Things from 1998 going forward, related in any way to people with whom Acushnet has endorsement agreements, who have endorsed, used, commented upon or supported, the ProV1.

REQUEST FOR PRODUCTION NO. 15:

All Documents and Things concerning any communications discussing the possibility or actual decision to change, discontinue or modify any advertising or promotional campaign for Acushnet wound golf balls based on the release of the Pro V1 or other multi-layer premium golf balls.

50396789.doc

## **EXHIBIT B TO SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, Callaway Golf identifies the following topics for examination:

1. All advertising and promotional work done for Acushnet concerning the Pro V1.

2. The documents and things responsive to the document requests that are attached as part of Exhibit A to this subpoena.

3. Arnold Worldwide's efforts to collect responsive documents and things in response to the document requests attached to this subpoena as Exhibit A.

4. All communications with Acushnet regarding advertising and/or promotional campaigns for the Pro V1.

5. All communications regarding any decision to discontinue, change, or modify any Acushnet golf ball campaigns based on the introduction of the Pro V1 and/or other multi-layer premium golf balls.

6. Identification of persons and their responsibilities at Arnold Worldwide that have worked on advertising and/or promotional campaigns for the Pro V1.

50396790.doc

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| FISH & RICHARDSON | | | | |
| 500 Arguello Street, Suite 500 | | | | |
| Redwood City, CA 94063 | | | | |
| Telephone No: 650-839-5070   FAX No: 650-839-5071 | | | | |
| Attorney for: Plaintiff | Ref. No. or File No.: 110656-001LL1 | | | |
| Insert name of Court, and Judicial District and Branch Court: | | | | |
| UNITED STATES DISTRICT COURT DISTRICT | | | | |
| Plaintiff: CALLAWAY GOLF COMPANY | | | | |
| Defendant: ACUSHNET COMPANY | | | | |
| PROOF OF SERVICE United States District | Hearing Date: Tue, Mar. 06, 2007 | Time: 9:00AM | Dept/Div: | Case Number: C/A/ MF/ 06-91 (SLR) |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the United States District Court Subpoena in a Civil Case; Exhibit A; Exhibit B; [Proposed] Stipulated Protective to be included with Subpoena

3. a. Party served: ARNOLD WORLDWIDE, ~~Attn~~ ~~CORPORATE SERVICE COMPANY, AGENT~~ ~~FOR SERVICE~~

   b. Person served: Mary Francioso

4. Address where the party was served: 101 Huntington Avenue
   Boston, Massachusetts
   02199

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: January 31, 2007 (2) at: 3:30 PM
   b. I received this subpoena for service on: Wednesday, January 31, 2007

6. $44.00 in Witness fees were paid

7. Person Who Served Papers:
   - ANDREW JONES
   b. SWIFT ATTORNEY SERVICE
   500 ALLERTON STREET, SUITE 105
   Redwood City, CA 94063
   c. (650)364-9612, FAX (650)364-3305

   d. The Fee for Service was:
   e. I am: Andrew Jones

   Recoverable Cost Per CCP 1033.5(a)(4)(B)

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 31, 2007

Rule 982.9.(a)&(b) Rev January 1, 2007   Judicial Council Form

PROOF OF SERVICE
United States District   ANDREW JONES

fishL1282