IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

Plaintiff,

v.

ACUSHNET COMPANY,

Defendant.

C. A. No. 06-91 (SLR)

## NOTICE OF SERVICE OF SUBPOENA
### (ShenShen Wu)

PLEASE TAKE NOTICE that on March 9, 2007, a true and correct copy of a Subpoena In A Civil Case to ShenShen Wu was personally served at 31 Cortland Grove Drive, Shrewsbury, MA  01545.

Attached hereto as Exhibit A is a true and correct copy of the Subpoena in a Civil Case, and the Proof of Service thereof upon ShenShen Wu.

Dated:  March 12, 2007

FISH & RICHARDSON P.C.

By: /s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2007, I electronically filed the **Notice of**

**Service of Subpoena** with the Clerk of Court using CM/ECF which will send electronic

notification of such filing(s) to the following Delaware counsel.  In addition, the filing

will also be sent via hand delivery:

Richard L. Horwitz                          Attorneys for Defendant
David E. Moore                              ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
Wilmington, DE 19801


I hereby certify that on March 12, 2007, I have mailed by United States Postal

Service, the document(s) to the following non-registered participants:

Joseph P. Lavelle                           Attorneys for Defendant
Andrew R. Sommer                            ACUSHNET COMPANY
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004



/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA HAND DELIVERY**

March 9, 2007

ShenShen Wu
31 Cortland Grove Drive
Shrewsbury, MA 01545

Re:    Callaway v. Acushnet
       USDC-D. Del. - C. A. No. 06-91 (SLR)

Dear Ms. Wu:

Enclosed with this letter is a subpoena in the *Callaway Golf v. Acushnet* matter.  We have asked to take your deposition on March 23, 2007 in our Boston office.  If you would like us to take the deposition in the evening, as opposed to having the deposition take place during normal business hours, that can be arranged.  Also, if you would prefer that the deposition take place over the weekend (March 24 or March 25), we could do that as well.  Finally, if those dates do not work, we could make arrangements to take the deposition on March 26 during the day or evening.

We also have asked you to produce documents related to the case – see Attachment A to your subpoena.  Please confirm if you have any responsive documents and we can provide assistance in having the documents copied.  I can be reached at 650-839-5061 or by e-mail at compton@fr.com.  Please let me know which date works for you or if you want to discuss the subpoena further.

Sincerely,

Craig R. Compton / KDP

Craig R. Compton

Enclosures

50403807

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

**Craig R. Compton**
650 839-5061

Email
compton@fr.com

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS _____

CALLAWAY GOLF COMPANY,

            Plaintiff,           **SUBPOENA IN A CIVIL CASE**

       v.                    CASE NUMBER: [1] C. A. No. 06-91 (SLR)

ACUSHNET COMPANY,          pending in USDC - D. Del.

            Defendant.

TO:    ShenShen Wu, 31 Cortland Grove Drive, Shrewsbury, MA 01545, telephone (508) 757-6307

☐      YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.  (617) 542-5070 | March 23, 2007 |
| 225 Franklin Street, Suite 3100 | 9:30 a.m. |
| Boston, MA 02210-2804 | |

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
(See Attached "Exhibit A" for Documents and Things Requested.)
(Also attached is a copy of the Protective Order for this case that provides for third parties to designate certain discovery material pursuant to the terms of the Protective Order.)

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.  (617) 542-5070 | March 23, 2007 |
| 225 Franklin Street, Suite 3100 | 9:30 a.m. |
| Boston, MA 02210-2804 | |

☐      YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Katherine D. Prescott* | |
| Attorney for Plaintiff CALLAWAY GOLF COMPANY | March 9, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Katherine D. Prescott, Fish & Richardson P.C.  (650) 839-5070 |
| 500 Arguello Street, Suite 500, Redwood City, CA 94063 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 86 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | March 9, 2007 | 31 Courtland Grove Dr., Shrewsbury, MA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ShenShen Wu | IN HAND |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William E. George | Constable of Worcester and Disinterested person over 18 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___March 9, 2007___
            DATE

SIGNATURE OF SERVER                     **WILLIAM E. GEORGE**
                                        CONSTABLE
                                        340 MAIN STREET
                                        WORCESTER, MASSACHUSETTS 01608

ADDRESS OF SERVER

340 Main Street #608
Worcester, MA 01608

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**
**TO SUBPOENA DIRECTED TO**
**SHENSHEN WU**

## I.    INSTRUCTIONS

A.    When producing a Document, please produce the Document as it is kept in the ordinary course of business, or indicate the paragraph of these Requests to which that Document is responsive.

