IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>ACUSHNET COMPANY,<br><br>  Defendant. | C. A. No. 06-91 (SLR) |

### NOTICE OF SERVICE OF SUBPOENA
### (Dean Snell)

PLEASE TAKE NOTICE that on March 27, 2007, a true and correct copy of a Subpoena In A Civil Case to David Snell was served by hand c/o Robert S. Gerber, Esquire at Sheppard Mullin Richter & Hampton LLP, 12275 El Camino Real, Suite 200, San Diego, CA 92130.

Attached hereto as Exhibit A is a true and correct copy of the Subpoena in a Civil Case, and the Proof of Service thereof upon David Snell.

Dated: March 29, 2007

FISH & RICHARDSON P.C.

By: /s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, I electronically filed the **Notice of Service of Subpoena** with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

Richard L. Horwitz  
David E. Moore  
Potter Anderson & Corroon LLP  
Hercules Plaza, 6th floor  
1313 N. Market Street  
Wilmington, DE 19801

Attorneys for Defendant  
ACUSHNET COMPANY

I hereby certify that on March 29, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Joseph P. Lavelle  
Andrew R. Sommer  
Howrey LLP  
1299 Pennsylvania Avenue, N.W.  
Washington, DC 20004

Attorneys for Defendant  
ACUSHNET COMPANY

/s/ *Thomas L. Halkowski*  
Thomas L. Halkowski

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | CALIFORNIA |

CALLAWAY GOLF COMPANY,

        Plaintiff,

v.

ACUSHNET COMPANY,

        Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C. A. No. 06-91 (SLR)
pending in USDC - D. Del.

TO: Dean Snell, c/o Robert S. Gerber, Sheppard Mullin Richter & Hampton LLP, 12275 El Camino Real, Suite 200, San Diego, CA 92130, Telephone (858) 720-8900

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sheppard Mullin Richter & Hampton LLP (858) 720-8900<br>12275 El Camino Real, Suite 200<br>San Diego, CA 92130 | 9:30 a.m.<br>April 5, 2007 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

(See Attached "Exhibit A" for Documents and Things Requested)

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.  (858) 678-5070<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | 9:30 a.m..<br>April 3, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff CALLAWAY GOLF COMPANY | March 27, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Roger A. Denning, Fish & Richardson P.C.
12390 El Camino Real, San Diego, CA 92130-2081, (858) 678-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT A**
**TO SUBPOENA DIRECTED TO**
**DEAN SNELL**

I. **INSTRUCTIONS**

  A.  When producing a Document, please produce the Document as it is kept in the ordinary course of business, or indicate the paragraph of these Requests to which that Document is responsive.

  B.  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

  C.  In producing Documents, furnish all Documents known or available to you regardless of whether such Documents are possessed directly by you or are in your custody or control.

  D.  File folders with tabs or labels identifying Documents called for by these Requests must be produced intact with such Documents.

  E.  Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to insure that the source of each Document may be determined, if necessary.

  F.  Documents attached to each other must not be separated.

  G.  The term "all Documents" means any and all Documents that might reasonably be located through a search of all locations reasonably likely to contain Documents called for by these Requests.

  H.  Should any Document be withheld based on some limitation of discovery (including a claim of privilege), please supply the following information:

    (1)  The identity(ies) of each Document's author(s), writer(s), sender(s), or initiator(s);

1

(2) The identity(ies) of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended;

(3) The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

(4) The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

(5) The claimed ground(s) for limitation of discovery (*e.g.*, "attorney-client privilege" or "attorney work product doctrine").

I. The written answer to each individual request for production must repeat verbatim, immediately before each answer, the text of the individual request for production being answered.

## II. DEFINITIONS

As used in these Requests, the following terms have the meanings indicated:

1. The terms "you" or "your" shall refer to Dean Snell and includes agents, representatives, employees, or others acting or purporting to act on your behalf.

2. "Acushnet," means Acushnet Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3. "Callaway Golf" means Callaway Golf Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4. "Top-Flite Golf" means Top-Flite Golf Company including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting

or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

5. The phrase the "'293 patent" means U.S. Patent No. 6,210,293.

6. The phrase the "'156 patent" means U.S. Patent No. 6,503,156.

7. The phrase the "'130 patent" means U.S. Patent No. 6,506,130.

8. The phrase the "'873 patent" means U.S. Patent No. 6,595,873.

9. The phrase "Patents-in-Suit" means the '293, '156, '130, and '873 Patents.

10. The phrase "Hebert Patents" means U.S. Patent No. 5,885,172 and any genealogically related patent.

11. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document."

