IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| v. | ) | |
| | ) | |
| ACUSHNET COMPANY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA AD TESTIFICANDUM & DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Acushnet Company has served or will serve the attached subpoena and accompanying attachment on Charles J. Yash, 5546 San Elijo, Rancho Santa Fe, California 92067. Please be advised that the examination will be conducted before a person duly authorized and may be recorded by stenographic and videographic means. You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: April 2, 2007

786860 / 30030

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALLAWAY GOLF COMPANY, <br><br> V. <br><br> ACUSHNET COMPANY | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1] C.A. No. 06-91 (SLR) <br> United States District Court for <br> the District of Delaware |

TO: Charles J. Yash
5546 San Elijo
Rancho Santa Fe, CA 92067

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Acushnet is willing to meet and confer regarding the date and time of this deposition which will take place pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45. <br><br> The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an office duly authorized by law to administer oaths and record testimony. Some or all of the deposition may be recorded stenographically and may be recorded by videotape or on DVD. | April 19, 2007 <br> 9:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Exhibit "A" for a list of the documents to be produced in response to this subpoena.

| PLACE | DATE AND TIME |
|---|---|
| The offices of <br> Howrey LLP, <br> ATTN: Brian Rosenthal <br> 1299, Pennsylvania Ave, N.W. <br> Washington, D.C. 20004 | April 16, 2007 <br> 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Brian Rosenthal, Attorney for Defendant  *[signature: Brian Rosenthal/chh]* | March 30, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian Rosenthal
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004
202.383.7108

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

### EXHIBIT "A" TO SUBPOENA TO CHARLES J. YASH

The following instructions and definitions are to be used for purposes of responding to this Subpoena.

### INSTRUCTIONS

1. In producing documents, furnish all documents within your possession, custody, or control as well as all documents within the possession, custody, or control of your agents; representatives; employees; officers; directors; attorneys; parent, subsidiary, or affiliated corporations; or anyone else acting on your behalf. This subpoena duces tecum also embraces originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the documents described in this subpoena duces tecum.

2. Pursuant to Federal Rule of Civil Procedure 45(d)(1), documents produced in response to this subpoena duces tecum shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the demand.

3. Documents attached to each other or consisting of multiple pages must not be separated.

4. Documents are to be produced in full and in their unexpurgated form; redacted documents shall not constitute compliance with this subpoena, unless such documents are redacted pursuant to any claim of privilege, as set forth below.

5. If you withhold documents covered by this subpoena by reason of a claim of privilege, a written list is to be furnished identifying each such document for which the privilege is claimed together with the following information, (a) the date of the document; (b) the name of its author, authors, or preparers and an identification by employment and title of each such person; (c) the name of each person who was sent or furnished with the document, together with an identification of each such person; (d) a brief description of the document; (e) a statement of the basis for the claim of privilege; and (f) the paragraph of this Exhibit A to which the document relates. In the case of privileged documents relating to meetings or to other conversations, all participants in the meeting or conversation are to be identified.

6.  You are to retain copies of all documents relevant to this suit that are currently in existence. In the event that documents called for by this subpoena were formerly in your possession, custody or control and have been lost or destroyed, such documents are to be identified in writing as follows: addresser, addressee, persons who prepared or authorized the documents, indicated or blind copies, dates of the preparation or transmittal, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, dates of loss or destruction, and if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction and persons destroying the documents.

7.  To the extent permitted and authorized by law, this subpoena duces tecum shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of trial.

8.  Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

9.  The terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

10. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neutral, as the particular context makes appropriate.

11. NOTICE: computer generated or stored documents, including without limitation, computer files or data, electronic mail, and information on hard disk, CD-Rom, DVD, DAT, tape cartridge, or any other storage medium, including those documents that have been erased but are retrievable, constitute documents within the meaning of these document requests. An inspection of your computer systems may be necessary to assure compliance with these requests. All responsive documents stored in machine-readable form shall be produced in electronic form and in hard-copy form with the printout date and file name and location appearing on the copy.

