# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
(302) 778-8407

Email
halkowski@fr.com

May 9, 2007

**VIA ECF AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    *Callaway Golf Company v. Acushnet Company*
       USDC-D. Del. - C.A. No. 06-91-SLR

Dear Chief Judge Robinson:

This is in response to Acushnet's May 9, 2007, letter regarding Acushnet's effort to use Dr. Felker as an expert in this matter despite his prior exposure to Callaway Golf's privileged and confidential work product, including information concerning prior art *directly* at issue in this suit.[1]

A hearing was held on February 8, 2007, regarding Callaway Golf's motion to disqualify Dr. Felker (see D.I. 84, 95, 100, and 112.)  Toward the end of the hearing, the Court stated that the "only remaining issue" was whether "information truly was shared with Dr. Felker". (D.I. 112, at 56-57.)  The parties then scheduled Dr. Felker's deposition for March 9th.  Attached hereto is a minuscript copy of Dr. Felker's deposition and the deposition exhibits.  In response to Acushnet's comments regarding the Felker deposition transcript, Callaway Golf provides the following for consideration by the Court:

**1.  April 27, 1999 Legal Analysis Binders**:  At his deposition, Dr. Felker generally recalled having a meeting with Mr. Fowler, outside counsel for Callaway Golf, and others where an analysis of patents was presented as part of a freedom to operate assessment, but could not remember details.[2]  *See, e.g.,* Felker Depo Tr. at 44:3 -

---

[1]  No response is warranted regarding the carping at the beginning of Acushnet's letter, including its distorted description of Callaway Golf's good faith efforts to provide the Court with a *single* letter briefly setting forth relevant information from both parties.

[2]  Dr. Felker's inability to recall details at his deposition regarding the privileged information that was shared with him is not surprising, given that he has not recently seen this material.  *See* Felker Depo Tr. 172:3 – 174:18 (discussing Dr. Felker's minimal deposition preparation).  Clearly, if Dr. Felker were again to immerse himself in these issues, there would be no way for him to compartmentalize the

Fish & Richardson p.c.

The Honorable Sue L. Robinson
May 9, 2007
Page 2

46:19; 100:2 - 111:15; and 174:19 - 177:20.  This meeting is also specifically documented via redacted client invoices.  Felker Depo Exs. 16 and 17.

Callaway Golf has submitted other evidence showing that Dr. Felker participated at the April 27, 1999, meeting where a written legal analysis of the golf ball patent landscape was presented by Mr. Fowler.  *See, e.g.,* Felker Depo Ex. 15 (D.I. 81) (Fowler Decl.) at ¶ 10; *see also* D.I. 112, at 56-57.  At that meeting at least one binder of legal analysis was presented that included an assessment of prior art directly at issue in this suit.[3]  *Id.*

**2. Additional Testimony Re Exposure to Privileged Information:**  Dr. Felker did not dispute key portions of sworn statements provided by Messrs. Rider, Catania and Fowler that show Dr. Felker was exposed to extensive privileged information.  *See, e.g.,* Felker Depo Tr. at 75:13-77:13; 82:10-86:17; 91:1-107:11; *see generally* Felker Depo Ex. 9 (D.I. 79) (Rider Decl.); Felker Depo Ex. 14 (D.I. 83) (Catania Decl.); Felker Depo Ex. 15 (D.I. 81) (Fowler Decl.).[4]

**3. No Waiver of Privilege:**  Acushnet has argued that Callaway Golf waived its privilege over the legal analysis set forth in the binders presented in April 27, 1999, by using the binders to refresh Dr. Felker's recollection in preparation for his testimony in a prior suit referred to as the "Maxfli case."  While Dr. Felker was not sure whether he "might have seen" the binder of patent analysis before testifying at trial, Dr. Felker did confirm that: (i) he did not "read through that binder of patent analysis" in the course of preparation for his testimony in the Maxfli case; and, in any event, (ii) he did not provide any specific patent analysis as part of his testimony in the Maxfli case.  Felker Depo Tr. at 42:18 – 46:2.  Thus, no such waiver occurred.

---

privileged information that was previously shared with him, including assessments of prior art directly at issue in this suit.

[3] The prior art was discussed in the context of a patent referenced as the '831 Sullivan patent.  A copy of the privileged April 27, 1999, binder of legal analyses was provided to the Court in camera at the February 8th hearing.

[4] One of the principal areas where an apparent dispute exists amongst the witnesses concerns Dr. Felker's involvement regarding the formal opinion that Callaway Golf ultimately received regarding the '831 patent.  *See, e.g.,* Felker Depo Tr. at 111:16 – 114:18.  However, the difference in recollections regarding this issue need not be resolved, given that no dispute exists regarding Dr. Felker's exposure to Mr. Fowler's April 27, 1999, analysis of the '831 patent, which included an assessment of prior art references directly at issue in this suit.

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
May 9, 2007
Page 3

Callaway Golf is prepared to provide any additional information the Court may desire to resolve this issue.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH/jrm

Enclosure by hand only

cc: Clerk of the Court (with enclosure)(by hand)
    Counsel of Record (without enclosure)(by electronic mail)