**E-Mail Request for Emergency Relief**

1. Case Number: 06-cv-91-SLR

2. Check the box that applies:

   ✓ Requesting a teleconference with the parties and the court
   ☐ Requesting an in-person conference with the parties and the court
   ☐ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   Acushnet has now flatly refused to produce its CEO, Wally Uihlein, for deposition despite various scheduling accommodations offered by Callaway. Acushnet's main defense on the merits is that the patents-in-suit are obvious and represent no advance in golf ball design. But Mr. Uihlein believed the new technology was so important that he ordered the re-tooling of Acushnet's production lines to manufacture the accused Pro V1 balls, a move he personally referred to as a "bet the farm" decision. After the launch, Mr. Uihlein himself stated that the new technology was "the most massive paradigm shift ever seen in the golf ball category" and touted that "[t]he Pro V1 saved this company." Acushnet now seeks to bury those statements. Other deposition topics concern the fact that Acushnet's documents show Mr. Uihlein receiving regular updates on the development of the Pro V1 and participating in marketing decisions regarding how to position the Pro V1 against Callaway's competing golf ball.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Brian Rosenthal

5. Response of opposing counsel to this request:

   Acushnet has refused to produce Mr. Uihlein for deposition, despite efforts to meet and confer via phone and email, including Callaway's offer to schedule Mr. Uihlein's deposition at a convenient time in the Fall.

6. Name of local counsel making this request: Thomas L. Halkowski

7. Today's Date: May 25, 2007

*****************************************************************************

For court use only:

☐ A teleconference will be held on _____ to be coordinated and initiated by

☐ An in-person discovery conference will be held on:

☑ Other:

The court will not order the deposition of a CEO without a proffer of what information the CEO has to impart, over and above what other executives have already testified to.

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:   06 -cv- 91  -SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

   Callaway has trumped up reasons to depose Acushnet's CEO without showing that he has any information relevant to this case that has not been obtained from other sources, as courts usually require. See, e.g., Evans v. Allstate, 216 F.R.D. 515. Callaway has deposed several senior executives ad nauseam about Acushnet's manufacturing changes to make the Pro V1, and that ball's success. It has never shown that any of this has any nexus to the technology of its patents to be relevant. Nonetheless, Callaway has obtained ample information already, and Mr. Uihlein's testimony would add nothing. The fact that a CEO was informed of the development and marketing of the Pro V1 also does not warrant deposing him. Callaway's motivation to depose Mr. Uihlein appears to be to burden Acushnet, rather than obtain needed information. Acushnet does not plan to call Mr. Uihlein at trial.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: David E. Moore

4. Today's Date: May 29, 2007

*********************************************************************************