IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>ACUSHNET COMPANY,<br><br>           Defendant. | C. A. No. 06-91 (SLR) |

**DECLARATION OF ROLF HILLE IN SUPPORT OF PLAINTIFF CALLAWAY GOLF COMPANY'S RESPONSE TO ACUSHNET'S JULY 27, 2007 STATUS REPORT**

I, Rolf Hille, declare as follows:

1.  I am Director of Practice Systems for Fish & Richardson P.C., counsel of record in this action for Callaway Golf Company. Prior to joining Fish & Richardson, I spent 30 years working for the United States Patent and Trademark Office in various capacities including patent examiner, patent program specialist, supervisory patent examiner, and Technology Center Director. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.  Since the *inter partes* reexamination process was established in 1999, there have been approximately 280 *inter partes* requests filed. I analyzed every single one of these filings by examining the transactional history of each of the cases to determine how quickly these applications make their way through the Patent and Trademark Office (PTO). Specifically, I analyzed the transaction history for each of the *inter partes* reexaminations filed to date using the Patent Application Information Retrieval (PAIR) system maintained by the PTO.

3.  Based upon my review, it takes the PTO over a year and a half to issue a right of appeal notice, which means the examiner's decision is final and the case is ripe for appeal to the Board of Patent Appeals and Interferences (BPAI). However, even for those applications which

are not appealed, it takes almost two years on average for the PTO to issue a Notice of Intent to Issue *Inter Partes* Reexamination Certificate (NIRC), which is a notice that the examiner must complete upon conclusion of the *inter partes* reexamination proceeding. Some *inter partes* reexaminations have taken more than three years just to get a NIRC – even without an appeal.

4.      If appropriate, at this time, an examiner's amendment will also be prepared. For each claim that is found patentable, reasons must be given as to why. In addition, the examiner must prepare the reexamination file so that the Office of Publications can prepare and issue a certificate, in accordance with 35 U.S.C. 316 and 37 C.F.R. 1.997, setting forth the results of the reexamination proceeding and the content of the patent following the proceeding.

5.      If however, a party decides to appeal the PTO's decision following the close of prosecution (see paragraph 3 above), the process takes much longer. Before actually filing the appeal to the BPAI, it generally takes another four months from the close of prosecution for the PTO to issue a right of appeal notice so that the patent owner can exercise its first layer of potential appeals.

6.      The next step from here would be to appeal any decision to the BPAI. From my review, it takes almost three years from granting a request for *inter partes* reexamination to have the issue ripe before the BPAI, which is the first avenue of appeal. 33 of the approximately 280 *inter partes* reexaminations filed to date have reached the BPAI.

7.      In only two of those 33 cases has the BPAI issued a decision. In both cases, docket numbers 95/000,006 and 95/000,009, it took the BPAI over four years from the request date to issue a decision. Furthermore, in both cases the examiner was rejected in part and affirmed in part. Neither case is ripe for appeal to the Federal Circuit because one was remanded to the examiner based on a new ground for rejection and the other is still in prosecution because the patent owner amended claims after the Board's decision.

8.      After the BPAI issues a final decision, then either party may seek a rehearing.

9.  The next level of review would be an appeal to the Federal Circuit Court of Appeals.  To date, no decisions have made it to the stage where they are ripe for appeal to the Federal Circuit Court of Appeals.

10.  The reexaminations concerning the patents-in-suit are moving even slower than the two re-examinations that have received Board decisions.  For example, in both of the cases that have received Board decisions, they received actions closing prosecution within 3 and 10 months respectively.  For the patents-in-suit, it took the Patent Office more than a year before issuing first office actions.  It has been over 18 months since Acushnet requested that the patents-in-suit be reexamined and still none have received actions closing prosecution.  The chart below demonstrates the pace that the patents-in-suit are moving through the Patent Office:

| Docket No. | Request Date | First Office Action | Action Closing Prosecution | Right of Appeal Notice | BPAI Decision | Appeal to Fed. Cir. |
|---|---|---|---|---|---|---|
| **Status of *Inter Partes* Reexaminations That Have Received a Board Decision** | | | | | | |
| 95/000,006 | 12/04/2002 | 02/06/2003 – 2 months after request | 10/07/2003 -- 10 months after request | 03/02/04 – 15 months after request | 03/26/2007 – 4 years and 4 months after request | Not yet ripe |
| 95/000,009 | 01/08/2003 | 04/07/2003 – 3 months after request | 04/07/2003 – 3 months after request | 07/31/2003 – 7 months after request | 03/27/2007 – 4 years and 3 months after request | Not yet ripe |
| **Status of *Inter Partes* Reexaminations for the Patents-In-Suit** | | | | | | |
| 95/000,120 | 01/17/2006 | 02/27/2007 – over 13 months after request | No action yet | No notice yet | | |
| 95/000,121 | 01/17/2006 | 02/27/2007 – over 13 months after request | No action yet | No notice yet | | |
| 95/000,122 | 01/17/2006 | 01/30/2007 – over 1 year after request | No action yet | No notice yet | | |
| 95/000,123 | 01/17/2006 | 01/30/2007 – over 1 year after request | No action yet | No notice yet | | |

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of July, 2007, at Washington D.C.

*Rolf Hille*

Rolf Hille

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2007, the attached document was electronically filed with the Clerk of Court  using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on July 30, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi, Esq.<br>Joseph P. Lavelle<br>Brian Rosenthal<br>Clint Brannon<br>Kenneth Donnolly<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004<br>grimaldia@howrey.com<br>lavellej@howrey.com<br>rosenthalB@howrey.com<br>brannonC@howrey.com<br>donnellyk@howrey.com | Attorneys for Defendant<br>ACUSHNET COMPANY |

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski

50429101.doc

1