**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ACUSHNET COMPANY'S RESPONSE TO CALLAWAY GOLF COMPANY'S PROFFER REGARDING ITS REQUEST TO DEPOSE WALLY UIHLEIN**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Acushnet Company*

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: July 25, 2007
Public Version Dated: August 1, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... I

I. INTRODUCTION .......... 1

II. CALLAWAY HAS FAILED TO DEMONSTRATE THAT THE INFORMATION IT SEEKS FROM MR. UIHLEIN IS RELEVANT TO THIS CASE .......... 2

A. The motivations behind Acushnet's development and launch of the Pro V1 are irrelevant to this case .......... 2

B. Callaway has proffered no evidence that Mr. Uihlein attributed any success of the Pro V1 to the technology of the patents-in-suit .......... 3

III. CALLAWAY SHOULD NOT BE ALLOWED TO DEPOSE MR. UIHLEIN SINCE IT HAS NOT USED LESS INTRUSIVE DISCOVERY METHODS TO TRY TO OBTAIN THE INFORMATION IT SEEKS .......... 5

A. Established case law protects senior executives from being deposed regarding information that could be obtained from more junior sources or less intrusive discovery methods .......... 5

B. Callaway has (or could have) obtained the information it seeks from more junior Acushnet employees already deposed. .......... 6

C. Callaway failed to use written discovery methods to obtain much of the information sought from Mr. Uihlein .......... 9

IV. MR. UIHLEIN POSSESSES NO RELEVANT KNOWLEDGE ON WILLFULNESS .......... 9

V. CONCLUSION .......... 11

## I.     INTRODUCTION

On May 25, 2007, Callaway Golf Company ("Callaway") filed an E-Mail Request for Emergency Relief with the Court, seeking to depose Mr. Wally Uihlein, CEO of Acushnet Company ("Acushnet"). (Exhibit A hereto). On July 10, 2007, Callaway submitted a Proffer Regarding its Request to Depose Wally Uihlein, setting forth the reasons that it sought to have such a senior employee of Acushnet compelled to submit to being deposed. [D.I. 176]. On July 13, 2007, Acushnet filed an E-Mail Request for Emergency Relief requesting the Court's permission to file a written response to Callaway's Proffer, and the Court granted such permission. (Exhibit B hereto). Acushnet therefore herein provides its written response, and respectfully requests that the Court deny Callaway's request for the extraordinary measure of requiring a CEO of a major corporation to be deposed in a matter about which he has no relevant information that could not already have been obtained from other employees in depositions that have already been taken.

Callaway's proffer contains a small collection of quotes from Mr. Uihlein, often taken out of context and misrepresented, in an attempt to claim that Mr. Uihlein possesses information relevant to this case that is unavailable elsewhere. When such quotes are examined, it is clear that Callaway is either requesting to investigate areas that are irrelevant to this matter, or is seeking to depose Mr. Uihlein on subject matter on which he is neither the sole nor most knowledgeable source. The quotes Callaway cites show that Mr. Uihlein has acted as a CEO generally acts with respect to the Pro V1 – commenting on the big picture, while delegating day-to-day operating tasks to more junior executives. Callaway's reasoning in this request could easily be applied to **any** CEO of **any** corporation in **any** patent infringement dispute. The Court should not permit Callaway to perform an end-run around the long established restrictions on depositions of senior executives because it has failed to ask the correct questions to Acushnet employees it has already deposed.

## II. CALLAWAY HAS FAILED TO DEMONSTRATE THAT THE INFORMATION IT SEEKS FROM MR. UIHLEIN IS RELEVANT TO THIS CASE

### A. The motivations behind Acushnet's development and launch of the Pro V1 are irrelevant to this case

Callaway seeks information regarding Mr. Uihlein's "motivations for orchestrating the development and launch of the Pro V1 golf ball." [D.I. 176, Callaway Proffer at 2]. Acushnet's motivations behind the development and launch of the Pro V1 are not relevant to this litigation. The primary issues presented in this case are a) whether the four patents-in-suit are valid; and b) whether Acushnet's Pro V1 golf balls infringe those patents. [redacted] These questions have no relevance to this litigation.

