IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY<br><br>      Plaintiff,<br>v.<br><br>ACUSHNET COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 06-91 (SLR)<br><br>**JURY TRIAL DEMANDED** |

**ACUSHNET COMPANY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
THAT U.S. PATENT NO. 4,431,193 TO NESBITT INCORPORATES
U.S. PATENT NO. 4,274,637 TO MOLITOR BY REFERENCE**

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: August 7, 2007

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

INTRODUCTION ...................................................................................................... 1

I.  NATURE AND STAGE OF PROCEEDINGS ................................................ 1

II. STATEMENT OF FACTS ................................................................................ 2

III. APPLICABLE LAW ......................................................................................... 3

IV. NESBITT EFFECTIVELY INCORPORATES MOLITOR '637 BY REFERENCE ....... 5

V.  CONCLUSION .................................................................................................. 6

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*Advanced Display Sys., Inc. v. Kent State Univ.*,
   212 F.3d 1272, 1283 (Fed. Cir. 2000)..................................................................1, 3, 4

*In re Fracalossi*,
   681 F.2d 792, 796 (C.C.P.A. 1982) (Miller, J. concurring).......................................3

*In re Hughes*,
   550 F.2d 1273 (C.C.P.A. 1977) ..................................................................................4

*In re Voss*,
   557 F.2d 812, 816 (C.C.P.A. 1977) .........................................................................4, 5

*Schering Corp. v. Geneva Pharms*,
   339 F.3d 1373, 1379-80 (Fed. Cir. 2003) ..................................................................3

*SmithKline Beecham Corp. v. Apotex Corp.*,
   403 F.3d 1331, 1343 (Fed. Cir. 2005).........................................................................3

*Southern Clay Products, Inc. v. United Catalysts, Inc.*,
   43 Fed. Appx. 379 (Fed. Cir. 2002)........................................................................4, 5

*SRI Int'l, Inc. v. Internet Sec. Sys.*,
   456 F. Supp.2d 623, 627 n.23 (D. Del. 2006)............................................................5

*Telcordia Tech., Inc. v. Lucent Tecbrah.*, C.A. Nos., 04-875 GMS, 04-876 GMS,
   2007 U.S. Dist LEXIS 31960 (D. Del. May 1, 2007)................................................4

*W.L. Gore & Assocs., Inc. v. Garlock, Inc.*,
   721 F.2d 1540, 1562 n.10 (Fed. Cir. 1983)................................................................3

**STATUTES**

35 U.S.C. 102(b).................................................................................................................1

35 U.S.C. § 102(b)..............................................................................................................1

35 U.S.C. § 103..................................................................................................................1

**OTHER AUTHORITIES**

U.S. Patent No. 2,920,971 ................................................................................................5

U.S. Patent No. 4,274,637 ................................................................................................1

U.S. Patent No. 4, 431,193 ...............................................................................................1

**INTRODUCTION**

Defendant Acushnet Company ("Acushnet") files this Memorandum in Support of Its Motion for Partial Summary Judgment that U.S. Patent No. 4,431,193 ("Nesbitt") (Ex. 1) incorporates by reference U.S. Patent No. 4,274,637 ("Molitor '637") (Ex. 2). As incorporation by reference is a question of law, it is appropriate for the Court to rule on this issue at this time. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1283 (Fed. Cir. 2000). Furthermore, the Court's decision on this matter will greatly streamline the present litigation because Nesbitt incorporating Molitor '637 by reference anticipates each claim of the patents-in-suit. As Callaway's purported "commercial success" evidence is of no relevance to an anticipation analysis, the fact that Nesbitt and Molitor '637 anticipate each claim of the patents-in-suit effectively disposes of Callaway's claims of patent infringement.

**I.      NATURE AND STAGE OF PROCEEDINGS**

This is a patent infringement suit in which Callaway asserts that Acushnet infringes four patents.[1] A two-week jury trial is scheduled to begin on December 3, 2007. Callaway alleges that Acushnet's Pro V1 line of golf balls infringes the four patents-in-suit. Acushnet disputes infringement and contends that the patents-in-suit are invalid. One of several invalidity defenses Acushnet asserts is that the patents-in-suit are anticipated under 35 U.S.C. § 102(b) by Nesbitt incorporating Molitor '637 by reference. Acushnet has filed a Motion for Summary Judgment of Invalidity of the asserted claims simultaneously with the present motion. That Motion and the attached claim charts show how Nesbitt and Molitor '637 teach each limitation of Callaway's asserted claims. As such, the only remaining question is whether this prior art invalidates the asserted claims by anticipation under 35 U.S.C. 102(b) or obviousness under 35 U.S.C. § 103.

