

09/776,278                                          P-3724-2-F1-C1-C1

## VERSION WITH MARKINGS TO SHOW CHANGES
## IN THE SPECIFICATION

The paragraph beginning at page 24, line 23 has been replaced with the following rewritten paragraph:

Other soft, relatively low modulus non-ionomeric thermoplastic elastomers may also be utilized to produce the outer cover layer as long as the non-ionomeric thermoplastic elastomers produce the playability and durability characteristics desired without adversely effecting the enhanced spin characteristics produced by the low acid ionomer resin compositions. Preferably, the non-ionomeric thermoplastic elastomers have a Shore D hardness of 64 or less. These include, but are not limited to thermoplastic polyurethanes such as: Texin[e]-thermoplastic polyurethanes from Mobay Chemical Co. and the Pellethane[e]-thermoplastic polyurethanes from Dow Chemical Co.; Ionomer/rubber blends such as those in Spalding U.S. Patents 4,986,545; 5,098,105 and 5,187,013; and, Hytrel[e]-polyester elastomers from DuPont and [pebax] Pebax[e] polyetheramides from Elf Atochem S.A.

Received from < 4133222575 > at 1/21/03 7:43:31 AM [Eastern Standard Time]

CW 0309086

ATTACHMENT  FROM  08/556,237  FILED 11/9/95

I claim:

    1. A golf ball comprising:

       a core;

       an inner cover layer having a Shore D hardness of 60 or more molded on said core, the inner cover layer comprising a blend of two or more low acid ionomer resins containing no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and

       an outer cover layer having a Shore D hardness of 64 or less molded on said inner cover layer, said outer cover layer comprising a relatively soft polymeric material selected from the group consisting of non-ionomeric thermoplastic and thermosetting elastomers.

    2.   A golf ball according to claim 1, wherein the inner cover layer has a thickness of about 0.100 to about 0.010 inches and the outer cover layer has a thickness of about 0.010 to about 0.70 inches, the golf ball having an overall diameter of 1.680 inches or more.

    3.   A golf ball according to claim 1 wherein the inner cover layer has a thickness of about 0.050 inches and the outer cover layer has a thickness of about 0.055 inches, the golf ball having an overall diameter of 1.680 inches or more.

-48-

Received from < 4133222575 > at 1/21/03 7:43:31 AM [Eastern Standard Time]

CW 0309087

4.   A golf ball according to claim 1 wherein the outer layer comprises a polyurethane based material.


5.   A multi-layer golf ball comprising:

a spherical core;

an inner cover layer having a Shore D hardness of about 60 or more molded over said spherical core, said inner cover layer comprising an ionomeric resin including no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid and having a modulus of from about 15,000 to about 70,000 psi;

an outer cover layer having a Shore D hardness of about 64 or less molded over said spherical intermediate ball to form a multi-layer golf ball, the outer layer comprising polyurethane based material.


8.   A multi-layer golf ball comprising:

a spherical core;

an inner cover layer molded over said spherical core to form a spherical intermediate ball, said inner cover layer comprising an ionomeric resin having no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid and having a modulus of from about 15,000 to about 70,000 psi;

an outer cover layer molded over said spherical intermediate ball to form a multi-layer golf ball, the outer layer

-49-

Received from <4133222575> at 1/21/03 7:43:31 AM [Eastern Standard Time]

CW 0309088



10    comprising  a  non-ionomeric  elastomer  selected  from  the  group
      consisting   of   polyester   elastomer,   polyester,   polyether
      polyurethane and polyester amide, said outer cover layer having a
      modulus in a range of about 1,000 to about 30,000 psi.

-50-

Received from < 4133222575 > at 1/21/03 7:43:31 AM [Eastern Standard Time]

CW 0309089

Case 1:06-cv-00091-SLR   Document 227-4   Filed 08/14/07   Page 5 of 61 PageID #: 5361

  

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 | 1289 |

7590      01/31/2003

Diane F. Covello, Esq.
Spalding Sports Worldwide, Inc.
425 Meadow Street
PO Box 901
Chicopee, MA   01021-0901

| EXAMINER |
|---|
| GORDON, RAEANN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 01/31/2003     14

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

CW 0309090

| *Advisory Action* | Application No. | Applicant(s) |
|---|---|---|
| | 09/776,278 | SULLIVAN, MICHAEL J. |
| | Examiner | Art Unit |
| | Raeann Gorden | 3711 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 21 January 2003  FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.
Therefore, further action by the applicant is required to avoid abandonment of this application. A proper reply to a
final rejection under 37 CFR 1.113 may only be either: (1) a timely filed amendment which places the application in
condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued
Examination (RCE) in compliance with 37 CFR 1.114.

PERIOD FOR REPLY [check either a) or b)]

a) ☐  The period for reply expires _____ months from the mailing date of the final rejection.

b) ☒  The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In
no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.
ONLY CHECK THIS BOX WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP
706.07(f).
Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension
fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension
fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or
(2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if
timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

1. ☐  A Notice of Appeal was filed on _____.  Appellant's Brief must be filed within the period set forth in
37 CFR 1.192(a), or any extension thereof (37 CFR 1.191(d)), to avoid dismissal of the appeal.

2. ☐  The proposed amendment(s) will not be entered because:

    (a) ☐  they raise new issues that would require further consideration and/or search (see NOTE below);

    (b) ☐  they raise the issue of new matter (see Note below);

    (c) ☐  they are not deemed to place the application in better form for appeal by materially reducing or simplifying the
issues for appeal; and/or

    (d) ☐  they present additional claims without canceling a corresponding number of finally rejected claims.
       NOTE: _____.

3. ☒  Applicant's reply has overcome the following rejection(s): *112, first paragraph*.

4. ☐  Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment
canceling the non-allowable claim(s).

5. ☒  The a)☐ affidavit, b)☐ exhibit, or c)☒ request for reconsideration has been considered but does NOT place the
application in condition for allowance because: *See Continuation Sheet*.

6. ☐  The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly
raised by the Examiner in the final rejection.

7. ☐  For purposes of Appeal, the proposed amendment(s) a)☐ will not be entered or b)☐ will be entered and an
explanation of how the new or amended claims would be rejected is provided below or appended.

The status of the claim(s) is (or will be) as follows:

Claim(s) allowed: *4-8*.

Claim(s) objected to: *2*.

Claim(s) rejected: *1 and 3*.

Claim(s) withdrawn from consideration: _____.

8. ☐  The proposed drawing correction filed on _____ is a)☐ approved or b)☐ disapproved by the Examiner.

9. ☐  Note the attached Information Disclosure Statement(s)( PTO-1449) Paper No(s). _____.

10. ☐  Other: _____.

Mark S. Graham
Primary Examiner

CW 0309091

**Continuation Sheet (PTO-303)**    Application No. 09/776,278

Continuation of 5. does NOT place the application in condition for allowance because:  Applicant's arguments regarding the prior art rejection are not persuasive..

2

CW 0309092



P-3724-2-F1-C1-C1          **PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of  Michael J. Sullivan

Serial No.:    09/776,278                    Examiner:  R. Gorden

Filing Date:  February 2, 2001               Group Art Unit:  3711

For: IMPROVED MULTI-LAYER GOLF BALL

Box AF
Commissioner for Patents & Trademarks
Washington, DC  20231

**FAX RECEIVED**

**FEB 2 5 2003**

**GROUP 3700**

Sir:

**RESPONSE TO FINAL OFFICE ACTION UNDER 37 CFR § 1.116**

This is in response to the Final Office Action mailed November 25, 2002, and
the Advisory Action mailed January 31, 2003, in connection with the present
application. Entry of the following amendment to the application is requested.

---

CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8a)

I hereby certify that this correspondence is, on the date shown below, being:

MAILING                                  FACSIMILE

___   deposited with the United States Postal    XX   transmitted by facsimile
      Service with sufficient postage as first class         to the Patent and Trademark
      mail, in an envelope addressed to the Assistant         Office to Examiner R. Gorden
      Commissioner for Patents, Washington,                   in TC3700 at 703-872-9303.
      D.C. 20231.

Date: ___2/25___, 2003

Laura J. Nolan

CW 0309093

09/776,278                                        P-3724-2-F1-C1-C1

## IN THE CLAIMS

Please cancel claim 2 without prejudice or disclaimer.

