IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACUSHNET COMPANY,<br><br>Defendant. | C. A. No. 06-91 (SLR) |

### SECOND DECLARATION OF WILLIAM M. RISEN, JR. IN SUPPORT OF CALLAWAY GOLF'S OPPOSITION TO ACUSHNET'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

I, William M. Risen, Jr., declare as follows:

1. I am a Professor of Chemistry at Brown University. I possess expertise in the use of polymer compositions as golf ball cover layers.

2. I submit this declaration in support of Callaway Golf's Opposition to Acushnet's Motion for Summary Judgment of Invalidity. I have personal knowledge of the matters stated here and would testify to them under oath if called upon to do so.

3. The patented golf ball construction at issue in this case achieves its superior performance by minimizing the trade-offs traditionally associated with the interrelated factors of distance, control, and durability. Essentially, Sullivan's construction provides distance without sacrificing control; provides control without sacrificing distance; and provides durability without sacrificing either distance or control. Sullivan's invention achieves these performance advantages by employing a polyurethane outer cover and a low-acid ionomer inner cover over a large core.

4. Polyurethane is not an "ionomer resin"; it is a completely separate and distinct class of compositions.

5. Polyurethane is available in many different formulations, which exhibit different hardnesses. "Polyurethane," generally, has no intrinsic hardness, either as a plaque or as a golf ball cover layer.

6. The Nesbitt '193 patent states that the outer cover layer may be in a range of 0.020 to 0.100 inches thick. ('193 patent col. 3:24-25.) The Molitor '637 patent suggests that, regardless of what the cover layer is made of, it should be 0.090 to 0.125 inches thick. ('637 patent col. 4:61-5:12.) I believe that, reading these references together, one of skill in the art would be led away from creating an outer cover layer with a thickness in the claimed range of 0.010 to 0.070 inches, and would instead be led to make an outer cover layer with a thickness in the range where the disclosures of Nesbitt and Molitor overlap: 0.090 to 0.100 inches.

7. The datasheet Acushnet relies on as providing a Shore D hardness for Estane 58133 reports a "plaque" hardness for this composition. This reported Shore D hardness does not represent the hardness of a plaque of the "foamed" Estane composition described in the Molitor '637 patent. The Shore D hardness measured on a foamed plaque would be different from the Shore D hardness measured on an unfoamed plaque.

I declare under penalty of perjury under that the foregoing is true and correct.

Executed this 20th day of August, 2007 at Providence, Rhode Island.

_/s/ William M. Risen_
William M. Risen, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2007, the attached document was electronically filed with the Clerk of Court using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 20, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi, Esq.<br>Joseph P. Lavelle<br>Brian Rosenthal<br>Clint Brannon<br>Kenneth Donnolly<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004<br>grimaldia@howrey.com<br>lavellej@howrey.com<br>rosenthalB@howrey.com<br>brannonC@howrey.com<br>donnellyk@howrey.com | Attorneys for Defendant<br>ACUSHNET COMPANY |

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski