IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

               Plaintiff,

    v.

ACUSHNET COMPANY,

               Defendant.

C. A. No. 06-91 (SLR)

**DECLARATION OF THOMAS L. HALKOWSKI IN SUPPORT OF
CALLAWAY GOLF COMPANY'S RESPONSE TO ACUSHNET COMPANY'S
MOTION FOR SUMMARY JUDGMENT OF NO BREACH OF CONTRACT**

I, Thomas L. Halkowski, declare as follows:

1.      I am a member of Fish & Richardson P.C., counsel of record in this action for Callaway Golf Company ("Callaway").  I am a member of the Bar of the State of Delaware and am admitted to this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the United States Patent Trademark Office Decision Denying Petition For Reconsideration and Returning Improper Paper, submitted on September 7, 1996.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of August, 2007 at Wilmington, Delaware.

/s/ Thomas L. Halkowski
Thomas L. Halkowski

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2007, the attached document was electronically filed with the Clerk of Court  using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 20, 2007, I have Electronically Mailed the document to the following person(s):

Richard L. Horwitz                         Attorneys for Defendant
David E. Moore                             ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Alan M. Grimaldi, Esq.                     Attorneys for Defendant
Joseph P. Lavelle                          ACUSHNET COMPANY
Brian Rosenthal
Clint Brannon
Kenneth Donnolly
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
grimaldia@howrey.com
lavellej@howrey.com
rosenthalB@howrey.com
brannonC@howrey.com
donnellyk@howrey.com


*/s/ Thomas L. Halkowski*
Thomas L. Halkowski

# Exhibit 1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/000,120 | 01/13/2006 | 6210293 | 00634.0004.RXUS01 | 6322 |

7590    09/07/2006

Dorothy P. Whelan
Fish & Richardson P. C.
P. O. Box 1022
Minneapolis, MN  55440-1022

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 09/07/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004

## Transmittal of Communication to Third Party Requester
### *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER 95/000,120.

PATENT NUMBER 6,210,293.

TECHNOLOGY CENTER 3999.

ART UNIT 3793.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070 (Rev.07-04)

UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. Box 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

MAILED

Dorothy P. Whelan
Fish & Richardson P.C.                    (For Patent Owner)    SEP 07 2006
P.O. Box 1022
Minneapolis, MN 55440-1022

CENTRAL REEXAMINATION UNIT

[Enclosure - "REPLY IN SUPPORT OF PETITION FOR RECONSIDERATION OF DECISION
ON PETITION TO VACATE ORDER GRANTING REEXAMINATION"]


Alan M. Grimaldi
Howrey LLP                                (For Third Party Requester)
1299 Pennsylvania Avenue NW
Washington, DC 20004


In re Callaway Golf Company                : DECISION DENYING
  *Inter Partes* Reexamination Proceeding   : PETITION FOR
Control No.: 95/000,120                    : RECONSIDERATION
Filed:    January 17, 2006                 : AND RETURNING
For:      U.S. Patent No. 6,210,293        : IMPROPER PAPER


This is a decision on the June 16, 2006 patent owner petition entitled "PETITION TO THE
DIRECTOR FOR RECONSIDERATION" under 37 CFR 1.181(a)(3). On June 28, 2006, the third
party requester filed an opposition to the present petition entitled "ACUSHNET'S
OPPOSITION TO CALLOWAY'S PETITION TO DIRECTOR FOR RECONSIDERATION."

The patent owner petition, the third party requester opposition and the present record are
before the Office of Patent Legal Administration for consideration.

For the reasons set forth below, the patent owner petition under 37 CFR 1.181 is (a) granted to
the extent that the prior decision has been fully reconsidered, and (b) denied as to the
underlying request to vacate the order for reexamination (i.e., the underlying relief requested).

This decision also returns the patent owner paper filed on July 21, 2006 styled "REPLY IN
SUPPORT OF PETITION FOR RECONSIDERATION OF DECISION ON PETITION TO
VACATE ORDER GRANTING REEXAMINATION." The patent owner reply is being returned
to patent owner without decision for the reasons set forth below.

                                    **FEES**

A petition to vacate reexamination on the grounds that the order granting reexamination
constitutes an *ultra vires* action on the part of the Office is considered pursuant to 37 CFR 1.181.
Accordingly, no fee is due for the patent owner petition for reconsideration or for the third party
requester opposition to the petition for reconsideration.

## REVIEW OF SALIENT FACTS

1. U.S. Patent No. 6,210,293 (the '293 patent) issued to Michael J. Sullivan on April 3, 2001, and is currently assigned to Callaway Golf Company.

2. A request for *inter partes* reexamination of the '293 patent was filed by a third party requester, Acushnet Company (hereinafter "Acushnet"), on January 17, 2006. The request was assigned Control No. 95/000,120 (the '120 *inter partes* reexamination proceeding).

3. On February 9, 2006, the patent owner filed suit against requester Acushnet in the United States District court for the District of Delaware. *Callaway Golf Company v Acushnet Company*, C.A. No. 06-91 (SLR) (February 9, 2006).

4. On February 15, 2006, the third party requester filed a paper purporting to withdraw a paper requesting suspension of the '120 *inter partes* reexamination proceeding stated to have been filed by third party requestor on January 23, 2006.

5. On March 29, 2006, the Office recognized the February 15, 2006 paper, and accepted the withdrawal of the January 23, 2006 paper, noting that, had the January 23, 2006 paper been before the Office, the Office would have taken that paper as a petition for suspension of action without rendering a decision on the petition.

6. On March 21, 2006, the patent owner then filed a petition, requesting that the '120 *inter partes* reexamination proceeding be suspended.

