IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

Plaintiff,

v.

ACUSHNET COMPANY,

Defendant.

C. A. No. 06-91 (SLR)

**PUBLIC VERSION**

**DECLARATION OF THOMAS L. HALKOWSKI IN SUPPORT OF CALLAWAY GOLF'S *OPPOSITION* TO ACUSHNET'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT NESBITT INCORPORATES MOLITOR BY REFERENCE**

I, Thomas L. Halkowski, declare as follows:

1. I am a member of Fish & Richardson P.C., counsel of record in this action for Callaway Golf Company ("Callaway"). I am a member of the Bar of the State of Delaware and am admitted to this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. **Attached as Exhibit 1** is a true and correct copy of

3. **Attached as Exhibit 2** is a true and correct copy of

4. **Attached as Exhibit 3** are

**REDACTED**

5.  **Attached as Exhibit 4** are excerpts  from the Office Action on U.S. Patent No. 6,506,130, dated January 30, 2007, relating to the Reexamination of the '130 patent**.**

**6** **Attached as Exhibit 5** are excerpts  from the Office Action on U.S. Patent No. 6,503,156, dated February 27, 2007, relating to the Reexamination of the '156  patent.

7.  **Attached as Exhibit 6** are excerpts  from the Office Action on U.S. Patent No. 6,210.293, dated February 27, 2007, relating to the Reexamination of the '293  patent.

8.  **Attached as Exhibit 7** are excerpts  from the Office Action on U.S. Patent No. 6,595,873, dated January 30, 2007, relating to the Reexamination of the '873  patent.

Dated:  August 20, 2007                FISH & RICHARDSON P.C.

By:  */s/ Thomas L. Halkowski*
    Thomas L. Halkowski (#4099)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Tel:  (302) 652-5070
    Fax:  (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, MA 02110-2804
    Tel:  (617) 542-5070
    Fax:  (617) 542-8906

    David J. Miclean
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Tel:  (650) 839-5070
    Fax:  (650) 839-5071

    Roger A. Denning
    12390 El Camino Real
    San Diego, CA 92130
    Tel: (858) 678-5070
    Fax:  (858) 678-5099

    Attorneys for Plaintiff
    CALLAWAY GOLF COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, the attached document was electronically filed with the Clerk of Court  using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 24, 2007, I have Electronically Mailed the document to the following person(s):

Richard L. Horwitz                                  Attorneys for Defendant
David E. Moore                                       ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Alan M. Grimaldi, Esq.                            Attorneys for Defendant
Joseph P. Lavelle                                    ACUSHNET COMPANY
Brian Rosenthal
Clint Brannon
Kenneth Donnolly
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
grimaldia@howrey.com
lavellej@howrey.com
rosenthalB@howrey.com
brannonC@howrey.com
donnellyk@howrey.com


_/s/ Thomas L. Halkowski_____
Thomas L. Halkowski

# Exhibit 1

# REDACTED DOCUMENT

# Exhibit 2

# REDACTED DOCUMENT

# Exhibit 3

# REDACTED DOCUMENT

# Exhibit 4

UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000,122 | 01/17/06 | 6,506,130 | |

DOROTHY P. WHELAN
FISH & RICHARDSON P.C.
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| EXAMINER |
|---|
| O'NEILL, M. |

| ART UNIT | PAPER |
|---|---|
| 3993 | |

DATE MAILED:

01/30/07

# *INTER PARTES* REEXAMINATION
# COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED
STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE
PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to
the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of
this communication.

PTOL-2071 (Rev.07-04)

Application/Control Number: 95/000,122                                              Page 2

Art Unit: 3993

## DETAILED ACTION

This first Action on the merits is being mailed after the order granting reexamination.

### *Reexamination Procedures*

In order to ensure full consideration of any amendments, affidavits or declarations, or

other documents as evidence of patentability, such documents must be submitted in response to

this Office action.  Submissions after the next Office action, which is intended to be an Action

Closing Prosecution (ACP), will be governed by 37 CFR 1.116(b) and (d), which will be strictly

enforced.

### *Statutory Basis for Grounds of Rejections - 35 USC §§ 102 and 103*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on
> sale in this country, more than one year prior to the date of application for patent in the United States.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

### *Third Party Requester's Grounds of Rejections*

#### *Re. Claim 1*

**Ground #1.**  The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b)

as being anticipated by Proudfit, U.S. Pat. No. 5,314,187 (Proudfit).

Application/Control Number: 95/000,122                                        Page 14
Art Unit: 3993

      This rejection is **not adopted** for the reasoning that based on the prosecution history

of the '130 Patent's copendency Sullivan '831 (Sullivan) is not prior art, see the Decision

granting reexamination, mailed 04-06-06, para. 9.


**Proposed Third Party Requester Rejection:  Ground #3.**

      The requester submits on pages 20-24 in the request that claim 1 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Nesbitt.

      In the request on pages 20 through 24 the third party requester proposes that claim 1 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637.  (See Nesbitt col. 3, ll. 54-60).

      **This rejection is not adopted.**

      MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference
for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(b)(1)
limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
to instances only where the perfecting words "incorporated by reference" or the
root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
(e.g., referencing) appear. The requirement for specific root words will bring
greater clarity to the record and provide a bright line test as to where something is
being referred to is an incorporation by reference.  The Office intends to treat
references to documents that do not meet this "bright line" test as noncompliant
incorporations by reference and may require correction pursuant to 37 CFR
1.57(g). If a reference to a document does not clearly indicate an intended
incorporation by reference, examination will proceed as if no incorporation by
reference statement has been made and the Office will not expend resources
trying to determine if an incorporation by reference was intended.  In addition to
other requirements for an application, the referencing application must include an
identification of the referenced patent, application, or publication. See 37 CFR

Application/Control Number: 95/000,122                                          Page 15
Art Unit: 3993

     1.57(b)(2).  Particular attention should be directed to specific portions of the
     referenced document where the subject matter being incorporated may be found.

Thus, the reference to or the mentioning of another document does not confer an "incorporation

by reference" of material especially "essential material" as defined in 37 CFR 1.57(c) which

would be needed in this case to supply a basis for a rejection of the subject matter of this claimed

invention, i.e. a reference must provide an enabling disclosure for all of the claimed structural

features in the claim in order to anticipate the claim.


**Proposed Third Party Requester Rejection:  Ground #4.**

     In the alternative, the requester submits on pages 20-24 in the request that claim 1 is

unpatentable under 35 U.S.C. § 103(a) as being obvious by Nesbitt in view of Molitor '637.

     Claim 1 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637, as evidenced by Exhibit I (SURLYN Thermoplastic Resins Product Information

Sheet) and Exhibit J (ESTANE 58133 Product Specification Sheet.)

     Below is a claim chart identifying the claim limitations and which reference Nesbitt or

Molitor '637 discloses, teaches or suggests the claim limitations.

| Claim 1 | Nesbitt (primary) with Molitor '637 (teaching) |
|---|---|
| A golf ball comprising: | "The disclosure embraces **a golf ball** and method of making the same..." (Nesbitt, Abstract and FIGS. 1 & 2.) |
| a core; | "Referring to the drawings in detail there is illustrated a golf ball 10 which comprises a solid center or **core** form as a solid body of resilient polymeric material or rubber-like material in the shape of a sphere." (Nesbitt, col. 2, ll. 31-34.) |
| an inner cover layer having | "Disposed on the spherical center or core 12 is a first layer, lamination, ply or **inner cover** 14 of molded hard, highly flexural modulus resinous material..." (Nesbitt, col. 2, ll. 34- |

Application/Control Number: 95/000,122                                    Page 31
Art Unit: 3993

**Proposed Third Party Requester Rejection: Ground #9.**

The requester submits on page 32 in the request that claim 2 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Nesbitt.

