

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

October 10, 2007

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **Callaway Golf Company v. Acushnet Company**
             **C.A. No. 06-91-SLR**

Dear Judge Robinson:

    On September 28, 2007, the parties presented their oral arguments regarding summary judgment and claim construction to the Court.

    At that hearing, Callaway argued to the Court that to anticipate a claim that recites a limitation in terms of a range, the prior art reference must disclose the entire claimed range. Specifically, Callaway's counsel, Mr. Scherkenbach, argued that: "To anticipate a claim that has that range, the prior art actually has to show the range. You can't just say, well, I found a reference that has a single value in the range and therefore the claim is anticipated." Hearing Tr. at 86:19-23. Callaway promised the Court that, "We have a case cite for that. Mr. Denning will find it and I will just tell you what it is, but it's a Federal Circuit case." *Id.* at 87:8-10. Callaway never came forward with the promised case, and Acushnet advised the Court at oral argument that Callaway had incorrectly stated the law. Acushnet promised to supply the Court with appropriate case citations refuting Callaway's misstatement of the law.

    Consequently, in an effort to ensure that the Court is properly informed regarding the relevant law concerning the invalidity of claims reciting a limitation in terms of ranges, Acushnet submits this brief discussion of the topic.

    **I.**    **ANTICIPATION**

    Prior art that supplies a specific example contained within the range(s) given by a patent claim will invalidate that claim as anticipated. *See Titanium Metals Corp. v. Banner*, 778 F.2d 775, 782 (Fed. Cir. 1985). A single example is sufficient to invalidate the entire claim. *See Atlas Powder Co. v. Ireco Inc.*, 190 F.3d 1342, 1346 (Fed Cir.

The Honorable Sue L. Robinson
October 10, 2007
Page 2

1999). When a patent claims a limitation "in terms of ranges," a single prior art reference that falls within each of the ranges anticipates the claim. *Id.* The example can include specific values mentioned in the prior art or it can be a point derived from a graph in the prior art. *See Titanium Metals Corp. v. Banner*, 778 F.2d 775 (Fed. Cir. 1985).

Once a specific example has been found that is contained within the range(s) of the patent claim, the claim will be invalidated without regard to other considerations. *See id.* This situation is applicable in the present case, for example, with Proudfit's identification of a preferred outer cover layer thickness of 0.0525 inches. Proudfit, col. 7, lines 43-46.[1] This value falls within the patents-in-suit's claimed outer cover layer thickness range of 0.010 inches to 0.070 inches and hence anticipates this range.

Further, a prior art reference that discloses a range of values that does not exactly correspond to the claims at issue anticipates those claims if the claimed range entirely encompasses the prior art range. *See Perricone v. Medicis Pharm.*, 432 F.3d 1368, 1377 (Fed. Cir. 2005). This situation is applicable, for example in this case, to Nesbitt's disclosure of an inner cover layer of 0.020 to 0.700 inches (Nesbitt, claim 5), which is completely encompassed by the 0.10 to 0.010 inches claimed by the patents-in-suit.

Note that if prior art range is *broader* than the claimed range, the claimed range is anticipated only if it is disclosed with "sufficient specificity." *Atofina v. Great Lakes Chem.*, 441 F.3d 991, 999-1000 (Fed. Cir. 2006). Such a situation does not arise here, where the prior art ranges are narrower than the claimed ranges (or are specific values).

## II.     OBVIOUSNESS

In regards to obviousness, the Federal Circuit has repeatedly found that when a prior art range overlaps with a patent claim range, the patent claim is rendered prima facie obvious. *See, e.g., Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) (determining that a patent claim range of 2 to 20 days and a prior art range of 14 to 21 days had substantial overlap which resulted in prima facie obviousness); *In re Kumar*, 418 F.3d 1361, 1366 (Fed. Cir. 2005) (determining that overlapping values for particle sizes created prima facie obviousness); *In re Harris*, 409 F.3d 1339, 1341-43 (Fed. Cir. 2005) (determining that matter composition ranges of a patent claim overlapping prior art ranges created prima facie obviousness); *In re Malagari*, 499 F.2d 1297, 1303 (CCPA 1974) (determining that overlapping ranges of 0.020-0.035% and 0.030-0.070% created prima facie obviousness). In fact, even a "slight overlap in range establishes a prima facie case of obviousness." *See In re Peterson*, 315 F.3d 1325, 1329 (Fed. Cir. 2003). Claimed inventions have even been rendered prima facie obvious when the ranges overlapped only at their endpoint. *See In re Geisler*, 116 F.3d 1465, 1469

---

[1] The same also applies to Proudfit's disclosure of an inner cover layer thickness of 0.037 inches, which is within the range claimed by the patents-in-suit (0.100 to 0.010 inches).

The Honorable Sue L. Robinson
October 10, 2007
Page 3

(Fed. Cir. 1997). The same is true when the ranges that overlapped were only approximate. *See In re Woodruff*, 919 F.2d 1575, 1578 (Fed. Cir. 1990).

Finally, "a prima facie case of obviousness exists when the claimed range and the prior art range do not overlap but are close enough such that one skilled in the art would have expected them to have the same properties." *In re Peterson*, 315 F.3d 1325, 1329 (Fed. Cir. 2003). *See also In re Geisler*, 116 F.3d 1465, 1468 (Fed. Cir. 1997). Non-overlapping values found to be close enough to show obviousness include 25%-75% and 10% (*In re Aller*, 220 F.2d 454, 457 (CCPA 1955)), 40-80 degrees and 100 degrees (*id.*), and 150-250 degrees and 300 degrees (*In re Hill*, 284 F.2d 955, 958-59 (CCPA 1960)).

If the Court has any questions regarding the cases discussed herein, counsel for Acushnet would be happy to brief this issue in more detail.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt/824525/30030
cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic filing)