IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | |
| Plaintiff, | |
| v. | C. A. No. 06-91 (SLR) |
| ACUSHNET COMPANY, | |
| Defendant. | |

## NOTICE OF SERVICE OF SUBPOENAS

PLEASE TAKE NOTICE that on October 10, 2007, a true and correct copy of (1) a Subpoena to Brad Faxon (attached at Tab 1) and (2) a Subpoena to Davis Love III (attached at Tab 2) were caused to be served on the attorneys of record, at the following addresses in the manner indicated:

**BY EMAIL AND BY U.S. MAIL**

Richard L. Horwitz
  rhorwitz@potteranderson.com
David E. Moore
  dmoore@potteranderson.com
Potter Anderson & Corroon LLP
Hercules Plaza, 6th floor
1313 N. Market Street
Wilmington, DE 19801

Attorneys for Defendant ACUSHNET COMPANY

**BY EMAIL AND BY U.S. MAIL**

Brian Rosenthal
  rosenthalB@howrey.com
Alan M. Grimaldi, Esq.
  grimaldia@howrey.com
Joseph P. Lavelle
  lavellej@howrey.com
Kenneth W. Donnelly
  donnellyk@howrey.com
Clint Brannon
  BrannonC@howrey.com
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Attorneys for Defendant ACUSHNET
COMPANY

Dated:  October 12, 2007

FISH & RICHARDSON P.C.

By:  */s/ Thomas L. Halkowski*
     Thomas L. Halkowski (#4099)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE 19899-1114

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2007, the attached document was electronically filed with the Clerk of Court  using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 12, 2007, I have Electronically Mailed the document to the following person(s):

Richard L. Horwitz                         Attorneys for Defendant
David E. Moore                             ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Alan M. Grimaldi, Esq.                     Attorneys for Defendant
Joseph P. Lavelle                          ACUSHNET COMPANY
Brian Rosenthal
Clint Brannon
Kenneth Donnolly
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
grimaldia@howrey.com
lavellej@howrey.com
rosenthalB@howrey.com
brannonC@howrey.com
donnellyk@howrey.com

_/s/ Thomas L. Halkowski_ _____
Thomas L. Halkowski

80045688.doc

# Exhibit 1

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

CALLAWAY GOLF COMPANY,

|   |   |
|---|---|
| Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| ACUSHNET COMPANY, | CASE NUMBER: [1] C. A. No. 06-91 (SLR) |
| | [pending in the District of Delaware] |
| Defendant. | |

TO:  Brad Faxon, c/o Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, DC  20004,
      telephone:  (202) 783-0800

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  This deposition may be taken via court reporter and videographer

| PLACE OF DEPOSITION<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | DATE AND TIME<br>November 7, 2007<br>9:30 a.m. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
(See Attached "Exhibit A" for Documents and Things Requested.)

| PLACE<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | DATE AND TIME<br>October 24, 2007<br>9:30 a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for  CALLAWAY GOLF COMPANY | DATE<br><br>October  10 , 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David J. Miclean       (650) 839-5070
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

---

[1]  If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                          SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2)   (A)   A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to

protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   (A)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B)   If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C)   A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D)   A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)   (A)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B)   If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.   Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**
**TO SUBPOENA DIRECTED TO**
**Brad Faxon**

## I.    INSTRUCTIONS

A.    When producing a Document, please produce the Document as it is kept in the ordinary course of business, or indicate the paragraph of these Requests to which that Document is responsive.

B.    Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

C.    In producing Documents, furnish all Documents known or available to you regardless of whether such Documents are possessed directly by you or are in your custody or control.

D.    File folders with tabs or labels identifying Documents called for by these Requests must be produced intact with such Documents.

E.    Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to insure that the source of each Document may be determined, if necessary.

F.    Documents attached to each other must not be separated.

G.    The term "all Documents" means any and all Documents that might reasonably be located through a search of all locations reasonably likely to contain Documents called for by these Requests.

