# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
302 778-8407

Email
halkowski@fr.com

October 18, 2007

**VIA ECF**

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801



Re:   *Callaway Golf Company v. Acushnet Company*
      USDC-D. Del. - C. A. No. 06-91 (SLR)

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Judge Robinson:

Last week Acushnet submitted a letter to the Court, dated October 10, 2007. [D.I. 317] Acushnet's letter references comments made by Callaway's counsel during the September 28th argument regarding how a claim with a range can be anticipated. Callaway's counsel had in mind the following authority, which establishes that a claim with a range of values cannot be anticipated by prior art that discloses a range that merely overlaps the claimed range. *Atofina v. Great Lakes Chemical Corp.*, 441 F.3d 991, 1000 (Fed. Cir. 2006) ("[T]he disclosure of a range is no more a disclosure of the end points of the range than it is of each of the intermediate points. … [A]lthough there is a slight overlap, no reasonable fact finder could determine that this overlap describes the entire claimed range with sufficient specificity to anticipate this limitation of the claim."). To the extent counsel mistakenly referred during argument to authority concerning disclosure of a single value in the prior art, rather than prior art with a range of values, counsel apologizes for any resulting confusion.

In lieu of merely submitting relevant case citations concerning this issue, Acushnet's three-page single-spaced October 10th letter to the Court re-argued Acushnet's validity positions. Acushnet did so despite the Court's rule prohibiting submission of argument via letters to the Court. To fully address Acushnet's skewed description of the case law would require the type of extensive discussion proscribed by the Court's rules. However, to aid the Court's consideration of whether to refuse receipt of Acushnet's letter, Callaway merely notes the following:

- Acushnet argues that various references (*e.g.,* Proudfit or Nesbitt) "anticipate" a claimed range, yet ignores that anticipation requires a ***single*** reference to disclose ***every*** claim limitation. The record shows that no such single reference combines all the limitations of any of the asserted claims.

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
October 18, 2007
Page 2

- Although Acushnet must rely upon obviousness arguments, it has little, if any, response to the extensive record of objective indicia of non-obviousness regarding the asserted inventions which resulted in a golf ball that literally transformed the game of golf, including such factors as the new and unexpected results of the claimed inventions relative to the prior art as well as the unprecedented commercial success of the inventions.

Should the Court desire properly filed supplemental briefing to fully address any of the validity issues and case law regarding this matter, Callaway is prepared to do so.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH:jrm

cc   Counsel of Record
         (via ECF and e-mail)

80050181.doc