# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
(302) 778-8407

Email
halkowski@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA ECF**

November 12, 2007

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:  *Callaway Golf Company v. Acushnet Company*
USDC-D. Del. - C. A. No. 06-91 (SLR)

Dear Judge Robinson:

Pursuant to Local Rule 7.1.2(c), Callaway Golf writes to bring to the Court's attention *Zenon Environmental, Inc. v. U.S. Filter Corp.*, – F.3d –, 2007 WL 3275025 (No. 06-1266, Fed. Cir. Nov. 7, 2007) which addresses the law of incorporation by reference. The parties discuss this issue at length regarding Callaway Golf's Motion for Summary Judgment of No Anticipation (D.I. 200) and Acushnet's Motion for Summary Judgment of Invalidity (D.I. 215) and dispute whether the prior art Nesbitt patent incorporates by reference any part of the prior art Molitor '637 patent, and if so, which part.

In *Zenon*, the court, emphasizing the requirements of "clear identification" and "detailed particularity" set forth in *Advanced Display*, considered the following language:

> The vertical skein is not the subject matter of this invention
> and any vertical skein may be used.  Further details relating
> to the construction of a most preferred skein are found in
> the parent U.S. Pat. No. 5,639,373, and in Ser. No.
> 08/690,045, the relevant disclosures of each of which are
> included by reference thereto as if fully set forth herein.

The court held that this language was insufficient to incorporate the entire disclosures of the '373 patent and '045 application, and in particular their disclosures of a certain "gas distribution system."  Although there was an incorporation of the disclosures pertaining specifically to "vertical skeins," the court held that the disclosures regarding a "gas distribution system" were <u>not</u> incorporated because a person of ordinary skill would not understand the system to be "a detail relating to the construction and deployment of a vertical skein, but rather [] a separate and distinct element of the invention."

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
November 12, 2007
Page 2


With respect to this case, *Zenon* suggests that:

- Nesbitt's language – "reference is made to Molitor '637, which describes a number of foamable compositions" – is insufficient to incorporate the '637 patent's disclosures in their entirety; and

- Even if Nesbitt's language somehow had sufficient clarity and "detailed particularity" to incorporate by reference Molitor's general disclosure of foamed polyurethane – which it does not – that language would still be insufficient to incorporate by reference: (a) a blend of low-acid ionomers; or (b) any specific grade of polyurethane.

As Callaway Golf has explained in its briefs, with no incorporation-by-reference of a low-acid ionomer blend, Nesbitt cannot anticipate any of the many asserted claims that include that limitation. Similarly, with no incorporation-by-reference of any specific grade of polyurethane, Nesbitt cannot inherently disclose a polyurethane cover with any particular Shore D hardness (either as measured on the surface of the ball or on the surface of a plaque) which is required by nearly all the asserted claims.


Respectfully,


Thomas L. Halkowski

cc Clerk of Court
   Counsel of record via ECF

80051485.doc