

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

November 13, 2007

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re:   **Callaway Golf Company v. Acushnet Company**
            **C.A. No. 06-91-SLR**

Dear Judge Robinson:

      I am writing on behalf of Acushnet to respond to Mr. Halkowski's letter of yesterday concerning the recent case of *Zenon Environmental, Inc., v. U.S. Filter Corp.*, - F.3d -, 2007 WL 32750525 (No. 06-1266, Fed. Cir. Nov. 7, 2007). Acushnet agrees with Callaway that this decision is relevant to some of the motions before the Court -- specifically, Callaway's Motion for Summary Judgment of No Anticipation (D.I. 200) and Acushnet's Motion for Partial Summary Judgment that Nesbitt Incorporates Molitor '637 by Reference (D.I. 201), each of which address incorporation by reference. However, in its letter Callaway has failed to discuss the most pertinent implications of this decision.

      In *Zenon*, the Federal Circuit determined whether and to what extent U.S. Patent No. 6,620,319 ("the '319 patent") incorporated other material by reference. While Callaway's letter set forth the incorporation language discussed in the Court's opinion, it neglected to reproduce the Court's emphasis on certain language in that statement:

> The vertical skein is not the subject matter of this invention and any prior art vertical skein may be used. Further, <u>details relating to the construction and deployment of a most preferred skein</u> are found in the parent U.S. Pat. No. 5,639,373, and in Ser No. 08/690,045, <u>the relevant disclosures of each of which are included by reference</u> thereto as if fully set forth herein.

*Id.* at 13 (emphasis in original). After reviewing this language, the Court found that it incorporated by reference the details relating to the construction and deployment of a vertical skein found in U.S. Patent No. 5,639,373 ("the '373 patent). *Id.* at 14.

The Honorable Sue L. Robinson
November 13, 2007
Page 2

This finding is notable for several reasons. First, the Court found that the '319 patent effectively incorporated material from the '373 patent by reference even though the '319 patent's incorporation statement did not specify where in the '373 patent the relevant disclosure could be found. Thus, contrary to Callaway's past suggestions, the Federal Circuit clearly does not require that a reference supply citations to column and line numbers or page numbers for compliance with the "clear identification" and "detailed particularity" requirements of *Advanced Display*. A simple, plain description of the incorporated material is sufficient.

Second, the '319 patent's incorporation statement does not actually use the word "incorporate," or any variation thereof to incorporate the '373 patent. Hence, as the PTO recently found, it is not a requirement that this "magic word" be used to incorporate material by reference.

Finally, the Court in *Zenon* emphasized that the plain language of the '319 patent's incorporation statement explicitly limited it to the "relevant disclosures" of the '373 patent, which were those pertaining to "the construction and deployment of a vertical skein." *Id.* at 14. Stating that "by definition a skein does not include a gas distribution system," the Court found that the gas distribution systems of the references at issue were not incorporated by reference. *Id.* at 15. Acushnet respectfully asks this Court to compare this express limitation in the sentence of '319 that incorporates the '373 patent, as addressed in *Zenon*, to Nesbitt's incorporation statement, which is limited to the foamable compositions of Molitor '637:

> Reference is made to the application serial No. 155,658, of Robert P. Molitor issued into U.S. Pat. No. 4,274,637 which describes a number of foamable compositions of a character which may be employed for one or both layers 14 and 16 for the golf ball of this invention.

There is no dispute that the compositions in Tables 2 (blend of low-acid ionomers) and 10 (thermoplastic polyurethane) of Molitor '637 are foamable compositions. Thus, as Acushnet has previously argued, and the PTO has found, Nesbitt incorporating Molitor '637 by reference anticipates each and every claim asserted by Callaway in this litigation.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/831461/30030
cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic filing)