IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 06-91 (SLR) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ACUSHNET COMPANY'S PROPOSED VOIR DIRE

Pursuant to D. Del. L.R. 47.1(a), Acushnet Company proposes the following voir dire to the jury panel. Acushnet reserves the right to modify this proposed voir dire in light of negotiations with Callaway over the content of such voir dire. Acushnet further reserves its rights to modify any of this proposed voir dire in light of the results of ongoing discovery. Acushnet further reserves its rights to modify any of this proposed voir dire in light of any substantive or procedural rulings by the Court in this matter, or in the light of any findings by the United States Patent and Trademark Office in the reexamination proceedings regarding the patents-in-suit. Acushnet further reserves its right to seek to provide further justification for its proposed voir dire and to make detailed objections to Plaintiff's proposed voir dire. Acushnet further proposes, under the Court's policy of "Jury Selection by Struck Juror Method," that those panel members who respond affirmatively to any of the questions identified in the following voir dire be called (one by one), upon the conclusion of the voir dire, to a sidebar conference with the Court and counsel, so that counsel may then be given the opportunity to ask further questions of the responding panel members.

## PROPOSED VOIR DIRE

Good morning, ladies and gentlemen. I am Judge Robinson, and I will be presiding over the trial for which a jury is about to be drawn in the case captioned *Callaway Golf Co. v. Acushnet Co.* Briefly stated, this is an action arising under the patent laws of the United States. involving golf ball patents.

The trial will last up to two weeks. I time my trials, so the attorneys have to complete their trial presentations within these limits. However, jury deliberations may require you to be present longer than two weeks. Our trial days will run approximately from 9:30 a.m. to 4:30 p.m. In light of this brief summary, I will now ask you certain questions, the purpose of which is to (1) enable the court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by counsel. If any of you answer any question "yes," please stand up and, upon being recognized by the court, state your juror number. When I have concluded asking all the questions, we will call you individually to the bench to speak with you about your affirmative response or responses.

HAVE CLERK ADMINISTER THE OATH TO THE PANEL

1. You have been given a list of companies.

    a. Are you personally acquainted with any former or present officer, director, or employee of any of those companies?

    b. Do you or any member of your households now own, or have you or any member of your households ever owned, any stocks, bonds or other financial paper in any of those companies?

    c. Have you, any family member, or anyone close to you had any dealings with, or relied financially in any way on, any of the companies?

    d. Have you, any family member, or anyone close to you had any negative experiences with any products of any of those companies?

2. You have been given a list of the attorneys and law firms involved in this litigation. Are you related to, or personally acquainted with, any of those attorneys, or have you ever been represented by any of those attorneys or other attorneys or members of their law firms?

3. You have been given a list of the individuals who might appear as witnesses in this case. Are you familiar with the names any of those individuals? Are you related to, personally acquainted with, or have you had any financial dealings with any of those individuals?

4. You have been given a list of subject areas. Have you, any family member, or anyone close to you ever been educated, employed, trained, or had any experience in any of the listed areas?

5. Does anyone have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

6. Does anyone have any type of condition that would make it difficult or impossible for you to serve as a member of the jury in this case?

7. Does anyone have difficulty speaking, reading, writing or understanding English?

8. This case may take up to two weeks to try. Are there any of you for whom service on the jury for that length of time would be a hardship?

9. Do any of you have any religious or moral beliefs that would interfere with you being a member of this jury?

10. Has anyone ever been a plaintiff, a defendant, or a witness in a civil lawsuit?

11. Has anyone ever served as a juror in a civil or criminal lawsuit?

12. Does anyone have any knowledge about or experience with patents, including apply for a patent?

13. Have any of you, any family member, or anyone close to you ever had any dealings with the United States Patent and Trademark Office?

14. Have you ever been involved in the development of a patented product or process?

15. Have you or a close friend or family or household member ever been employed for a golf equipment manufacturer, or been employed anywhere in the golf industry, including golf courses or stores retailing golf equipment?

16. Does anyone work or belong as a member to the U.S. Golf Association, called the "USGA," or know someone who is?

17. Does anyone play golf, consider yourself to be a golfer, or regularly watch or attend golfing events?
    a. If yes, follow up question at the bench would include:
        i. How often do you golf or view golf?
        ii. Are you a member of any golf club?
        iii. Do you maintain a golf handicap? If yes, what is that handicap?

      iv. Is there any particular brands or product models of golf equipment, including golf balls, that own or you like to use? If yes, which brand(s) or particular product models do you own or use?

18. Have you ever been employed by E. I. du Pont de Nemours and Co. (Du Pont), or do you have any experience at DuPont or elsewhere with ionomers?

19. Does anyone have a science or engineering degree?

20. Has anyone recently been the victim of a crime, including robbery?

21. Is anyone a lawyer by training or married to a lawyer or have a lawyer in their family or household?

22. Does anyone know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair, unbiased and impartial verdict based solely upon the evidence and my instructions as to the law?

## REFERENCED LISTS
## (TO BE PROVIDED TO JURY MEMBERS)

### LIST OF COMPANIES

Callaway Golf Co.
Spalding Sports Worldwide, Inc.
Top-Flite Golf Co.
Acushnet Co.
Fortune Brands, Inc.

### LIST OF ATTORNEYS AND THEIR LAW FIRMS

FISH & RICHARDSON, P.C.

*[TO BE COMPLETED BY FISH & RICHARDSON]*

POTTER ANDERSON & CORROON LLP

Richard L. Horwitz
David E. Moore

HOWREY LLP

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
Clinton H. Brannon
Nicholas J. Little

### LIST OF WITNESSES

To be based on Ex. Nos. 7 and 9 of the Pretrial Order, containing the lists of witnesses from Callaway Golf Co. and Acushnet Co.

### LIST OF SUBJECT AREAS

Patents
Golf Ball Design or Manufacturing
Polyurethanes
Ionomers
Mechanical or Chemical Engineering

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL:<br><br>Joseph P. Lavelle<br>Kenneth W. Donnelly<br>Brian A. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: (202) 783-0800<br><br>Dated: November 16, 2007<br>832593 /30030 | By:  /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant Acushnet Company* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on November 16, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on November 16, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Thomas L. Halkowski<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P. O. Box 1114<br>Wilmington, DE 19899-1114<br>halkowski@fr.com | Frank E. Scherkenbach<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>scherkenbach@fr.com |
| Robert A. Denning<br>David S. Shuman<br>Fish & Richardson P.C.<br>12290 El Camino Real<br>San Diego, CA 92130<br>denning@fr.com<br>shuman@fr.com | Jonathan J. Lamberson<br>Christina D. Jordan<br>Craig R. Compton<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>lamberson@fr.com<br>cjordan@fr.com<br>compton@fr.com |

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030