IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>    Plaintiff,<br><br> v.<br><br>ACUSHNET COMPANY,<br><br>    Defendant. | C. A. No. 06-91 (SLR) |

**JOINT  PROPOSED  VERDICT  FORM**

**AND INTERROGATORIES  TO  THE  JURY[1]**

---

[1] As noted below in part IV.D, the parties have one remaining dispute regarding how to pose the question regarding reasaonable royalty damages.  We are continuing to discuss this issue and will advise if we are able to resolve it prior to trial.

1

You, the jury, are to answer the following questions based on the evidence admitted at trial and according to the Instructions the Court has given you. Start with Question No. I and proceed through the questions following the directions included in this Verdict Form.

## I. INFRINGEMENT OF ASSERTED PATENT CLAIMS

### A.   Literal Infringement by Acushnet's ProV1 Products

Do you find by a preponderance of the evidence that Acushnet's making, use, offering for sale, or sale of its ProV1 products literally infringes any of the following claims of the asserted patents?  (A "YES" answer to this question is a finding for CALLAWAY GOLF.  A "NO" answer is a finding for ACUSHNET.)

| Literal Infringement-ProV1 | YES | NO |
|---|---|---|
| **U.S. Patent No. 6,210,293 ('293 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 5 | | |
| **U.S. Patent No. 6,503,156 ('156 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 3 | | |
| Claim 4 | | |
| Claim 5 | | |
| Claim 6 | | |
| Claim 7 | | |
| Claim 8 | | |
| Claim 9 | | |
| Claim 10 | | |
| Claim 11 | | |
| **U.S. Patent No. 6,506,130 ('130 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| **U.S. Patent No. 6,595,873 ('873 Patent)** | | |
| Claim 1 | | |
| Claim 3 | | |

**B.     Doctrine of Equivalents Infringement by Acushnet's ProV1 Products**

Only answer this question if you answered "NO" with regard to any claim in question I.A. Do you find by a preponderance of the evidence that Acushnet's making, use, offering for sale, or sale of its ProV1 products infringes any of the following claims of the asserted patents under the doctrine of equivalents? (A "YES" answer is a finding for CALLAWAY GOLF. A "NO" answer is a finding for ACUSHNET.)

| Doctrine of Equivalents Infringement-ProV1 | YES | NO |
|---|---|---|
| **U.S. Patent No. 6,210,293 ('293 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 5 | | |
| **U.S. Patent No. 6,503,156 ('156 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 3 | | |
| Claim 4 | | |
| Claim 5 | | |
| Claim 6 | | |
| Claim 7 | | |
| Claim 8 | | |
| Claim 9 | | |
| Claim 10 | | |
| Claim 11 | | |
| **U.S. Patent No. 6,506,130 ('130 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| **U.S. Patent No. 6,595,873 ('873 Patent)** | | |
| Claim 1 | | |
| Claim 3 | | |

## II. VALIDITY OF ASSERTED PATENT CLAIMS

### A. Lack of Written Description

Do you find by clear and convincing evidence that any of the following asserted patent claims is invalid due to lack of written description? (A "NO" answer to this question is a finding for CALLAWAY GOLF. A "YES" answer is a finding for ACUSHNET.)

| Lack of Written Description | YES | NO |
| --- | --- | --- |
| **U.S. Patent No. 6,210,293 ('293 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 5 | | |
| **U.S. Patent No. 6,503,156 ('156 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 3 | | |
| Claim 4 | | |
| Claim 5 | | |
| Claim 6 | | |
| Claim 7 | | |
| Claim 8 | | |
| Claim 9 | | |
| Claim 10 | | |
| Claim 11 | | |
| **U.S. Patent No. 6,506,130 ('130 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| **U.S. Patent No. 6,595,873 ('873 Patent)** | | |
| Claim 1 | | |
| Claim 3 | | |

**B.     Lack of Enablement**

Do you find by clear and convincing evidence that any of the following patent claims is invalid due to lack of enablement? (A "NO" answer to this question is a finding for CALLAWAY GOLF. A "YES" answer is a finding for ACUSHNET.)

| Lack of Enablement | YES | NO |
|---|---|---|
| **U.S. Patent No. 6,210,293 ('293 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 5 | | |
| **U.S. Patent No. 6,503,156 ('156 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 3 | | |
| Claim 4 | | |
| Claim 5 | | |
| Claim 6 | | |
| Claim 7 | | |
| Claim 8 | | |
| Claim 9 | | |
| Claim 10 | | |
| Claim 11 | | |
| **U.S. Patent No. 6,506,130 ('130 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| **U.S. Patent No. 6,595,873 ('873 Patent)** | | |
| Claim 1 | | |
| Claim 3 | | |

**C.    Anticipation**

Do you find by clear and convincing evidence that any of the following asserted patent claims is invalid due to anticipation?  (A "NO" answer to this question is a finding for CALLAWAY GOLF.  A "YES" answer is a finding for ACUSHNET.)

