IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | |
| Plaintiff, | |
| v. | C. A. No. 06-91 (SLR) |
| ACUSHNET COMPANY, | |
| Defendant. | |

## **JOINT PRELIMINARY JURY INSTRUCTIONS**

The parties each reserve the right to modify these proposed instructions, including to reflect subsequent rulings from the Court.  The parties are also continuing their efforts to meet and confer regarding these instructions in an effort to minimize the disputes requiring attention from the Court.

Members of the jury:

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

1.      **[JOINT PROPOSED INSTRUCTION] THE PARTIES**

This case is an action for patent infringement arising under the patent laws of the United States.  The plaintiff is Callaway Golf Company, which I will call Callaway Golf, and the defendant is Acushnet Company, which I will call Acushnet.  The dispute between the parties relates to patent rights in golf ball technology.  During the trial, the parties will offer testimony to familiarize you with this technology.

In this case, Callaway contends that Acushnet infringes certain golf ball patents.  There are four of these patents at issue: U.S. Patent No. 6,210,293, which I may refer to as "the '293 patent"; U.S. Patent No. 6,503,156, which I may refer to as "the '156 patent"; U.S. Patent No. 6,506,130, which I may refer to as "the '130 patent"; and U.S. Patent No. 6,595,873, which I may refer to as "the '873 patent".  I may refer to these patents collectively as the "patents-in-suit."  A copy of each of these patents has been given to you along with the preliminary instructions.

Callaway Golf contends that Acushnet ,akes and sells the following golf balls under the Titleist brand that it contends infringes at least one claim from each of the patents-in-suit: the Titleist Pro V1, the Titleist Pro V1x, and the Titleist Pro V1*[Star].  Callaway seeks damages for alleged infringement by these golf balls.

This case also involves a breach of contract claim by Callaway Golf, which is a civil claim based on allegedly wrongful conduct.  Callaway Golf contends that Acushnet breached the terms of a Settlement Agreement in force between the parties.  Acushnet denies these allegations.

2.    **THE PARTS OF A PATENT - CALLAWAY GOLF'S PROPOSED INSTRUCTION**

Callaway Golf states that this instruction is unnecessary in view of the Introduction to the Patent System video that will be played for the jury. Callaway Golf reserves the right to add a proposed instruction in the event that Reexamination is presented to the jury.

**2.      THE PARTS OF A PATENT - ACUSHNET'S PROPOSED INSTRUCTION**

[This instruction to be included only if the Reexamination is to be presented to the jury.]

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents.  After a brief introduction to this issue, I will play a video on this topic.  Many of the terms in my description and in the video are contained in a "Glossary of Patent Terms" which will be given to you along with a copy of these preliminary instructions.  Feel free to refer to this Glossary throughout the trial.

For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the Patent Laws, the Patent and Trademark Office examines patent applications and issues patents.  A person applying for a patent must include a number of matters in his or her application, including the following:  (1) a detailed description of the invention in terms sufficiently full, clear, concise and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; and (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing.  The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention.  The specification concludes with one or more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention.  When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the application, to ascertain whether the application complies with the requirements of the U.S. Patent Laws.  This is a process that does not involve the third parties against whom the patents may later be asserted.  The examiner assigned to review the application may review the prior written work of others in the form of other patents and publications relating to the claimed invention.

This type of material is called "prior art."  Documents found in any search of prior art are called "references."  In conducting the search of prior art, the examiner notes in writing on the

file the classes or subclasses of art searched.  The compilation of the papers concerning the proceedings before the Patent and Trademark Office is called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the Patent and Trademark Office, the examiner concludes that the claims presented by the applicant patentably define the applicant's claimed invention over the most relevant known prior art, the application is granted as a U.S. Patent.  That is not always, however, the end of the executive government's determination of the validity of a patent.

[In event that the reexamination proceedings will be considered by the jury, the following instruction should also be given:]  If, after having granted a U.S. Patent, an appropriate petition is made to the Patent and Trademark Office that raises a substantial new question of patentability concerning the issued patent, the Patent and Trademark Office may elect to reexamine its decision issuing the patent, taking a second look at the validity and scope of the patent.  In such a reexamination process, the Patent and Trademark Office may eventually reverse its earlier determination granting the patent.

### 3.     EXCLUSIONARY RIGHT - CALLAWAY GOLF'S PROPOSED INSTRUCTION

Callaway Golf states that this instruction is unnecessary in view of the Introduction to the

Patent System video that will be played for the jury.  Callaway Golf reserves the right to add a

proposed instruction in the event that Reexamination is presented to the jury.

