# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
302 778-8407

Email
halkowski@fr.com

November 27, 2007

**VIA ECF**
The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   *Callaway Golf Company v. Acushnet Company*
      USDC-D. Del. - C. A. No. 06-91 (SLR)



Dear Judge Robinson:

During the pretrial conference, the Court stated that it would bifurcate all damages issues so that an immediate interlocutory appeal to the Federal Circuit could allow the parties to resolve any questions related to claim construction, infringement and validity.  In reflecting on the impact of the Court's decision to bifurcate the claims in this way, Callaway Golf wishes to bring to the Court's attention a consideration unique to this case which bears on the issue of bifurcation:  Federal Circuit law is unsettled as to whether the parties can immediately appeal a liability finding when both patent and non-patent damages claims remain to be litigated.

In making its decision to bifurcate damages, Callaway Golf understands the Court to have relied on its ability to allow an immediate interlocutory appeal to the Federal Circuit under 28 U.S.C. § 1292(c)(2).  That statute allows for interlocutory appeal of judgments in "patent infringement" actions that are "final except for an accounting." *Id*.

It is doubtful that this route of interlocutory appeal would be available in this case, however, because the claim for damages resulting from Acushnet's breach of contract would still be pending. "In a mixed case where patent infringement claims are joined with non-patent infringement claims such as unfair competition, the nonpatent claims must be completely final before they can be appealed, and a judgment on those issues cannot be appealed under § 1292(c)(2)." *See* MOORE'S FEDERAL PRACTICE 3D § 203.14[2][b].[1]  The Federal Circuit has not apparently addressed the precise question raised in our case – whether an appeal can be heard under § 1292(c)(2) where a patentee has prevailed on the merits regarding a patent claim and a non-patent claim

---

[1]   Similarly, an unresolved request for injunctive relief would appear to bar an appeal under § 1292(c)(2).  *See* MOORE'S FEDERAL PRACTICE 3D § 203.14[2][b] ("If liability has been decided but some other relief, such as a pending motion for an injunction, remains to be decided, the judgment is not final for purposes of being appealed under § 1292(c)(2).").

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
November 27, 2007
Page 2

but unresolved damages issues exist. Existing precedent suggests the Federal Circuit may reject such claims for lack of jurisdiction under § 1292(c)(2). *See Johannsen v. Pay Less Drug Stores Northwest, Inc.*, 918 F.2d 160 (Fed. Cir. 1990) (patentee lost on patent claims and prevailed on non-patent claims and appeal dismissed for lack of jurisdiction because of the presence of unresolved issues concerning damages and injunctive relief for unfair competition claims); *see also Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1135-36 (Fed. Cir. 1985) (appellate review not allowed under § 1292(c)(2) where no adjudication had been made regarding certain non-patent claims).

Prior to the creation of the Federal Circuit, the Circuit Courts of Appeals were also faced with this question and there was a split of authority. The Third Circuit followed the approach that required non-patent damages claims be resolved before allowing immediate appeal of patent liability questions under the predecessor statute to 35 U.S.C. § 1292(c)(2). *See W.L. Gore & Assoc., Inc. v. Carlisle Corp.*, 529 F.2d 614, 617 (3d Cir. 1976) (denying appeal under former § 1292(a)(4) where both antitrust and patent claims were final, except for accounting). The Third Circuit in *W.L. Gore*, however, did consider the appeal under a different provision of 35 U.S.C. § 1292, which allows for interlocutory review of decisions granting, refusing, or dissolving injunctions. *See* 529 F.2d at 617; 35 U.S.C. § 1292(a)(1).

If this Court follows its usual practice and enters an injunction after the liability phase of this trial, that would ensure an immediate review of the infringement and validity questions with the Federal Circuit pursuant to § 1292(a)(1). Given the somewhat unique circumstances of this case and the importance of ensuring the immediate appealability which is the linchpin of the bifurcation decision, Callaway Golf respectfully requests that the Court clarify whether it anticipates following its usual practice of resolving the injunction question at the same time it promptly enters judgment after the trial on liability. This approach would ensure that the parties have a clear path to appellate review while the damages issues remain pending.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc    Clerk of Court (via hand delivery)
      Counsel of record (via ECF and e-mail)

50450583.doc