# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
(302) 778-8407

Email
halkowski@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

November 28, 2007

**VIA ECF**
The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    *Callaway Golf Company v. Acushnet Company*
       USDC-D. Del. - C. A. No. 06-91 (SLR)

Dear  Judge Robinson:

Acushnet's November 28,2007, letter regarding Messrs. Mickelson and Norman contains a number of errors. [D.I. 357] Most importantly, Mr. Mickelson was "disclosed during discovery" in a multitude of materials produced by Acushnet itself (*see, e.g.*, D.I. 356, 11/27/07 Halkowski Decl. at Exs. B, C, and D) and was the subject of discussion regarding the setting of depositions.  As detailed in Callaway Golf's November 27 letter to the Court, Mr. Mickelson's relevance to this dispute was so well-known to Acushnet, that *Acushnet* suggested Callaway Golf select him as a witness so that Acushnet would not have to produce its CEO, Mr. Uihlein, for deposition. [D.I. 355]  Given Acushnet's undisputed knowledge of Mr. Mickelson's relevance to this matter and Acushnet's ample opportunity to pursue discovery regarding him, both the spirit and letter of the "disclosed during discovery" provision has been satisfied.[1]  Indeed, nowhere does Acushnet attempt to claim any prejudice regarding the appearance of Mr. Mickelson as a trial witness – and none exists.

Acushnet's demand that Callaway Golf be forced to "choose" Mr. Norman is an empty gesture given that Acushnet knows Mr. Norman's availability for trial is doubtful. Because Mr. Norman likely cannot attend the trial, forcing Callaway Golf to choose him as its live golfer witness is tantamount to preventing Callaway Golf from putting any professional golfer on the stand to testify regarding critical facts that they are uniquely qualified to discuss.  Given Mr. Norman has been deposed and that both parties can designate that testimony as they see fit, Callaway Golf repeats that it seeks to put only Mr. Mickelson on live, as a compromise which is fair to both sides.

Respectfully,

/s/ *Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc     Clerk of Court (via hand delivery); Counsel of record (via ECF & e-mail)

---

[1]  While Mr. Mickelson was identified during discovery and his relevance to this matter was well-known to Acushnet, the terms of provision 2(g) of the Scheduling Order do not appear to require that rebuttal witnesses have been disclosed during discovery.