# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,        )

        )

        Plaintiff,       )    C.A. No. 06-91 (SLR)

        )

      v.        )    **PUBLIC VERSION**

        )    **Public Version Dated: November 30, 2007**

ACUSHNET COMPANY,        )

        )

        Defendant.     )

## <u>LETTER TO THE HONORABLE SUE L. ROBINSON DATED NOVEMBER 21, 2007</u>

cc:    Clerk of the Court

        Counsel of Record

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

834663 / 30030



**Potter Anderson & Corroon LLP**

David E. Moore
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

November 21, 2007

**VIA ELECTRONIC FILING**

**PUBLIC VERSION**
**Public Version Dated:  November 30, 2007**

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE  19801

     Re:    **Callaway Golf Company v. Acushnet Company**
                **C.A. No. 06-91-SLR**

Dear Judge Robinson:

    We submit this letter per Your Honor's request for additional information in support of Acushnet's motion in limine to preclude Callaway from offering two professional golfers as celebrity witnesses in the upcoming trial of this matter.

    Callaway intends to offer at trial the testimony of both Phil Mickelson ("Mickelson") and Greg Norman ("Norman").                                                      Acushnet will not call professional golfer Davis Love III as a witness if Callaway is precluded from calling Messrs. Mickelson and Norman.  We explain now why we think Callaway's witnesses should be precluded.

    Callaway has disclosed the subject matter of the expected testimony of Messrs. Norman and Mickelson respectively as follows:

      "Norman:

      "Mickelson:

The Honorable Sue L. Robinson
November 21, 2007 (Public Version Dated:  November 30, 2007)
Page 2



     In the case of Phil Mickelson, Callaway has further, and only very recently, identified a more particular disclosure, which is as follows:



     Despite Acushnet's requests, Callaway has refused to provide a proffer on the actual expected testimony of either witness. Callaway has also never provided any form of formal or informal expert report as to either of these witnesses, though clearly both of them are intended by Callaway to testify to facts and opinions that are based on and infused with their specialized knowledge, skill and experience as expert golfer, *see* FRE 702,[1]

---

[1] FRE 701 permits lay opinion testimony, only if it is "not based on … specialized knowledge within the scope of Rule 702."  Courts observe that professional golfers are experts, possessing specialized knowledge within the confines of FRE 702, when they testify about golfing matters. *See PGA Tour v. Martin*, 532 U.S. 661 (2001) (Arnold Palmer and Jack Nicklaus testify as experts about fatigue and its effect on golfers); *Nickles v. Schild*, 617 N.W.2d 659 (S. Dak. 2000) (holding journeyman professional to be expert on golf rules and golf etiquette with respect to standards of care).

The Honorable Sue L. Robinson
November 21, 2007 (Public Version Dated:  November 30, 2007)
Page 3



      Callaway's repeated opportunity, and failure to disclose both professional golfers, is shown by the timeline of events below.

### **Callaway's Failure to Timely Disclose the Professional Golfers**

February 9, 2006:     Callaway filed its complaint in this action.

March 7, 2006:



May 8, 2006:     Callaway filed its Initial Disclosures.
- Neither Mickelson nor Norman were disclosed as persons likely to have discoverable information relevant to this matter, or in support of Callaway's case in this matter.

May 2006 –
April 2007:



April 30, 2007:     Fact Discovery Closed.  On last day of fact discovery
Callaway served its First Supplemental Initial Disclosures.
- Callaway listed Norman, for the first time, as a fact witness likely to have discoverable information.
- Callaway still failed to disclose Mickelson.

June 1, 2007:     Deadline for Expert Reports where party has the burden of proof.
Callaway still did not disclose Mickelson or disclose Norman as an expert witness.

July 6, 2007:     Deadline for Rebuttal Expert Reports.
Callaway still did not disclose Mickelson or disclose Norman as an expert witness.

