IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-91-SLR |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of November, 2007, having reviewed all the papers submitted in connection with the evidentiary issues raised at the pretrial hearing;

IT IS ORDERED that:

1. **Test golf balls.**[1] Evidence relating to Acushnet's test golf balls may be admitted, but only under the following specific circumstances: Dr. Statz may testify consistent with his expert report vis-a-vis the prior art and motivation to combine. He may not testify about the test golf balls. Only if Callaway, through its cross examination, raises an issue of fact that implicates the test golf balls[2] may such balls become the subject of testimony. More specifically, with permission and following Dr. Statz's testimony, Acushnet may present its fact witnesses to testify about the testing procedures. If a proper foundation is laid in this regard, Dr. Statz may retake the stand

---

[1] These balls may **not** be referred to as "prior art" balls or "hybrid" balls.

[2] At the conclusion of Dr. Statz's testimony, Acushnet may make its proffer as to the relevance of the test golf balls.

to relate how and why he relied on these results for his opinion of invalidity.

2. **Professional golfers.** I conclude that Callaway timely identified both Greg Norman and Phil Mickelson as witnesses. I also conclude, however, that the kind of testimony I had envisioned[3] their giving is more appropriately the subject of expert testimony. Therefore, none of the identified professional golfers may testify generally as to the characteristics of the patented golf balls (as discerned through personal play) or the golf ball market. Nevertheless, I understand that Mr. Mickelson has some personal experiences with Acushnet that may, or may not, be relevant[4] to the issues at bar. Therefore, I will entertain a proffer at the end of Acushnet's case in chief as to Mr. Mickelson's expected rebuttal testimony to determine, at that point, whether he is an appropriate fact witness (i.e., he has personal knowledge of relevant facts).

3. **Willfulness.** Upon further reflection, I have concluded that the issue of willfulness shall be bifurcated, to be tried with the issue of damages.

4. **Injunctive relief.** The entry of injunctive relief, if implicated by the verdict, shall be resolved through the course of post-trial briefing.

_____
United States District Judge

---

[3]See e.g., D.I. 217, ex. 18.

[4]See, e.g., D.I. 355.