**Potter
Anderson
Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Attorney at Law
rhorwitz@potteranderson.com
302 984-60277 Direct Phone
302 658-1192 Fax

December 3, 2007

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: **Callaway Golf Company v. Acushnet Company
C.A. No. 06-91-SLR**

Dear Judge Robinson:

At the pretrial conference, the parties indicated that they would meet and confer to try to resolve the issue of which representative claims would be tried to the jury. After conferring, the parties have not been able to reach agreement. The parties agreed that a letter from each party on this issue would be appropriate and useful to the Court.

**Representative Claims**

The parties agree that in the interests of efficiency and time, there should be a limitation on the number of claims presented to the jury, as many of the claims of the patents-in-suit are very similar to each other. Callaway set forth the claims it intends to present in its November 27, 2007 letter to the Court. In particular, Callaway identified claims 1, 4, and 5 of the '293 patent, claims 1-3 of the '156 patent, claims 1 and 3 of the '873 patent, and claim 5 of the '130 patent.

Acushnet has only one dispute with Callaway's selection of representative claims. In particular, as it indicated it might at the pretrial conference, Callaway has attempted to remove claims 1-2 of the '130 patent from the case by omitting them from its list of representative claims. Since these claims, which have been litigated since the beginning of this case, have invalidity defenses that are unique to those claims, Callaway's proposed list of claims is not representative.

Callaway should not be allowed to unilaterally remove claims from the case and deny Acushnet's ability to present invalidity defenses that are unique to those claims. In particular, as the Court is aware, claims 1-2 of the '130 patent, unlike every other asserted claim, do not require that the outer cover of the golf ball contain polyurethane. Accordingly, the nature of

The Honorable Sue L. Robinson
December 3, 2007
Page 2

Acushnet's invalidity defenses with respect to these claims is different than with respect to other claims.

In particular, Acushnet's assertions that claims 1-2 of the '130 patent are obvious are of a much different character than its assertions that the remaining asserted claims are obvious. Specifically, Acushnet does not need to use any of the polyurethane references (Molitor '751, Wu, or Molitor '637) in combination with the Nesbitt or Proudfit patents to render claims 1-2 of the '130 patent. In contrast, the remaining asserted claims all require polyurethane, and thus Acushnet's obviousness defense against those claims requires the combination of Proudfit or Nesbitt with one of the polyurethane references.

In addition, as Acushnet has set forth in its letters to the Court and motion for reconsideration, there is ample undisputed evidence that the cover layers of the Wilson Ultra Tour Balata and the Proudfit '187 ball are the same. D.I. 216, Ex. 47 at ¶ 14; D.I. 217, Ex. 23 ¶ 201, at 59; D.I. 238, Ex. 5 at ¶¶ 5-6; D.I. 238, Ex. 6 (Statz Tr.) at 260:11-23; D.I. 217, Ex. 11 at AC00072945. Acushnet has also presented testing evidence of the Wilson Ultra Tour Balata indicating that the outer cover layer of the Wilson Ultra Tour Balata had a Shore D hardness of less than 64, even after almost 15 years of aging and hardening. D.I. 238 at 18 n.10. Callaway has provided no contrary evidence on either of those two facts. Hence, Acushnet believes it should be able to present evidence to the jury that both the Proudfit '187 patent and the Wilson Ultra Tour Balata anticipate claims 1-2 of the '130 patent.

Since Acushnet has different invalidity defenses to claims 1-2 of the '130 patent, Callaway should not be able to unilaterally remove them from the case. As the Court stated during the pretrial conference, "if there are defenses to claims which are different in kind than other defenses, then those claims need to be in the case." Nov. 20 Hearing Tr. at 9:17-20. Here, as demonstrated above (even without Acushnet's anticipation arguments), Acushnet's defenses to claims 1-2 of the '130 patent are different in kind than those to the remaining asserted claims. Accordingly, as the Court has held, these claims should be tried in this case.

The importance of including representative claims that truly "represent" all of the issues implicated by the asserted claims has been demonstrated on several occasions by the Federal Circuit. "Where the parties stipulate to 'representative' claims, ... a validity resolution for the representative claims applies to the other claims as well." *Miles Labs., Inc. v. Shandon Inc.*, 997 F.2d 870 (Fed. Cir. 1993). Indeed, as the Federal Circuit has held, "[t]he term 'representative claims' is well understood in patent litigation." *Panduit Corp. v. Dennison Mfg. Co.*, 836 F.2d 1329 (Fed. Cir. 1987) (finding that the parties' stipulation to four representative claims meant that "these four claims would 'represent' *all* of the claims in the case and that whatever result the court reached as to those four claims would be the result for all claims").

Since the resolution of liability on the representative claims will apply to the other asserted claims, it is crucial that claims are chosen that actually represent the issues presented by the asserted claims. Here, as set forth above, claims 1-2 of the '130 patent are of a different character than the rest of the asserted claims, and they are subject to materially different invalidity defenses. It would thus be unfair and contrary to the purpose of designating

The Honorable Sue L. Robinson
December 3, 2007
Page 3

representative claims to allow Callaway to unilaterally choose representative claims that exclude these claims. To do so would mean that the validity determination on the other, narrower asserted claims, would apply to the broader claims 1-2 of the '130 patent.

Accordingly, claims 1-2 of the '130 patent should be included in the set of representative claims. If the Court orders these claims included, Acushnet has no other objections to Callaway's choices of representative claims.

Respectfully,

Richard L. Horwitz
rhorwitz@potteranderson.com

RLH/mes/834926

cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic filing)