IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>ACUSHNET COMPANY,<br><br>           Defendant. | C. A. No. 06-91 (SLR) |

**CALLAWAY GOLF'S OPPOSITION TO ACUSHNET'S
MOTION FOR RECONSIDERAITON**

On November 30, 2007, Acushnet filed a Motion for Reconsideration, asking this Court to reconsider its decision that claims 1 and 2 of the '130 patent are not anticipated by the Proudfit '187 patent and the Wilson Ultra Tour Balata.[1] Acushnet's Motion is moot, however, because Callaway Golf is no longer asserting claims 1 and 2 of the '130 patent against the products at issue in this suit. Further, Acushnet has not satisfied the standard for reconsideration by showing "manifest errors of law or fact" in any of this Court's rulings. For these reasons, Acushnet's motion should be denied.

**I.    ARGUMENT**

    **A.    Acushnet's Motion Is Moot Because Callaway Golf is No Longer Asserting Claims 1 and 2 Of The '130 Patent.**

As part of the Pretrial Order, Callaway Golf and Acushnet agreed to narrow the claims to be asserted at trial. (*See* D.I. 334 at 11.) Callaway Golf has expressly told Acushnet that it is no longer asserting claims 1 and 2 of the '130 patent against the products at issue in this suit. A

---

[1]    Acushnet does not challenge any other issues resolved in the Court's summary judgment Order, such as the independent requirement of claims 1 and 2 of the '130 patent that there be a blend of low-acid ionomers. This is an independent basis for denying Acushnet's Motion for Reconsideration.

party can state in pleadings that it will no longer assert patent claims against an opposing party. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (affirming a district court's dismissal of defendant's invalidity counterclaim for lack of jurisdiction, where patentee promised not to assert its patents against defendant through its counsel's statements in motions and briefs). Importantly, and unlike in the *Super Sack* case, Acushnet did not bring a declaratory judgment counterclaim asking that this Court declare all of the claims of the '130 patent invalid. Now that Callaway Golf has removed claims 1 and 2 from this dispute, there is no longer a claim that would allow the Court to enter a declaration concerning the validity of these particular claims. *See Stearns v. Beckman Instruments, Inc.*, 737 F.2d 1565, 1567 (Fed. Cir. 1984) (noting that Court could not rule on validity of non-asserted claims where defendants did not have declaratory judgment counterclaims); *Grain Processing Corp. v. American Maize-Products Co.*, 840 F.2d 902, 905-906 (Fed. Cir. 1988) (affirming district court's holding that no case or controversy existed for claims to which the patent holder had dropped infringement charges prior to trial).

Had Acushnet wanted to preserve at least the opportunity to try and argue that the validity of these claims should be litigated even after Callaway Golf stopped asserting them, it should have filed a declaratory judgment counterclaim seeking such relief. The time for any such amendment has long since passed, and Callaway Golf respectfully requests that the Court deny Acushnet's request for reconsideration as moot now that Callaway Golf has clearly expressed its intent not to assert claims 1 and 2 of the '130 patent at trial.

      **B.    Acushnet Is Not Entitled to Reconsideration Because There Was No Manifest Error In The Court's Summary Judgment Decision**

Acushnet's motion should also be denied because the Court's decision was legally correct, and because Acushnet has not met the standard for reconsideration. A good summary of

the law for reconsideration can be found in *Samuel v. Carroll*, 505 F.Supp.2d 256, 261 (D. Del. 2007) (Robinson, J.) (internal citations omitted):

> Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The standard for obtaining relief under Rule 59(e) is difficult for a movant to meet, and motions for reconsideration or reargument "shall be sparingly granted." The purpose of such motions is to "correct manifest errors of law or fact or to present newly discovered evidence." Accordingly, a court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, and may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.

To warrant reconsideration, Acushnet must show that the Court erred by finding no genuine issues of material fact. If Acushnet did not meet its burden to set forth specific facts showing a genuine issue for trial, then there is no basis for reconsidering the grant of Callaway Golf's Motion for Summary Judgment of No Anticipation. *See* Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 316, 323 (1986). Acushnet alleges four errors in the Court's opinion, but none of these grounds establishes a basis for reconsideration in this case.

### 1. There Is No Link Between The Proudfit '187 Patent And The Wilson Ultra Tour Balata Golf Ball

The Court did not commit any error – let alone any "manifest error of law or fact" – in finding that there was no link between the Proudfit '187 patent and the Wilson Ultra Tour Balata.

The only piece of evidence that Acushnet provided to support its claim that these two "discrete, separate items of prior art "[2] were related was a declaration of James Proudfit, submitted for the first time with Acushnet's briefing on the cross-motions for summary judgment. The Court rightfully decided not to consider this declaration because Proudfit was not timely disclosed as a witness during the discovery period. This decision was within the Court's

3

authority and discretion – indeed, Acushnet does not argue otherwise.  Without the 2007 Proudfit declaration, Acushnet has not presented any evidence of a link between the Proudfit patent and the Wilson Ultra Tour Balata.  The Court committed no error, let alone clear or manifest error.  Acushnet does not point to any new facts or new law, it merely asks the Court to "rethink a decision already made."  This is improper.  There is no reason for reconsideration, and Acushnet's motion should be denied.

        **2.**    **Acushnet Did Not Present Sufficient Evidence Of Inherency, Either For The Hardness of the Outer Cover Layer In The '187 Patent Or of The Alleged Low-Acid Ionomer Inner Cover Layer In The Wilson Ultra Tour Balata**

There is also no evidence that the Court committed any error in determining that Acushnet's in-house testing documents from 1993 were the sole evidence regarding the Shore D hardness of the outer cover layer of the Wilson Ultra Tour Balata ball.  Acushnet's Motion for Summary Judgment of Invalidity cited only AC72945 to support its claims regarding the Shore D hardness of the outer cover layer of the Wilson Ultra Tour Balata.  This document had no notation of Shore "D," and the Court determined that Mr. Hebert's PTO declaration was insufficient to show inherency – in other words, the Hebert declaration did not adequately show that a Shore D reading on the Ultra Tour Balata ball itself would necessarily be 64 or less.  (*See* D.I. 347 at 18-19 and n.16.)

The fact that testing data from Plastics Technologies Laboratories, Inc. ("PTLI") was not cited in the Court's opinion is not evidence that the Court ignored this data or misapprehended its alleged significance.  Even with the PTLI hardness data, Acushnet did not establish that outer cover hardness measurements for the Ultra Tour Balata were inherent in '187 patent itself, or that the Ultra Tour Balata had the low-acid ionomer mantle composition described in '187 patent.

---

[2] D.I. 347 at 18.

Acushnet attempted to establish these links via the Proudfit declaration, but the Court properly declined to give effect to that declaration. Nothing about the PTLI testing data warrants reconsideration.[3]

### 3. Acushnet Disclosed Proudfit Too Late, And The Court Properly Ignored His 2007 Declaration

The Court did not err in finding that Proudfit's declaration was untimely – it was. The disclosure of Proudfit took place during the summary judgment briefing, long after the close of discovery. The decision to ignore this declaration was within the Court's discretion, which Acushnet does not challenge. The Court committed no error, let alone "manifest error," and its decision should therefore stand. Acushnet's argument that Proudfit's untimely disclosure resulted in no prejudice to Callaway Golf does not provide a basis for reconsideration. Acushnet is not arguing new law or newly discovered facts, and is not saying that the Court misapprehended the facts. Acushnet is simply asking the Court "to rethink a decision already made," which is improper. Acushnet's request for reconsideration on this issue should be denied.

### 4. The Court Did Not Rely On A 1993 Priority Date For Mr. Sullivan's Application

Acushnet states that the Court made a "mistaken assumption" that the priority date of the '130 patent was 1993. This is simply wrong: the Court made no such finding. Moreover, the denial of Acushnet's motion for summary judgment, and the corresponding grant of Callaway Golf's motion, were in no way predicated on the priority date of the asserted claims. Had the Court believed the priority date for the '130 patent was in fact 1993, it would not have even considered the '187 Proudfit patent (issued on May 24, 1994) as prior art at all. (*See* D.I. 347 at

---

[3] Whether or not there is any "inconsistency" between Proudfit's 1993 and 2007 declarations is also irrelevant, as the Court rejected Mr. Proudfit's 2007 declaration on the independent basis that Mr. Proudfit was untimely disclosed.

16-19.) Instead, the Court did consider Proudfit on the merits, and rightfully agreed with Callaway Golf that it did not anticipate these claims. The Court, by mentioning the original 1993 filing date in a footnote,[4] committed no error that would warrant reconsideration because it did not actually rely on that date to support any of its conclusions. This basis of the request for reconsideration should also be rejected.

## II.    CONCLUSION

Callaway Golf respectfully submits that Court acted correctly in deciding each of the cross-motions for summary judgment with respect to Claims 1 and 2 of the '130 patent. Because there was no manifest error, and because Callaway Golf has now agreed to remove these two claims from this suit, this Court should deny Acushnet's Motion for Reconsideration.

---

[4] See D.I. 347 at 2 n.1.

Dated: December 4, 2007            FISH & RICHARDSON P.C.


By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

David J. Miclean
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

**ATTORNEYS FOR PLAINTIFF
CALLAWAY GOLF COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2007, I electronically filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899 | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi, Esq.<br>Joseph P. Lavelle<br>Brian Rosenthal<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | Attorneys for Defendant<br>ACUSHNET COMPANY |

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski

1