IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-091-SLR |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of December, 2007, having reviewed Acushnet's motion for reconsideration (D.I. 364) and the recent letter submissions by the parties;

IT IS ORDERED that:

1. **Motion for reconsideration.**  The court declines to consider a motion for reconsideration on the eve of trial.  Therefore, the summary judgment ruling stands as the law of the case.  Defendant is precluded from trying its anticipation defense; defendant may try its obviousness defense.  Defendant's motion for reconsideration (D.I. 364), therefore, is denied.

2. **Evidence of secondary considerations of non-obviousness.**  Now that the parties have stipulated that the accused products infringe the asserted claims, news articles containing Acushnet's praise of the accused products (and relating to the commercial success of the accused products) are admissible as admissions.  No other articles relating to the accused products (which do not contain Acushnet's own

statements of "praise")[1] shall be admitted.

3. **Representative claims.** Given Callaway's representation that it will not assert claims 1-2 of the '130 patent against any of the products at issue in this case, the court no longer has jurisdiction over such claims; Acushnet may not address the invalidity of such claims.

4. **Admissibility of DX-22.** Such document shall not be admitted, pursuant to Federal Rules of Civil Procedure 402, 403, and 408, as irrelevant, misleading and confusing to the jury, as the document was crafted by parties trying to resolve their legal disputes and address a defense that the court has dismissed.

5. The court will not review any additional correspondence from the parties.

_____
United States District Judge

---

[1] e.g., AC0089543.