IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 06-91 (SLR) |
| | ) |
| v. | ) **PUBLIC VERSION** |
| | ) Public Version Dated: December 5, 2007 |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE SUE L. ROBINSON DATED NOVEMBER 28, 2007**

cc:   Clerk of the Court

        Counsel of Record

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

835535 / 30030

**Potter
Anderson
Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

David E. Moore
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

November 28, 2007

**VIA ELECTRONIC FILING**

**PUBLIC VERSION
Public Version Dated: December 5, 2007**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:  **Callaway Golf Company v. Acushnet Company
     C.A. No. 06-91-SLR**

Dear Judge Robinson:

This letter replies to Callaway's November 27, 2007 letter (D.I. 355) seeking to offer at trial the testimony of two professional golfers, Phil Mickelson and Greg Norman. Messrs. Mickelson and Norman, both of whom were late disclosed witnesses, have provided no report on the expert topics of their testimony; have little to say of any relevance to the infringement or validity of the patents-in-suit; and should, for any one or more of these reasons, be stricken from the trial witness list. (*See* D.I. 351.) [redacted]

First, with respect to Phil Mickelson, Callaway's contention that he was timely disclosed pursuant to Section 2(g) of the Scheduling Order is incorrect. There is a good reason why Callaway's lengthy letter cites no language from Section 2(g) in making its argument. Section 2(g), which Callaway says excuses its late disclosure of Phil Mickelson, concerns an exchange of each party's *trial witness lists*. It is not designed as a discovery disclosure exchange. In fact, such trial witness lists, according to the Order, are to be drawn from among those who have "previously been disclosed during discovery." In short, Section 2(g) cannot be read in the manner Callaway suggests. It is not a license to engage in the tactical gamesmanship of a last minute surprise announcement of a celebrity witness for the trial, which is exactly what has taken place here. The Court's "Guidelines for Civil Trials" make Acushnet's point even clearer, stating that individuals may be called at trial "if their names are disclosed by any party *during discovery*."

The Honorable Sue L. Robinson
November 28, 2007; (Public Version Dated: December 5, 2007)
Page 2

Second, Callaway argues strenuously that Mr. Mickelson has "very relevant" "important factual testimony" to offer in this case. But the connection to relevant issues is slim, at best. Callaway is hoping to bring Mr. Mickelson to trial for a beauty contest, for his sensational, WOW effect. Indeed, if Mr. Mickelson were as important as a percipient witness to real issues in this case as Callaway asserts, he would have been disclosed by Callaway in discovery, and there should have been no surprises about his testimony.



Third, with respect to Mr. Norman, Callaway wrongly emphasizes that he is only a fact witness, and that he was timely disclosed when disclosed as a witness on April 30, 2007, the final day of fact discovery. That Mr. Norman has extensive golf course design experience, for example, and allegedly will testify that in his opinion the accused products changed the very way golf courses are designed is clear expert opinion that called for an expert report from this paid witness.



In sum, Acushnet continues to maintain that both Messrs. Norman and Mickelson were late disclosed; should have been disclosed as expert witnesses (and should have provided expert reports); and have nothing relevant, in any case, to offer at trial, short of the exciting flare and

---

[1] As Acushnet maintains, much, if not all, of Messrs. Mickelson's and Norman's "golf ball performance" testimony falls under Rule 702, not rule 701. As such, Callaway was required to have disclosed and provided expert reports of these witnesses in the expert phase of the case if they intended to rely on the them in giving their expert opinions on differences in the performance of various golf balls. As the Third Circuit recently noted, the rules of lay opinion testimony substantially changed in 2000, such that now "lay testimony must 'result[] from a process of reasoning familiar in everyday life,' as opposed to a process 'which can be mastered only by specialists in the field.' Fed. R. Evid. 701 Adv. Comm. Notes.'" *Estate of Edward Knoster v. Knoster*, 2006 U.S. App. LEXIS 22869, *12 (3d Cir., Sept. 6, 2006). For sure, professional golfer opinions are not of the lay witness variety.

The Honorable Sue L. Robinson
November 28, 2007; (Public Version Dated: December 5, 2007)
Page 3

spectacle of a celebrity athlete in the courtroom. If the Court is still inclined to permit Callaway at least one professional golfer at trial, Acushnet respectfully submits that Callaway be allowed to sponsor only Greg Norman who, as the Court noted at the Pre-Trial Conference, was the earlier and first disclosed witness between the two.

      Counsel are available at the Court's convenience to discuss this issue.

                              Respectfully,

                              */s/ David E. Moore*

                              David E. Moore

DEM/msb
835529 / 30030

Enclosure
cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic filing)

# EXHIBIT 1

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**