# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | **Public Version Dated: December 5, 2007** |
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## LETTER TO THE HONORABLE SUE L. ROBINSON DATED NOVEMBER 29, 2007

cc:    Clerk of the Court

Counsel of Record

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

835535 / 30030



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

David E. Moore
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

November 29, 2007

**VIA ELECTRONIC FILING**

**PUBLIC VERSION**
**Public Version Dated: December 5, 2007**

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

     Re:    **Callaway Golf Company v. Acushnet Company**
             **C.A. No. 06-91-SLR**

Dear Judge Robinson:

    Acushnet submits this letter in response to Callaway's letter of November 27, 2007, regarding the admissibility of evidence of combination golf balls made according to the teachings of the prior art, and the Court's rulings on invalidity of claims 1 and 2 of the '130 patent.

**Combination Golf Balls**

    Callaway tries to argue that Dr. Statz does not provide the evidentiary predicate to admit the combination balls into evidence because, for example, Dr. Statz did not direct the manufacture of the balls. That Dr. Statz did not direct the manufacture of the balls is beside the point. Instead, Dr. Statz explains that the prior art discloses precise dimensions and materials of golf balls, and there would be a motivation to combine the references. The combination balls were made according to the combinations that are discussed in Dr. Statz's report. Thus, Dr. Statz is situated to explain the relevance of the combination balls and their testing.

    For example, Dr. Statz explains that the Proudfit patent discloses precise dimensions and compositions for its preferred embodiment ball, and that the only difference between that ball and the asserted polyurethane claims is the lack of polyurethane. D.I. 217, Ex. 23 ¶ 98 at 29-31. Dr. Statz also explains why one of ordinary skill in the art would be motivated to use the polyurethane materials disclosed in the Molitor '751, Wu, and Molitor '637 patents in place of the outer cover of the Proudfit ball. *Id.* ¶¶ 37-40, at 8-9; ¶ 80 at 22-23; ¶ 83 at 23; ¶¶ 90-91 at 26; ¶¶ 99-101 at 31; ¶ 105 at 32; ¶¶110-111 at 33-34. The combination balls were made according to the teachings of these combinations.

The Honorable Sue L. Robinson
November 29, 2007 (Public Version Dated: December 5, 2007)
Page 2

Thus, as Acushnet explained in its opposition to Callaway's motion to exclude Dr. MacKnight's testimony (D.I. 297 at 9-12), this case is distinguishable from *Wesley Jessen Corp. v. Bausch & Laumb, Inc.*, 209 F. Supp.2d 348 (D. Del. 2002). There, the testing in question (which was not even excluded from evidence) departed from and was inconsistent with the teachings of the prior art. *Id.* at 373, 393. Here, instead, the combination balls were made by following the directions of the prior art combinations that Dr. Statz addresses. Thus, the evidence here is similar to that admitted in *Young Dental Mfg. Co., Inc. v. Q3 Special Prods., Inc.*, 112 F.3d 1137 (Fed. Cir. 1997). There, the Federal Circuit affirmed the admissibility of a model of prior art over objections that it did not accurately represent the prior art. *Id.* at 1145. The Federal Circuit noted that any such arguments could be developed in cross-examination, and that the probative value of the evidence was not outweighed by potential prejudice. *Id.* at 1146. Similarly here, Callaway's arguments about the combination ball[1] testing go to its weight, not its admissibility.

## Claims 1 and 2 of the '130 Patent[2]

Callaway raises two arguments regarding the Court's denial of summary judgment of anticipation of claims 1 and 2 of the '130 patent.

First, Callaway professes to be surprised about Acushnet's submission of Mr. Proudfit's declaration. In fact, Mr. Proudfit's declaration does no more than provide corroborating evidence of a fact for which ample evidence already existed in the record; namely that the cover layers of the Wilson Ultra Tour Balata were the same as those set forth in the Proudfit patent.

In particular, Mr. Proudfit's 1993 declaration (D.I. 216, Ex. 47 at ¶ 14) already established that the outer cover layer of the Wilson Ultra Tour Balata is the same as that disclosed in Table 7 of the Proudfit patent.

---

[1] Callaway also seems to argue that some prejudice attaches to the ball testing evidence by the fact that Acushnet refers to the balls as "prior art balls." Whatever the balls are called, they should be admissible. Acushnet will call them "combination balls," or "hybrid balls," or whatever other term Callaway believes does not cause the risk of confusion.

[2] Callaway states that it will drop claims 1 and 2 of the '130 patent from its representative claims at trial. As Acushnet stated during the pretrial conference, Acushnet objects to the removal of those claims from trial because they are prone to unique invalidity defenses. Acushnet will address this issue in a separate letter to the Court.

The Honorable Sue L. Robinson
November 29, 2007 (Public Version Dated: December 5, 2007)
Page 3

Thus, there is nothing about Mr. Proudfit's declaration (which does no more than confirm already-disclosed facts) that could have come as any surprise to Callaway. Instead, Acushnet contacted Mr. Proudfit only as a belt-and-suspenders response to Callaway's unfounded speculation that there might be a difference between the cover layers of the Wilson Ultra Tour Balata ball and the Proudfit reference, which speculation was raised for the first time in Callaway's summary judgment papers. Upon obtaining Mr. Proudfit's declaration, Acushnet promptly disclosed him as a potential trial witness. Thus, Callaway cannot reasonably claim that it was surprised by the substance of Mr. Proudfit's declaration. In addition, since Mr. Proudfit has now been deposed (and unsurprisingly confirmed all of the statements of his declaration), Callaway cannot plausibly claim any prejudice.



Finally, Callaway faults Acushnet for not filing a motion for reconsideration of these issues. Consequently, Acushnet will be filing a formal motion for reconsideration shortly.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/msb
835552 / 30030

Enclosure
cc:    Clerk of the Court (via hand delivery) (w/enc.)
       Counsel of Record (via electronic filing) (w/enc.)

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY