**Callaway Golf Company**
**v.**
**Acushnet Company**
**Civil Action No. 06-91-SLR**

---

**PRELIMINARY JURY INSTRUCTIONS**

**Members of the Jury:**

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties**

This is a case arising under the patent laws of the United States. The plaintiff is Callaway Golf Company, which I will refer to as "Callaway." The defendant is Acushnet Company, which I will refer to as "Acushnet." Callaway and Acushnet are companies engaged in the design, development, marketing, and sale of golf balls.

Callaway is the owner of the United States patents at issue in this case. There are four patents at issue: U.S. Patent No. 6,506,130, which I will refer to as "the '130 patent"; U.S. Patent No. 6,503,156, which I will refer to as "the '156 patent"; U.S. Patent No. 6,210,293, which I will refer to as "the '293 patent"; and U.S. Patent No. 6,595,873, which I will refer to as "the '873 patent." I may refer to these patents collectively as "the patents in suit," or, alternatively, as "the Sullivan patents," after their common inventor Michael Sullivan. Copies of these patents have been given to you along with these preliminary instructions.

You will be given notebooks which have a copy of these instructions, copies of the patents, and have paper for you to take notes if you choose to during the trial.

The parties have stipulated that Acushnet infringes claims 1, 4, and 5 of the '293 patent, claims 1, 2, and 3 of the '156 patent, claim 5 of the '130 patent, and claims 1 and 3 of the '873 patent. Therefore, you will not be asked to determine the issue of infringement. However, Acushnet asserts that each of the patents in suit is invalid and, therefore, you will be asked to review the validity of each of these patents.

**Burden of Proof**

This is a civil case in which Acushnet contends that the patents in suit are invalid. A patent, however, is presumed to be valid. Accordingly, Acushnet has the burden of proving that each of the patents in suit are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments and questions by lawyers are not evidence. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. I will instruct you further during the trial if this happens.

2. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

Although you are not to talk about the case with anyone else, you are permitted to talk to each other, when everyone is in the jury room, about the technology at issue in this case. You may write questions down and give them to Nicole, my courtroom deputy. She will give the questions to me and I will pass them along to the attorneys, who may or may not try to incorporate your questions into their examinations.

Even though you may talk to each other about the technology, you should not reach any conclusions as to the issues presented until all the evidence is in and you have been given your final instructions.

Finally, you must only consider the evidence presented in the courtroom. Do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to this case.

The proceedings during trial will be transcribed by court reporters; however, it is not the practice of this Court to make the trial transcripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we have provided. The binders will be collected each time you leave the courtroom. Keep in mind that your notes are for your own personal use - they are not to be given or read by anyone else.

Finally, please wear your juror identification tags everyday, so that the parties

can avoid engaging you in conversation, thereby bringing your impartiality into question.

**Course of the Trial**

The trial will now begin. The attorneys have three opportunities to talk to you during the trial. The first opportunity is the opening statement. During the opening statements, the attorneys will introduce their respective stories to you. As I've already instructed, however, what the lawyers say is not evidence. It will be up to you to determine whether the evidence - the testimony of the witnesses and the admitted documents - supports what the lawyers say in their opening statements. The second opportunity that the lawyers have to talk to you is during transition statements. Lawyers are permitted to make transition statements whenever they call a witness to the stand, to introduce the witness and to briefly explain the relevance of the witness's anticipated testimony. Finally, after all the evidence is in, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their story. I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

You should generally expect that we will start the trial each morning at 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch. As I said earlier, I time my civil trials, meaning each party is given a certain number of hours in which to present its evidence. This assures that trials will be completed on a predictable basis. This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.

5

## **GLOSSARY OF PATENT TERMS**

| | |
|---|---|
| **Assignment** | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| **Claims** | That part of a patent which defines the limits of the invention. These are found at the end of the patent specification in the form of numbered paragraphs. |
| **Disclosure or Description** | That part of the patent specification which explains how the invention works and usually includes a drawing or drawings. |
| **File wrapper or Prosecution history** | The written record of proceedings in the United States Patent and Trademark Office (Patent Office or PTO) including the original patent application and subsequent communications between the Patent Office and applicant. |
| **Patent application** | The initial papers filed in the Patent Office by an applicant. These typically include a specification, drawings, and the oath (declaration) of applicant. |
| **Patent examiners** | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| **Prior art** | Any information which is used to describe public, technical knowledge prior to the invention by the applicant or more than a year prior to his/her application. |
| **References** | Any item of prior art (publication or patent) used to determine patentability. |
| **Specification** | That part of the patent application or patent which describes the invention and concludes with one or more claims. |