IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACUSHNET COMPANY, )<br>)<br>Defendant. )<br>) | C. A. No. 06-91 (SLR) |

**ACUSHNET'S BENCH MEMORANDUM IN SUPPORT OF THE ADMISSIBILITY OF
DX-15 (THE *EX PARTE SULLIVAN* DECISION)**

Acushnet Company submits this memorandum in support of its position that the *Ex Parte Sullivan* decision (DX-15) should be admitted as evidence in this case.

The Court has previously heard limited argument on this issue at the pre-trial conference and was indicating that its was disinclined to allow such evidence. However, the court requested a case from Acushnet at that time, and had reserved final judgment. Now, with the opening statement given yesterday by Callaway's counsel, there is further reason this evidence should be admitted.

**I.**

In *Ex Parte Sullivan*, 2004-0242 (B.P.A.I. 2004), the Board of Patent Appeals and Interferences ("BPAI"), found that claims by the inventor Sullivan virtually identical to those of the patents-in-suit were obvious in light of the teachings of Nesbitt and Wu. This final decision of the Board occurred in an application directly related to the patents-in-suit. The Patent Office's decision is therefore highly relevant evidence.

DX-15 is now especially relevant in view of Callaway's opening statement that Acushnet's Hebert patent, which Callaway argued "covered exactly the same concept that's in Mike Sullivan's patents,"[1] demonstrates that Callaway's patents are valid. If the Hebert patent is relevant to the validity of the patents-in-suit simply because it uses a cast urethane cover, as Callaway believes, then the *Ex Parte Sullivan* decision, which is orders of magnitude closer to the claims at issue in this case, is even more pertinent to validity.

Further, in its opening statement, Callaway argued that because Acushnet was granted this patent over Wu and Nesbitt—a patent with an entirely different prosecution history, different inventors, a different specification, and entirely different claim limitations—the Hebert patent is evidence that this combination does not invalidate its own claims, which have different limitations. Again, as the *Ex Parte Sullivan* decision has a direct connection to the patents-in-suit, the PTO's treatment of Nesbitt and Wu in that case is more probative of the validity of these claims than the far removed Hebert patent. Consequently, the Court should admit DX-15.

If, however, the Court concludes that DX-15 is irrelevant or prejudicial, Acushnet asks that the Court also exclude all of Callaway's "Hebert patent" evidence, and provide an instruction to the jury that the statements already made by Callaway's counsel on this evidence be disregarded. The granting of Acushnet's Hebert patent has far less of a connection to the validity of the patents-in-suit than the rejection decision of *Ex Parte Sullivan*, and thus is less relevant, and more prejudicial.

---

[1] Trial Transcript, December 5, 2007 at 186:17-18, multiple slides presented to the jury by Callaway's counsel in his opening statement further spotlighted Callaway's reliance on this argument.

## II.

Case authority supports Acushnet's position that *Ex Parte Sullivan*, even in the absence of Callaway's opening of the door to this evidence, is relevant and admissible evidence. In *Loral Fairchild Corporation, v. Matsushita Electric Ind. Co. Ltd.*, 208 F. Supp. 2d. 344 (E.D.N.Y. 2000), Federal Circuit Judge Rader, sitting by designation in the Eastern District of New York, concluded that claim rejections in applications related to the patents-in-suit can be admitted into evidence under Rules 402 and 403.

In *Loral* the patent-in-suit was directed to process claims, but was also the parent of a divisional application reciting apparatus claims. In a jury trial, Judge Rader found that the prosecution history of the divisional application was relevant, admissible evidence as to the validity of the process patent, and was therefore properly admitted, despite Rules 402 and 403 objections. As the Court stated: "Loral contends that this court erred in admitting evidence about the divisional structure application. Upon reconsidering this question, this court determines again that this evidence was relevant and free of any unfair prejudice." *Id.* at 360.

Judge Rader found that the related application was relevant to obviousness because it contained rejections of the apparatus claims over the same prior art that the defendant asserted against the process claims in litigation:

> Moreover, as discussed above, substantial evidence supports the obviousness of the '674 process patent in light of the Erb article and the Anantha reference, which were cited in the examiner's rejection in the divisional structure application. The divisional application was thus relevant to the question of whether Erb was prior art and also to obviousness questions, such as the grounds for distinguishing Anantha.

*Id.* at 360.

Thus, as was the related application in *Loral*, the *Ex Parte Sullivan* decision is relevant to the obviousness of the claims of the patents-in-suit. Indeed, in *Loral*, the connection between the

3

claims was somewhat attenuated, as the related application contained only structure claims, while the patent-at-issue recited process claims. Nevertheless, in a well-considered ruling, Judge Rader found that these claims were similar enough to make the divisional application of relevance to the patent-at-issue.

Here, in this case, the claims of *Ex Parte Sullivan* and the patents-in-suit are virtually identical, recite the same basic structure, and vary only as to a few minor limitations. Furthermore, the prior art discussed in *Ex Parte Sullivan* is some of the same prior art Acushnet now asserts, including Nesbitt and Wu.

Callaway will not be prejudiced by the admission of this evidence; nor does the prejudice or potential for confusion overcome the weight of this evidence. As Judge Rader recognized, all that is necessary to prevent confusion is to ensure that when the *Ex Parte Sullivan* decision is discussed, it is identified as a different application:

> [A]dmission of the divisional application was not prejudicial to Loral. Loral does not identify any place in the record where a witness referred to the divisional application without clearly identifying it as such. Thus, the jury would not have confused the examiner's rejections of the divisional with the PTO's granting of the '674 patent.

*Id.* Acushnet accordingly requests that DX-15 be found admissible.

4

5

POTTER ANDERSON & CORROON LLP

OF COUNSEL:
Joseph P. Lavelle
Kenneth W. Donnelly
Brian Rosenthal

HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 783-0800

Dated: December 6, 2007

By: _____/s/David E. Moore_____
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   P.O. Box 951
   Wilmington, DE 19899-0951
   (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys For Defendant / Counterclaim Plaintiff / Acushnet Company*

835783

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 6, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on December 6, 2007, I have Electronically Mailed (and hand delivered as noted) the document to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com
(also by hand delivery at trial)

Robert A. Denning
David S. Shuman
W. Chad Shear
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
denning@fr.com
shuman@fr.com
shear@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com
(also by hand delivery at trial)

Jonathan J. Lamberson
Christina D. Jordan
Craig R. Compton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
lamberson@fr.com
cjordan@fr.com
compton@fr.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

835786 / 30030