IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACUSHNET COMPANY, )<br>)<br>Defendant. )<br>) | C. A. No. 06-91 (SLR) |

**ACUSHNET'S BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF THE REEXAMINATIONS OF THE PATENTS-IN-SUIT**

Acushnet Company submits this memorandum in support of its position that evidence regarding the reexaminations of the patents-in-suit should be admitted.

As the Court knows, Acushnet has long argued that the PTO's findings in the reexaminations of the patents-in-suit should be admitted as evidence in this case for a variety of reasons. Yesterday, however, Callaway's arguments during its opening statement provided perhaps the most compelling reason yet to admit this evidence: to correct Callaway's unjustified and inappropriate attempts to strengthen a presumption of validity that the PTO has already discarded.

If Callaway had simply relied on the presumption of validity to which the patents-in-suit were entitled, there would be little for Acushnet to complain about. Callaway, however, went much further—inappropriately so. Consequently, evidence regarding the reexaminations of the patents-in-suit should now be admitted to correct the improperly skewed arguments Callaway presented to the jury during opening argument.

First, Callaway implied that the fact that three different examiners reviewed the patents-in-suit somehow propped the presumption of validity up even further. Trial Tr. at 161:6-17.

Callaway in fact told the jury a measure of untruth -- "there are three patent examiners who looked at the four patents collectively." Callaway asked the jury, in argument, "Did those three patent examiners, different people, make a mistake when they looked at exactly the same prior art that Acushnet now says invalidates these patents. ... So that's what the validity issue boils down to in this case." *Id.* This point was repeated by Callaway's counsel elsewhere in its opening statement. Callaway's counsel devoted several slides to this issue as well. Callaway should not be allowed to make such suggestions to the jury when it knows full well that two additional examiners have rejected all of its claims during reexamination.

Second, Callaway argued that "everything you saw in their slides, everything they are going to rely on, the Patent Office had." Trial Tr. at 161:16. If Callaway had merely argued that these references were before the Examiner, that would be one thing. But Callaway knows that once the basic properties of commercially available materials—properties not made available to the examiner by Spalding during the original examination—were presented to the PTO, it rejected those same claims.

In short, Callaway feels shielded from the consequences of making such arguments because it does not have the evidence of the PTO's reexamination findings to keep it in check. However, as Callaway has now opened the door to the evidence found in the reexaminations with its own over-the-top arguments, Acushnet submits that evidence of the reexaminations be admitted.

|                          | POTTER ANDERSON & CORROON LLP |
|--------------------------|-------------------------------|
| OF COUNSEL:              | By: _____/s/David E. Moore_____ |
|                          | Richard L. Horwitz (#2246)    |
| Joseph P. Lavelle        | David E. Moore (#3983)        |
| Kenneth W. Donnelly      | Hercules Plaza, 6th Floor |
| Brian Rosenthal          | 1313 N. Market Street         |
|                          | P.O. Box 951                  |
| HOWREY LLP               | Wilmington, DE  19899-0951    |
| 1299 Pennsylvania Ave., N.W. | (302) 984-6000            |
| Washington, DC  20004    | rhorwitz@potteranderson.com   |
| Telephone: (202) 783-0800 | dmoore@potteranderson.com    |

Dated: December 6, 2007

*Attorneys For Defendant / Counterclaim Plaintiff / Acushnet Company*

835782

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 6, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on December 6, 2007, I have Electronically Mailed (and hand delivered as noted) the document to the following person(s):

| | |
|---|---|
| Thomas L. Halkowski<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P. O. Box 1114<br>Wilmington, DE 19899-1114<br>halkowski@fr.com<br>(also by hand delivery at trial) | Frank E. Scherkenbach<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>scherkenbach@fr.com<br>(also by hand delivery at trial) |
| Robert A. Denning<br>David S. Shuman<br>W. Chad Shear<br>Fish & Richardson P.C.<br>12290 El Camino Real<br>San Diego, CA 92130<br>denning@fr.com<br>shuman@fr.com<br>shear@fr.com | Jonathan J. Lamberson<br>Christina D. Jordan<br>Craig R. Compton<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>lamberson@fr.com<br>cjordan@fr.com<br>compton@fr.com |

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

835786 / 30030