IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>ACUSHNET COMPANY,<br><br>        Defendant. | C. A. No. 06-91 (SLR) |

**CALLAWAY GOLF'S RESPONSE TO ACUSHNET'S BENCH MEMORANDUM
REGARDING THE ADMISSIBILITY OF THE REEXAMINATIONS**

Acushnet once again asks this Court to reconsider its decision to preclude any reference to the reexaminations of the patents-in-suit during this trial. The Court has already heard this argument from Acushnet on several occasions, and every time this Court has correctly concluded that the reexaminations are far more prejudicial than probative and should be excluded under Fed. R. Evid. 403. Now, though, on just the second day of trial, Acushnet raises this argument again, looking for any excuse in the transcript to argue Callaway Golf "opened the door" to the reexaminations. Acushnet is mistaken. If this Court looks at the portions of the transcript Acushnet cites, it will see that Callaway Golf was simply stating facts, and nothing Acushnet can point to requires this Court to reconsider its previous rulings that neither party should mention the reexaminations during this proceeding.

Acushnet first argues that it should be allowed to reference the reexaminations because Callaway Golf made "unjustified and inappropriate attempts to strengthen a presumption of validity." Acushnet ignores that this Court had already, and properly, instructed the jury on the presumption of validity during the preliminary jury instructions. Trial Tr. at 131:16-23. All that Callaway Golf did was repeat that presumption. Further, Acushnet is substantively wrong that

the presence of a reexamination has any effect on the presumption of validity. The Federal Circuit has stated that, "the grant by the examiner of a request for reexamination is **not probative** of unpatentability. The grant of a request for reexamination … **does not establish a likelihood of patent invalidity**." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) (emphasis added). In other words, the presumption of validity is not changed because of the presence of a reexamination, or a non-final office action in a reexamination. The presumption of validity is created by statute. *See* 35 U.S.C. § 282 ("A patent shall be presumed valid"). Nothing in the reexamination statue alters this statutory presumption. *See* 35 U.S.C. § 301 *et seq*. There was nothing improper about Callaway Golf relying on this Court's correct instruction that an issued patent is presumed valid. This is certainly not grounds for injecting the reexamination into this trial.

Acushnet next argues that "Callaway implied that the fact that three different examiners reviewed the patents-in-suit somehow propped the presumption of validity up even further." This is false – Callaway Golf did not imply anything. What Callaway Golf said was that three examiners looked at these four patents, which is true. Callaway Golf then said that those examiners had each and every single piece of prior art before them when they decided to issue the patents-in-suit, which is also true. If the jury did infer from these facts that the presumption of validity would be harder to overcome in this case, they would be entirely correct. *See Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1348 (Fed. Cir. 2004) (noting that overcoming the presumption of validity "is 'especially difficult' when, as is the present case, the infringer attempts to rely on prior art that was before the patent examiner during prosecution"). Acushnet goes on to argue that Callaway Golf's statements were misleading because the examiners did not have access to commercially available balls when they made their decision. If Acushnet wants to

2

make this argument Acushnet is free to do so. But that would be surprising, given that Acushnet has been at pains to prove to the jury that the Wilson Ultra Tour Balata ball is an embodiment of the Proudfit patent (which was considered by each examiner), and it is no reason to allow in evidence of the reexaminations. Again, nothing Acushnet cites changes the fact that the reexaminations are not relevant, and are far more prejudicial than probative.

Finally, Callaway Golf respectfully notes that, while it is fair and appropriate to exclude evidence of parallel reexamination proceedings even in the usual case, this case presents two unique considerations that frankly make it remarkable that Acushnet continues to raise this issue. First, Acushnet filed the reexaminations in breach of a settlement agreement that resolved litigation in this very Court. To allow Acushnet to further profit from that illegal behavior by prejudicing the jury in this proceeding would be extremely unfair to Callaway Golf, and tantamount to an end-run on the Court's breach of contract ruling. Second, by its summary judgment rulings in this case, the Court already has disagreed with the non-final office actions on several critical issues (including incorporation by reference and anticipation). What curative instruction could be provided if those office actions – with determinations directly at odds with the Court's rulings – were now introduced before the jury? Would the Jury be instructed to disregard the contrary portions? Would Callaway Golf be allowed to bring before the jury the Court's contrary summary judgment opinion? Would the parties argue these legal issues to the jury?

It is unfortunately clear from its briefing that Acushnet will use any and every opportunity to try and find reasons to improperly inject the reexaminations into this trial. This Court was correct when it first told Acushnet it would not allow it to refer to the reexaminations, and its ruling continues to be correct today. The Court should not reconsider its previous rulings,

and should continue to exclude any mention of the reexaminations during trial.

Dated: December 6, 2007			FISH & RICHARDSON P.C.


By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

David J. Miclean
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

**ATTORNEYS FOR PLAINTIFF
CALLAWAY GOLF COMPANY**

# CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed this document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899 | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi, Esq.<br>Joseph P. Lavelle<br>Brian Rosenthal<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | Attorneys for Defendant<br>ACUSHNET COMPANY |

                                                      */s/ Thomas L. Halkowski*
                                                      Thomas L. Halkowski