IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| ACUSHNET COMPANY, | ) | **Public Version Dated: December 7, 2007** |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE SUE L. ROBINSON DATED NOVEMBER 30, 2007**

cc:  Clerk of the Court

Counsel of Record

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

November 30, 2007

**VIA ELECTRONIC FILING**

**PUBLIC VERSION**
**Public Version Dated:  December 7, 2007**

The Honorable Sue L. Robinson
United States District Court
    for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:  **Callaway Golf Company v. Acushnet Company**
     **C.A. No. 06-91-SLR**

Dear Judge Robinson:

At the pretrial conference, the parties indicated that they would meet and confer to try to resolve several issues raised in the proposed pretrial order. One such issue that the parties have been unable to resolve is the admissibility of certain correspondence between Callaway and Spalding. The parties agreed that a letter from each party on this issue would be appropriate and useful to the Court.

The parties have conferred regarding the scope of the correspondence between Callaway and Spalding prior to Callaway's acquisition of the patents-in-suit to be admitted. There is a single piece of correspondence that Acushnet seeks to introduce into evidence to which Callaway objects under Federal Rule of Evidence 408.



The Honorable Sue L. Robinson
November 30, 2007 (Public Version Dated: December 7, 2007
Page 2



Acushnet seeks to introduce this evidence for non-408 purposes, namely to rebut Callaway's evidence of alleged secondary considerations of non-obviousness of the patents-in-suit, to rebut Callaway's claim of willfulness, and to show bias. Callaway objects to the use of this evidence under Fed. R. Evid. 408.

Rule 408 states:

Rule 408. Compromise and Offers to Compromise

(a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, **when offered to prove liability for, invalidity of, or amount of a claim** that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration **in compromising or attempting to compromise the claim**; and

(2) conduct or statements made in **compromise negotiations regarding the claim**, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses. **This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a).** Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408 (emphasis added).



The Honorable Sue L. Robinson
November 30, 2007 (Public Version Dated: December 7, 2007
Page 3



*See Armstrong v. HRB Royalty,* 392 F. Supp. 2d 1302, 1305 (D. Ala. 2005) ("By its terms, Rule 408 precludes the admission of evidence concerning an offer to compromise 'a claim' for the purpose of proving (or disproving) the fact or amount of 'the claim.' ... Rule 408 unambiguously requires that the claim as to which a settlement offer was made and the claim at issue in the litigation in which the offer is proffered as evidence **must be the same claim.**") (emphasis added); *Equity Dev. Sys. v. City of Slidell,* No. 00-2410, 2003 U.S. Dist. LEXIS 10559, at *5 (E.D. La. June 11, 2003) ("The uniform case law and treatises have distinguished the application of Rule 408 in such circumstances and hold that Rule 408 does not apply to the secrecy [sic] or render inadmissible evidence regarding a plaintiff's settlement of a **different claim with a different party.**") (emphasis added); *Herman v. Allentown,* No. 96-6942, 1998 U.S. Dist. LEXIS 211, at *3 (E.D. Pa. Jan. 15, 1998) ("FRE 408 does not bar the admission of the settlement agreements in this case, when Plaintiff's cause of action stems from the Defendant's breach of the settlement agreements and not from the claim that the agreements were trying to settle"); *Towerridge, Inc. v. T.A.O., Inc.,* 111 F.3d 758, 770 (10th Cir. 1997) (same); *Zurich Am. Ins. Co. v. Watts Indus.,* 417 F.3d 682, 689 (7th Cir. 2005) (same).



The Honorable Sue L. Robinson
November 30, 2007 (Public Version Dated: December 7, 2007
Page 4



    Courts in this district recognize that evidence that would otherwise be excluded by Rule 408 is admissible if offered for a non-408 purpose, such as secondary considerations. *See American Standard, Inc. v. Pfizer,* 722, F. Supp. 86, 97 n.4 (D. Del. 1989) ("Because Plaintiff did not offer the evidence to show infringement liability but instead ... for the purpose of proving commercial success and the requisite nexus between success and the invention of the '123 Patent, ... the settlement agreement and consent judgment [were] admissible to show commercial success."). Indeed, this Court has applied Rule 408 to admit evidence of the parties' prior negotiations as evidence relevant to willfulness. *McKesson Information Solutions LLC v. Trizetto Group, Inc.,* C.A. No. 04-1258-SLR, 2006 U.S. Dist. LEXIS 18655, at *2 (D. Del. April

The Honorable Sue L. Robinson
November 30, 2007 (Public Version Dated: December 7, 2007)
Page 5

11, 2006) (admitting the "entire history of the relationship between the parties" including "the parties' prior negotiations").

     Since the ▉▉▉ does not fall within the language of or policy behind Rule 408, and because Acushnet offers ▉▉▉ for a non-408 purpose, the letter should be admissible.

     To the extent Callaway argues that ▉▉▉ should be excluded under Rule 403, ▉▉▉ should also not be excluded under that rule. Here there is no legally cognizable prejudice that can be discerned from ▉▉▉ other than the simple fact that Callaway may not like the ▉▉▉. As stated above, ▉▉▉ is relevant for many reasons, and the probative value of ▉▉▉ is not substantially outweighed by any potential for prejudice or confusion.

     Accordingly, ▉▉▉ should be admitted into evidence.

                                 Respectfully,

                                 /s/ *David E. Moore*

                                 David E. Moore

DEM/msb
834623 / 30030

Enclosure
cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic filing)

# EXHIBIT 1

THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**

# EXHIBIT 3

THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY