# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 06-91 (SLR) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ACUSHNET COMPANY, | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

## DEFENDANT ACUSHNET COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 20, 2007 ORDER (D.I. 348) GRANTING PLAINTIFF CALLAWAY GOLF COMPANY'S MOTION FOR SUMMARY JUDGMENT OF NO ANTICIPATION AS TO THE PROUDFIT '187 PATENT AND THE WILSON ULTRA TOUR BALATA BALL AND DENYING ACUSHNET'S MOTION AS TO CLAIMS 1 AND 2 OF THE '130 PATENT

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: November 30, 2007
Public Version Dated: December 7, 2007
836315 /30030

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

Pursuant to Local Rule 7.1.5, defendant Acushnet Company ("Acushnet") requests that the Court reconsider its November 20, 2007 Order (D.I. 348) granting plaintiff Callaway Golf Company's Motion for Summary Judgment of No Anticipation of claims 1 and 2 of the '130 patent by Proudfit '187 and the Wilson Ultra Tour Balata ball (D.I. 200), and denying Acushnet's Motion for Summary Judgment of Invalidity as to anticipation of claims 1 and 2 of the '130 patent by Proudfit '187 (D.I. 215).

Delaware Local Rule 7.1.5 permits a party to move for reargument of a Court's order within 10 days after the Court issues its opinion or decision. *See* D. Del. L.R. 7.1.5. While motions for reargument are to be granted "sparingly," "a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result." *Chase Manhattan Bank v. Iridium Africa Corp.*, C.A. No. 00-564-JJF, 2004 WL 1588295, at *1 (D. Del. July 8, 2004) (granting motion for reconsideration); *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) (granting in part motion for reconsideration). Reargument may be granted "to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), or where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).

Motions for reargument provide a mechanism by which to "balance the need for finality in judicial decision making with a recognition that courts sometimes make mistakes." *Karr*, 768 F. Supp. at 1093. In considering a motion for reargument, "the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." *Id.* (citing *Brambles*, 735 F. Supp. at 1240-41). When "the importance of achieving

substantial justice outweighs the value of finality," the court should exercise its discretion to reconsider a prior ruling. *Id*. at 1094.

In support of this motion, Acushnet observes that the Court appears to have granted Callaway's motion, and denied Acushnet's, for four reasons:

1.  The Court found that there was not an adequate link between the Proudfit '187 patent and the Wilson Ultra Tour Balata for either to be evidence of the properties of the other. D.I. 347 at 17-18;

2.  The Court found that the only evidence regarding the Shore D hardness of the outer cover layer of the Wilson Ultra Tour Balata was a 1993 testing document; *Id;*

3.  The Court found that Mr. Proudfit's 2007 declaration was late disclosed and his two declarations were inconsistent. *Id* at 18.

4.  The Court found that the patents-in-suit claim priority to Mr. Sullivan's 1993 application. *Id.* at 2 n.1.

Acushnet addresses each of these issues in turn.

## I.    THERE IS AN ADEQUATE LINK BETWEEN THE WILSON ULTRA TOUR BALATA AND THE PROUDFIT

In denying Acushnet's motion for summary judgment of no anticipation of claims 1 and 2 of the '130 patent, the Court identified what it believed to be were "inconsistencies" in the 1993 and 2007 declarations of Mr. Proudfit. D.I. 347 at 18. Specifically, in his 1993 declaration, which is part of the public prosecution history of the Proudfit patent, Mr. Proudfit stated the following with respect to the outer cover layer of the Wilson Ultra Tour Balata ball: "The balata layer of the Ultra Tour Balata ball also included polybutadiene and the and the other ingredients which are listed in Table 7 of the application in addition to synthetic balata." D.I. 216, Ex. 47 at ¶ 14. Further, in his 2007 declaration, Mr. Proudfit stated: "The outer cover layer of the Wilson

2

Ultra Tour Balata golf ball on sale in 1993 was the composition set forth in table 7 of the '187 patent." D.I. 238, Ex. 5 at ¶ 6. We submit that these statements are completely consistent, as reflected by the evidence of record, including the Proudfit patent itself.

Here it appears that the Court based its inconsistency ruling on a misunderstanding about whether synthetic balata is one of the materials listed in Table 7. D.I. 347 at 18 n.7. The Proudfit '187 patent makes clear, however, that synthetic balata is one of the materials set forth in Table 7. That table includes the ingredients "Trans PolyIsoprene (TP-301)" and Polybutadiene. The patent explains that Trans PolyIsoprene *is* synthetic balata: "Synthetic balata is trans polyisoprene and is commonly sold under the designation TP-301 available from Kuraray Isoprene Company Ltd." Proudfit '187 at col. 1:23-25. Thus, there is no inconsistency between Mr. Proudfit's 1993 and 2007 declarations.

The Court also based its ruling on the fact that Mr. Proudfit had not yet been deposed as of the summary judgment briefing. D.I. 347 at 18. Mr. Proudfit has now been deposed by Callaway, and in his deposition confirmed all of the statements of his 2007 declaration, without any inconsistencies. In particular, Mr. Proudfit confirmed that the inner cover layer of the Wilson Ultra Tour Balata ball was the blend of ionomers of Table 6 of his '187 patent, and the outer cover layer of the Wilson Ultra Tour Balata ball was the composition of Table 7 of his '187 patent:

> Q.    So Table 7 describes the outer cover composition of the outer cover of the Wilson Ultra Tour Balata?
> A.    Yes, sir.
> Q.    All right. You're familiar with the composition of the inner cover of the Wilson Ultra Tour Balata?
> A.    Yes, sir.
> Q.    What was that composition?
> A.    That composition was in Table 6, which was Surlyn 8940 at 75 percent and Surlyn 9910 at 25 percent.

3

> Q.    Do you have any doubt as to the fact that that was the composition of the inner cover of the Wilson Ultra Tour Balata?
> A.    No, sir.

Proudfit Tr. at 51:9-24, D.I. 352, Ex. 2.[1]

Thus, there is no genuine dispute that the cover layers of the Wilson Ultra Tour Balata and the Proudfit '187 patent are the same. Callaway having identified no evidence to the contrary, a finding of anticipation of claims 1 and 2 of the '130 patent is warranted.

At a minimum, Acushnet has offered evidence more than sufficient for a jury to find that the cover layers of the ball and the patent are the same, and Callaway's motion for summary judgment in its favor should be reconsidered and denied.

## II.    THE 1993 TESTING REPORT OF THE WILSON ULTRA TOUR BALATA IS NOT THE ONLY EVIDENCE OF THE HARDNESS OF THIS BALL IN THE SUMMARY JUDGMENT RECORD

The Court also found that Acushnet did not provide sufficient evidence that the Wilson Ultra Tour Balata's outer cover layer had a Shore D hardness of less than 64 "on the ball" based on its review of an in-house Acushnet 1993 testing document.

The Court, however, appears to have overlooked in the record additional evidence of testing of the Shore D hardness of the Wilson Ultra Tour Balata golf ball submitted by Acushnet. Acushnet provided this additional evidence of the hardness of the Wilson Ultra Tour Balata in its opposition to Callaway's Motion for Summary Judgment of No Anticipation. D.I. 238 at 18 n.10. Specifically, these additional tests, performed by Plastics Technology Laboratories in 2007, demonstrate that even after almost 15 years of aging and hardening, the outer cover of the Wilson Ultra Tour Balata had hardness values ranging from between 55.7 to 62.3, Shore D, with batch averages of 59.9 and 60.9 Shore D. *Id.*; D.I. 215, Ex. 34 at AC0131413. These rigorous

---

[1] Both parties have recently designated portions of Mr. Proudfit's deposition testimony to be played at trial. In counter-designations to Acushnet's initial designations, Callaway raised no objections to Mr. Proudfit's testimony based on the timeliness of such evidence.

tests were unambiguously conducted "on the ball," as evident from the text of the testing report, which states that what was tested was a "golf ball," and the ball was tested "as received," and "between the dimples." *Id.* Moreover, these tests were performed on 15 prior art Wilson Ultra Tour Balata balls directly from Acushnet's archives (with five measurements per ball). *Id.* Every single one of the measurements was under 64. *Id.*[2]

All of this evidence, combined, leaves no dispute that the outer cover layer of the Wilson Ultra Tour Balata is less than 64, Shore D, as measured on the ball.



The bottom line here is that the issue of whether the Wilson Ultra Tour Balata had an outer cover Shore D hardness of less than 64 was never an issue that Callaway *genuinely* disputed in this case; nor can it be genuinely disputed.

---

[2] The Court also expressed concern that there was no statement in Acushnet's 1993 contemporaneous testing of the Wilson Ultra Tour Balata was performed "on the ball." D.I. 347 at 19. Callaway did not, to Acushnet's knowledge, dispute this fact. Indeed, Mr. Hebert, who was part of the group that performed the tests, testified that the measurement of Shore D hardness of the Wilson Ultra Tour Balata was made "on the ball." Ex. 4 hereto, Hebert Tr. at 225:3-25.

### III.    MR. PROUDFIT'S DECLARATIONS INJECT NO NEW FACTS AND MERELY CONFIRM FACTS ALREADY OF RECORD; HIS TESTIMONY DOES NOT PREJUDICE CALLAWAY

Mr. Proudfit's 1993 declaration (D.I. 216, Ex. 47 at ¶ 14) already established that the outer cover layer of the Wilson Ultra Tour Balata is the same as that disclosed in Table 7 of the Proudfit patent. ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████ Acushnet's contemporaneous testing of the inner cover layer of the Wilson Ultra Tour Balata is further consistent with the fact that the inner cover layer of that ball is the same as Table 6 of the Proudfit patent. D.I. 217, Ex. 11 at AC00072945. Again, we are dealing with a fact that Callaway cannot *genuinely* dispute.

While Callaway might profess to be surprised about Acushnet's submission of Mr. Proudfit's declaration, that declaration does no more than provide corroborating evidence of a fact for which ample evidence already existed -- namely that the cover layers of the Wilson Ultra Tour Balata and Proudfit patent disclosure were the same. There is nothing about Mr. Proudfit's declaration that could have come as any surprise to Callaway. Acushnet contacted Mr. Proudfit only as a belt-and-suspenders response to Callaway's unsupported speculation that there might be a difference between the cover layers of the Wilson Ultra Tour Balata ball and the Proudfit reference, which Callaway raised as an issue for the first time in Callaway's summary judgment papers. Upon obtaining Mr. Proudfit's declaration, Acushnet promptly disclosed him as a potential witness. Mr. Proudfit has now been deposed, and has unsurprisingly confirmed all of

6

the statements of his declarations, all of which Callaway could not dispute with any evidence in the first instance. Callaway cannot plausibly claim any prejudice.

IV.    **THE PATENTS-IN-SUIT CANNOT RECEIVE THE BENEFIT OF MR. SULLIVAN'S 1993 APPLICATION**

The Court should also reconsider its ruling to the extent it was based on a mistaken assumption of the priority date of the patents-in-suit. The Court's order denying Acushnet's motion for summary judgment of invalidity states that the patents-in-suit, including the '130 patent, claim priority to Mr. Sullivan's 1993 application. D.I. 347 at 2 n.1. However, the 1993 application does not provide written description support for the claims of the patents-in-suit. The parties have agreed in the Pretrial Order, for instance, that the effective priority date of the '130 patent is October 13, 1995. D.I. 334, Ex. 1, at 3 (Statement of Admitted Facts). To Acushnet's knowledge, Callaway has never argued in this case that the patents-in-suit are entitled to a priority date of 1993. Thus, Acushnet requests that the Court reconsider its rulings by applying the priority dates agreed upon by the parties.

V.    **CONCLUSION**

For the foregoing reasons, Acushnet requests that the Court reconsider its denial of Acushnet's motion for summary judgment of invalidity as to claims 1 and 2 of the '130 patent, and its grant of summary judgment of no anticipation as to those claims.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: November 30, 2007
Public Version Dated: December 7, 2007
836315 /30030

By:    */s/ David E. Moore*
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza 6th Floor
       1313 N. Market Street
       P.O. Box 951
       Wilmington, DE 19899
       Tel: (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 7, 2007, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on December 7, 2007, I have Electronically Mailed the document to

the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Robert A. Denning
David S. Shuman
W. Chad Shear
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
denning@fr.com
shuman@fr.com
shear@fr.com

Jonathan J. Lamberson
Christina D. Jordan
Craig R. Compton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
lamberson@fr.com
cjordan@fr.com
compton@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ACUSHNET COMPANY, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## ORDER

Having considered defendant Acushnet Company ("Acushnet") requests for

reconsideration of the November 20, 2007 Order (D.I. 348) granting plaintiff Callaway Golf

Company's Motion for Summary Judgment of No Anticipation as to the Proudfit '187 patent and

the Wilson Ultra Tour Balata ball, and denying defendant Acushnet Company's Motion for

Summary Judgment of Invalidity as to anticipation of claims 1 and 2 of the '130 patent by

Proudfit '187;

IT IS SO ORDERED that Acushnet's Motion for Reconsideration is GRANTED

THIS _____ DAY OF _____, 2007.


_____
United States District Judge

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 4

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY