# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-091-SLR |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JURY INSTRUCTIONS**

Dated:  December 12, 2007

## GENERAL INSTRUCTIONS

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. Last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

1

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide which party should prevail on the issues presented. I will instruct you about the burden of proof shortly. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## BURDEN OF PROOF

This is a civil case in which plaintiff Callaway Golf Company ("Callaway") charged defendant Acushnet Company ("Acushnet") with patent infringement. That issue has been resolved by agreement of the parties.

In this trial, Acushnet has urged that the asserted claims of the patents-in-suit are invalid. A patent, however, is presumed to be valid. Accordingly, Acushnet, as the defendant, has the burden of proving that each one of the asserted claims of the patents-in-suit is invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not Callaway Golf or Acushnet has met its burden of proof.

3

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath (including deposition testimony that has been played or read to you), the exhibits that I allowed into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments or questions are evidence. The notes taken by any juror are not evidence.

Certain charts and graphics have been used to illustrate testimony from witnesses. Unless I have specifically admitted them into evidence, these charts and graphics are not themselves evidence even if they refer to, identify, or summarize evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

4

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

6

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## USE OF NOTES

You may use notes taken during the trial to assist your memory. Remember that your notes are for your personal use. They may not be given or read to anyone else. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. Your notes are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial. Some testimony that is considered unimportant at the time presented and, thus, not written down, may take on greater importance later on in the trial in light of all the evidence presented. Your notes are valuable only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.

8

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence that tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, in determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different, or inconsistent, from the testimony that he or she gave during the trial. It is the province of the jury to determine whether a false statement or a prior inconsistent statement discredits the witness's testimony.

You should remember that a simple mistake by a witness does not mean that the witness was not telling the truth. People may tend to forget some things or remember

9

other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

11

## EXPERT WITNESSES

When knowledge of technical or financial subject matter might be helpful to the jury, a person who has special training or experience in that technical or financial field – he or she is called an expert witness – is permitted to state his or her opinion on those technical or financial matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to judge the credentials and credibility of the expert witness and decide whether to rely upon his or her testimony.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part.

12

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you through depositions that were read into evidence or played on videotape. This testimony is entitled to the same consideration you would give it had the witness personally appeared in court. Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

## THE PARTIES AND THEIR CONTENTIONS

### THE PARTIES

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

Plaintiff is Callaway Golf Company, or "Callaway."

Defendant is Acushnet Company, or "Acushnet."

Callaway Golf is the owner of U.S. Patent No. 6,210,293, which I will refer to as "the '293 patent"; U.S. Patent 6,503,156, which I will refer to as "the '156 patent"; U.S. Patent 6,506,130, which I will refer to as "the '130 patent"; and U.S. Patent 6,595,873, which I will refer to as "the '873 patent."  I may refer to these patents collectively as "the Sullivan patents."

Acushnet has made, marketed, and sold the "Pro V1" line of golf balls, including the Pro V1, Pro V1x and Pro V1*[Star], under the Titleist brand.  I may refer to these balls collectively as "the Pro V1 balls."

14

## ACUSHNET'S CONTENTIONS

Acushnet contends in this trial that the asserted claims of the Sullivan patents are invalid as obvious over the prior art. The "asserted claims" in this case include the following:

Claims 1, 4, and 5 of the '293 patent;

Claims 1, 2, and 3 of the '156 patent;

Claim 5 of the '130 patent; and

Claims 1 and 3 of the '873 patent.

The parties have stipulated that Acushnet infringes the asserted claims.

15

## SUMMARY OF THE ISSUE TO BE DECIDED

In this case, you must decide, as to each of the asserted claims, whether Acushnet has proven, by clear and convincing evidence, that the claim is invalid by reason of obviousness in light of the prior art and the ordinary skill of one in the art in 1995.

## THE PATENT CLAIMS

## PATENT CLAIMS GENERALLY

Before you can decide whether or not any of the asserted claims are invalid as obvious over the prior art, you will have to understand what the patent "claims" are. The patent claims are the numbered paragraphs at the end of a patent.

The purpose of the claims is to provide notice to the public of what a patent covers and does not cover. The claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent.

The claims define the patent owner's property rights and, therefore, how the invention is different from the prior art. Each claim is a separate statement of the patented invention and each of the asserted claims must be considered individually. The validity of a patent claim, therefore, is independent of the validity of other claims in the patent.

17

## CLAIM CONSTRUCTION

It is my duty under the law to define what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use the meaning of each claim for your decision on validity.

You must ignore any different interpretation given to these terms by the witnesses or by attorneys.

If I have not provided a specific definition for a given term, you are to use the ordinary meaning of that term. I instruct you that the following claim terms have the following definitions:

1.  The terms inner or outer "cover layer having a Shore D hardness" require that the Shore D hardness be measured "on the ball."

2.  The term "core" means "the singular component of the golf ball that occupies the geometric center of the sphere of the golf ball."

18

## VALIDITY

### PRESUMPTION OF VALIDITY

Acushnet contends that all of the asserted claims are invalid.

The granting of a patent by the Patent Office carries with it the presumption that the patent is valid, that is, that its subject matter is new, useful, adequately described, and constitutes an advance which was not, at the time the invention was made, obvious to one of ordinary skill in the art. Despite the presumption of validity, once the validity of a patent has been put in issue, it is the responsibility of the jury to review what the Patent Office has said or done, consistent with these instructions on the law.

This presumption of validity puts the burden of proving invalidity on Acushnet. In making your determination as to invalidity, you should consider each claim separately.

19

## OBVIOUSNESS

Acushnet contends that the asserted claims are invalid as being obvious. In order to be patentable, an invention must not have been obvious to a person of ordinary skill in the art at the time the invention was made. This is because granting patent protection to advances that would occur in the ordinary course without real innovation retards progress and may deprive prior inventions of their value or utility.

The issue is not whether the claimed invention would be obvious to you as a layman, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time the invention was made.

In arriving at your decision on the issue of whether or not the asserted claims would have been obvious to a person of ordinary skill in the art and, therefore, are invalid, you should first determine the scope and content of the prior art. This means that you should determine what prior art was reasonably pertinent to the particular problems the inventor faced. The prior art in this case includes the following, all of which were part of the art known prior to the 1995 effective dates of the Sullivan patents:

(1) U.S. Patent No. 4,431,193 to Nesbitt (the "Nesbitt '193" patent) (DX-9);

(2) U.S. Patent No. 4,674,751 to Molitor (the "Molitor '751" patent) (DX-11);

(3) U.S. Patent No. 4,274,637 to Molitor (the "Molitor '637" patent) (DX-12);

(4) U.S. Patent No. 5,314,187 to Proudfit (the "Proudfit '187" patent) (DX-10);

(5) U.S. Patent No. 5,334,673 to Wu (the "Wu '673" patent) (DX-13);

(6) The Wilson Ultra Tour Balata golf ball; and

(7) The Titleist Professional golf balls.

20

You must next consider the differences, if any, between the prior art and the claimed invention. Although it is proper for you to consider differences between the claimed invention and the prior art, you should not focus on only the differences, because the test is whether the claimed invention as a whole would have been obvious over all of the prior art. Each claim must be considered in its entirety, separate from other claims.

Next, you are to determine the level of ordinary skill in the art to which the claimed invention pertains at the time the claimed invention was made. Factors to be considered in determining the level of ordinary skill in the pertinent art include:

(1)    The educational level of the inventor and of others working in the field;

(2)    The types of problems encountered in the art at the time of the invention;

(3)    The prior art patents and publications;

(4)    The activities of others;

(5)    Prior art solutions to the problems encountered by the inventor; and

(6)    The sophistication of the technology.

A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the claimed invention. If you find that the available prior art shows each of the elements of the asserted claims, you must determine whether it then would have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the asserted claims.

In determining whether the asserted claims would have been obvious to a person of ordinary skill in the art and, therefore, are invalid, you should not apply any rigid test or formula. Rather, you should use your common sense to determine whether

21

the claimed invention is truly innovative, or merely a combination of known elements to achieve predictable results.

In your analysis, you must be aware of the distortion caused by hindsight bias, that is, of relying upon a hindsight combination of the prior art. Rather, you must cast your mind back to the time of the invention and consider whether the invention as a whole would have been obvious to a person of ordinary skill in the art, taking into consideration any interrelated teachings of the prior art, the effects of demands known to the design community or present in the marketplace, and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine any known elements in the fashion claimed by the patents at issue.

## INDEPENDENT DEVELOPMENT

Just as the failure of others to make the invention can be evidence of non-obviousness, independent making of the invention by persons other than the inventor prior to or about the same time can be evidence that the invention would have been obvious.

The simultaneous or near simultaneous invention by two or more persons working independently may, or may not, be an indication of obviousness when considered in light of all of the circumstances.

23

## OBJECTIVE CRITERIA CONCERNING NON-OBVIOUSNESS

## (SECONDARY CONSIDERATIONS)

In making your decision as to the obviousness or non-obviousness of the asserted claims, you should consider the following objective evidence which may tend to show non-obviousness of the claims at issue:

(1)    Commercial success or lack of commercial success of products covered by the asserted claims;

(2)    A long felt need in the art that was satisfied by the invention of the asserted claims;

(3)    The failure of others to make the invention;

(4)    Unexpected results achieved by the invention; and

(5)    Praise of the invention by Acushnet or others in the field.

There must be a nexus or a connection between the evidence showing any of these factors and the inventions of the asserted claims, if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue.  For example, if commercial success is due to market position, advertising, promotion, salesmanship or the like, or is due to features of the products other than those described in the asserted claims, then any commercial success may have no relation to the issue of obviousness.

In your determination of obviousness, then, you must consider whether Callaway has demonstrated not only that such secondary considerations exist, but also whether Callaway has proven that there is a sufficient nexus between the considerations and the claimed invention -- in other words, whether the claimed inventions of the Sullivan

24

patents contributed to these secondary considerations rather than the considerations being due to other features of the Acushnet golf balls, the general status of Acushnet as a golf ball producer, or any other actions taken by Acushnet in producing and marketing the Acushnet golf balls.

In this case, Callaway has the burden of proving any secondary consideration issues by a preponderance of the evidence. That means that Callaway has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Callaway claims is more likely true than not.

## DELIBERATION AND VERDICT

## INTRODUCTION

Let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is the juror seated in the first seat, first row.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 5-3, or whatever your vote happens to be. That should stay secret until you are finished.

26

## UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. The verdict form asks you a series of questions about Acushnet's obviousness claims. Unless you are directed otherwise in the form of the verdict, you must answer all of the questions posed, and you all must agree on each answer. When you have reached a unanimous agreement as to your verdict, you will return your verdict to the courtroom deputy.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

27

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say.

Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

We generally end our business day at 4:30 p.m. If we do not hear from you by 4:30, I will be sending you a note to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations on the next business day. You will need to respond in writing

28

to that question.

I am going to remind you now, if you go home this evening and resume your deliberations on the next business day, you are not to talk about the case among yourselves or with anyone else during the evening recess. You may talk about the case only while you are in the jury room and everyone on the jury is present. Unless I hear from you that you have a different schedule in mind, I will expect you all to come back the next business day at 9:30. You are not to start deliberating until you are all present in the jury room and participating together.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer right away because we are all going to be stepping away from our phones at that time.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.

30