# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)　　　C.A. No. 06-91 (SLR)
　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
ACUSHNET COMPANY,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## ACUSHNET COMPANY'S MOTION FOR POST-TRIAL RELIEF

On December 14, 2007, the jury in this case returned a verdict in favor of Defendant Acushnet Company ("Acushnet") with respect to the invalidity of claim 5 of U.S. Patent No. 6,210,293, and for Callaway Golf Company ("Callaway") with respect to the invalidity of all other asserted claims brought to trial by Callaway (*i.e.*, claims 1 and 4 of the '293 patent; claims 1-3 of U.S. Patent No. 6,503,156; claim 5 of U.S. Patent No. 6,506,130; and claims 1 and 3 of U.S. Patent No. 6,595,873). On December 20, 2007, the Court entered Judgment in favor of Acushnet as to claim 5 of the '293 patent and for Callaway in all other respects. (D.I. 404).

Under Federal Rules of Civil Procedure 50 and 59, Acushnet hereby renews its motion for judgment as a matter of law as to the invalidity of claims 1 and 4 of the '293 patent, claims 1-3 of the '156 patent, claim 5 of '130 patent, and claims 1 and 3 of '873 patent,[1] and moves, in the alternative, for a new trial and/or to alter or amend the Court's judgment as to such claims.

---

[1] The verdict and judgment as to claim 5 of the '293 patent, in favor of Acushnet, should stand.

Subject to further articulation and detailed briefing,[2] the grounds in support of this motion for post-trial relief will include, but not necessarily be limited to, the following:

1.    Under the test for obviousness, including as most recently articulated by the Supreme Court in *KSR Int'l Co. v. Teleflex Inc.,* 127 S. Ct. 1727 (2007), Acushnet is entitled to judgment as a matter of law that claims 1 and 4 of the '293 patent, claims 1-3 of the '156 patent, claim 5 of '130 patent, and claims 1 and 3 of '873 patent are invalid. As will be detailed in Acushnet's supporting memorandum, the jury's determination of the validity of those asserted claims is not supported by substantial record evidence and is legally unsound. Based on the evidence presented at trial, the jury could only have entered its verdict fully in Acushnet's favor. No reasonable juror could find, for example, that secondary considerations demonstrate the asserted claims are valid, when, as here, each limitation is taught by the prior art and motivations to combine the references are provided repeatedly in the prior art references themselves. The Court should therefore enter judgment in favor of Acushnet on all questions of validity.

2.    At a minimum, to prevent a miscarriage of justice, the validity of the claims found valid by jury should be retried. The jury's verdict against Acushnet on claims 1 and 4 of the '293 patent, claims 1-3 of the '156 patent, claim 5 of '130 patent, and claims 1 and 3 of '873 patent is inconsistent with the jury's verdict in favor of Acushnet on claim 5 of the '293 patent. Among other things, none of the claims found valid by jury are patentably distinct from claim 5 of the '293 patent, which the jury found to be invalid. The irreconcilable nature of the jury's verdict necessitates a new trial, and under the circumstances, the Court should grant a new trial as to all claims other than claim 5 of the '293 patent. Even discounting the irreconcilable nature

---

[2] At the close of trial proceedings, the Court suggested the parties agree upon a post trial briefing schedule (Trial Tr., Dec. 14, 2007, at 1428). The parties have filed a stipulated schedule, under which Acushnet's opening brief would be due on January 22 (D.I. 408).

of the verdict, the jury's finding that claims 1 and 4 of the '293 patent, claims 1-3 of the '156 patent, claim 5 of '130 patent, and claims 1 and 3 of '873 patent are not invalid is against the great weight of the evidence, thus, in any case, necessitating a retrial as to the validity of those claims, should judgment as a matter of law not be granted to Acushnet's favor on these claims.

     3.     Several evidentiary issues, erroneously decided and substantially prejudicing Acushnet's trial presentation, also necessitate a new trial, including the following:

     a.     The Court erred in excluding from evidence Acushnet's combination ball hardness testing evidence. (*See, e.g.*, Orders D.I. 346, D.I. 347; D.I. 348 at 14-16; D.I. 362; Trial Tr., December 10, 2007, at 746:10-757:16). Such evidence would have included evidence presented by Acushnet, either through Dr. MacKnight (*see* D.I. 297, Exs. 7 & 9), or through the percipient witness testimony of Messrs. Dalton and/or Galipeau (*see, e.g.,* D.I. 297, Ex. 6; Dalton Dep. Tr., October 16, 2007; Galipeau, Dep. Tr., October 17, 2007) and related test reports, such as DX-26 identified for admission at trial (*e.g.*, D.I. 217, Ex. 34). Such evidence of the actual "on the ball" cover hardnesses of combination golf balls, balls readily created and tested from the teachings of the prior art, was the best evidence of the "on the ball" Shore D hardnesses of the § 103 prior art combinations tried in the case. In every instance of measurement, this evidence showed that the "on the ball" hardnesses of the prior art combinations was less than 64 Shore D, and thus within the limitations of the claims-in-suit.

     b.     The Court similarly erred in precluding Acushnet's expert, Dr. Statz, from testifying concerning the test ball evidence and its relevance to his opinions, and in further conditioning admissibility of the test ball evidence on Callaway's cross-examination of Dr. Statz.

     c.     The Court erred in excluding from evidence the Board of Patent Appeals and Interferences *Ex Parte Sullivan* decision, identified as DX-15 for admission (*see* D.I. 217,

Ex. 41). (*See* Trial Tr., December 6, 2007, at 257:12-261:1). The Board's *Sullivan* decision was a final agency determination of the Patent Office, made against Callaway in prosecution of a patent application related to the patents-in-suit, which determined that one of skill in the art would have been motivated to combine polyurethane references with three piece balls references.

      d.    The Court erred in excluding from evidence testimony and documents concerning the reexaminations of the patents-in-suit, including such documents identified for admission at trial as DX-340, DX-341, DX-342, and DX-343 (*see, e.g.,* D.I. 328, Ex. 1; D.I. 118, Exs. 1 and 2), which are part of the file history of the patents-in-suit and contain extensive findings by an expert patent examiner that each of the claims-in-suit are invalid. (*See, e.g.,* Trial Tr., December 6, 2007, at 257:12-261:1). Callaway in fact made the most of the Court's error, for example, by arguing or suggesting several times in its opening statement and/or closing argument that numerous patent examiners in the Patent Office had blessed the validity of the patents-in-suit. Separate from the prejudice of the Court's error in itself, the fairness of the trial was undermined by such Callaway arguments.

      e.    The Court erred (*e.g.*, D.I. 362) in excluding from trial such evidence as DX-22 marked for trial (D.I. 217, Ex. 21), and related documents and testimony, which document Callaway's own statements (party admissions), made prior to acquiring the patents-in-suit, that the '293 patent was not valid. Among other things, Callaway's claim that the '293 patent was not valid, and its refusal to take a license to the '293 patent, refutes any secondary considerations of commercial success, praise and commercial acquiescence.

      f.    The Court erred in allowing testimony and argument concerning Acushnet's Hebert patent, and invention record. (*See, e.g.*, Trial Tr., December 6, 2007, at 420:11-423:10). Compounding the error, and further prejudicing the fairness of the trial,

Callaway repeatedly featured the Hebert patent and related arguments, including in opening statements and closing arguments, that Acushnet "thought it invented something" as a basis for why the jury should find the patents-in-suit valid.

g.     Over objection by Acushnet, the Court also erred in allowing Callaway's expert to testify to matters outside the scope of his expert report, including in allowing Callaway's expert to give new, undisclosed opinions on the alleged lack of motivation of one skilled in the art to combine certain of the prior art in the case. (*See, e.g.,* Trial Tr., December 11, 2007, at 1168:13-24; *Id.* at 1170:5-20; *Id.* at 1171:4-11).

Each of these evidentiary rulings and related events, separately and collectively, resulted in undue prejudice to Acushnet and can only be remedied by a new trial.

4.     Acushnet also renews its objections to (1) this Court's order on Claim Construction (D.I. 345) of the "Shore D hardness" limitation and (2) the Court's denial of Acushnet's Motion for Partial Summary Judgment that Nesbitt incorporates Molitor by Reference (D.I. 348), as a further basis for post-trial relief. As these issues relate to validity of the claims tried, the validity of such claims should be determined as a matter of law, or else retried, in view of the correct claim construction and the prior art reference Nesbitt incorporating Molitor '637. Similarly, the Court should reconsider its orders on summary judgment as to anticipation of claims 1 and 2 of the '130 patent (D.I. 348 & 373). Contrary to the Court's order just before trial, a case and controversy still exists on these claims. Thus, if summary judgment of invalidity is not granted outright on these claims, they should be included in any new trial.

Acushnet reserves the right to supplement or revise the foregoing upon a complete review of the trial record. For the foregoing reasons, among others, as to be further detailed in Acushnet's memorandum, Acushnet requests that the Court enter judgment as a matter of law

fully in Acushnet's favor, or alternatively, that the Court order a new trial and/or alter or amend

the judgment as to claims 1 and 4 of the '293 patent, claims 1-3 of the '156 patent, claim 5 of the

'130 patent, and claims 1 and 3 of the '873 patent, all of which should be determined invalid.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Mark L. Whitaker
Brian A. Rosenthal
Nicholas J. Little
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: January 7, 2008
841256 / 30030

By:    /s/ Richard L. Horwitz
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza 6th Floor
   1313 N. Market Street
   P.O. Box 951
   Wilmington, DE 19899
   Tel: (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on January 7, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on January 7, 2008, I have Electronically Mailed the document to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Robert A. Denning
David S. Shuman
W. Chad Shear
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
denning@fr.com
shuman@fr.com
shear@fr.com

Jonathan J. Lamberson
Christina D. Jordan
Craig R. Compton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
lamberson@fr.com
cjordan@fr.com
compton@fr.com

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030