**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ACUSHNET'S OPENING BRIEF IN SUPPORT OF ITS CONTINGENT MOTION TO STAY ANY PERMANENT INJUNCTION PENDING APPEAL**


Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Mark L. Whitaker
Brian A. Rosenthal
Nicholas J. Little
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800


Dated: February 25, 2008
Public Version Dated: March 3, 2008
852454 /30030

**TABLE OF CONTENTS**


I. INTRODUCTION .....1

II. ARGUMENT .....1

A. Applicable Law .....1

B. Acushnet's Appeal To The Federal Circuit Will Likely Succeed On the Merits .....2

1. The Court's Claim Construction Ruling Was At Least A Very Close Question .....2

2. The Great Weight Of Evidence Demonstrated That All Of The Asserted Claims Were Invalid .....4

3. The Jury's Inconsistent Verdict Will Likely Require a New Trial .....5

C. Acushnet Will Be Harmed Unless The Injunction Is Stayed Pending Resolution Of The Appeal .....6

D. A Stay Of The Injunction Would Not Cause Substantial Harm To Callaway .....6

E. The Public Interest Weighs In Favor Of A Stay .....7

III. CONCLUSION .....9

## TABLE OF AUTHORITIES

### CASES

*Cabinet Vision v. Cabnetware*,
No. 94-0062-E(AJB), 1998 U.S. Dist. LEXIS 22763 (S.D. Cal. Sept. 30, 1998), *aff'd in relevant part, rev'd in part,* 2000 U.S. App. LEXIS 2030 (Fed. Cir. Feb. 14, 2000)..........5

*E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*,
835 F.2d 277 (Fed. Cir. 1987)..........3

*Nichols Institute Diagnostics, Inc. v. Scantibodies Clinical Laboratory, Inc.*,
Nos. 06-1087, 06-1134, 2006 U.S. App. LEXIS 3671 (Fed. Cir. Feb. 1, 2006)..........2

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) (en banc)..........2

*Semitool, Inc. v. Novellus Sys., Inc.*,
44 Fed. Appx. 949 (Fed. Cir. 2002)..........2

*SmithKline Beecham Corp., v. Apoptex Corp.*,
403 F.3d 1331 (Fed. Cir. 2005)..........7

*Standard Havens Products, Inc., v. Gencor Industries, Inc.*,
897 F.2d 511 (Fed. Cir. 1990)..........1

*Standard Havens Products v. Gencor Industries Inc.*,
No. 93-1208, 1993 U.S. App. LEXIS 11963 (Fed. Cir. May 21, 1993)..........8

*Teleflex, Inc. v. Ficosa North America Corp.*,
299 F.3d 1313 (Fed. Cir. 2002)..........3

*Verizon Services Corp., v. Vonage Holdings Corp.*,
228 Fed. Appx. 986 (Fed. Cir. 2007)..........2

## I. INTRODUCTION

Acushnet Company ("Acushnet") files this memorandum in support of its contingent motion to stay, pending appeal, any permanent injunction that may issue in this case.

Acushnet does not believe that any injunction should issue, and is filing simultaneously its opposition to Callaway Golf Company's ("Callaway") request (D.I. 411) for an injunction. Acushnet's opposition details many reasons why Callaway's injunction request should be denied. If, however, the Court reaches Callaway's permanent injunction motion,[1] and if the Court, in considering Callaway's motion, grants any of Callaway's request for injunctive relief, Acushnet respectfully requests that any injunction be stayed pending the appeal of the validity questions.

Acushnet will now show, largely by reference to its other post-trial submissions, that it has a strong likelihood to prevail on appeal and that the harm, if any, to Callaway is negligible.

## II. ARGUMENT

### A. Applicable Law

The question of whether a District Court should stay a permanent injunction pending appeal on the merits to the Federal Circuit involves four considerations: 1) the likelihood of success on the merits; 2) the irreparable harm to the moving party; 3) any substantial harm to the nonmoving party; and 4) the public interest. *Standard Havens Prods., Inc., v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). More recently, the Federal Circuit has stated that the movant seeking a stay pending appeal must establish "either a strong likelihood of success on the merits or . . . must demonstrate that it has a substantial case on the merits and that the harm

---

1 Before the Court is Acushnet's renewed motion for judgment as a matter of a law or, in the alternative, a motion for a new trial, which if either is granted should render moot Callaway's motion for permanent injunction. *See* D.I. 416, 417.

factors militate in its favor." *Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*, Nos. 06-1087, 06-1134, 2006 U.S. App. LEXIS 3671, at *2-4 (Fed. Cir. Feb. 1, 2006) (granting stay pending appeal because movant demonstrated that it had demonstrated the requisite likelihood of success on the merits). *See also Verizon Servs. Corp., v. Vonage Holdings Corp.*, 228 Fed. Appx. 986 (Fed. Cir. 2007) (staying district court's permanent injunction order pending appeal).

In this case, Acushnet meets either prong of the Federal Circuit's test; therefore a stay of any injunction should be granted pending appeal of the validity issues.

### B. Acushnet's Appeal To The Federal Circuit Will Likely Succeed On the Merits

Acushnet submits that it has a strong likelihood of prevailing on appeal. This factor supports the grant of a stay of any injunction. Acushnet briefly summarizes the issues on appeal where it is likely to prevail, although it will not rehash arguments made in detail in other briefs, but instead will refer often to its other filings.

#### 1. The Court's Claim Construction Ruling Was At Least A Very Close Question

Acushnet contends that the Shore D hardness in the claims must be construed to be measured "off the ball." Acushnet contends that there is an explicit specification definition and that this definition controls under Federal Circuit case law. *See, e.g., Semitool, Inc. v. Novellus Sys.,Inc.*, 44 Fed. Appx. 949, 954 (Fed. Cir. 2002) ("When the meaning of a term used in a claim is sufficiently clear from its definition in the patent specification, that meaning shall apply."). Acushnet is likely to prevail on this issue. *See also Phillips v. AWH Corp.*, 415 F.3d 1303, 1315-16 (Fed. Cir. 2005 (en banc) (citation omitted) ("[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the

meaning of a disputed term.'") ("[It] may reveal a special definition given to a claim term ..."); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002) (The specification may resolve ambiguous terms, "where the ordinary and accustomed meaning of the words used in the claims lack sufficient clarity to permit the scope of the claim to be ascertained from the words alone.").

The Court recognized in its claim construction Order that "there is support for both parties' respective claim constructions in the intrinsic and extrinsic evidence of record." D.I. 345 at 1-2. Furthermore, at the pre-trial conference, the Court commented that, "in a case like this, where, quite frankly, the claim construction could go either way, I never predict what the Federal Circuit is going to do." D.I. 349 at 4. Hence, there can be no dispute that the claim construction issue is either one on which Acushnet is likely to prevail or has a substantial case on the merits.

Further, in the concurrent reexamination proceedings, the Examiners have determined that the asserted claims cover an "off the ball" construction even after considering Callaway's responses arguing to the contrary. *See, e.g,* Second Non-Final Office Action Dated January 30, 2008 at 220-222 (Opposition Brief, Ex. 16). The Federal Circuit has found that when there is a conflict between the Patent Office and a district court on issues of claim construction "[t]he very existence of the conflict supports [the movant's] argument that substantial legal questions concerning claim interpretation exist." *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987) (granting stay of injunction).

It is thus likely that Acushnet will succeed in arguing its proposed "off the ball" claim construction on appeal to the Federal Circuit. The Shore D hardness of the prior art references "on the ball" was the central issue in the way this case was tried. However, all of the prior art materials in question had Shore D hardness within the claims measured "off the ball," a fact

Callaway could not dispute. Hence, a Federal Circuit claim construction in Acushnet's favor on this issue likely would be case dispositive in Acushnet's favor.

### 2. The Great Weight Of Evidence Demonstrated That All Of The Asserted Claims Were Invalid

Acushnet's brief in support of judgment as a matter of law (D.I. 417 at 5-24) demonstrated that, even in view of the Court's "on the ball" claim construction, the asserted claims of the patents-in-suit were invalid. There was in fact no dispute as to the scope of the prior art. The only limitation disputed by Callaway was an outer cover Shore D hardness of less than 64, which the evidence demonstrated would result naturally from any of the prior art combinations presented at trial. *Id.* at 13-15. The secondary polyurethane references provided explicit motivations to combine their teachings with those of the primary Nesbitt and Proudfit references or else substitute their polyurethane covers for Surlyn and Balata covers like those of Nesbitt and Proudfit. *Id.* at 9-11. Secondary considerations evidence, even if a nexus had been shown (which it was not) cannot overcome such a strong *prima facie* obviousness case. *Id.* at 17-24. Acushnet is thus likely to prevail on appeal on this issue as well.

Numerous other issues present strong grounds for Acushnet to appeal. These include:

- Acushnet submits that it was error to construe the claims to require an "on the ball" hardness and then for the Court to exclude the ball testing evidence that proved that the combinations of prior art balls in fact had the required "on the ball" hardnesses. This harm was compounded when the Court issued an Order creating for plaintiff a "road map" as to how to keep this evidence out of the case.

- The Court erred, we submit, in finding that claims 1 and 2 of the `130 patent were not anticipated and in then allowing plaintiff to withdraw the claims at the last minute and avoid an adverse adjudication of them. The question of whether the Nesbitt reference incorporates

Molitor `637 is a legal question, reviewed de novo. Acushnet relied on several Federal Circuit cases that the Court found distinguishable. But if the Federal Circuit disagrees, many of the claims at issue may be anticipated by Nesbitt incorporating Molitor `637.[2]

All of these issues provide substantial grounds for appeal on which Acushnet is likely to prevail. Until these issues are evaluated by the Federal Circuit, any injunction should be stayed.

### 3. The Jury's Inconsistent Verdict Will Likely Require a New Trial

As detailed in Acushnet's brief in support of its motion for judgment as a matter of law or, alternatively, for a new trial (D.I. 417 at 30-32), the jury's verdict finding the broader independent claim 4 of the '293 patent valid, while finding the narrower dependent claim 5 invalid was inconsistent, illogical, and legally impossible. The jury's verdict on claim 5 of the '293 was also irreconcilably inconsistent with its verdict on the remainder of the claims-in-issue.

Assuming that the Court does not do so, it is likely that the CAFC will conclude that the inconsistent verdict requires a new trial. *See, e.g., Cabinet Vision v. Cabnetware,* No. 94-0062-E(AJB), 1998 U.S. Dist LEXIS 22763, at *25 (S.D. Cal. Sept. 30, 1998) *aff'd in relevant part, rev'd in part,* 2000 U.S. App. LEXIS 2030, at *13-14 (Fed. Cir. Feb. 14, 2000) (verdict that rendered broader independent claim valid, but dependent claim invalid, was inherently inconsistent).

Thus, Acushnet has shown that it has a strong likelihood of success on appeal for each of the issues described above. As Acushnet need only succeed on any one of these issues in order to ultimately prevail, any injunction should be stayed pending appeal to the Federal Circuit.

---

[2] To any degree relevant to an injunction on the patents, which Callaway asserts somehow it is, the Court also erred in construing, as a matter of law, the license agreement between Acushnet and Spalding to preclude filing of reexamination requests on the patents in suit.

### C. Acushnet Will Be Harmed Unless The Injunction Is Stayed Pending Resolution Of The Appeal

As discussed in Acushnet's Opposition, D.I. 434 and the Morgan Declaration in support thereof, Acushnet plans to launch new Pro V1 balls in the First Quarter of 2009 that will be outside the scope of the patents in suit. If an injunction issues, Acushnet will be forced to interrupt its normal business cycle, and launch redesigned balls mid-year on an expedited basis.

As set forth in paragraphs 8-13 of the Morgan declaration, Acushnet, its customers, and its employees will be harmed significantly if Acushnet is forced to launch the new Pro V1 and Pro V1x balls earlier than planned, ahead of their planned release in the First Quarter 2009. Opposition at 47-50. A stay of the injunction pending appeal would avoid this harm.

In addition, the grant of an injunction could harm Acushnet in tangible ways, even if the injunction contained a transition period as Acushnet requests. For example, the activities of Callaway's press agent's and sales representatives as detailed in Acushnet's Opposition demonstrate the sharp practices Callaway has engaged in to try to use the Court's judgment to create uncertainty and doubt among Acushnet's customers. D.I. 434 at 8; Maher Decl. ¶¶ 5-8. If Callaway secures an injunction immediately, it will undoubtedly use the injunction as a marketing tool with Acushnet's customers to an even greater degree. Acushnet cannot be compensated for the damage to its reputation caused by an improvidently granted injunction or for the time and expense associated with an expedited launch of the 2009 Pro V1 and Pro V1x.

### D. A Stay Of The Injunction Would Not Cause Substantial Harm To Callaway

[REDACTED] Money is all that Callaway wants here, and certainly, if Callaway ultimately prevails, it can be

compensated with damages for any interim infringement that occurred during the time injunctive relief was stayed. As described on pages 16-19 of Acushnet's Opposition, money damages are sufficient to compensate Callaway for infringement of these patents. Allowing Callaway to collect a few more months of monetary damages does no harm to Callaway, let alone substantial harm.

In addition, Callaway and Spalding waited almost five years after the patents issued to bring this case. Callaway never moved for a preliminary injunction. This extensive delay surely indicates that the harm to Callaway is not irreparable. *See* D.I. 434 at 4-6. It will be no meaningful hardship for Callaway to wait a few more months, pending appeal, before entry of any injunction. Acushnet intends to introduce new, non-infringing designs in the First Quarter of 2009 in any event, and the injunction will be largely moot at that point.

Like the patentees in cases where injunctions have been routinely denied post *eBay,* Callaway does not use the technology that it seeks to exclude others from utilizing. T. Tr. at 1012:12-1016:5. As Callaway does not practice the claims of any of these patents, any injunction should at a minimum be stayed pending appeal to the Federal Circuit.

### E. The Public Interest Weighs In Favor Of A Stay

There are significant issues regarding the validity of the patents-in-suit raised by Acushnet's appeal. In these circumstances, the public interest would best be served by allowing the Federal Circuit to resolve these questions on appeal before imposing an injunction on Acushnet. As both the Supreme Court and Federal Circuit have said, "there is a significant public policy interest in removing invalid patents from the public arena." *SmithKline Beecham Corp., v. Apoptex Corp.,* 403 F.3d 1331, 1354 (Fed. Cir. 2005) (citing *Cardinal Chem. Co. v. Moron Int'l, Inc.,* 508 U.S. 83, 100 (1993)).

In addition, the PTO has already twice rejected each asserted claim as unpatentable over the prior art, in the pending reexaminations. The pendency of the reexaminations and the fact that the PTO currently finds all the patents-in-suit to be invalid further supports the stay of any injunction in this case. In *Standard Havens Prods. v. Gencor Indus. Inc.*, No. 93-1208, 1993 U.S. App. LEXIS 11963, at *1-3 (Fed. Cir. May 21, 1993), the Federal Circuit ordered a district court to stay a permanent injunction pending the resolution of the concurrent reexamination proceedings. Likewise, in this case, the conflicts between the findings of the Court and those of the PTO indicate that a stay pending appeal is appropriate. Given the uncertainty surrounding the validity of these patents, it would be prudent and in the public interest for the Court to stay any injunction pending appeal.

## III. CONCLUSION

For the reasons described in Acushnet's Brief in Opposition to Callaway's Motion for Permanent Injunction, a permanent injunction should not issue in this case. If, however, a permanent injunction is granted, it should be stayed pending the appeal of the validity issues in this case to the Federal Circuit.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Mark L. Whitaker
Brian A. Rosenthal
Nicholas J. Little
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: February 25, 2008
Public Version Dated: March 3, 2008
852454 /30030

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 3, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 3, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Robert A. Denning
David S. Shuman
W. Chad Shear
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
denning@fr.com
shuman@fr.com
shear@fr.com

Jonathan J. Lamberson
Christina D. Jordan
Craig R. Compton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
lamberson@fr.com
cjordan@fr.com
compton@fr.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com