## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| | ) | |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ACUSHNET'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CALLAWAY'S CLAIM OF BREACH OF CONTRACT (COUNT V) AND TO PARTIALLY VACATE THE COURT'S NOVEMBER 20, 2007 OPINION AND ORDER

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Tel:  (202) 783-0800

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

Dated:  August 12, 2008
Public Version Dated: August 19, 2008
879105 / 30030

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................1

II.   STATEMENT OF RELEVANT FACTS ..........................................................2

      A.    The Spalding-Acushnet Settlement of the 1996 Actions.........................2

      B.    Callaway's Federal Patent Infringement Claim and State Law Breach of
            Contract Claim. ...................................................................................4

III.  ARGUMENT................................................................................................5

      A.    The Delaware District Court Did Not Retain Jurisdiction to Adjudicate
            Disputes Under the 1996 Settlement Agreement.....................................6

      B.    Supplemental Jurisdiction Under 28 U.S.C. § 1367 Does Not Exist........8

IV.   CONCLUSION............................................................................................11

i

## TABLE OF AUTHORITIES

CASES

                                                                                                   Page(s)

*Allen v. Leal*,
   27 F. Supp. 2d 945 (S.D. Tex. 1998) ................................................................................10

*Arista Records LLC v. Doyer Deloach*,
   No. 7:06-cv-112 (HL), 2007 U.S. Dist. LEXIS 29700 (M.S. Ga. Apr. 23, 2007).....................7

*Dougherty v. Blize*,
   C.A. No. 07-674-SLR-LPS, 2008 U.S. Dist. LEXIS 48646 (D. Del. June 2, 2008) ...............10

*Hameli v. Nazario*,
   930 F. Supp. 171 (D. Del. 1996)...................................................................................... Passim

*Highway Equip. Co. v. Feco, Ltd.*,
   469 F.3d 1027 (Fed. Cir. 2006)........................................................................................8, 10

*In re Phar-Mor Inc. Secs. Litig.*,
   172 F.3d 270 (3d Cir. 1999)...................................................................................................5

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*,
   109 F.3d 1567 (Fed. Cir. 1997)..............................................................................................5

*Kokkonen v. Guardian Life Ins. Co. of America*,
   511 U.S. 375 (1994).............................................................................................2, 5, 6, 7

*Lyon v. Whisman*,
   45 F.3d 758 (3d Cir. 1995).....................................................................................................8

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
   549 F.2d 884 (3d Cir. 1977)...................................................................................................5

*Musifilm, B.V. v. Spector*,
   568 F. Supp. 578 (S.D.N.Y. 1983) .......................................................................................8

*National Presto Inds., Inc. v. Dazey Corp.*,
   107 F.3d 1576 (Fed. Cir. 1997)..............................................................................................8

*Paul v. Deloitte & Touche LLP*,
   C.A. No. 06-225-MPT, 2007 U.S. Dist. LEXIS 60639 (D. Del. Aug, 20, 2007)...............9, 10

*Reich v. Local 30*,
   6 F.3d 978 (3d Cir. 1993).......................................................................................................7

*Salei v. Boardwalk Regency Corp.*,
   913 F. Supp. 993 (E.D. Mich. 1996)......................................................................10

*Sawka v. Healtheast, Inc.*,
   989 F.2d 138 (3d Cir. 1993)......................................................................................7

*Sosna v. Iowa*,
   419 U.S. 393 (1975)..................................................................................................7

*Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n*,
   657 F.2d 29 (3d Cir. 1981)........................................................................................5

*Tycom Corp. v. Redactron Corp.*,
   421 F. Supp. 460 (D. Del. 1976)................................................................................5

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966)..............................................................................................8, 9

## STATUTES, RULES & REGULATIONS

28 U.S.C. §§ 1331..............................................................................................................4

28 U.S.C. § 1332...........................................................................................................2, 5

28 U.S.C. § 1338(a) ..........................................................................................................4

28 U.S.C. § 1367.......................................................................................................2, 6, 8

Fed. R. Civ. P. 12(b) .........................................................................................................5

Fed. R. Civ. P. 12(h)(3).....................................................................................................5

Fed. R. Civ. P. 41(a)(1)......................................................................................................3

Fed. R. Civ. P. 41(a)(1)(ii)........................................................................................1, 3, 6, 7

Acushnet Company ("Acushnet") files this memorandum in support of its motion to dismiss Callaway Golf Company's ("Callaway") claim of breach of contract (Count V of the Amended Complaint [D.I. 67]) for lack of subject matter jurisdiction and to vacate the Court's November 20, 2007 summary judgment determinations on that Count. [D.I. 347, 348]. Acushnet will show that no federal jurisdiction exists over this claim.

## I.    PRELIMINARY STATEMENT

Count V of Callaway's Amended Complaint alleges that Acushnet breached a 1996 Settlement Agreement between Acushnet and Spalding by filing reexamination proceedings in the PTO concerning the four patents at issue in this case. The dispute resolution provisions of the 1996 Agreement ███████████████████████████████████████████ ███████████████████████████████████████. [D.I. 214, Ex. A § 19.7]. In ruling on cross motions for summary judgment, the Court found that Acushnet breached the 1996 Settlement Agreement by filing the reexaminations. [D.I. 347, 348].

At the time the motions were briefed and argued, Acushnet – and we suspect Callaway and the Court – assumed that subject matter jurisdiction existed over Count V because the District Court actually retained jurisdiction in 1996███████████████████. Recently, however, counsel directed a search of the records from the two 1996 litigations that were settled by the Agreement. Those records are now located at the National Archives and Records Administration office for the Mid-Atlantic Region in Philadelphia.

That investigation showed that, contrary to what the Settlement Agreement states, the District Court did not retain jurisdiction to enforce the 1996 Settlement Agreement. Instead, the clerk of the court closed the cases upon receiving a stipulation of dismissal under Rule 41(a)(1)(ii). This was sufficient to end that litigation, but not sufficient to retain federal

jurisdiction over the enforcement of the Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Federal courts have limited jurisdiction. It is settled that, absent a specific reservation of jurisdiction *in a court order*, federal courts lack jurisdiction to entertain a claim that one party breached the settlement agreement that ended the litigation. *Kokkonen, supra.* Callaway and Acushnet are not diverse for purposes of 28 U.S.C. § 1332. Nor is a breach of contract claim within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367 under fairly established case law. Hence, there is no subject matter jurisdiction over Count V.

Acushnet regrets that it did not learn the facts relating to subject matter jurisdiction earlier in the case, as much effort on the part of the Court and the parties could have been avoided.[1] However, in light of the recently discovered informations, we respectfully submit that Count V should be dismissed for lack of subject matter jurisdiction.

## II.    STATEMENT OF RELEVANT FACTS

### A.    The Spalding-Acushnet Settlement of the 1996 Actions

In 1996, Acushnet and the Spalding & Evenflo Companies, Inc. ("Spalding") were involved in patent and false advertising litigation in this district. The litigation had been consolidated under two case numbers and was assigned to Judge Murray Schwartz. [D.I. 31, Ex. A at 2-3 and at Exs. B and C to the Agreement].

---

[1] Acushnet undertook the recent search because it competes with Callaway in many areas and patent disputes arise with some regularity. Acushnet believes and has told Callaway that the 1996 Settlement Agreement is no longer in force because Callaway breached it. Callaway breached when it filed the golf club litigation against Acushnet in this Court without complying with the 1996 Agreement's dispute resolution terms. (See Ex. A at 4 & Ex. B). Callaway's position on this issue is not entirely clear. Thus, Acushnet undertook the recent investigation in order to better understand its rights as to where it may file any future actions.

The parties entered into the 1996 Settlement Agreement to resolve these litigations. After the Agreement was signed, the parties filed Stipulations of Dismissal under Rule 41(a)(1)(ii) as to both cases. (Exs. C & D). The Stipulations state that "the court shall retain jurisdiction to resolve any and all disputes arising out of the Settlement Agreement in accordance with the Settlement Agreement." (*Id.*) The matters, *Spalding & Evenflo v. Acushnet Co.*, C.A. No. 96-73-MMS and *Acushnet Co. v. Spalding & Evenflo*, C.A. No. 96-78-MMS, were both closed on August 9, 1996. (Ex. E at 6 & Ex. F at 7).

A dismissal under Rule 41(a)(1)(ii) does not require a court order and the two cases were closed by the Clerk based on the stipulation of dismissal. ("[A]n action may be dismissed by the plaintiff *without order of the court* ... by filing a stipulation of dismissal signed by all parties." Fed. R. Civ. P. 41(a)(1) (emphasis added) (1996)).

There is no evidence in the file that the parties ever moved the Court for an order retaining jurisdiction over the Settlement Agreement or incorporating the terms of the Settlement Agreement into the order of dismissal. As the docket sheets indicate (and a physical inspection of the files confirms) there is no evidence the Court ever issued an order retaining jurisdiction to enforce the Settlement Agreement. Instead the clerk, upon receiving the Rule 41(a)(1)(ii) stipulation, closed the cases. (Ex. E at 6 & Ex. F at 7).

As the Court knows, the 1996 Settlement Agreement ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████

For diversity purposes, both Acushnet and Callaway are citizens of Delaware. Both are incorporated in Delaware. [D.I. 67 ¶¶ 1-5].

**B.    Callaway's Federal Patent Infringement Claim and State Law Breach of Contract Claim.**

Callaway filed this patent infringement suit in February 2006. The Court has jurisdiction over the patent claims under 28 U.S.C. §§ 1331 and 1338(a). Callaway alleged that Acushnet infringed Callaway's patents-in-suit, "by making, using, selling and/or offering to sell infringing golf balls, including without limitation its Pro V1 balls." (*E.g.*, D.I. 67 ¶¶ 28-29). Callaway filed its Amended Complaint adding the breach of Settlement Agreement claim in Count V, in June 2006. The Amended Complaint also asserts federal question jurisdiction without making any specific claim to jurisdiction over Count V. [D.I. 67 ¶ 6].

Count V of the Amended Complaint alleges that Acushnet breached the 1996 Settlement Agreement by filing reexamination requests on the four patents-in-suit in the U.S. Patent and Trademark Office shortly before this case was filed. (*See* D.I. 67 ¶ 54).[2] Before trial, the parties cross-moved for summary judgment on Count V. On November 20, 2007, the Court ruled on summary judgment that Acushnet breached the Agreement. [D.I. 347]. The Court found that "defendant breached [the 1996 Settlement Agreement] by filing a legal proceeding in the wrong forum [or] breached because the Agreement only allows for legal proceedings." (*Id.* at 27). That Order made no specific finding as to subject matter jurisdiction over Count V and neither party asked for such a ruling. However, it seems apparent that the Court, like Acushnet, believed at

---

[2] As the Court is aware, the PTO has since found that all the Callaway patents are invalid in the reexamination proceedings. One of the decisions is final, and Callaway has appealed to the PTO Board of Appeals and Interferences. The others are still pending before the reexamination examiner and all claims stand rejected.

the time that the District Court had retained jurisdiction over enforcement of the Settlement Agreement.

## III.    ARGUMENT

Federal courts are courts of limited jurisdiction. *Kokkonen*, 511 U.S. at 377. Federal courts must examine their subject matter jurisdiction at all stages of a case, and the absence of jurisdiction over any part of a case may be raised at any time. *E.g.*, *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n*, 657 F.2d 29, 35-36 (3d Cir. 1981); *Hameli v. Nazario*, 930 F. Supp. 171, 180 (D. Del. 1996). If the court determines at any time that it lacks jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A party that asserts subject matter jurisdiction over a claim must prove a basis for that jurisdiction. *Id.* at 12(b); *Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Federal question jurisdiction does not extend to an action to enforce a patent license. *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1575 (Fed. Cir. 1997); *Tycom Corp. v. Redactron Corp.*, 421 F. Supp. 460, 462 (D. Del. 1976). Likewise, an action to enforce a settlement agreement that settled federal court litigation does not present a federal question. *See Kokkonen*, 511 U.S. at 380-81, 378 (No federal jurisdiction over an "agreement that has as part of its consideration the dismissal of a case before a federal court."); *see also In re Phar-Mor Inc. Secs. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999); *Jim Arnold Corp.*, 109 F.3d at 1572 ("It is well settled that if the patentee pleads a cause of action based on rights created by a contract ... the case is not one 'arising under' the patent laws.") As Callaway and Acushnet are both citizens of Delaware (their state of incorporation), no diversity jurisdiction exists under 28 USC § 1332.

5

As a result, subject matter jurisdiction, if it exists over Count V, must be predicated on either retained federal jurisdiction or based on supplemental jurisdiction under 28 USC § 1367. Neither basis for jurisdiction exists in this case.

### A.    The Delaware District Court Did Not Retain Jurisdiction to Adjudicate Disputes Under the 1996 Settlement Agreement.

The enforcement of a settlement agreement, "whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378. Neither Rule 41(a)(1)(ii) nor any other provision of law "provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . .." *Id.*

*Kokkonen* held that when a district court dismisses an action pursuant to a settlement agreement, there is no federal jurisdiction to enforce the agreement, absent a provision to that effect being incorporated in the dismissal order. *Id.* If jurisdiction is to continue and to be based on the jurisdiction of the underlying cause, the district court must have "expressly reserved jurisdiction," before dismissal of the lawsuit. The Court stated:

> [T]he only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement. The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order . . . . That, however, was not the case here. The judge's mere awareness and approval of the terms . . . do not suffice to make them part of his order.

*Id.* at 380-81.

It is very surprising that, less than two years after *Kokkonen* was decided, the parties to the 1996 actions did not take the steps required to retain federal jurisdiction that the Supreme Court spelled out in that case. However, that is apparently what happened. According to the

6

files, the case was dismissed pursuant to a Rule 41(a)(1)(ii) dismissal without any court order

retaining jurisdiction over the enforcement of the Settlement Agreement. The Court did not

enter, and was never asked to enter, any order incorporating the Settlement Agreement in a

consent decree or reserving its jurisdiction. As such, subject matter jurisdiction over any breach

of the 1996 Settlement Agreement was not retained by the Court.

That the parties attempted, in their Stipulation of Dismissal and Settlement Agreement, to

retain jurisdiction does not alter the analysis. "Although parties have wide latitude to settle their

disputes as they choose, they cannot by agreement add to the jurisdiction of a federal judicial

office." *Hameli*, 930 F. Supp. at 180; *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *Reich v. Local

30*, 6 F.3d 978, 982 (3d Cir. 1993). A dismissal by stipulation does not act as an agreement

between the court and the parties and does not automatically confer jurisdiction on the court to

resolve later disputes. As one court noted "parties cannot stipulate to the Court's retention of

jurisdiction." *Arista Records LLC v. Doyer Deloach*, No. 7:06-cv-112 (HL), 2007 U.S. Dist.

LEXIS 29700 at **3-4 (M.D. Ga. Apr. 23, 2007). Indeed, given the decision in *Kokkonen*, even

when the parties *and the court* "may intend that it retain jurisdiction, without a clause in the

dismissal order, the parties are left without a remedy in the federal courts." Hon. M. Denlow,

*Federal Jurisdiction in the Enforcement of Settlement Agreements: Kokkonen Revisited*, Federal

Courts Law Review 2 (2003) (citing cases) (attached as Ex. G).

The Third Circuit has long followed the rule that no subject matter jurisdiction exists to

enforce the terms of a settlement agreement without an appropriately crafted order of the district

court reserving jurisdiction in the prior, settled case. *See Sawka v. Healtheast, Inc.*, 989 F.2d

138, 141 (3d Cir. 1993) ("We hold that unless a settlement is part of the record, incorporated into

an order of the district court, or the district court has manifested an intent to retain jurisdiction, it

7

has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement."). The Federal Circuit rule is the same. *National Presto Inds., Inc. v. Dazey Corp.*, 107 F.3d 1576, 1583 (Fed. Cir. 1997). *See also Musifilm, B.V. v. Spector*, 568 F. Supp. 578, 581 (S.D.N.Y. 1983) ("Once an action has been terminated, a district court has no power to enforce a settlement which it neither ordered nor approved, absent an independent ground of jurisdiction.").

In short, under settled precedent, neither the 1996 Settlement Agreement, nor the Stipulations of Dismissal the parties filed provide a proper basis for jurisdiction over Callaway's Count V. A court order retaining jurisdiction was needed and none was entered.

### B.    Supplemental Jurisdiction Under 28 U.S.C. § 1367 Does Not Exist.

Section 1367 codified the ancillary jurisdiction standard the Supreme Court set out in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). S*ee Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995). To exercise supplemental jurisdiction over state law claims in a case involving a federal question, a court must find that three requirements have been met:

> First, "the federal claim must have substance sufficient to confer subject matter jurisdiction on the court." Second, "the state and federal claims must derive from a common nucleus of operative facts." Finally, the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding."

*Hameli*, 930 F. Supp. at 182-83 (quoting *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995)). *See also Gibbs*, 383 U.S. at 725.[3] Here, Callaway's state law claim cannot be supported by supplemental jurisdiction under § 1367. Callaway's patent infringement claim and its breach of contract claim are completely separate causes of action predicated on different facts, different legal theories, have different damages, and in no sense

---

[3] The Federal Circuit also follows closely the *Gibbs* standard. *See, e.g., Highway Equip. Co. v. Feco, Ltd.*, 469 F.3d 1027, 1037-39 (Fed. Cir. 2006) (no supplemental jurisdiction between an infringement claim and contract claim).

derive from a "common nucleus of operative facts." *See also Paul v. Deloitte & Touche LLP*, C.A. No. 06-225-MPT, 2007 U.S. Dist. LEXIS 60639 at *9 (D. Del. Aug, 20, 2007) ("the exercise of supplemental jurisdiction is proper only where 'federal and state claims are merely alternate theories of recovery based on the same act.'") (citations omitted).

It is not necessary to belabor this point. Patent infringement is a tort. The relevant facts relate to the validity and infringement of the patents in suit by the Pro V1 golf balls accused of infringement. On the other hand, the breach of contract claim is based on the terms of the 1996 Settlement Agreement and Acushnet's decision in early 2006 to file four reexaminations in the PTO. Callaway also seeks different forms of damages in each claim. Callaway seeks attorneys' fees on its contract claim and lost profits, reasonable royalties, and treble damages on its patent infringement claims. As such, the claims are fundamentally distinct and do not share the required "common nucleus of operative fact." *Gibbs*, 383 U.S. at 725.

There is, of course, overlap between the patent case and the validity issues considered by the PTO in the reexaminations. Both are based largely on the same prior art and both implicate directly the validity of the patents in suit. However, this is not the commonality that is relevant for supplemental jurisdiction. For jurisdiction to exist, the facts *that give rise to the cause of action or claim* must be common. *Hameli*, 930 F. Supp. at 182 ("[A] federal court may exercise jurisdiction over state law claims only where those claims arise from the same set of circumstances that gave rise to the federal law claim.") On this key point, there is no commonality. The ultimate merits of the reexamination are irrelevant to the breach of contract claim. As the Court found, the contract was breached either by filing the reexaminations or by not bringing the claim in this Court. [D.I. 347 at 26-29]. Either way, the merits of the reexamination are not relevant to the breach of contract claim.

Many courts have found that breaches of contracts or settlement agreements lack a sufficient factual nexus to a patent or other federal claim and cannot be supported by the exercise of supplemental jurisdiction. *See, e.g., Highway Equip.*, 469 F.3d at 1038-39 ("The facts alleged in the federal claim involved not a contract, but a patent that issued ... months after the dealership agreement was terminated.... [T]he respective instrumentalities are different, the products at issue are different, the alleged acts are different, and the governing laws are different."); *Allen v. Leal*, 27 F. Supp. 2d 945, 949 (S.D. Tex. 1998) (no supplemental jurisdiction over breach of a settlement agreement and the § 1983 action that the agreement initially settled; the claims were "completely separate causes of action"); *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 999-1000 (E.D. Mich. 1996) (state claims for breach of settlement agreement did not arise from a common set of facts as the federal claim).

This Court likewise has repeatedly ruled that claims lacking the requisite commonality of the operative facts are not within the supplemental jurisdiction of the Court. *See, e.g., Hameli*, 930 F. Supp. at 182; *Paul*, 2007 U.S. Dist. LEXIS 60639, at **7-9 (plaintiff's breach of contact and breach of covenant of good faith claims shared only "the general employer-employee relationship between the parties"); *Dougherty v. Blize*, C.A. No. 07-674-SLR-LPS, 2008 U.S. Dist. LEXIS 48646 at **20-23 (D. Del. June 25, 2008) (a common "course of retaliatory conduct" between a federal COBRA claim and state law claims insufficient for supplemental jurisdiction).

The requisite commonality being absent, there can be no supplemental jurisdiction over Callaway's breach of contract claim. Therefore, the claim should be dismissed.

## IV.    CONCLUSION

That this motion was brought at such a late stage in the case is unfortunate.  However, the issue of jurisdiction cannot be waived and the absence of jurisdiction seems to be very clear from the court records in the 1996 litigation.  Hence, Acushnet feels compelled to move for dismissal of Court V and asks the Court to vacate the prior summary judgment ruling it made on this subject.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Tel:  (202) 783-0800

Dated:  August 12, 2008
Public Version Dated: August 19, 2008
879105 / 30030

By:    /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 19, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 19, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
scherkenbach@fr.com

Robert A. Denning
David S. Shuman
W. Chad Shear
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA  92130
denning@fr.com
shuman@fr.com
shear@fr.com

Jonathan J. Lamberson
Christina D. Jordan
Craig R. Compton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
lamberson@fr.com
cjordan@fr.com
compton@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030

# EXHIBIT A

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT B

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



EXHIBIT B

80

COPY

SPALDING & EVENFLO COMPANIES, INC.
and
LISCO, INC.,

              Plaintiffs,

              v.

ACUSHNET COMPANY
and
AMERICAN BRANDS, INC.,

              Defendants.

Civil Action No. 96-73-MMS

## STIPULATION OF DISMISSAL

Pursuant to 41(a)(1)(ii) of the Federal Rules of Civil Procedure and a Settlement Agreement of August 5, 1996, the terms of which are incorporated herein by reference, the parties to the above action stipulate and agree that all claims in the action, including both the complaint and all counterclaims, be, and hereby are, dismissed with prejudice, and that each party shall bear its own costs and attorneys' fees.

The parties also stipulate and agree that the court shall retain jurisdiction to resolve any and all disputes arising out of the Settlement Agreement in accordance with the terms of the Settlement Agreement.

STIPULATED AND AGREED THIS 9th day of AUGUST, 1996.

_____
Kenneth E. Fink, Esq. (Del. Bar #2388)
FERRY, JOSEPH & FINK
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
(302) 575-1555


Attorneys for Spalding & Evenflo
Companies, Inc. and Lisco, Inc.


*Of Counsel:*

Christopher B. Fagan
Richard M. Klein
FAY, SHARPE, BEALL, FAGAN,
   MINNICH & McKEE
1100 Superior Avenue, Suite 700
Cleveland, Ohio  44144-2518
(216) 861-5582

_____
William J. Wade (Del. Bar #704)
Robert W. Whetzel (Del. Bar #2288)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 658-6541

Attorneys for Acushnet Company


*Of Counsel:*

David Weild, III
Rory J. Radding
Peter D. Vogl
Scott B. Familant
PENNIE & EDMONDS
1155 Avenue of the Americas
New York, New York 10036
(212) 790-9090

- 2 -

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



EXHIBIT C

COPY

ACUSHNET COMPANY

Plaintiff,

v.

SPALDING & EVENFLO COMPANIES, INC.
    and
LISCO, INC.,

Defendants.

Civil Action No. 96-78-MMS

## STIPULATION OF DISMISSAL

Pursuant to 41(a)(1)(ii) of the Federal Rules of Civil Procedure and a Settlement Agreement of August 5, 1996, the terms of which are incorporated herein by reference, the parties to the above action stipulate and agree that all claims in the action, including both the complaint and all counterclaims, be, and hereby are, dismissed with prejudice, and that each party shall bear its own costs and attorneys' fees.

The parties also stipulate and agree that the court shall retain jurisdiction to resolve any and all disputes arising out of the Settlement Agreement in accordance with the terms of the Settlement Agreement.

STIPULATED AND AGREED THIS 9th day of AUGUST, 1996.

_____
Kenneth E. Fink, Esq. (Del. Bar #2388)
FERRY, JOSEPH & FINK
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
(302) 575-1555

Attorneys for Spalding & Evenflo
Companies, Inc. and Lisco, Inc.


*Of Counsel:*

Christopher B. Fagan
Richard M. Klein
FAY, SHARPE, BEALL, FAGAN,
  MINNICH & McKEE
1100 Superior Avenue, Suite 700
Cleveland, Ohio  44114-2518
(216) 861-5582

_____
William J. Wade (Del. Bar #704)
Robert W. Whetzel (Del. Bar #2288)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 658-6541

Attorneys for Acushnet Company


*Of Counsel:*

David Weild, III
Rory J. Radding
Peter D. Vogl
Scott B. Familant
PENNIE & EDMONDS
1155 Avenue of the Americas
New York, New York 10036
(212) 790-9090

- 2 -

# EXHIBIT E

CLOSED, LEAD, PATENT

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:96-cv-00073-MMS

| | |
|---|---|
| Spalding & Evenflo, et al v. Acushnet Company, et al | Date Filed: 02/12/1996 |
| Assigned to: Judge Murray M. Schwartz | Date Terminated: 08/09/1996 |
| Demand: $0 | Jury Demand: None |
| Case in other court: USDC/ND/OH, 95CV 366 | Nature of Suit: 830 Patent |
| USDC/DE, 96-CV-72 | Jurisdiction: Federal Question |
| Cause: 35:271 Patent Infringement | |

**Plaintiff**

**Spalding & Evenflo Companies, Inc.**          represented by **Kenneth E. Fink**
Kenneth E. Fink, Esq.
824 Market Street, Suite 800
P.O. Box 754
Wilmington, DE 19899
(302) 656-7247
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisco, Inc.**          represented by **Kenneth E. Fink**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Acushnet Company**          represented by **William J. Wade**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7718
Email: wade@rlf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Brands, Inc**          represented by **William J. Wade**
*TERMINATED: 06/17/1996*          (See above for address)

*TERMINATED: 06/17/1996*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Acushnet Company**                    represented by **William J. Wade**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Spalding & Evenflo Companies, Inc.**    represented by **Kenneth E. Fink**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Lisco, Inc.**                          represented by **Kenneth E. Fink**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Acushnet Company**                    represented by **William J. Wade**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Spalding & Evenflo Companies, Inc.**    represented by **Kenneth E. Fink**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Lisco, Inc.**                          represented by **Kenneth E. Fink**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/1996 | | Original file, certified copy of transfer order and docket sheet received from Northern District of Ohio (see front of file for docket sheet) (dab) (Entered: |

| | | 02/12/1996 |
|---|---|---|
| 02/12/1996 | 1 | COMPLAINT filed in USDC/ND Ohio on 2/16/95; original file, DI's 2-42 attached. (dab) (Entered: 02/12/1996) |
| 02/12/1996 | 12 | MOTION by American Brands, Inc for Dismissal for Lack of Personal Jurisdiction and Failure to State a Claim filed 7/6/95 in USDC/ND/OH (dab) (Entered: 02/12/1996) |
| 02/12/1996 | 16 | MOTION by Acushnet Company to Transfer Case to the District of Massachusetts or, in the alternative to Stay filed USDC/ND/OH 7/6/95 (dab) (Entered: 02/12/1996) |
| 02/12/1996 | 30 | MOTION by Acushnet Company, American Brands, Inc for Protective Order filed 8/21/95 USDC/ND/OH (dab) (Entered: 02/12/1996) |
| 02/12/1996 | 41 | MOTION by Acushnet Company, American Brands, Inc for Leave to File a Reply to Plaintiffs Brief Regarding Transfer filed 2/5/96 USDC/ND/OH (dab) (Entered: 02/12/1996) |
| 02/12/1996 | 42 | MEMORANDUM OPINION and ORDER: case transferred to District of Delaware for all further proceedings (Judge Lesley B. Wells USDC/ND/OH 2/6/96 (dab) (Entered: 02/12/1996) |
| 02/12/1996 | 43 | Local Counsel Letter to atty for pltf. Set Notice of Compliance for local counsel to enter an appearance for 3/13/96 (dab) (Entered: 02/12/1996) |
| 02/12/1996 | 44 | Local Counsel Letter for atty for dft. Set Notice of Compliance for local counsel to enter an appearance for 3/13/96 (dab) (Entered: 02/12/1996) |
| 02/21/1996 | 45 | CASE assigned to Judge Murray M. Schwartz. Notice to all parties. (ds) (Entered: 02/21/1996) |
| 03/13/1996 | 46 | NOTICE of attorney appearance for Spalding & Evenflo, Lisco, Inc. by Kenneth E. Fink (ds) (Entered: 03/14/1996) |
| 03/13/1996 | 47 | NOTICE of attorney appearance for Acushnet Company, American Brands, Inc by William J. Wade (ds) (Entered: 03/14/1996) |
| 03/19/1996 | 48 | ORDER, if the parties fail to achieve complete agreement on the discovery plan, pltfs' counsel shall call chambers and arrange a date and time for an office conference; please see order for further details (signed by Judge Murray M. Schwartz) copies to: cnsl (ds) (Entered: 03/20/1996) |
| 04/01/1996 | 49 | MOTION by Acushnet Company, American Brands, Inc with Proposed Order for Scott B. Familant of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) Modified on 04/03/1996 (Entered: 04/03/1996) |
| 04/01/1996 | 50 | MOTION by Acushnet Company, American Brands, Inc with Proposed Order for Charles E. Miller of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |
| 04/01/1996 | 51 | MOTION by Acushnet Company, American Brands, Inc with Proposed Order for Rory J. Radding of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |

| 04/01/1996 | 52 | MOTION by Acushnet Company, American Brands, Inc with Proposed Order for Peter D. Vogl of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) Modified on 04/08/1996 (Entered: 04/03/1996) |
| --- | --- | --- |
| 04/01/1996 | 53 | MOTION by Acushnet Company, American Brands, Inc with Proposed Order for David Weild III of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |
| 04/04/1996 | . | So Ordered granting [49-1] motion for Scott B. Familant of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [50-1] motion for Charles E. Miller of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [51-1] motion for Rory J. Radding of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [52-1] motion for Peter D. Vogl of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [53-1] motion for David Weild III of Pennie & Edmonds of New York to Appear Pro Hac Vice (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) Modified on 04/08/1996 (Entered: 04/08/1996) |
| 04/18/1996 | 54 | ANSWER to complaint for preliminary and permanent injunction and COUNTERCLAIM by Acushnet Company (Attorney) against Spalding & Evenflo, Lisco, Inc. (ds) (Entered: 04/19/1996) |
| 04/18/1996 | 55 | Amended MOTION by American Brands, Inc to Dismiss for failure to state a claim (ds) (Entered: 04/19/1996) |
| 04/18/1996 | 56 | Brief in support Filed by American Brands, Inc [55-1] amended motion to Dismiss for failure to state a claim. Answer Brief due 5/2/96 (ds) (Entered: 04/19/1996) |
| 04/18/1996 | 57 | Appendix to amended motion to dismiss for failure to state a claim filed by American Brands, Inc (ds) (Entered: 04/19/1996) |
| 04/18/1996 | 58 | Statement under D.Del. LR 81.2 filed by Acushnet Company and American Brands, Inc. (ds) Modified on 04/24/1996 (Entered: 04/19/1996) |
| 04/19/1996 | 59 | MOTION by Spalding & Evenflo, Lisco, Inc. with Proposed Order for Christopher B. Fagan and Richard M. Klein to Appear Pro Hac Vice (ds) (Entered: 04/22/1996) |
| 04/24/1996 | 60 | ANSWER by Spalding & Evenflo, Lisco, Inc. to [54-2] counter claim (ds) (Entered: 04/24/1996) |
| 04/24/1996 | 61 | Spalding's Statement Under D.Del. LR 81.2 filed by Spalding & Evenflo Companies, Inc and Lisco, Inc. (ds) (Entered: 04/24/1996) |
| 04/25/1996 | . | So Ordered granting [59-1] motion for Christopher B. Fagan and Richard M. Klein to Appear Pro Hac Vice (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) (Entered: 04/30/1996) |
| 04/30/1996 | 62 | ORDER, set In Chambers Conference for 10:30 5/29/96 please see order for further details (signed by Judge Murray M. Schwartz) copies to: cnsl (ds) (Entered: 05/01/1996) |
| 05/03/1996 | 63 | MOTION by Spalding & Evenflo, Lisco, Inc. for leave to Extend Time up to |

| | | |
|---|---|---|
| | | and including 6/28/96 to conduct discovery and respond to defendant American Brands' amended motion to dismiss (ds) (Entered: 05/06/1996) |
| 05/03/1996 | 64 | Brief in support Filed by Spalding & Evenflo, Lisco, Inc. [63-1] motion for leave to Extend Time up to and including 6/28/96 to conduct discovery and respond to defendant American Brands' amended motion to dismiss. Answer Brief due 5/17/96 (ds) (Entered: 05/06/1996) |
| 05/03/1996 | 65 | Appendix to Brief Filed by Spalding & Evenflo, Lisco, Inc. Appending [64-1] opening brief (ds) (Entered: 05/06/1996) |
| 05/03/1996 | 66 | Statement regarding motion by plaintiffs Spalding and Lisco for leave to extend time up to and including 6/28/96 to conduct discovery and respond to defendant American Brands' amended motion to dismiss (ds) (Entered: 05/06/1996) |
| 05/03/1996 | 67 | CERTIFICATE OF SERVICE by Spalding & Evenflo, Lisco, Inc. re pltfs' notice of deposition under Rule 30(b)(6); pltfs' notice of deposition of John T. Ludes & pltfs' notice of deposition of Robert L. Plancher (ds) (Entered: 05/06/1996) |
| 05/09/1996 | 68 | Answer Brief Filed by Acushnet Company, American Brands, Inc [63-1] motion for leave to Extend Time up to and including 6/28/96 to conduct discovery and respond to defendant American Brands' amended motion to dismiss. Reply Brief 5/16/96 (ds) (Entered: 05/10/1996) |
| 05/16/1996 | 69 | Reply Brief Filed by Spalding & Evenflo, Lisco, Inc. [63-1] motion for leave to Extend Time up to and including 6/28/96 to conduct discovery and respond to defendant American Brands' amended motion to dismiss (ds) (Entered: 05/17/1996) |
| 05/29/1996 | 70 | Statement Regarding Topics Raised in the 4/30/96 Order (ds) (Entered: 05/29/1996) |
| 05/29/1996 | | In-chambers conference held; see CA96-72-MMS (ds) (Entered: 05/29/1996) |
| 05/29/1996 | 71 | ORDER that the matter is referred to Magistrate Judge Trostle for mediation (signed by Judge Murray M. Schwartz) copies to: MPT & cnsl (ds) Modified on 05/30/1996 (Entered: 05/29/1996) |
| 05/30/1996 | | Steno notes from 5/29/96 chambers hearing by Ct Rptr. Brian Gaffigan; SEE D.I.48 in CA96-72-MMS (ds) (Entered: 05/30/1996) |
| 05/31/1996 | 72 | ORDER granting [63-1] motion for leave to Extend Time up to and including 6/28/96 to conduct discovery and respond to defendant American Brands' amended motion to dismiss, set limited Discovery deadline to 6/28/96 , reset Answer Brief Deadline to 6/28/96 re: [55-1] motion to Dismiss for failure to state a claim , parties submit a stipulated scheduling order and stip. of consolidation by 6/5/96 set Notice of Compliance deadline to 6/5/96 all other pending discovery reqsts. are denied (signed by Judge Murray M. Schwartz) copies to: cnsl (ds) (Entered: 06/03/1996) |
| 06/04/1996 | 73 | ORDER, set Settlement/Mediation TeleConference for 9:30 6/22/96 parties shall submit to the Magistrate-Judge only an original of the settlement conference statement by 6/14/96; please see Order for further details (signed by |

| | | Judge Mary P. Trostle) copies to: cnsl (ds) (Entered: 06/05/1996) |
|---|---|---|
| 06/05/1996 | 74 | Proposed Stipulated Order filed by Spalding & Evenflo, Lisco, Inc., Acushnet Company, American Brands, Inc re CA96-139 and 144 shall be consolidated into CA96-73; CA96-72 shall be consolidated into CA96-78; a consolidated complaint shall be filed by Spalding in CA96-73 by 6/7/96, a consolidated complaint shall be filed by Acushnet in CA96-78 by 6/7/96; answers to complaints due 6/14/96, replies to counterclaims due 6/21/96; joining parties/amending complaint by 8/21/96, filing of dispositive motions by 10/30/96, answering brief due 11/21/96, rply. in opposition by 11/27/96; ltd. to 30 interrogs. & 50 reqsts. for admissions between the two consolidated actions; PLEASE SEE ORDER FOR FURTHER DETAILS. (ds) (Entered: 06/06/1996) |
| 06/05/1996 | 75 | Proposed Stipulated Protective Order filed by Spalding & Evenflo, Lisco, Inc., Acushnet Company, American Brands, Inc; PLEASE SEE ORDER FOR FURTHER DETAILS. (ds) (Entered: 06/06/1996) |
| 06/06/1996 | | Transcript of 5/29/96 Chambers Conference; SEE D.I. 52 in CA96-72-MMS (ds) (Entered: 06/06/1996) |
| 06/07/1996 | | So Ordered [74-1] proposed order (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) (Entered: 06/13/1996) |
| 06/07/1996 | | Consolidated Lead Case (ds) (Entered: 06/13/1996) |
| 06/07/1996 | | Deadline updated per Court's Order (see D.I.74) set Answer deadline to 6/14/96 for American Brands, Inc, for Acushnet Company , set Amended Pleadings/Joining Parties deadline to 8/21/96 , set Dispositive Motion Filing deadline to 10/30/96 ans.br. due 11/21/96, rply.br. due 11/27/96 (ds) Modified on 06/13/1996 (Entered: 06/13/1996) |
| 06/07/1996 | | So Ordered [75-1] proposed order (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) (Entered: 06/13/1996) |
| 06/07/1996 | 76 | CONSOLIDATED COMPLAINT FOR PATENT INFRINGEMENT by Spalding & Evenflo, Lisco, Inc., amending [1-1] complaint (ds) (Entered: 06/13/1996) |
| 06/14/1996 | 77 | ANSWER by Acushnet Company (Attorney) to the consolidated complaint for patent infringement and COUNTERCLAIMS (ds) (Entered: 06/18/1996) |
| 06/14/1996 | 77 | COUNTERCLAIM incorporated in answer to the consolidated complaint for patent infringement by Acushnet Company against Spalding & Evenflo, Lisco, Inc. (SEE DKT. NO.77) (ds) (Entered: 06/18/1996) |
| 06/17/1996 | 78 | NOTICE of voluntary dismissal of American Brands, Inc. as a co-defendant (copy to MMS) (ds) (Entered: 06/18/1996) |
| 06/21/1996 | 79 | ANSWER by Spalding & Evenflo, Lisco, Inc. to [77-1] counter claim (ds) (Entered: 06/21/1996) |
| 08/09/1996 | 80 | STIPULATION of dismissal with prejudice; each party shall bear its own costs and attorneys' fees (copy to MMS) (ds) (Entered: 08/12/1996) |
| 08/09/1996 | | Case closed (ds) (Entered: 08/12/1996) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/22/2008 10:46:01 | | | |
| PACER Login: | ho1291 | Client Code: | 00634.0004.000000 |
| Description: | Docket Report | Search Criteria: | 1:96-cv-00073-MMS Start date: 1/1/1970 End date: 7/22/2008 |
| Billable Pages: | 4 | Cost: | 0.32 |

# EXHIBIT F

CLOSED, LEAD

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:96-cv-00078-MMS

Acushnet Company v. Spalding & Evenflo
Assigned to: Judge Murray M. Schwartz
Demand: $0
Case in other court: USDC/ND/OH, 95-CV-1703
                                USDC/DE, 96-cv-72
                                USDC/DE, 96-cv-73
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 02/15/1996
Date Terminated: 08/09/1996
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Acushnet Company**

       represented by  **William J. Wade**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7718
Email: wade@rlf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Spalding & Evenflo Companies, Inc.**

       represented by  **Kenneth E. Fink**
Kenneth E. Fink, Esq.
824 Market Street, Suite 800
P.O. Box 754
Wilmington, DE 19899
(302) 656-7247
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Spalding & Evenflo Companies, Inc.**

       represented by  **Kenneth E. Fink**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Acushnet Company**                        represented by **William J. Wade**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/1996 | | MOTION by Acushnet Company for Preliminary Injunction or in the alternative for an expedited trial and request for oral argument (filed USDC/MA 7/20/95) (dab) (Entered: 02/16/1996) |
| 02/15/1996 | | MEMORANDUM by Acushnet Company in support of [0-1] motion for Preliminary Injunction or in the alternative for an expedited trial and request for oral argument (filed USDC/MA 7/20/95) (dab) (Entered: 02/16/1996) |
| 02/15/1996 | | Original file, certified copy of transfer order and docket sheet received from Northern District of Ohio (see front of file for complete docket) (dab) (Entered: 02/16/1996) |
| 02/15/1996 | 1 | Original file, certified copy of transfer order and docket sheet received by USDC/ND/OH from District of MA 8/3/95 (dab) (Entered: 02/16/1996) |
| 02/15/1996 | | DEMAND for jury trial by Acushnet Company (dab) (Entered: 02/16/1996) |
| 02/15/1996 | 2 | MOTION by Acushnet Company to Expedite Discovery re: [2-1] motion (dab) (Entered: 02/16/1996) |
| 02/15/1996 | 3 | MEMORANDUM by Acushnet Company in support of [2-1] motion to Expedite Discovery (dab) (Entered: 02/16/1996) |
| 02/15/1996 | 11 | MEMORANDUM OPINION and Order to Transfer to the District of Delaware : case nos 95cv366, 95cv367, 95cv640, 95cv1703, 95cv1710 are transferred to District of Delaware (issued Judge Lesley B. Wells 2/6/96 USDC/ND/OH) (dab) (Entered: 02/16/1996) |
| 02/15/1996 | 12 | Local Counsel Letter to pltf atty. Set Notice of Compliance for local counsel to enter an appearance for 3/18/96 (dab) (Entered: 02/16/1996) |
| 02/15/1996 | 13 | Local Counsel Letter to dft atty. Set Notice of Compliance for local counsel to enter an appearance for 3/18/96 (dab) (Entered: 02/16/1996) |
| 02/21/1996 | 14 | CASE assigned to Judge Murray M. Schwartz. Notice to all parties. (ds) (Entered: 02/21/1996) |
| 03/13/1996 | 15 | NOTICE of attorney appearance for Spalding & Evenflo by Kenneth E. Fink (ds) (Entered: 03/14/1996) |
| 03/13/1996 | 16 | NOTICE of attorney appearance for Acushnet Company by William J. Wade (ds) (Entered: 03/14/1996) |
| 03/19/1996 | 17 | ORDER, if the parties fail to achieve complete agreement on the discovery plan, pltf's counsel shall call chambers and arrange a date and time for an office |

| | | |
|---|---|---|
| | | conference; please see order for further details (signed by Judge Murray M. Schwartz) copies to: cnsl (ds) (Entered: 03/20/1996) |
| 04/01/1996 | 18 | MOTION by Acushnet Company & American Brands, Inc. with Proposed Order for Scott B. Familant of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |
| 04/01/1996 | 19 | MOTION by Acushnet Company & American Brands, Inc. with Proposed Order for Charles E. Miller of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |
| 04/01/1996 | 20 | MOTION by Acushnet Company & American Brands, Inc. with Proposed Order for Rory J. Radding of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |
| 04/01/1996 | 21 | MOTION by Acushnet Company & American Brands, Inc. with Proposed Order for Peter D. Vogl of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |
| 04/01/1996 | 22 | MOTION by Acushnet Company & American Brands, Inc. with Proposed Order for David Weild III of Pennie & Edmonds of New York to Appear Pro Hac Vice (ljj) (Entered: 04/03/1996) |
| 04/04/1996 | | So Ordered granting [18-1] motion for Scott B. Familant of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [19-1] motion for Charles E. Miller of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [20-1] motion for Rory J. Radding of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [21-1] motion for Peter D. Vogl of Pennie & Edmonds of New York to Appear Pro Hac Vice granting [22-1] motion for David Weild III of Pennie & Edmonds of New York to Appear Pro Hac Vice (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) (Entered: 04/08/1996) |
| 04/18/1996 | 23 | Statement under D.Del. LR 81.2 by Acushnet Company (ds) Modified on 04/24/1996 (Entered: 04/19/1996) |
| 04/19/1996 | 24 | MOTION by Spalding & Evenflo with Proposed Order for Christopher B. Fagan and Richard M. Klein to Appear Pro Hac Vice (ds) (Entered: 04/22/1996) |
| 04/24/1996 | 25 | Spalding's Statement Under D.Del. LR 81.2 filed by Spalding & Evenflo Companies, Inc. and Lisco, Inc. (ds) (Entered: 04/24/1996) |
| 04/25/1996 | | So Ordered granting [24-1] motion for Christopher B. Fagan and Richard M. Klein to Appear Pro Hac Vice (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) (Entered: 04/30/1996) |
| 04/30/1996 | 26 | ORDER, set In Chambers Conference for 10:30 5/29/96 please see order for further details (signed by Judge Murray M. Schwartz) copies to: cnsl (ds) (Entered: 05/01/1996) |
| 05/29/1996 | 27 | Statement Regarding Topics Raised in the 4/30/96 Order (ds) (Entered: 05/29/1996) |

| | | |
|---|---|---|
| 05/29/1996 | | In-chambers conference held; see CA96-72-MMS (ds) (Entered: 05/29/1996) |
| 05/29/1996 | 28 | ORDER that the matter is referred to Magistrate Judge Trostle for mediation (signed by Judge Murray M. Schwartz) copies to: MPT & cnsl (ds) (Entered: 05/30/1996) |
| 06/04/1996 | 29 | ORDER, set Settlement/Mediation TeleConference for 9:30 6/22/96 parties shall submit to the Magistrate-Judge only an original of the settlement conference statement by 6/14/96; please see Order for further details (signed by Judge Mary P. Trostle) copies to: cnsl (ds) (Entered: 06/05/1996) |
| 06/05/1996 | 30 | Proposed Stipulated Order filed by Acushnet Company, Spalding & Evenflo re CA96-139 and 144 shall be consolidated into CA96-73; CA96-72 shall be consolidated into CA96-78; a consolidated complaint shall be filed by Spalding in CA96-73 by 6/7/96; a consolidated complaint shall be filed by Acushnet in CA96-78 by 6/7/96; answers to complaints due 6/14/96, replies to counterclaims due 6/21/96; joining parties/amending complaint by 8/21/96; filing of dispositive motions by 10/30/96, answering brief due 11/21/96, replies to opposition due 11/27/96; ltd. to 30 interrogs. & 50 reqsts. for admissions between the two consolidated actions; PLEASE SEE ORDER FOR FURTHER DETAILS. (ds) (Entered: 06/06/1996) |
| 06/05/1996 | 31 | Proposed Stipulated Protective Order filed by Acushnet Company, Spalding & Evenflo; PLEASE SEE ORDER FOR FURTHER DETAILS. (ds) (Entered: 06/06/1996) |
| 06/07/1996 | | So Ordered [30-1] proposed order (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) (Entered: 06/13/1996) |
| 06/07/1996 | | Consolidated Lead Case (ds) (Entered: 06/13/1996) |
| 06/07/1996 | | Deadline updated per Court's Order (see D.I.#30) set Answer deadline to 6/14/96 for Spalding & Evenflo , set Amended Pleadings/Joining Parties deadline to 8/21/96 , set Dispositive Motion Filing deadline to 10/30/96 ans.br. due 11/21/96, rply.br. due 11/27/96 (ds) (Entered: 06/13/1996) |
| 06/07/1996 | | So Ordered [31-1] proposed order (signed by Judge Murray M. Schwartz) Notice to all parties. (ds) (Entered: 06/13/1996) |
| 06/07/1996 | 32 | AMENDED CONSOLIDATED COMPLAINT by Acushnet Company (ds) (Entered: 06/13/1996) |
| 06/14/1996 | 33 | ANSWER by Spalding & Evenflo (Attorney) to amended consolidated complaint and COUNTERCLAIM (ds) (Entered: 06/18/1996) |
| 06/14/1996 | 33 | COUNTERCLAIM incorporated in answer to amended consolidated complaint by Spalding & Evenflo against Acushnet Company (SEE DKT. NO.33) (ds) (Entered: 06/18/1996) |
| 06/21/1996 | 34 | ANSWER by Acushnet Company to [33-1] counter claim (ds) (Entered: 06/21/1996) |
| 06/27/1996 | 35 | CERTIFICATE OF SERVICE by Spalding & Evenflo re defts' 1st reqst. for production of docs. (ds) (Entered: 06/27/1996) |

CM/ECF LIVE - U.S. District Court:ded                              Page 5 of 5

| 06/27/1996 | 36 | CERTIFICATE OF SERVICE by Spalding & Evenflo re defts' 1st reqst. for admissions (ds) (Entered: 06/27/1996) |
| 08/09/1996 | 37 | STIPULATION of dismissal with prejudice; each party shall bear its own costs and attorneys' fees (copy to MMS) (ds) (Entered: 08/12/1996) |
| 08/09/1996 | | Case closed (ds) (Entered: 08/12/1996) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/22/2008 10:45:40 | | | |
| PACER Login: | ho1291 | Client Code: | 00634:0004.000000 |
| Description: | Docket Report | Search Criteria: | 1:96-cv-00078-MMS Start date: 1/1/1970 End date: 7/22/2008 |
| Billable Pages: | 3 | Cost: | 0.24 |

# EXHIBIT G

LEXSEE

Copyright (c) 2003 Federal Magistrate Judges Association
Federal Courts Law Review

2003

*2003 Fed. Cts. L. Rev. 2*

**LENGTH:** 10149 words

**ARTICLE:** Federal Jurisdiction in the Enforcement of Settlement Agreements: Kokkonen Revisited

**NAME:** By Morton Denlow *

**BIO:**

* Morton Denlow is a Magistrate Judge in the United States District Court for the Northern District of Illinois. Judge Denlow gratefully acknowledges the assistance of his law clerk, Anne C. Fung, and judicial extern, Deborah McCoy, in the preparation of this article. Judge Denlow also thanks United States Magistrate Judge David G. Bernthal for his editorial assistance.

**SUMMARY:**
... The issue of proper federal jurisdiction may arise when a party returns to court to seek enforcement of a settlement agreement arising out of a previously dismissed case. ... A dispute arose and defendant moved to enforce the settlement agreement. ... The order was entered on the basis of a stipulation of dismissal which read: "The 'confidential Settlement Agreement and Release' executed between the parties is here in incorporated by reference." ... The plaintiff, Re/Max, then moved the district court to enforce the settlement agreement. ... The trial judge found that a settlement agreement had been reached and ordered the litigation dismissed with prejudice, but stated in the order that the court retained jurisdiction to enforce the settlement agreement. ... This decision runs counter to the Supreme Court's holding in *Kokkonen*, and the Seventh Circuit's earlier decision in *VMS Securities Litigation*, because the trial court specifically reserved jurisdiction to enforce the settlement agreement in the dismissal order. ... The court found neither an intent to retain jurisdiction nor an incorporation clause in the administrative closing order and therefore found no ancillary jurisdiction to enforce the settlement agreement. ... The entry of a consent decree makes retention of jurisdiction more certain. ... The court retains jurisdiction to enforce the settlement agreement. The case is dismissed without prejudice with leave to reinstate on or before [DATE] for the purpose of enforcing the settlement. ...

**HIGHLIGHT: Abstract**

In 1994 the Supreme Court clarified the power of district courts to exercise jurisdiction over settlement agreements in *Kokkonen v. Guardian Life Insurance Co. Of America*. The Court indicated in *dicta* that a federal district court retains jurisdiction to enforce a settlement agreement if it either incorporates the settlement agreement into the dismissal order or specifically includes a clause in the dismissal order retaining jurisdiction. District and Circuit Courts of Appeal have interpreted this language in various ways, and often require specific language to meet the test laid out in *Kokkonen*. This article discusses language in dismissal orders found acceptable and unacceptable for federal courts to retain jurisdiction. In addition, the article recommends various options for retaining jurisdiction to enforce a settlement agreement while bringing the underlying litigation to a conclusion.

**TEXT:**

## I. INTRODUCTION

2003 Fed. Cts. L. Rev. 2

The issue of proper federal jurisdiction may arise when a party returns to court to seek enforcement of a settlement agreement arising out of a previously dismissed case. The following is a typical fact pattern. A lawsuit is filed in federal court. After initial motion practice and discovery, the parties reach a settlement. The settlement agreement calls for periodic payments over two years by the defendant to the plaintiff. The district court dismisses the case with prejudice. One year later, the defendant misses a payment and the plaintiff moves the court to enforce the settlement. If the district court lacks jurisdiction to enforce the settlement agreement, the plaintiff must file a new suit for breach of contract. However, commencing a separate action is unsatisfactory to the plaintiff because of the delay and expense involved.

In *Kokkonen v. Guardian Life Insurance Co. of America*, n1 the Supreme Court clarified the ability of district courts to retain jurisdiction to enforce settlement agreements after a case has been dismissed. Continued jurisdiction exists where: 1) compliance with the settlement agreement is a term of the dismissal order; 2) the dismissal order includes an express retention of jurisdiction over the settlement agreement; or 3) the settlement agreement is embodied in the dismissal order. n2

This article will discuss the Supreme Court's analysis in *Kokkonen* and how the circuit courts of appeal have interpreted its language. n3 In addition, the article will discuss alternative methods a court can use to retain jurisdiction to enforce settlement agreements. Finally, the article concludes with recommendations for the drafting of dismissal orders allowing judges to retain jurisdiction to enforce a settlement agreement.

## II. *KOKKONEN V. GUARDIAN LIFE INSURANCE CO. OF AMERICA*

### A. THE SUPREME COURT DECISION

In *Kokkonen*, the parties reached an oral settlement agreement and executed a stipulation and order of dismissal with prejudice, n4 unconditionally dismissing all claims pursuant to Rule 41(a)(1)(ii). n5 The judge made the notation, "It is so ordered," and signed the stipulation and order, dismissing the case with prejudice. n6 Neither the stipulation nor the dismissal referred to the settlement agreement or reserved jurisdiction to the court to enforce the settlement. n7

A dispute arose and defendant moved to enforce the settlement agreement. Although the plaintiff opposed the motion claiming the district court lacked jurisdiction, the district court asserted an "inherent power" to enforce the settlement agreement and entered an enforcement order. n8 Plaintiff appealed, and the Ninth Circuit affirmed the lower court's decision. n9

In a unanimous decision, the Supreme Court reversed and remanded holding that enforcement of a settlement agreement is not a mere continuation or renewal of the dismissed suit, but requires its own basis for jurisdiction. n10 The Court explained that the lower courts had incorrectly relied on the doctrine of ancillary jurisdiction. Ancillary jurisdiction n11 provides federal courts with jurisdiction over some matters that are incidental to other matters properly before them and exists for two purposes: n12 (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and (2) "to enable a court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees." n13

The Court held that neither of these purposes supported jurisdiction over the settlement agreement. The first head did not apply because the facts underlying the dismissed claim and the facts underlying the claim for breach of the settlement agreement had "nothing to do with each other;" adjudicating both claims together was neither necessary nor particularly efficient. n14 The second head of ancillary jurisdiction did not apply because the district court's dismissal order did nothing more than dismiss the case; thus, it was in no way "flouted or imperiled by the alleged breach of the settlement agreement." n15

In *dicta*, the Court noted the result would be quite different "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal--either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." n16 A breach of the agreement would then violate the order and ancillary jurisdiction would exist for the purpose of enforcing the agreement, allowing the district court to vindicate its authority and effectuate its decrees n17 However, the "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." n18

2003 Fed. Cts. L. Rev. 2

The Court went onto explain that for dismissals pursuant to Rule 41(a)(2), n19 "the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order." n20 In addition, although Rule 41(a)(1)(ii) n21 does not by its terms empower district courts to attach conditions to the parties' stipulation of dismissal, "the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree." n22 By employing these devices, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." n23 Absent such action, enforcement of the settlement agreement is a matter for state courts, unless there is an independent basis for federal jurisdiction, such as diversity of citizenship. n24

## B. APPLICATION OF *KOKKONEN* BY CIRCUIT COURTS OF APPEAL

When applying *Kokkonen*, courts have generally looked to the dismissal order for either an express retention of jurisdiction or the incorporation of the terms of the settlement agreement. If either is included, the district court properly retains jurisdiction. Circuits may differ on the specificity of the language required to retain jurisdiction. The difference in requirements among circuits may create confusion for parties and judges who are attempting to carefully craft stipulations to dismiss and dismissal orders. In settling a case, a defendant generally will request a dismissal with prejudice in order to prevent the plaintiff from raising the claims in a subsequent action. n25 Therefore, the cases will be examined in the context of whether courts can retain jurisdiction while dismissing the underlying action with prejudice.

### 1. Dismissals With Prejudice Where Jurisdiction Was Retained Under *Kokkonen*.

In general, circuit courts have analyzed the jurisdictional issue by looking to whether the district court retained jurisdiction to enforce the agreement based on the language in the dismissal order, or whether the court incorporated the terms of the settlement into the dismissal order. Whether the case was dismissed with prejudice is not generally considered. However, the language required to retain jurisdiction may vary from circuit to circuit.

#### a. *Specific Retention of Jurisdiction*

*Gilbert v. Monsanto Co.* presents an example in which the district court entered an order dismissing the case with prejudice "subject to its retention of jurisdiction to enforce the agreement." n26 The order was entered on the basis of a stipulation of dismissal that read: "The 'confidential Settlement Agreement and Release' executed between the parties is here in incorporated by reference. Furthermore, it is stipulated that the parties agree that this Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and Release." n27 Even though no settlement agreement was actually "executed," the Eighth Circuit upheld the district court's retention of jurisdiction over enforcement of the oral settlement agreement. n28

Although the language in the stipulation includes both an incorporation by reference and a retention of jurisdiction of the settlement agreement and release, "the court dismissed the case with prejudice subject to its retention of jurisdiction to enforce the agreement." n29 The fact that the underlying case was dismissed with prejudice did not prevent the court from retaining jurisdiction over the enforcement of the settlement agreement. The court was concerned only with the *Kokkonen* test which requires the parties' obligation to comply with the settlement agreement to be made part of the dismissal order either by a provision "retaining jurisdiction" or by incorporation of the terms of the settlement agreement in the order. n30

In another example, the Sixth Circuit held that a district court properly retained jurisdiction after a dismissal with prejudice in *Re/Max Int'l, Inc. v. Realty One.* n31 The parties reached a settlement agreement, n32 and the dismissal order read:

> Pretrial/Settlement conferences were held in the above-captioned matter on July 11, 2000–July 13, 2000. During said conferences, settlement talks took place. After a diligent effort on all sides, the parties have settled this[.] Therefore,

> IT IS ORDERED that the docket be marked, "settled and dismissed with prejudice".

> FURTHER, Any subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action shall supersede the within order. n33

The parties were later unable to agree on the details of a written settlement agreement. n34 The plaintiff, Re/Max, then moved the district court to enforce the settlement agreement. The defendant opposed the motion on the basis that the district court lacked jurisdiction, asserting the language of the dismissal order was unconditional. n35 The district court enforced the agreement and the circuit court affirmed its jurisdiction. n36 The Sixth Circuit held: "*Kokkonen* only requires a reasonable indication that the court has retained jurisdiction, 'such as a provision "retaining jurisdiction" over the settlement agreement.'" n37 The court found the language in the dismissal order that any "subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action shall supersede the within order" was sufficient for the district court to meet the second prong of *Kokkonen*: retention of jurisdiction in the dismissal order. n38 In reference to this language, the court went on to note: "Of course, the court may only enter subsequent orders involving the settlement agreement if it has retained jurisdiction. Thus, the 'continued role for the court that was contemplated after dismissal' is included in the language of the order itself." n39

### b. *Incorporation of Terms*

A court may also retain jurisdiction by incorporating the settlement terms into the dismissal order and indicating an intention to enforce the settlement even where the underlying action is dismissed with prejudice. The Seventh Circuit in *VMS Securities Litigation v. Prudential Securities, Inc. (In re VMS Securities Litigation)*, n40 held that the district court had jurisdiction to enforce final judgment orders by enjoining plaintiffs from breaching a settlement agreement by commencing a new action in state court. The settlement terms were embodied in the final judgment order. n41 The case was dismissed "with prejudice, on the merits." n42 The district court sought to retain jurisdiction as follows: "Without affecting the finality of this Final Judgment and Order, this Court hereby retains jurisdiction over the Actions for purposes of implementing and enforcing the Settlement Agreement and this Final Judgment and Order." n43 On appeal, the Seventh Circuit held that the district court had continuing jurisdiction because the language clearly illustrated the district court's intention to maintain jurisdiction over the enforcement of the settlement. n44 The court found the district court's action to be consistent with the Supreme Court's reasoning in *Kokkonen*. n45

In *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, the court incorporated part of the settlement agreement into the order. n46 The case is an example in which the court's incorporation of one term of the settlement agreement was insufficient to retain jurisdiction to enforce the entire settlement agreement. The Agreed Order of Dismissal With Prejudice provided in pertinent part:

The parties being in agreement and the Court being otherwise sufficiently advised that the parties hereto have settled their disputes, . . . the Court hereby orders:

1. That the Complaint filed herein is DISMISSED AS SETTLED WITH PREJUDICE AS TO ALL CLAIMS asserted therein and this action is Ordered stricken from the docket of this Court in its entirety.

2. That this Court's order of August 29, 1997, is hereby amended to provide that Count II of the Complaint is Dismissed with prejudice.

3. That the Court appointed Receiver, Morris Gahafer, is hereby ordered to turn over to the Defendants any and all copies of the Receiver's First Interim Report as well as any drafts thereof or any other documents which he may have obtained or generated as a result of the performance of his duties as Receiver herein. n47

The dismissal incorporated only one term of the parties' twenty-page settlement agreement. n48 The Sixth Circuit held *Kokkonen* precluded the district court from enforcing any provisions of the settlement agreement that were not expressly incorporated into an order entered while the case was still pending on the court's docket. n49 Thus, the court determined that the failure to expressly retain "jurisdiction over the Settlement Agreement or to incorporate more than one of the settlement terms in its dismissal order precludes it from enforcing unincorporated terms against the parties." n50

### 2. Dismissals With Prejudice In Which Jurisdiction Was Not Retained Under *Kokkonen*

2003 Fed. Cts. L. Rev. 2

While the retained jurisdiction of the district courts has been upheld, it has also been denied in many cases under the *Kokkonen* analysis. Courts have found a lack of jurisdiction both when the language of the order is insufficient to retain jurisdiction and when it is insufficient to be considered an incorporation of the terms of the dismissal order.

### a. Language Was Insufficient to Retain Jurisdiction

In *Hagestad v. Tragesser*, the parties settled a civil case, and the court dismissed the case with the following order: "This action is dismissed with prejudice, without costs and with leave for good cause shown within ninety (90) days, to have the dismissal set aside and the action reinstated if the settlement is not consummated." n51 The Ninth Circuit held this language insufficient to retain jurisdiction to enforce the settlement despite evidence that it intended to do so. n52 The judge stated at the settlement conference, "I will act as czar with regard to the drafting of the settlement papers and the construction of this settlement and the execution of this settlement." n53 In addition, in another order, the court dictated some of the relevant terms of the settlement agreement. n54 Despite both of these actions indicating the court's intent to retain jurisdiction, the absence of a clause in the dismissal order was fatal, and the defendant could not enforce the agreement. n55

In another case, the Second Circuit held that the district court had not retained jurisdiction when the stipulated dismissal order drafted by the parties read: "IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the parties, that the above-captioned action is dismissed with prejudice and without costs to any party, except as set forth in the Settlement Agreement among the parties dated January 7, 1994." n56 Sixteen months after the dismissal, the plaintiff moved for a preliminary injunction to enforce the terms of the settlement. n57 Both the district court and the Second Circuit found that it lacked subject matter jurisdiction because the order included no express retention of jurisdiction and the reference to the settlement agreement in the dismissal order was insufficient to incorporate the agreement. n58

Thus, even when the parties may intend and the court may intend that it retain jurisdiction, without a clause in the dismissal order, the parties are left without a remedy in the federal courts.

### b. Language was Insufficient to Incorporate the Settlement Agreement

In *In re Phar-Mor, Inc. Securities Litigation*, the district court dismissed the case with prejudice after the parties reached a settlement, but the dismissal order did not include a provision retaining jurisdiction over the settlement agreement or any of its terms. n59 The dismissal order read in relevant part:

> It is hereby ORDERED that (1) the settlement do cumented in the August 4, 1995 Settlement and Release executed on behalf of the Settling Plaintiffs in favor of the Director Defendants and others (the "Settlement") is hereby approved; (2) the Director Defendants . . . are hereby dismissed with prejudice from this lawsuit pursuant to the terms of the Settlement, each party to pay its own costs . . . . n60

The language was insufficient because the parties' obligation to comply with the settlement was not included in the dismissal order. n61 The court held that the language dismissing the case "pursuant to the terms of the Settlement" is insufficient to incorporate the terms of the settlement into the dismissal. n62 The court quoted the Eighth Circuit's rationale stating that the clause was insufficient because "a dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order." n63 The court went on to further note that its rationale was based on its strict adherence to *Kokkonen* when determining whether the language in an order is sufficient to incorporate the settlement agreement. n64 Finally, the court addressed and rejected the argument that it should defer to the expressed intention of the district court because that court is in the best position to determine whether it intended to retain jurisdiction. n65

The Second Circuit, cited as a strict adherent in *Phar-Mor*, also held that jurisdiction was not retained when the dismissal order does no more than refer to the settlement agreement. For instance, in *Hester Industries, Inc. v. Tyson Foods Inc.*, the settlement agreement included a condition that the case would be dismissed subject to the enforcement of the agreement by the district court. n66 In addition, the dismissal order, to which a copy of the settlement agreement was attached, read:

> Pursuant to *Rule 41 of the Federal Rules of Civil Procedure* and in accordance with the terms of the attached Settlement Agreement between the parties, this action is hereby dismissed with prejudice, including all claims or causes of action asserted herein. Further, pursuant to the agreement of the parties in settlement, no judgment against either party will be entered and all parties will bear their own costs and attorneys'·fees. n67

The district court concluded that the dismissal order was sufficient to incorporate the settlement agreement and it therefore had jurisdiction to enforce and held the breaching party in contempt. n68 The district court stated that "'the wording of the [dismissal] order logically leads one to find that the terms of the settlement agreement were conditions approved by the court through the dismissal order and, thus, were incorporated into the order.'" n69

On appeal, the Second Circuit determined that the dismissal was pursuant to Rule 41(a)(1)(ii), and,·as a result, it could not be conditioned on compliance with the settlement--to do so would be equivalent to a mandatory injunction. n70 Furthermore, in a footnote, the court indicated that although *Kokkonen* allows the court to retain jurisdiction to enforce the agreement with the consent of the parties in·a Rule 41(a)(1)(ii) dismissal, the order expressed no such intent of the parties and the court. n71 Where the dismissal order dismissed the case "in accordance with the terms of the attached Settlement Agreement," the Second Circuit determined that it was an improper condition on a settlement under Rule 41(a)(1)(ii). n72 Thus, jurisdiction was not retained even where the parties indicated in the settlement agreement that they wished to have it retained. n73

In *Lynch, Inc. v. SamataMason, Inc.*, the Seventh Circuit was faced with the question of whether an enforceable settlement agreement was entered before a judge. n74 The trial judge·found that a settlement agreement had been reached and ordered the litigation dismissed with prejudice, but stated in the order that the court retained jurisdiction to enforce the settlement agreement. n75 The Seventh Circuit affirmed the decision but began its analysis by examining the significance of the purported retention of jurisdiction, stating as follows:

> It had no significance. Having dismissed the entire litigation, the court had no jurisdiction to do anything further, and so if SamataMason wanted to enforce the settlement agreement and Lynch balked, SamataMason would have to sue Lynch under the law of contracts. A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract. *Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 380-81, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994); Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002)*, and cases cited there. n76

This decision runs counter to the Supreme Court's holding in *Kokkonen*, and the Seventh Circuit's earlier decision in *VMS Securities Litigation*, n77 because the trial court specifically reserved jurisdiction to enforce the settlement agreement in the dismissal order. In *Kokkonen*, the Supreme Court explained how a court could retain ancillary jurisdiction over the settlement agreement, even though the underlying litigation was dismissed with prejudice.

## C. *KOKKONEN* IN OTHER CONTEXTS

*Kokkonen* may also be applied when the district court employs an administrative closing order to dismiss a case. In *Morris v. City of Hobart*, the parties in a Title VII case reached a settlement, and the court entered an administrative closing order allowing the parties to reopen the case within 60 days. n78 The order read:

> It appearing that these proceedings are held in abeyance pursuant to the settlement and compromise affected [sic] by the parties,
>
> IT IS ORDERED that the clerk Administratively terminate the action in his records without prejudice to the rights of the parties to reopen the proceedings for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation. If within 60 days hereof, the parties have not reopened for the purpose of obtaining such a final determination, the action will be deemed dismissed with prejudice. n79

Over four years later the plaintiff filed a separate suit in federal court for breach of the settlement agreement. n80 The district court found jurisdiction and enforced the agreement. n81 The Tenth Circuit determined that because the admin-

2003 Fed. Cts. L. Rev. 2

istrative closing order notified the parties that without further action, the case would be dismissed with prejudice after sixty days, it "matured" into a dismissal with prejudice at the expiration of the sixty-day time period and was sufficient to terminate the case. n82 After determining that the administrative closing order matured into a dismissal with prejudice, the Tenth Circuit analyzed the case under *Kokkonen*, stating that "[a] district court can . . . retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." n83 The court found neither an intent to retain jurisdiction nor an incorporation clause in the administrative closing order and therefore found no ancillary jurisdiction to enforce the settlement agreement. n84 Lastly, the court found no other independent basis for federal subject matter jurisdiction. n85

While the language of *Kokkonen* appears to be clear, requiring either a clause retaining jurisdiction over the enforcement of a settlement agreement, or the incorporation of the settlement agreement, the outcome of a particular case may depend on the interpretation by individual circuits. The so-called strict interpretation circuits, two, three, seven, eight, and nine, n86 may require more specific language in the dismissal order especially when the agreement is being incorporated into the dismissal, but may only be concerned with evidence of intent when the court uses a clause to retain jurisdiction.

These two standards may cause confusion among district courts and attorneys attempting to have a district court retain jurisdiction to enforce a settlement agreement. For instance, even though *Phar-Mor* referred to the Seventh Circuit as a strict interpreter for incorporation purposes, the Seventh Circuit has stated that when the district court retains jurisdiction over enforcement of a settlement agreement in its final order, "the district court need not use 'any magic form of words' to retain jurisdiction -all that is necessary is that it be possible to infer that [the court] did intend to retain jurisdiction.'" n87 Whatever confusion this may cause, the Seventh Circuit has added to it by determining that dismissals with prejudice preclude any further retention of jurisdiction, despite the clear direction to the contrary in *Kokkonen*. n88

## III. RECOMMENDED ALTERNATIVES

Judicially enforceable settlement agreements are important tools to resolve pending litigation. As a result, it is imperative that lawyers and judges be aware of the alternatives available to them and the pitfalls if an appropriate dismissal order is not entered. If the dismissal order does not preserve jurisdiction to the court to enforce the settlement agreement, the parties may be consigned to the state court to file a second lawsuit if there is no independent basis of federal jurisdiction. Furthermore, parties may be reluctant to settle if the trial judge lacks jurisdiction to enforce the settlement.

### A. Dismissal Order

In *Kokkonen*, the Supreme Court set forth the principles for courts to follow in order to retain jurisdiction to enforce settlement agreements. *Kokkonen* permits a court to retain jurisdiction where: 1) the dismissal order requires the parties' compliance with the settlement contract; 2) the court retains jurisdiction to enforce the settlement; or 3) the settlement agreement is embodied in the dismissal order by agreement of the parties. The following is a proposed order which seeks to meet *Kokkonen's* requirements.

### AGREED ORDER OF DISMISSAL

The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The parties request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381-82 (1994):*

IT IS HEREBY ORDERED:

1. The parties shall comply with the terms of their settlement agreement entered into on [DATE], [a copy of which is attached and incorporated by reference as if fully set forth].

2. By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement through [DATE].

3. Except as provided for in paragraphs 1 and 2 above, this case is dismissed, with prejudice, and each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED this ___ day of ___ 20__.

JUDGE

The introductory paragraph attempts to express the clear intent of the parties that the court retain jurisdiction in accordance with *Kokkonen*. Paragraph number 1 n89 imposes a judicial requirement that parties comply with the terms of the settlement agreement. In addition, the parties have the option of attaching the agreement and incorporating its terms by reference. Paragraph number 2 is designed to reflect an express retention of jurisdiction by the court. n90 An end date is suggested so the parties and the court are clear that the court does not intend to be involved forever. For example, if a settlement calls for payments to be made over a one-year period, the Court may wish to retain jurisdiction for a period of fifteen months to give the court time to address a default should it occur. Paragraph number 3 is intended to carve out a clear exception for the court to retain jurisdiction while dismissing the underlying case with prejudice. n91 The document is prepared in the form of an agreed order rather than a stipulation because *Kokkonen* contemplates that the retention of jurisdiction must be accomplished through an order even if the parties stipulate to it under Rule 41(a)(1)(ii). n92

### B. Consent Decree

A consent decree is an alternative to a settlement agreement. It is an agreement that parties desire and expect to be as enforceable as a judicial decree, subject to the rules generally applicable to other judgments and decrees. n93 Furthermore, a consent decree is a final judgment and may be reopened only to the extent equity requires. n94

The entry of a consent decree makes retention of jurisdiction more certain. In *Smyth v. Rivero*, consent decrees were distinguished from settlements. n95 *Smyth* explained the dual character of consent decrees, which have elements of both judgment and contract. n96 As a judgment, a consent decree is enforceable by judicial sanctions. n97 In contrast, settlement agreements are essentially private contracts. For the court to retain jurisdiction to enforce the settlement after dismissal of the suit, the obligation to comply with the agreement's terms must be expressly made part of a court's order. n98

However, courts should not rely on the issuance of a consent decree alone to retain jurisdiction over a settlement agreement. If the consent decree fails to mention the settlement agreement, a court may not be able to exert jurisdiction. In *National Presto Industries v. Dazey*, the Federal Circuit still applied the *Kokkonen* analysis to the language of a consent decree. n99 The analysis led to the holding that because the district court did not even mention the agreement or any of its terms in its order, jurisdiction was not proper under *Kokkonen*. *National Presto* is an unusual consent decree case. Consent decrees usually embody the settlement agreement reached between the parties, but in this case, the district court's consent decree merely permanently enjoined the defendant from selling a certain product. n100 The consent decree did not incorporate any of the other settlement terms. n101

### C. Conditional Dismissals Without Prejudice

Another alternative to a dismissal with prejudice is a conditional dismissal, without prejudice, to address the problem of jurisdiction. A conditional dismissal is generally phrased as a dismissal with leave to reinstate within a specified number of days. The idea behind a conditional dismissal is to allow parties an opportunity to finalize settlement documents and to return to court at a later date if there is a problem.

In *Pratt v. Philbrook*, the district judge entered a sixty-day Settlement Order of Dismissal when the parties announced they had agreed upon settlement terms and the case was dismissed without prejudice. n102 The order provided as follows: "this action is dismissed without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated by the parties." n103 The First Circuit described this form of order "as a mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a settlement after closure is announced." n104 Although the settlement agreement started falling through soon after the court entered the conditional dismissal, the plaintiff failed to alert the court of any difficulties until shortly after the expiration of the sixty days. n105 The district judge declined to exercise jurisdiction. The First Circuit remanded the case to the district judge for consideration of whether the plaintiff had shown excusable neglect for failing to alert the court the settlement had fallen through before the sixty-day period had passed. n106

2003 Fed. Cts. L. Rev. 2

In *Bell v. Schexnayder*, the parties advised the district judge of a settlement. n107 Subsequently, the court dismissed the case "without prejudice to the right, upon good cause shown within sixty (60) days, to reopen it if settlement is not consummated and seek summary judgment enforcing the compromise." n108 The Fifth Circuit held the district court acted properly by enforcing the settlement agreement because the district court expressly provided for the parties to reopen the case within a certain number of days and the defendants moved to reopen within that time period. n109

However, the use of conditional dismissals is not universally condoned. The Seventh Circuit criticized the practice in *Goss Graphics Systems, Inc. v. DEV Industries, Inc.* n110 In *Goss*, the parties advised the district court that a settlement was likely, and the court dismissed the case with leave to reinstate within six months. n111 The case did not settle and the plaintiff filed a motion to reinstate the case shortly before the deadline. n112 The original judge was no longer a district court judge and could not reinstate the case herself; the judge who was assigned the case denied the motion to reinstate. n113 On appeal, the Seventh Circuit reinstated the case. n114 The court stated that the case should not have been dismissed originally because it was likely to settle; rather the appropriate time to dismiss a case is when the dispute has been "definitively and finally resolved, not when it seems likely to be resolved." n115 The Court cited a number of cases in which it has criticized the practice of dismissal with leave to reinstate. n116

One problem with conditional dismissals is that the parties and courts do not always understand the consequences of such a dismissal and later reinstatement. Is the case to be reinstated for the purpose of continuing the litigation or enforcing the settlement? Once the settlement document is executed, will a dismissal with prejudice be entered? Once again, precision in the dismissal order is important.

Alternatively, the court may dismiss the case with leave to reopen within a certain number of days. This approach has worked in practice in some circuits, but it is not without criticism. When using this approach the following are some forms of suggested language.

The following language is suggested where parties may later seek enforcement of the settlement by the court:

> The court retains jurisdiction to enforce the settlement agreement. The case is dismissed without prejudice with leave to reinstate on or before [DATE] for the purpose of enforcing the settlement. In the event a motion to reinstate is not filed on or before the foregoing date, the dismissal will be with prejudice.

The following language is suggested where the parties intend to renew the litigation in the event a settlement is not finalized:

> The case is dismissed without prejudice with leave to reinstate on or before [DATE] for the purpose of proceeding with the litigation in the event a settlement has not been completed prior to that date. In the event a motion to reinstate is not filed on or before the foregoing date, the dismissal will be with prejudice.

## IV. CONCLUSION

Settlements are the predominant means of resolving federal litigation. Parties and the court must pay as much attention to the dismissal order and its consequences as they do to any other important stage of the litigation. Failure to enter an appropriate dismissal order can lead to unnecessary problems in the enforcement of settlement agreements. The Supreme Court's decision in *Kokkonen* sets forth guidelines which courts and parties can follow to preserve a court's jurisdiction to enforce a settlement agreement arising out of the litigation.

## Legal Topics:

For related research and practice materials, see the following legal topics:
Civil ProcedureDismissalsGeneral OverviewCivil ProcedureSettlementsGeneral OverviewContracts LawTypes of ContractsSettlement Agreements

## FOOTNOTES:

2003 Fed. Cts. L. Rev. 2

n1 *511 U.S. 375 (1994).*

n2 *Id. at 381-82.*

n3 Several other articles also discuss the issues raised in the *Kokkonen* decision. *See* Jeffrey A. Parness & Daniel J. Sennott, *Recognizing Party and Nonparty Interests in Written Civil Procedure Laws, 20 REV. LITIG. 481 (2001);* Margaret Meriwether Cordray, *Settlement Agreements and the Supreme Court, 48 HASTINGS L.J. 9 (1996);* Darryl R. Marsch, Note, *Postdismissal Enforcement of Settlement Agreements in Federal Court and the Problem of Subject Matter Jurisdiction, 9 REV. LITIG. 249 (1990)* (pre-Kokkonen).

n4 After the parties have settled a case, dismissal of the action with prejudice constitutes a final judgment on the merits and prevents the plaintiff from raising the claims in a subsequent action. *Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993).*

n5 *511 U.S. at 376.* Rule 41(a)(1) allows for voluntary dismissal of actions by the plaintiff or by stipulation. Rule 41(a)(1) reads as follows:

> **By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

*FED. R. CIV. P. 41(a)(1).*

n6 *Kokkonen, 511 U.S. at 377.* Although the court signed the stipulation and order, a voluntary dismissal by notice under Rule 41(a)(1) does not require any act of the court; it is self-executing. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2363 (West 1995).

n7 *Kokkonen, 511 U.S. at 377.*

n8 *Id.*

n9 *Kokkonen, No. 92-16628, 1993 WL 164884,* at *2 (9th Cir. May 18, 1993).

n10 *Kokkonen, 511 U.S. at 378.*

n11 Ancillary jurisdiction was codified as supplemental jurisdiction, along with pendent and pendent party jurisdiction, by *28 U.S.C. § 1367* in 1990. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

2003 Fed. Cts. L. Rev. 2

*28 U.S.C. § 1367*(a). The *Kokkonen* court did not refer to the supplemental jurisdiction statute in its analysis.

n12 The two purposes are also referred to as the two "heads" of ancillary jurisdiction. *Kokkonen, 511 U.S. at 380.*

n13 *Id. at 379-80.*

n14 *Id. at 380.*

n15 *Id.*

n16 *Id. at 381.*

n17 *Id.* Some circuits had addressed the issue earlier and come to a similar conclusion as *Kokkonen. Fairfax Countywide Citizens Ass'n v. County of Fairfax, 571 F.2d 1299, 1302-03 (4th Cir. 1978).* For instance, in McCall-Bey v. Franzen, involving a dismissal without prejudice after a settlement was reached, the Seventh Circuit held that a district court does not have inherent jurisdiction to enforce a settlement agreement. The court said:

> We have expressed no doubt of the power of a district judge to dismiss a lawsuit conditionally, retaining jurisdiction to effectuate terms of settlement agreed to by the parties. Nor do we think there is any magic form of words that the judge must intone in order to make the retention of jurisdiction effective. All that is necessary is that it be possible to infer that he did intend to retain jurisdiction--that he did not dismiss the case outright, thereby relinquishing jurisdiction.

*McCall-Bey v. Franzen, 777 F.2d 1178, 1188 (7th Cir. 1985).* This language is quoted and affirmed by the Seventh Circuit post-Kokkonen in a case involving a dismissal with prejudice. *VMS Sec. Litig. v. Prudential Sec., Inc. (In re VMS Sec. Litig.), 103 F.3d 1317, 1321-22 (7th Cir. 1996). See also In re VMS Ltd. P'ship Sec. Litig., No. 90 C 2412, 1991 WL 134262, at *1 (N.D. Ill. July 16, 1991)* (indicating that part of the case was dismissed with prejudice).

n18 *Kokkonen, 511 U.S. at 381.*

n19 Rule 41(a)(2) provides:

> **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

*Fed. R. Civ. P. 41(a)(2).*

n20 *Kokkonen, 511 U.S. at 381.*

n21 Rule 41(a)(1)(ii) is quoted in note 5.

2003 Fed. Cts. L. Rev. 2

n22 *Kokkonen, 511 U.S. at 381-82.* As pointed out above, a dismissal under *FED. R. CIV. P. 41(a)(1)(ii)* is effective upon filing and requires no action by the court. WRIGHT & MILLER, *supra* note 6. Thus, in many cases dismissed by stipulation, there will be no order by the court as there was here. Therefore, absent an order, a stipulation under Rule 41(a)(1)(ii) does not meet the *Kokkonen* test.

n23 *Kokkonen, 511 U.S. at 381.*

n24 *Id. at 382.* In D.S. Atkinson v. Lutin Cent. Services Co., Inc., No. 93 C 2294, *1994 WL 722864,* at *2-3 (1st Cir. Dec. 29, 1994), the court found an independent basis for jurisdiction, diversity of citizenship, to enforce a settlement agreement, even though the *Kokkonen* test was not met.

n25 BLACK'S LAW DICTIONARY 1063 (6th Ed. 1990) defines the term as follows: "Phrase 'with prejudice' as used in context in which an action is dismissed with prejudice, means an adjudication on merits and final disposition, barring right to bring or maintain an action on same claim or cause."

n26 *Gilbert v. Monsanto Co., 216 F.3d 695, 699 (8th Cir. 2000).*

n27 *Id. at 699.*

n28 *Id. at 700.* Defendant Monsanto argued that the district court only retained jurisdiction over the parties' "executed" settlement agreement and lacked jurisdiction to enter a judgment based on an oral agreement. *Id. at 699.*

n29 *Id. at 698-99.*

n30 *Id. at 699.* The court also cites *Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127 (8th Cir. 1995),* in which the court held no jurisdiction exists to enforce a settlement where the order of dismissal with prejudice did not retain jurisdiction to enforce the settlement. *Id.*

n31 *Re/Max Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 650 (6th Cir. 2001).*

n32 The parties dictated the general terms of the settlement agreement for the record and agreed to draft a written settlement agreement within forty-five days. *Id. at 637.*

n33 *Id. at 641.*

n34 *Id. at 640.*

n35 *Id. at 641.* Although it may seem that *Kokkonen* implicitly rejected the argument that an unconditional dismissal alone terminated federal jurisdiction, the Seventh Circuit recently held that an unconditional dismissal does terminate federal jurisdiction. *Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002).* The court cited a pre-Kokkonen case indicating that a court may conditionally dismiss a case and retain jurisdiction, but only if it does not dismiss the case outright. *McCall-Bey v. Franzen, 777 F.3d 1178, 1188 (7th Cir. 1985), see supra* note 17.

n36 *Re/Max, 271 F.3d at 645.*

n37 *Id. at 643.*

2003 Fed. Cts. L. Rev. 2

n38 *Id. at 645.*

n39 *Id. (citing In re Bond, 254 F.3d 669, 676-77 (7th Cir. 2001)).*

n40 *103 F.3d 1317 (7th Cir. 1996).*

n41 *In re* VMS Ltd. P'ship Sec. Litig., No. 90 C 2412, *1991 WL 134262,* at *2-6 (N.D. Ill. July 16, 1991).

n42 *Id.* at *1.

n43 *Id.* at *6.

n44 *In re VMS Sec. Litig., 103 F.3d at 1322.*

n45 *Id.*

n46 *229 F.3d 491, 502 (6th Cir. 2000).*

n47 *Id. at 497.*

n48 *Id. at 502.*

n49 *Id. at 501.*

n50 *Id. at 504.*

n51 *49 F.3d 1430, 1432 (9th Cir. 1995).*

n52 *Id. at 1433.*

n53 *Id.*

n54 *Id.*

n55 *Id.*

n56 *Scelsa v. City Univ. of New York, 76 F.3d 37, 39-40 (2d Cir. 1996).*

n57 *Id. at 40.*

n58 *Id. at 42.*

n59 *172 F.3d 270, 273 (3d Cir. 1999).*

2003 Fed. Cts. L. Rev. 2

n60 *Id.*

n61 *Id. at 274.*

n62 *Id.*

n63 *Id.* (quoting *Miener v. Missouri Dep't of Health, 62 F.3d 1126, 1128 (8th Cir. 1995)).*

n64 *Id.* The court noted several of its "sister circuits" which also shared the strict interpretation view (*citing Scelsa v. City Univ. of New York, 76 F.3d 37, 41 (2d Cir. 1996); Miener v. Missouri, 62 F.3d 1126, 1128 (8th Cir. 1995); Hagestad v. Tragesser, 49 F.3d 1430, 1432-33 (9th Cir. 1995);* and *Lucille v. City of Chicago, 31 F.3d 546, 548-49 (7th Cir. 1994)). Id.* However, this characterization of at least the Seventh Circuit may not be accurate. In *Lucille v. City of Chicago,* the plaintiff asked the court to enforce a settlement agreement in which some of the terms were incorporated into the dismissal order. The circuit court held that only those terms incorporated could be enforced, but did not address whether the language entering the order "in accordance with the Settlement Agreement which has been signed by all parties" was enough in itself to incorporate the agreement. Only the concurrence raised this issue. *Lucille, 31 F.3d at 549.* In addition, the concurrence notes that in *McCall-Bey v. Franzen* (a pre-Kokkonen case, but in line with *Kokkonen*), the circuit court held that "a judgment entered 'pursuant to' a settlement agreement incorporated that agreement." *Id. at 549 (citing McCall-Bey, 777 F.2d 1178, 1188-89 (7th Cir. 1985)).*

n65 *In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 275 (3d Cir. 1999).*

n66 *160 F.3d 911, 913 (2d Cir. 1998).*

n67 *Id.*

n68 *Id. at 914.*

n69 *Id.*

n70 *Id. at 916.*

n71 *Id. at 917 n.2.* "We conclude that the text of the dismissal order at issue here . . . did not clearly communicate an intention of the parties and of the district court that the parties' settlement agreement be incorporated into the order." *Id.*

n72 *Id. at 917.*

n73 *Id. at 913.*

n74 *279 F.3d 487, 488-89 (7th Cir. 2002).*

n75 *Id. at 489.*

2003 Fed. Cts. L. Rev. 2

n76 *Id. at 489*. The Seventh Circuit indicated that once a case is dismissed with prejudice (i.e., unconditionally), any retention of jurisdiction under *Kokkonen* is irrelevant.

n77 *103 F.3d 1317 (7th Cir. 1996)*. This distinction in the conditional or unconditional dismissal goes back to the Seventh Circuit's analysis in *McCall-Bey*, a pre-Kokkonen case. *See supra* notes 17, 35.

n78 *39 F.3d 1105, 1108 (10th Cir. 1994)*.

n79 *Id. at 1108.*

n80 *Id.*

n81 *Id.*

n82 *Id. at 1109.*

n83 *Id. at 1110 (citing Kokkonen, 511 U.S. at 381)*. It is noteworthy that *Kokkonen* itself does not use the "intent" language as it is cited by the *Morris* court.

n84 *Id.* at 1110.

n85 *Id.* at 1111.

n86 As listed in *In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (7th Cir. 1985), supra* note 64.

n87 *In re VMS Sec. Litig. v. Prudential Sec., Inc., 103 F.3d 1317, 1322 (7th Cir. 1996) (quoting McCall-Bey, 777 F.2d at 1188).*

n88 *Lynch, Inc. v. SamataMason, Inc., 279 F.3d 487, 488 (7th Cir. 2002), see supra* notes 74-77 and accompanying text.

n89 Paragraph 1 is directed at the Supreme Court's statement in *Kokkonen* that the "situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the dismissal order -- either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *511 U.S. at 381.*

n90 *Id.*

n91 *See* discussion *supra* notes 25-39 and accompanying text.

n92 "Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree." *Kokkonen, 511 U.S. at 381-82.*

n93 *Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 378 (1992).*

2003 Fed. Cts. L. Rev. 2

n94 *Id. at 391.*

n95 *282 F.3d 268, 279-81 (4th Cir. 2002).*

n96 *Id. at 280 (citing Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 519 (1986)* (describing the "hybrid nature" of consent decrees)).

n97 *Id.*

n98 *Id. at 283.*

n99 *107 F.3d 1576, 1582-83 (Fed. Cir. 1997).*

n100 *Id. at 1578.*

n101 *Id.*

n102 *109 F.3d 18 (1st Cir. 1997).*

n103 *Id. at 21.*

n104 *Id. at 21 n.5.*

n105 *Id. at 18.*

n106 *Id. at 23.*

n107 *36 F.3d 447 (5th Cir. 1994).*

n108 *Id. at 448.*

n109 *Id. at 450.*

n110 *267 F.3d 624, 626 (7th Cir. 2001).*

n111 *Id. at 625.*

n112 *Id. at 625.*

n113 *Id. at 626.*

n114 *Id. at 628.*

2003 Fed. Cts. L. Rev. 2

n115 *Id. at 626.*

n116 *Id. at 626 (citing Otis v. City of Chicago, 29 F.3d 1159, 1163 (7th Cir. 1994); King v. Walters, 190 F.3d 784, 786 (7th Cir. 1999); Ford v. Neese, 119 F.3d 560, 562 (7th Cir. 1997)).*