IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACUSHNET COMPANY,<br><br>Defendant. | C. A. No. 06-91 (SLR)<br><br># REDACTED |

### DECLARATION OF THOMAS L. HALKOWSKI IN SUPPORT OF CALLAWAY GOLF COMPANY'S *OPPOSITION* TO ACUSHNET'S MOTION TO (i) PARTIALLY VACATE THE COURT'S NOVEMBER 20, 2007 DECISION and (ii) DISMISS CALLAWAY'S CLAIM OF BREACH OF CONTRACT (COUNT V)

I, Thomas L. Halkowski, declare as follows:

1.     I am a principal of Fish & Richardson P.C., counsel of record in this action for Callaway Golf Company. I am a member of the Bar of the State of Delaware and am admitted to this Court. I have personal knowledge of the matters stated in this declaration and would testify to them under oath if called upon to do so.

2.     Attached as **Exhibit A** is a true and correct copy of an article entitled "US Patent Office ruling supports Titleist", as published in *SouthCoastToday.com*, July 6, 2008.

3.     Attached as **Exhibit B** is a true and correct copy of the Declaration of Joseph J. Nauman in support of *Acushnet's Reply to Defendant's Opposition to Acushnet's Motion for Expedited Discovery*, filed in Civil Action No. 00-11631-DPW, Acushnet Company vs. Spalding Sports Worldwide, Inc., on August 22, 2000.

4.     Attached as **Exhibit C** is a true and correct copy of the Court's Order filed in Civil Action No. 96-144-MMS, Spalding & Evenflow Companies, Inc., and Lisco, Inc., vs. Acushnet Company, on June 3, 1996.

# REDACTED

5.    Attached as **Exhibit D**  ██████████

████████████████████████████████████████████████████████

██████

6.    Attached as **Exhibit E** is a true and correct copy of excerpts from this Case's Docket.

7.    Attached as **Exhibit F** is a true and correct copy of the Answer and Counterclaims of Acushnet Company to the Consolidated Complaint of Patent Infringement, filed in Civil Action 96-73-MMS, dated June 14, 1996.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of August, 2008 at Wilmington, Delaware.

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, the attached document was electronically filed with the Clerk of Court using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 28, 2008, I have Electronically Mailed the document to the following person(s):

Richard L. Horwitz                          Attorneys for Defendant
David E. Moore                              ACUSHNET COMPANY
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Alan M. Grimaldi, Esq.                      Attorneys for Defendant
Joseph P. Lavelle                           ACUSHNET COMPANY
Brian Rosenthal
Clint Brannon
Kenneth Donnolly
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
grimaldia@howrey.com
lavellej@howrey.com
rosenthalB@howrey.com
brannonC@howrey.com
donnellyk@howrey.com

/s/ Thomas L. Halkowski
Thomas L. Halkowski

# Exhibit A

Thursday, August 28, 2008

HOME | HOME DELIVERY | PLACE AN AD | CLASSIFIEDS | LOCAL SEARCH | TOOLBAR

**SouthCoast**TODAY.com
Your link to SouthCoast Massachusetts and beyond

LOCAL WEATHER:
SUNNY 75°
Forecast / Radar
Sign Up for E-mail Alerts

NEWS | SPORTS | OPINION | ENTERTAINMENT | LIFESTYLE | SPECIAL REPORTS | SIGHTS & SOUNDS | YOUR TOWN | MARKETPLACE | SERVICES

# U.S. Patent Office ruling supports Titleist

By **CHARIS ANDERSON**
Standard-Times staff writer
July 06, 2008 6:00 AM

Acushnet Co. won a victory last week in its ongoing fight against Callaway Golf for the right to continue to manufacture its wildly successful Titleist Pro V1 golf balls.

The U.S. Patent and Trademark Office, which has been reexamining the patents at the heart of the dispute since January 2006, continued to maintain the patents' invalidity as it moved one patent to the appeal stage and closed prosecution on a second patent, according to Acushnet Co. Executive Vice President Joseph Nauman.

Decisions on the remaining two patents are still pending.

Acushnet Co. contends that the patents owned by Carlsbad, Calif.-based Callaway are invalid, while Callaway, in a civil suit filed in federal district court in Delaware in February 2006, argued that the Pro V1 golf ball line infringes on its patents.

"That's very good news for us," Mr. Nauman said of the patent office's decision. "It tells us that the patent office has heard all the arguments and is still unconvinced."

Callaway declined to comment on the decisions, according to Michele Szynal, a spokeswoman for the company.

During a re-examination, the patent office takes a second look at patents that have been issued previously and decides whether or not the patents are valid.

Re-examinations typically go through several rounds of review, with the patent office issuing a report at the end of each round that both sides have a chance to respond to before the cycle continues.

The first patent, which has been moved to the appeal stage, is the farthest along in the process. The patent office will not re-examine the patent for another round, and Callaway's only recourse is to appeal the decision of invalidity to the patent board of appeals, according to Mr. Nauman.

An action closing prosecution has been issued on the second patent: "The patent office is basically saying, 'We've heard all the arguments, and we're not going to change our minds,'" Mr. Nauman said.

Both sides have an opportunity to respond to that action before the patent office makes a final decision to move the patent to the appeal stage, according to Mr. Nauman.

Meanwhile, progress — but no decisions — has also been made in the court case since a jury ruled in Callaway's favor in December.

Both sides have filed motions: Callaway is seeking a permanent injunction against Acushnet Co., while Acushnet Co. is asking the judge to rule for it as matter of law — effectively overturning the jury's decision — or, alternatively, to grant a new trial, according to court records.

Acushnet Co. also filed a motion asking the court to stay any permanent injunction pending an appeal, court records stated.

All the motions are now before Judge Sue L. Robinson, who presided over the case; historically, she has taken about a year to issue rulings on motions in similar cases, according to Mr. Nauman.

"We don't know what's going to happen or when it's going to happen," he said.

Regardless of what Judge Robinson ultimately rules, it is likely that one side or the other will appeal to the Federal Circuit Court, which is also the final destination for appeals of the patent office's decisions, according to Mr. Nauman.

"This is a little bit of a race," he said.

Contact Charis Anderson at canderson@s-t.com.

**MOST VIEWED STORIES**

New Bedford man wins $1M lottery prize

Neighbors fearful after two early morning fires

She's more than one of the boys

Titleist to shift some ball production overseas

2 charged in Rochester break-in

2 dead after I-495 rollover

Crime Watch blog: NB cop lauded for catching copper thief in the act

HOME

**READER REACTION**

These discussions and our forums are not moderated. We rely on users to police themselves, and flag inappropriate comments and behavior. You need not be registered to report abuse. In accordance with our Terms of Service, we reserve the right to remove any post at any time for any reason, and will restrict access of registered users who repeatedly violate our terms. Click here if you wish to report inappropriate comments or behavior.

Be the first to post a comment using the form below

Add Comment

Report Abuse

*Posts may not appear immediately and are subject to Standard-Times' Terms of Use.

Print this Article    Email this Article



CLICK FOR HOME DELIVERY
The Standard-Times
SERVING THE SOUTHCOAST COMMUNITY

Home Delivery Questions / Comments?
Call 800-445-7482 or Click Here.
Locations to Buy Your Copy of The Standard-Times

Site index
Full index

**Marketplace**
Classifieds
Jobs
Cars
Real Estate
Apartments
Place an ad
Local search

**Interact**
Forums
Blogs
RSS Feeds
Rate / Review

**News**
Local
State
National
Education
Business
Weather
Obituaries
Death Notices
Politics
Religion

**Multimedia**
Photos
Videos
Out & About
Submit a Photo

**YourTown**
Acushnet
Dartmouth
Fairhaven
Fall River
Freetown
Lakeville
Marion
Mattapoisett
Middleboro
New Bedford
Rehoboth
Rochester
Somerset
Swansea
Wareham
Westport

**Sports**
High School
Red Sox
Patriots
Celtics
Bruins
Sports Blogs
Sports Columns
Golf Guide
Youth Sports

**Services**
Subscribe
Email Alerts
TextAlerts
Toolbar
Mobile News

**Lifestyle**
Health
Gardens
Outdoors
Pets
Family Room
Weddings
Columnists
WiFi HotSpots
Waterfront
Guide
Family
Milestones
BookLovers
Locks of Love

**Entertainment**
Coastin'
Movies
Dining
Wailing City
Grape
Expectations
Horoscopes
TV
Sudoku
Crossword
More Games
Calendar

**Special Reports**
Campaign
Contributions
Restaurant
Inspections
Crime
Database
Immigration
Raid
Tax Day
Surviving Hard
Times
Earth Crisis
Casino
A Nossa Vida
Whaling in NB
Half-Marathon

TERMS OF USE | COPYRIGHT | PRIVACY POLICY | SITE MAP | CONTACT US | ADVERTISE | RATE CARD |
Copyright © 1995-2008 South Coast Media Group, a division of Ottaway Newspapers, Inc. All Rights Reserved.

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ACUSHNET COMPANY,

Plaintiff,

v.

SPALDING SPORTS WORLDWIDE, INC.

Defendant.

Civil Action No.

---

## DECLARATION OF JOSEPH J. NAUMAN IN SUPPORT OF ACUSHNET'S REPLY TO DEFENDANT'S OPPOSITION TO ACUSHNET'S MOTION FOR EXPEDITED DISCOVERY

I, Joseph J. Nauman, hereby declare as follows:

1.     I am an attorney duly licensed to practice law in the State of New York, and I am the Senior Vice President and General Counsel of Acushnet Company ("Acushnet"). The facts set forth in this Declaration are either based upon my personal knowledge, or upon the information available to me, which I believe to be true and correct, and if called upon as a witness, I would testify competently thereto.

2.     I understand that defendant has alleged for the first time that a 1996 settlement agreement between the parties requires that the present dispute be

submitted to mediation and/or filed exclusively in Delaware District Court. This position is not well-founded.

3.      The 1996 Agreement ("the Agreement") relied upon by defendant resolved a prior patent infringement and false advertising litigation between the parties. As the recitals, definitions and successor provisions of the Agreement make clear, the terms of the Agreement relate specifically to the manufacture and sale of *golf balls* and is binding only on the successors of the parties' golf ball businesses.   A copy of this Agreement is attached hereto as Exhibit A.

4.      At the time the Agreement was executed in 1996, both Acushnet and defendant had substantial and ongoing businesses relating to golf clubs, golf apparel, and other golf accessories.   If the parties had intended the Agreement to govern all disputes relating to these businesses, they could have made this clear in the Agreement, but did not do so.  Moreover, at the time the Agreement was executed in 1996, defendant was not even in the footwear business and therefore could not have contemplated at the time that future disputes concerning golf shoes would be governed by the Agreement.

5.      At no point during the negotiation of the Agreement or thereafter was it contemplated that the Agreement would cover anything other than *golf ball* disputes between the parties.  In fact, in 1998, Acushnet filed a lawsuit against defendant's predecessor-in-interest and wholly owned subsidiary Etonic Worldwide Corporation based on its dissemination of false advertising relating to *golf footwear*. The parties did not follow the non-binding mediation procedures set forth in the Agreement prior to filing this action in 1998 and Etonic actively participated in the action before the case ultimately was resolved by settlement.  A copy of the docket sheet from the Court reflecting defendant's subsidiaries participation in this case is attached hereto as Exhibit B.

6.        During my numerous attempts to negotiate a resolution of the present dispute with defendant's counsel, the 1996 Agreement and the dispute resolution clause was never raised as an issue. It was not until I advised defendant's in-house counsel that Acushnet planned to seek a preliminary injunction that defendant first claimed that the parties were required to submit this case to mediation.

7.        Even if the Agreement related to the present golf footwear dispute, defendant's conduct during the course of the negotiation process as described in my earlier Declaration in Support of Acushnet's Preliminary Injunction Motion was directly contrary to the terms of the Agreement providing for good faith negotiation and confidentiality. In particular, defendant's publication of a literally false press release while the parties were in the process of negotiation made it impossible to resolve this matter quicky and without unwarranted publicity. Indeed, defendant's false press release was picked up in a number of articles that suggested defendant had prior rights in the ECOMFORT name. As a result of this conduct by defendant, I do not believe that it would have been feasible to resolve this dispute through mediation under the Agreement.

I, JOSEPH NAUMAN, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: August 22, 2000

Joseph J. Nauman

# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPALDING & EVENFLO COMPANIES, INC., and LISCO, INC., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 96-72-MMS |
| | : | |
| ACUSHNET COMPANY and AMERICAN BRANDS, INC., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPALDING & EVENFLO COMPANIES, INC., and LISCO, INC., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 96-73-MMS |
| | : | |
| ACUSHNET COMPANY and AMERICAN BRANDS, INC., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ACUSHNET COMPANY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 96-78-MMS |
| | : | |
| SPALDING & EVENFLO COMPANIES, INC., | : | |
| Defendant. | : | |

ACUSHNET COMPANY,               :

                  Plaintiff,     :

                          :

      v.                 :     Civil Action No. 96-139-MMS

                          :

SPALDING & EVENFLO COMPANIES,:
INC., and LISCO, INC.,           :

                          :

             Defendants. :

---

SPALDING & EVENFLO COMPANIES, :
INC., and LISCO, INC.,           :

                          :

                  Plaintiffs,    :

                          :

      v.                 :     Civil Action No. 96-144-MMS

                          :

ACUSHNET COMPANY and       :
AMERICAN BRANDS, INC.,      :

                          :

             Defendants. :

## ORDER

At Wilmington this **3rd** day of **June, 1996**,

IT IS ORDERED that

      1.    A settlement/mediation teleconference shall be held on **Saturday, June 22, 1996** beginning at **9:30 a.m.** William Wade, Esquire shall initiate the conference call. A tentative date for the continuation of the mediation is scheduled for either **July 12, 1996 or July 13, 1996.**

      2.    The attorneys who will be trying the case and their respective clients and/or decision makers regarding settlement who shall include individuals with full authority to act on behalf of the parties, including the authority to negotiate resolutions of the matter, must be present. The settlement/mediation conference statement shall advise the Court

of either the identity or the number of individuals who shall be participating on behalf of a party during the settlement/mediation conference.

3.    On or before **Friday, June 14, 1996**, each party shall submit to the Magistrate-Judge ONLY **AN ORIGINAL** of the settlement conference statement. The settlement conference statements shall not be filed with the Clerk's Office, shall not be exchanged among the parties or counsel, shall not be provided to the trial judge and shall not become part of the record in this matter. The contents of the settlement conference statements and the conference discussions shall remain confidential, and shall not be used in any subsequent litigation.

4.    The settlement/mediation conference statement may be in memorandum or letter form, and shall be limited to no more than ten (10) pages double spaced in length. It shall contain the following:

a)    A description of who the parties are, their relationship, if any, to each other and by whom each party is represented.

b)    A brief factual background, clearly indicating those facts not in dispute.

c)    A brief summary of the law, including applicable statutes, cases and standards. Any unreported decisions including decisions from this jurisdiction, are to be included as exhibits.

d)    An **honest** discussion of the party's claims and/or defenses, including the strengths and weaknesses of the party's position.

e)    A brief description or history of prior settlement negotiations and discussions, including the party's assessment as to why settlement has not been reached,

the party's proposed term(s) for a settlement and a description of how the party believes the Court may be able to assist in reaching an agreement.

f)    The amount of attorneys' fees and costs **listed separately** that have been incurred by the party to date, with a fair estimate of such additional fees and expenses, including expert witness fees, if this matter is not settled.  In the case of a contingency fee or non-hourly rate fee arrangement, the percentage of that fee, if applicable, the number of hours and costs incurred by the party to date, with a fair estimate of additional expenses, including expert witness fees, and the amount of hours if this matter is not settled.

5.    Crucial or pertinent documents or other documentary evidence or a summary of said documents may be submitted as exhibits to the settlement conference statement.  Counsel are cautioned to limit such exhibits.

6.    Those participating in the settlement/mediation conference shall be available and accessible throughout the process.  The Court expects the parties' full cooperation with the settlement/mediation process.

UNITED STATES MAGISTRATE-JUDGE

# Exhibit D

# REDACTED
# IN ITS ENTIRETY

# Exhibit E

PATENT, PaperDocuments, TRIALBRIEFING

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00091-SLR

Callaway Golf Company v. Acushnet Company
Assigned to: Judge Sue L. Robinson
Related Case: 1:07-cv-00367-SLR
Cause: 35:271 Patent Infringement

Date Filed: 02/09/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Callaway Golf Company**               represented by     **Thomas Lee Halkowski**
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070
Email: halkowski@fr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig R. Compton**
Pro Hac Vice
Email: compton@fr.com
*ATTORNEY TO BE NOTICED*

**David Ellis Moore**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email: dmoore@potteranderson.com
*ATTORNEY TO BE NOTICED*

**John V. Picone, III.**
Pro Hac Vice
UNDELIVERABLE E-MAIL

**Roger A. Denning**
Pro Hac Vice
Email: denning@fr.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Acushnet Company**                represented by   **David Ellis Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L. Horwitz**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th
Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email: rhorwitz@potteranderson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan M. Grimaldi**
Pro Hac Vice
Email: grimaldia@howrey.com
*ATTORNEY TO BE NOTICED*

**Brian Rosenthal**
Email: rosenthalb@howrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Clinton H. Brannon**
Pro Hac Vice
Email: brannonc@howrey.com
*ATTORNEY TO BE NOTICED*

**John E. Dubiansky**
Pro Hac Vice
Email: dubianskyj@howrey.com
*ATTORNEY TO BE NOTICED*

**Joseph P. Lavelle**
Pro Hac Vice
Email: LavelleJ@howrey.com
*ATTORNEY TO BE NOTICED*

**Kenneth W. Donnelly**
Pro Hac Vice
Email: donnellyk@howrey.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2006 | 1 | COMPLAINT filed with Jury Demand against Acushnet Company - Magistrate Consent Notice to Pltf. ( Filing fee $ 250, receipt number 142233.) - filed by Callaway Golf Company. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Civil Cover Sheet)(dab, ) (Entered: 02/09/2006) |
| 02/09/2006 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (Attachments: # 1 Acknowledgement of Consent Form) (dab, ) (Entered: 02/09/2006) |
| 02/09/2006 |  | Summons Issued as to Acushnet Company on 2/9/2006. (dab, ) (Entered: 02/09/2006) |
| 02/09/2006 | 3 | Return of Service Executed by Callaway Golf Company. Acushnet Company served on 2/9/2006, answer due 3/1/2006. (Halkowski, Thomas) (Entered: 02/09/2006) |
| 02/09/2006 | 4 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 6,210,293 B1; 6,503,156 B1; 6,506,130 B2; 6,595,873 B2; (dab, ) (Entered: 02/09/2006) |
| 02/15/2006 |  | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb, ) (Entered: 02/15/2006) |
| 02/28/2006 | 5 | MOTION for Pro Hac Vice Appearance of Attorney David J. Miclean, John V. Picone, Michael J. Curley, Craig R. Compton - filed by Callaway Golf Company. (Halkowski, Thomas) (Entered: 02/28/2006) |
| 03/01/2006 | 6 | ANSWER to Complaint by Acushnet Company.(Moore, David) (Entered: 03/01/2006) |
| 03/03/2006 |  | SO ORDERED, re 5 MOTION for Pro Hac Vice Appearance of Attorney David J. Miclean, John V. Picone, Michael J. Curley, Craig R. Compton filed by Callaway Golf Company, . Signed by Judge Sue L. Robinson on 3/2/06. (fmt, ) (Entered: 03/03/2006) |
| 03/17/2006 | 7 | Disclosure Statement pursuant to Rule 7.1 filed by Callaway Golf Company identifying no corporate parent as Corporate Parent. (Halkowski, Thomas) (Entered: 03/17/2006) |
| 04/25/2006 | 8 | ORDER Setting Deadlines/Hearings Scheduling TeleConference set for 5/9/2006 08:30 AM before Honorable Sue L. Robinson. Signed by Judge Sue L. Robinson on 4/25/06. (rld, ) (Entered: 04/25/2006) |
| 05/05/2006 | 9 | MOTION to Stay *[ACUSHNET COMPANY'S MOTION TO STAY LITIGATION PENDING INTER PARTES REEXAMINATION BY THE U.S. PATENT OFFICE]* - filed by Acushnet Company. (Attachments: # 1 Text of Proposed Order)(Moore, David) (Entered: 05/05/2006) |
| 05/05/2006 | 10 | OPENING BRIEF in Support re 9 MOTION to Stay *[ACUSHNET COMPANY'S MOTION TO STAY LITIGATION PENDING INTER PARTES* |

| 11/16/2007 | [338](#) | Proposed Voir Dire by Callaway Golf Company. (Halkowski, Thomas) (Entered: 11/16/2007) |
|---|---|---|
| 11/16/2007 | [339](#) | VERDICT SHEET by Callaway Golf Company *Joint Proposed Verdict Form and Interrogatories to the Jury.* (Halkowski, Thomas) (Entered: 11/16/2007) |
| 11/17/2007 | [340](#) | Proposed Jury Instructions by Callaway Golf Company. (Halkowski, Thomas) (Entered: 11/17/2007) |
| 11/17/2007 | [341](#) | Proposed Jury Instructions by Callaway Golf Company. (Halkowski, Thomas) (Entered: 11/17/2007) |
| 11/19/2007 | [342](#) | Letter to The Honorable Sue L. Robinson from David E. Moore, Esquire regarding defendant's trial submission - re [337](#) Proposed Voir Dire. (Moore, David) (Entered: 11/19/2007) |
| 11/19/2007 | [343](#) | Proposed Jury Instructions by Callaway Golf Company. (Halkowski, Thomas) (Entered: 11/19/2007) |
| 11/20/2007 | [344](#) | Letter to The Honorable Sue L. Robinson from Thomas L. Halkowski regarding enclosing Callaway Golf's Proposed Voir Dire; Joint Proposed Verdict Form and Interrogatories to the Jury; Joint Proposed Preliminary Jury Instructions; and Amended Joint (Proposed) Final Jury Instructions. (Halkowski, Thomas) (Entered: 11/20/2007) |
| 11/20/2007 | [345](#) | MEMORANDUM ORDER; disputed claim language of the patents in suit shall be construed as noted, see order for further details. Signed by Judge Sue L. Robinson on 11/20/2007. (rlp) (Entered: 11/20/2007) |
| 11/20/2007 | [346](#) | MEMORANDUM ORDER, Motions terminated: DENIED IN PART GRANTED IN PART [278](#) MOTION (Acushnet Company's Motion to Exclude the Testimony and Report of Callaway's Expert Witness Garth L. Wilkes) filed by Acushnet Company, GRANTED [288](#) MOTION to Preclude *Callaway Golf's Daubert Motion to Exclude Expert Testimony re Hybrid Golf Balls* filed by Callaway Golf Company, DENIED AS MOOT [284](#) MOTION (Acushnet Company's Motion to Exclude the Testimony and Report of Callaway's Expert Witness Brian Napper) filed by Acushnet Company. Signed by Judge Sue L. Robinson on 11/20/2007. (rlp) (Entered: 11/20/2007) |
| 11/20/2007 | [347](#) | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 11/20/2007. (rlp) (Entered: 11/20/2007) |
| 11/20/2007 | [348](#) | ORDER granting [197](#) Motion for Summary Judgment ; granting [200](#) Motion for Summary Judgment ; denying [201](#) Motion for Partial Summary Judgment; denying [213](#) Motion for Summary Judgment ; denying [215](#) Motion for Summary Judgment. Signed by Judge Sue L. Robinson on 11/20/2007. (rlp) (Entered: 11/20/2007) |
| 11/20/2007 | | Minute Entry for proceedings held before Judge Sue L. Robinson : Final Pretrial Conference held on 11/20/2007. (Court Reporter V. Gunning.) (rlp) (Entered: 11/20/2007) |
| 11/20/2007 | | SO ORDERED from the Bench during the pretrial conference, re [334](#) Proposed Pretrial Order, filed by Callaway Golf Company, by Judge Sue L. |

|  |  | Robinson on 11/20/07. (rlp) (Entered: 11/20/2007) |
|---|---|---|
| 11/20/2007 |  | SO ORDERED, re 335 MOTION for Pro Hac Vice Appearance of Attorney Nicholas James Little of Howrey, LLP filed by Acushnet Company. Signed by Judge Sue L. Robinson on 11/20/07. (rlp) (Entered: 11/20/2007) |
| 11/21/2007 | 349 | TRANSCRIPT of Pretrial Conference held on 11/20/2007 before Judge Robinson. Court Reporter: V. Gunning. (Transcript on file in Clerk's Office) (fmt) (Entered: 11/21/2007) |
| 11/21/2007 | 350 | SEALED TRANSCRIPT (pgs 18-29) of Pretrial Conference held on 11/20/2007 before Judge Robinson. Court Reporter: V. Gunning. (Transcript on file in Clerk's Office) (fmt) (Entered: 11/21/2007) |
| 11/21/2007 | 351 | Letter to The Honorable Sue L. Robinson from David E. Moore regarding disputed trial witnesses (UNDER SEAL). (Moore, David) (Entered: 11/21/2007) |
| 11/24/2007 | 352 | Letter to THE HONORABLE SUE L. ROBINSON from RICHARD L. HORWITZ, ESQ. regarding to provide assistance to the Court in its examination of Dr. Statz's report - re 349 Transcript, 350 Transcript. (Attachments: # 1 Exhibit 1, part 1# 2 Exhibit 1, part 2# 3 Exhibit 2)(Horwitz, Richard) (Entered: 11/24/2007) |
| 11/27/2007 | 353 | Letter to The Honorable Sue L. Robinson from Thomas L. Halkowski regarding Callaway's response - re 352 Letter,. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Halkowski, Thomas) (Entered: 11/27/2007) |
| 11/27/2007 | 354 | Letter to The Honorable Sue L. Robinson from Thomas L. Halkowski regarding bifurcation. (Halkowski, Thomas) (Entered: 11/27/2007) |
| 11/27/2007 | 355 | SEALED Letter to The Honorable Sue L. Robinson from Thomas L. Halkowski regarding Response to Achushnet's November 21, 2007 letter to Court regarding testimony of golfers Phil Michelson and Greg Norman. (Attachments: # 1 Exhibit Timeline)(Halkowski, Thomas) Modified on 11/28/2007 (rwc, ). (Entered: 11/27/2007) |
| 11/27/2007 | 356 | SEALED DECLARATION *of Thomas Halkowski* by Callaway Golf Company. (Attachments: # 1 Exhibits A-O)(Halkowski, Thomas) (Entered: 11/27/2007) |
| 11/28/2007 |  | CORRECTING ENTRY: Added text: "SEALED" to entry - DI# 355. (rwc) (Entered: 11/28/2007) |
| 11/28/2007 | 357 | Letter to The Honorable Sue L. Robinson from David E. Moore regarding trial witnesses (UNDER SEAL) - re 355 Letter,. (Moore, David) (Entered: 11/28/2007) |
| 11/28/2007 | 358 | Letter to Honorable Sue L. Robinson from Thomas L. Halkowski regarding response - re 357 Letter. (Halkowski, Thomas) (Entered: 11/28/2007) |
| 11/29/2007 | 359 | Letter to The Honorable Sue L. Robinson from David E. Moore regarding response to Callaway's November 27, 2007 letter (UNDER SEAL) - re 353 Letter. (Moore, David) (Entered: 11/29/2007) |

# Exhibit F



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SPALDING & EVENFLO COMPANIES,
INC.
   and
LISCO, INC.,

                Plaintiffs,

        v.

ACUSHNET COMPANY
   and
AMERICAN BRANDS, INC.,

             Defendants.

Civil Action No. **96-73-MMS**

## ANSWER OF DEFENDANT ACUSHNET COMPANY TO THE
## CONSOLIDATED COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Acushnet Company ("Acushnet"), for its answer to the Complaint of
Plaintiffs, Spalding & Evenflo Companies, Inc. ("Spalding") and Lisco, Inc. ("Lisco"), states
as follows:

### THE PARTIES

1.     States that it is without sufficient information to form a belief as to where
Spalding has its principal place of business and admits the remaining allegations set forth in
paragraph 1 of the Complaint.

2.      States that it is without sufficient information to form a belief as to whether Lisco owns all of the U.S. trademark rights of Spalding and admits the remaining allegations set forth in paragraph 2 of the Complaint.

3.      Admits the allegations set forth in paragraph 3 of the Complaint.

4.      Admits that:  i) American Brands, Inc. is a holding company, duly organized and existing under the laws of the State of Delaware with its principal place of business at 1700 East Putnam Avenue, Old Greenwich, Connecticut 06870; ii) Acushnet is owned by American Brands, Inc.; and, iii) American Brands, Inc.'s registered statutory agent is the United States Corporation Company located at 32 Lockerman Square, Suite L-100, Dover, Delaware 19901.  Except as so admitted, Acushnet denies any remaining allegations set forth in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Admits that this action purports to be brought pursuant to the Federal Patent Laws, specifically 35 U.S.C. § 281.

6.      Admits that the jurisdiction of this Court purports to be founded on 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 281.

7.      Admits that it is subject to personal jurisdiction in Delaware.  Except as so admitted, Acushnet denies the remaining allegations set forth in paragraph 7 of the Complaint.

8.      Admits that it is subject to personal jurisdiction in the District of Delaware.  Acushnet denies that it has introduced infringing golf balls into the U.S. stream of commerce with the knowledge that such golf balls have been and will be distributed and used in interstate commerce and sold and used throughout the United States, including the State of

Delaware. Acushnet is without sufficient knowledge or information to form a belief as to whether the allegations set forth in paragraph 8 of the Complaint are sufficient to establish personal jurisdiction over it under the Delaware Long Arm Statute, and therefore denies the same.

9. Admits that venue is proper in Delaware pursuant to 28 U.S.C. § 1391(c) and § 1400. Except as so admitted, Acushnet denies the remaining allegations set forth in paragraph 9 of the Complaint.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,328,959

10. Admits that Spalding is engaged in the manufacture and marketing of golf clubs and golf balls. Except as so admitted, Acushnet is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint, and therefore denies the same.

11. States that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies the same.

12. Admits that Spalding sells golf products under a variety of trademarks. Acushnet is without sufficient knowledge or information to form a belief as to: 1) whether Spalding is the registered owner of each of the designations identified in paragraph 12 of the Complaint; 2) whether each of the designations identified in paragraph 12 of the Complaint is a valid registered or common law trademark; and 3) whether each of Spalding's products sold under the designations identified in paragraph 12 of the Complaint is well-known, widely desired or utilized by golfers, and therefore denies the same.

13.    Admits that a two piece ball consists of a solid core and a separate outer cover and that a wound or three piece ball consists of a core or center, windings, and an outer cover. Except as so admitted, Acushnet is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint, and therefore denies the same.

14.    States that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies the same.

15.    States that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies the same.

16.    Admits that the golf industry has attempted to produce golf balls made of blended ionomeric resins and softer polymeric materials and denies the remaining allegations set forth in paragraph 16 of the Complaint.

17.    Admits that golf balls made of various "hard-soft ionomeric blends" have been attempted. Except as so admitted, Acushnet is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint, and therefore denies the same.

18.    Admits that U.S. Patent No. 4,884,814 purports to be directed to golf balls comprised of a blend of "hard" methacrylic acid ionomer resins and "soft" ionomer methacrylic acid based ionomer resins containing the Shore D values and ratios set forth in paragraph 18 of the Complaint. Except as so admitted, Acushnet is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint, and therefore denies the same.

19.    States that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies the same.

20.    Admits that the alleged invention involved in the present suit is purportedly directed to "new" golf ball cover compositions which purportedly exhibit the attributes set forth in paragraph 20 of the Complaint.  Except as so admitted, Acushnet is without sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint, and therefore denies the same.

21.    Admits that the present patent infringement dispute concerns U.S. Patent No. 5,328,959 (the "'959 patent") and that the patent is purportedly directed to golf balls possessing the attributes set forth in paragraph 21 of the Complaint.  Except as so admitted, Acushnet is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and therefore denies the same.

22.    States that it without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.  In fact, the allegation appears to be inconsistent with the allegations set forth in paragraph 2 of the Complaint.  Admits that a copy of the '959 patent is attached to the Complaint as Exhibit A.

23.    States that it without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies the same.

24.    States that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint, and therefore denies the same.

25.    Denies the allegations set forth in paragraph 25 of the Complaint.

26.    Admits that it distributed golf balls in the United States with the knowledge of the existence of the '959 patent and denies the remaining allegations set forth in paragraph 26 of the Complaint.

27.    Denies that it sold, offered for sale and distributed golf balls in this judicial district and elsewhere that are covered by one or more claims of the '959 patent. Acushnet also states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.

28.    States that it is without sufficient information to form a belief as to whether it has induced others to make, use or sell golf balls which allegedly infringe the '959 patent and notes that, even if such were the case, such activities would not give rise to a cognizable claim under the Patent Statutes. Moreover, Acushnet denies that it has actively induced others to infringe the '959 patent and denies the remaining allegations set forth in paragraph 28 of the Complaint.

29.    Denies the allegations set forth in paragraph 29 of the Complaint.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 5,368,304

30.    Incorporates, as though fully set forth herein, each and every response to the allegations set forth in paragraph 1-29 above.

31.    Admits that: 1) the initial velocity is mainly determined by the coefficient of restitution ("COR"); 2) the COR of the core of a wound golf ball can be controlled by regulating the winding tension and the thread and center composition; and 3) the COR of the core of a two-piece golf ball is generally a function of the elastomer composition from which it is made.  Except as so admitted, Acushnet is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations set forth in paragraph 16 of the Complaint, and therefore denies the same.

32.    Denies that cover component of a golf ball is particularly influential in effecting the compression, spin rates, distance and durability of the resulting golf ball and states that it is without sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint and, therefore, denies the same.

33.    Admits the allegations set forth in paragraph 33 of the Complaint.

34.    Admits that the present patent dispute concerns U.S. Patent No. 5,368,304 (the "'304 patent") and that the patent is purportedly directed to golf balls possessing the attributes set forth in the first four sentences of paragraph 34 of the Complaint. Except as so admitted, Acushnet denies the remaining allegations set forth in paragraph 34 of the Complaint.

35.    Admits that the present patent infringement dispute concerns the '304 patent and that the patent is purportedly directed to golf balls which purportedly exhibit and possess the attributes set forth in paragraph 35 of the Complaint.  Except as so admitted, Acushnet denies the remaining allegations set forth in paragraph 35 of the Complaint.

36.    Admits that the '304 patent describes, as an alternate embodiment, a larger than 1.680" golf ball purportedly possessing the attributes set forth in paragraph 36 of

the Complaint. Except as so admitted, Acushnet denies the remaining allegations set forth in paragraph 36 of the Complaint.

37.     States that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint. In fact, the allegation appears to be inconsistent with the allegations set forth in paragraph 2 of the Complaint. Admits that a copy of the '304 patent is attached to the Complaint as Exhibit B.

38.     States that it without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies the same.

39.     States that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 39 of the Complaint, and therefore denies the same.

40.     Denies the allegations set forth in paragraph 40 of the Complaint.

41.     Admits that it made and distributed golf balls in the United States with the knowledge of the existence of the '304 patent and denies the remaining allegations set forth in paragraph 41 of the Complaint.

42.     Denies that it sold, offered for sale and distributed golf balls in this judicial district and elsewhere that are covered by one or more claims of the '304 patent. Acushnet also states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Complaint.

43.     States that it is without sufficient information to form a belief as to whether it has induced others to make, use or sell golf balls which allegedly infringe the '304 patent and notes that, even if such were the case, such activities would not give rise to a

cognizable claim under the Patent Statutes. Moreover, Acushnet denies that it has actively induced others to infringe the '304 patent and denies the remaining allegations set forth in paragraph 43 of the Complaint.

44.    Denies the allegations set forth in paragraph 44 of the Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Acushnet states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

45.    All claims in the '959 and '304 patents are invalid and void for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and 112.

### SECOND AFFIRMATIVE DEFENSE
### (Unenforceability)

46.    All claims in the '959 patent are void and unenforceable against Acushnet due to inequitable conduct or fraud in the procurement of the '959 patent because the applicants for the '959 patent, including their attorney(s) and/or authorized representative(s), failed to comply with the duty of due care, candor, and full disclosure required of applicants before the United States Patent and Trademark Office ("PTO") in that during the prosecution of the applications leading to the '959 patent, the applicants intentionally failed to disclose and/or misrepresented information, prior art, and/or data material to the examination and evaluation conducted by the PTO which resulted in the issuance of the '959 patent.

47.    Specifically, applicants for the '959 patent, including their attorney(s) and/or authorized representatives, knew or should have known of the existence of Australian Patent Appln. No. 27008/88; Spanish Patent Appln. No. 8900138; and French Patent Appln. No. 2,625,909, applications which were filed on behalf of Spalding, which disclose the subject

matter claimed in the '959 patent, and which were published prior to the filing date of the '959 patent.

      48.    All claims in the '304 patent are void and unenforceable against Acushnet due to inequitable conduct or fraud in the procurement of the '304 patent because the applicants for the '304 patent, including their attorney(s) and/or authorized representative(s), failed to comply with the duty of due care, candor, and full disclosure required of applicants before the United States Patent and Trademark Office ("PTO") in that during the prosecution of the applications leading to the '304 patent, the applicants intentionally failed to disclose and/or misrepresented information, prior art, and/or data material to the examination and evaluation conducted by the PTO which resulted in the issuance of the '304 patent.

      49.    Specifically, applicants for the '304 patent, including their attorney(s) and/or authorized representatives, knew or should have known that the corresponding application was unpatentable under 35 U.S.C. § 112 because:

    a)    the spin rate recited in the claims does not characterize the spin rate of the claimed golf ball, but rather a golf ball which, based on its Riehle compression and hardness, falls outside the scope of the claims;

    b)    there is no independent support provided in the application as filed for attributing the claimed spin rate to the claimed golf ball; and

    c)    the specification and claims provide insufficient details on the method for measuring the claimed spin rate. Thus, applicants did not properly distinguish the claimed invention over the prior art and did not provide sufficient guidance for one to respect the metes and bounds of their alleged invention.

### THIRD AFFIRMATIVE DEFENSE
**(Unenforceability)**

50.     All claims in the '959 patent are void and unenforceable against

Acushnet because Spalding, including its attorney(s) and/or authorized representative(s), have

asserted the '959 patent when it knew or should have known that the '959 patent was invalid

and unenforceable, based on the publication of Australian Patent Appln. No. 27008/88;

Spanish Patent Appln. No. 8900138; and French Patent Appln. No. 2,625,909, applications

which were filed on behalf of Spalding, which disclose the claimed subject matter, which were

published prior to the filing date of the '959 patent, and which were brought to Spalding's

attention by Acushnet in early January 1995.

51.     All claims in the '304 patent are void and unenforceable against

Acushnet because Spalding, including its attorney(s) and/or authorized representative(s), have

asserted the '304 patent when it knew or should have known that the '304 patent was invalid

and unenforceable, based on the following facts which were brought to Spalding's attention by

Acushnet in early January 1995:

a)     the allegations set forth in paragraph 49, *supra*; and

b)     the claims of the '304 patent could not be construed to
       cover Acushnet's standard-sized golf ball, as asserted,
       without reading on the prior art and, therefore, being
       invalid.

### FOURTH AFFIRMATIVE DEFENSE
**(Non-Infringement)**

52.     The manufacture and/or marketing and/or distribution and/or sale of golf

balls by Acushnet does not infringe any valid claim of the '959 or '304 patent.

## ADDITIONAL AFFIRMATIVE DEFENSES

53.    Acushnet reserves the right to assert additional affirmative defenses as they become apparent through discovery.

## COUNTERCLAIMS

For its counterclaims, Acushnet alleges as follows:

## THE PARTIES

54.    Acushnet incorporates by reference, as though fully set forth herein, each and every response to the allegations set forth in paragraphs 1-4 above.

## JURISDICTION AND VENUE

55.    This is a civil action arising under the Patent Laws of the United States, Title 35, United States Code, the Federal Declaratory Judgment Act, and the statutory and common law of the State of Delaware and the Commonwealth of Massachusetts.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and under pendent jurisdiction.

56.    This Court has personal jurisdiction over defendants because defendants are found and are doing business, and have purposefully directed their activities at residents in this judicial district in the State of Delaware.

57.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

58.    Acushnet, through its Titleist and Foot-Joy Worldwide Division, is now and long has been engaged in the business of developing, manufacturing, distributing, marketing and selling golf equipment of exceptional quality.  Acushnet's domestic golf ball manufacturing facilities are located in Massachusetts.  These golf balls are sold throughout the

United States, including Massachusetts, and overseas. All of Acushnet's golf equipment is designed and manufactured to its precise specifications and has been and continues to be of the highest quality. This consistent high quality has enabled Acushnet to establish and maintain over many years a reputation for innovation and excellence.

59.    Acushnet has manufactured and sold golf balls (and other golf products) in Massachusetts since at least as early as 1933. Its principal brands are "TITLEIST", including "TITLEIST DT" and "PINNACLE". Over the years, Acushnet has received numerous United States and foreign patents for its innovations in golf products, including golf balls.

60.    Spalding, through its Spalding Sports Worldwide Division is, among other things, engaged in the manufacture of golf balls and their marketing, distribution and sale in Massachusetts and in interstate commerce, under, *inter alia*, the trademark TOP-FLITE.

61.    Spalding and Acushnet are parties to a Settlement Agreement dated November 15, 1990 which is governed by Massachusetts law (the "Settlement Agreement"). This Settlement Agreement, which has been designated confidential by the parties, resolved a number of then pending disputes between Spalding and Acushnet relating to the manufacture and sale of golf balls. The Settlement Agreement also provides a procedure for resolving subsequent patent disputes between Spalding and Acushnet relating to the manufacture and sale of golf balls, including good faith discussions towards possible mediation of such disputes.

62.    On or about October 17, 1994 and October 21, 1994, Spalding sent letters from its Chicopee, Massachusetts facility to Acushnet at its principal place of business in Fairhaven, Massachusetts, alleging that Acushnet, through its manufacture and sale of

certain TITLEIST DT and PINNACLE golf balls, was infringing U.S. Patent 5,328,959 (the "'959 patent"). A copy of the letters and the '959 patent are attached hereto as Exhibits A and B, respectively.

63.    On or about January 6, 1995, Spalding sent a letter to Acushnet at its Fairhaven, Massachusetts facility alleging that Acushnet, through the manufacture and sale of SUPER PINNACLE PLUS golf balls, was infringing U.S. Patent 5,368,304 (the "'304 patent"). A copy of the letter and the '304 patent are attached hereto as Exhibits C and D, respectively.

64.    Pursuant to the Settlement Agreement Acushnet and Spalding embarked on a series of meetings and ongoing negotiations with a view to resolving the dispute concerning the alleged infringement of the claims of the '959 patent by Acushnet, including the possible selection of mediators and initiation of a mediation procedure on or before a February 16, 1995 deadline. By letter dated February 10, 1995, Acushnet's counsel provided to Spalding a proposed list of potential mediators. See Exhibit E, which is a copy of the February 10, 1995 letter to Spalding. Spalding responded with a letter dated February 15, 1995 offering its candidates for mediators and raised the suggestion of extending the February 16, 1995 deadline for reaching agreement on the selection of mediator(s). A copy of Spalding's February 15, 1995 letter is attached hereto as Exhibit F.

65.    The next day, February 16, 1995, in a telephone conversation with counsel for Spalding, counsel for Acushnet requested that the parties extend the deadline for selecting mediators. During that conversation and in response to the request, counsel for Spalding revealed that Spalding had filed a complaint against Acushnet alleging infringement of the '959 patent.

66.    In fact, at 11:30 a.m. on February 16, 1995, while Acushnet was considering Spalding's suggested mediators and several hours before the aforesaid telephone conversation, Spalding and Lisco filed a complaint against Acushnet (and its parent) in the United States District for the Northern District of Ohio, Eastern Division, alleging that certain golf balls made in Massachusetts and distributed therefrom by Acushnet, including TITLEIST DT golf balls, infringe one or more claims of the '959 patent (the "Ohio infringement action").  A copy of that Complaint, which had not been served on Acushnet at that time, was obtained by Acushnet from the Clerk's office of that court and is attached hereto as Exhibit G.

67.    An actual controversy exists between Acushnet and defendants Spalding and Lisco over the '959 and '304 patents based upon, among other facts, the activities and communications described in the preceding paragraphs.

## COUNT I
## INVALIDITY OF THE '959 PATENT

68.    Acushnet incorporates herein by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 54-67 above.

69.    All claims of the '959 patent are invalid and void for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and 112.

70.    All claims of the '959 patent are invalid as anticipated under 35 U.S.C. § 102(b) in that the subject matter claimed in the '959 patent was described in one or more published foreign patent applications more than one year before the earliest-filed United States Patent Application leading to the '959 patent.

## COUNT II
## UNENFORCEABILITY OF THE '959 PATENT

71.     Acushnet incorporates herein by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 54-67 above.

72.     All claims of the '959 patent are void and unenforceable against plaintiff Acushnet due to inequitable conduct or fraud in the procurement of the '959 patent because the applicants for the '959 patent, including their attorney(s) and/or authorized representative(s), failed to comply with the duty of due care, candor, and full disclosure required of applicants before the United States Patent and Trademark Office ("PTO") in that during the prosecution of the applications leading to the '959 patent, the applicants intentionally failed to disclose and/or misrepresented information, prior art, and/or data material to the examination and evaluation conducted by the PTO which resulted in the issuance of the '959 patent.

73.     Specifically, applicants for the '959 patent, including their attorney(s) and/or authorized representatives, knew or should have known of the existence of Australian Patent Appln. No. 27008/88; Spanish Patent Appln. No. 8900138; and French Patent Appln. No. 2,625,909, applications which were filed on behalf of Spalding, which disclose the subject matter claimed in the '959 patent, and which were published prior to the filing date of the '959 patent.

## COUNT III
## NONINFRINGEMENT OF THE '959 PATENT

74.     Acushnet incorporates herein by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 54-73 above.

75.     The manufacture and/or marketing and/or distribution and/or sale of golf balls by Acushnet, including TITLEIST DT, does not infringe any valid claim of the '959 patent.

## COUNT IV
## INVALIDITY OF THE '304 PATENT

76.     Acushnet incorporates herein by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 54-67 above.

77.     All the claims in the '304 patent are invalid and void for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, 112 and 132.

## COUNT V
## UNENFORCEABILITY OF THE '304 PATENT

78.     Acushnet incorporates herein by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 54-67 and 77 above.

79.     The claims of the '304 patent are void and unenforceable against Acushnet due to inequitable conduct or fraud in the procurement of the '304 patent because the applicants for the '304 patent, including their attorney(s) and/or authorized representative(s), failed to comply with the duty of due care, candor, and full disclosure required of applicants before the United States Patent and Trademark Office ("PTO") in that during the prosecution of the applications leading to the '304 patent, the applicants intentionally failed to disclose

and/or misrepresented information, prior art, and/or data material to the examination and

evaluation conducted by the PTO which resulted in the issuance of the '304 patent.

80.    Specifically, applicants for the '304 patent, including their attorney(s)

and/or authorized representatives, knew or should have known that the corresponding

application was unpatentable under 35 U.S.C. § 112 because:

a)    the spin rate recited in the claims does not characterize the
spin rate of the claimed golf ball, but rather a golf ball
which, based on its Riehle compression and hardness,
falls outside the scope of the claims;

b)    there is no independent support provided in the application
as filed for attributing the claimed spin rate to the claimed
golf ball; and

c)    the specification and claims provide insufficient details on
the method for measuring the claimed spin rate.  Thus,
applicants did not properly distinguish the claimed
invention over the prior art and did not provide sufficient
guidance for one to respect the metes and bounds of their
alleged invention.

## COUNT VI
## NONINFRINGEMENT OF THE '304 PATENT

81.    Acushnet incorporates herein by reference, as though fully set forth

herein, each and every allegation set forth in paragraphs 54-67, 77 and 80 above.

82.    The manufacture and/or marketing and/or distribution and/or sale of golf

balls by Acushnet, including SUPER PINNACLE PLUS golf balls, does not infringe any valid

claim of the '304 patent.

## COUNT VII
## BREACH OF CONTRACT AND FOR BAD FAITH DEALING

83.    Acushnet incorporates herein by reference, as though fully set forth

herein, each and every allegation set forth in paragraphs 54-67 above.

84.    Upon information and belief, Spalding's actions in filing the Ohio infringement action, *inter alia*, with the purpose and/or effect of using that litigation to influence any subsequent settlement negotiations between Acushnet and Spalding constitute a violation and/or breach of the implied covenant of good faith and fair dealing that attaches to the Settlement Agreement pursuant to established laws of the Commonwealth of Massachusetts.

85.    Acushnet had substantially performed pursuant to the Settlement Agreement.

86.    The actions and failures to act of Spalding in contravention of god faith and fair dealing have caused and continue to cause injury and damage to the business and property of Acushnet.

## COUNT VIII
## UNFAIR OR DECEPTIVE TRADE ACTS OR PRACTICES

87.    Acushnet incorporates herein by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 54-67 and 84-86 above.

88.    By its actions and failures to act, including the filing of the Ohio infringement action in contravention of the Settlement Agreement, Spalding has engaged in unfair or deceptive trade acts or practices in violation of Mass. G.L. c. 93A, § 2.

89.    Upon information and belief, Spalding's aforesaid acts or practices were performed willfully and knowingly in violation of said Mass. G.L. c. 93A, § 2.

90.    Spalding's violation of the implied covenant of good and fair dealing constitutes an unfair trade act.

91.    Spalding's unlawful acts or practices have caused and will continue to cause irreparable injury and damage to the business and property of Acushnet.

## ADDITIONAL COUNTERCLAIMS

92.    Acushnet reserves the right to assert additional counterclaims as they become apparent through discovery.

WHEREFORE, Defendant/Counterplaintiff prays:

A.    That the '959 and '304 patents are invalid, void and/or unenforceable against Acushnet;

B.    That the '959 and '304 patents are not infringed by Acushnet's manufacture, and/or marketing, and/or distribution, and/or sale of golf balls;

C.    That Plaintiffs, their officers, agents, employees, attorneys and/or persons in active concert or participation with them, be permanently enjoined from suing or threatening to sue, distributors or customers, concerning alleged infringement of the '959 or '304 patent;

D.    That Plaintiffs are in breach of the Settlement Agreement;

E.    That Plaintiffs engaged in willfully and knowingly in unfair or deceptive acts or practices in violation of Mass. G.L.c. 93A, §§ 1 *et seq.*;

F.    That Acushnet be awarded monetary damages in the amount established at the trial in this action;

G.    That Acushnet be awarded treble damages caused by Plaintiffs' willful and knowing violation of Mass. G.L. c. 93A, §§ 1 *et seq.*;

H.    That Acushnet be awarded its reasonable attorney fees incurred in the prosecution of this action;

I.    That Acushnet be awarded its costs of this action; and

J.    That Acushnet be awarded such other relief as may be just and equitable.


William J. Wade (Del. Bar #704)
Robert W. Whetzel (Del. Bar #2288)
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 658-6541

Attorneys for Defendant
Acushnet Company

*Of Counsel:*

David Weild, III
Rory J. Radding
Peter D. Vogl
Scott B. Familant
PENNIE & EDMONDS
1155 Avenue of the Americas
New York, New York 10036
(212) 790-9090


DATE:  June 14, 1996