

Potter
Anderson
& Corroon LLP

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

October 9, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

  Re: **Callaway Golf Company v. Acushnet Company**
    **C.A. No. 06-91-SLR**

Dear Judge Robinson:

  Defendant, Acushnet Company ("Acushnet"), writes to advise you of developments in the reexamination proceedings related to the four patents in suit. The PTO has consistently rejected all claims in all patents throughout the reexaminations. Now the PTO has issued rulings closing prosecution of all the reexaminations, with all claims having been rejected as invalid in all four reexaminations.

  We previously advised you that the PTO closed prosecution on the '130 and '873 patents, finding all claims in both patents invalid. *See* D.I. 469. Callaway has appealed the final determination in the '130 patent to the PTO Board of Patent Appeals and Interferences. We expect it to appeal the rejection of the '873 patent as well once the right of appeal notice (the final procedural step in examination) issues in the near future.

  On the enclosed CD, you will find recent lengthy decisions of the PTO rejecting all claims and closing prosecution on the '293 and '156 patents (Exs. 1 and 2, respectively). The PTO has continued to find the claims invalid under 35 U.S.C. § 102 as anticipated by Nesbitt incorporating Molitor '637. The PTO has also found all the claims invalid as obvious under § 103, making scores of rejections over the same prior art in the litigation, including Nesbitt, Proudfit, Wu, Molitor '637, and Molitor '751. The PTO has thus repeatedly found all the claims in these patents to be invalid on many grounds.

The Honorable Sue L. Robinson
October 9, 2008
Page 2

### PTO Rejection of "On the Ball" Claims.

Significantly, in the `293 and `156 patents, Callaway submitted new claims to the PTO which claim that the Shore D hardness of the cover layers is measured "on the ball."[1] These new claims thus tracked exactly the claim construction the Court issued in this case. Indeed, Callaway's claims used the identical language of the original claims-in-suit but contained the following extra limitation: "wherein the Shore D hardness values of the inner and outer cover layers are measured on the golf ball." Ex. 1 at 211; Ex. 2 at 237. In examining the claims, the PTO likewise understood them to be the same as the issued claims, with the additional limitation that hardness be measured "on the ball." *Id.*

In the two recent actions closing prosecution, the PTO rejected as obvious and unpatentable all of the "on the ball" claims submitted by Callaway in the `293 and `156 reexaminations. *See* Ex. 1 at 203-343; Ex. 2 at 237-385. While the claims were rejected as unpatentable on many grounds, in general, the PTO found that the Molitor `751 patent disclosed the claimed hardness values, measured "on the ball." *See, e.g.,* Ex. 1 at 211, 232-34, 246-49; Ex. 2 at 237, 256-58, 271-74.

In the past (*e.g.,* D.I. 470), Callaway has urged the Court to disregard the PTO reexaminations because they involved a different claim construction from that applied by the Court. With the rejection of the "on the ball" claims, that argument no longer has any currency. The PTO has specifically considered claims wherein the Shore D hardness of the cover layers is measured "on the ball" and found those claims unpatentable on scores of grounds. In considering the JMOL motions currently before the Court, it is altogether proper for the Court to consider these actions by the PTO rejecting claims of the same scope and construction to those in this case. *See* D.I. 417 at 26, 46-47 (citing cases); D.I. 434 at 35-36 (citing cases).

### Correlating Shore C and Shore D Measurements.

In opposing Acushnet's JMOL motions on invalidity, Callaway has argued to the Court that the Shore C measurements made "on the ball" in Molitor `751 could not be converted to a Shore D value, and that one skilled in the art could not make this correlation. In this regard, it is noteworthy that the PTO examiner categorically rejected this contention as well.

The examiner noted that Molitor `751 discloses Shore C hardness measurements made "on the ball." The examiner further noted that "<u>Shore C and Shore D hardness values [are] considered by the examiner to be interchangeable.</u>" *E.g.,* Ex. 1 at 219. The examiner relied on the fact that industry documents show tables that correlate measurements between the two scales, which evidence is also before the Court in Acushnet's JMOL motions. *Id.* The examiner further relied on the patent owner's own admission that a Shore C hardness of 73 (in the range preferred

---

[1] The new, "on the ball" claims are claims 9-16 in the '293 patent reexamination and claims 12-22 in the '156 patent reexamination.

The Honorable Sue L. Robinson
October 9, 2008
Page 3

by Molitor '751) is equivalent to a Shore D hardness of 47, which is well less than a Shore D hardness of 64. *See id.* at 233 (citing U.S. Patent No. 6,905,648, in the trial record at DX-981).

Patent examiners are, by law, considered to be one of skill in the art in which they examine. *See* D.I. 417 at 46, citing *Dickinson v. Zurko,* 527 U.S. 150, 160 (1999) ("PTO is an expert body"); *In re* Berg, 320 F.3d 1310, 1315 (Fed. Cir. 2003) (Examiners are "persons of scientific competence in the fields in which they work" and "are responsible for making findings, informed by their scientific knowledge, as to the meaning of prior art references to persons of ordinary skill in the art and the motivation those references would provide to such persons."). Hence, this aspect of the PTO reexamination, which flatly contradicts Callaway's arguments to the Court regarding the Shore C measurements in Molitor '751, may also be relevant to the Court in consideration of the pending motions for JMOL.

\* \* \* \* \*

In sum, the PTO has determined that Callaway's claims-in-suit are invalid and should never have issued. The PTO has closed prosecution on all reexaminations, and rejected claims both under the "broadest reasonable construction" applied in reexamination and under the "on the ball" construction applied by this Court. We anticipate that the PTO will issue shortly to Callaway "Right to Appeal Notices," which will formally conclude all proceedings before the examiners in all four of these patents.

Respectfully submitted,

*/s/ David E. Moore*

David E. Moore

DEM:nmt
886211/30030

Enclosures
cc:   Clerk of the Court (by hand delivery w/enclosures, hard copy and disk)
      Counsel of Record (by electronic mail w/enclosures)