IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,          )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civ. No. 06-091-SLR
                                )
ACUSHNET COMPANY,               )
                                )
          Defendant.            )

Thomas L. Halkowski, Esquire of Fish & Richardson P.C., Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Frank E. Scherkenbach, Esquire of Fish and Richardson P.C., Boston, Massachusetts; Roger A. Denning, Esquire of Fish and Richardson P.C., San Diego, California.

Richard L. Horwitz, Esquire and David E. Moore, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Joseph P. Lavelle, Esquire, Kenneth W. Donnelly, Esquire, and Brian A. Rosenthal, Esquire of Howrey LLP, Washington, D.C.

**MEMORANDUM OPINION**

Dated: November 10, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Callaway Golf Company ("plaintiff") filed this action against Acushnet Company ("defendant") on February 9, 2006, alleging infringement of U.S. Patent Nos. 6,506,130 ("the '130 patent"), 6,503,156 ("the '156 patent"), 6,210,293 ("the '293 patent"), and 6,595,873 ("the '873 patent") (collectively, "the Sullivan patents"). (D.I. 1) Plaintiff alleged that defendant's Titleist® Pro V1® brand golf balls embody the technology claimed in one or more claims of the asserted patents. (*Id.* at ¶¶ 17-21) The parties filed motions for summary judgment. (D.I. 197, 200, 201, 213, 215) On November 20, 2007, the court issued its claim construction decision (D.I. 345) and issued its memorandum opinion on the summary judgment motions (D.I. 347), in which it granted plaintiff's motions for summary judgment of no anticipation and for breach of contract, denied defendant's motions for summary judgment of invalidity and no breach of contract, and denied defendant's motion for partial summary judgment that U.S. Patent No. 4,274,637 to Molitor ("Molitor '637") was incorporated by reference into a particular piece of prior art. Prior to trial, defendant stipulated that its Pro V1® golf balls infringe claims 1, 4 and 5 of the '293 patent, claims 1-3 of the '156 patent, claim 5 of the '130 patent, and claims 1 and 3 of the '873 patent, and that its Titleist® Pro V1x® and Pro V1*® golf balls infringe all of the foregoing claims, with the exception of claim 1 of the '293 patent. (D.I. 367) A jury trial was held between December 5 and 14, 2007 on the issue of validity of each of the asserted claims, due to obviousness. The jury returned a verdict that each asserted claim was valid but one – claim 5 of the '293 patent – which it found invalid. (D.I. 399) Currently before the court is defendant's motion to dismiss

plaintiff's breach of contract claim and to vacate the court's November 20, 2007 opinion and order based on lack of subject matter jurisdiction (D.I. 471).

## II. BACKGROUND

In 1996, defendant entered into a settlement agreement (the "Agreement") with Spalding and Evenflo Companies, Inc. ("Spalding"), plaintiff's predecessor-in-interest, and Lisco, Inc., a wholly owned subsidiary of Spalding, to resolve patent-related claims in two actions brought in the District of Delaware: (1) Civ. No. 96-73-MMS, filed by Spalding and Lisco against defendant and American Brands, Inc.; and (2) Civ. No. 96-78-MMS, filed by defendant against Spalding and Lisco. (D.I. 199, ex. 1) The Agreement contained a "Dispute Resolution" clause, providing that

> [a]ny dispute arising out of or relating to patents, including the above mentioned patents, other intellectual property owned or controlled by the parties, or claims relating to advertising shall be resolved in accordance with the procedures specified in this [s]ection, which shall be the sole and exclusive procedure for the resolution of any such disputes.

(Id. at 15, ¶ 19.1) The Agreement continues to detail a procedure involving negotiations and mediation. (Id. at 16-17, ¶¶ 19.2-6) If mediation fails to resolve a dispute, the Agreement provides that,

> [a]t the conclusion of a referral to the Magistrate or other judge as set forth in 19.6, should the dispute remain unresolved, either party may initiate legal proceedings but only in the United States District Court for the District of Delaware, and no other. **Said court retains jurisdiction of the parties for such purposes**.

(Id. at 18, ¶ 19.7) (emphasis added)

When the Agreement was executed, the parties dismissed the pending litigations by filing stipulations of dismissal pursuant to Rule 41(a)(1)(ii) with the court. (D.I. 472,

exs. C, D)  The stipulations contain the following identical language.

> Pursuant to 41(a)(1)(ii) of the Federal Rules of Civil Procedure and a Settlement Agreement of August 5, 1996, **the terms of which are incorporated herein by reference**, the parties to the above action stipulate and agree that all claims in the action, including both the complaint and all counterclaims, be, and hereby are, dismissed with prejudice, and that each party shall bear its own costs and attorneys' fees.
>
> The parties also stipulate and agree that the **court shall retain jurisdiction to resolve any and all disputes arising out of the Settlement Agreement in accordance with the terms of the Settlement Agreement**.

(*Id.*) (emphasis added)  Neither stipulation of dismissal included a "So ordered" line for the court's approval.  The stipulations were filed with the court on August 9, 1996, and both cases were closed the same day.  (*Id.*, exs. D, E)

Pursuant to the Agreement, the parties engaged in two unsuccessful mediations in 2005 regarding Spalding's rights under the Sullivan patents.  Thereafter, defendant filed *inter partes* reexamination requests for each patent with the United States Patent and Trademark Office ("PTO") on January 17, 2006.  (D.I. 199, exs. 5-8)  Plaintiff filed the present infringement action shortly thereafter on February 9, 2006.  (D.I. 1)  Plaintiff attempted to stop the PTO's consideration of the reexamination based on the Agreement; when it became apparent that the PTO would proceed, plaintiff filed for leave to amend its complaint to file a breach of contract claim in June 2006.  (D.I. 33; D.I. 30, 31)  The court granted plaintiff's motion.  In November 2006, defendant filed an answer to plaintiff's amended complaint, in which it asserted that plaintiff lacked standing to bring its breach of contract claim because plaintiff was not a party to the Agreement.  (D.I. 60 at ¶ 77 (Eighth Affirmative Defense))  In August 2007, the parties each moved for summary judgment on plaintiff's breach of contract claim.

3

While those motions were pending, on November 14, 2007, the parties jointly submitted a proposed pretrial order that included a statement that "plaintiff claims that this court has jurisdiction over [its] breach of contract claim pursuant to 28 U.S.C. § 1367 . . . [and that] the court has retained jurisdiction to enforce that settlement agreement based on its jurisdiction over the underlying case." (D.I. 334 at 3) Defendant did not oppose or challenge this portion of the order.

By its memorandum opinion dated November 20, 2007, the court found section 19.7 akin to a forum selection clause, and held that defendant violated the Agreement by filing the reexaminations to contest the validity of the Sullivan patents.[1] (D.I. 347) In so holding, the court rejected defendant's claim that plaintiff was not a party to the Agreement. (*Id.* at 25) The court granted plaintiff's motion for summary judgment of breach of contract and denied defendant's motion for breach of contract. (D.I. 348) The case proceeded to trial on defendant's invalidity claims, and the jury returned a verdict for plaintiff.

Despite having pursued an affirmative defense based on lack of standing, filing its own summary judgment motion on the issue, multiple papers in connection therewith (and in opposition to plaintiff's motion), and participating in an oral argument before the court, defendant never raised the issue of subject matter jurisdiction prior to the filing of its present motion, nearly a year after the court's summary judgment ruling and months

---

[1]Specifically, the court found that "[i]f [an *inter partes* reexamination] is a legal proceeding, defendant breached by filing a legal proceeding in the wrong forum; if it is not, defendant breached because the Agreement only allows for legal proceedings." (D.I. 347 at 27)

following the jury's adverse verdict on defendant's invalidity claims.[2]  Defendant admits

that the information behind its motion to dismiss was available throughout this litigation;

it simply did not look for it until recently (following its loss at trial), when it decided to

"better understand its rights as to where it may file any future actions" against plaintiff.

(D.I. 472 at 2, n.1)

## III. STANDARDS

Federal courts are courts of limited jurisdiction.  "[T]hey only have the power that

is authorized by Article III of the Constitution and the statutes enacted by Congress

pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)

(citation omitted).  Article III, section 2 of the Constitution requires that there exist in the

matter before the court a live case or controversy; absent one, the federal court is

divested of jurisdiction.  *See Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 (3d

Cir. 1988).

In *Kokkonen v. Guardian Life Insurance Company of America* (hereinafter,

"*Kokkonen*"), the Supreme Court held that the enforcement of a settlement agreement

"is [a matter] for state courts, unless there is some independent basis for federal

jurisdiction."  511 U.S. 375, 382 (1994).  Ancillary jurisdiction does not permit a federal

court to enforce a settlement agreement that is "more than just a continuation or

renewal of the dismissed suit," since the facts underlying the dismissed claim and those

underlying a claim for breach are different.  *Id.* at 378, 380-81.  *Kokkonen* provides no

affirmative indication that the inclusion of jurisdictional language in a stipulation of

---

[2]A party may move to dismiss a claim for lack of subject matter jurisdiction
pursuant to Rule 12(h)(3) at any time.

dismissal, absent more, will suffice.  511 U.S. at 380  ("No case of ours asserts, nor do

we think the concept of limited federal jurisdiction permits us to assert, ancillary

jurisdiction over any agreement that has as part of its consideration the dismissal of a

case before a federal court.").

> The situation would be quite different if the parties' obligation to comply with the
> terms of the settlement agreement had been made part of the order of dismissal
> – either by separate provision (such as a provision "retaining jurisdiction" over
> the settlement agreement) or by incorporating the terms of the settlement
> agreement in the order.  In that event, a breach of the agreement would be a
> violation of the order, and ancillary jurisdiction to enforce the agreement would
> therefore exist.
>
> * * *
>
> [W]hen, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) . . . we
> think the court is authorized to embody the settlement contract in its dismissal
> order (or, what has the same effect, retain jurisdiction over the settlement
> contract) if the parties agree.  Absent such action, however, enforcement of the
> settlement agreement is for state courts, unless there is some independent basis
> for federal jurisdiction.

511 U.S. at 381-82.

## IV. DISCUSSION

Defendant asserts that *Kokkonen* makes clear that no subject matter jurisdiction

exists over plaintiff's breach of contract claim absent an order of the court incorporating

the terms of the Agreement.  Defendant also asserts that:  (1) no diversity jurisdiction

exists because both parties are incorporated in Delaware (D.I. 472 at 5); and (2) there

can be no supplemental jurisdiction because the patent infringement claims brought by

plaintiff in this litigation and its breach of contract claim do not share a "common

nucleus of operative facts" (*id.* at 8-9).

Plaintiff asserts that a stipulation of dismissal that specifically references a

6

settlement agreement is sufficient to retain federal jurisdiction. (D.I. 474 at 19) Plaintiff

also asserts that the breach of contract claim is "inextricably intertwined with the patent

infringement action" for purposes of supplemental jurisdiction, insofar as both actions:

(1) involve the same patents; and (2) issues of invalidity; (3) defendant sought to stay

the patent litigation on several occasions pending the reexamination results; and (4)

defendant has sought to (and indeed challenges the verdict post-trial based upon the

court's failure to) admit reexamination documents into evidence. (*Id.* at 8) Plaintiff also

asserts that principles of fairness and economy weigh in favor of exercising

supplemental jurisdiction in this case. (*Id.* at 15)

## A. The Court Did Not Retain Jurisdiction

No ancillary jurisdiction exists in this case.[3] The question is, therefore, whether a

stipulation of dismissal (filed by the parties), which does not provide any independent

basis for jurisdiction,[4] constitutes such a permissible "action" (in the language of

*Kokkonen*) for jurisdictional purposes. Under Third Circuit precedent, the court must

---

[3]The "first head" of ancillary jurisdiction does not apply, insofar as the court finds that defendant's invalidity claims, an issue of substantive patent law, and plaintiff's claim that defendant breached the Agreement by filing a reexamination with the PTO, an issue of contract interpretation, are not "factually interdependent."

The "second head" of ancillary jurisdiction does not apply, insofar as "the parties' obligation to comply with the terms of the settlement agreement [was not] made part of [an] order of the dismissal [ ] either by separate provision . . . or by or by incorporating the terms of the settlement agreement in [an] order." *Kokkonen*, 511 U.S. at 381.

[4]*Compare Madison Hotel*, 97 F.3d at 1484 ("enforcement of the settlement agreement itself will require adjudication of substantive federal law issues"), *with Shaffer v. Veneman*, 325 F.3d 370, 372-73 (D.C. Cir. 2003) (finding a settlement agreement insufficient to retain federal jurisdiction over an action for money due under that agreement where, unlike the agreement in *Madison Hotel*, the agreement did not incorporate any part of either federal act under which plaintiff brought his original claims).

conclude that it is not.

In *Sawka v. Healtheast Inc.*, 989 F.2d 138 (3d Cir. 1993), a case preceding *Kokkonen*, the Third Circuit reviewed a district court's order refusing to reinstate a Title VII age discrimination case and enforcement of a settlement agreement. In considering "whether a district court has the power to enforce a settlement agreement which is the basis of, but not incorporated into, an order or judgment of the court," the *Sawka* court found that it did not, as "a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute." *Id.* at 141 (citing *Washington Hospital v. White*, 889 F.2d 1294, 1298-99 (3d Cir. 1989)). As in the present case, the settlement agreement in *Sawka* was not made a part of the court's judgment, "which simply dismissed the action upon representation by counsel that trial would be unnecessary and the matter was settled." *Id.* The *Sawka* Court specifically distinguished cases in which an "agreement was approved by the court and incorporated into its order," under which circumstances the Court noted jurisdiction would be proper. *Id.* & n.4. The *Sawka* Court held

> that unless a settlement is part of the record, incorporated into an order of the district court, or the district court has **manifested an intent** to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement[.]

*Id.* (emphasis added).

The Third Circuit has since adopted a strict reading of *Kokkonen*. In *Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270 (3d Cir. 1999), the Court vacated an order to enforce a settlement agreement on jurisdictional grounds. There was a dismissal order in that case, which approved the settlement agreement and stated that the defendants

8

"were dismissed with prejudice from this lawsuit pursuant to the terms of the **Settlement**." *Id.* at 273 (emphasis added). The *Phar-Mor* Court found this "mere reference to the fact of settlement [did] not incorporate the settlement **agreement** in[to] the dismissal order." *Id.* at 274 (emphasis added) (noting that the Court's view "is shared by several of our sister circuits which have adhered strictly to *Kokkonen* in determining whether language in a dismissal order is sufficient to incorporate a settlement agreement.") (collecting cases); *compare Interspiro U.S.A. v. Figgie Int'l Inc.*, 18 F.3d 927, 930 (Fed. Cir. 1994) (noting, in a pre-*Phar-Mor* case, that only "inferable intent to retain jurisdiction" was required under Third Circuit law to incorporate an agreement into a dismissal order). Thereafter, the Third Circuit continued to follow its strict interpretation of *Kokkonen*, holding that "language in a dismissal order providing for a reinstatement of an action if a settlement agreement is not consummated does not satisfy the first *Kokkonen* precondition for the enforcement of the settlement agreement itself." *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 504 (3d Cir. 2002).

Two courts outside of this circuit have read *Kokkonen* to permit ancillary jurisdiction "even where . . . the previous dismissal was not effected by a court order, but rather by the filing of a stipulation of dismissal signed by all parties pursuant to [Rule] 41(a)(1)(ii)." *Hospitality House, Inc.*, 298 F.3d at 430 n.6. The Fifth Circuit in *Hospitality House* justified its statement by what appears to be a misreading of the relevant language from *Kokkonen*:

> [W]hen, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) . . . we think the court is **authorized to embody the settlement contract in its dismissal order** (or, what has the same effect, retain jurisdiction over the settlement contract) **if the parties agree**. Absent such action, however,

9

enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen*, 511 U.S. at 381-82 (emphasis added).

Plaintiff relies on the District of Columbia Court of Appeals decision in *Board of Trustees of the Hotel and Resturant Employees Local 25 v. The Madison Hotel, Inc.*, 97 F.3d 1479 (D.C. Cir. 1996) (hereinafter, "*Madison Hotel*"), which stated the following:

> We leave it to another day to decide whether such a reference to a settlement agreement [stating that the stipulation was to be "in accordance with" that agreement] suffices to retain federal jurisdiction over a case in which there is no independent federal subject matter jurisdiction. In the meantime, litigants can readily avoid such ambiguities by clearly providing for retention of federal district court jurisdiction in their stipulations of dismissal, or by incorporating the full text of the settlement agreement into those stipulations.

*Id.* at 1486 n.8 (citing *Kokkonen*, 511 U.S. at 380). The *Madison Hotel* Court did not further comment on the issue, as it ultimately found that the district court was "endowed with independent subject matter jurisdiction over the second suit [to enforce the agreement] under ERISA."[5] 97 F.3d at 1484 n.8, 1480.

Neither the holding of *Hospitality House* or *Madison Hotel* turned on the courts' recognition of an exception to the plain language of *Kokkonen*.[6] The court, therefore,

---

[5]More specifically, the *Madison Hotel* Court noted that "the issues of exactly what must be stated or included in a stipulation of dismissal in order to retain federal jurisdiction under *Kokkonen* over a settlement agreement, or whether these requirements were met in th[at] case," did not need to be determined in view of the existence of independent subject matter jurisdiction. 97 F.3d at 1483.

[6]One district court appears to have followed these cases. In *Murphy v. First Reliance Standard Life Ins. Co.*, No. Civ. A. 00-6647, 2008 WL 1787672 (E.D.N.Y. Apr. 17, 2008), the court noted that the parties' settlement agreement was not incorporated into the court's dismissal order. *Id.* at *2. The action in *Murphy* had been closed for three years. *Id.* The court found that it could not exercise ancillary jurisdiction in that (closed) action under *Kokkonen* insofar as plaintiff had not filed a motion pursuant to Rule 60(b)(6), but noted that plaintiff "may file a separate action." *Id.*

10

follows the authority of the Third Circuit in reading *Kokkonen* strictly to require a court

order incorporating the terms of a settlement agreement for jurisdictional purposes.

*See Phar-Mor*, 172 F.3d at 274, 275 ("[M]ere approval of a settlement agreement does

not confer subject matter jurisdiction to enforce that agreement.") (citing *Kokkonen*, 511

U.S. at 381)). Absent any affirmative indication of the court's intent to retain jurisdiction

in the record, the court must conclude that jurisdiction is lacking in the case at bar.  This

case perhaps demonstrates the validity of an old legal truism:  God may know but the

record must show.[7]  Despite the universal intention for the court to retain jurisdiction

over the performance of the Agreement, this intent was not manifested in the court's

order sufficient to confer subject matter jurisdiction to enforce a settlement agreement.

### B. The Court May Not Exercise Supplemental Jurisdiction

The Third Circuit has stated that three requirements must be satisfied before a

federal court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

That is:  (1) "[t]he federal claim must have substance sufficient to confer subject matter

jurisdiction on the court"; (2) "[t]he state and federal claims must derive from a common

nucleus of operative facts"; and (3) "the claims must be such that they would ordinarily

be expected to be tried in one judicial proceeding."  *See MCI Telecomm. Corp. v.*

*Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995).

The court cannot agree with plaintiff that its breach of contract claim and

defendant's validity claims derive from a common nucleus of operative facts.  Plaintiff's

substantive patent claims involved defendant's golf ball technology, while its breach of

---

[7]*Jones v. Vacco*, 126 F.3d 408, 417 (2d Cir. 1997) (citing *Peoples Coin*
*Laundromat Corp. v. Beckmann,* 190 N.Y.S.2d 131, 133 (Sup. Ct. Nassau Co. 1959)).

contract claim involved the legal question of whether defendant's filing of an *inter partes* reexamination with the PTO violated the language of section 19.7 of the Agreement, allowing the parties to initiate "legal proceedings but only in the United States District Court for the District of Delaware, and no other." (D.I. 199 at § 19.7) It may be true that the same prior art is being asserted in both the litigation and reexamination, and the court is keenly aware of defendant's attempts to stay this litigation pending the reexamination and to inject the reexamination record into the present litigation.[8] This does not create more than a "tangental overlap of facts." *See Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 105 (3d Cir. 1988) ("[N]o two cases of supplemental jurisdiction are exactly alike. The principle that we glean from the cases is that mere tangental overlap of facts is insufficient, but total congruity between the operative facts of the two cases is unnecessary."). For this reason, even assuming that patent infringement claims and breach of contract claims would ordinarily be expected to be tried in one judicial proceeding,[9] the court finds the exercise of supplemental jurisdiction improper in this instance.

## C. Equitable Principles

To be clear, and despite the result compelled by the applicable precedent in this

---

[8]The court previously denied such requests, insofar as office actions issued in those proceedings are not binding on the court and, therefore, are not relevant to the present litigation.

[9]In the 1996 infringement litigations brought against it by Spalding and Lisco, defendant asserted that the court had pendent jurisdiction over breach of contract counterclaims relating to the covenant of good faith and fair dealing that it asserted attached to a 1990 settlement agreement – essentially the same argument it criticizes plaintiff for making here. (D.I. 475, ex. F at ¶¶ 55, 84)

12

instance, the court does not condone defendant's lamentable behavior in this case. Defendant manifested an intent for the court to retain jurisdiction, ignored every opportunity to contest jurisdiction, and retained a benefit from the presumption that jurisdiction existed where it suited it. Defendant elected to challenge jurisdiction only after defendant lost its invalidity case, presumably to minimize its overall losses. Surely it was not the intent of the *Sawka* and *Kokkonen* Courts to allow such gamesmanship at the expense of nearly two years of court resources.

Plaintiff argues that considerations of judicial economy, convenience, and fairness weigh in favor of the court's exercise of supplemental jurisdiction in this instance. (D.I. 474 at 14-15) In support, plaintiff relies on *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), in which the Supreme Court cautioned that supplemental jurisdiction need not be exercised if such principles are absent. *Id.* at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties."). Plaintiff does not provide and, indeed, the court has not found, caselaw supporting the affirmative exercise of supplemental jurisdiction based on equitable principles alone (and absent a common nucleus of operative facts).[10] *Compare Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir.

[10]In *Growth Horizons, Inc. v. Delaware County, PA*, 983 F.2d 1277 (3d Cir. 1993), the Third Circuit cited *Gibbs* for the principal that the district court should take into account principles of "judicial economy, convenience, and fairness to the litigants" in determining whether to decline jurisdiction pursuant to 28 U.S.C. § 1367(c). *Id.* at 1284. *Accord City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 174 (1997) (same) (cited by plaintiff at D.I. 474 at 14).

In *Colanzi v. Countrywide Home Loans, Inc.*, No. Civ. A. 07-3637, 2008 WL, 483446 (E.D. Pa. Feb. 22, 2008), cited by defendant, the court continued to exercise supplemental jurisdiction over a claim made under Pennsylvania's consumer protection law after judgment had been entered on plaintiff's Truth in Lending Act claim, as "both

13

2003) ("The ultimate responsibility of the federal courts, at all levels, is to reach the
correct judgment under law. Though that obligation may be tempered at times by
concerns of finality and judicial economy, nowhere is it greater and more unflagging
than in the context of subject matter jurisdiction issues, which call into question the very
legitimacy of a court's adjudicatory authority."); *Goldman Marcus, Inc. v. Goldman*, No.
Civ. A. 99-11130, 2000 WL 297169, *7 (S.D.N.Y. 2000) ("subject matter jurisdiction is
not a matter of equity or of conscience or of efficiency, but is a matter of the lack of
judicial power to decide a controversy.") (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871,
874 (10th Cir. 1995) (internal quotations omitted)). Although compelling, the court
declines to allow principles of equity to sway its jurisdictional analysis absent authority
to the contrary.

## V. CONCLUSION

For the aforementioned reasons, the court grants defendant's motion (D.I. 471),
and vacates its grant of summary judgment on plaintiff's breach of contract claim. An
appropriate order shall issue.

---

the claims ar[o]se out of the same set of facts." *Id.* at *2.

14