# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

17ᵀᴴ Floor
222 Delaware Avenue
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA ECF**

October 15, 2009

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:  *Callaway Golf Company v. Acushnet Company*
     USDC-D. Del. - C. A. No. 06-91 (SLR)

Dear Judge Robinson,

I write to advise the Court that Acushnet's petition for rehearing on this matter has been denied by the Federal Circuit and that the mandate has issued, returning jurisdiction to this Court.  *See* Exhibits A & B.

Also, in accordance with the Court's instruction during the September 4, 2009, teleconference in this matter, the parties have met and conferred on the following issues relating to the retrial of this case (scheduled to occur between March 15th and April 2nd of next year):

1. **Motion *In Limine* Re Acushnet Test Balls**:  The Federal Circuit affirmed the Court's decision precluding Acushnet's use of its test balls for purposes of bolstering its obviousness defense.  However, as the Court noted during the recent teleconference, the Federal Circuit did not rule on the use of the test balls for purposes of Acushnet's anticipation defense.  The parties are in agreement that this issue should be briefed prior to trial, on the following schedule:  Callaway Golf's opening brief due December 1st, Acushnet's opposition due January 4th, and Callaway Golf's reply due February 1st.

2. **Other Motions *In Limine***:  Acushnet wants to brief all motions *in limine* on the same schedule as the test ball issue and has identified the following issues: (1) reliance on the presumption of validity in light of the reexaminations; and (2) admissibility and use at trial of the Hebert family of patents as well as Acushnet's views on their validity.  Callaway Golf disagrees that additional potential evidentiary issues should be treated specially, particularly since the two additional issues Acushnet has identified already have been addressed by the Court.[1]  They can easily be handled again (if necessary) under the Court's standard practice of addressing such motions at the pretrial conference.

---

[1]  With respect to the Hebert patent, in particular, Acushnet failed to object to its admission at trial and to much of the cross-examination of Mr. Morgan concerning the

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
**Error! No text of specified style in document.**
Page 2

3. **Second Round of Summary Judgment Motions:** Acushnet advises that it is considering filing a summary judgment motion "at least" on the anticipation issue and wants a schedule in place for filing such motions. The Federal Circuit said nothing about a new motion for summary judgment by Acushnet. Callaway Golf believes that genuine issues of material fact would preclude any grant of summary judgment for Acushnet, and, in any event, there will still need to be a trial on obviousness. Therefore, Callaway Golf believes another round of summary judgment motions is unwarranted.

4. **Including Damages in the March 2010 Trial:** Callaway Golf renews its request that validity and damages be tried together in March 2010 – particularly given that infringement is resolved (a concession Acushnet did not make until the eve of the prior trial) and given the harm that Callaway Golf could suffer if Acushnet wins the "race" to a final judgment with the reexaminations it filed in breach of contract. Callaway Golf respectfully suggests these unique circumstances warrant a combined trial here and are absent in the typical case where the Court's standard approach of bifurcating damages otherwise is applied.[2] Acushnet, on the other hand, proposes that only validity be tried in March, followed by another appeal to the Federal Circuit, followed potentially by a third trial on damages.

Callaway Golf is available at the Court's convenience to further address each of the above issues.

Respectfully,

/s/ *Thomas L. Halkowski*

Thomas L. Halkowski

Enclosures

cc: Clerk of Court (via hand delivery)
    Counsel of Record (via ECF)

---

Hebert patent. To the extent Acushnet did lodge limited objections to this evidence, Acushnet failed to appeal any of the Court's evidentiary rulings concerning the Hebert patent and related testimony and, thus, waived any objections it did make.

[2] All damages discovery, including expert reports and depositions, is done; Acushnet need only update its sales data.