# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

MUNICH

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
302 778-8407

Email
halkowski@fr.com

**VIA ECF**

November 20, 2009

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   *Callaway Golf Company v. Acushnet Company*
       USDC-D. Del. - C. A. No. 06-91 (SLR)

Dear Judge Robinson:

Callaway Golf respectfully submits this letter to: (i) seek clarity regarding which (if any) pretrial motions the Court will allow the parties to file on the December 1, 2009 date jointly proposed by the parties; and (ii) briefly respond to Acushnet's October 20, 2009, letter concerning the scope of the retrial in this matter (scheduled to occur between March 15th and April 2nd of next year).

First, regarding the submission of motions prior to the retrial, the parties are in agreement that (with the Court's approval) any such motions be filed by December 1, 2009, oppositions be filed by January 4, 2010, and replies be filed by February 1, 2010.  As the Court and the parties discussed during the September 4th status conference with the Court, Callaway Golf is prepared to submit a motion concerning Acushnet's "Test Balls", to address an issue left open by the Federal Circuit's decision.  For the reasons Callaway Golf previously stated, Callaway Golf believes that Acushnet's demand to submit other motions in limine and summary judgment motions is unwarranted.  *See* D.I. 512.

Second, with regard to the scope of the retrial, Callaway Golf urged in its October 15, 2009, letter that unique circumstances here warrant a departure from the Court's standard practice of bifurcating damages, including: (i) the trial would include only the issues of validity and damages because infringement has been admitted by stipulation (and claim construction has been affirmed by the Federal Circuit); and (ii) requiring three trials and three rounds of appeals increases the likelihood that Acushnet will win the "race" with the reexaminations it filed in breach of contract, thereby causing Callaway Golf to suffer significant harm.  D.I. 510.  Callaway Golf also noted that the damages case is ready for trial, requiring only the updating of damages calculations to include recent sales of the infringing golf balls.  *Id*. at n.2.

In response, Acushnet listed a multitude of issues that purportedly would need to be addressed regarding damages, including assessment of a summary judgment motion

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
November 20, 2009
Page 2

Acushnet would now like to pursue. D.I. 512. Acushnet's interest in filing a summary judgment motion is misplaced, because Acushnet chose not to file any such motion years ago in accord with the August 6, 2007, deadline in the Court's original schedule for this matter, a date that was prior to the Court's decision at the November 20, 2007, pretrial conference to bifurcate damages.[1] Callaway Golf respectfully requests that Acushnet not be allowed to further delay a final resolution of this matter by having a second trial on validity, followed by another round of appeals, potentially followed by a third trial on damages issues, followed by yet a third round of appeals.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH:jrm

cc:  Clerk of the Court (via hand delivery)
     Counsel of Record (via electronic filing)

80087540.doc

---

[1] For example, Acushnet argued that the production capacity of Spalding would need to be addressed at trial. That argument is mistaken because Callaway Golf has made no lost profits claims for the period during which Spalding owned the patents. The remainder of Acushnet's arguments are equally without merit and, if the issue of damages is tried along with validity, Callaway Golf looks forward to addressing the various points raised by Acushnet.