IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ACUSHNET COMPANY,<br><br>　　　　　Defendant. | C. A. No. 06-91 (SLR)<br><br>**REDACTED** |

## DECLARATION OF THOMAS L. HALKOWSKI IN SUPPORT OF CALLAWAY GOLF'S MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCE TO ACUSHNET'S NEW PRO V1 GOLF BALLS

I, Thomas L. Halkowski, declare as follows:

1. I am a principal of Fish & Richardson P.C., counsel of record in this action for Callaway Golf Company. I am a member of the Bar of the State of Delaware and am admitted to this Court. I have personal knowledge of the matters stated in this declaration and would testify to them under oath if called upon to do so.

2. Attached as Exhibit A is a true and correct copy of excerpts from the Expert Report of William O. Kerr, Ph.D., dated July 13, 2007.

3. Attached as Exhibit B is a true and correct copy of excerpts from the telephonic conference held with the Court on December 9, 2009.

//

//

4. Attached as Exhibit C is a true and correct copy of excerpts from the Expert Report of Brian W. Napper, dated June 1, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of December, 2009 at Wilmington, Delaware.

Dated: December 11, 2009   FISH & RICHARDSON P.C.

By: /s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2009, the foregoing DECLARATION OF THOMAS L. HALKOWSKI IN SUPPORT OF CALLAWAY GOLF'S MOTION TO PRECLUDE ANY REFERENCE AT TRIAL TO ACUSHNET'S NEW PRO V1 GOLF BALLS was electronically filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via email:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>1313 North Market Street, 6th Floor<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi<br>Joseph P. Lavelle<br>Brian A. Rosenthal<br>Howrey LLP - DC<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | Attorneys for Defendant<br>ACUSHNET COMPANY |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

# EXHIBIT A

# REDACTED DOCUMENT

# EXHIBIT B

```
                                                               1

  1              IN THE UNITED STATES DISTRICT COURT

  2              IN AND FOR THE DISTRICT OF DELAWARE

  3                         - - -
        CALLAWAY GOLF COMPANY,      :   CIVIL ACTION
  4                                 :
                    Plaintiff,      :
  5                                 :
            vs.                     :
  6                                 :
        ACUSHNET COMPANY,           :
  7                                 :
                    Defendant.      :   NO. 06-91 (SLR)
  8

  9
                                  - - -
 10
                                  Wilmington, Delaware
 11                               Wednesday, December 9, 2009
                                  9:30 o'clock a.m.
 12                               ***Telephone conference

 13
                                  - - -
 14
        BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J.
 15
                                  - - -
 16
        APPEARANCES:
 17

 18          FISH & RICHARDSON P.C.
             BY:  THOMAS L. HALKOWSKI, ESQ.
 19

 20
                           -and-
 21

 22

 23

 24                        Valerie J. Gunning
                           Official Court Reporter
 25
```

### Page 10

1  inclined to allow that, that's fine with us.
2       As to the trial, you have set the case for five
3  days. I understand the Court has limited time. We think,
4  effectively, this is probably very close to the time that --
5  the length of time that was available for the first trial,
6  and there are additional issues in this trial.
7       The anticipation defense was not tried in the
8  first trial. There's going to have to be a lot of
9  discussion, instruction, and probably order of presentation,
10 because the test ball evidence is allowed for anticipation,
11 but based on prior rulings, not relevant to the obviousness
12 determination. That feeds into our request that the
13 anticipation case be tried first, and that would clarify, we
14 think, procedurally, the effect of the test ball evidence
15 for the jury.
16      We think we have a very strong anticipation case
17 at this point, based on the CAFC decision, based on the
18 incorporation, which was the sole basis that we believe the
19 summary judgment was denied in the earlier case.
20      So if the summary judgment motion on
21 anticipation is not decided favorably for Acushnet, which
22 would, we believe, eliminate the need for a trial at all,
23 then we think that given the different status of key pieces
24 of evidence, that it makes sense to segregate it for the
25 jury, so that's what we proposed.

### Page 11

1       And that's the phasing that Mr. Scherkenbach
2  talked about, and, of course, we've made that request to the
3  Court and I think our papers are pretty clear on why we
4  think that's the way to go. It's pretty clear to us from
5  the CAFC decision that anticipation should be part of this
6  case going forward, and we just think it needs to be
7  procedurally handled appropriately, so that's why we made
8  that suggestion.
9       We did bring a summary judgment motion on
10 anticipation. We hope the Court will entertain that. It is
11 a, we think, a very strong motion. I won't argue the merits
12 of it on this call. The papers are before the Court.
13      THE COURT: And tell me, is this motion based on
14 new evidence that has been prepared and not vetted through
15 any kind of discovery? I have not looked at it, so if, in
16 fact -- I mean, I don't generally entertain motions for
17 summary judgment on remand, and I particularly don't
18 entertain motions for summary judgment based on evidence
19 that is newly created or discovered and hasn't been vetted
20 through the discovery process in the first instance.
21      So if your summary judgment motion is based on
22 new evidence and you essentially reopened the record,
23 explain to me why that could possibly be appropriate.
24      MR. BUNSOW: Sure. The primary basis for the
25 motion for summary judgment is that the CAFC has held that

### Page 12

1  the incorporation by reference is effective and our primary
2  basis is that that was the reason the motion was denied in
3  the first instance. That has been effectively reversed by
4  the CAFC, and since the incorporation by reference is now
5  effective, that that should lead a fortiori to a finding of
6  anticipation.
7       As to supplementing the record, Joe, I would
8  like you to address that, because I'm not familiar enough
9  with the earlier record yet to be definitive on that. I
10 don't want to say anything that's not totally accurate.
11      MR. LAVELLE: Good morning, your Honor. Joe
12 Lavelle for Acushnet.
13      Your Honor, there is a Dalton, Jeff Dalton
14 declaration that is new that wasn't before you the last
15 time. It relates to an issue that was before you the last
16 time. Namely, whether the various layers of the ball
17 underneath the outer layer have any effect on the hardness
18 of the outer layer, and it relates to the inherency of one
19 of the claim limitations in Nesbit.
20      So it is a topic that you've heard before. It
21 is a subject that you've heard about before, but there is
22 some additional new testimony that I think presents it more
23 clearly in the new motion.
24      THE COURT: And I guess the question is,
25 under our circumstances, where there isn't a whole lot of

### Page 13

1  time and I certainly have more than enough work, how it is
2  that a new declaration, even on an old topic that hasn't
3  been vetted, how I could fairly decide in Acushnet's favor
4  under those circumstances? You know, arguably, how I could
5  do that fairly when Mr. Dalton and his declaration have not
6  been vetted?
7       MR. SCHERKENBACH: Your Honor, it's Frank
8  Scherkenbach.
9       Just so you are clear, it's not just a
10 declaration. Mr. Dalton's declaration is entirely new,
11 that's true. It relies on new test data for brand-new test
12 balls. They went and manufactured, together with the
13 lawyers again.
14      Again, it's the same thing all over again. Troy
15 Lester and the gang made dozens of new test balls that were
16 tested the day before Thanksgiving this year. So this is
17 not even just about redeposing Mr. Dalton, though that would
18 be reason enough to deny it. We've got to go -- we're going
19 to have a new round, motion practice on a new set of test
20 balls, completely separate from the ones you've already got
21 to deal with. It just -- it just strike us as a total
22 non-starter.
23      In addition, there's a new declaration for Mr.
24 Morgan as well. Now, some of the subject matter of Mr.
25 Morgan's declaration, some of it was certainly in the case

14

1  before, but some of it was not.
2  So we have two new declarants and a bunch of new
3  evidence. And, you know, reopening the record in this way,
4  particularly where we're talking about a pretrial submission
5  that's going to be in late February, I just don't see how
6  that is even conceivable, let alone fair to Callaway.
7  MR. LAVELLE: Your Honor, Joe Lavelle.
8  Frank is essentially accurate about the
9  contents, that there are new test balls. I do think he's
10 also accurate when he says that it presents exactly the same
11 issues that the existing test balls do, and that are before
12 you, and that this seems like an issue that can be cured
13 through a deposition of Mr. Dalton. And obviously we have
14 to make him available if we want you to consider that, and
15 we would, but it just seems like they could take the
16 deposition and see where they are, and if they still have
17 issues after that, they can certainly brief them. But it
18 seems like the concern can be addressed through a
19 deposition.
20 THE COURT: Well, I guess this is my problem.
21 I'm a trial Judge. My job is to get you to trial, and when
22 the Federal Circuit disagrees with something that I've done
23 in that process and sends it back to me, I don't intend to
24 start over again.
25 And so my question to Acushnet's counsel is, how

15

1  is opening the record consistent with my job? I mean, I did
2  this once. You had full and fair opportunity to do whatever
3  testing you wanted to do the first time.
4  How is it that we're doing discovery again? I
5  just don't get it.
6  MR. BUNSOW: This is Henry Bunsow again, your
7  Honor.
8  The intent of what was done, as I understand it,
9  was to corroborate and expand upon what was before you
10 before. The summary judgment was granted on the basis of no
11 incorporation, which avoided dealing with a lot of these
12 issues. However, it also precluded developing the record at
13 the time of trial. So there is no evidentiary record,
14 there's no trial record.
15 THE COURT: Well, I mean, I have so many cases,
16 I don't recall, but, certainly, Acushnet had the opportunity
17 to develop its evidentiary record up to the initial summary
18 judgment motions and initial trial, and so you're right, I
19 didn't allow that record to be presented to a jury.
20 But why is it that the Federal Circuit's
21 decision creates an opportunity to expand the record you had
22 in the first instance? I mean, I don't think it does. I
23 guess I'm just trying to give you a full and fair
24 opportunity to convince me otherwise.
25 MR. BUNSOW: Sure. And I certainly think, you

16

1  know, reasonable minds could differ on that, but the fact of
2  the matter is that the subjects, the same subject matter was
3  before the Court. The so-called new evidence, if anything,
4  is probably cumulative to what was before the Court before
5  with the original test balls.
6  If the Court decides that, you know, this truly
7  is newly created and different evidence and shouldn't be
8  considered, we can certainly live with that, because we
9  think that the record that was before you on the original
10 summary judgment, if incorporation by reference had been
11 allowed, was ample to support a finding on summary judgment
12 of anticipation. And that's really the first approach to
13 the summary judgment motion and the only basis upon which it
14 was denied, was lack of incorporation by reference. That's
15 a dead issue at this point. It went our way.
16 So we believe that, in the first instance, A
17 plus B equals C, so to speak.
18 The additional evidence was for further
19 explanation and corroboration. If that's not helpful, if
20 the Court feels that that is an improper supplementation to
21 the record, we'll withdraw that. I mean, we thought it was
22 helpful. We thought it could be useful, but if it's not
23 appropriate, then, you know, we're not going to push it. If
24 you are not willing to consider it, we're not going to offer
25 it. Put it that way.

17

1  THE COURT: All right. Well, I appreciate that.
2  MR. BUNSOW: Yes.
3  ==THE COURT: Whether it's helpful or not is kind==
4  ==of beside the point when we are talking about fairness in==
5  ==the process and limited resources. So I am going to ask you==
6  ==to withdraw the new, and whether that means you need to==
7  ==refile your motion, or whether you relied sufficiently on==
8  ==the record as it existed at the time of the first trial, to==
9  ==just -- you know, still keep the same papers in, except we==
10 ==won't consider certain parts of it, that is up to you.==
11 MR. BUNSOW: Okay. May I make a suggestion in
12 that regard?
13 THE COURT: Yes.
14 MR. BUNSOW: My suggestion would be for clarity
15 and to avoid any confusion going forward, that we do recast
16 it with the Court's comments in mind. And what I propose is
17 that we comply with the same schedule that Mr. Scherkenbach
18 recommended. We would file on December 11th. The response
19 would be due January 14th, and the reply, February 1st.
20 THE COURT: All right. Thank you.
21 All right. That's the summary judgment. And I
22 guess the question is -- well, you go ahead and address
23 whatever you care to at this point, Mr. Bunsow?
24 MR. SCHERKENBACH: One other issue, your
25 Honor -- I'm sorry -- it's Frank Scherkenbach -- that may

# EXHIBIT C

# REDACTED DOCUMENT