IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACUSHNET COMPANY,<br><br>　　　　Defendant. | C. A. No. 06-91 (SLR) |

**PLAINTIFF CALLAWAY GOLF'S OPPOSITION TO
ACUSHNET'S MOTION IN LIMINE NO. 1**

　　　　　　　　　　　　FISH & RICHARDSON P.C.
　　　　　　　　　　　　Thomas L. Halkowski (#4099)
　　　　　　　　　　　　222 Delaware Avenue, 17th Floor
　　　　　　　　　　　　P.O. Box 1114
　　　　　　　　　　　　Wilmington, DE 19899-1114
　　　　　　　　　　　　Tel: (302) 652-5070
　　　　　　　　　　　　Fax: (302) 652-0607

　　　　　　　　　　　　Frank E. Scherkenbach
　　　　　　　　　　　　225 Franklin Street
　　　　　　　　　　　　Boston, MA 02110-2804
　　　　　　　　　　　　Tel: (617) 542-5070
　　　　　　　　　　　　Fax: (617) 542-8906

　　　　　　　　　　　　Roger A. Denning
　　　　　　　　　　　　12390 El Camino Real
　　　　　　　　　　　　San Diego, CA 92130
　　　　　　　　　　　　Tel: (858) 678-5070
　　　　　　　　　　　　Fax: (858) 678-5099

　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　CALLAWAY GOLF COMPANY

Dated: January 14, 2010

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ....................................................................................................1

II.  ARGUMENT .........................................................................................................2

    A.   The Ongoing Reexaminations Have No Impact on the Presumption of Validity ...............................................................................2

    B.   The Patent Office is Presumed to Have Done its Job ...............................3

    C.   The Patent Office Had All the Relevant Art During Prosecution .................................................................................................4

    D.   Spalding Did Not Withhold Information From the Patent Office ..........................................................................................................6

    E.   The Court Should Not Allow Acushnet To Reference The Reexaminations, Either Directly or Indirectly ...................................8

    F.   Callaway Golf Will Not Reference The Fact That Three Examiners Considered The Patents-In-Suit ...............................................8

III. CONCLUSION .......................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
   725 F.2d 1350 (Fed. Cir. 1984) ................................................................................... 4, 5

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
   977 F.2d 1555 ................................................................................................................ 4

*Callaway Golf Co. v. Acushnet Co.*,
   576 F.3d 1331 (Fed. Cir. 2009) ............................................................................. 1, 3, 4

*Hoechst Acelanese Corp. v. BP Chemicals Ltd.*,
   78 F.3d 1575 (Fed. Cir. 1996) ........................................................................................ 3

*z4 Techs., Inc. v. Microsoft Corp.*,
   507 F.3d 1340 (Fed. Cir. 2007) ...................................................................................... 5

**STATUTES**

35 U.S.C. 103 ......................................................................................................................... 7

35 U.S.C. § 282 .............................................................................................................. 2, 4, 5

35 U.S.C. § 303 ...................................................................................................................... 3

I.      **INTRODUCTION**

Acushnet claims that, because of the ongoing reexamination of Callaway Golf's patents which Acushnet filed in breach of contract, this Court should prevent the jury from hearing key relevant facts about the prosecution of the patents-in-suit, including the fact that Acushnet now relies on prior art that was before the Patent Office during the original examination. Acushnet fails to cite a single case to support its sweeping request.[1] Instead, Acushnet's motion liberally refers to "principles of fairness." Yet, such principles of fairness are what should preclude Acushnet from gaining any advantage from the reexamination proceedings that it initiated unlawfully. Moreover, Acushnet ignores Federal Circuit case law that holds reexaminations have no impact on validity, and that patent examiners are presumed to have done their job by (among other things) fully considering the cited art during prosecution. The interlocutory findings in the ongoing reexamination, by different examiners, do not change these presumptions.

Even worse, while Acushnet claims that it does not seek to challenge this Court's exclusion of the reexaminations, the purpose of its motion is clear: Acushnet wants to make an end-run around this Court's order. If Acushnet cannot introduce the reexaminations themselves, it will instead attempt to undermine the statutory presumption of validity using the reexamination as its excuse. Indeed, even after stating at the beginning of its brief that it will not seek to challenge this Court's order excluding the reexaminations, Acushnet closes its brief by stating that it "should be allowed to correct the record through appropriate, limited reference to the reexamination proceedings," even though the Federal Circuit *expressly upheld* the exclusion of

---

[1] The only case cited by Acushnet in its motion is the appeal from this action, where the Federal Circuit expressly upheld this Court's exclusion of the reexamination proceedings.

the reexaminations. 576 F.3d at 1342. As part of its rulings concerning the reexaminations, this Court clearly delineated how Callaway Golf could reference what occurred during the prosecution of the patents-in-suit. Callaway Golf properly followed the Court's guidance in the first trial, and will do so again in the second. No need exists to upset the balance carefully struck by the Court regarding the prosecution of the patents-in-suit, the presumption of validity, and the reexaminations.

Thus, because the reexaminations have no impact on the statutory presumption of validity, and because the original examiners are presumed to have done their job, the Court should deny Acushnet's motion and allow the jury to hear all relevant evidence regarding the prosecution history of the patents-in-suit, consistent with the Court's rulings during the first trial.

## II.     ARGUMENT

Acushnet seeks to exclude any "argument or evidence pertaining to the correctness or completeness of the Patent Office's original examination." [Motion at 10.] Acushnet cites no law in support of its request. Acushnet's only basis for seeking to exclude relevant evidence is the existence of the ongoing reexamination, but as this Court has properly recognized, the reexaminations are not final and therefore have no impact on the validity of the patents-in-suit. For the reasons discussed below, Acushnet's motion should be denied.

### A.     The Ongoing Reexaminations Have No Impact on the Presumption of Validity

Acushnet states that "any argument Callaway presents regarding the completeness or correctness of the original examination is highly prejudicial and improper in light of the status of the reexaminations." [Motion at 2.] Yet this Court has repeatedly recognized that the

---

*Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1342 (Fed. Cir. 2009).

[2] "Motion" refers to Acushnet's Motion In Limine No. 1. [Docket No. 522.]

presumption of validity is statutory, s*ee* 35 U.S.C. § 282, and that presumption is not diminished by the existence of an unfinished reexamination.  As the Federal Circuit has stated, "the grant by the examiner of a request for reexamination is ***not probative of unpatentability***.  The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (i.e., that a 'substantial new question of patentability' has been raised, 35 U.S.C. § 303), ***does not establish a likelihood of patent invalidity***."  See *Hoechst Acelanese Corp. v. BP Chemicals Ltd*., 78 F.3d 1575, 1584 (Fed. Cir. 1996) (emphasis added).  The Federal Circuit in this very case held that, "[t]he non-final re-examination determinations ***were of little relevance*** to the jury's independent deliberations on the factual issues underlying the question of obviousness," and explicitly upheld their exclusion.  *Callaway Golf Co. v. Acushnet Co*., 576 F.3d 1331, 1342 (Fed. Cir. 2009).  The reexaminations simply have no impact on the statutory presumption of validity in this case.

      **B.**    **The Patent Office is Presumed to Have Done its Job**

Undaunted by case law to the contrary, including the Federal Circuit's guidance in this very case, Acushnet claims that the reexamination shows that "the PTO did **not** fully consider the art relied upon [by] Acushnet during the original *ex parte* examination."  [Motion at 1 (emphasis added).]  This is a remarkable statement, for two reasons.

First, the fact that a different examiner, in a different proceeding, reached a different conclusion has no bearing at all on whether the original examiner, in the original prosecution, fully considered the prior art before her.  These examiners could simply have disagreed after each fully considered the same art.  Acushnet's argument assumes that the only possible conclusion one could reach after considering the prior art is that the Sullivan patents are invalid.  But the jury verdict in the first case (as well as common sense) shows this assumption to be wrong and, once again, Acushnet's argument runs headlong into the Federal Circuit opinion,

3

which determined that substantial evidence supported the jury's verdict of validity. 576 F.3d at 1341 ("The district court did not err in concluding that substantial evidence supports the jury's implicit resolution of that factual issue in Callaway's favor"). This means that, in fact, a reasonable person **could** have found the patents to be valid, even after fully considering the prior art which the original examiners had before them.

Second, Acushnet's argument ignores the presumption of administrative correctness noted above:

> "When no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency *presumed to have properly done its job*, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents."

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984); *see also Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574 ("A patent is presumed valid, 35 U.S.C. § 282, and this presumption is based in part on the expertise of patent examiners presumed to have done their job"). Acushnet has absolutely no evidence to back its claim that the original examiners failed to do their jobs here, neither party knows how the reexaminations will conclude, and their existence does not change the deference owed to the considered decisions of the original patent examiners.

### C. The Patent Office Had All the Relevant Art During Prosecution

Acushnet also claims that it will present prior art that was not considered by the Patent Office during the original examination, specifically the Wilson Ultra Tour Balata and Titelist Professional golf balls. Acushnet goes so far as to claim that Spalding, "failed to disclose the existence of the Wilson Ultra Tour Balata golf ball to the PTO during the original examination,

4

even though those balls were in Spalding's possession." [Motion at 2-3.] These arguments are baseless.

First, the statutory presumption of validity does not change whether or not any particular piece of art was before the Patent Office. *See z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1354-55 (Fed. Cir. 2007). As noted above, the presumption is especially strong when in fact an attacker relies on art already considered, 725 F.2d at 1359, but it exists for all issued patents, regardless of the details of a particular defendant's invalidity challenge. *See* 35 U.S.C. § 282.

Second, it is unclear what the Patent Office would have even done had Spalding sent it golf balls – the PTO does not possess the technology to test balls, and proprietary internal specifications describing those balls are not "prior art."[3]

Third, the Patent Office did in fact have before it the Wu patent, and Acushnet has argued that the Titelist Professional is merely an embodiment of the Wu patent; similarly, the Patent Office had the Proudfit patent, and Acushnet has argued the Wilson Ultra Tour Balata ball is simply an embodiment of the Proudfit patent.[4] While Callaway Golf disagrees on multiple grounds with Acushnet's position regarding the alleged relevance of the prior art balls, Acushnet

---

[3] Similarly, to the extent Acushnet is arguing that the interlocutory decisions in the reexaminations rest in part on the consideration of actual golf balls, it overlooks the statutory limitations applicable to reexaminations, which only allow for consideration of written prior art. *See* 35 U.S.C. § 301 et seq. ("Any person at any time may cite to the Office **in writing** prior art consisting of **patents or printed publications** which that person believes to have a bearing on the patentability of any claim of a particular patent"). Here again, a presumption contradicts Acushnet's argument – since examiners are presumed to have done their jobs properly, and the rules prohibit consideration of non-printed prior art, the reexamination examiners are presumed **not** to have considered golf balls supplied to them. *See* Manual of Patent Examining Procedure ("MPEP") § 2609(B) ("Prior art considered during reexamination is limited to prior patents or printed publications applied under the appropriate parts of 35 U.S.C. 102 and 103").

[4] Indeed, Acushnet has at times equated these patents with the corresponding prior art golf balls. [*See, e.g.,* Halkowski Decl, Ex. A, at 573:4-19.]

5

cannot have it both ways. If it wants to equate these golf balls with the patents in question, then all of the art was before the examiner.

Finally, if Acushnet believes that it has relevant art that was not available to the Patent Office during the original examination of the patents-in-suit, it would be free to present that evidence to the jury and argue accordingly.[5] Indeed, Acushnet repeatedly attempted to do so during the original trial. [*See* Halkowski Decl, Ex. A, at 1199:5-19; 1201:2-9.] Callaway Golf should likewise be free to point out what information the Patent Office did have before it – just as it did during the first trial – and the jury can decide what weight to give all the evidence. Acushnet gives no valid basis for excluding these relevant facts via a motion in limine.

### D. Spalding Did Not Withhold Information From the Patent Office

Acushnet also makes a number of arguments about information that was allegedly "withheld" from the Patent Office. As above, these are factual disputes that have nothing to do with the presumption of validity – much less any issue that the jury will decide during the upcoming trial.[6] Even on those factual disputes, however, Acushnet is simply wrong.

First, Acushnet states that Spalding "did not tell the PTO everything it needed to know to evaluate the patentability of these claims." [Motion at 7.] Specifically, Acushnet states that "the PTO was not informed of the Shore D hardness of the cover layers of the Nesbitt ball, or Shore D properties of materials disclosed in other references." [Motion at 2.] But as the Court recognized during the first trial, the prior art references at issue do not disclose Shore D hardness values. [*See* Docket No. 492 at 19.] Acushnet does not even identify what information was allegedly "withheld," and again if Acushnet wants to point out that the PTO did not have

---

[5] The Federal Judicial Center patent video, shown before the first trial, states clearly that the Patent Office may not have all the information when it considers a patent, and that it is the job of the jury to determine validity.

[6] Acushnet chose not to pursue any claim of inequitable conduct during the previous trial.

6

hardness information, it is free to do so – presuming, of course, that such information is properly within the prior art addressed in its expert's report.

Second, Acushnet argues that Spalding "improperly swore behind the Proudfit reference." This is a red herring. As Callaway Golf has noted before, Acushnet's complaint concerns a parent application, not the patents-in-suit. The examiners of the patents-in-suit did explicitly, and repeatedly, consider the substance of Proudfit during prosecution of the patents at issue in this case, and Spalding did not swear behind this reference in any of the applications which issued as a patent in suit. [*See, e.g.,* PX 7 at CW 0307923-24 (Proudfit reference cited by examiner for interest, but not used as a basis for rejection); PX 8 at CW0309016-017 (Examiner cited Proudfit + another reference as a basis for 35 U.S.C. 103 rejection – patent issued after Proudfit was distinguished); PX 5 at CW 0308329 (Proudfit reference cited by examiner); and PX 6 at CW 0308064 (Proudfit reference cited by examiner).] The jury should be allowed to hear these facts and, again, if Acushnet wishes to present argument or evidence of its own concerning how Proudfit was addressed during the relevant prosecution history of the patents-in-suit, nothing precludes it from doing so to the extent such material is otherwise admissable.

Third, Acushnet relies on a statement Callaway Golf made during licensing negotiations with Spalding about information that was allegedly withheld from the Patent Office, but the Court has already considered this issue and held that such correspondences should be excluded under F.R.E. 408. [Docket No. 373, ¶ 4.] No basis exists for now reversing course and allowing such satellite, compromise discussions to distract the jury from the issues it actually needs to address. More fundamentally, the fact that some evidence as been excluded under F.R.E. 403 (such as the reexamination) or F.R.E. 408 (such as the settlement correspondence between

Callaway and Spalding) is no reason to exclude relevant facts that are not unduly prejudicial or otherwise inadmissible.

Simply put, none of Acushnet's arguments has any impact on the statutory presumption of validity. They either concern simple factual disputes that should be resolved by the jury, or concern materials that have already been properly excluded by the Court. Acushnet presents no valid reason for why relevant facts about the prosecution of the patents-in-suit should be excluded via motion in limine.

### E. The Court Should Not Allow Acushnet To Reference The Reexaminations, Either Directly or Indirectly

The real purpose of Acushnet's motion is clear: Acushnet wants to make an end-run around this Court's order excluding the reexaminations. Since the Federal Circuit has now made absolutely clear that Acushnet cannot introduce the reexaminations themselves, Acushnet is struggling for a vehicle to put them in front of the jury in a different way. Indeed, after initially stating that it will not seek to change this Court's order excluding the reexaminations, Acushnet closes its brief by stating that it "should be allowed to correct the record through appropriate, limited reference to the reexamination proceedings." [Motion at 10.] The Court should see this tactic for what it is. Because the unfinished reexaminations have no impact on the statutory presumption of validity, the Court should deny Acushnet's motion and allow Callaway Golf to put forward all relevant evidence regarding the prosecution of the patents-in-suit – consistent with the balance struck by the Court concerning such evidence during the first trial.

### F. Callaway Golf Will Not Reference The Fact That Three Examiners Considered The Patents-In-Suit

Acushnet asks that the Court prohibit Callaway Golf from explicitly pointing out that three different examiners each considered the patents in suit and each allowed them to issue. While factually accurate, the Court expressed concern during the first trial that the jury could be

left with the impression that *every* examiner had concluded that the patents in suit were valid. Callaway Golf respected the Court's concern and did not reference the three examiners again during the first trial.[7] Callaway Golf similarly has no intention during the upcoming trial of referencing the fact that three examiners each considered the patents-in-suit and allowed them to issue.[8]

### III. CONCLUSION

For the foregoing reasons, Acushnet's Motion in Limine No. 1 should be denied.

---

[7] All of Acushnet's citations are from Callaway Golf's opening statement.
[8] It would be impossible to exclude "all evidence" of the three examiners, as Acushnet requests, because they are identified on the face of the asserted patents. Nevertheless, Callaway Golf has no intention of highlighting this fact during the upcoming trial. Counsel will simply refer to "the Patent Office" having considered the relevant art when deciding to issue the patents.

Dated: January 14, 2010                    FISH & RICHARDSON P.C.


                                           By: */s/ Thomas L. Halkowski*
                                           Thomas L. Halkowski (#4099)
                                           222 Delaware Avenue, 17th Floor
                                           P.O. Box 1114
                                           Wilmington, DE  19899-1114
                                           Tel:  (302) 652-5070
                                           Fax:  (302) 652-0607

                                           Frank E. Scherkenbach
                                           225 Franklin Street
                                           Boston, MA 02110-2804
                                           Tel:  (617) 542-5070
                                           Fax:  (617) 542-8906

                                           Roger A. Denning
                                           12390 El Camino Real
                                           San Diego, CA 92130
                                           Tel: (858) 678-5070
                                           Fax:  (858) 678-5099

                                           **ATTORNEYS FOR PLAINTIFF**
                                           **CALLAWAY GOLF COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2010, I electronically filed with the Clerk of Court PLAINTIFF CALLAWAY GOLF'S OPPOSITION TO ACUSHNET'S MOTION IN LIMINE NO. 1 using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via electronic mail to:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>1313 North Market Street, 6th Floor<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi<br>Joseph P. Lavelle<br>Brian A. Rosenthal<br>Howrey LLP - DC<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | Attorneys for Defendant<br>ACUSHNET COMPANY |

/s/ Thomas L. Halkowski
Thomas L. Halkowski