IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| CALLAWAY GOLF COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-91 (SLR) |
| v. | ) | |
| | ) | |
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ACUSHNET'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE CALLAWAY'S IMPROPER BOLSTERING OF THE VALIDITY OF THE PATENTS-IN-SUIT

OF COUNSEL:

Henry C. Bunsow
Joseph P. Lavelle
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Dated: February 2, 2010
951970 /30030

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT................................................................................................................1

    A. Callaway Should Not Be Permitted to Exploit the Exclusion of the Reexaminations by Bolstering the Presumption of Validity .................................1

    B. Acushnet Does Not Seek to Circumvent the Presumption of Validity....................3

    C. Acushnet Does Not Seek Admission of the Reexaminations Unless Callaway Opens the Door .......................................................................................5

III. CONCLUSION.............................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*,
   No. 92-20643, 1995 WL 261407 (N.D. Cal. Apr. 25, 1995) ...................................................... 6

*Bausch & Lomb, Inc. v. Alcon Lab., Inc.*,
   79 F. Supp. 2d 252 (W.D.N.Y. 2000) .......................................................................................... 6

*Callaway Golf Co. v. Acushnet Co.*,
   576 F.3d 1331 (Fed. Cir. 2009) .................................................................................................... 3

*Chiron Corp. v. Genentech, Inc.*,
   363 F.3d 1247 (Fed. Cir. 2004) ................................................................................................. 3-4

*In re Diet Drugs*,
   369 F.3d 293 (3d Cir. 2004) ......................................................................................................... 5

*Glaros v. H.H. Robertson Co.*,
   797 F.2d 1564 (Fed. Cir. 1986) .................................................................................................... 4

*Hoechst Celanese Corp. v. BP Chemicals, Ltd.*,
   78 F.3d 1575 (Fed. Cir. 1996) .................................................................................................. 4, 5

*KSR Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007) ..................................................................................................................... 3

*United States v. Davis*,
   183 F.3d 231 (3d Cir. 1999) ......................................................................................................... 5

*United States v. Rodriguez*,
   961 F.2d 1089 (3d Cir. 1992) ....................................................................................................... 5

Defendant Acushnet Company ("Acushnet") files this reply in support of its motion *in limine* to exclude arguments or evidence that unduly bolster the presumption of validity of the patents-in-suit.

## I. INTRODUCTION

Callaway opposes Acushnet's motion *in limine* as if it were a motion to admit the reexaminations into evidence. However, Acushnet's motion instead seeks an order preventing Callaway from advancing incorrect and incomplete arguments regarding the Patent Office's evaluation of the patents-in-suit. Such arguments are highly prejudicial and, as recognized by the Federal Circuit, have the potential to mislead the jury given Acushnet's inability to correct the record with reference to, for example, the reexaminations. Callaway should not be permitted to create the unfair and incorrect impression that the Patent Office has rejected Acushnet's invalidity arguments. In fact, when the Patent Office did hear from Acushnet, and was provided with all of the information relevant to the prior art, it accepted Acushnet's arguments and rejected the claims of the patents-in-suit.

Callaway insists that its patents are entitled to a presumption of validity, and thus it should be permitted to say what it wants to about the original examinations. However, Callaway should not be permitted to "enhance" that presumption by implying that the Patent Office has already considered and rejected Acushnet's arguments. Nor should it be allowed to mislead the jury by making assertions of fact that are inconsistent with the results of the reexaminations.

## II. ARGUMENT

### A. Callaway Should Not Be Permitted to Exploit the Exclusion of the Reexaminations by Bolstering the Presumption of Validity

The statements Callaway made at the first trial about the original examination of the patents-in-suit are misleading and prejudicial in light of the final rejection of the patents-in-suit

in the reexaminations. While Callaway concedes that it will not refer to "three examiners," it still apparently intends to tell the jury that the Patent Office has already considered all of Acushnet's prior art and arguments.[1]

Allowing Callaway to make such statements to the jury unduly prejudices Acushnet. The clear implication of Callaway's statements is that the Patent Office has heard Acushnet's arguments and was unpersuaded. In fact, during the original examination, the Patent Office did not hear from Acushnet.

The Patent Office also did not hear all of the relevant facts about the prior art references during the original examination. As discussed in Acushnet's opening brief, the Patent Office did not have before it the cover hardness of the cover layers of the Nesbitt or Proudfit balls, or the Shore D hardness values of the materials disclosed in other prior art references. *See* D.I. 521 at 2-3. During reexamination, Acushnet informed the Patent Office of the hardness of the materials and cover layers disclosed in Nesbitt, Proudfit, and other references. Armed with this full disclosure, the Patent Office agreed with Acushnet and issued final rejections of all of the claims. But Acushnet cannot tell that story if the reexaminations are excluded from evidence.

The Federal Circuit recognized that the status of the reexaminations affects what Callaway should be permitted to tell the jury about the examinations of the patents-in-suit. Specifically, the Federal Circuit found that Callaway's repeated reference to "three patent examiners" was prejudicial and misleading: "Acushnet is correct that Callaway's opening statement, while truthful, nevertheless had potential to mislead the jury by implying that every expert

---

[1] As discussed in Acushnet's opening brief, Callaway's argument to that effect took the form of statements such as "[t]here's no chance that the Patent Office didn't understand everything there was to understand about Nesbitt" and "there's nothing new Acushnet had presented to you that the Patent Office didn't see the first time around." D.I. 521 at 3-5.

2

examiner to have considered the patents had concluded that they were valid." *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1342 (Fed. Cir. 2009).

The Federal Circuit's reasoning applies with equal force to other statements about the original examination of the patents-in-suit, including that the PTO had already considered the prior art and invalidity arguments Acushnet presents. Like its reference to "three examiners," the statement that the PTO considered Acushnet's primary references may be truthful, but it is *misleading*. Thus, for the same reason, Callaway should not be permitted to exploit the exclusion of the reexaminations by otherwise implying that the Patent Office has already considered and rejected Acushnet's arguments.

### B. Acushnet Does Not Seek to Circumvent the Presumption of Validity

Callaway argues that Acushnet's motion *in limine* should be denied because the reexaminations do not impact the presumption of validity. D.I. 551 at 2-3. Acushnet does not argue that the presumption of validity is inapplicable to the patents-in-suit. However, the Supreme Court has recognized that in some cases the presumption of validity is diminished if the Patent Office approves a claim without having all relevant information. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 426 (2007). Thus, while Callaway may be permitted to refer to the presumption of validity, Callaway should not be permitted to unduly bolster the presumption of validity of the patents-in-suit through reference to what the PTO has previously considered.

The Federal Circuit has made clear that the presumption of validity serves merely to heighten the burden of proof necessary to establish invalidity to a "clear and convincing evidence" standard. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1259 (Fed. Cir. 2004). In *Chiron*, the Federal Circuit held that it is not even necessary to instruct the jury that a

3

presumption of validity exists, as long as the jury is properly instructed that the burden of showing invalidity is clear and convincing evidence:

> Chiron argues that the district court erred by instructing the jury on Genentech's burden of proof without also adding an instruction on the presumption of the '561 patent's validity. This court disagrees, because the presumption of validity and heightened burden of proving invalidity "are static and in reality different expressions of the same thing - a single hurdle to be cleared." [T]his court has explained: "The presumption is one of law, not fact, and does not constitute 'evidence' to be weighed against the challenger's evidence." Therefore, the district court did not err in declining to include a jury instruction on the presumption of validity because the jury applied the correct "clear and convincing evidence" standard.

*Id.* at 1258-59 (citation omitted).

Acushnet seeks to strike a balance between the existence of the legal presumption of validity and the factual reality that the Patent Office has accepted Acushnet's arguments that the patents-in-suit are invalid. Acushnet submits that Callaway may refer to the presumption, but may not bolster it with reference to the PTO's consideration of the application during the original prosecution.

Callaway's reliance on *Hoechst Celanese Corp. v. BP Chemicals, Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) is misplaced. At the outset, that case involved a grant of a reexamination request—here the Patent Office has not only granted the reexamination request, but has found all the claims of the patents-in-suit invalid in final office actions. More to the point, nothing in *Hoechst* addresses whether a reexamination may nonetheless limit a patentee's ability to proffer evidence and argument by making misleading or incomplete statements. While the Court excluded the reexamination evidence, it still has the power and obligation to ensure that the trial is run fairly and that the jury is not misled. *See Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 (Fed. Cir. 1986) ("Trial courts have the right and duty to manage proceedings before them to insure both expedition and fairness...."). In light of the fact that the Patent Office has found

4

all the asserted claims invalid, Callaway should not be permitted to take advantage of the exclusion of this evidence by suggesting that the PTO proceedings support its case. Nothing in *Hoechst* requires this unjust result.

### C. Acushnet Does Not Seek Admission of the Reexaminations Unless Callaway Opens the Door

Callaway's charge that Acushnet is "struggling for a vehicle to put [the reexaminations] in front of the jury in a different way" has no merit. D.I. 551 at 8. Acushnet has stated repeatedly that it is not seeking to admit reexamination evidence. Rather, Acushnet is seeking to prevent the unfairness created by the incomplete story Callaway told the jury in the first trial.

Acushnet will seek to admit the reexaminations <u>only if</u> Callaway opens the door to their admission by improperly bolstering the presumption of validity of the patents-in-suit. Should Callaway do so by exploiting the exclusion of the reexaminations, fairness dictates that the Court level the playing field by allowing Acushnet to correct any misleading impressions through appropriate, limited reference to the reexaminations. The Third Circuit has recognized that in some instances a party may introduce otherwise inadmissible evidence to rebut misleading impressions occasioned by another party's partial presentation of evidence. *See, e.g., In re Diet Drugs*, 369 F.3d 293, 316 (3d Cir. 2004) (acknowledging that testimony may "open[] the door for previously out-of-bounds evidence"); *United States v. Davis*, 183 F.3d 231, 256 (3d Cir. 1999); *United States v. Rodriguez*, 961 F.2d 1089, 1096 (3d Cir. 1992).[2]

In the patent context, some courts have specifically cautioned patentees that they may be opening the door to otherwise inadmissible evidence by suggesting that "some extraordinary

---

[2] This Court has also recognized that evidence that is otherwise inadmissible may be offered for the limited purposes of correcting the record. In the first trial, the Court ruled that evidence relating to Acushnet's test balls could be considered, but "[o]nly if Callaway, through its cross examination, raises an issue of fact that implicates the test golf balls." D.I. 362.

5

deference is due" the Patent Office. *See, e.g., Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 79 F. Supp. 2d 252, 256 (W.D.N.Y. 2000) (cautioning patentee that "if it opens the door by suggesting that 'some extraordinary deference is due in this case,' the court might revisit [its ruling excluding defendant's generalized testimony about 'problems' in the PTO]") (citation omitted); *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92-20643, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995) (excluding expert testimony concerning overwork at the PTO and other matters insinuating that the PTO does not do its job properly, but noting that it might reconsider its ruling, if plaintiff opens the door by presenting evidence suggesting that some extraordinary deference is due).

Thus, if Callaway opens the door by bolstering the presumption of validity of the patents-in-suit through reference to the original examination, the Court should permit Acushnet to correct the record by making limited reference to the reexamination proceedings. However, if Callaway restricts its argument and evidence, and does not open the door to the reexaminations, Acushnet will not seek to introduce the reexaminations into evidence.

### III. CONCLUSION

For all of the foregoing reasons, any argument or evidence which tends to improperly bolster the presumption of validity of the patents-in-suit should be excluded from the retrial. If Callaway is permitted to advance argument or evidence pertaining to the correctness or completeness of the Patent Office's original reexamination, the Court should allow Acushnet to correct the record, where appropriate, by making limited reference to the reexamination proceedings.

OF COUNSEL:

Henry C. Bunsow
Joseph P. Lavelle
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Tel:  (202) 783-0800

Dated:  February 2, 2010
951970  /30030

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 2, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 2, 2010, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Robert A. Denning
David S. Shuman
W. Chad Shear
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
denning@fr.com
shuman@fr.com
shear@fr.com

Jonathan J. Lamberson
Christina D. Jordan
Craig R. Compton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
lamberson@fr.com
cjordan@fr.com
compton@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030