B.    Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which they were derived sufficient to permit rendering the materials intelligible.

C.    In producing Documents, furnish all Documents known or available to you regardless of whether such Documents are possessed directly by you or are in your custody or control.

D.    File folders with tabs or labels identifying Documents called for by these Requests must be produced intact with such Documents.

E.    Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to insure that the source of each Document may be determined, if necessary.

F.    Documents attached to each other must not be separated.

G.    The term "all Documents" means any and all Documents that might reasonably be located through a search of all locations reasonably likely to contain Documents called for by these Requests.

H.    Should any Document be withheld based on some limitation of discovery (including a claim of privilege), please supply the following information:

(1)    The identity(ies) of each Document's author(s), writer(s), sender(s), or initiator(s);

(2)    The identity(ies) of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended;

(3)    The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

(4)    The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

(5)    The claimed ground(s) for limitation of discovery (*e.g.*, "attorney-client privilege" or "attorney work product doctrine").

I.    The written answer to each individual request for production must repeat verbatim, immediately before each answer, the text of the individual request for production being answered.

## II.    DEFINITIONS

As used in these Requests, the following terms have the meanings indicated:

1.    The terms "You" or "Your" shall refer to ShenShen Wu and include agents, representatives, employees, or others acting or purporting to act on her behalf.

2.    "Acushnet," means Acushnet Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3.    "Callaway Golf" means Callaway Golf Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4.    "Top-Flite Golf" means Top-Flite Golf Company including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

5.    The phrase the "'293 patent" means U.S. Patent No. 6,210,293.

6.    The phrase the "'156 patent" means U.S. Patent No. 6,503,156.

7.    The phrase the "'130 patent" means U.S. Patent No. 6,506,130.

8.    The phrase the "'873 patent" means U.S. Patent No. 6,595,873.

9.    The phrase "Patents-in-Suit" means the '293, '156, '130, and '873 Patents.

10.    The phrase "Hebert Patent" means U.S. Patent No. 5,885,172 and any genealogically related patent.

11.    The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form.  Electronic Documents include electronic mail and Documents stored on any media accessible by electronic means.  A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document."

12.    The term "Accused Products" means all versions and/or variants of the "Pro V1" golf ball, including, but not limited to, all versions and variants of the Pro V1, Pro V1 392, ◀ Pro V1 • 392 ▶, ◀•Pro V1 392•▶, ◀ Pro V1-392 ▶, Pro V1★, ◀ Pro V1★ 392 ▶, Pro V1x, ◀•Pro V1x 332•▶, ◀ Pro V1x-332 ▶, ◀ – Pro V1 – ▶, ◀ – Pro V1x – ▶, and/or any other Pro V1 variants or versions in development.

13.    "Thing" means any tangible object other than a Document.

14.    "Person" or "Persons" includes not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

15.    "Including" shall mean "including but not limited to."

16.    The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

17.    The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstance  clearly make it inappropriate.

3

18.     The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## III.     REQUESTED DOCUMENTS AND THINGS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All Documents constituting or referring or relating to communications between You and Acushnet regarding this litigation – *Callaway Golf Company v. Acushnet Company*, United States District Court, District of Delaware, C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 2:

All Documents constituting or referring or relating to communications between You and Acushnet regarding the Accused Products.

REQUEST FOR PRODUCTION NO. 3:

All Documents referring or relating to the use of polyurethane as a cover material for the Accused Products, including the experimental balls that later matured into the commercial version of the Accused Products.

REQUEST FOR PRODUCTION NO. 4:

All Documents referring or relating to the use of polyurethane as a cover material for multi-layer solid core golf balls.

REQUEST FOR PRODUCTION NO. 5:

All Documents that refer or relate to the research, development, and testing of the Accused Products, including but not limited to drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, test results, schematics, flow charts and invention disclosures.

REQUEST FOR PRODUCTION NO. 6:

All Documents that refer or relate to the research, development and testing of the outer cover materials for the Accused Products, including but not limited to drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, test results, schematics, flow charts and invention disclosures.

REQUEST FOR PRODUCTION NO. 7:

All Documents that refer or relate to any analysis of the Patents-in-Suit.

REQUEST FOR PRODUCTION NO. 8:

Your notebooks that relate to golf ball development and/or the development or testing of materials to be used as golf ball materials.

REQUEST FOR PRODUCTION NO. 9:

All Documents that refer or relate to United States Patent No. 5,334,673 ("the Wu Patent").

REQUEST FOR PRODUCTION NO. 10:

All Documents that refer or relate to the preparation and prosecution of the Wu Patent, including but not limited to any communications that You had with any attorney or agent working on the patent application that matured into the Wu Patent.

REQUEST FOR PRODUCTION NO. 11:

All Documents that refer or relate to any analysis of the Wu Patent as a prior art reference to the Patents-in-Suit.

REQUEST FOR PRODUCTION NO. 12:

All documents referring or relating to any research and testing of polyurethane as a cover material for golf balls.

REQUEST FOR PRODUCTION NO. 13:

All Documents generated or maintained by You or others that refer or relate to, or were created, used, or referred to by You in connection with any invention claimed, disclosed, or described in the Wu Patent, including without limitation notebooks, diaries,

files, appointment calendars, research reports, drawings, written descriptions or workbooks.

REQUEST FOR PRODUCTION NO. 14:

All Documents referring or relating to any change in Acushnet's golf ball manufacturing equipment occasioned by the introduction of the Accused Products.

REQUEST FOR PRODUCTION NO. 15:

All Documents referring or relating to any decision by Acushnet to discontinue, reduce, or phase out the manufacture of polyurethane covered wound golf balls.

REQUEST FOR PRODUCTION NO. 16:

All Documents from 1995 forward referring or relating to any comparison between wound golf balls and multilayer covered solid core golf balls.

REQUEST FOR PRODUCTION NO. 17:

All Documents referring or relating to disadvantages or drawbacks to the performance of wound golf balls as compared to multi-layer solid core golf balls.

REQUEST FOR PRODUCTION NO. 18:

All Documents referring or relating to praise, from any source, for multi-layer solid core golf balls over wound golf balls.

REQUEST FOR PRODUCTION NO. 19:

All Documents referring or relating to any work on the development of the Accused Products.

REQUEST FOR PRODUCTION NO. 20:

All Documents constituting or referring or relating to communications between You and Acushnet regarding capital investment in or for equipment to manufacture solid core golf balls, including the Accused Products, from 1995 forward.

REQUEST FOR PRODUCTION NO. 21:

All Documents constituting or referring or relating to communications between You and Acushnet regarding any need or desire to develop Acushnet's capability to manufacture solid-core golf balls, including the Accused Products.

REQUEST FOR PRODUCTION NO. 22:

All Documents constituting or referring or relating to communications between You and Acushnet regarding Acushnet's need or desire to expand Acushnet's capability to manufacture solid-core golf balls.

REQUEST FOR PRODUCTION NO. 23:

All documents relating to the desirability or anticipated advantages of a golf ball with an ionomeric inner cover and a polyurethane outer cover.

REQUEST FOR PRODUCTION NO. 24:

All documents relating to the ability of Acushnet or any other party to manufacture a golf ball with an ionomeric inner cover and a polyurethane outer cover.

50401381.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

Plaintiff,

v.

ACUSHNET COMPANY,

Defendant.

C. A. No. 06-91 (SLR)

### [Proposed] Stipulated Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c), the parties, Plaintiff, Callaway Golf Company ("Callaway Golf"), and Defendant, Acushnet Company ("Acushnet"), through their respective counsel, hereby stipulate to the following protective order:

**I.    PURPOSE**

The purpose of this Protective Order is to allow the parties to have reasonable access to information while providing the parties and third parties with a means for limiting disclosure of confidential information that is produced in this lawsuit.

**II.    DEFINITIONS**

**A.    Designated Material**

The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with Paragraphs IV.A-C below.  All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

1

B.    **CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION**

"CONFIDENTIAL INFORMATION" comprises or contains information that the Producing Party claims in good faith to constitute or relate to: (1) sensitive technical information that is not publicly available and that is not expressly contained in public information; and (2) sensitive business or financial information that is not publicly available and that is not expressly contained in public information, private personal information, or confidential research, development, or commercial information. CONFIDENTIAL INFORMATION may include, without limitation, product information (including technical specifications, product composition information, and design specifications), research and development information (including testing documentation, market and demographic research, and product and advertising development), commercial information (including business plans, business strategies, negotiations, and license agreements), financial information (including budgeting, accounting, sales figures and advertising expenditures), business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information (including compensation, evaluations and other employment information), and patent prosecution information (including present or future patent applications).

"HIGHLY CONFIDENTIAL INFORMATION" comprises or contains information that the Producing Party claims in good faith to constitute or relate to (1) proprietary research and development and/or highly sensitive technical information that is not publicly available; (2) highly sensitive

business-related financial or commercial information that is not publicly available and that is not expressly contained in public information; (3) trade secrets; and/or (4) unpublished patent applications (including future patent applications) and patent prosecution documents that are not available upon request from the United States Patent and Trademark Office or any other patent office.

**C.    Discovery Material**

The term "Discovery Material" shall mean any document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

**D.    Documents**

The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

3

E.    **Producing Party**

The term "Producing Party" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this action.

F.    **Receiving Party**

The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

G.    **In-House Counsel**

The term "In-House Counsel" means up to two attorney(s) per party and their support staff (secretary, paralegals and clerical staff) who are employees of a party and that are responsible for litigation matters on behalf of that party.

III.    **RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL**

A.    **Scope**

This Order shall encompass all Discovery Material produced in this action except that this Order shall not encompass information (a) which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) which lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this order.

4

B.    **Purpose**

Designated Materials shall be used solely for purposes of and in connection with this action and related actions before the U.S. Patent and Trademark Office and shall not be used for any other purpose, including, without limitation, any business or commercial purpose. The parties recognize the public nature of proceedings before the United States Patent and Trademark Office. Designated Material designated hereunder can be shared with the U.S. Patent and Trademark Office ("USPTO"), provided that the USPTO enters an appropriate protective order or other order to preserve the confidentiality of the Designated Materials to the same degree as they are protected hereunder. Acushnet agrees to jointly move with Callaway for the entry of such an order and to cooperate with Callaway in seeking entry of an appropriate protective order before the USPTO.

C.    **Confidentiality**

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

D.    **Maintenance of Designated Material**

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

5

E.  **Restrictions on Designated Materials**

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party. A Producing Party is free to do whatever it desires with its own Designated Material.

F.  **Discovery From Third Parties**

Information sought or obtained from a person not a party to this action ("third party") shall be treated as Designated Material if requested by the third party. Any such information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" pursuant to paragraphs IV.A-C by a third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order. Either party may seek to challenge designations by a third party under the provisions of Paragraph V.B after providing at least ten (10) business days notice to the third party and agreeing that it will not object to the third party appearing in this action for the limited purpose of seeking to preserve its requested designation.

G.  **Unintentional Disclosure Of Designated Material**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c)

request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

IV.   **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Any Producing Party may mark Designated Material as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with this Order.  The burden of establishing that Designated Material is either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" as defined herein shall be on the Producing Party.  The designation of Designated Material as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.  Designated material must be marked in the following manner:

A.    In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION – Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

B.    In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order."  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL INFORMATION – Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective

7

Order," as applicable, the copies of such documents as may contain either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as defined in Paragraphs II.B at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION before it is copied and marked pursuant to this Order; and

C.   In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION – Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order," as applicable, by the reporter, as the Producing Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within twenty (20) days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending expiration of the twenty (20) day period or the receipt of such written notice from the Producing Party (whichever comes first), all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated HIGHLY CONFIDENTIAL INFORMATION – Subject to Protective Order. If no such written notice is provided within the twenty (20) day period, the designation(s) made during the deposition

8

shall stand. If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt by the Receiving Party. No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

D.    In the event that the deposition is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire transcript for that day is to be treated as Designated Material until such time as there is a written request to specifically identify the portions of the transcript that are HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION. In the event of such request, the party desiring to maintain the treatment of any portion of the transcript as CONFIDENTIAL INFORMATION shall specify, by page and line numbers, the designated portions within ten (10) business days of the written request.

## V.    CONTESTING THE DESIGNATION

A.    No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

B.    Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as either CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or as set forth in Paragraph VI.P, must give outside counsel of record for the Producing Party written notice of its reasons for the objection. The Producing Party will then have 10 days after receipt of this notice to change the designation or respond in writing why the designation is

appropriate.  Failing resolution after service of the written notice of its

reasons for the objection, the party objecting may, on a duly noticed

motion, seek an order changing or removing the designation.  The

Producing Party asserting confidentiality has the burden of showing that

the designation is appropriate.  The information designated as either

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL

INFORMATION or as set forth in Paragraph VI.P, shall remain as such

until the matter is resolved by Court order or agreement of the Producing

Party.

## VI.    DISCLOSURE OF DESIGNATED MATERIALS

Unless otherwise directed by the Court or authorized in writing by the Producing

Party, Discovery Material designated as CONFIDENTIAL INFORMATION under this

Order may be disclosed by the Receiving Party only to the following persons:

A.    Outside Counsel, which means any "outside" attorney of record in this

Action (including attorneys employed by firms of record but not otherwise

identified specifically on the pleadings);

B.    no more than two (2) "in-house" attorney(s) and his or her support staff

(secretary, paralegals, and clerical staff), subject to the provisions of

Paragraph VII.B.

C.    support personnel for attorneys listed in sub-paragraph A above, including

law clerks, analysts, paralegals, secretaries, and clerical staff employed by

an attorney identified in sub-paragraph A and assisting in connection with

this Action;

D.    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court

before which this action is pending including any appellate Court, and the

jury, if any;

E.    court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

F.    outside consultants or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph A to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

G.    no more than two (2) officers of each Receiving Party, provided that they receive only derived summaries of CONFIDENTIAL INFORMATION for the sole and exclusive purpose of evaluating litigation strategy;

H.    any person who authored and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that deponent;

I.    attorneys representing any company providing liability insurance to a party under which there may be coverage for claims related to this action;

J.    litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

K.    jury or trial consultants retained by a party in this action, providing that any such consultant is not an employee of a party nor anticipated to

become an employee in the near future and is approved pursuant to Paragraph VII.A;

L.    mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

M.    persons who have been retained by a party to provide translation or interpretation from one language to another.

Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL INFORMATION may be disclosed by the Receiving Party only to the following persons:

N.    any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on the pleadings), subject to the provisions of Paragraph VII.C;

O.    support personnel for attorneys listed in sub-paragraph N above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by an attorney identified in sub-paragraphs N and assisting in connection with this Action;

P.    one "in-house" attorney, identified in exhibit B to this Order, and his or her support staff (secretary, paralegals, and clerical staff), subject to the provisions of Paragraph VII.B-C. If there are specific documents that either party believes should not be disclosed to such designated "in-house" counsel, such documents shall be produced and marked as "OUTSIDE COUNSEL ONLY." The Producing Party when marking a specific

document "OUTSIDE COUNSEL ONLY" must also articulate specific concern(s) for why the document should not be disclosed to the one designated in-house counsel. The receiving party may contest such designation as set forth in Paragraph V.

Q. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending including any appellate Court, and the jury, if any;

R. court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

S. outside consultants or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph A to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

T. any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL INFORMATION sought to be disclosed to that deponent;

U. attorneys representing any company providing liability insurance to a party under which there may be coverage for claims related to this action;

V. litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, but only to the extent necessary for the

13

particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

W.     jury or trial consultants retained by a party in this action, providing that any such consultant is not an employee of a party nor anticipated to become an employee in the near future and is approved pursuant to Paragraph VII.A;

X.     mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

Y.     persons who have been retained by a party to provide translation or interpretation from one language to another.

## VII.   CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

### A.   Consultants and Experts

1.     No DESIGNATED MATERIAL shall by shown to an expert pursuant to Paragraphs VI.F, K, S, and W until ten (10) calendar days after said expert is identified in writing, and a current biographical sketch and written commitment in the form of Exhibit A is provided to the Producing Party.  The biographical sketch shall include a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, past and present relationship, if any, with the Receiving Party and company or companies by which that individual was employed or consulted at any time during the last

14

four (4) years. The list shall disclose the name and address of each such entity for which consulting work is being, or has been performed, and the general subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed. In the event that said individual enters into a subsequent consulting agreement or arrangement, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements.

2. The Producing Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) calendar days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material. A party's consent permitting disclosure of its confidential information by a retained expert of the other party shall not be unreasonably withheld.

3. The party wishing to disclose the Designated Material to an expert or consultant to whom a written objection has been made has the burden to apply to the Court for an order that such disclosure is proper.

4. No disclosure of the Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served, until the time as the Court has

15

made a ruling thereon, and then, only in accordance with such ruling.

**B.    In-House Counsel**

1.    Up to two (2) In-House Counsel may be designated for any Receiving Party engaged in this litigation matter, and the clerical and secretarial employees of such counsel in the preparation of this case (the designated In-House Counsel, as agreed at the time this Protective Order is executed, are set forth in Exhibit B to this Order). The parties recognize that the responsibilities of the In-House Counsel may change during the litigation, and that replacement of a previously designated In-House Counsel under this section by a substitute In-House Counsel may therefore become appropriate. Any party desiring to make such a replacement of an In-House Counsel shall give written notice, including In-House Counsel's signing of Exhibit A attached to this Order, to all other parties, and the substitute In-House Counsel identified shall be deemed approved unless another party objects to such substitution within ten (10) business days of such notice.

2.    If the Producing Party needs further information regarding the newly identified In-House Counsel to make a decision as to whether to object to that person, such party may request further information within five (5) business days after receipt of the written notice and signed Exhibit A of Protective Order. The Producing Party shall then be entitled to object to such disclosure to the newly identified In-House Counsel within five (5) business days after receipt of the requested information, or receipt of a refusal to provide such information.

16

3.   No disclosure of the Designated Material shall be made to the proposed In-House Counsel until the time for serving objections to that counsel has passed, or, in the event that a written objection is timely served, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

C.   **Patent Prosecution Bar**

1.   In January of 2006, Acushnet filed requests for inter partes re-examination ("re-examination proceedings") of the patents-in-suit. The PTO granted those requests and has assigned control numbers 95/000120-123 to the requests. The recitation of the re-examination proceedings in this Order does not waive Callaway Golf's assertion that the re-examination proceedings are ultra vires and that Acushnet breached the parties' settlement agreement by filing the requests.

2.   Any attorney, patent agent, or other person who has accessed Discovery Material designated "HIGHLY CONFIDENTIAL INFORMATION -- Subject to Protective Order" pursuant to Paragraphs IV.A-C shall be prohibited, during the pendency of this case and the co-pending re-examination proceedings and for a period of two (2) years following the final disposition of this litigation matter and/or the pending re-examination proceedings whichever concludes last, whether by judgment (including exhaustion of all appeals), settlement, or otherwise, from participating either directly or indirectly, in Patent Prosecution relating to the subject matter of the patents-in-suit and/or relating to the subject matter of any HIGHLY CONFIDENTIAL MATERIAL received by the Receiving Party. This prosecution

17

bar does not prohibit participation in the re-examination proceedings.

3. For the Purposes of this Order, Patent Prosecution shall be defined as preparing, drafting, reviewing, filing, or responding to office actions, signing oaths or declarations, or prosecuting any pending or future patent application, or assisting in any part of those activities, with respect to any patent application disclosing or claiming (in whole or in part) the subject matter of: (a) any of the patents-in-suit ; (b) any of the parents (grand-parents or other predecessor applications in the chain) of any of the patents-in-suit; and (c) any HIGHLY CONFIDENTIAL MATERIAL received by the Receiving Party. This section does not apply to participation in related re-examination proceedings.

## VIII.  COURT PROCEDURES

### A.  Procedures For Filing Papers With Designated Material

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

1. The Designated Material must be filed under seal in sealed envelopes endorsed with the title of this action, an indication of the contents of the envelope, the identity of the filing party and the notation "CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES" or "HIGHLY CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN

STIPULATION OF THE PARTIES".

2.    All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order. Counsel for the parties shall be responsible for designating all papers filed with the Court as Designated Material and marked as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION depending on the contents of the papers being filed. Such papers shall be subject to the terms of this Order.

3.    All papers filed under seal must clearly be marked "filed under seal" or "lodged with the Court."

**B.    Redacted Filings Of Papers With Designated Material**

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

1.    All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

2.    Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**C.    Use At Pre-Trial Hearings**

Prior to the use of Designated Material at any pretrial hearing in this action, counsel intending to use such material shall take reasonable steps

19

to afford counsel for the Producing Party the opportunity to object to
disclosure of designated material in open court.

**D.    Use At Trial**

This Order is not intended to govern the use of Designated Material at the
trial of this action. Procedures governing the use of Designated Material
at trial, if necessary, will be established by separate order, pursuant to
application by one or more of the parties to the Court, or *sua sponte*
pursuant to the Court's own procedures, and may be addressed at the
pretrial conference.

**IX.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

If it becomes necessary for a Receiving Party's outside counsel to seek the
assistance of any person, other than those persons referred to in Paragraph VII,
and to disclose Designated Material to such person to properly prepare this
litigation for trial, the following procedures shall be employed:

**A.**    Outside counsel of the Receiving Party shall notify, in writing, outside
counsel for the Producing Party, stating therein the specific Designated
Material to be disclosed and the name, address and position of the
person(s) to whom such disclosure is to be made;

**B.**    If no objection to such disclosure is made by outside counsel for the
Producing Party within ten (10) business days of such notification, outside
counsel for the Receiving Party shall be free to make such disclosure to
the designated person(s); provided, however, that outside counsel for the
Receiving Party shall serve upon outside counsel for the Producing Party,
prior to disclosure, an Acknowledgment of Protective Order in the form
shown in Exhibit A, whereby such person agrees to comply with and be
bound by this Order. The acknowledgment shall be retained by outside

20

counsel for the Receiving Party, and distributed upon final disposition of
this action as set forth in Paragraph XIV below;

C.    If, within ten (10) business days, the outside counsel for the Producing
Party objects, in writing, to such disclosure, no disclosure shall be made,
except by order of the Court upon a regularly noticed motion brought by
the Receiving Party.  Before filing such a motion, outside counsel for the
Receiving Party shall meet and confer with outside counsel for the
Producing Party in a good faith effort to resolve their differences.

X.    **UNINTENTIONAL FAILURE TO DESIGNATE**

If any Producing Party discovers that it has inadvertently failed to designate and
mark any Discovery Material as either CONFIDENTIAL INFORMATION or
HIGHLY CONFIDENTIAL INFORMATION, the Producing Party may
subsequently inform the Receiving Party of the confidential nature of the
disclosed Designated Material, and the Receiving Party shall treat the disclosed
Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY
CONFIDENTIAL INFORMATION upon receipt of written notice from the
Producing Party, to the extent the Receiving Party has not disclosed this
Discovery Material.  Disclosure of such Discovery Material to persons not
authorized to receive that material prior to receipt of the confidentiality
designation shall not be deemed a violation of this Order.  However, in the event
the material has been distributed in a manner inconsistent with the categorical
designation, the Receiving Party will take the steps necessary to conform
distribution to the categorical designation, i.e., by retrieving all copies of the
Discovery Material, or notes or extracts thereof, in the possession of the persons
not authorized under this Order to possess such Discovery Material and advising
the person to whom disclosure was made that the material is confidential and
must be treated as provided in the Order.

21

XI.    **UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL**

If a Producing Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work-product immunity, such action shall not constitute a waiver of the attorney-client privilege and/or work product immunity. The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Upon receiving written notice, the Receiving Party shall return to the Designating Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of receiving such written notice. The Producing Party shall be obligated to keep in a sealed envelope or similar sealed container, all inadvertently produced discovery returned by the Receiving Party that it believes is subject to a claim of attorney-client privilege or work-product immunity until the end of this Action, including all appeals. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production. The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the document and other such information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purposes other than

22

preparing a motion to compel production of that document in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court. Unless previously waived, the inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

XII.    **RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS**

A.    **No Limitation of Other Rights**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

B.    **Release From or Modification of This Order**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

C.    **Admissibility**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater.

D.    **Non-Party Request/Subpoena Of Designated Material**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a

Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

E.    **Counsel's Right To Provide Advice**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

F.    **No Contract**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## XIII.    EFFECTIVE DATE

This Order shall be effective on the date of its execution by counsel for the parties after which the parties may produce documents and information and designate the material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Such material shall be treated in accordance with this Order by the parties upon its execution. In the event that the Court enters a Protective Order other than this stipulated and proposed Order, the parties shall comply with the terms of this Order until it is superseded by any Protective Order or ruling by the Court.

## XIV.    FINAL DISPOSITION

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel of record may retain pleadings, attorney and consultant work product, and deposition and trial transcripts and exhibits for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

## XV.    TERMINATION

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

Pursuant to Federal Rule of Civil Procedure 26 and the above stipulation of the parties, and it appearing that discovery in the above-entitled action is likely to involve the disclosure of confidential information, and good cause appearing, IT IS SO ORDERED.

Dated: _____

_____
Honorable Sue Robinson
United States District Court

Dated: October 13, 2006

**AGREED TO AND APPROVED FOR ENTRY:**

Attorneys for Callaway Golf Company

By: /s/ *Thomas L. Halkowski* _____

Date: October 13, 2006 _____

Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

26

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Craig R. Compton
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Roger A. Denning
David S. Shuman
12290 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Attorneys for Acushnet Company

By: /s/ David E. Moore

Date: October 13, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Alan Grimaldi
Joseph P. Lavelle
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 383-6989
Fax: (202) 383-6989

27

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | |
| Plaintiff, | |
| v. | C. A. No. 06-91 (SLR) |
| ACUSHNET COMPANY, | |
| Defendant. | |

I, _____, state that:

My business address is _____

_____.

My present employer and job description are _____

_____.

My relationship to the parties to this action is as follows_____

_____

I have read and reviewed in its entirety the Protective Order ("Protective Order")
entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order,
and not to disseminate or disclose any information subject to the Protective Order that I
review or about which I am told, to any person, entity, party, or agency for any reason,
except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this
Protective Order and further agree to submit to the jurisdiction of this Court for the
purposes of enforcement of the terms of this Protective Order.

28

DATED this _____ day of _____, 2006

_____

Signature

_____

(Typed or Printed Name)

29

**EXHIBIT B**

Subject to Paragraph VI.P, the parties designate the following In-House Counsel:

|  | Access to HIGHLY CONFIDENTIAL and CONFIDENTIAL INFORMATION |
|---|---|
| Callaway Golf Counsel | Michael J. Rider |
| Acushnet Counsel | Joe Nauman |

50376809.doc

30

**Victoria Friscia**

**From:**    Sharon Bradley
**Sent:**    Tuesday, October 17, 2006 1:24 PM
**To:**    Callaway/Acushnet
**Subject:** Callaway/Acushnet: 10/17/06 Order re Stipulated Protective Order

SO ORDERED, re [56] Stipulated Protective Order filed by Acushnet Company,, Callaway Golf Company, . Signed by Judge Sue L. Robinson on 10/16/06. (rld, )

---

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, October 17, 2006 4:21 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00091-SLR Callaway Golf Company v. Acushnet Company "SO ORDERED"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from rld, entered on 10/17/2006 at 4:20 PM EDT and filed on 10/17/2006
**Case Name:**    Callaway Golf Company v. Acushnet Company
**Case Number:**    1:06-cv-91
**Filer:**
**Document Number:**

**Docket Text:**
SO ORDERED, re [56] Stipulated Protective Order filed by Acushnet Company,, Callaway Golf Company, . Signed by Judge Sue L. Robinson on 10/16/06. (rld, )

The following document(s) are associated with this transaction:

**1:06-cv-91 Notice will be electronically mailed to:**

Craig R. Compton    compton@fr.com

Thomas Lee Halkowski    halkowski@fr.com, sub@fr.com

David Ellis Moore    dmoore@potteranderson.com, ntarantino@potteranderson.com

**1:06-cv-91 Notice will be delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | C. A. No. 06-91 (SLR) |
| Plaintiff, | |
| v. | **PLAINTIFF CALLAWAY GOLF COMPANY'S NOTICE OF DEPOSITION OF SHENSHEN WU PURSUANT TO RULE 30(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| ACUSHNET COMPANY, | |
| Defendant. | |

**TO DEFENDANT ACUSHNET COMPANY, BY AND THROUGH ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(1) and 45 of the Federal Rules of Civil Procedure, plaintiff Callaway Golf Company ("Callaway Golf") will take the deposition of ShenShen Wu at the offices of Fish & Richardson P.C., 225 Franklin Street, Suite 3100, Boston, MA 02210-2804, on March 23, 2007, beginning at 9:30 a.m., or as otherwise agreed upon by the parties, or ordered by the Court. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Dated:  March 9, 2007                FISH & RICHARDSON P.C.


                                     By: _Katherine D. Prescott_____
                                         Thomas L. Halkowski (#4099)
                                         919 N. Market Street, Suite 1100
                                         P.O. Box 1114
                                         Wilmington, DE 19899-1114
                                         Tel:  (302) 652-5070
                                         Fax:  (302) 652-0607

                                         Frank E. Scherkenbach
                                         225 Franklin Street
                                         Boston, MA 02110-2804
                                         Tel:  (617) 542-5070
                                         Fax:  (617) 542-8906

                                         David J. Miclean
                                         Craig R. Compton
                                         Katherine D. Prescott
                                         500 Arguello Street, Suite 500
                                         Redwood City, CA 94063
                                         Tel:  (650) 839-5070
                                         Fax:  (650) 839-5071

                                         Roger A. Denning
                                         12390 El Camino Real
                                         San Diego, CA 92130
                                         Tel: (858) 678-5070
                                         Fax:  (858) 678-5099

                                     Attorneys for Plaintiff
                                     CALLAWAY GOLF COMPANY


50404098.doc