12. The term "Accused Products" means all versions and/or variants of the "Pro V1" golf ball, including, but not limited to, all versions and variants of the Pro V1, Pro V1 392, ◀ Pro V1 • 392 ▶, ◀•Pro V1 392•▶, ◀ Pro V1-392 ▶, Pro V1★, ◀ Pro V1★ 392 ▶, Pro V1x, ◀•Pro V1x 332•▶, ◀ Pro V1x-332 ▶, ◀ – Pro V1 – ▶, ◀ – Pro V1x – ▶, and/or any other Pro V1 variants or versions in development.

13. "Thing" means any tangible object other than a Document.

14. "Person" or "Persons" includes not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

15. "Including" shall mean "including but not limited to."

16. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

3

17. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstance clearly make it inappropriate.

18. The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## III    REQUESTED DOCUMENTS AND THINGS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All Documents constituting or referring or relating to communications between You and Acushnet regarding this litigation – Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 2:

All Documents constituting or referring or relating to communications between You and Acushnet regarding the Accused Products.

REQUEST FOR PRODUCTION NO. 3:

All documents referring or relating to any change in Acushnet's golf ball manufacturing equipment occasioned by the introduction of the Accused Products.

REQUEST FOR PRODUCTION NO. 4:

All documents referring or relating to any decision by Acushnet to discontinue, reduce or phase out the manufacture of wound golf balls.

REQUEST FOR PRODUCTION NO. 5:

All documents from 1995 forward referring or relating to any comparison between wound golf balls and solid core golf balls.

REQUEST FOR PRODUCTION NO. 6:

All documents referring or relating to disadvantages or drawbacks to the performance of wound golf balls as compared to multi-layer solid core golf balls.

REQUEST FOR PRODUCTION NO. 7:

All documents referring or relating to praise, from any source, for multi-layer solid core golf balls over wound golf balls.

REQUEST FOR PRODUCTION NO. 8:

All Documents discussing or making reference to the quality, value, acceptability, workability, performance or benefits of any Accused Product, including communications praising, criticizing, or otherwise commenting on the Accused Products.

REQUEST FOR PRODUCTION NO. 9:

All communications between You and Acushnet regarding capital investment in or for equipment to manufacture solid core golf balls, including the Accused Products from 1995 forward.

REQUEST FOR PRODUCTION NO. 10:

All communications between You and Acushnet regarding any need or desire to develop Acushnet's capability to manufacture solid-core golf balls, including the Accused Products.

REQUEST FOR PRODUCTION NO. 11:

All communications between You and Acushnet regarding Acushnet's need or desire to expand Acushnet's capability to manufacture solid-core golf balls.

REQUEST FOR PRODUCTION NO. 12:

All Documents that refer or relate to the Hebert Patents.

REQUEST FOR PRODUCTION NO. 13:

All Documents that refer or relate to the preparation and prosecution of the Hebert Patents, including but not limited to, any communications that you had with any attorney or agent working on a patent application that matured into one of the Hebert Patents.

REQUEST FOR PRODUCTION NO. 14:

All Documents that refer or relate to any analysis of references cited against the Hebert Patents by the Patent and Trademark Office or anyone else.

REQUEST FOR PRODUCTION NO 15:

All Documents that refer or relate to Acushnet's Veneer Ball development program.

REQUEST FOR PRODUCTION NO. 16:

All Documents generated or maintained by you or others that refer or relate to, or were created, used, or referred to by you in connection with any invention claimed, disclosed, or described in the Hebert Patents, including without limitation notebooks, diaries, files, appointment calendars, research reports, drawings, written descriptions or workbooks.

REQUEST FOR PRODUCTION NO. 17:

All Documents that refer or relate to the research, development, and testing of the Accused Products, including but not limited to drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, test results, schematics, flow charts and invention disclosures.

REQUEST FOR PRODUCTION NO. 18:

All Documents that refer or relate to the Patents-in-Suit.

REQUEST FOR PRODUCTION NO. 19:

All Documents and Things that relate to any mode or embodiment contemplated by you or any other inventor for carrying out any invention disclosed, described, or claimed in the Hebert Patents, from a period starting with the conception of the invention to the present.

REQUEST FOR PRODUCTION NO. 20:

All Documents that refer or relate to uses, tests, or evaluations of the Accused Products.

REQUEST FOR PRODUCTION NO. 21:

All Documents that refer or relate to any comparisons between the Accused Products and any other multi-layer solid core golf ball.

REQUEST FOR PRODUCTION NO. 22:

All documents relating to the desirability or anticipated advantages of a golf ball with an ionomeric inner cover and a polyurethane outer cover.

REQUEST FOR PRODUCTION NO. 23:

All documents relating to the ability of Acushnet or any other party to manufacture a golf ball with an ionomeric inner cover and a polyurethane outer cover.

504(1391.doc

AO 88 (Rev. /94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 03/27/07 | San Diego, CA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dean Snell c/o Robert S. Gerber<br>Shepherd Mullin Richter & Hampton LLP | Via hand delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Roger A. Denning | Attorney for Plaintiff Callaway Golf Company |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___March 27, 2007___
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(3) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.