12. When used in this subpoena the following words and phrases shall have the meanings set forth below:

## DEFINITIONS

1. "You" means Charles Yash and any employees, consultants, agents, attorneys or others acting or purporting to act on your behalf.

2. "Callaway" means Callaway Golf Company, and any parent subsidiary, partner (including general and limited partners) member and/or affiliated entities, past or present, of Callaway, and any person or entity, past or present, acting on behalf of Callaway, including each of its present officers, executives, general partners, limited partners, directors, employees, attorneys, agent and/or representatives. The term "Callaway" shall include all predecessors in interest to all or any portion of its golf ball-related business, including, without limitation, the Top-Flite Golf Company.

3. "Spalding" means Spalding Sports Worldwide, Inc. and any parent, subsidiary, partner (including general and limited partners) member and/or affiliated entities, past or present of Spalding, and any person or entity, past or present, acting on behalf of Spalding, including each of its present and former officers, executives, general partners, limited partners, directors, employees, attorneys agents and/or representatives. "Spalding" shall include all predecessors and successors in interests to all or any portion of its golf ball-related business, including, without limitation, the Top-Flite Golf Company.

4. "Patents-in-suit" means U.S. Patent Nos. 6,210,293; 6,503,156; 6,506,130; and 6,595,873.

5. The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text to be considered a separate "Document."

6. "Thing" means any tangible object other than a Document.

7. "Person" or "Persons" includes not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

8. "Including" shall mean "including but not limited to."

9. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

10. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

11. The terms "refer," "referring," "relate," or "relating," as used herein include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any factually or logically relevant to the matter described in the request.

## DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 1

All Documents and Things relating to any communication between You and Callaway regarding the lawsuit *Callaway Golf Company v. Acushnet Company*, C.A. No. 06-91 (SLR) pending in the United States District Court for the District of Delaware.

REQUEST FOR PRODUCTION NO. 2

All Documents and Things relating to any communication between You and any third party regarding the lawsuit *Callaway Golf Company v. Acushnet Company*, C.A. No. 06-91 (SLR) pending in the United States District Court for the District of Delaware.

REQUEST FOR PRODUCTION NO. 3.

All Documents and Things relating to any portion of any File History of any patent or patent application claiming priority under the United States Patent Act to United States Patent Application Serial No. 08/070,510 including without limitation the Patents-in-Suit.

REQUEST FOR PRODUCTION NO. 4.

All Documents and Things relating to one or more of the Patents-in-Suit.

REQUEST FOR PRODUCTION NO. 5.

All Documents and Things relating to the validity, invalidity, infringement or non-infringement of one or more of the Patents-in-Suit.

REQUEST FOR PRODUCTION NO. 6

All Documents and Things relating to any communication between You and Callaway regarding any version of the Titleist Pro V1, Pro V1x, and Pro V1★ golf balls.

REQUEST FOR PRODUCTION NO. 7

All Documents and Things relating to any communications between You and Callaway regarding the Acushnet Company or the Titleist brand.

REQUEST FOR PRODUCTION NO. 8

All Documents and Things relating to any communications between You and Callaway regarding Callaway's golf ball business.

REQUEST FOR PRODUCTION NO. 9

All Documents and Things relating to comparisons between any version of the Titleist Pro V1, Pro V1x, or Pro V1★ golf balls and any Callaway or Spalding golf ball.

REQUEST FOR PRODUCTION NO. 10

All Documents and Things relating to any valuation of Spalding or any Spalding asset, including without limitation its intellectual property assets, including the Patents-in-Suit.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 2, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114

I hereby certify that on April 2, 2007, I have Electronically Mailed the documents to the following:

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
scherkenbach@fr.com

Robert A. Denning
David S. Shuman
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA  92130
denning@fr.com
shuman@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030