First, the first of the patents-in-suit to issue did not issue until April 3, 2001.[1] Thus, when the Pro V1 was first released in October of 2000, the patents-in-suit had not yet issued. Any statements Mr. Uihlein may have made regarding introducing the Pro V1 prior to that time cannot be relevant to infringement, since it is impossible to infringe a patent that has not yet issued.

Second, the questions Callaway proposes to ask Mr. Uihlein presume that Acushnet made the decision to develop the Pro V1 after Callaway released the Rule 35 golf ball. That presumption is indisputably untrue. [redacted]

---

[1] The patents issued on the following dates: US Patent No. 6,210,293, April 3, 2001; US Patent No. 6,503,156, January 7, 2003; US Patent No. 6,506,130, January 14, 2003; US Patent No. 6,595,873, July 22, 2003.



Third, Acushnet's motivations to introduce the Pro V1 ball when it did, which Callaway also apparently seeks to explore with Mr. Uihlein, are irrelevant to infringement. It has been settled law for well over 150 years that the question of motivation has no relevance to the question of actual infringement. "This question [of infringement] is one irrespective of motive. The defendant may have infringed without intending; or even knowing it, but he is not, on that account, the less an infringer." *Parker v. Hulme*, 18 F. Cas. 1138, 1143 (E.D. Penn. 1849). The information that Callaway seeks regarding Acushnet's motivations for the launch of the Pro V1 is therefore, as a matter of law, irrelevant to the question of infringement.[2]

**B. Callaway has proffered no evidence that Mr. Uihlein attributed any success of the Pro V1 to the technology of the patents-in-suit**

Callaway's proffer

---

[2] While motivation can be relevant to a finding of willfulness, and thus affect damages, Callaway does not at any stage of its proffer suggest this is its reason for seeking to depose Mr. Uihlein. Even if Callaway is intending to seek information regarding willfulness, the Court should still not require this deposition to go ahead, as such information is better sought from other sources, including individuals to who have already been, or will be deposed. Under existing case law, a deposition of a senior executive will not be ordered under such circumstances. *See infra* III and IV.

misses the point. The fact that the Pro V1 has been a very successful golf ball is hardly in dispute. The relevant legal question for obviousness, however, is whether there is a "nexus" between the commercial success of the Pro V1 and the technology of the patents-in-suit. That is, is the commercial success of the Pro V1 due to the fact that it allegedly uses the patented technology?



4

## III. CALLAWAY SHOULD NOT BE ALLOWED TO DEPOSE MR. UIHLEIN SINCE IT HAS NOT USED LESS INTRUSIVE DISCOVERY METHODS TO TRY TO OBTAIN THE INFORMATION IT SEEKS

Even if the information Callaway seeks from Mr. Uihlein was relevant, which the above discussion demonstrates it is not, Callaway has not pursued the appropriate course of discovery that must be followed before deposing a CEO, such as written discovery requests or attempting to obtain the information from more junior executives.

### A. Established case law protects senior executives from being deposed regarding information that could be obtained from more junior sources or less intrusive discovery methods.

Courts have recognized that while the Federals Rules contain liberal discovery rules, there exists a potential for harassment of senior corporate executives by requiring them to be deposed on matters upon which they do not have personal knowledge, or upon which there are more junior employees equally or better suited to testify. *See Salter v. Upjohn*, 593 F.2d 649, 651 (issuing protective order preventing the deposition of a company president where plaintiff had failed to obtain that information by deposing lower level employees); *see also Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (upholding protective order against deposition of Chairman of IBM, noting "[m]oreover, [plaintiff] made no attempt to demonstrate that the information she seeks to obtain from [the Chairman] could not be gathered from other IBM personnel, for whom a deposition might have been less burdensome."); *see also Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991). The Federal Rules themselves grant courts the right to control the taking of depositions. "*Fed. R. Civ. P.* 26 specifically gives the Court authority to limit discovery if it determines that the discovery sought is obtainable from other sources, that is those that are more convenient and less burdensome." *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985).

If Callaway wishes to depose Mr. Uihlein, it must demonstrate first that it has attempted to obtain the information sought through less burdensome methods. *See Mulvey*, 106 F.R.D. at 366 (requiring written interrogatories to be used to seek information before court will consider ordering deposition of senior executive); *see also McMahon v. Presidential Airways, Inc.*, 2006 U.S. Dist. LEXIS 4909, at *7 (M.D. Fla. Jan. 18, 2006) ("An officer at the apex of the corporation can only de deposed if he or she has unique knowledge or the subject matter requested in deposition was pursued unsatisfactorily through less intrusive means."); *see also Folwell v. Aymara Sanchez Hernandez*, 210 F.R.D. 169, 173 (M.D. N.C. 2002) (suggesting use of written interrogatories). Callaway must then further prove that Mr. Uihlein, rather than any more junior employees, is the only potential source for this information. *See Baine*, 141 F.R.D. at 335; *see also Travellers Rental Co. v. Ford Motor Co.*, 116 F.R.D. 140 (D.Mass. 1987) (requiring showing that high level employee possesses unique and personal knowledge); *see also McMahon*, 2006 U.S. Dist. LEXIS 4909 at *7.



**B.     Callaway has (or could have) obtained the information it seeks from more junior Acushnet employees already deposed.**

7



Case 1:06-cv-00091-SLR   Document 192   Filed 08/01/07   Page 9 of 14 PageID #: 3485

Callaway should not be allowed to harass Mr. Uihlein with an unnecessary deposition regarding facts about which it chose not to ask lower level employees.

If that were sufficient reason to depose the CEO of a major corporation, then virtually every CEO of every corporation involved in patent litigation

5

would be subject to deposition. Such a finding would undercut the basis of all the case law allowing for protection of such senior executives. (*See supra* III A).

**C. Callaway failed to use written discovery methods to obtain much of the information sought from Mr. Uihlein**

Courts have issued protective orders preventing the depositions of senior executives in situations where the information can be better obtained though written methods. *See Mulvey*, 106 F.R.D. 364 (refusing to require deposition of Chrysler Chairman Lee Iacocca until written interrogatories were submitted, and the court found the answers to be insufficient).

     [redacted] Senior corporate executives should not be deposed until plaintiffs have attempted to obtain such information from more junior employees who can be deposed without undue hardship to the corporation. If such depositions do not produce information that the Court sees as sufficient, then a senior executive deposition may be permitted. *See Salter*, 593 F.2d 649; *see also Baine*, 141 F.R.D. 332.

[redacted] As such, the Court should reject Callaway's demand as untimely.

## V. CONCLUSION

Callaway's request to depose Mr. Uihlein can be seen only as an attempt to harass Mr. Uihlein and Acushnet. As CEO of a major corporation, Mr. Uihlein is an extremely busy individual. Callaway has failed to proffer any facts that Mr. Uihlein could testify to that could not have been obtained through other employees already deposed or less intrusive discovery methods. Accordingly, the Court should deny Callaway's request.

If the Court determines that such a deposition should occur, Acushnet requests that the Court take steps to prevent it becoming a fishing expedition by Callaway. As such, Acushnet requests that any permitted deposition be limited in length to a maximum of 2 hours, and be restricted to only those specific topics listed in Callaway's proffer that the Court determines are relevant and not obtainable through other sources.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: July 25, 2007
Public Version Dated: August 1, 2007

810188 / 30030

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 1, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 1, 2007, I have Electronically Mailed the document to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Robert A. Denning
David S. Shuman
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
denning@fr.com
shuman@fr.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030