---

[1] U.S. Patent Nos. 6,210,293 ("the '293 patent"); 6,506,130 ("the '130 patent"); 6,503,156 ("the '156 patent"); and 6,595,873 ("the '873 patent") (collectively "the patents-in-suit").

## II. STATEMENT OF FACTS

The Molitor '637 and Nesbitt patents were issued in the early 1980s. Both are prior art against all of the patents-in-suit, which have an effective filing date of 1995.

As discussed in more detail in Acushnet's Memorandum in Support of Its Motion for Summary Judgment, Nesbitt is directed to a golf ball with a core, a hard inner cover layer, and a soft outer cover layer. (*See* Ex. 1 at col. 1, lines 36-56.) Molitor '637 claims and describes a number of foamable compositions for use as golf ball cover layers. (*See, e.g.,* Ex. 2 at col. 5, lines 30-55.) in particular, Molitor '637 identifies eight specific foamable compositions. One of these foamable compositions is an ionomer composition.[2] (*See* Ex. 2 at col. 3, lines 36-42.) The remaining seven foamable compositions disclosed in Molitor '637 are non-ionomeric foamable compositions. (*See* Ex. 2 at col. 5, lines 27-55.)

Nesbitt specifically describes an inner cover layer made of the ionomer resin Surlyn 1605, and an outer cover layer of Surlyn 1855. (*See id. at,* col. 3, lines 16-26.) Nesbitt, however, also incorporates by reference as cover layer materials the foamable compositions of Molitor '637 with the following explicit language:

> The inner, intermediate, or first layer or ply 14 and the outer cover, second layer or ply 16 or either of the layers may be cellular when formed of a foamed natural or synthetic polymeric material. Polymeric materials are preferably such as ionomer resins which are foamable. ***Reference is made to*** the application Ser. No. 155,658, of Robert P. Molitor issued into ***U.S. Pat. No. 4,274,637 which describes a number of foamable compositions of a character which may be employed for one or both layers 14 and 16 for the golf ball of this invention.***

(Ex. 1 at col. 3, lines 51-61.) (emphasis added).

Nesbitt further describes the use of these foamable materials in a two-piece golf ball, stating that the inner cover may be "partially or only slightly foamed" (Ex. 1. col. 3, line 63) and

---

[2] Callaway's expert, Dr. Risen, has admitted that the following foamable cover materials were disclosed in Molitor '637: polyurethane; vinyl resins; polyolefins; polyamides; polystyrene; acrylic resins; polyphenylene; Surlyn and balata. (*See* Ex. 3, Expert Report of Dr. William M. Risen at ¶ 102.)

that the material of the "outer or cover layer or second layer may be foamed to a greater degree that the inner [] layer." (*Id.* at col. 3, lines 65-67.) Nesbit also states that through the use of foamable material for the first layer, the cover [outer layer] or both layers, the degree of foaming of one or the other or both layers may be altered to provide a variation in the coefficient of restitution of the ball." (Ex. 1 at col. 4, lines 7-11.)

Thus, Nesbitt refers specifically to Molitor '637, and identifies the materials that are to be incorporated into Nesbitt's invention. Specifically, Nesbitt identifies Molitor '637's "number of foamable compositions" for use in "one or both layers" of his golf ball. Furthermore, Nesbitt provides specific instructions as to how to use those materials in a multi-layer golf ball.

### III.  APPLICABLE LAW

Anticipation requires that a single prior art reference disclose each and every limitation of the claimed invention. *Schering Corp. v. Geneva Pharms*, 339 F.3d 1373, 1379-80 (Fed. Cir. 2003). "[A] prior art reference may anticipate without disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference." *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1343 (Fed. Cir. 2005). Furthermore, so-called secondary considerations are only relevant to obviousness cases, and have no relevance to an anticipation analysis. *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1562 n.10 (Fed. Cir. 1983) (Davis, J. dissenting); *In re Fracalossi*, 681 F.2d 792, 796 (C.C.P.A. 1982) (Miller, J. concurring) (stating that "the so-called 'secondary considerations' relevant to a case of prima facie obviousness are not considered for purposes of determining anticipation.")

Even if all the limitations of a claim are not found in a single prior art reference, material not explicitly disclosed in the reference may still be considered for purposes of anticipation if it is incorporated by reference into the prior art reference. *Advanced Display Sys.*, 212 F.3d at 1283. "Incorporation by reference provides a method for integrating material from various documents into a host document . . . by citing such material in a manner that makes clear that the

3

material is effectively part of the host document as if it were explicitly contained therein." *Id.* at 1282. Whether material has been incorporated by reference into a host document is a question of law. *Id.* at 1283.

In *In re Voss*, 557 F.2d 812, 816 (C.C.P.A. 1977), the court reversed the Board of Patent Appeals and Interferences and found that the language "*Reference is made to* United States Patent No. 2,920,971, granted to S. D. Stookey, for a general discussion of glass-ceramic materials and their production," was an effective incorporation by reference. *Voss* at 816-17 (emphasis added). The court found that "[i]t is clear that appellant intended the 'discussion of glass-ceramic materials and their production' in Stookey '971 to become part of his parent application." *Id.* at 817. Similarly, in *In re Hughes*, 550 F.2d 1273 (C.C.P.A. 1977), the court found that a subject Clampitt patent properly incorporated a reference by stating "*Reference is made to* application Ser. No. 131,108 for complete descriptions of methods of preparing aqueous polymeric dispersions applicable in the hereinafter described invention." *Hughes* at 1274-76 (emphasis added). The court went on to explain that "the 131,108 disclosure of these methods is part of the Clampitt disclosure and must be considered in determining what the reference as a whole would have fairly suggested to one of ordinary skill in the art." *Id.* at 1276.

The Federal Circuit has held that "[t]o incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Advanced Display Sys. Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). As recently as 2002, in *Southern Clay Products, Inc. v. United Catalysts, Inc.*, 43 Fed. Appx. 379 (Fed. Cir. 2002), the language of *In re Voss* was recognized to meet this standard, quoted with approval, and relied on by the Federal Circuit in holding that an incorporation by reference had been effected.

On the other hand, merely citing to a document with no explanation does not "identify material with detailed particularity." For example, the United States District Court for the District of Delaware has recently applied the standard for incorporation by reference set forth in *Southern Clay Products, Voss, and Hughes. See Telcordia Tech., Inc. v. Lucent Tecbrah.*, Nos.,

4

04-875 GMS, 04-876 GMS, 2007 U.S. Dist LEXIS 31960 at **32-38 (D. Del. May 1, 2007) (applying the test for incorporation by reference set forth in these cases and finding that the "referencing" document, a mere citation with no explanation, did not identify the specific subject matter that was to be incorporated); *see also SRI Int'l, Inc. v. Internet Sec. Sys.*, 456 F. Supp.2d 623, 627 n.23 (D. Del. 2006) (finding that a technical paper, "Emerald 1997," which merely cited to twenty-four other references did not incorporate the cited articles by reference).

## IV. NESBITT EFFECTIVELY INCORPORATES MOLITOR '637 BY REFERENCE

Nesbitt identifies both the referenced Molitor application serial number (Ser. No. 155,658) and patent number (U.S. Pat. No. 4,274,637), and directs attention to the specific subject matter ("a number of foamable cover layer materials") that is incorporated into Nesbitt. Nesbitt also provides explicit instructions regarding the use of these foamable compositions as the cover layers in his two-piece ball. Thus, Nesbitt's incorporation by reference of Molitor' 637 is not an instance where the referencing document merely "cites" to another document. Nesbitt discusses the use of Molitor '637's foamable compositions in detail.

The incorporation language examined in *In re Voss* and cited with approval by the Federal Circuit in *Southern Clay Products* is virtually identical to that used in Nesbitt. *Compare In re Voss,* 557 F.2d at 816 ("Reference is made to [U.S. Patent No. 2,920,971] . . . for a general discussion of glass-ceramic materials and their production") *with* Ex. 1 at col. 3, ll. 56-61 ("Reference is made to the application Ser. No. 155,658, of Robert P. Molitor issued into U.S. Pat. No. 4,274,637 which describes a number of foamable compositions of a character which may be employed for one or both layers 14 and 16 for the golf ball of this invention."). Hence, based on controlling case law, Nesbitt incorporates the foamable compositions of Molitor '637 by reference.

## V.   CONCLUSION

Therefore, for the foregoing reasons, Acushnet requests that its Motion for Partial Summary Judgment that Nesbitt Incorporates Molitor '637 by Reference be granted.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Joseph P. Lavelle<br>Kenneth W. Donnelly<br>Brian A. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 783-0800<br><br>Dated: August 7, 2007<br><br>811348 / 30030 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant Acushnet Company* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 7, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 7, 2007, I have Electronically Mailed the document to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com

Robert A. Denning
David S. Shuman
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA  92130
denning@fr.com
shuman@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
scherkenbach@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030