Please amend claim 1 as follows:

1.(AMENDED) A golf ball comprising:

a core;

an inner cover layer disposed on said core, said inner cover layer having a
thickness of from about 0.100 to about 0.010 inches, said inner cover layer comprising
a blend of two or more ionomer resins, at least one of which contains no more than
16% by weight of an alpha, beta-unsaturated carboxylic acid; and

an outer cover layer disposed on said inner cover layer, said outer cover layer
having a thickness of 0.010 to 0.070 inches, and said outer cover layer comprising a
polyurethane material,

wherein said golf ball has an overall diameter of 1.680 inches or more, said
inner cover layer having a Shore D hardness of at least 60, and said outer cover layer
having a Shore D hardness of less than 64.

## REMARKS

Reconsideration of the application and entry of the amendment are respectfully
requested. Claims 1 to 8 are currently pending, and no claims have been amended.

The Final Office Action mailed November 25, 2002 addressed claims 1 to 8.
Claims 1 to 8 were rejected. The Advisory Action mailed January 31, 2003 stated that
the 112 rejections were overcome by the amendment to the specification in the
Response filed on January 21, 2003. The Advisory Action also stated that claims 1 and
3 were rejected, claim 2 was objected to, and claims 4 to 8 were allowed.

Claims 1 and 3 were rejected under 35 U.S.C. 103(a) as being unpatentable
over Nesbitt in view of Sullivan '814 and Wu.

Although Applicant continues to respectfully disagree, in an effort to hasten
prosecution, claim 1 has been amended to incorporate the limitation of claim 2, which
was objected to by the Examiner, but would be allowable. Claim 3 depends from
amended claim 1, therefore claim 3 should also be allowable.

2

CW 0309094

09/776,278                                          P-3724-2-F1-C1-C1

For at least these reasons, Applicant respectfully submits that claims 1 and 3 are not obvious under 35 U.S.C. § 103(a) over Nesbitt in view of Sullivan and Wu. Applicant therefore respectfully requests that the rejection of claims 1 and 3 under 35 U.S.C. § 103(a) as obvious over Nesbitt in view of Sullivan and Wu be reconsidered and withdrawn.

Attached hereto is a marked-up version of the changes made to the application by this Amendment. The Examiner is invited to telephone Applicant's attorney if it is deemed that a telephone conversation will hasten prosecution of the application.

## CONCLUSION

Applicant respectfully requests reconsideration and allowance of each of the presently objected or rejected claims, claims 1 to 3. Applicant respectfully requests allowance of claims 1 and 3 to 8, the claims currently pending.

Respectfully submitted,

MICHAEL J. SULLIVAN

Customer No. 24492
Phone: (413) 322-2937

Date: _February 25_, 2003

By: _Michelle Bugbee_
Michelle Bugbee, Reg. No. 42,370
Spalding Sports Worldwide
Attorneys for Applicant
425 Meadow Street
P.O. Box 901
Chicopee, MA  01021-0901

cc: Richard M. Klein, Esquire (SLD 2 0035-3-3-1-1-1)

3

CW 0309095

09/776,278                                       P-3724-2-F1-C1-C1

## VERSION WITH MARKINGS TO SHOW CHANGES
## IN THE CLAIMS

Claim 2 has been canceled without prejudice or disclaimer.

Claim 1 has been amended as follows:

1.(AMENDED) A golf ball comprising:

    a core;

    an inner cover layer disposed on said core, said inner cover layer having a thickness of from about 0.100 to about 0.010 inches, said inner cover layer comprising a blend of two or more ionomer resins, at least one of which contains no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and

    an outer cover layer disposed on said inner cover layer, said outer cover layer having a thickness of 0.010 to 0.070 inches, and said outer cover layer comprising a polyurethane material,

    <u>wherein said golf ball has an overall diameter of 1.680 inches or more, said inner cover layer having a Shore D hardness of at least 60, and said outer cover layer having a Shore D hardness of less than 64.</u>

4

Received from <4133222575> at 2/25/03 3:13:16 PM [Eastern Standard Time]

CW 0309096



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 | 1289 |

7590    03/05/2003

Diane F. Covello, Esq.
Spalding Sports Worldwide, Inc.
425 Meadow Street
PO Box 901
Chicopee, MA  01021-0901

| EXAMINER |
|---|
| GORDON, RAEANN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 03/05/2003    #16

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

CW 0309097

| | Application No. | Applicant(s) |
|---|---|---|
| **Advisory Action** | 09/776,278 | SULLIVAN, MICHAEL J. |
| | Examiner | Art Unit | |
| | Raeann Gorden | 3711 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 25 February 2003 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE. Therefore, further action by the applicant is required to avoid abandonment of this application. A proper reply to a final rejection under 37 CFR 1.113 may only be either: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114.

<u>PERIOD FOR REPLY</u> [check either a) or b)]

a) ☒ The period for reply expires <u>4</u> months from the mailing date of the final rejection.

b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection. ONLY CHECK THIS BOX WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

1. ☐ A Notice of Appeal was filed on _____. Appellant's Brief must be filed within the period set forth in 37 CFR 1.192(a), or any extension thereof (37 CFR 1.191(d)), to avoid dismissal of the appeal.

2. ☒ The proposed amendment(s) will not be entered because:

    (a) ☒ they raise new issues that would require further consideration and/or search (see NOTE below);

    (b) ☐ they raise the issue of new matter (see Note below);

    (c) ☐ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

    (d) ☐ they present additional claims without canceling a corresponding number of finally rejected claims.

        NOTE: *See Continuation Sheet*.

3. ☐ Applicant's reply has overcome the following rejection(s): _____.

4. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

5. ☐ The a)☐ affidavit, b)☐ exhibit, or c)☐ request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____.

6. ☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

7. ☒ For purposes of Appeal, the proposed amendment(s) a)☒ will not be entered or b)☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

    The status of the claim(s) is (or will be) as follows:

    Claim(s) allowed: *4-8*.

    Claim(s) objected to: *2*.

    Claim(s) rejected: *1 and 3*.

    Claim(s) withdrawn from consideration: _____.

8. ☐ The proposed drawing correction filed on _____ is a)☐ approved or b)☐ disapproved by the Examiner.

9. ☐ Note the attached Information Disclosure Statement(s)( PTO-1449) Paper No(s). _____.

10. ☐ Other: _____.

Mark S. Graham
Primary Examiner

CW 0309098

**Continuation Sheet (PTO-303)**

Application No. 09/776,278

Continuation of 2. NOTE: amended claim 1 creates an objection to claim 3 (failure to further limit the base claim). Amended claim 1 and claim 3 both claim the diameter of the golf ball..

2

CW 0309099

FAX RECEIVED

MAR 11 '03   11:15AM PATENT DEPT

MAR 1 1 2003                    P.1/4

GROUP 3700



P-3724-2-F1-C1-C1        ・ PATENT
IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of  Michael J. Sullivan
Serial No.:   09/776,278              ・ Examiner:  R. Gorden
Filing Date:  February 2, 2001          Group Art Unit:  3711
For: IMPROVED MULTI-LAYER GOLF BALL

Box AF
Commissioner for Patents & Trademarks
Washington, DC  20231

DO NOT ENTER 3/19/00

Sir:

### RESPONSE TO FINAL OFFICE ACTION UNDER 37 CFR § 1.116

This is in response to the Final Office Action mailed November 25, 2002, and
the Advisory Actions mailed January 31, 2003 and March 5, 2003, in connection with
the present application.  Entry of the following amendment to the application is
requested.   Applicant believes that no extension of time is required as the Advisory
Action dated March 5, 2003 stated that the period for response expired 4 months from
the mailing date of the Final Rejection, which brings the period for response to March
25, 2003.

---

CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8a)

I hereby certify that this correspondence is, on the date shown below, being:

MAILING                                FACSIMILE

___    deposited with the United States Postal        XX    transmitted by facsimile
       Service with sufficient postage as first class        to the Patent and Trademark
       mail, in an envelope addressed to the Assistant       Office to Examiner R. Gorden
       Commissioner for Patents, Washington,                 in TC3700 at 703-872-9303.
       D.C. 20231.

Date:      3/11         , 2003              _____
                                              Laura J. Nolan

Received from < 4133222575 > at 3/11/03 11:14:29 AM [Eastern Standard Time]

CW 0309100



09/776,278                                          P-3724-2-F1-C1-C1

## IN THE CLAIMS

Please cancel claim 2 without prejudice or disclaimer.

Please amend claims 1 and 3 as follows:

1.(AMENDED) A golf ball comprising:

a core;

an inner cover layer disposed on said core, said inner cover layer having a thickness of from about 0.100 to about 0.010 inches, said inner cover layer comprising a blend of two or more ionomer resins, at least one of which contains no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and

an outer cover layer disposed on said inner cover layer, said outer cover layer having a thickness of 0.010 to 0.070 inches, and said outer cover layer comprising a polyurethane material,

wherein said golf ball has an overall diameter of 1.680 inches or more, said inner cover layer having a Shore D hardness of at least 60, and said outer cover layer having a Shore D hardness of less than 64.

3. (AMENDED) The golf ball according to claim 1, wherein said inner cover layer has a thickness of about 0.050 inches, and said outer cover layer has a thickness of about 0.055 inches.

## REMARKS

Reconsideration of the application and entry of the amendment are respectfully requested. Claims 1 to 8 are currently pending, and no claims have been amended.

The Final Office Action mailed November 25, 2002 addressed claims 1 to 8. Claims 1 to 8 were rejected. The Advisory Action mailed January 31, 2003 stated that the 112 rejections were overcome by the amendment to the specification in the Response filed on January 21, 2003. The Advisory Action also stated that claims 1 and 3 were rejected, claim 2 was objected to, and claims 4 to 8 were allowed.

Claims 1 and 3 were rejected under 35 U.S.C. 103(a) as being unpatentable over Nesbitt in view of Sullivan '814 and Wu.

Although Applicant continues to respectfully disagree, in an effort to hasten prosecution, claim 1 has been amended to incorporate the limitation of claim 2, which

2

CW 0309101

09/776,278                                            P-3724-2-F1-C1-C1

was objected to by the Examiner, but would be allowable. Claim 3 depends from amended claim 1, therefore claim 3 should also be allowable. Claim 3 has been amended to delete the overall diameter of the golf ball, which is already stated in amended claim 1.

For at least these reasons, Applicant respectfully submits that claims 1 and 3 are not obvious under 35 U.S.C. § 103(a) over Nesbitt in view of Sullivan and Wu. Applicant therefore respectfully requests that the rejection of claims 1 and 3 under 35 U.S.C. § 103(a) as obvious over Nesbitt in view of Sullivan and Wu be reconsidered and withdrawn.

Attached hereto is a marked-up version of the changes made to the application by this Amendment. The Examiner is invited to telephone Applicant's attorney if it is deemed that a telephone conversation will hasten prosecution of the application.

## CONCLUSION

Applicant respectfully requests reconsideration and allowance of each of the presently objected or rejected claims, claims 1 to 3. Applicant respectfully requests allowance of claims 1 and 3 to 8, the claims currently pending.

Respectfully submitted,

MICHAEL J. SULLIVAN

Customer No. 24492                    By: _Michelle Bugbee_
Phone: (413) 322-2937                 Michelle Bugbee, Reg. No. 42,370
                                      Spalding Sports Worldwide
                                      Attorneys for Applicant
Date: _March 11_, 2003                425 Meadow Street
                                      P.O. Box 901
                                      Chicopee, MA  01021-0901

cc: Richard M. Klein, Esquire (SLD 2 0035-3-3-1-1-1)

3

CW 0309102

09/776,278                                          P-3724-2-F1-C1-C1

## VERSION WITH MARKINGS TO SHOW CHANGES
## IN THE CLAIMS

Claim 2 has been canceled without prejudice or disclaimer.

Claims 1 and 3 have been amended as follows:

1.(AMENDED) A golf ball comprising:

a core;

an inner cover layer disposed on said core, said inner cover layer having a thickness of from about 0.100 to about 0.010 inches, said inner cover layer comprising a blend of two or more ionomer resins, at least one of which contains no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and

an outer cover layer disposed on said inner cover layer, said outer cover layer having a thickness of 0.010 to 0.070 inches, and said outer cover layer comprising a polyurethane material, wherein said golf ball has an overall diameter of 1.680 inches or more, said inner cover layer having a Shore D hardness of at least 60, and said outer cover layer having a Shore D hardness of less than 64.

3. (AMENDED) The golf ball according to claim 1, wherein said inner cover layer has a thickness of about 0.050 inches, and said outer cover layer has a thickness of about 0.055 inches[, and said golf ball has an overall diameter of 1.680 inches or more].

Received from < 4133222575 > at 3/11/03 11:14:29 AM [Eastern Standard Time]

CW 0309103



MAR 19 '03  11:38AM PATENT DEPT                                                  P.2/11

P-3724-2-F1-C1-C1                    **PATENT**
IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of Michael J. Sullivan
Serial No.:   09/776,278                    Examiner: R. Gorden
Filing Date:  February 2, 2001              Group Art Unit: 3711
For: IMPROVED MULTI-LAYER GOLF BALL

Box AF
Commissioner for Patents & Trademarks
Washington, DC 20231

*ENTER Amendment 3-19-03*

Sir:

## RESPONSE TO FINAL OFFICE ACTION UNDER 37 CFR § 1.116

This is in response to the Final Office Action mailed November 25, 2002, and
the Advisory Actions mailed January 31, 2003 and March 5, 2003, in connection with
the present application. Entry of the following amendment to the application is
requested.   Applicant believes that no extension of time is required as the Advisory
Action dated March 5, 2003 stated that the period for response expired <u>4</u> months from
the mailing date of the Final Rejection, which brings the period for response to <u>March
25, 2003</u>.

---

### CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8a)

I hereby certify that this correspondence is, on the date shown below, being:

**MAILING**                                  **FACSIMILE**

___   deposited with the United States Postal    **XX**   transmitted by facsimile
      Service with sufficient postage as first class        to the Patent and Trademark
      mail, in an envelope addressed to the Assistant       Office to Examiner R. Gorden
      Commissioner for Patents, Washington,                 in TC3700 at 703-746-3208.
      D.C. 20231.

Date:   3/19            , 2003

                                             Laura J. Nolan

Received from < 4133222575 > at 3/19/03 11:41:57 AM [Eastern Standard Time]

CW 0309104

MAR 19 '03  11:38AM PATENT DEPT                                    P.1/11

# SPALDING SPORTS WORLDWIDE, INC.

425 Meadow Street
P.O. Box 901
Chicopee, MA 01021-0901 U.S.A.

**PHONE: 413-536-1200        FAX: 413-322-2575 (LEGAL II & PATENT)**

### CONFIDENTIAL FACSIMILE TRANSMISSION

TO:   Examiner R. Gorden              FROM:  Michelle Bugbee  **(413) 322-2937**

Phone: 703-308-8354              DATE: March 19, 2003

Fax: 703-746-3208                PAGES: 11  (includes cover page)

RE:   Application Serial Number 09/776,278

MESSAGE: Examiner Gordon,
   Following this cover sheet is another After Final Response adding the changes made to the specification in the proposed response of January 21, 2003, and canceling claim 5, per our discussion. I am also including pages 48 to 50 of the original specification showing the claims as originally filed. If you need any additional information, please do not hesitate to contact me. Thank you for your help.

Very truly yours,

*Michelle Bugbee*

Michelle Bugbee
Senior Patent Counsel
Registration No. 42,370

---

**PLEASE CALL LAURA NOLAN AT EXT. 2985 - IF YOU DO NOT RECEIVE ALL PAGES.**

CONFIRMATION COPY TO FOLLOW: _____ YES  _X__ NO

CONFIDENTIALITY NOTE:

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the Postal Service. Thank you.

Received from < 4133222575 > at 3/19/03 11:41:57 AM [Eastern Standard Time]



CW 0309105

09/776,278                                          P-3724-2-F1-C1-C1

## IN THE SPECIFICATION

Please replace the paragraph beginning at page 24, line 23 with the following

rewritten paragraph:



    Other soft, relatively low modulus non-ionomeric thermoplastic
elastomers may also be utilized to produce the outer cover layer as long as the non-
ionomeric thermoplastic elastomers produce the playability and durability
characteristics desired without adversely effecting the enhanced spin characteristics
produced by the low acid ionomer resin compositions. Preferably, the non-ionomeric
thermoplastic elastomers have a Shore D hardness of 64 or less. These include, but are
not limited to thermoplastic polyurethanes such as: Texin° thermoplastic polyurethanes
from Mobay Chemical Co. and the Pellethane° thermoplastic polyurethanes from Dow
Chemical Co.; Ionomer/rubber blends such as those in Spalding U.S. Patents
4,986,545; 5,098,105 and 5,187,013; and, Hytrel° polyester elastomers from DuPont
and Pebax° polyetheramides from Elf Atochem S.A.

2

CW 0309106

09/776,278                                    P-3724-2-F1-C1-C1

## IN THE CLAIMS

Please cancel claims 2 and 5 without prejudice or disclaimer.

Please amend claims 1 and 3 as follows:

1.(AMENDED) A golf ball comprising:

 a core;

 an inner cover layer disposed on said core, said inner cover layer having a thickness of from about 0.100 to about 0.010 inches, said inner cover layer comprising a blend of two or more ionomer resins, at least one of which contains no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and

 an outer cover layer disposed on said inner cover layer, said outer cover layer having a thickness of 0.010 to 0.070 inches, and said outer cover layer comprising a polyurethane material,

 wherein said golf ball has an overall diameter of 1.680 inches or more, said inner cover layer having a Shore D hardness of at least 60, and said outer cover layer having a Shore D hardness of less than 64.

3. (AMENDED) The golf ball according to claim 1, wherein said inner cover layer has a thickness of about 0.050 inches, and said outer cover layer has a thickness of about 0.055 inches.

3

CW 0309107

09/776,278                                             P-3724-2-F1-C1-C1

## REMARKS

Reconsideration of the application and entry of the amendment are respectfully requested.  Claims 1 to 8 are currently pending, and no claims have been amended.

The Final Office Action mailed November 25, 2002 addressed claims 1 to 8. Claims 1 to 8 were rejected.  The Advisory Action mailed January 31, 2003 stated that the 112 rejections would be overcome by the amendment to the specification in the Response filed on January 21, 2003.  The Advisory Action also stated that claims 1 and 3 were rejected, claim 2 was objected to, and claims 4 to 8 were allowed.

Claims 2 and 4 to 8 were rejected under 35 U.S.C. § 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention.  The Examiner stated that the Shore D hardness less than 64 for the outer cover has not been disclosed.

Applicant respectfully submits that the Shore D hardness of less than 64 for the outer cover layer has been disclosed.  Applicant respectfully submits that original claims 1 and 5 of a parent application, U.S. Patent Application Serial No. 08/556,237, filed on November 9, 1995, disclose "an outer cover layer having a Shore D hardness of 64 or less" and "an outer cover layer having a Shore D hardness of about 64 or less" respectively.  Since the original claims are considered part of the specification, Applicant respectfully submits that the Shore D hardness of 64 or less has been disclosed.  As required by the Examiner in the Final Office Action, the specification has been amended to include the hardness for the outer cover layer, and a copy of the originally filed claims is attached to this response.  Applicant respectfully submits that this overcomes the rejection of claims 2 and 4 to 8 under 35 U.S.C. § 112, first paragraph.  Applicant therefore respectfully requests that the rejection of claims 2 and 4 to 8 be reconsidered and withdrawn.

Claims 1 and 3 were rejected under 35 U.S.C. 103(a) as being unpatentable over Nesbitt in view of Sullivan '814 and Wu.

Although Applicant continues to respectfully disagree, in an effort to hasten prosecution, claim 1 has been amended to incorporate the limitation of claim 2, which

4

CW 0309108

09/776,278                                        P-3724-2-F1-C1-C1

was objected to by the Examiner, but would be allowable. Claim 3 depends from amended claim 1, therefore claim 3 should also be allowable. Claim 3 has been amended to delete the overall diameter of the golf ball, which is already stated in amended claim 1.

For at least these reasons, Applicant respectfully submits that claims 1 and 3 are not obvious under 35 U.S.C. § 103(a) over Nesbitt in view of Sullivan and Wu. Applicant therefore respectfully requests that the rejection of claims 1 and 3 under 35 U.S.C. § 103(a) as obvious over Nesbitt in view of Sullivan and Wu be reconsidered and withdrawn.

Claim 5 has been canceled by this Amendment.

Attached hereto is a marked-up version of the changes made to the application by this Amendment. The Examiner is invited to telephone Applicant's attorney if it is deemed that a telephone conversation will hasten prosecution of the application.

## CONCLUSION

Applicant respectfully requests reconsideration and allowance of each of the presently objected or rejected claims, claims 1 to 3. Applicant respectfully requests allowance of claims 1, 3, 4 and 6 to 8, the claims currently pending.

If any fees are due, Applicant requests that the fees be charged to Deposit Account No. 17-0150.

Respectfully submitted,

MICHAEL J. SULLIVAN

Customer No. 24492                    By: Michelle Bugbee
Phone: (413) 322-2937                 Michelle Bugbee, Reg. No. 42,370
                                      Spalding Sports Worldwide
Date: March 19 , 2003                 Attorneys for Applicant
                                      425 Meadow Street
                                      P.O. Box 901
                                      Chicopee, MA  01021-0901

cc: Richard M. Klein, Esquire (SLD 2 0035-3-3-1-1-1)

5

CW 0309109

09/776,278                                                    P-3724-2-F1-C1-C1

## VERSION WITH MARKINGS TO SHOW CHANGES
## IN THE SPECIFICATION

The paragraph beginning at page 24, line 23 has been replaced with the following rewritten paragraph:

Other soft, relatively low modulus non-ionomeric thermoplastic elastomers may also be utilized to produce the outer cover layer as long as the non-ionomeric thermoplastic elastomers produce the playability and durability characteristics desired without adversely effecting the enhanced spin characteristics produced by the low acid ionomer resin compositions. Preferably, the non-ionomeric thermoplastic elastomers have a Shore D hardness of 64 or less. These include, but are not limited to thermoplastic polyurethanes such as: Texin* thermoplastic polyurethanes from Mobay Chemical Co. and the Pellethane* thermoplastic polyurethanes from Dow Chemical Co.; Ionomer/rubber blends such as those in Spalding U.S. Patents 4,986,545; 5,098,105 and 5,187,013; and, Hytrel* polyester elastomers from DuPont and [pebax] Pebax* polyetheramides from Elf Atochem S.A.

6

CW 0309110

09/776,278                                          P-3724-2-FI-C1-C1

### IN THE CLAIMS

Claims 2 and 5 have been canceled without prejudice or disclaimer.

Claims 1 and 3 have been amended as follows:

1.(AMENDED) A golf ball comprising:

    a core;

    an inner cover layer disposed on said core, said inner cover layer having a thickness of from about 0.100 to about 0.010 inches, said inner cover layer comprising a blend of two or more ionomer resins, at least one of which contains no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and

    an outer cover layer disposed on said inner cover layer, said outer cover layer having a thickness of 0.010 to 0.070 inches, and said outer cover layer comprising a polyurethane material,

    wherein said golf ball has an overall diameter of 1.680 inches or more, said inner cover layer having a Shore D hardness of at least 60, and said outer cover layer having a Shore D hardness of less than 64.

3. (AMENDED) The golf ball according to claim 1, wherein said inner cover layer has a thickness of about 0.050 inches, and said outer cover layer has a thickness of about 0.055 inches[, and said golf ball has an overall diameter of 1.680 inches or more].

7

CW 0309111

ATTACHMENT  FROM  08/556,237  FILED 11/9/95

I claim:

    1. A golf ball comprising:

    a core;

    an inner cover layer having a Shore D hardness of 60 or more molded on said core, the inner cover layer comprising a blend of two or more low acid ionomer resins containing no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and

    an outer cover layer having a Shore D hardness of 64 or less molded on said inner cover layer, said outer cover layer comprising a relatively soft polymeric material selected from the group consisting of non-ionomeric thermoplastic and thermosetting elastomers.

    2.   A golf ball according to claim 1, wherein the inner cover layer has a thickness of about 0.100 to about 0.010 inches and the outer cover layer has a thickness of about 0.010 to about 0.70 inches, the golf ball having an overall diameter of 1.680 inches or more.

    3.   A golf ball according to claim 1 wherein the inner cover layer has a thickness of about 0.050 inches and the outer cover layer has a thickness of about 0.055 inches, the golf ball having an overall diameter of 1.680 inches or more.

-48-

Received from < 4133222575 > at 3/19/03 11:41:57 AM [Eastern Standard Time]

CW 0309112

4.   A golf ball according to claim 1 wherein the outer layer comprises a polyurethane based material.

5.   A multi-layer golf ball comprising:

a spherical core;

an inner cover layer having a Shore D hardness of about 60 or more molded over said spherical core, said inner cover layer comprising an ionomeric resin including no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid and having a modulus of from about 15,000 to about 70,000 psi;

an outer cover layer having a Shore D hardness of about 64 or less molded over said spherical intermediate ball to form a multi-layer golf ball, the outer layer comprising polyurethane based material.

8.   A multi-layer golf ball comprising:

a spherical core;

an inner cover layer molded over said spherical core to form a spherical intermediate ball, said inner cover layer comprising an ionomeric resin having no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid and having a modulus of from about 15,000 to about 70,000 psi;

an outer cover layer molded over said spherical intermediate ball to form a multi-layer golf ball, the outer layer

-49-

CW 0309113

10      comprising a non-ionomeric elastomer selected from the group

        consisting of polyester elastomer, polyester, polyether

        polyurethane and polyester amide, said outer cover layer having a

        modulus in a range of about 1,000 to about 30,000 psi.

-50-

CW 030911



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

|  | 7590 | 03/21/2003 |
| --- | --- | --- |

Diane F. Covello, Esq.
Spalding Sports Worldwide, Inc.
425 Meadow Street
PO Box 901
Chicopee, MA 01021-0901

| EXAMINER |
| --- |
| GORDON, RAEANN |

| ART UNIT | CLASS-SUBCLASS |
| --- | --- |
| 3711 | 473-374000 |

DATE MAILED: 03/21/2003

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 | 1289 |

TITLE OF INVENTION: MULTI-LAYER GOLF BALL

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- |
| nonprovisional | NO | $1300 | $300 | $1600 | 06/23/2003 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.**

### HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:
A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

CW 0309115

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**   Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231

**Fax**   (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590          03/21/2003

Diane F. Covello, Esq.
Spalding Sports Worldwide, Inc.
425 Meadow Street
PO Box 901
Chicopee, MA 01021-0901

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 | 1289 |

TITLE OF INVENTION: MULTI-LAYER GOLF BALL

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $300 | $1600 | 06/23/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| GORDON, RAEANN | 3711 | 473-374000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❑ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

❑ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)   ❑ individual   ❑ corporation or other private group entity   ❑ government

4a. The following fee(s) are enclosed:

❑ Issue Fee
❑ Publication Fee
❑ Advance Order - # of Copies _____

4b. Payment of Fee(s):

❑ A check in the amount of the fee(s) is enclosed.
❑ Payment by credit card. Form PTO-2038 is attached.
❑ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)          _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

CW 0309116

### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 | 1289 |

| | 7590 | 03/21/2003 |
|---|---|---|

Diane F. Covello, Esq.
Spalding Sports Worldwide, Inc.
425 Meadow Street
PO Box 901
Chicopee, MA 01021-0901

| EXAMINER |
|---|
| GORDON, RAEANN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

DATE MAILED: 03/21/2003

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The patent term adjustment to date is 0 days. If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the term adjustment will be 0 days.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Any questions regarding the patent term extension or adjustment determination should be directed to the Office of Patent Legal Administration at (703)305-1383.

Page 3 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

CW 0309117



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 | 1289 |

| | |
|---|---|
| 7590      03/21/2003 | EXAMINER |
| Diane F. Covello, Esq. | GORDON, RAEANN |
| Spalding Sports Worldwide, Inc. | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

425 Meadow Street
PO Box 901
Chicopee, MA 01021-0901
UNITED STATES

DATE MAILED: 03/21/2003

### Notice of Fee Increase on January 1, 2003

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after January 1, 2003, then the amount due will be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there will be an increase in fees effective on January 1, 2003. See Revision of Patent and Trademark Fees for Fiscal Year 2003; Final Rule, 67 Fed. Reg. 70847, 70849 (November 27, 2002).

The current fee schedule is accessible from: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of the fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after January 1, 2003 (or mailed with a certificate of mailing on or after January 1, 2003), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

Page 4 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

CW 0309118

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 09/776,278 | SULLIVAN, MICHAEL J. |
| | Examiner | Art Unit |
| | Raeann Gorden | 3711 |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MEP 1308.

1. ☒ This communication is responsive to *amendment received 3-19-03*.

2. ☒ The allowed claim(s) is/are *1,3,4 and 6-8*.

3. ☒ The drawings filed on *02 February 2001* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some*   c) ☐ None   of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the

           International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    (a) ☐ The translation of the foreign language provisional application has been received.

6. ☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No. ____.

    (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.

    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1 ☐ Notice of References Cited (PTO-892)

2 ☐ Notice of Informal Patent Application (PTO-152)

3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

4 ☒ Interview Summary (PTO-413), Paper No.*18* .

5 ☐ Information Disclosure Statements (PTO-1449), Paper No. ____.

6 ☐ Examiner's Amendment/Comment

7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

8 ☒ Examiner's Statement of Reasons for Allowance

9 ☐ Other

CW 0309119

## REASONS FOR ALLOWANCE

The following is an examiner's statement of reasons for allowance: the prior art of record does not disclose or fairly suggest a golf ball comprising a core, an inner cover layer disposed on said core, said inner cover layer having a thickness of from about 0.100 to about 0.010 inches, said inner cover layer comprising a blend of two or more ionomer resins, at least one of which contains no more than 16% by weight of an alpha, beta-unsaturated carboxylic acid; and an outer cover layer disposed on said inner cover layer, said outer cover layer having a thickness of 0.010 to 0.070 inches, and said outer cover layer comprising a polyurethane material, wherein said golf ball has an overall diameter of 1.680 inches or more, said inner cover layer having a Shore D hardness of at least 60, and said outer cover layer having a Shore D hardness of less than 64.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Raeann Gorden whose telephone number is 703-308-8354. The examiner can normally be reached on 7:30 AM to 5:00 PM Mon-Fri.

CW 0309120

Application/Control Number: 09/776,278                                    Page 3
Art Unit: 3711

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Paul Sewell can be reached on 703-308-2126. The fax phone numbers for the organization where this application or proceeding is assigned are 703-872-9302 for regular communications and 703-872-9303 for After Final communications.

    Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-308-1148.

rg
March 20, 2003

Mark S. Graham
Primary Examiner

CW 0309121

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/776,278 | SULLIVAN, MICHAEL J. |
| | Examiner | Art Unit | |
| | Raeann Gorden | 3711 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Raeann Gorden*.                         (3)_____.

(2) *Michelle Bugbee*.                        (4)_____.

Date of Interview: *19 March 2003* .

Type:  a)☒ Telephonic   b)☐ Video Conference
        c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☐ No.
    If Yes, brief description: _____ .

Claim(s) discussed: *5* .

Identification of prior art discussed: *Sullivan 6,210,293* .

Agreement with respect to the claims  f)☒  was reached.   g)☐  was not reached.   h)☐  N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Applicant agreed to submit a new amendment canceling claim 5 to prevent 101 DP rejection with '293 patent. The amendment will also include the amendment to the spec which was not entered in the previous afterfinal amendment submitted 1-21-03* .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

_____
Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 11- 02)                         Interview Summary                         Paper No. 18

CW 0309122



## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2 Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

---

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

CW 0309123

MAY 14 '03  11:15AM PATENT DEPT                                         P.1

*OIPE*   MAY 14 2003

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail** **Box ISSUE FEE**
Commissioner for Patents
Washington, D.C. 20231
**Fax** (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legacy Label with key information or use Block 1)

7590    03/21/2003

Diane F. Covello, Esq.
Spalding Sports Worldwide, Inc.
425 Meadow Street
PO Box 901
Chicopee, MA 01021-0901

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

Laura J Nolan                          (Depositor's name)
Laura J Nolan                          (Signature)
5/14/03                                (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | F-3724-2-F1-C1-C1 | 1289 |

TITLE OF INVENTION: MULTI-LAYER GOLF BALL

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $300 | $1600 | 06/23/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| GORDON, RAEANN | 3711 | 473-374000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Spalding Sports Worldwide, Inc.              Chicopee, MA

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ individual ☒ corporation or other private group entity ☐ government

4a. The following fee(s) are enclosed:        4b. Payment of Fee(s):

☒ Issue Fee                                   ☐ A check in the amount of the fee(s) is enclosed.
☒ Publication Fee                             ☐ Payment by credit card. Form PTO-2038 is attached.
☐ Advance Order - # of Copies _____           ☒ The Commissioner is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number 19-0150 (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)  Reg No 43370   (Date) May 13, 2003

Michelle Breslow

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

05/14/2003 SZEMDIEZ 00000144 170150   09776278

01 FC:1501     1300.00 CH
02 FC:1504      300.00 CH

**TRANSMIT THIS FORM WITH FEE(S)**

-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

CW 0309124

 **UNITED STATES PATENT AND TRADEMARK OFFICE**
UNDER SECRETARY OF COMMERCE FOR
 INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT
AND TRADEMARK OFFICE
Alexandria, Virginia 22313

Patent No. _____                     Paper No. _____


# NOTICE OF *INTER PARTES* REEXAMINATION


Notice is hereby given that a request for *inter partes* reexamination of U.S. Patent No.

_____ was filed on _____ under 35 U.S.C. 311(a) and

37 CFR 1.913.

The reexamination proceeding has been assigned Control No. 95/_____.


This Notice incorporates by reference into the <u>patent file</u>, all papers entered into the

reexamination file.


**Note: This Notice should be entered into the <u>patent file</u> and given a paper number.**

CW 0309125

03/22/2006 08:17 FAX  612 288 9696        FISH AND RICHARDSON                    ☑ 001/015

*COPY FOR PATENT*

## OFFICIAL COMMUNICATION FACSIMILE

## CENTRAL REEXAMINATION UNIT (FAX NO: 571-273-9900)

Number of pages including this page       15

| | |
|---|---|
| In re Sullivan )<br>Reexamination Proceeding )<br>Control No.: 95/000,120 )<br>Filed: January 17, 2006 )<br>For: U.S. Patent No. 6,210,293 ) | Examiner: Michael W. O'Neill<br>Art Unit: 3993 |
| In re Sullivan )<br>Reexamination Proceeding )<br>Control No.: 95/000,121 )<br>Filed: January 17, 2006 )<br>For: U.S. Patent No. 6,503,156 ) | Examiner: Michael W. O'Neill<br>Art Unit: 3993 |
| In re Sullivan )<br>Reexamination Proceeding )<br>Control No.: 95/000,122 )<br>Filed: January 17, 2006 )<br>For: U.S. Patent No. 6,506,130 ) | Examiner: Michael W. O'Neill<br>Art Unit: 3993 |
| In re Sullivan )<br>Reexamination Proceeding )<br>Control No.: 95/000,123 )<br>Filed: January 17, 2006 )<br>For: U.S. Patent No. 6,595,873 ) | Examiner: Michael W. O'Neill<br>Art Unit: 3993 |

FAX RECEIVED

MAR 2 2 2006

REEXAM UNIT

The following documents are attached to this facsimile communication cover sheet, which was facsimiled to the United States Patent and Trademark Office on March 22, 2006:

Revocation and New Power of Attorney documents and a Certification Under 37 C.F.R. § 1.903.

Respectfully submitted,

Date: March 22, 2006

Dorothy P. Whelan (Reg. No. 33,814)
J. Patrick Finn III (Reg. No. 44,109)

Fish & Richardson P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Telephone: (612) 335-5070
Fax: (612) 288-9696

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at (612) 335-5070 to arrange for its return. Thank you.

CW 0309126

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent No.   : 6,210,293
Issue Date   : April 3, 2001
Applicant    : Michael J. Sullivan

Reexamination Proceeding
Control No. : 95/000,120                  Art Unit   : 3993
Filed      : January 17, 2006            Examiner : Michael W. O'Neill

Central Reexamination Unit
Facsimile: 571-273-9900

## REVOCATION AND NEW POWER OF ATTORNEY

Under 37 C.F.R. § 3.73(b), CALLAWAY GOLF COMPANY, INC., a corporation of Delaware, certifies that it is the assignee of 100% of the right, title and interest in the above-referenced patent by virtue of:

☒    A chain of title from the inventor of the above-referenced patent to the current assignee as shown below. The reel and frame numbers of the recorded assignments or other documents in the chain of title are provided.

1.    Assignment from Michael J. Sullivan to Spalding Sports Worldwide, Inc., recorded in the U.S. Patent and Trademark Office at Reel 7750, Frame 0242 on November 9, 1995, for parent patent application Serial No. 08/556,237.

2.    Name change from Spalding Sports Worldwide, Inc. to The Top-Flite Golf Company, recorded in the U.S. Patent and Trademark Office at Reel 013712, Frame 0219 on June 2, 2003.

3.    Assignment from The Top-Flite Golf Company to Callaway Golf Company, recorded in the U.S. Patent and Trademark Office at Reel 014007, Frame 0688 on September 26, 2003.

CERTIFICATE OF TRANSMISSION BY FACSIMILE

I hereby certify that this correspondence is being transmitted by facsimile to the Patent and Trademark Office on the date indicated below.

*March 22, 2006*
Date of Transmission

*Judy Wasilkus*
Signature

J U D Y   W A S I L K U S
Typed or Printed Name of Person Signing Certificate

CW 0309127

Patent No.   :   6,210,293
Issued       :   April 3, 2001
Applicant    :   Michael J. Sullivan

Reexamination Proceeding
Control No.  :   95/000,120
Filed        :   January 17, 2006
Page         :   2 of 3

      To the best of undersigned's knowledge and belief, title is in the assignee identified above.

      The undersigned, whose title is supplied below, is empowered to act on behalf of the assignee.

      The undersigned, acting on behalf of the assignee, hereby revokes all powers of attorney previously granted in the above-referenced patent and appoints:

| | |
|---|---|
| Dorothy P. Whelan, Reg. No. 33,814 | Mark S. Ellinger, Ph.D., 33,812 |
| Ronald C. Lundquist, Ph.D., Reg. No. 37,875 | Richard J. Anderson, Reg. 36,732 |
| J. Patrick Finn III, Ph.D., Reg. No. 44,109 | John F. Hayden, Reg. No. 37,640 |
| M. Angela Parsons, Ph.D., Reg. No. 44,282 | John C. Phillips, Reg. No. 35,322 |
| Teresa A. Lavoie, Ph.D., Reg. No. 42,782 | Michael Catania, Reg. No. 36,474 |

with full power of substitution and revocation, to prosecute the above-referenced reexamination proceeding and to transact all business in the United States Patent and Trademark Office in connection with the above-referenced patent.

      All correspondence regarding the application should be sent to:

Dorothy P. Whelan
Fish & Richardson P.C.
P.O. Box 1022
Minneapolis, MN 55440-1022

      I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States

CW 0309128

Patent No.     :    6,210,293
Issued         :    April 3, 2001
Applicant      :    Michael J. Sullivan

Reexamination Proceeding
Control No.    :    95/000,120
Filed          :    January 17, 2006
Page           :    3 of 3

Code and that such willful false statements may jeopardize the validity of the above-referenced

patent.

Respectfully submitted,

CALLAWAY GOLF COMPANY

Date: _March 21, 2006_          _Michael J. Rider_

Michael J. Rider, Esq.

Title: Senior Vice President,
General Counsel



6210293.doc

CW 0309129

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent No.   : 6,503,156
Issue Date   : January 7, 2003
Applicant    : Michael J. Sullivan

Reexamination Proceeding
Control No.  : 95/000,121                    Art Unit   : 3993
Filed        : January 17, 2006             Examiner : Michael W. O'Neill

Central Reexamination Unit
Facsimile: 571-273-9900

### REVOCATION AND NEW POWER OF ATTORNEY

Under 37 C.F.R. § 3.73(b), CALLAWAY GOLF COMPANY, INC., a corporation of Delaware, certifies that it is the assignee of 100% of the right, title and interest in the above-referenced patent by virtue of:

☒       A chain of title from the inventor of the above-referenced patent to the current assignee as shown below. The reel and frame numbers of the recorded assignments or other documents in the chain of title are provided.

1.    Assignment from Michael J. Sullivan to Spalding Sports Worldwide, Inc., recorded in the U.S. Patent and Trademark Office at Reel 7750, Frame 0242 on November 9, 1995, for parent patent application Serial No. 08/556,237.

2.    Name change from Spalding Sports Worldwide, Inc. to The Top-Flite Golf Company, recorded in the U.S. Patent and Trademark Office at Reel 013712, Frame 0219 on June 2, 2003.

3.    Assignment from The Top-Flite Golf Company to Callaway Golf Company, recorded in the U.S. Patent and Trademark Office at Reel 014007, Frame 0688 on September 26, 2003.

CERTIFICATE OF TRANSMISSION BY FACSIMILE

I hereby certify that this correspondence is being transmitted by facsimile to the Patent and Trademark Office on the date indicated below.

_March 22, 2006_
Date of Transmission

_Judy Wasilkus_
Signature

JUDY WASILKUS
Typed or Printed Name of Person Signing Certificate

CW 0309130

Patent No.    :    6,503,156
Issued        :    January 7, 2003
Applicant     :    Michael J. Sullivan

Reexamination Proceeding
Control No.   :    95/000,121
Filed         :    January 17, 2006
Page          :    2 of 3

   To the best of undersigned's knowledge and belief, title is in the assignee identified
above.

   The undersigned, whose title is supplied below, is empowered to act on behalf of the
assignee.

   The undersigned, acting on behalf of the assignee, hereby revokes all powers of attorney
previously granted in the above-referenced patent and appoints:

| | |
|---|---|
| Dorothy P. Whelan, Reg. No. 33,814 | Mark S. Ellinger, Ph.D., 33,812 |
| Ronald C. Lundquist, Ph.D., Reg. No. 37,875 | Richard J. Anderson, Reg. 36,732 |
| J. Patrick Finn III, Ph.D., Reg. No. 44,109 | John F. Hayden, Reg. No. 37,640 |
| M. Angela Parsons, Ph.D., Reg. No. 44,282 | John C. Phillips, Reg. No. 35,322 |
| Teresa A. Lavoie, Ph.D., Reg. No. 42,782 | Michael Catania, Reg. No. 36,474 |

with full power of substitution and revocation, to prosecute the above-referenced reexamination
proceeding and to transact all business in the United States Patent and Trademark Office in
connection with the above-referenced patent.

   All correspondence regarding the application should be sent to:

Dorothy P. Whelan
Fish & Richardson P.C.
P.O. Box 1022
Minneapolis, MN 55440-1022

   I hereby declare that all statements made herein of my own knowledge are true and that
all statements made on information and belief are believed to be true; and further that these
statements were made with the knowledge that willful false statements and the like so made are
punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States

CW 0309131

Patent No.      :   6,503,156
Issued          :   January 7, 2003
Applicant       :   Michael J. Sullivan

Reexamination Proceeding
Control No.     :   95/000,121
Filed           :   January 17, 2006
Page            :   3 of 3

Code and that such willful false statements may jeopardize the validity of the above-referenced

patent.

Respectfully submitted,

CALLAWAY GOLF COMPANY

Date: _March 21, 2006_

Michael J. Rider, Esq.

Title: Senior Vice President,
        General Counsel

6503156.doc

CW 0309132

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent No.    : 6,506,130
Issue Date    : January 14, 2003
Applicant     : Michael J. Sullivan

Reexamination Proceeding
Control No. : 95/000,122                    Art Unit   : 3993
Filed        : January 17, 2006            Examiner : Michael W. O'Neill

Central Reexamination Unit
Facsimile: 571-273-9900

## REVOCATION AND NEW POWER OF ATTORNEY

Under 37 C.F.R. § 3.73(b), CALLAWAY GOLF COMPANY, INC., a corporation of
Delaware, certifies that it is the assignee of 100% of the right, title and interest in the above-
referenced patent by virtue of:

☒      A chain of title from the inventor of the above-referenced patent to the current
assignee as shown below. The reel and frame numbers of the recorded assignments or other
documents in the chain of title are provided.

1.      Assignment from Michael J. Sullivan to Spalding Sports Worldwide, Inc.,
recorded in the U.S. Patent and Trademark Office at Reel 7750, Frame 0242 on November 9,
1995, for parent patent application Serial No. 08/556,237.

2.      Name change from Spalding Sports Worldwide, Inc. to The Top-Flite Golf
Company, recorded in the U.S. Patent and Trademark Office at Reel 013712, Frame 0219 on
June 2, 2003.

3.      Assignment from The Top-Flite Golf Company to Callaway Golf Company,
recorded in the U.S. Patent and Trademark Office at Reel 014007, Frame 0688 on September 26,
2003.

CERTIFICATE OF TRANSMISSION BY FACSIMILE

I hereby certify that this correspondence is being transmitted by
facsimile to the Patent and Trademark Office on the date indicated
below.

_March 22, 2006_
Date of Transmission

_Judy Wasilkus_
Signature

JUDY WASILKUS
Typed or Printed Name of Person Signing Certificate

CW 0309133

Patent No.    :    6,506,130
Issued        :    January 14, 2003
Applicant     :    Michael J. Sullivan

Reexamination Proceeding
Control No.   :    95/000,122
Filed         :    January 17, 2006
Page          :    2 of 3

To the best of undersigned's knowledge and belief, title is in the assignee identified above.

The undersigned, whose title is supplied below, is empowered to act on behalf of the assignee.

The undersigned, acting on behalf of the assignee, hereby revokes all powers of attorney previously granted in the above-referenced patent and appoints:

| | |
|---|---|
| Dorothy P. Whelan, Reg. No. 33,814 | Mark S. Ellinger, Ph.D., 33,812 |
| Ronald C. Lundquist, Ph.D., Reg. No. 37,875 | Richard J. Anderson, Reg. No. 36,732 |
| J. Patrick Finn III, Ph.D., Reg. No. 44,109 | John F. Hayden, Reg. No. 37,640 |
| M. Angela Parsons, Ph.D., Reg. No. 44,282 | John C. Phillips, Reg. No. 35,322 |
| Teresa A. Lavoie, Ph.D., Reg. No. 42,782 | Michael Catania, Reg. No. 36,474 |

with full power of substitution and revocation, to prosecute the above-referenced reexamination proceeding and to transact all business in the United States Patent and Trademark Office in connection with the above-referenced patent.

All correspondence regarding the application should be sent to:

Dorothy P. Whelan
Fish & Richardson P.C.
P.O. Box 1022
Minneapolis, MN 55440-1022

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States

CW 0309134

Patent No.    :   6,506,130
Issued        :   January 14, 2003
Applicant     :   Michael J. Sullivan

Reexamination Proceeding
Control No.   :   95/000,122
Filed         :   January 17, 2006
Page          :   3 of 3

Code and that such willful false statements may jeopardize the validity of the above-referenced

patent.

Respectfully submitted,

CALLAWAY GOLF COMPANY

Date: _March 21, 2006_

Michael J. Rider, Esq.

Title: Senior Vice President,
       General Counsel

6506130.doc

CW 0309135

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent No. : 6,595,873
Issue Date : July 22, 2003
Applicant : Michael J. Sullivan

Reexamination Proceeding
Control No. : 95/000,123
Filed : January 17, 2006

Art Unit : 3993
Examiner : Michael W. O'Neill

Central Reexamination Unit
Facsimile: 571-273-9900

### REVOCATION AND NEW POWER OF ATTORNEY

Under 37 C.F.R. § 3.73(b), CALLAWAY GOLF COMPANY, INC., a corporation of Delaware, certifies that it is the assignee of 100% of the right, title and interest in the above-referenced patent by virtue of:

☒      A chain of title from the inventor of the above-referenced patent to the current assignee as shown below. The reel and frame numbers of the recorded assignments or other documents in the chain of title are provided.

1.      Assignment from Michael J. Sullivan to Spalding Sports Worldwide, Inc., recorded in the U.S. Patent and Trademark Office at Reel 7750, Frame 0242 on November 9, 1995, for parent patent application Serial No. 08/556,237.

2.      Name change from Spalding Sports Worldwide, Inc. to The Top-Flite Golf Company, recorded in the U.S. Patent and Trademark Office at Reel 013712, Frame 0219 on June 2, 2003.

3.      Assignment from The Top-Flite Golf Company to Callaway Golf Company, recorded in the U.S. Patent and Trademark Office at Reel 014007, Frame 0688 on September 26, 2003.

CERTIFICATE OF TRANSMISSION BY FACSIMILE

I hereby certify that this correspondence is being transmitted by facsimile to the Patent and Trademark Office on the date indicated below.

*March 22, 2006*
Date of Transmission

*Judy Wasilkus*
Signature

JUDY WASILKUS
Typed or Printed Name of Person Signing Certificate

PAGE 11/15 * RCVD AT 3/22/2006 9:19:43 AM [Eastern Standard Time] * SVR:USPTO-EFXRF-2/10 * DNIS:2739900 * CSID:612 288 9696 * DURATION (mm-ss):07-38

CW 0309136

Patent No.    :   6,595,873
Issued        :   July 22, 2003
Applicant     :   Michael J. Sullivan

Reexamination Proceeding
Control No.   :   95/000,123
Filed         :   January 17, 2006
Page          :   2 of 3

To the best of undersigned's knowledge and belief, title is in the assignee identified above.

The undersigned, whose title is supplied below, is empowered to act on behalf of the assignee.

The undersigned, acting on behalf of the assignee, hereby revokes all powers of attorney previously granted in the above-referenced patent and appoints:

| | |
|---|---|
| Dorothy P. Whelan, Reg. No. 33,814 | Mark S. Ellinger, Ph.D., 33,812 |
| Ronald C. Lundquist, Ph.D., Reg. No. 37,875 | Richard J. Anderson, Reg. No. 36,732 |
| J. Patrick Finn III, Ph.D., Reg. No. 44,109 | John F. Hayden, Reg. No. 37,640 |
| M. Angela Parsons, Ph.D., Reg. No. 44,282 | John C. Phillips, Reg. No. 35,322 |
| Teresa A. Lavoie, Ph.D., Reg. No. 42,782 | Michael Catania, Reg. No. 36,474 |

with full power of substitution and revocation, to prosecute the above-referenced reexamination proceeding and to transact all business in the United States Patent and Trademark Office in connection with the above-referenced patent.

All correspondence regarding the application should be sent to:

Dorothy P. Whelan
Fish & Richardson P.C.
P.O. Box 1022
Minneapolis, MN 55440-1022

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States

CW 0309137

03/22/2006 08:23 FAX  612 288 9696        FISH AND RICHARDSON                          @013/015

Patent No.      :    6,595,873
Issued          :    July 22, 2003
Applicant       :    Michael J. Sullivan

Reexamination Proceeding
Control No.     :    95/000,123
Filed           :    January 17, 2006
Page            :    3 of 3

Code and that such willful false statements may jeopardize the validity of the above-referenced

patent.

Respectfully submitted,

CALLAWAY GOLF COMPANY

Date: *March 21, 2006*

Michael J. Rider, Esq.

Title: Senior Vice President,
       General Counsel

6595873.doc

CW 0309138

03/22/2006 08:24 FAX   612 288 9696          FISH AND RICHARDSON                                    @014/015

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Sullivan | ) | |
| Reexamination Proceeding | ) | |
| Control No.: 95/000,120 | ) | Examiner:  Michael W. O'Neill |
| Filed: January 17, 2006 | ) | Art Unit:  3993 |
| For: U.S. Patent No. 6,210,293 | ) | |
| | | |
| In re Sullivan | ) | |
| Reexamination Proceeding | ) | |
| Control No.: 95/000,121 | ) | Examiner:  Michael W. O'Neill |
| Filed: January 17, 2006 | ) | Art Unit:  3993 |
| For: U.S. Patent No. 6,503,156 | ) | |
| | | |
| In re Sullivan | ) | |
| Reexamination Proceeding | ) | |
| Control No.: 95/000,122 | ) | Examiner:  Michael W. O'Neill |
| Filed: January 17, 2006 | ) | Art Unit:  3993 |
| For: U.S. Patent No. 6,506,130 | ) | |
| | | |
| In re Sullivan | ) | |
| Reexamination Proceeding | ) | |
| Control No.: 95/000,123 | ) | Examiner:  Michael W. O'Neill |
| Filed: January 17, 2006 | ) | Art Unit:  3993 |
| For: U.S. Patent No. 6,595,873 | ) | |

Central Reexamination Unit
571-273-9900

### CERTIFICATION UNDER 37 C.F.R. § 1.903

In accordance with the requirements of 37 C.F.R. § 1.903, Patent Owner,

Callaway Golf Company ("Callaway Golf"), hereby certifies that service of the

accompanying Revocation and New Power of Attorney documents for the above-

referenced *inter partes* reexamination proceedings was made by U.S. first class mail on

March 22, 2006, to the following attorneys for Acushnet Company:

> Alan M. Grimaldi (Reg. No. 26,599)
> Joseph P. Lavelle (Reg. No. 31,036)
> Andrew R. Sommer (Reg. No. 53,932)
> Howrey LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004

1

CW 0309139

03/22/2006 08:24 FAX  612 288 9696        FISH AND RICHARDSON                      ☒ 015/015

The accompanying Revocation and New Power of Attorney documents for the above-referenced *inter partes* reexamination proceedings also were sent to the attorneys for Acushnet Company via facsimile (202-383-6610) on March 22, 2006.

The Director is authorized to charge any fees or credit any overpayments to Deposit Account No. 06-1050.

Respectfully submitted,

Date: March 22, 2006

Dorothy P. Whelan (Reg. No. 33,814)
J. Patrick Finn III (Reg. No. 44,109)

Fish & Richardson P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

2

PAGE 15/15 * RCVD AT 3/22/2006 9:19:43 AM [Eastern Standard Time] * SVR:USPTO-EFXRF-2/10 * DNIS:2739900 * CSID:612 288 9696 * DURATION (mm-ss):07-38

CW 0309140

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 |

**CONFIRMATION NO. 1289**

24492
THE TOP-FLITE GOLF COMPANY, A WHOLLY OWNED
SUBSIDIARY OF CALLAWAY GOLF COMPANY
2180 RUTHERFORD ROAD
LEGAL DEPT
CARLSBAD, CA 92008-7328

*OC000000018350460*

Date Mailed: 03/23/2006

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/22/2006.

- The Power of Attorney to you in this application has been revoked by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

MARSHA A TWITTY
3999 (571) 272-7750

OFFICE COPY

CW 0309141



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/776,278 | 02/02/2001 | Michael J. Sullivan | P-3724-2-F1-C1-C1 |

**CONFIRMATION NO. 1289**

Dorothy P. Whelan
Fish & Richardson P. C.
P. O. Box 1022
Minneapolis, MN 55402-1022

*OC000000018350527*

Date Mailed: 03/23/2006

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/22/2006.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

MARSHA A TWITTY
3999 (571) 272-7750

OFFICE COPY

CW 0309142



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

Bib Data Sheet

*CORRECTED BIB DATA SHEET*

**CONFIRMATION NO. 1289**

| SERIAL NUMBER 09/776,278 | FILING OR 371(c) DATE 02/02/2001 RULE | CLASS 473 | GROUP ART UNIT 3711 | ATTORNEY DOCKET NO. P-3724-2-F1-C1-C1 |
|---|---|---|---|---|

**APPLICANTS**

   Michael J. Sullivan, Chicopee, MA;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
   This application is a CON of 09/470,196 12/21/1999 PAT 6,210,293
   which is a CON of 08/870,585 06/06/1997 ABN
   which is a CON of 08/556,237 11/09/1995 ABN
   which is a CIP of 08/070,510 06/01/1993 ABN

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**IF REQUIRED, FOREIGN FILING LICENSE GRANTED**
**\*\* 03/07/2001**

| Foreign Priority claimed ☐ yes ☐ no | | STATE OR COUNTRY MA | SHEETS DRAWING 1 | TOTAL CLAIMS 8 | INDEPENDENT CLAIMS 3 |
|---|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met ☐ yes ☐ no ☐ Met after Allowance | | | | | |
| Verified and Acknowledged  Examiner's Signature  Initials | | | | | |

**ADDRESS**
Dorothy P. Whelan
Fish & Richardson P. C.
P. O. Box 1022
Minneapolis ,MN 55402-1022

**TITLE**

MULTI-LAYER GOLF BALL

| FILING FEE RECEIVED 1010 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

CW 0309143



HIGHLY CONFIDENTIAL
INFORMATION - SUBJECT TO
PROTECTIVE ORDER

CW 0309144

*100*

4/15/03

~~Kristin Clarke-case~~ 1/22/03 turned in unused.

HARRY KHAN    # 10751

---

CALLAWAY
GOLF BALL COMPANY

Maintained by the
Golf Ball Co.

---

## The Boorum & Pease® Quality Guarantee

The materials and craftsmanship that went into this product are of the finest quality. The pages
are thread sewn, meaning they're bound to stay bound. The inks are moisture resistant and will
not smear. And the uniform quality of the paper assures consistent rulings, excellent writing
surface and erasability. If, at any time during normal use, this product does not perform to your
expectations, we will replace it free of charge. Simply write to us:

Boorum & Pease Company

71 Clinton Road, Garden City, NY 11530

Attn: Marketing Services

Any correspondence should include the code number printed at the bottom of this page as well as
the book title stamped at the bottom of the spine.

---

## One Good Book Deserves Many Others.

Look for the complete line of Boorum & Pease® Columnar, Journal, and Record books. Custom-
designed books also available by special order. For more information about our Customized
Book Program, contact your office products dealer. See back cover for other books in this series.

Made in U.S.A.

N010699

HIGHLY CONFIDENTIAL
INFORMATION - SUBJECT TO
PROTECTIVE ORDER

CW 0309145

Contents                                                                    Page

HIGHLY CONFIDENTIAL
INFORMATION - SUBJECT TO
PROTECTIVE ORDER

CW 0309146