7. On March 24, 2006, the third party requester filed an opposition to the March 21, 2006 patent owner petition to suspend reexamination.

8. On March 31, 2006, the Office issued a decision holding that the March 21, 2006 petition and the March 24, 2006 opposition papers would be discarded as being improper papers because they had been filed prior to reexamination being ordered.

9. Reexamination was ordered for the '120 *inter partes* reexamination proceeding on April 7, 2006.

10. On April 13, 2006 the patent owner filed a petition under 37 CFR 1.181 to vacate the reexamination order as *ultra vires* (which would in-effect vacate the proceeding).

11. On April 27, 2006 the third party requester filed, pursuant to MPEP 2646 (I), an opposition to the April 13, 2006 patent owner petition to vacate.

12. On April 28, 2006, patent owner filed a renewed petition to suspend the '120 *inter partes* reexamination proceeding.

13. On May 5, 2006 third party requester filed an opposition to the April 28, 2006 renewed patent owner petition to suspend reexamination.

14. On June 7, 2006, the Office dismissed patent owner's April 13, 2006 petition to vacate the '120 *inter partes* order for reexamination.

15. On July 19, 2006, the Office denied patent owner's April 28, 2006 renewed petition to suspend the '120 *inter partes* reexamination proceeding.

16. On June 16, 2006, patent owner filed a petition for reconsideration of the June 7, 2006 decision dismissing the patent owner petition to vacate the '120 *inter partes* order for reexamination.

17. On June 28, 2006, third party requester filed an opposition to the June 16, 2006 patent owner petition for reconsideration.

18. On July 21, 2006, patent owner filed a reply to the June 28, 2006 third party requester opposition.

## RELEVANT STATUTES, REGULATIONS AND PROCEDURE

35 U.S.C. § 311(a) provides:

"IN GENERAL. — Any third-party requester at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art cited under the provisions of section 301." [Emphasis supplied.]

35 U.S.C. § 312(a) provides in pertinent part:

"Not later than 3 months after the filing of a request for *inter partes* reexamination under section 311, the Director shall determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications. ... " [Emphasis supplied.]

35 U.S.C. § 313 provides:

"If, in a determination made under section 312(a), the Director finds that a substantial *new* question of patentability affecting a claim of a patent is raised, the determination shall include an order for *inter partes* reexamination of the patent for resolution of the question. The order may be accompanied by the initial action of the Patent and Trademark Office on the merits of the *inter partes* reexamination conducted in accordance with section 314." [Emphasis supplied.]

35 U.S.C. 314(c) provides:

c) SPECIAL DISPATCH.- Unless otherwise provided by the Director for good cause, all *inter partes* reexamination proceedings under this section ... shall be conducted with special dispatch within the Office.

35 U.S.C. §315(b) provides:

"CIVIL ACTION.— A third-party requester whose request for an inter partes reexamination results in an order under section 313 is estopped from asserting at a later time, in any civil action arising in whole or in part under section 1338 of title 28, the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceedings. This subsection does not prevent the assertion of invalidity based on newly discovered prior art unavailable to the third-party requester and the Patent and Trademark Office at the time of the inter partes reexamination proceedings."

35 U.S.C. § 317 provides:

"a) ORDER FOR REEXAMINATION.- Notwithstanding any provision of this chapter, once an order for *inter partes* reexamination of a patent has been issued under section 313, neither the third-party requester nor its privies may file a subsequent request for *inter partes* reexamination of the patent until an *inter partes* reexamination certificate is issued and published under section 316, unless authorized by the Director.

(b) FINAL DECISION.> Once a final decision has been entered against a party in a civil action arising in whole or in part under section 1338 of title 28, that the party has not sustained its burden of proving the invalidity of any patent claim in suit ..., then neither that party nor its privies may thereafter request an *inter partes* reexamination of any such patent claim on the basis of issues which that party or its privies raised or could have raised in such civil action..., and an *inter partes* reexamination requested by that party or its privies on the basis of such issues may not thereafter be maintained by the Office, notwithstanding any other provision of this chapter. This subsection does not prevent the assertion of invalidity based on newly discovered prior art unavailable to the third-party requester and the Patent and Trademark Office at the time of the inter partes reexamination proceedings."

37 CFR 1.907 provides in pertinent part:

" (b) Once a final decision has been entered against a party in a civil action arising in whole or in part under 28 U.S.C. 1338 that the party has not sustained its burden of proving invalidity of any patent claim-in-suit, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claim on the basis of issues which that party, or its privies, raised or could have raised in such civil action, and an *inter partes* reexamination requested by that party, or its privies, on the basis of such issues may not thereafter be maintained by the Office.

(c) If a final decision in an inter partes reexamination proceeding instituted by a third party requester is favorable to patentability of any original, proposed amended, or new claims of the patent, then neither that party nor its privies may thereafter request inter partes reexamination of any such patent claims on the basis of issues which that party, or its privies, raised or could have raised in such inter partes reexamination proceeding. "

MPEP § 2646 (I) provides in pertinent part:

"A petition under 37 CFR 1.181 may... be filed to vacate an *ultra vires* reexamination order, such as where the order for reexamination is not based on prior art patents and printed publications. In cases where no discretion to grant a request for reexamination exists, a petition to vacate the decision to grant, or a request for reconsideration, will be entertained. "Appropriate circumstances" under 37 CFR 1.181(a)(3) exist to vacate the order granting reexamination where, for example:

(A)   the reexamination order is not based on prior art patents or printed publications;
(B)   reexamination is prohibited under 37 CFR 1.907;
(C)   all claims of the patent were held to be invalid by a final decision of a Federal Court after all appeals;
(D)   reexamination was ordered for the wrong patent;
(E)   reexamination was ordered based on a duplicate copy of the request; or
(F)   the reexamination order was based wholly on the same question of patentability raised by the prior art previously considered in an earlier concluded examination of the patent by the Office (e.g., the application which matured into the patent, a prior reexamination, an interference proceeding)
....

The filing of a 37 CFR 1.181 petition to vacate an *ultra vires* reexamination order is limited to a single submission, even if an opposition thereto is filed by a third party requester." [Emphasis supplied.]

Reexamination Control No. 95/000,120

DECISION

I.    Disposition Of The Patent Owner Opposition To Third Party Requester's Opposition To
      Patent Owner's Petition For Reconsideration

Neither the *inter partes* reexamination statutes nor the regulations implementing those statutes
provide for the filing of a patent owner petition for vacatur of an order granting a request for
*inter partes* reexamination.  A patent owner petition for vacatur of an order granting a request
for *inter partes* reexamination on the grounds that the grant of the order constituted an *ultra vires*
action on the part of the Office is entertained pursuant to 37 CFR 1.181 in accordance with the
practice set forth in MPEP § 2646(I).  MPEP § 2646(I) concludes by stating that "[t]he filing of a
37 CFR 1.181 petition to vacate an *ultra vires* reexamination order is limited to a single
submission, even if an opposition thereto is filed by a third party requester."

Consequently, the "REPLY IN SUPPORT OF PETITION FOR RECONSIDERATION OF
DECISION ON PETITION TO VACATE ORDER GRANTING REEXAMINATION," filed by
patent owner on July 21, 2006, is an improper paper that lacks an entry right in the present *inter
partes* reexamination proceeding.  Therefore the paper (apparently filed by facsimile
transmission as a single paper directed to four *inter partes* reexamination proceeding) is being
returned to patent owner as an attachment to the present decision.  If additional copies directed
to concurrent *inter partes* reexamination proceedings 95/000,121, 95/000,122 and 95/000,123
have been filed and are subsequently matched with the proceedings, such additional copies will
be discarded rather than returned to patent owner.

II.   Patent Owner's Position In Support of Vacatur

In the April 13, 2006 petition to vacate the reexamination order as being *ultra vires*, patent owner
argued that the order granting reexamination is an *ultra vires* action on the part of the Office
because the third party requester, Acushnet, lacked standing to file the *inter partes* request.
Patent owner based this argument on allegations that:

(1)   Patent owner's predecessor in interest and the present third party requester Acushnet
      entered into a Settlement Agreement on November 10, 1990, for a term of ten years;

(2)   The same parties executed a Settlement Agreement in 1996 that superseded the 1990
      agreement, and the 1996 Settlement agreement provides, *inter alia*, that the exclusive forum
      for the third present party requester to resolve patent validity issues with the patent owner
      is the United States District Court for the District of Delaware; and

(3)   The same (present) parties participated in the dispute resolution process pursuant to the
      1996 Settlement Agreement, but while the mediation process was underway, Acushnet
      requester filed a request for the present *inter partes* reexamination proceeding. [1]

It was apparently patent owner's position that by filing the present request for *inter partes*
reexamination, requester Acushnet violated the aforementioned Settlement Agreement, and

---

[1] See patent owner's Petition, pages 2-3.

Reexamination Control No. 95/000,120 -6-

that Acushnet therefore does not have standing to have filed and to now maintain the present request for *inter partes* reexamination. [2]

In the present petition for reconsideration, patent owner argues that:

(1) The Office has the authority and duty to apply the 1996 Settlement Agreement to this case, and that enforcing the 1996 Settlement Agreement would not violate public policy;

(2) The exemplary language in the MPEP § 2646 does not limit the circumstances where the Office can vacate reexamination orders;

(3) Vacating the reexamination would not leave an unresolved substantial new question of patentability; and

(4) The Office's reliance on the decision in *Heinl v. Godici*, 143 F. Supp 2d 593 (District Court, E. D. VA), is inapposite to this case, because *Heinl* dealt with an entirely unrelated issue, and did not involve a settlement agreement.

III.  Analysis and Findings

    A.  The Settlement Agreement Between Patent Owner and The Present Requester Does Not Preclude the Present *Inter Partes* Reexamination Proceeding:

Patent owner argues that a trademark cancellation proceeding is analogous to a reexamination proceeding, and seek to apply the decisions in *Selva & Sons v. Nina Footwear, Inc.*, 705 F.2d 1316 (Fed. Cir. 1983) and *Danskin, Inc. v. Dan River, Inc.*, 498 F.2d 1386 (CCPA 1974) to assert that the Office erred in refusing to consider the settlement agreement between the present patent owner and requester in determining whether to proceed with the present reexamination proceeding. With respect to the *Selva & Sons* decision, patent owner opines that because the statute [3] governing trademark cancellation proceedings (that are *inter partes* in nature) states that "any person" is able to file a petition to cancel a registration, *Selva & Sons* is indistinguishable from the facts in the present reexamination proceeding. Patent owner also argues that in *Flex-Foot, Inc v. CRP, Inc.*, 238 F.3d 1362 (Fed. Cir. 2001) the Federal Circuit upheld a clause in a settlement agreement prohibiting a party from challenging the validity of a patent when that party had agreed to a dismissal, with prejudice, of a prior action, after entering into a settlement that included a promise to not challenge the validity of that patent.

However, the decisions in the *Selva & Sons* and *Danskin, Inc.* cases do not appear to be on point as to the question of whether a party to a settlement agreement is barred from requesting reexamination of a United States patent under 35 U.S.C. § 302 *et. seq.*. *Selva & Sons* was an appeal from a decision of the Trademark Trial and Appeal Board in an *inter partes* trademark opposition proceeding. In *Selva & Sons* , the court's decision was not grounded on the "any

---

[2] *Id.*, at pages 4-6

[3] 15 U.S.C. § 1064, which states in pertinent part:

"A petition to cancel a registration of a mark, stating the grounds relied upon, may, upon payment of the prescribed fee, be filed as follows by any person who believes that he is or will be damaged, including as a result of dilution under section 1125 (c) of this title, by the registration of a mark on the principal register established by this chapter, or under the Act of March 3, 1881, or the Act of February 20, 1905:..." [Emphasis added]

party" language of 15 U.S.C. § 1064. Rather, the court noted the existence of 15 U.S.C. § 1069, which states:

> "In all *inter partes* proceedings equitable principles of laches, estoppel and acquiescence, where applicable, may be considered and applied." *Id.* at 1323, 1324

There is no analogue in the reexamination statutes to 15 U.S.C. § 1069, a statute that broadly applies the equitable principles of laches, estoppel and acquiescence to *inter partes* trademark proceedings in the Office. Rather, the *inter partes* reexamination statute includes limited estoppel provisions that raise specific estoppels based upon the existence of a final (*i.e.*, nonappealable) court holding of patent claim validity [4] or the existence of an order granting reexamination. [5] If Congress had intended to make the broad equitable principles set forth in 15 U.S.C. § 1069 applicable to *inter partes* reexamination proceedings, then Congress would have so stated. [6] With respect to the *Danskin, Inc.* case (an appeal from a decision of the Trademark Trial and Appeal Board in an *inter partes* trademark opposition proceeding), it is noted that the language of 15 U.S.C. § 1069 would also apply, so that application of the broad equitable principles listed in the statute would have been mandated.

In the *Flex-Foot* decision, the court did *not address the issue of whether the Office would be barred from conducting a reexamination proceeding filed by that party*. The court's decision merely upheld that a clause in the settlement agreement would prohibit a party to the settlement agreement from challenging the validity of a patent (and accordingly, the opposing party would have remedies against the party that violated the agreement). The opinion in *Flex-Foot* does not discuss the affect of a reexamination filing by a party in violation of such a settlement agreement, as to whether the reexamination should continue. *Flex-Foot* does not require or suggest that an order granting a reexamination proceeding, based on such a filing, would be *ultra vires* due to the existence of a settlement agreement between a patent owner and third party requester. And, based on the discussion below, there is no reason to believe that an order granting a reexamination proceeding based on such a filing would be *ultra vires* action on the part of the Office.

### B. Reexamination Case Law Does Not Support Vacatur Of The Present Reexamination Proceeding

The settlement agreement asserted by patent owner in the '120 reexamination proceeding does not explicitly address reexamination of a patent. Even if it did, relevant court precedent clearly demonstrates that - because the Office was not, and is not, a party to the settlement agreement, the Office was not, and is not, bound by the settlement agreement.

*Joy Manufacturing Co. v National Mine Service Co*, 810 F.2d 1127 (Fed. Cir. 1987) addressed the question of the effect, if any, that the existence of a settlement agreement between parties to an infringement/validity patent litigation had with respect to a request for *ex parte* reexamination subsequently filed by a party to that settlement agreement. Accused infringer National had entered into an agreement in settlement of an action brought against it for infringing a patent.

---

[4] See 35 U.S.C. § 317(b).
[5] See 35 U.S.C. § 317(a).
[6] In light of the cases cited below in support of the Office's position vis-à-vis the effect of the settlement agreement in the present reexamination proceeding, it is also to be noted that with respect to *ex parte* reexamination, Congress has not mandated any estoppel with respect to the ability of "any person" to file a request for reexamination at "any time."

National agreed that it would not file any suit in any court challenging the validity of the patent. Thereafter, National filed a request for reexamination of the patent, and the patent owner requested an injunction preventing the third party requester from going forward in the reexamination proceeding. The District Court ruled against the patent owner, noting that <u>the settlement agreement by its literal terms did not proscribe the conduct of which the patent owner complained.</u> The Federal Circuit agreed, holding that:

> " ... the district court correctly refused to equate "a request for administrative reexamination . . . with filing a suit in a United States Court." Its reliance on *Etter* as support for this legal conclusion was entirely appropriate. The *Etter* decision turned on the precise issue here, namely, that reexamination and civil litigation were distinctly different proceedings. As stated therein:
>
>> The intent that reexamination proceedings and court actions involving challenges to validity be distinct and independent is reflected in the legislative history of § 303. . . . *756 F.2d at 857, 225 USPQ at 4.* The result in *Etter* is inseparable from the above-quoted premise. [Footnote omitted.]
>
> "In this connection, we also note that the principal relief which Joy seeks -- namely, stopping the reexamination of its patent -- is not available in these proceedings. *Accord* Manual of Patent Examining Procedure § 2210 (5th ed. 1983); *Houston Atlas, Inc. v. Del Mar Scientific, Inc.*, 217 U.S.P.Q. (BNA) 1032, 1034 (N.D. Tex. 1982), aff'd, 703 F.2d 555 (5th Cir. 1983). The decision by the Commissioner to institute reexamination is not subject to review, *Etter*, 756 F.2d at 857, 225 USPQ at 4; and the injunction sought against National would have no effect on reexamination since National, as the requestor, has no future role to play in that *ex parte* proceeding. "

In the present reexamination proceeding, patent owner has not established that Acushnet's request for reexamination violates the literal terms of the 1996 settlement agreement involved here. The settlement agreement does not facially preclude "administrative proceedings" of any sort, including reexamination within the Office. Further, as was noted in the previous decision dismissing the petition, the settlement agreement was entered into in 1996; <u>prior to the enactment in 1999 of the statute authorizing *inter partes* reexamination.</u> Thus, it is unlikely that the settlement agreement reflects an agreement between the parties thereto to forego administrative relief in the form of a request for *inter partes* reexamination (such *inter partes* proceeding made available after the settlement agreement), and at best, could only be asserted to inferentially contemplate that the parties to the settlement agreement would not seek *ex parte* reexamination (where there is no right to comment on patent owner responses and appeal). *Joy Manufacturing*, and the other cases relied on by the Office, *infra*, all involve *ex parte* examination proceedings. Moreover, even presuming that the settlement agreement between the patent owner and third party requester could be construed to be an agreement precluding the filing of a request for *ex parte* reexamination, the courts have uniformly held that such agreement is without binding effect on the Office and would not bar the Office from granting and conducting an *ex parte* reexamination proceeding, as will now be discussed.

In *Houston Atlas, Inc. et al v. Del Mar Scientific, Inc. et al.*, 217 USPQ 1032, 1037 (N.D. Tex. 1982), the district court considered the situation in which two parties had executed and had entered a consent judgment stating that a particular patent was valid. The consent judgment was entered prior to the enactment of the *ex parte* reexamination statutes. The court expressly addressed the subsequent effect the consent judgment would have on reexamination in the Office, if any. The court stated that private parties cannot bind the Office, or the public it represents, with respect to the validity of a patent, by merely executing the consent judgment and having it entered. The court noted that:

> " ... the Patent Office was not a party to the original proceeding and, as discussed in section IV above, the consent judgment is not binding on the Patent Office or the public which it represents. Simply stated, two private parties cannot bind the Patent Office with respect to the validity of a patent by merely executing, and having entered, a consent judgment stating that the patent is valid. The consent

judgment is not *res judicata* on the Patent Office as there is no evidence that the Patent Office is privity with Defendants. See *Vulcan, Inc. v. Fordees Corp., 658 F.2d 1106, 1109-10, 211 USPQ 852, 854-855 (6th Cir. 1981)* (party not in privity to executory of consent judgment is not bound by the judgment). Given that the consent judgment is not enforceable against the Patent Office as *res judicata*, the Court must determine whether the Patent Office, by its conduct of the reexamination proceedings and issuance of the order of reexamination is "in a position to frustrate the implementation of [the consent judgment] or the proper administration of justice." The clear answer to this question is in the negative. Section 303 of the Act expressly authorizes the Patent Office to conduct reexamination proceedings on their own initiative without a formal request for reexamination. If the reexamination proceedings in question had been instituted by the Commissioner as a consequence of a citation of prior art from a person other than Canterbury, or if a person other than Canterbury had requested reexamination of patent 3,464,799, this Court would be without power to enjoin the proceedings for the simple reason that the consent judgment is binding only as to Plaintiffs and Defendants. In short, Plaintiffs' complaint lies not with the institution of the reexamination process, but instead with who requested it. For this reason, the Court is constrained to conclude that it has no jurisdiction under the All Writs Act to grant the Plaintiffs any relief against the Patent Office. " [Emphasis added]

Thus, even though the district court found one of the defendants in *Houston Atlas* to be in contempt of the consent judgment because that defendant had filed a request for reexamination, the district court noted that the Office was expressly authorized by statute to conduct reexamination. The court concluded that a consent judgment to which the Office was not a party could not bind the Office so as to preclude reexamination, even where such reexamination was requested by a party bound by the consent judgment. If such is true with respect to a consent judgment, it follows that a settlement agreement between two private parties to which the Office is not a party also does not bind the Office so as to preclude the Office from carrying out its statutory mandate to reexamine a qualifying patent once a substantial new question of patentability for that patent has been determined to exist for that patent. Therefore, even if one assumes that third party requester in the '120 reexamination proceeding is in violation of the settlement agreement with patent owner such that third party requester might be subject to sanctions by a court of competent jurisdiction for having filed the present request for *inter partes* reexamination, the settlement agreement would still not be binding on the Office so as to preclude the Office from conducting *inter partes* reexamination as requested, because the Office is not a party to that agreement.

Indeed, the courts have held that a final judgment against a party found to have infringed a patent does not prohibit that party from seeking *ex parte* reexamination of the involved patent. In *Kucala Enterprises, Ltd. V. Auto Wax Co., Inc. 2004 U.S. Dist. LEXIS 5723 (N.D. Ill., 2004)*, the accused infringer (Kucala) contended that there was no basis in law or fact, by which the judgment could preclude Kucala from filing a request for *ex parte* reexamination, relying on the language of 35 U.S.C. § 302 that permits "any person at any time" to request reexamination of a patent. The court pointed out that it could not bar third party Kucala from seeking reexamination, even under the circumstances of that case, where the third party was found guilty of misconduct such that the court found the patents asserted against the third party to be not invalid. The *Kucala Enterprises, Ltd.* opinion states:

"...the issue here, whether a court can sanction a party by enjoining it from seeking reexamination. At the same time, the cases on which Auto Wax relies fail to address a sanction prohibiting reexamination. [Citations omitted].

"The court is persuaded, in light of the parties' arguments and the court's purposes in the October decision, that the judgment should not bar Kucala from seeking reexamination. The sanction of dismissal conveys to Kucala, "Because of your misconduct, you lose on the claims you filed in this court." In other words, the court finds the patents in suit not invalid. Under the lessons of *Ethicon*, this means only that the presumption of validity survives, not that the patents are valid. Although principles of claim preclusion would bar an adjudged infringer [*16] from filing or defending a future lawsuit relating to

these patents, it would not bar the infringer from seeking reexamination. Therefore, the court will not enjoin Kucala from seeking reexamination of Auto Wax's patents." *Id.* at page 13 of the Court's decision."

[Emphasis added]

In *McNeil-PPC, Inc. v. The Procter & Gamble Co.,* 19 USPQ2d 1663 (U.S. District Court District of Colorado 1991), Procter & Gamble sought leave from the court to file a request for reexamination in the Office of a patent in dispute. The court held that Procter & Gamble did not need permission from the court to file a request for reexamination, and that there does not appear to be any limit on a party's right to request reexamination, but for complying with the requirements of 35 U.S.C. § 302, directed to *ex parte* reexamination. Furthermore, the court observed:

> "First, unfair or not, McNeil-PPC points to no authority that would authorize me to prevent or limit P & G's request to the PTO for reexamination of Bradstreet '901 and its participation in that proceeding to the extent allowed by title 35. McNeil-PPC's only argument is that because P & G asked for leave to file the request, it concedes that it is required to do so. I disagree. It may be that P & G was under the erroneous assumption that I had some statutory or common law prerogative to intervene in the PTO reexamination request. McNeil-PPC does not offer, however, any rationale why any such misinterpretation bestows unto me power over the PTO where the power is otherwise absent. Furthermore, at oral argument, P & G took the position that the motion was filed as a courtesy notice and does not constitute any waiver.

> "Second, Congress authorizes challengers to take "two bites of the apple." A nonpatent holder is permitted to both challenge a patent in the PTO and in the district court. *See In re Etter,* 756 F.2d 852, 857, 225 U.S.P.Q. (BNA) 1 (Fed. Cir.), *cert. denied,* 474 U.S. 828, 88 L. Ed. 2d 72, 106 S. Ct. 88 (1985). In *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 7 U.S.P.Q.2D (BNA) 1152 (Fed. Cir. 1988), a nonpatent holder was sued for patent infringement. While the action progressed, the nonpatent holder requested reexamination of the subject patent in the PTO. The Federal Circuit, in concluding that the PTO was without the power to stay the reexamination pending outcome of the action and allowing the reexamination and court action to proceed simultaneously, stated:

>> The awkwardness presumed to result if the PTO and court reached different conclusions is more apparent than real. The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions. Furthermore, we see nothing untoward about the PTO upholding the validity of a reexamined patent which the district court later finds invalid. This is essentially what occurs when a court finds a patent invalid after the PTO has granted it. Once again, it is important that the district court and the PTO can consider different evidence. Accordingly, different results between the two forums may be entirely reasonable. And, if the district court determines a patent is not invalid, the PTO should continue its reexamination because, the two forums have different standards of proof for determining invalidity. *Ethicon,* 849 F.2d at 1428-29.

> "This structure does not automatically lead to inefficient use of judicial resources. Rather than impede jurisdictional efficiency, this dual process has greater potential to promote efficiency, because, as stated in *In re Etter:*

>> The innate function of the reexamination process is to increase the reliability of the PTO's action in issuing a patent by reexamination of the patents thought "doubtful." [Citation omitted]. When the patent is currently involved in litigation, an auxiliary function is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration."

[Emphasis added]

Thus, the court recognized that duality of the Congressionally enacted structure in which reexamination and litigation co-exist as non-mutually exclusive avenues in which a party may challenge a patent. It appears that insofar as the litigation approach may result in a settlement agreement, that the existence of a settlement agreement does not "sidetrack" a party thereto from pursuing reexamination.

It should also be noted that a contractual provision preventing a party from seeking reexamination would be void as being contrary to public policy.[7] In *Lear v. Adkins*, 395 U.S. 653, (1969), the United States Supreme Court determined that prohibiting licensees from challenging the validity of a patent that they had licensed runs afoul of public policy "in permitting full and free competition in the use of ideas which are in reality part of the public domain." *id.* at 670 . By analogy, preventing a third party requester (and a potential licensee of the subject patent) from requesting reexamination of a patent would be contrary to the public policy embodied in the *Lear v. Adkins* decision. As the settlement agreement entered into in 1996 is prior to the enactment in 1999 of the statute authorizing *inter partes* reexamination, it was not even possible for these settlement agreements to address preventing a party to the agreement from filing such a request for reexamination.

Finally, it is recognized that the decisions cited and discussed, *supra*, are not specifically directed to *inter partes* reexamination. However, it is clear that the precedents would apply to *inter partes* reexamination proceedings just as they do in *ex parte* reexamination proceedings. For *ex parte* reexamination, 35 U.S.C. § 302, provides that "[A]ny person at any time may file a request for reexamination by the Office of any claim of a patent ..." For *inter partes* reexamination, 35 U.S.C. § 311(a) provides that "IN GENERAL -Any third-party requester at any time may file a request for inter partes reexamination by the Office of a patent ..."[8]

Congress chose to not place any limitation on the ability of a third party requester to request an *ex parte* reexamination proceeding. Thereafter, Congress chose to provide only very limited estoppel provisions with respect to the ability of a third party requester to request an *inter partes* reexamination proceeding, only those estoppel provisions set forth in the statue.[9] Congress could have elected to enact provisions similar to 15 U.S.C. § 1069 so as to place broad estoppel limitations on the ability of a third party requester to seek reexamination in the Office. However, Congress chose not to do so! Moreover, to the extent that the estoppel provisions of 35 U.S.C. § 317(b) might be relevant to the '120 reexamination proceeding, patent owner has not alleged that there has ever been a relevant final (*i.e.* nonappealable) court decision holding that the '293 patent claims are valid. Indeed, patent owner's own statement of the facts indicates that the parties executed Federal Rule of Civil Procedure 41 Stipulations of Dismissal of the prior litigation that were filed in, and accepted by, the Delaware District Court, and that "[t]he Court specifically retained jurisdiction over the parties in relation to disputes arising under the 1996 Settlement Agreement." This clearly does not provide a final court decision regarding the validity of any of the patents covered in the settlement agreement.

---

[7] *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)(concluding that a forum selection clause, while generally enforceable, will not be enforced where it violates the strong public policy of the forum in which suit is brought); *Newton v. Rumery*, 480 U.S. 386,392 (1987) ("The relevant principle is well established: a promise is unenforceable if the interest in its enforcement is outweighed in the circumstances by a public policy harmed by enforcement of the agreement."); *Suter v. Munich Reinsurance*, 223 F.3d 150 (3d Cir. 2000) (citing *Bremen* for the proposition that federal forum selection clauses should not be enforced where they are contrary to public policy).

[8] The caveat ("IN GENERAL") in the statute refers to the estopped provisions of 35 U.S.C. § 317(b) that would preclude a third party requester from filing a request for reexamination where it has not sustained its burden of proof of claim invalidity in litigation that has become final, or where such litigation has resulted in a final holding of claim validity, as well as the 35 U.S.C. § 317(b) limitation on the filing of co-pending *inter partes* reexaminations.

[9] The *inter partes* reexamination statute includes limited estoppel provisions that raise specific estoppels based upon the existence of a final (i.e. nonappealable) court holding of patent claim validity or the existence of an order granting reexamination. See 35 U.S.C. § 317(a) and (b).

C.  Vacatur Of The Present Reexamination Proceeding Is Not Supported By The Provisions Of MPEP § 2246(I):

Patent owner argues that the exemplary language in the MPEP § 2646 does not limit the circumstances in which the Office can vacate reexamination orders. To the extent that this is true, it is not relevant here, because the statutes, the case law and the facts in the present reexamination proceeding all indicate that vacatur of the present reexamination proceeding would run contrary to the reexamination statute. Patent owner's arguments to the contrary are not persuasive.

MPEP § 2646(I) addresses vacatur that would be required when a request for *inter partes* reexamination was improperly ordered due either to the existence of a statutory prohibition barring the grant of a request for *inter partes* reexamination, or the existence of a clear error of a clerical nature. Patent owner has not established that the present *inter partes* reexamination proceeding was ordered contrary to any statutory prohibition barring the order, or due to a clerical error. Rather, the *inter partes* reexamination statute clearly provides that when the Office is presented with a request for *inter partes* reexamination that (1) has been filed by a third party requester not subject to the estoppel provisions of 35 U.S.C. § 317, and (2) raises a substantial new question of patentability, the Office <u>must</u> order *inter partes* reexamination and thereafter reexamine the patent. [10] As set forth in Section III (B) of this decision, *supra*, the case law does not support the proposition that the Office has the duty to, or may at its option, disregard the statutory mandate to reexamine the patent due to the existence of a settlement agreement between a patent owner and a third party requester to which the Office is not a party. Indeed, the case law does not support that proposition even where the settlement agreement was reduced to a consent judgment and the third party requester has been held by the court to be in contempt of the consent judgment.

D.  Vacating The Present Reexamination Proceeding May In Fact Leave An Unresolved Substantial New Question of Patentability

Patent owner argues that vacatur of the present reexamination proceeding would not leave a substantial new question of patentability unresolved, because such questions (and other questions of patentability beyond the scope of *inter partes* reexamination) will be resolved by the method, and in the forum, established by the parties in the settlement agreement.

This argument ignores two important points. *First*, there is in fact a public interest served by resolution of patentability issues via reexamination proceedings in the Office, and advantages attendant thereto. *Ethicon v. Quigg*, 878 F.2d 1422, 1428 (Fed. Cir. 1989); *In re Etter*, 756 F.2d 852, 856 (Fed. Cir. 1985). There is no assurance that resolution of the dispute between patent owner and third party requester in accordance with the settlement agreement would resolve the substantial new questions of patentability that have been found to exist in the present *inter partes* reexamination proceeding, or in any way result in a benefit to the public in the manner that a reexamination proceeding would. Any resolution in court, or such other forum chosen, may simply resolve the dispute between patent owner and third party requester without resolving the issues of patentability raised by the substantial new question of patentability (e.g., by settlement, or consent judgment, or dismissal without prejudice or based on a conduct issue). Vacatur of a requested and granted *inter partes* reexamination proceeding may well leave both the public and

---

[10] See 35 U.S.C. §§ 311, 312(a), 313(a) and 314(c).

the patent owner with an unresolved request for reexamination and unresolved substantial new question of patentability (found to be present via the decision ordering reexamination). The public has a right to such a resolution. Vacating, withdrawing, or otherwise abandoning or terminating the instant reexamination proceeding would abrogate this public right, to the detriment of the public interest. As discussed in Section III (B) above, ordering and conducting an *inter partes* reexamination proceeding is not optional for the Office. Rather, the *inter partes* reexamination proceeding must continue according to the procedure mandated by the *inter partes* reexamination statute, to carry out the purpose of the statute and resolve the substantial new question of patentability for the public.[11] The proceeding began with the filing of a request for *inter partes* reexamination that satisfied the requirements of 35 U.S.C. § 311. As required by 35 U.S.C. § 312, the request for reexamination has been considered. As a result of that consideration, it has been determined that the request raises a substantial new question of patentability for one or more patent claims. Thus, in accordance with 35 U.S.C. § 313, the present proceeding **shall** result in a determination of the patentability of the claims of the '293 patent in light of prior patents and printed publications, to the benefit of the public as well as to the benefit of patent owner and third party requester.

*Second*, while there is no assurance that the resolution of the dispute in accordance with the settlement agreement will be timely, the present reexamination proceeding **will** be conducted with special dispatch pursuant to 35 U.S.C. § 314(c). The public interest in resolving the issues raised in the present reexamination proceeding includes an interest in having those issues resolved in a timely fashion.

<u>E.   The Decision in *Heinl v. Godici* Is Clearly Apposite To This Reexamination Proceeding</u>

Patent owner argues that the Office's reliance on *Heinl v. Godici*, 143 F. Supp. 2d 593, 601 (E.D. Va. 2001) is misplaced. This argument is not persuasive.

*Heinl* was a case in which patent owner sought a decision terminating a reexamination proceeding based on the absence of a new question of patentability. The *Heinl* court stated:

> "Under the well established *ultra vires* doctrine, the exhaustion and final agency requirements are excused 'only if plaintiff is able to show that the PTO clearly exceeded its statutory authority', quoting from *Philip Morris, Inc. v. Block*, 755 F.2d 368, 370 (4th Cir 1985 (quoting *Mayor and City Council of Baltimore v. Mathews*, 562 F.2d 914, 920 (4th Cir. 1977), vacated on other grounds, 571 F.2d 1273 (4th Cir. 1978)."

The *Heinl* court then stated:

> "Put differently, when an agency acts in 'brazen defiance' of its statutory authorization, courts need not await the conclusion of underlying proceedings."

It is abundantly clear that the *Heinl* decision was not cited and discussed because it involved a previous settlement agreement between parties to a reexamination proceeding, and no reading of the Decision on Petition June 7, 2006 can lead to the belief that it was. Rather, *Heinl* was cited because it is clearly applicable to the doctrine of *"ultra vires"* reexamination proceedings in the sense that it provides a benchmark for looking into whether the Office has committed an *ultra*

---

[11] The innate function of the reexamination process is to increase the reliability of the Office's action in issuing a patent by reexamination of patents thought "doubtful." House Report No. 66-1307, 96th Cong., 2d Sess. (1980), 3, reprinted in 1980 U.S. Code Cong. & Ad. News 6460, 6462. (This was emphasized in *In re Etter*, 756 F.2d 852, 225 USPQ 1 (Fed. Cir.) (en banc), cert. denied, 474 U.S. 828, 88 L. Ed. 2d 72, 106 S. Ct. 88 (1985)).

Reexamination Control No. 95/000,120 -14-

*vires* act. That benchmark is a simple one. Where the Office orders reexamination, the decision of the Office to order reexamination cannot be attacked as being *ultra vires*, unless it is clearly established that the Office has exceeded its statutory authority to order reexamination.

In this instance:

(1) The reexamination statute fails to provide that the equitable doctrines of laches, estoppel and acquiescence can be raised to preclude the Office from ordering *inter partes* reexamination, other than the 35 U.S.C. § 317 exception, which is inapplicable on the facts in the present reexamination proceeding;

(2) The authorities cited and discussed above in Section III (A) clearly indicate that the existence of a settlement agreement (and even the existence of a consent judgment incorporating a settlement agreement) between a patent owner and a third party reexamination requester do not operate to preclude the Office from granting that third party's request for reexamination if the request otherwise satisfies the requirements of the reexamination statutes; and

(3) A public interest in resolving the substantial new question of patentability exists in the present reexamination proceeding, which may not necessarily be timely resolved, or resolved at all, by reason of the dispute resolution provisions of the settlement agreement, and will not be resolved using the standards applicable in reexamination as well as the expertise of the Office.

Thus, the guidance provided by the decision in *Heinl* supports the conclusion that petitioner has not advanced sufficient basis for holding the grant of reexamination in the present *inter partes* reexamination proceeding to be an *ultra vires* action by the Office. The Office has not "clearly exceeded its statutory authority" in the Office's determination that the January 17, 2006 reexamination request properly raised a substantial new question of patentability and should go forward.

For all the forgoing reasons, as well as those set forth in the June 7, 2006 decision, the order granting the present *inter partes* reexamination remains intact and the *inter partes* reexamination proceeding will continue in accordance with the procedure mandated by the *inter partes* reexamination statute and implementing regulations.

## ADDITIONAL DISCUSSION

The undersigned notes that the patent owner and third party requester are adverse parties with respect to the present *inter partes* reexamination proceeding, and are currently engaged in litigation involving the underlying patent. While counsel should represent the respective parties zealously, and are entitled to benefit of all of the regulations implementing the *inter partes* reexamination statutes and the examining practice promulgated with respect to those regulations, counsel are reminded of their ongoing obligations to the Office as set forth in Part 10 of Title 37 of the Code of Federal Regulations. In particular, the provisions of 37 CFR 10.18(b)(2) and (c) should be noted. Adherence to the provisions of Part 10 will greatly assist the Office in conducting this *inter partes* reexamination proceeding with special dispatch as required by 35 U.S.C. § 314(c).

Reexamination Control No. 95/000,126

CONCLUSION

1.  The patent owner's June 16, 2006 petition under 37 CFR 1.181 is (a) granted to the extent that the prior decision has been fully reconsidered, and (b) denied as to the underlying request to vacate the order for reexamination.

2.  This decision is a final agency action within the meaning of 5 U.S.C. § 704.

3.  The patent owner's July 21, 2006 opposition to the third party requester opposition to the patent owner petition for reconsideration lacks an entry right in the present reexamination proceeding, and is being returned to patent owner.

4.  Jurisdiction over the '120 *inter partes* reexamination proceeding is returned to the Central Reexamination Unit.

5.  Telephone inquiries related to the present decision should be directed to Stephen Marcus, Legal Advisor, at 571-272-7743, or, in his absence, to Karen Hastings, Legal Advisor, at 571-272-7717.


Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration


kmh/sm

9-07-06
C:\Kiva\Kenpet6\UV\95_120-UV_settlement agreement_deny.doc