In the request on pages 20 through 24 the third party requester proposes that claim 1 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  In the

request on page 32 the third party requester proposes where Nesbitt (passages that do not refer or

mention Molitor '637) discloses the limitations of claim 2.  The third party requester points out

that Molitor '637 is incorporated by reference into Nesbitt because Nesbitt refers to Molitor

'637.  (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u>.**

MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference
for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973).  37 CFR 1.57(b)(1)
limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
to instances only where the perfecting words "incorporated by reference" or the
root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
(e.g., referencing) appear. The requirement for specific root words will bring
greater clarity to the record and provide a bright line test as to where something is
being referred to is an incorporation by reference.  The Office intends to treat
references to documents that do not meet this "bright line" test as noncompliant
incorporations by reference and may require correction pursuant to 37 CFR
1.57(g). If a reference to a document does not clearly indicate an intended
incorporation by reference, examination will proceed as if no incorporation by
reference statement has been made and the Office will not expend resources
trying to determine if an incorporation by reference was intended.  In addition to
other requirements for an application, the referencing application must include an
identification of the referenced patent, application, or publication. See 37 CFR
1.57(b)(2).  Particular attention should be directed to specific portions of the
referenced document where the subject matter being incorporated may be found.

Application/Control Number: 95/000,122                                    Page 32

Art Unit: 3993

Thus, the reference to or the mentioning of another document does not confer an "incorporation

by reference" of material especially "essential material" as defined in 37 CFR 1.57(c) which

would be needed in this case to supply a basis for a rejection of the subject matter of this claimed

invention, i.e. a reference must provide an enabling disclosure for all of the claimed structural

features in the claim in order to anticipate the claim.


**Proposed Third Party Requester Rejection: Ground #10.**

In the alternative, the requester submits on page 32 in the request that claim 2 is

unpatentable under 35 U.S.C. § 103(a) as being obvious by Nesbitt in view of Molitor '637.

Claim 2 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637, as evidenced by Exhibit I (SURLYN Thermoplastic Resins Product Information

Sheet) and Exhibit J (ESTANE 58133 Product Specification Sheet.)

Below is a claim chart identifying the claim limitations and portions of the Nesbitt

reference which discloses, teaches or suggests the claim limitations.

| Claim 2 | Nesbitt |
|---------|---------|
| A golf ball according to claim 1, | See above, Ground #4. |
| wherein the inner cover layer has a thickness of about 0.100 to about 0.010 inches | "It is found that the inner layer of hard, high flexural modulus resinous material such as Surlyn® resin type 1605, is preferably of a thickness in a range of 0.020 inches and 0.070 inches." (col. 3, lines 19-23.) |
| and the outer cover layer has a thickness of about 0.010 to about 0.070 inches, | "The thickness of the outer layer or cover 16 of soft, low flexural modulus resin such as Surlyn type 1855, may be in the range of 0.020 inches and 0.100 inches." (col. 3, lines 22-25.) "The outer layer of the soft resin is of a thickness of 0.0575 inches." (col. 3, lines 39-40.) |
| the golf ball having the properties required by the U.S.G.A. and having an overall diameter of 1.680 inches or more. | "According to the United States Golf Association Rules, the minimum diameter prescribed for a golf ball is 1.680 inches ...." (col. 2, lines 50-52.) "This center or core 12 and inner layer 14 of hard resinous |

Application/Control Number: 95/000,122                                        Page 37
Art Unit: 3993

This rejection of claim 3 based on Proudfit was proposed by the third party requester in

the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection:  Ground #14.**

The requester submits on page 35 in the request that claim 3 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Sullivan.

**This rejection is <u>not adopted</u> for the reasoning that based on the prosecution history**

**of the '130 Patent's copendency Sullivan '831 (Sullivan) is not prior art, see the Decision**

**granting reexamination, mailed 04-06-06, para. 9.**


**Proposed Third Party Requester Rejection:  Ground #15.**

The requester submits on page 35-36 in the request that claim 3 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Nesbitt.

In the request on pages 20 through 24 the third party requester proposes that claim 1 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  In the

request on page 36 the third party requester proposes where Nesbitt (passages that do not refer or

mention Molitor '637) discloses the limitations of claim 3.  The third party requester points out

that Molitor '637 is incorporated by reference into Nesbitt because Nesbitt refers to Molitor

'637.  (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u>.**

MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference

for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(b)(1) limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a)) to instances only where the perfecting words "incorporated by reference" or the root of the words "incorporate" (e.g., incorporating, incorporated) and "reference" (e.g., referencing) appear. The requirement for specific root words will bring greater clarity to the record and provide a bright line test as to where something is being referred to is an incorporation by reference. The Office intends to treat references to documents that do not meet this "bright line" test as noncompliant incorporations by reference and may require correction pursuant to 37 CFR 1.57(g). If a reference to a document does not clearly indicate an intended incorporation by reference, examination will proceed as if no incorporation by reference statement has been made and the Office will not expend resources trying to determine if an incorporation by reference was intended. In addition to other requirements for an application, the referencing application must include an identification of the referenced patent, application, or publication. See 37 CFR 1.57(b)(2). Particular attention should be directed to specific portions of the referenced document where the subject matter being incorporated may be found.

Thus, the reference to or the mentioning of another document does not confer an "incorporation by reference" of material especially "essential material" as defined in 37 CFR 1.57(c) which would be needed in this case to supply a basis for a rejection of the subject matter of this claimed invention, i.e. a reference must provide an enabling disclosure for all of the claimed structural features in the claim in order to anticipate the claim.

**Proposed Third Party Requester Rejection: Ground #16.**

In the alternative, the requester submits on page 36 in the request that claim 3 is unpatentable under 35 U.S.C. § 103(a) as being obvious by Nesbitt in view of Molitor '637.

Claim 3 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view of Molitor '637, as evidenced by Exhibit I (SURLYN Thermoplastic Resins Product Information Sheet) and Exhibit J (ESTANE 58133 Product Specification Sheet.)

Application/Control Number: 95/000,122                                    Page 47

Art Unit: 3993

"playability properties as good or better than balata-covered wound balls but are
significantly more durable," and "have better wood playability properties than
conventional two-piece balls, and permit experienced golfers to apply spin so as to fade
or draw a shot" while having improved puttability. (Molitor '751, col. 2, lines 61-68.)

This rejection of claim 4 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.


**Proposed Third Party Requester Rejection:  Ground #23.**

The requester submits on page 42-44 in the request that claim 4 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Nesbitt.

In the request on pages 20 through 24 the third party requester proposes that claim 1 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  In the

request on pages 42-43 the third party requester proposes where Nesbitt (passages that mention

Molitor '637) discloses the limitations of claim 4.  The third party requester points out that

Molitor '637 is incorporated by reference into Nesbitt because Nesbitt refers to Molitor '637.

(See Nesbitt col. 3, ll. 54-60).

**This rejection is not adopted.**

MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference
for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(b)(1)
limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
to instances only where the perfecting words "incorporated by reference" or the
root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
(e.g., referencing) appear. The requirement for specific root words will bring

Application/Control Number: 95/000,122                                    Page 48
Art Unit: 3993

> greater clarity to the record and provide a bright line test as to where something is
> being referred to is an incorporation by reference. The Office intends to treat
> references to documents that do not meet this "bright line" test as noncompliant
> incorporations by reference and may require correction pursuant to 37 CFR
> 1.57(g). If a reference to a document does not clearly indicate an intended
> incorporation by reference, examination will proceed as if no incorporation by
> reference statement has been made and the Office will not expend resources
> trying to determine if an incorporation by reference was intended. In addition to
> other requirements for an application, the referencing application must include an
> identification of the referenced patent, application, or publication. See 37 CFR
> 1.57(b)(2). Particular attention should be directed to specific portions of the
> referenced document where the subject matter being incorporated may be found.

Thus, the reference to or the mentioning of another document does not confer an "incorporation

by reference" of material especially "essential material" as defined in 37 CFR 1.57(c) which

would be needed in this case to supply a basis for a rejection of the subject matter of this claimed

invention, i.e. a reference must provide an enabling disclosure for all of the claimed structural

features in the claim in order to anticipate the claim.

**Proposed Third Party Requester Rejection: Ground #24.**

In the alternative, the requester submits on pages 42-44 in the request that claim 4 is

unpatentable under 35 U.S.C. § 103(a) as being obvious by Nesbitt in view of Molitor '637.

Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637, as evidenced by Exhibit I (SURLYN Thermoplastic Resins Product Information

Sheet) and Exhibit J (ESTANE 58133 Product Specification Sheet.)

Claim 4 depends from claim 1 and further limits the outer layer material to a

polyurethane based material.

As mentioned above in Ground #4 which is incorporated herein, Nesbitt references

Molitor '637 as describing an number of compositions suitable for the inner cover layer 14. Of

Application/Control Number: 95/000,122                                    Page 54
Art Unit: 3993

outer cover made of the soft polyurethane materials taught by Molitor '751 to provide a golf ball that exhibits "playability properties as good or better than balata-covered wound balls but are significantly more durable," and "have better wood playability properties than conventional two-piece balls, and permit experienced golfers to apply spin so as to fade or draw a shot" while having improved puttability. (Molitor '751, col. 2, lines 61-68.) Therefore, Nesbitt when taken in view of Molitor '751 render claim 4 obvious under 35 U.S.C. § 103(a). These references raise substantial new questions of patentability that were not previously considered by the PTO. Therefore, reexamination of claim 4 of the '130 patent is proper.

This rejection of claim 4 based on Nesbitt in view of Wu was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

Re. Claim 5

**Proposed Third Party Requester Rejection: Ground #27.**

The requester submits on page 49-50 in the request that claim 5 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Sullivan '831.

**This rejection is not adopted for the reasoning that based on the prosecution history of the '130 Patent's copendency Sullivan '831 (Sullivan) is not prior art, see the Decision granting reexamination, mailed 04-06-06, para. 9.**

**Proposed Third Party Requester Rejection: Ground #28.**

The requester submits on pages 50-54 in the request that claim 5 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt.

In the request on pages 50 through 54 the third party requester proposes that claim 5 be rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637. The third

Application/Control Number: 95/000,122                                          Page 55
Art Unit: 3993

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637. (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u>.**

MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference
for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(b)(1)
limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
to instances only where the perfecting words "incorporated by reference" or the
root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
(e.g., referencing) appear. The requirement for specific root words will bring
greater clarity to the record and provide a bright line test as to where something is
being referred to is an incorporation by reference. The Office intends to treat
references to documents that do not meet this "bright line" test as noncompliant
incorporations by reference and may require correction pursuant to 37 CFR
1.57(g). If a reference to a document does not clearly indicate an intended
incorporation by reference, examination will proceed as if no incorporation by
reference statement has been made and the Office will not expend resources
trying to determine if an incorporation by reference was intended. In addition to
other requirements for an application, the referencing application must include an
identification of the referenced patent, application, or publication. See 37 CFR
1.57(b)(2). Particular attention should be directed to specific portions of the
referenced document where the subject matter being incorporated may be found.

Thus, the reference to or the mentioning of another document does not confer an "incorporation

by reference" of material especially "essential material" as defined in 37 CFR 1.57(c) which

would be needed in this case to supply a basis for a rejection of the subject matter of this claimed

invention, i.e. a reference must provide an enabling disclosure for all of the claimed structural

features in the claim in order to anticipate the claim.

Application/Control Number: 95/000,122                                    Page 86
Art Unit: 3993

material having a Shore C hardness of between 72 and 76 will inherently have a Shore D
hardness of less than 64.

On page 65 the request concludes:

Therefore, it would have been obvious to one of ordinary skill in the art at the time
of the invention to replace the soft balata outer cover layer of Proudfit with the soft
outer cover layer including a soft polyurethane material as taught by Molitor '751 to
provide golf balls that have "playability properties as good or better than balata-
covered wound balls but are significantly more durable," and "have better wood
playability properties than conventional two-piece balls, and permit experienced
golfers to apply spin so as to fade or draw a shot" while having improved puttability.
(Molitor '751, col. 2, lines 61-68.)

This rejection of claim 5 based on Proudfit in view of Wu was proposed by the third

party requester in the request for reexamination and is being adopted essentially as proposed in

the request.

**Proposed Third Party Requester Rejection: Ground #35.**

The requester submits on pages 67-68 in the request that claim 6 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Sullivan.

**This rejection is not adopted for the reasoning that based on the prosecution history**

**of the '130 Patent's copendency Sullivan '831 (Sullivan) is not prior art, see the Decision**

**granting reexamination, mailed 04-06-06, para. 9.**

**Proposed Third Party Requester Rejection: Ground #36.**

The requester submits on pages 69-72 in the request that claim 6 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Nesbitt.

Application/Control Number: 95/000,122                                          Page 87

Art Unit: 3993

In the request on pages 69 through 72 the third party requester proposes that claim 5 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637.  (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u>.**

MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference
for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(b)(1)
limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
to instances only where the perfecting words "incorporated by reference" or the
root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
(e.g., referencing) appear. The requirement for specific root words will bring
greater clarity to the record and provide a bright line test as to where something is
being referred to is an incorporation by reference.  The Office intends to treat
references to documents that do not meet this "bright line" test as noncompliant
incorporations by reference and may require correction pursuant to 37 CFR
1.57(g). If a reference to a document does not clearly indicate an intended
incorporation by reference, examination will proceed as if no incorporation by
reference statement has been made and the Office will not expend resources
trying to determine if an incorporation by reference was intended.  In addition to
other requirements for an application, the referencing application must include an
identification of the referenced patent, application, or publication.  See 37 CFR
1.57(b)(2).  Particular attention should be directed to specific portions of the
referenced document where the subject matter being incorporated may be found.

Thus, the reference to or the mentioning of another document does not confer an

"incorporation by reference" of material especially "essential material" as defined in 37 CFR

1.57(c) which would be needed in this case to supply a basis for a rejection of the subject matter

of this claimed invention, i.e. a reference must provide an enabling disclosure for all of the

claimed structural features in the claim in order to anticipate the claim.

# Exhibit 5

 UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000,121 | 01/17/06 | 6,503,156 | |

DOROTHY P. WHELAN
FISH & RICHARDSON P.C.
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| EXAMINER |
|---|
| O'NEILL, M. |

| ART UNIT | PAPER |
|---|---|
| 3993 | |

DATE MAILED:

02/27/07

# *INTER PARTES* REEXAMINATION COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

PTOL-2071 (Rev.07-04)

Application/Control Number: 95/000,121                          Page 2
Art Unit: 3993

## DETAILED ACTION

This first Action on the merits is being mailed after the order granting reexamination.

### *Reexamination Procedures*

In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be an Action Closing Prosecution (ACP), will be governed by 37 CFR 1.116(b) and (d), which will be strictly enforced.

### *Statutory Basis for Grounds of Rejections - 35 USC § 102 and 103*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

### *Third Party Requester's Grounds of Rejections*

### *Re. Claim 1*

**Ground #1.** The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

Application/Control Number: 95/000,121                                    Page 16
Art Unit: 3993


<u>Re. Claim 1</u>

**Proposed Third Party Requester Rejection: Ground #1.**

      The requester submits on pages 14-18 that claim 1 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

      In the request on pages 14 through 18 the third party requester proposes that claim 1 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637. The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637. (See Nesbitt col. 3, ll. 54-60).

      **This rejection is <u>not adopted</u>.**

      MPEP § 608.01(p) states that

> [m]ere reference to another application, patent, or publication is not an
> incorporation of anything therein into the application containing such reference
> for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
> de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(b)(1)
> limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
> to instances only where the perfecting words "incorporated by reference" or the
> root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
> (e.g., referencing) appear. The requirement for specific root words will bring
> greater clarity to the record and provide a bright line test as to where something is
> being referred to is an incorporation by reference. The Office intends to treat
> references to documents that do not meet this "bright line" test as noncompliant
> incorporations by reference and may require correction pursuant to 37 CFR
> 1.57(g). If a reference to a document does not clearly indicate an intended
> incorporation by reference, examination will proceed as if no incorporation by
> reference statement has been made and the Office will not expend resources
> trying to determine if an incorporation by reference was intended. In addition to
> other requirements for an application, the referencing application must include an
> identification of the referenced patent, application, or publication. See 37 CFR
> 1.57(b)(2). Particular attention should be directed to specific portions of the
> referenced document where the subject matter being incorporated may be found.

Application/Control Number: 95/000,121                              Page 17

Art Unit: 3993

Thus, the reference to or the mentioning of another document does not confer an

"incorporation by reference" of material especially "essential material" as defined in 37 CFR

1.57(c) which would be needed in this case to supply a basis for a rejection of the subject matter

of this claimed invention, i.e. a reference must provide an enabling disclosure for all of the

claimed structural features in the claim in order to anticipate the claim.


**Proposed Third Party Requester Rejection: Ground #2.**

In the alternative, the requester submits on pages 14-18 that claim 1 is unpatentable under

35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 1 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and which reference Nesbitt or

Molitor '637 discloses, teaches or suggests the claim limitations.

| Claim 1 | Nesbitt (primary) with Molitor '637 (teaching) |
|---|---|
| A golf ball comprising: | "The disclosure embraces **a golf ball** and method of making the same..." (Nesbitt, Abstract; and FIGS. 1 & 2) |
| a core; | "Referring to the drawings in detail there is illustrated a golf ball 10 which comprises **a solid center or core** formed as a solid body of resilient polymeric material or rubber-like material in the shape of a sphere. (Nesbitt, col. 2, ll. 31-34). |
| an inner cover layer disposed on said core, | "Disposed on the spherical center or core 12 is a first layer, lamination, ply or **inner cover** 14 of molded hard, highly flexural modulus resinous material...." (Nesbitt , col. 2, ll. 34-37). |
| said inner cover layer having | Nesbitt: "[I]nner cover 14 of molded hard, high flexural |

Application/Control Number: 95/000,121                                    Page 45
Art Unit: 3993

is how one of ordinary skill in the art can know the equivalent Shore D or even Shore A hardness

value for any given Shore C hardness value.

As stated in the request on page 29

Therefore, it would have been obvious to one of ordinary skill in the art at the
time of the invention to substitute the soft outer cover layer of Nesbitt and replace
it with an outer cover layer made of the soft polyurethane material taught by
Molitor '751 to provide a golf ball that includes "playability properties as good or
better than balata-covered wound balls but are significantly more durable," and
"have better wood playability properties than conventional two-piece balls, and
permit experienced golfers to apply spin so as to fade or draw a shot" while
having improved puttability. (Molitor '751, col. 2, ll. 61-68)

This rejection of claim 1 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.


Re. Claim 2

**Proposed Third Party Requester Rejection: Ground #8.**

The requester submits on pages 29-30 that claim 2 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is not adopted for the reasons given in response to Proposed Ground**

**#1 above.**


**Proposed Third Party Requester Rejection: Ground #9.**

In the alternative, the requester submits on page 30 that claim 2 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Application/Control Number: 95/000,121                                Page 48
Art Unit: 3993

**Proposed Third Party Requester Rejections: Ground #12-14.**

The requester submits on page 30 that claim 2 is unpatentable under 35 U.S.C. § 103(a)

as being obvious over Proudfit, U.S. Pat. No. 5,314,187 (Proudfit) in view of Molitor et al. U.S.

Pat. No. 4,274,637 (Molitor '637); Wu, U.S. Pat. No. 5,334,673 (Wu); or Molitor et al., U.S. Pat.

No. 4,674,751 (Molitor '751).

**These rejections are <u>not adopted</u> for the reasons given in below.**

Claim 2 requires the outer layer thickness to be in the range of about 0.01 to about 0.05

inches. Proudfit's preferred outer layer thickness embodiment is 0.0525 inches thick. See

Proudfit, col. 7, ll. 40-46. Therefore, Proudfit's preferred embodiment is outside the claimed

range. Further, the difference between Proudfit's preferred embodiment and the claimed

invention's upper range limit is 0.0025 inches or twenty-five thousandths of an inch. This

difference equates to approximately a factor of 4. The requester admits that it is not the chemical

but mechanical properties of the materials used in making golf balls which is important to those

skilled in the art. One of the mechanical properties in constructing a golf ball with materials it

the thickness to make a given layer. For these reasons, one skilled in the art would not find

obvious the claimed invention of claim when viewing Proudfit with Molitor '637, Wu or Molitor

'751. Note that Molitor '637, Wu or Molitor '751 lack curing the deficiencies of Proudfit with

respect to the instant claimed invention.


<u>Re. Claim 3</u>


**Proposed Third Party Requester Rejection: Ground #15.**

Application/Control Number: 95/000,121                                 Page 49

Art Unit: 3993

The requester submits on pages 30-31 that claim 3 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground**

**#1 above.**


**Proposed Third Party Requester Rejection: Ground #16.**

In the alternative, the requester submits on page 31 that claim 3 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 3 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and where Nesbitt discloses,

teaches or suggests the claim limitations.

| Claim 3 | Nesbitt |
|---|---|
| The golf ball of claim 1 wherein | See above. |
| said outer cover layer has a thickness of from about 0.03 to about 0.06 inches. | "The thickness of the outer layer or cover 16 of soft, low flexural modulus resin such and Surlyn type 1855, may be in the range of 0.020 inches and 0.100 inches." (Nesbitt, col. 3. ll. 22-25.) <br> "The outer layer of the soft resin is of a thickness of 0.0575 inches." (Nesbitt, col. 3, ll. 39-40.) |

This rejection of claim 3 based on Nesbitt in view of Molitor '637 was proposed by the

third party requester in the request for reexamination and <u>is being adopted</u> essentially as

proposed in the request.

Application/Control Number: 95/000,121                                    Page 53

Art Unit: 3993

**Proposed Third Party Requester Rejection: Ground #21.**

The requester submits on pages 31-32 that claim 3 is unpatentable under 35 U.S.C. §

103(a) as being obvious over Proudfit, U.S. Pat. No. 5,314,187 (Proudfit) in view of Molitor et

al., U.S. Pat. No. 4,674,751 (Molitor '751).

Claim 3 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Proudfit in view

of Molitor '751.

Below is a claim chart identifying the claim limitations and where Proudfit discloses,

teaches or suggests the claim limitations.

| Claim 3 | Proudfit |
|---|---|
| The golf ball of claim 1 wherein said outer cover layer has a thickness of from about 0.03 to about 0.06 inches. | See above. "The thickness of the outer layer can be within the range of about 0.0450 to 0.0650 inch to provide a total ball diameter of 1.680 inch. The preferred dimensions are ... an outer layer thickness of 0.0525 inch ..." (Proudfit, col. 7, ll. 40-46.) |

This rejection of claim 3 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.

Re. Claim 4

**Proposed Third Party Requester Rejection: Ground #22.**

The requester submits on pages 33-36 that claim 4 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

Application/Control Number: 95/000,121                     Page 54
Art Unit: 3993

**This rejection is _not adopted_ for the reasons given in response to Proposed Ground #1 above.**

**Proposed Third Party Requester Rejection: Ground #23.**

In the alternative, the requester submits on pages 33-36 that claim 4 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view of Molitor '637.

Below is a claim chart identifying the claim limitations and which reference Nesbitt or Molitor '637 discloses, teaches or suggests the claim limitations.

| Claim 4 | Nesbitt (primary) with Molitor '637 (teaching) |
|---|---|
| A golf ball comprising: | "The disclosure embraces **a golf ball** and method of making the same..." (Nesbitt, Abstract; and FIGS. 1 & 2) |
| a core; | "Referring to the drawings in detail there is illustrated a golf ball 10 which comprises **a solid center or core** formed as a solid body of resilient polymeric material or rubber-like material in the shape of a sphere. (Nesbitt, col. 2, ll. 31-34). |
| an inner cover layer disposed about said core, | "Disposed on the spherical center or core 12 is a first layer, lamination, ply or **inner cover** 14 of molded hard, highly flexural modulus resinous material...." (Nesbitt , col. 2, ll. 34-37). |
| said inner cover layer having a Shore D hardness of at least 60, | <u>Nesbitt</u>: "[I]nner cover 14 of molded hard, high flexural modulus resinous material such as type 1605 Surlyn® marketed by E.I DuPont de Nemours." (Nesbitt, col. 2, lines 36-38.) |

Application/Control Number: 95/000,121                                      Page 79
Art Unit: 3993

is how one of ordinary skill in the art can know the equivalent Shore D or even Shore A hardness

value for any given Shore C hardness value.

> As stated in the request on page 46

> Therefore, it would have been obvious to one of ordinary skill in the art at the
> time of the invention to substitute the soft outer cover layer of Nesbitt and replace
> it with an outer cover layer made of the soft polyurethane material taught by
> Molitor '751 to provide a golf ball that includes "playability properties as good or
> better than balata-covered wound balls but are significantly more durable," and
> "have better wood playability properties than conventional two-piece balls, and
> permit experienced golfers to apply spin so as to fade or draw a shot" while
> having improved puttability.  (Molitor '751, col. 2, ll. 61-68)

> This rejection of claim 4 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.


<u>Re. Claim 5</u>

**Proposed Third Party Requester Rejection: Ground #29.**

> The requester submits on page 47 that claim 5 is unpatentable under 35 U.S.C. § 102(b)

as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

> **This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground
#1 above.**


**Proposed Third Party Requester Rejection: Ground #30.**

Application/Control Number: 95/000,121                                        Page 93
Art Unit: 3993

How one of ordinary skill in the art would discover this inherent mechanical property of Shore D

hardness for the polyurethane material used in Molitor '751 is by "translating" a Shore C value

to a Shore D value for the polyurethane material.  How one of ordinary skill in the art

"translates" a Shore C value to a Shore D value is by taking the known Shore hardness values

with a given range, in this instance Shore C, for given materials, in this instance a polyurethane

golf ball covers materials, and taking corresponding measurements with a different set of Shore

gauges, in this instance Shore D (but could also be Shore A).  A resulting trendline plot occurs

from performing this procedure wherein the range of known Shore C values are the abscissa and

the range of measured Shore D values are the ordinate. Then, said plot can be use to read

equivalent Shore D value for any given Shore C value within the known range of Shore C.   This

is how one of ordinary skill in the art can know the equivalent Shore D or even Shore A hardness

value for any given Shore C hardness value.

This rejection of claim 5 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.

<u>Re. Claim 6</u>

**Proposed Third Party Requester Rejection: Ground #36.**

The requester submits on pages 48-49 that claim 6 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground**

**#1 above.**

Application/Control Number: 95/000,121                          Page 97

Art Unit: 3993

'751. Note that Molitor '637, Wu or Molitor '751 lack curing the deficiencies of Proudfit with

respect to the instant claimed invention.

<u>Re. Claim 7</u>

**Proposed Third Party Requester Rejection: Ground #43.**

    The requester submits on page 50 that claim 7 is unpatentable under 35 U.S.C. § 102(b)

as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

    **This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground**

**#1 above.**

**Proposed Third Party Requester Rejection: Ground #44.**

    In the alternative, the requester submits on page 50 that claim 7 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

    Claim 7 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

    Below is a claim chart identifying the claim limitations and where Nesbitt discloses,

teaches or suggests the claim limitations.

| Claim 7 | Nesbitt |
|---|---|
| The golf ball of claim 4 wherein said outer cover layer has a thickness of from about 0.03 to about 0.06 inches. | See above.<br>"The thickness of the outer layer or cover 16 of soft, low flexural modulus resin such and Surlyn type 1855, may be in the range of 0.020 inches and 0.100 inches." (Nesbitt, col. 3. ll. 22-25.)<br>"The outer layer of the soft resin is of a thickness of 0.0575 |

Application/Control Number: 95/000,121                                    Page 102
Art Unit: 3993

## Re. Claim 8

**Proposed Third Party Requester Rejection: Ground #50.**

The requester submits on pages 53-55 that claim 8 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground**

**#1 above.**

**Proposed Third Party Requester Rejection: Ground #51.**

In the alternative, the requester submits on pages 53-55 that claim 8 is unpatentable under

35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 8 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and which reference Nesbitt or

Molitor '637 discloses, teaches or suggests the claim limitations.

| Claim 8 | Nesbitt (primary) with Molitor '637 (teaching) |
|---|---|
| A golf ball comprising: | "The disclosure embraces **a golf ball** and method of making the same..." (Nesbitt, Abstract; and FIGS. 1 & 2) |
| a core: | "Referring to the drawings in detail there is illustrated a golf ball 10 which comprises **a solid center or core** formed as a solid body of resilient polymeric material or rubber-like material in the shape of a sphere. (Nesbitt, col. 2, ll. 31-34). |
| an inner cover layer disposed on said core, | "Disposed on the spherical center or core 12 is a first layer, lamination, ply or **inner cover** 14 of molded hard, highly flexural modulus resinous material...." (Nesbitt , col. 2, ll. 34- |

Application/Control Number: 95/000,121                    Page 126
Art Unit: 3993

     Molitor expresses the hardness of the cover material as a Shore C hardness of less than 85, preferably 70 to 85 and most preferably 72 to 76. (Molitor '751, col. 4, lines 21-25.) Based on Callaway's own measurements, a Shore C hardness of 73 is equal to a Shore D hardness of 47. (See U.S. Patent No. 6,905,648, Table 19 (Exhibit L.)  A cover material having a Shore C hardness of between 72 and 76 will inherently have a Shore D hardness of less than 64.

     On page 65 the request concludes:

Therefore, it would have been obvious to one of ordinary skill in the art at the time of the invention to replace the soft balata outer cover layer of Proudfit with the soft outer cover layer including a soft polyurethane material as taught by Molitor '751 to provide golf balls that have "playability properties as good or better than balata-covered wound balls but are significantly more durable," and "have better wood playability properties than conventional two-piece balls, and permit experienced golfers to apply spin so as to fade or draw a shot" while having improved puttability.  (Molitor '751, col. 2, lines 61-68.)

     This rejection of claim 8 based on Proudfit in view of Molitor '751 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

<u>Re. Claim 9</u>

**Proposed Third Party Requester Rejection: Ground #57.**

     The requester submits on page 66 that claim 9 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

     **This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground #1 above.**

**Proposed Third Party Requester Rejection: Ground #58.**

Application/Control Number: 95/000,121                    Page 140
Art Unit: 3993

How one of ordinary skill in the art would discover this inherent mechanical property of Shore D

hardness for the polyurethane material used in Molitor '751 is by "translating" a Shore C value

to a Shore D value for the polyurethane material.  How one of ordinary skill in the art

"translates" a Shore C value to a Shore D value is by taking the known Shore hardness values

with a given range, in this instance Shore C, for given materials, in this instance a polyurethane

golf ball covers materials, and taking corresponding measurements with a different set of Shore

gauges, in this instance Shore D (but could also be Shore A).  A resulting trendline plot occurs

from performing this procedure wherein the range of known Shore C values are the abscissa and

the range of measured Shore D values are the ordinate. Then, said plot can be use to read

equivalent Shore D value for any given Shore C value within the known range of Shore C.   This

is how one of ordinary skill in the art can know the equivalent Shore D or even Shore A hardness

value for any given Shore C hardness value.

    This rejection of claim 9 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.

<u>Re. Claim 10</u>

**Proposed Third Party Requester Rejection: Ground #64.**

    The requester submits on pages 67-68 that claim 10 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

    **This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground**

**#1 above.**

Application/Control Number: 95/000,121                          Page 144
Art Unit: 3993

'751. Note that Molitor '637, Wu or Molitor '751 lack curing the deficiencies of Proudfit with

respect to the instant claimed invention.


<u>Re. Claim 11</u>

**Proposed Third Party Requester Rejection: Ground #71.**

    The requester submits on page 69 that claim 11 is unpatentable under 35 U.S.C. § 102(b)

as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

    **This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground

#1 above.**


**Proposed Third Party Requester Rejection: Ground #72.**

    In the alternative, the requester submits on page 69 that claim 11 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

    Claim 11 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

    Below is a claim chart identifying the claim limitations and where Nesbitt discloses,

teaches or suggests the claim limitations.

| Claim 11 | Nesbitt |
|---|---|
| The golf ball of claim 8 wherein | See above. |
| said outer cover layer has a thickness of from about 0.03 to about 0.06 inches. | "The thickness of the outer layer or cover 16 of soft, low flexural modulus resin such and Surlyn type 1855, may be in the range of 0.020 inches and 0.100 inches." (Nesbitt, col. 3. ll. 22-25.)<br>"The outer layer of the soft resin is of a thickness of 0.0575 |

Exhibit 6

 United States Patent and Trademark Office

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000,120 | 01/17/06 | 6,210,293 | |

| EXAMINER |
|---|
| O'NEILL, M. |

DOROTHY P. WHELAN
FISH & RICHARDSON P.C.
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| ART UNIT | PAPER |
|---|---|
| 3993 | |

DATE MAILED:

02/27/07

# *INTER PARTES* REEXAMINATION
# COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED
STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE
PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to
the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of
this communication.

PTOL-2071 (Rev.07-04)

Application/Control Number: 95/000,120                                    Page 2
Art Unit: 3993

## DETAILED ACTION

This first Action on the merits is being mailed after the order granting reexamination.

### *Reexamination Procedures*

In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be an Action Closing Prosecution (ACP), will be governed by 37 CFR 1.116(b) and (d), which will be strictly enforced.

### *Statutory Basis for Grounds of Rejections - 35 USC § 102 and 103*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

### *Third Party Requester's Grounds of Rejections*

#### *Re. Claim 1*

**Ground #1.** The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

Application/Control Number: 95/000,120                                    Page 13
Art Unit: 3993

<u>Re. Claim 1</u>

**Proposed Third Party Requester Rejection: Ground #1.**

The requester submits on pages 14-17 that claim 1 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

In the request on pages 14 through 17 the third party requester proposes that claim 1 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637. The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637. (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u>.**

MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference
for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(b)(1)
limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
to instances only where the perfecting words "incorporated by reference" or the
root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
(e.g., referencing) appear. The requirement for specific root words will bring
greater clarity to the record and provide a bright line test as to where something is
being referred to is an incorporation by reference. The Office intends to treat
references to documents that do not meet this "bright line" test as noncompliant
incorporations by reference and may require correction pursuant to 37 CFR
1.57(g). If a reference to a document does not clearly indicate an intended
incorporation by reference, examination will proceed as if no incorporation by
reference statement has been made and the Office will not expend resources
trying to determine if an incorporation by reference was intended. In addition to
other requirements for an application, the referencing application must include an
identification of the referenced patent, application, or publication. See 37 CFR
1.57(b)(2). Particular attention should be directed to specific portions of the
referenced document where the subject matter being incorporated may be found.

Application/Control Number: 95/000,120                                          Page 14
Art Unit: 3993

Thus, the reference to or the mentioning of another document does not confer an

"incorporation by reference" of material especially "essential material" as defined in 37 CFR

1.57(c) which would be needed in this case to supply a basis for a rejection of the subject matter

of this claimed invention, i.e. a reference must provide an enabling disclosure for all of the

claimed structural features in the claim in order to anticipate the claim.


**Proposed Third Party Requester Rejection: Ground #2.**

In the alternative, the requester submits on pages 14-17 that claim 1 is unpatentable under

35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 1 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and which reference Nesbitt or

Molitor '637 discloses, teaches or suggests the claim limitations.

| Claim 1 | Nesbitt (primary) with Molitor '637 (teaching) |
|---|---|
| A golf ball comprising: | "The disclosure embraces **a golf ball** and method of making the same..." (Nesbitt, Abstract; and FIGS. 1 & 2) |
| a core; | "Referring to the drawings in detail there is illustrated a golf ball 10 which comprises **a solid center or core** formed as a solid body of resilient polymeric material or rubber-like material in the shape of a sphere. (Nesbitt, col. 2, ll. 31-34). |
| an inner cover layer having | "Disposed on the spherical center or core 12 is a first layer, lamination, ply or **inner cover** 14 of molded hard, highly flexural modulus resinous material...." (Nesbitt , col. 2, ll. 34-37). |
| a Shore D hardness of 60 or | Nesbitt: "[I]nner cover 14 of molded hard, high flexural |

Application/Control Number: 95/000,120                     Page 42
Art Unit: 3993

This rejection of claim 1 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.


### Re. Claim 2

**Proposed Third Party Requester Rejection: Ground #8.**

The requester submits on pages 29-30 that claim 2 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is not adopted for the reasons given in response to Proposed Ground
#1 above.**


**Proposed Third Party Requester Rejection: Ground #9.**

In the alternative, the requester submits on page 30 that claim 2 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 2 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and where Nesbitt discloses,

teaches or suggests the claim limitations.

| Claim 2 | Nesbitt |
| --- | --- |
| The golf ball according to claim 1, | See above. |
| wherein said golf ball has an | "According to the United States Golf Association Rules, the |

Application/Control Number: 95/000,120                                    Page 47
Art Unit: 3993

Below is a claim chart identifying the claim limitations and where Proudfit discloses,

teaches or suggests the claim limitations.

| Claim 2 | Proudfit |
|---|---|
| The golf ball according to claim 1, | See above. |
| wherein said golf ball has an overall diameter of 1.680 inches or more. | "The preferred dimensions are a core diameter of 1.500 inch, and inner layer thickness of 0.037 inch (inner layer diameter of 1.575 inch), and an outer layer thickness of 0.0525 inch (total ball diameter of 1.680 inch)." (Proudfit, col. 7, lines 43-47.) |

This rejection of claim 2 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.


Re. Claim 3

**Proposed Third Party Requester Rejection: Ground #15.**

The requester submits on pages 31-32 that claim 3 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is not adopted for the reasons given in response to Proposed Ground

#1 above.**


**Proposed Third Party Requester Rejection: Ground #16.**

In the alternative, the requester submits on page 32 that claim 3 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Application/Control Number: 95/000,120                    Page 51

Art Unit: 3993

|  | "This center or core 12 and inner layer 14 of hard resinous material in the form of a sphere is then remolded into a dimpled golf ball of a diameter of 1.680 inches minimum with an outer or cover layer 16 of a soft, low flexural modulus resin ...." (Nesbitt, col. 3, lines 34-38.) |
|---|---|

This rejection of claim 3 based on Nesbitt in view of Molitor '751 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejections: Ground #19-21.**

The requester submits on pages 32-33 that claim 3 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Proudfit, U.S. Pat. No. 5,314,187 (Proudfit) in view of Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637); Wu, U.S. Pat. No. 5,334,673 (Wu); or Molitor et al., U.S. Pat. No. 4,674,751 (Molitor '751).

**These rejections are not adopted for the reasons given in Order Granting Reexamination, dated 04/07/2006, at paragraph #23, which is incorporated herein.**

Re. Claim 4

**Proposed Third Party Requester Rejection: Ground #22.**

The requester submits on pages 34-38 that claim 4 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is not adopted for the reasons given in response to Proposed Ground #1 above.**

Application/Control Number: 95/000,120                                    Page 83
Art Unit: 3993

<u>Re. Claim 5</u>

**Proposed Third Party Requester Rejection: Ground #29.**

The requester submits on pages 50-51 that claim 5 is unpatentable under 35 U.S.C. §

102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground**

**#1 above.**

**Proposed Third Party Requester Rejection: Ground #30.**

In the alternative, the requester submits on page 51 that claim 5 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 5 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and where Nesbitt discloses,

teaches or suggests the claim limitations.

| Claim 5 | Nesbitt |
|---|---|
| A golf ball according to claim 4, wherein | See above. |
| said inner cover layer has a thickness of about 0.100 to about 0.010 inches and | "It is found that the inner layer of hard, high flexural modulus resinous material such as Surlyn® resin type 1605, is preferably of a thickness in a range of 0.020 inches and 0.070 inches." (Nesbitt, col. 3, lines 19-23.) |
| said outer cover layer has a thickness of about 0.010 to about 0.070 inches, | "The thickness of the outer layer or cover 16 of soft, low flexural modulus resin such as Surlyn type 1855, may be in the range of 0.020 inches and 0.100 inches." (Nesbitt, col. 3, lines 22-25.) "The outer layer of the soft resin is of |

Application/Control Number: 95/000,120                                    Page 90
Art Unit: 3993

|  | diameter of 1.575 inch), and an outer layer thickness of 0.0525 inch (total ball diameter of 1.680 inch)." (Proudfit, col. 7, lines 43-47.) |
|---|---|

This rejection of claim 5 based on Proudfit in view of Molitor '751 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


Re. Claim 6

**Proposed Third Party Requester Rejection: Ground #36.**

The requester submits on pages 52-53 that claim 6 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is not adopted for the reasons given in response to Proposed Ground #1 above.**


**Proposed Third Party Requester Rejection: Ground #37.**

In the alternative, the requester submits on pages 52-53 that claim 6 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of Molitor et al., U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 6 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view of Molitor '637.

Below is a claim chart identifying the claim limitations and where Nesbitt discloses, teaches or suggests the claim limitations.

Application/Control Number: 95/000,120                                     Page 94
Art Unit: 3993

     This rejection of claim 6 based on Nesbitt in view of Molitor '751 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejections: Ground #40-42.**

     The requester submits on pages 53-54 that claim 6 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Proudfit, U.S. Pat. No. 5,314,187 (Proudfit) in view of Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637); Wu, U.S. Pat. No. 5,334,673 (Wu); or Molitor et al., U.S. Pat. No. 4,674,751 (Molitor '751).

     **These rejections are <u>not adopted</u> for the reasons given in Order Granting Reexamination, dated 04/07/2006, at paragraph #23, which is incorporated herein.**


<u>Re. Claim 7</u>

**Proposed Third Party Requester Rejection: Ground #43.**

     The requester submits on pages 56-59 that claim 7 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

     **This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground #1 above.**


**Proposed Third Party Requester Rejection: Ground #44.**

Application/Control Number: 95/000,120                                    Page 127
Art Unit: 3993

Re. Claim 8

**Proposed Third Party Requester Rejection: Ground #50.**

The requester submits on pages 71 that claim 8 is unpatentable under 35 U.S.C. § 102(b)

as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

**This rejection is <u>not adopted</u> for the reasons given in response to Proposed Ground
#1 above.**

**Proposed Third Party Requester Rejection: Ground #51.**

In the alternative, the requester submits on pages 71-72 that claim 8 is unpatentable under

35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of

Molitor et al. U.S. Pat. No. 4,274,637 (Molitor '637).

Claim 8 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

**Proposed Third Party Requester Rejection: Grounds #52.**

The requester submits on pages 72 of the request that claim 8 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt) in view of Wu,

U.S. Pat. No. 5,334,673 (Wu).

Claim 8 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt

mentioning Molitor '637 in view of Wu, as evidenced by Exhibit C.

**Proposed Third Party Requester Rejection: Ground #53.**

# Exhibit 7

UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000,123 | 01/17/06 | 6,595,873 | |

DOROTHY P. WHELAN
FISH & RICHARDSON P.C.
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| EXAMINER |
|---|
| O'NEILL, M. |

| ART UNIT | PAPER |
|---|---|
| 3993 | |

DATE MAILED:

01/30/07

# *INTER PARTES* REEXAMINATION COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

# Exhibit 7

Application/Control Number: 95/000,123                                    Page 2
Art Unit: 3993

# DETAILED ACTION

This first Action on the merits is being mailed after the order granting reexamination.

## *Reexamination Procedures*

In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be an Action Closing Prosecution (ACP), will be governed by 37 CFR 1.116(b) and (d), which will be strictly enforced.

## *Statutory Basis for Grounds of Rejections - 35 USC § 102 and 103*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

## *Third Party Requester's Grounds of Rejections*

### *Re. Claim 1*

**Ground #1.** The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

Re. Claim 1

**Proposed Third Party Requester Rejection:  Ground #1**

The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b) as being

anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

In the request on pages 14 through 18 the third party requester proposes that claim 1 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637.  (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u>.**

MPEP § 608.01(p) states that

[m]ere reference to another application, patent, or publication is not an
incorporation of anything therein into the application containing such reference
for the purpose of the disclosure required by 35 U.S.C. 112, first paragraph. *In re
de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973).  37 CFR 1.57(b)(1)
limits a proper incorporation by reference (except as provided in 37 CFR 1.57(a))
to instances only where the perfecting words "incorporated by reference" or the
root of the words "incorporate" (e.g., incorporating, incorporated) and "reference"
(e.g., referencing) appear. The requirement for specific root words will bring
greater clarity to the record and provide a bright line test as to where something is
being referred to is an incorporation by reference.  The Office intends to treat
references to documents that do not meet this "bright line" test as noncompliant
incorporations by reference and may require correction pursuant to 37 CFR
1.57(g). If a reference to a document does not clearly indicate an intended
incorporation by reference, examination will proceed as if no incorporation by
reference statement has been made and the Office will not expend resources
trying to determine if an incorporation by reference was intended.  In addition to
other requirements for an application, the referencing application must include an
identification of the referenced patent, application, or publication. See 37 CFR
1.57(b)(2).  Particular attention should be directed to specific portions of the
referenced document where the subject matter being incorporated may be found.

Application/Control Number: 95/000,123                                                    Page 11
Art Unit: 3993

Thus, the reference to or the mentioning of another document does not confer an "incorporation

by reference" of material especially "essential material" as defined in 37 CFR 1.57(c) which

would be needed in this case to supply a basis for a rejection of the subject matter of this claimed

invention, i.e. a reference must provide an enabling disclosure for all of the claimed structural

features in the claim in order to anticipate the claim.


**Proposed third party requester rejection:  Ground #2**

The requester submits on pages 14-18 of the request that claim 1 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193, in view of Molitor et al.,

U.S. Pat. No. 4,274,637, (Molitor '637).

Claim 1 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and which reference Nesbitt or

Molitor '637 discloses, teaches or suggests the claim limitations.

| Claim 1 | Nesbitt (primary) with Molitor '637 (teaching) |
|---|---|
| A golf ball comprising: | "The disclosure embraces **a golf ball** and method of making the same..." (Nesbitt, Abstract; and FIGS. 1 & 2) |
| a core; | "Referring to the drawings in detail there is illustrated a golf ball 10 which comprises **a solid center or core** formed as a solid body of resilient polymeric material or rubber-like material in the shape of a sphere.  (Nesbitt, col. 2, ll. 31-34). |
| an inner cover layer disposed on said core, | "Disposed on the spherical center or core 12 is a first layer, lamination, ply or **inner cover** 14 of molded hard, highly flexural modulus resinous material...." (Nesbitt , col. 2, ll. 34-37). |
| said inner cover layer having a thickness of from about 0.100 to about 0.010 inches, | "It is found that the inner layer of hard, high flexural modulus resinous material such as SURLYN resin type 1605, is preferably of a thickness **in the range of 0.020 inches and 0.070 inches.**" (Nesbitt, col. 3, ll. 19-23). |

Application/Control Number: 95/000,123                                    Page 34
Art Unit: 3993

<u>Re. Claim 2</u>

**Proposed third party requester rejection: Ground #8**

The requester submits on pages 29 and 30 of the request that claim 2 is unpatentable

under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193, (Nesbitt).

**This rejection is <u>not adopted</u> for the same reasoning as Ground #1 was not adopted**

**and is incorporated herein.**


**Proposed third party requester rejection: Ground #9**

As an alternative to Ground #8, the requester submits on pages 29 and 30 of the request

that claim 2 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat.

No. 4,431,193, in view of Molitor et al., U.S. Pat. No. 4,274,637, (Molitor '637).

Claim 2 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

The below claim chart identifies the new limitations introduced by dependent claim 2.

| Claim 2 | Nesbitt |
|---|---|
| wherein said inner cover layer has a thickness of about 0.050 inches, and | "It is found that the inner layer of hard, high flexural modulus resinous material such as SURLYN resin type 1605, is preferably of a thickness in a range of 0.020 inches and 0.070 inches." (Nesbitt, col. 3, ll. 19-23). |
| said outer cover layer has a thickness of about 0.055 inches. | "The thickness of the outer layer or cover 16 of soft, low flexural modulus resin such as SURLYN type 1855, may be in the range of 0.020 inches and 0.100 inches." (Nesbitt, col. 3, ll. 22-25). |

Thus, because all new limitations of claim 2 are found within Nesbitt and from the above

analysis within Ground #2 claim 1 is obvious by Nesbitt in view of Molitor '637, claim 2 is

likewise obvious by Nesbitt in view of Molitor '637.

Application/Control Number: 95/000,123                                Page 39
Art Unit: 3993

<u>Re. Claim 3</u>

**Proposed third party requester rejection:  Ground #15**

The requester submits that claim 3 is unpatentable under 35 U.S.C. § 102(b) as being

anticipated by Nesbitt, U.S. Pat. No. 4,431,193 (Nesbitt).

In the request on pages 32 through 36 the third party requester proposes that claim 3 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637.  (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u> for the same reasoning as Ground #1 and such**

**reasoning is incorporated herein.**


**Proposed third party requester rejection:  Ground #16**

The requester submits on pages 32 through 36 that claim 3 is unpatentable under 35

U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat. No. 4,431,193, in view of Molitor et al.,

U.S. Pat. No. 4,274,637, (Molitor '637).

Claim 3 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

Below is a claim chart identifying the claim limitations and which reference Nesbitt or

Molitor '637 discloses, teaches or suggests the claim limitations.

| Claim 3 | Nesbitt (primary) with Molitor '637 (teaching) |
|---------|-----------------------------------------------|
| A multi-layer golf ball comprising: | "The disclose embraces a golf ball and method of making same...." (Nesbitt, Abstract; FIGS 1 & 2) |
| a spherical core; | "Referring to the drawings in detail there is illustrated a golf ball 10 which comprises a solid center or core formed as a solid body of resilient polymeric material or rubber-like material in the shape of a |

Application/Control Number: 95/000,123                                      Page 61
Art Unit: 3993

from performing this procedure wherein the range of known Shore C values are the abscissa and

the range of measured Shore D values are the ordinate. Then, said plot can be use to read

equivalent Shore D value for any given Shore C value within the known range of Shore C.   This

is how one of ordinary skill in the art can know the equivalent Shore D or even Shore A hardness

value for any given Shore C hardness value.

As stated in the request on page 46

Therefore, it would have been obvious to one of ordinary skill in the art at the
time of the invention to substitute the soft outer cover layer of Nesbitt and replace
it with an outer cover layer made of the soft polyurethane material taught by
Molitor '751 to provide a golf ball that includes "playability properties as good or
better than balata-covered wound balls but are significantly more durable," and
"have better wood playability properties than conventional two-piece balls, and
permit experienced golfers to apply spin so as to fade or draw a shot" while
having improved puttability. (Molitor '751, col. 2, ll. 61-68)

This rejection of claim 3 based on Proudfit in view of Molitor '751 was proposed by the

third party requester in the request for reexamination and is being adopted essentially as

proposed in the request.


Re. Claim 4

**Proposed third party requester rejection:  Ground #22**

The requester submits on pages 47 and 48 of the request that claim 4 is unpatentable

under 35 U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193, (Nesbitt).

In the request on pages 47 through 48 the third party requester proposes that claim 3 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637.  (See Nesbitt col. 3, ll. 54-60).

Application/Control Number: 95/000,123                                      Page 62
Art Unit: 3993

**This rejection is <u>not adopted</u> for the same reasoning as Ground #1 and such**

**reasoning is incorporated herein.**

**Proposed third party requester rejection: Ground #23**

As an alternative to Ground #21, the requester submits on pages 47 and 48 of the request

that claim 4 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat.

No. 4,431,193, in view of Molitor et al., U.S. Pat. No. 4,274,637, (Molitor '637).

Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

The below claim chart identifies the new limitations introduced by dependent claim 4.

| Claim 4 | Nesbitt |
|---|---|
| wherein said inner cover layer has a thickness of about 0.050 inches, and | "It is found that the inner layer of hard, high flexural modulus resinous material such as SURLYN resin type 1605, is preferably of a thickness in a range of 0.020 inches and 0.070 inches." (Nesbitt, col. 3, ll. 19-23). |
| said outer cover layer has a thickness of about 0.055 inches, | "The thickness of the outer layer or cover 16 of soft, low flexural modulus resin such as SURLYN type 1855, may be in the range of 0.020 inches and 0.100 inches." (Nesbitt, col. 3, ll. 22-25). |
| said golf ball having an overall diameter of 1.680 inches or more. | "According to the United States Golf Association Rules, the minimum diameter prescribed for a golf ball is 1.680 inches...." (Nesbitt, col. 2: ll. 50-52.)<br>"This center or core 12 and inner layer 14 of hard resinous material in the form of a sphere is then remolded into a dimpled golf ball of a diameter of 1.680 inches minimum with an outer or cover layer 16 of a soft, low flexural modulus resin ...." (Nesbitt, col. 3, ll. 34-38.) |

Thus, because all new limitations of claim 4 are found within Nesbitt and from the above

analysis within Ground #16 claim 3 is obvious by Nesbitt in view of Molitor '637, claim 4 is

likewise obvious by Nesbitt in view of Molitor '637.

Application/Control Number: 95/000,123                                    Page 67
Art Unit: 3993

thickness to the thousandths of an inch. The difference between the Proudfit preferred

embodiment and the claimed invention is 0.013 inches or thirteen hundredths of an inch. This

difference equates to a difference of a factor of ten. Further, the requester admits that it is not the

chemical but the mechanical properties of the materials used in making golf balls important to

those skilled in the art. One of the mechanical properties in constructing a golf ball with

materials is the thickness to make a given layer. Therefore, for these reasons this proposed

rejection is not adopted.

### Re. Claim 5

**Proposed third party requester rejection:  Ground #29**

The requester submits on pages 50 through 54 that claim 5 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193.

In the request on pages 50 through 54 the third party requester proposes that claim 5 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637. The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637. (See Nesbitt col. 3, ll. 54-60).

**This rejection is <u>not adopted</u> for the same reasoning as Ground #1 and such**

**reasoning is incorporated herein.**

Application/Control Number: 95/000,123                                    Page 93
Art Unit: 3993

<u>Re. Claim 6</u>

**Proposed third party requester rejection:  Ground #36**

     The requester submits on pages 66 through 67 that claim 5 is unpatentable under 35

U.S.C. § 102(b) as being anticipated by Nesbitt, U.S. Pat. No. 4,431,193.

     In the request on pages 66 through 67 the third party requester proposes that claim 5 be

rejected based upon Nesbitt alone with the incorporation by reference of Molitor '637.  The third

party requester points out that Molitor '637 is incorporated by reference into Nesbitt because

Nesbitt refers to Molitor '637.  (See Nesbitt col. 3, ll. 54-60).

     **This rejection is <u>not adopted</u> for the same reasoning as Ground #1 and such**

**reasoning is incorporated herein.**

**Proposed third party requester rejection:  Ground #37**

     As an alternative to Ground #36, the requester submits on pages 66 and 67 of the request

that claim 6 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Nesbitt, U.S. Pat.

No. 4,431,193, in view of Molitor et al., U.S. Pat. No. 4,274,637, (Molitor '637).

     Claim 6 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Nesbitt in view

of Molitor '637.

     The below claim chart identifies the new limitations introduced by dependent claim 6.

| Claim 6 | Nesbitt |
|---|---|
| wherein the Shore D hardness of said outer cover layer is less than the Shore D hardness of said inner cover layer. | "The disclosure embraces a golf ball and method of making same wherein the golf ball has a ... multilayer cover construction which involves a first layer or play of molded hard, high flexural modulus resinous material on the core, and a second or cover layer of soft, low flexural modulus resinous material molded over the first layer to form a finished golf ball." (Nesbitt, |