H.    Should any Document be withheld based on some limitation of discovery (including a claim of privilege), please supply the following information:

(1)    The identity(ies) of each Document's author(s), writer(s), sender(s), or initiator(s);

(2)    The identity(ies) of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended;

(3)    The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

(4)    The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

(5)    The claimed ground(s) for limitation of discovery (*e.g.*, "attorney-client privilege" or "attorney work product doctrine").

I.    The written answer to each individual request for production must repeat verbatim, immediately before each answer, the text of the individual request for production being answered.

J.    Attached to these documents requests is a copy of the Protective Order that governs discovery in this matter -- Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR). This Protective Order allows third parties to maintain the confidentiality of documents by designating documents under the Order. See sections III.F and IV. of the Order.

## II.    DEFINITIONS

As used in these Requests, the following terms have the meanings indicated:

1.    The terms "you" or "your" shall refer to Brad Faxon and includes agents, representatives, employees, or others acting or purporting to act on your behalf.

2.    "Acushnet," means Acushnet Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3.      "Callaway Golf" means Callaway Golf Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4.      "Top-Flite Golf" means Top-Flite Golf Company including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

5.      The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form. Electronic Documents include electronic mail and Documents stored on any media accessible by electronic means. A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document."

6.      The term "Accused Products" means all versions and/or variants of the "Pro V1" golf ball, including, but not limited to, all versions and variants of the Pro V1, Pro V1 392, ◄ Pro V1 • 392 ►, ◄•Pro V1 392•►, ◄ Pro V1-392 ►, Pro V1★, ◄ Pro V1★ 392 ►, Pro V1x, ◄•Pro V1x 332•►, ◄ Pro V1x-332 ►, ◄ – Pro V1 – ►, ◄ – Pro V1x – ►, and/or any other Pro V1 variants or versions in development.

7.      "Thing" means any tangible object other than a Document.

8.      "Person" or "Persons" includes not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

9.      "Including" shall mean "including but not limited to."

10.     The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

11.    The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstance  clearly make it inappropriate.

12.    The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## III.    REQUESTED DOCUMENTS AND THINGS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All Documents constituting or referring or relating to communications between You and Acushnet regarding this litigation – Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 2:

All Documents constituting or referring or relating to communications regarding the Accused Products.

REQUEST FOR PRODUCTION NO. 3:

All Documents constituting or referring or relating to communications between You and Acushnet or other golf ball companies regarding the testing of golf balls.

REQUEST FOR PRODUCTION NO. 4:

All Documents constituting or referring or relating to communications between You and Acushnet or other golf ball companies regarding the characteristics and/or performance of golf balls.

REQUEST FOR PRODUCTION NO. 5:

All Documents constituting or referring or relating to communications between You and any person or entity regarding this litigation – Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 6:

All Documents from 1995 forward referring or relating to any comparison between wound golf balls and solid core golf balls.

REQUEST FOR PRODUCTION NO. 7:

All Documents referring or relating to disadvantages or drawbacks to the performance of wound golf balls as compared to multi-layer solid core golf balls.

REQUEST FOR PRODUCTION NO. 8:

All Documents referring or relating to praise, from any source, for multi-layer solid core golf balls over wound golf balls.

REQUEST FOR PRODUCTION NO. 9:

All Documents constituting or referring or relating to communications between You and Acushnet regarding any agreement or contract between You and Acushnet.

REQUEST FOR PRODUCTION NO. 10:

All Documents constituting or referring or relating to compensation that may be or has been paid to You for any work, meetings, or testimony related to this matter -- Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 11:

A copy of any agreements or contracts that You have entered into with Acushnet.

REQUEST FOR PRODUCTION NO. 12:

All documents relating to the negotiations of any contracts and/or agreements between you and Acushnet, whether or not executed, including communications regarding terms for the contract or agreement and draft agreements.

5

REQUEST FOR PRODUCTION NO. 13:

Documents sufficient to show the amount paid to you, whether in form of money or any other form of compensation by Acushnet.

REQUEST FOR PRODUCTION NO. 14:

All Documents that refer or relate to any comparisons between the Accused Products and any other multi-layer solid core golf ball or wound golf ball.

REQUEST FOR PRODUCTION NO. 15:

All documents that refer or relate to the change to the game of golf resulting from multi-layer golf balls, including but not limited the Accused Products, introduced in 2000 or later.

REQUEST FOR PRODUCTION NO. 16:

All documents that refer or relate to the effect multi-layer golf balls, including but not limited the Accused Products, introduced in 2000 or later have had upon existing golf courses and/or golf course architecture.

REQUEST FOR PRODUCTION NO. 17:

All documents reflecting interviews with you or quotes attributed to you referring or relating to the performance, characteristics, or construction of golf balls, including without limitation the Accused Products and other multi-layer golf balls.

50440791

Exhibit 2

## Issued by the

# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | FLORIDA |
|---|---|---|

CALLAWAY GOLF COMPANY,

Plaintiff,

v.

ACUSHNET COMPANY,

Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] C. A. No. 06-91 (SLR)
[pending in the District of Delaware]

TO:     Davis Love III, c/o Howrey LLP, 1299 Pennsylvania Ave., N.W., Washington, DC  20004,
          telephone:  (202) 783-0800

☐     YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

☒     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.  This deposition may be taken via court reporter and videographer

| PLACE OF DEPOSITION<br>Omni Hotel<br>245 Water Street<br>Jacksonville, FL 32202 | DATE AND TIME<br>November 5, 2007<br>9:30 a.m. |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):
(See Attached "Exhibit A" for Documents and Things Requested.)

| PLACE<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081<br><br>Alternatively (if the parties cannot reach agreement on where document production<br>will take place)<br><br>Omni Hotel<br>245 Water Street<br>Jacksonville, FL 32202 | DATE AND TIME<br>October 24, 2007<br>9:30 a.m. |
|---|---|

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

---

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

| ISSUING OFFICER'S  SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for  CALLAWAY GOLF COMPANY | October 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David J. Miclean     (650) 839-5070

Fish & Richardson P.C.

500 Arguello Street, Suite 500

Redwood City, CA 94063

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on the next page)

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                              SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2)     (A)     A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;
(ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)     subjects a person to undue burden.

(B)     If a subpoena
(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)     requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to

protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)     (A)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B)     If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C)     A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D)     A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)     (A)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B)     If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**
**TO SUBPOENA DIRECTED TO**
**Davis Love III**

## I.    INSTRUCTIONS

A.    When producing a Document, please produce the Document as it is kept in the ordinary course of business, or indicate the paragraph of these Requests to which that Document is responsive.

B.    Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

C.    In producing Documents, furnish all Documents known or available to you regardless of whether such Documents are possessed directly by you or are in your custody or control.

D.    File folders with tabs or labels identifying Documents called for by these Requests must be produced intact with such Documents.

E.    Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to insure that the source of each Document may be determined, if necessary.

F.    Documents attached to each other must not be separated.

G.    The term "all Documents" means any and all Documents that might reasonably be located through a search of all locations reasonably likely to contain Documents called for by these Requests.

H.    Should any Document be withheld based on some limitation of discovery (including a claim of privilege), please supply the following information:

(1)    The identity(ies) of each Document's author(s), writer(s), sender(s), or initiator(s);

(2)    The identity(ies) of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended;

(3)    The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

(4)    The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

(5)    The claimed ground(s) for limitation of discovery (*e.g.*, "attorney-client privilege" or "attorney work product doctrine").

I.    The written answer to each individual request for production must repeat verbatim, immediately before each answer, the text of the individual request for production being answered.

J.    Attached to these documents requests is a copy of the Protective Order that governs discovery in this matter -- Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).  This Protective Order allows third parties to maintain the confidentiality of documents by designating documents under the Order.  See sections III.F and IV. of the Order.

## II.    DEFINITIONS

As used in these Requests, the following terms have the meanings indicated:

1.    The terms "you" or "your" shall refer to Davis Love III and includes agents, representatives, employees, or others acting or purporting to act on your behalf.

2.    "Acushnet," means Acushnet Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

3.    "Callaway Golf" means Callaway Golf Company, including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting

or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

4.    "Top-Flite Golf" means Top-Flite Golf Company including its past and present officers, directors, employees, consultants, agents, and attorneys and others acting or purporting to act on its behalf, and including their predecessors, subsidiaries, parents, and affiliates.

5.    The word "Document" is used herein in its broadest sense to include everything that is contemplated by Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, including Documents stored in hard copy or electronic form.  Electronic Documents include electronic mail and Documents stored on any media accessible by electronic means.  A comment or notation appearing on any "Document" and not a part of the original text is to be considered a separate "Document."

6.    The term "Accused Products" means all versions and/or variants of the "Pro V1" golf ball, including, but not limited to, all versions and variants of the Pro V1, Pro V1 392, ◀ Pro V1 • 392 ▶, ◀•Pro V1 392•▶, ◀ Pro V1-392 ▶, Pro V1★, ◀ Pro V1★ 392 ▶, Pro V1x, ◀•Pro V1x 332•▶, ◀ Pro V1x-332 ▶, ◀ – Pro V1 – ▶, ◀ – Pro V1x – ▶, and/or any other Pro V1 variants or versions in development.

7.    "Thing" means any tangible object other than a Document.

8.    "Person" or "Persons" includes not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

9.    "Including" shall mean "including but not limited to."

10.    The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

11.    The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstance  clearly make it inappropriate.

12.   The terms "refer," "referring," "relate," or "relating" as used herein include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## III.    REQUESTED DOCUMENTS AND THINGS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All Documents constituting or referring or relating to communications between You and Acushnet regarding this litigation – Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 2:

All Documents constituting or referring or relating to communications regarding the Accused Products.

REQUEST FOR PRODUCTION NO. 3:

All Documents constituting or referring or relating to communications between You and Acushnet or other golf ball companies regarding the testing of golf balls.

REQUEST FOR PRODUCTION NO. 4:

All Documents constituting or referring or relating to communications between You and Acushnet or other golf ball companies regarding the characteristics and/or performance of golf balls.

REQUEST FOR PRODUCTION NO. 5:

All Documents constituting or referring or relating to communications between You and any person or entity regarding this litigation – Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 6:

All Documents from 1995 forward referring or relating to any comparison between wound golf balls and solid core golf balls.

REQUEST FOR PRODUCTION NO. 7:

All Documents referring or relating to disadvantages or drawbacks to the performance of wound golf balls as compared to multi-layer solid core golf balls.

REQUEST FOR PRODUCTION NO. 8:

All Documents referring or relating to praise, from any source, for multi-layer solid core golf balls over wound golf balls.

REQUEST FOR PRODUCTION NO. 9:

All Documents constituting or referring or relating communications between You and Acushnet regarding any agreement or contract between You and Acushnet.

REQUEST FOR PRODUCTION NO. 10:

All Documents constituting or referring or relating to compensation that may be or has been paid to You for any work, meetings, or testimony related to this matter -- Callaway Golf Company v. Acushnet Company C.A. No. 06-91 (SLR).

REQUEST FOR PRODUCTION NO. 11:

A copy of any agreements or contracts that You have entered into with Acushnet.

REQUEST FOR PRODUCTION NO. 12:

All documents relating to the negotiations of any contracts and/or agreements between you and Acushnet, whether or not executed, including communications regarding terms for the contract or agreement and draft agreements.

REQUEST FOR PRODUCTION NO. 13:

Documents sufficient to show the amount paid to you, whether in form of money or any other form of compensation by Acushnet.

REQUEST FOR PRODUCTION NO. 14:

All Documents that refer or relate to any comparisons between the Accused Products and any other multi-layer solid core golf ball or wound golf ball.

REQUEST FOR PRODUCTION NO. 15:

All documents that refer or relate to the change to the game of golf resulting from multi-layer golf balls, including but not limited the Accused Products, introduced in 2000 or later.

REQUEST FOR PRODUCTION NO. 16:

All documents that refer or relate to the effect multi-layer golf balls, including but not limited the Accused Products, introduced in 2000 or later have had upon existing golf courses and/or golf course architecture.

REQUEST FOR PRODUCTION NO. 17:

All documents reflecting interviews with you or quotes attributed to you referring or relating to the performance, characteristics, or construction of golf balls, including without limitation the Accused Products and other multi-layer golf balls.

50440792