| Anticipation | YES | NO |
|---|---|---|
| **U.S. Patent No. 6,210,293 ('293 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 5 | | |
| **U.S. Patent No. 6,503,156 ('156 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 3 | | |
| Claim 4 | | |
| Claim 5 | | |
| Claim 6 | | |
| Claim 7 | | |
| Claim 8 | | |
| Claim 9 | | |
| Claim 10 | | |
| Claim 11 | | |
| **U.S. Patent No. 6,506,130 ('130 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| **U.S. Patent No. 6,595,873 ('873 Patent)** | | |
| Claim 1 | | |
| Claim 3 | | |

**D.    Obviousness**

Do you find by clear and convincing evidence that any of the following claims is invalid due to obviousness?  (A "NO" answer to this question is a finding for CALLAWAY GOLF.  A "YES" answer is a finding for ACUSHNET.)

| **Obviousness** | **YES** | **NO** |
|---|---|---|
| **U.S. Patent No. 6,210,293 ('293 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 5 | | |
| **U.S. Patent No. 6,503,156 ('156 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 3 | | |
| Claim 4 | | |
| Claim 5 | | |
| Claim 6 | | |
| Claim 7 | | |
| Claim 8 | | |
| Claim 9 | | |
| Claim 10 | | |
| Claim 11 | | |
| **U.S. Patent No. 6,506,130 ('130 Patent)** | | |
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| **U.S. Patent No. 6,595,873 ('873 Patent)** | | |
| Claim 1 | | |
| Claim 3 | | |

*Answer the following questions in Sections III and IV if you find that Acushnet has infringed any valid claim of the asserted patents, either literally or by equivalence.*

### III. WILLFUL INFRINGEMENT

Do you find by clear and convincing evidence that ACUSHNET's patent infringement has been willful?

| WILLFUL INFRINGEMENT | YES | NO |
|---|---|---|
|  |  |  |

## IV.   DAMAGES – PATENT INFRINGEMENT

### A.   Laches Defense

Do you find by a preponderance of the evidence that Acushnet has proven its laches defense, and therefore, Callaway Golf cannot recover any damages prior to the filing of this lawsuit?  (A "NO" answer to this question is a finding for CALLAWAY GOLF.  A "YES" answer is a finding for ACUSHNET.)

| LACHES DEFENSE | YES | NO |
|---|---|---|
|  |  |  |

### B.   Lost Profits

Do you find that CALLAWAY GOLF has proven by a preponderance of the evidence that it is entitled to recover lost profits because it lost sales due to Acushnet's manufacture, use, or sale of the infringing ProV1 product?  (A "YES" answer to this question is a finding for CALLAWAY GOLF.  A "NO" answer is a finding for ACUSHNET.)

| LOST PROFITS | YES | NO |
|---|---|---|
|  |  |  |

### C.   Amount of Lost Profits

If you found that CALLAWAY GOLF is entitled to recover lost profits, what amount of profits, due to lost sales, do you find by a preponderance of the evidence CALLAWAY GOLF lost as a result of ACUSHNET's patent infringement?

$ _____

**D.     Amount of Reasonable Royalty [CALLAWAY GOLF'S PROPOSAL]**

What amount of reasonable royalty damages and what royalty rate percentage do you find by a preponderance of the evidence that CALLAWAY GOLF has proven it is owed due to ACUSHNET's patent infringement?

**Royalty Rate %**_____  $ _____

**D.     Amount of Reasonable Royalty [ACUSHNET'S PROPOSAL]**

What amount of reasonable royalty damages, if any, do you find by a preponderance of the evidence that CALLAWAY GOLF has proven it is owed due to ACUSHNET's patent infringement?

$ _____

If you have found that CALLAWAY GOLF has proven by a preponderance of the evidence that it is entitled to reasonable royalty damages, and you have based that award on a royalty rate, what rate did you use?

%_____

    **E.**    **Total Damages for Patent Infringement**

Add amounts from lines C and D):  **$** _____

**V.**    **DAMAGES – BREACH OF CONTRACT**

What amount of damages, if any, do you find by a *preponderance of the evidence* that CALLAWAY GOLF has proven it is owed due to ACUSHNET's breach of contract?

$ _____

You must each sign this verdict form:

**Dated:** _____

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |

Dated: November 16, 2007                    FISH & RICHARDSON P.C.

By: /s/ Thomas L. Halkowski
    Thomas L. Halkowski (#4099)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Tel:  (302) 652-5070
    Fax:  (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, MA 02110-2804
    Tel:  (617) 542-5070
    Fax:  (617) 542-8906

    Roger A. Denning
    12390 El Camino Real
    San Diego, CA 92130
    Tel: (858) 678-5070
    Fax:  (858) 678-5099

ATTORNEYS FOR PLAINTIFF
CALLAWAY GOLF COMPANY

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007, the attached document was electronically filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899 | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi, Esq.<br>Joseph P. Lavelle<br>Brian Rosenthal<br>Clint Brannon<br>Kenneth Donnolly<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | Attorneys for Defendant<br>ACUSHNET COMPANY |

                                                    **/s/ Thomas L. Halkowski**
                                                        Thomas L. Halkowski