**3.      EXCLUSIONARY RIGHT - ACUSHNET'S PROPOSED INSTRUCTION**

[This instruction to be included only if the Reexamination is to be presented to the jury.]

A patent, if valid and enforceable, gives its owner the right to exclude others from making, using or selling the patented invention.  A person who, without the patentee's authority, uses a process that is covered by one or more claims of a valid patent, infringes that patent.

4.     **[JOINT PROPOSED INSTRUCTION] INTRODUCTION TO THE PATENT SYSTEM VIDEO**

I will now show you the Introduction to the Patent System video.

**5.    [JOINT PROPOSED INSTRUCTION]** DUTY OF JURY

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts.  You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case. Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

6.        **[JOINT PROPOSED INSTRUCTION] EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.        Statements, arguments, and questions by lawyers are not evidence.

2.        Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence.  If I overrule the objection and allow the matter into evidence, you should consider the testimony or other item of evidence as you would any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only.  If this does occur during the trial, I will try to clarify this for you at that time.

3.        Anything you see or hear outside the courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the courtroom.

Some of you may have heard of the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

11

In judging the facts, it will be up to you to decide which witnesses to believe, which

witnesses not to believe, and how much of any witness's testimony to accept or reject.

Source:  *Uniform Jury Instr. For Patent Cases in the D. Del.* (Preliminary Instructions); Charge
to the Jury, *Padcom, Inc. v. NetMotion Wireless, Inc*., Civil Action No. 03-983-SLR (D. Del.
March 24, 2006).

7.    **BURDEN OF PROOF - CALLAWAY GOLF'S PROPOSED INSTRUCTION**

This is a civil case.  Callaway Golf has the burden of proving infringement and damages by what is called a preponderance of the evidence.  That means that Callaway Golf has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Callaway Golf claims is more likely true than not.  To put it differently, if you were to put Callaway Golf's and Acushnet's evidence on opposite sides of a scale, the evidence supporting Callaway Golf's claims would have to make the scales tip somewhat to its side.  If Callaway Golf fails to meet this burden, your verdict must be for Acushnet.

In this case, Acushnet is urging that Callaway Golf's patents are invalid.  A patent, however, is presumed to be valid. Accordingly, Acushnet has the burden of proving that each of the patents-in-suit are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Callaway Golf also has the burden of proving its claim of breach of contract.  Callaway Golf must prove this claim by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff has met his burden of proof by a preponderance of the evidence in this case.

Source:  *Uniform Jury Instr. For Patent Cases in the D. Del.* (Preliminary Instructions); Charge to the Jury, *Padcom, Inc. v. NetMotion Wireless, Inc*., Civil Action No. 03-983-SLR (D. Del. March 24, 2006).

### 7.    BURDEN OF PROOF - ACUSHNET'S PROPOSED INSTRUCTION

This is a civil case.  For Callaway's allegations of infringement, Callaway has the burden of proving infringement and damages by what is called a preponderance of the evidence.  A "preponderance of the evidence" means that the patent owner has to produce evidence which, when considered in the light of all the facts, leads you to believe that what the patent owner alleges is more likely true than not.  If the patent owner fails to meet this burden, your verdict must be for the accused party.

Callaway also contends that Acushnet's alleged infringement was willful.  For this contention, Callaway has the burden of proving its allegation by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

In this case, Acushnet contends that Callaway's patents are invalid.  A patent is presumed to be valid until determined otherwise.  Accordingly, the accused party (Acushnet) has the burden of proving that the patents-in-suit are invalid by clear and convincing evidence.  Acushnet has the burden of proving its defense of laches only by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not Callaway and Acushnet have met their respective burdens of proof in this case.

/ / /

/ / /

Callaway Golf also has the burden of proving its claim of breach of contract. Callaway Golf must prove this claim by a preponderance of the evidence.

*Based on Del. Model Instructions (Preliminary) 2004.*

**8.     SUMMARY OF THE ISSUES - CALLAWAY GOLF'S PROPOSED INSTRUCTION**

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail.

First, as to infringement, you must decide:

- Whether Callaway Golf has proven by a preponderance of the evidence that Acushnet's ProV1 golf balls infringe any of the asserted patents-in-suit; and

- Whether Callaway Golf has proven by clear and convincing evidence that any infringement by Acushnet was willful.

Next, as to validity, you must decide:

- Whether Acushnet has proven by clear and convincing evidence that any asserted claim is invalid.

If you decide that even one of Callaway Golf's asserted claims is both valid and infringed by Acushnet, you must then decide:

- The amount of damages that Callaway Golf has proven by a preponderance of the evidence that it is entitled to recover as compensation for Acushnet's infringement; and

- Whether the doctrine of laches prevents Callaway Golf from receiving damages that accrued before this suit was filed.

Lastly, as to breach of contract by Acushnet, you must decide:

- The amount of damages Callaway Golf is entitled to recover as compensation for Acushnet's breach of the parties' 1996 Agreement.

### 8.     SUMMARY OF THE ISSUES - ACUSHNET'S PROPOSED INSTRUCTION

In this case, you must decide several things according to the instructions that I will give you at the end of the trial.  Those instructions will repeat this summary and will provide more detail.  In essence, you must decide:

1.     Whether Callaway has proven by a preponderance of the evidence that Acushnet infringes any of the patents-in-suit.

2.     Whether Callaway has proven by clear and convincing evidence that any infringement of the patents-in-suit by Acushnet was willful.

3.     Whether Acushnet has proven by clear and convincing evidence that the patents-in-suit are invalid.

4.     Whether Acushnet has proven by a preponderance of the evidence that Callaway is barred by the doctrine of laches – a doctrine relating to delay in filing a lawsuit – from seeking damages for any infringement by Acushnet.

5.     Whether Callaway has proven by a preponderance of the evidence the amount of damages it seeks for infringement of the patents-in-suit, whether it is entitled to damages for any breach of contract by Acushnet, and if so whether Callaway Golf has proven it is entitled to the amount of damages it seeks for such a breach.

*Based on Del. Model Instructions (Preliminary) 2004.*

**9.      [JOINT PROPOSED INSTRUCTION] CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence.  By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case. Finally, do not reach any conclusion as to the claims until all of the evidence is in.

Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes.  My Courtroom deputy will arrange for pens, pencils and paper.  If you do take notes, leave them in the jury room when you leave at night.  And remember that they are for your own personal use--they are not to be given or read to anyone else.  Would anyone like a pad of paper and pen?

**10.    COURSE OF THE TRIAL - CALLAWAY GOLF'S PROPOSED INSTRUCTION**

The trial will now begin.  First, each side may make an opening statement. An opening statement is neither evidence nor argument.  It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, Callaway Golf will present its witnesses, and Acushnet may cross-examine them.  Then Achushnet will present its witnesses, and Callaway Golf may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you  instructions on the law and describe for you the matters you must resolve.
You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.


Source:  *Uniform Jury Instr. For Patent Cases in the D. Del.* (Preliminary Instructions.

### 10.      COURSE OF THE TRIAL - ACUSHNET'S PROPOSED INSTRUCTION

It is premature to resolve this issue before the pretrial conference.  The order of proof should be resolved at the pretrial conference after the Court issues its Markman ruling and other rulings.

## GLOSSARY OF PATENT TERMS

**Assignment**

Transfer of ownership rights in a patent or patent application from one person or company to another.

**Claims**

That part of a patent which defines the metes and bounds of the invention. These are found at the end of the patent specification in the form of numbered paragraphs.

**Written Description**

That part of the patent specification which explains how the invention works and usually includes a drawing.

**File wrapper/File history**

The written record of proceedings in the Patent Office including the original patent application and subsequent communications between the Patent Office and applicant.

**Patent Application**

The initial papers filed in the United States Patent and Trademark Office (patent Office or PTO) by an applicant. These typically include a specification, drawings and the oath (Declaration) of applicant.

**Patent Examiners**

Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention.

**Prior Art**

Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his/her application.

**References**

Any item of prior art (publication or patent) used to determine patentability.

**Specification**

That part of the patent application or patent which describes the invention and concludes with one or more claims.

**Source:** *Uniform Jury Instr. For Patent Cases in the D. Del.* (Preliminary Instructions).

Dated:  November 16, 2007

FISH & RICHARDSON P.C.


By: /s/ Thomas L. Halkowski
    Thomas L. Halkowski (#4099)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Tel:  (302) 652-5070
    Fax:  (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, MA 02110-2804
    Tel:  (617) 542-5070
    Fax:  (617) 542-8906

    Roger A. Denning
    12390 El Camino Real
    San Diego, CA 92130
    Tel: (858) 678-5070
    Fax:  (858) 678-5099

ATTORNEYS FOR PLAINTIFF
CALLAWAY GOLF COMPANY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2007, the attached document was electronically filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

Richard L. Horwitz                          Attorneys for Defendant
David E. Moore                              ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899

Alan M. Grimaldi, Esq.                      Attorneys for Defendant
Joseph P. Lavelle                           ACUSHNET COMPANY
Brian Rosenthal
Clint Brannon
Kenneth Donnolly
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004

**   /s/ Thomas L. Halkowski   **
                    Thomas L. Halkowski