The Honorable Sue L. Robinson
November 21, 2007 (Public Version Dated: November 30, 2007)
Page 4

July 30, 2007          Expert Discovery Period closed.
                       Callaway still did not disclose Mickelson or disclose Norman as an expert
                       witness.

October 9, 2007:       Callaway filed its Second Supplemental Initial Disclosures.
                       • Callaway finally listed Mickelson as a fact witness likely to have
                         discoverable information in this matter.

Mickelson and Norman were therefore disclosed late as witnesses.



Callaway's failure to

---

2 Norman himself has yet to produce any documents responsive to Acushnet's subpoena duces
tecum, even though his deposition is scheduled for Monday, the week before trial.

The Honorable Sue L. Robinson
November 21, 2007 (Public Version Dated: November 30, 2007)
Page 5

disclose Norman as a witness to Acushnet and this court for over a year therefore can only be
seen as a litigation tactic.

Finally, Acushnet continues to maintains, as argued to your Honor yesterday, that any
testimony Mickelson and Norman can give from their own *personal* knowledge is of no
relevance to this case.



Testimony by Mickelson and Norman regarding their praise of the accused golf balls is
also irrelevant.[3] Praise is only an indicator of non-obviousness when it is provided by those in
the art of the technology.[4] And neither Mickelson nor Norman is qualified in the field of golf
ball design.

"Praise" for the performance of the Pro V1 by such professionals, who know only of the
rules of golf, and are experts in playing golf (driving, chipping and putting), is irrelevant to this
case. Their celebrity status, on the other hand, bring with them the clear danger of confusing the
jury members about exactly what is at issue in this matter – which is whether certain balls match
the claim limitations of certain patents and whether certain prior art invalidates these patents.

---

[3] And if they are not testifying as experts, but providing only lay opinion, then their testimony is
even more lacking in any probative value. Lay opinion testimony must be limited strictly to
one's personal knowledge. *See* FRE 701 ("If the witness is not testifying as an expert, the
witness' testimony in the form of opinions or inferences is limited to those opinions or inferences
which are (a) rationally based on the perception of the witness, (b) helpful to a clear
understanding of the witness' testimony or the determination of a fact in issue, and (c) not based
on scientific, technical, or other specialized knowledge within the scope of Rule 702.") That
Mickelson or Norman may harbor the personal, subjective belief that the Pro V1 "changed the
game of golf forever" is hardly pertinent or probative as one man's lay opinion in this case.
Only if infused with expert knowledge might it carry any force. But Callaway does not purport
to offer either of these witnesses as experts, nor should they be able to do so at this late juncture.

[4] *Pechiney Rhenalu v. Alcoa,* 224 F. Supp. 2d 773, 801 (D. Del. 2002); *Vulcan Eng'n Co. v.
Fata Aluminum,* 278 F.3d 1366, 1373 (Fed. Cir. 2002) (praise is relevant where it is
"[a]ppreciation by contemporaries skilled in the field of the invention").

The Honorable Sue L. Robinson
November 21, 2007 (Public Version Dated:  November 30, 2007)
Page 6


The jury will likely confuse Mickelson and Norman's praise as praise for the inventions of the patents-in-suit, and are also likely to overweight such testimony because of the fame of these witnesses.  If both witnesses are not excluded on the basis that Callaway late-disclosed them, then such witnesses should be, in Acushnet's view, excluded under FRE 402 and 403.

We respectfully request the Court's ruling on this matter.  In the event that the Court excludes both Messrs. Mickelson and Norman, both of whom were late disclosed, Acushnet would not bring its own endorser golfer, David Love, to the trial.  This is so because Mr. Love was only designated as a witness as a response to Callaway's late disclosure of Mr. Norman.


Respectfully,

*/s/ David E. Moore*

David E. Moore


DEM/msb
834663 / 30030

Enclosures
cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic filing)

# Exhibit 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 2

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 3

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 4

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 5

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 6

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 7

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY