IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br>Plaintiff,<br>v.<br>ACUSHNET COMPANY,<br>Defendant. | C. A. No. 06-91 (SLR) |

**PROPOSED PRETRIAL ORDER**

Thomas L. Halkowski (#4099)
222 Delaware Avenue
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

*Attorneys for Plaintiffs*
CALLAWAY GOLF COMPANY

Richard L. Horwitz (#2246)
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Henry C. Bunsow
Joseph P. Lavelle
Brian A. Rosenthal
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004

*Attorneys for Defendants*
ACUSHNET COMPANY

Dated: February 24, 2010

On Wednesday, March 3, 2010, at 4:30 p.m., counsel for Callaway Golf Company ("Callaway Golf") and counsel for Acushnet Company ("Acushnet") shall appear before the Court for a pretrial conference held pursuant to Federal Rule of Civil Procedure 16 and Rule 16.3 of this Court.

This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice. The following matters as to the trial commencing on March 22, 2010, are hereby ordered by the court:

## I. STATEMENT OF THE NATURE OF THE ACTION AND THE PLEADINGS IN WHICH THE ISSUES ARE RAISED

On February 9, 2006, Callaway Golf filed this action against Acushnet for patent infringement. By this action, Callaway Golf seeks monetary damages for Acushnet's infringement. Acushnet, in turn, asserts that the patents-in-suit are invalid, and seeks an order dismissing Callaway Golf's action on the basis that Callaway Golf is entitled to no relief on its claims. The controlling pleadings are Callaway Golf's Amended Complaint (D.I. 67) and Acushnet's Answer to Callaway Golf's Amended Complaint (D.I. 60).

This case was initially tried to a jury in December 2007. The issue of infringement was stipulated (D.I. 367), anticipation was resolved via a summary judgment of no anticipation (D.I. 347 & 348), and the issues of damages and willfulness were bifurcated for a later trial (D.I. 362). The first jury reached a verdict on December 14, 2007, finding dependent claim 5 of the '293 patent invalid as obvious, and finding the remaining asserted claims not obvious. The Court decided post-trial motions on November 10, 2008, denying Acushnet's motion for judgment as a matter of law or, in the alternative, for a new trial; and granting Callaway Golf's motion for a permanent injunction (D.I. 493). Acushnet appealed the Court's decisions to the Court of Appeals

for the Federal Circuit, and the Federal Circuit affirmed-in-part on the issue of claim construction, reversed-in-part on the granting of summary judgment of no anticipation, vacated-in-part with respect to the inconsistent verdict on obviousness, and remanded for a retrial.  *See* 576 F.3d 1331.  The Court then scheduled this trial on validity and damages to begin on March 22, 2010.  Callaway has agreed not to pursue its claim of willfulness.

## II. STATUTORY BASIS FOR JURISDICTION

This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

## III. PARTIES' PRETRIAL SUBMISSIONS

### A. The Parties' Joint Statement of Admitted Facts

The parties' joint statement of admitted facts is attached as Exhibit 1 to this Order.

### B. The Parties' Statements of Issues of Facts Remaining to be Litigated

The parties' joint statement of issues of fact that remain to be litigated is attached as Exhibit 2 to this Order.

### C. The Parties' Statements of the Issues of Law Remaining to be Litigated

1. Callaway Golf's statement of issues of law that remain to be litigated is attached as Exhibit 3 to this Order.

2. Acushnet's statement of issues of law that remain to be litigated is attached as Exhibit 4 to this Order.

### D. The Parties' Pre-Marked Trial Exhibits

1. Callaway's List of Trial Exhibits and Acushnet's objections thereto are attached as Exhibit 5 to this Order.  This list does not include Callaway's demonstrative exhibits.

2. Acushnet's List of Trial Exhibits and Callaway's objections thereto are attached as Exhibit 6 to this Order.  This list does not include Acushnet's demonstrative exhibits.

3. The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective exhibit lists.  These lists include the exhibit number to be used at trial and a description sufficient to

        identify the exhibit, *e.g.* by production number, deposition number, or otherwise. Subject to applicable objections, any party may use any document on any party's exhibit list. The parties agree, however, that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document. The parties also agree that, in accordance with the reserved objections set forth in Section III.I.2.B, listing a document on a party's exhibit list is not an admission that the document is admissible as evidence.

4. The parties shall exchange final drafts of **demonstrative exhibits** (subject only to addressing evidentiary objections or rulings) they intend to use at trial by **7:00 p.m.** the day before a given demonstrative is first used. The parties' objections to the demonstrative exhibits, if any, shall be exchanged no later than **9:30 p.m.** the evening before they are used. The parties need not exchange demonstrative exhibits for use in closing arguments. The notice provisions of this paragraph also shall not apply to demonstrative exhibits created in the courtroom during testimony or opening or closing statements at trial, or to the enlargement, highlighting, ballooning, excerption, etc. of trial exhibits or testimony.

5. The parties shall meet and confer to resolve any objections to demonstratives. Any objection that cannot be resolved shall be raised with the Court before the demonstrative is used in Court.

6. Unless otherwise agreed during trial, each party will provide the other party a list of exhibits, by exhibit number and intended witness, that it intends to use on direct examination by **7:00 p.m.** the day before the exhibits are intended to be used in court. If the party decides, after **7:00 p.m.** the night before the intended use of exhibits, to use additional exhibits on direct, that party will notify the opposing party as early as possible, but in no event later than **9:30 p.m.** the night before the exhibits are intended to be used in Court. The parties will meet and confer on any objections by **9:30 p.m.** that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed exhibit. The parties hereby agree that, once confirmed, the exhibits to be used in direct examination may not change absent good cause.

7. Legible photocopies of United States and foreign patents may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies. Legible photocopies of United States Patent Applications and the contents of associated Patent and Trademark File Histories may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

8. The parties shall allow for inspection of all **physical exhibits** they intend to use at trial by **9:00 a.m.** the day before such physical

exhibits are first used. The parties' objections to the physical exhibits, if any, shall be exchanged no later than **5:00 p.m.** the evening before they are used. The parties will meet and confer on any objections by 9:30 p.m. that evening and the parties will present any unresolved such objections to the Court the morning of the proposed use of the physical exhibit.

**E. Identification of Potential Witnesses to be Called to Testify at Trial**

1. Callaway Golf's List of Potential Trial Witnesses that it will call or may call at trial is attached as Exhibit 7 to this Order. This list includes a designation for each witness as to whether Callaway Golf intends to call the witness live or by deposition. Callaway Golf Deposition Designations (including Acushnet's counter-designations) and Acushnet's Objections to Callaway's Deposition Designations are attached as Exhibit 8.

2. Acushnet's List of Potential Trial Witnesses that it will call or may call at trial is attached as Exhibit 9 to this Order. This list includes a designation for each witness as to whether Acushnet intends to call the witness live or by deposition. Acushnet's Deposition Designations (including Callaway Golf's counter-designations) and Callaway's Objections to Acushnet's Deposition Designations are attached as Exhibit 10.

3. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition. However, either party may call at trial any witness appearing on the other party's trial witness list.

4. Unless otherwise agreed to during trial, each party will provide to the other party a list of witnesses whom it intends to call on direct examination by **9:00 a.m.** the day before those witnesses are intended to testify in court. The parties hereby agree that, once confirmed, the identity and order of witnesses to be used in direct examination may not change absent good cause.

5. The parties have agreed that deposition designations need not be submitted for witnesses appearing on the Lists of Potential Trial Witnesses who appear live at trial. A party shall provide reasonable notice if for any reason it does not intend to call a witness that it had previously indicated would appear live. In that event, each party shall be allowed to designate (including counter-designations) and offer deposition testimony from such witness.

6. By 9:00 a.m. one day before it intends to rest its case, the resting party shall give the other party notice of its intention to rest. This notice is intended so that the parties have an opportunity to comply with the other provisions of this Order.

**F. Brief Statement of Intended Proofs**

        1. Callaway Golf's brief statement of what it intends to prove in support of its claims is attached to this order as Exhibit 11.

2. Acushnet's brief statement of what it intends to prove in support of its claims is attached to this order as Exhibit 12.

**G. Certificate of Attempted Resolution of Controversy**

The parties certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement.

**H. Motions in Limine**

A preliminary list of the motions in limine that Callaway Golf intends to raise is attached to this order as Exhibit 13. A preliminary list of the motions in limine that Acushnet intends to raise is attached to this order as Exhibit 14.

**I. Other Matters**

1. **Order of Proof:**

**Callaway Proposal:** Callaway will present its witnesses first on the issues of the background of the invention and the companies, and damages. Acushnet will then answer on these issues and also present its case on invalidity. Callaway will then answer Acushnet's invalidity case and provide rebuttal on damages. Acushnet will then provide rebuttal on invalidity.

**Acushnet Proposal:** Acushnet will present its case on the issue of invalidity. Callaway will then answer on invalidity and present its case on damages. Acushnet will then answer Callaway's damages case and provide rebuttal on invalidity. Callaway will then provide rebuttal on damages.[1] Alternatively, Acushnet proposes that the

---

[1] Acushnet submits that the parties specifically negotiated for Acushnet to go first in exchange for the stipulation that it "infringes" the patents-in-suit. That agreement is reflected in the parties' stipulation on infringement. D.I. 367. Callaway's proposal is in contravention of that agreement. In addition, the Federal Judicial Center's recommendation is in line with Acushnet's proposed order of proof. "Where infringement is not disputed, the defendant should usually proceed first on its invalidity defenses." Patent Case Management Judicial Guide § 8.1.2.2.2.1 at 8-15 (Fed. Jud. Ctr. 2009). The section of the Judicial Guide quoted above plainly counsels in favor of allowing defendant to go first when infringement is not at issue, even when damages are to be tried with validity.

Callaway Golf responds that Acushnet is mistaken. The plaintiff patentee traditionally goes first at trial and describes the patented inventions and the technology at issue. Nothing in the parties' infringement stipulation changes that fact. Indeed, both parties were well aware that damages would be tried at a later point, and that Callaway Golf would go first during that presentation. The stipulation simply states that "the *only* issue that remains for trial *in this portion of the trial* is whether the patents are valid." D.I. 367 (emphasis added). Since Acushnet bore the burden of proof on validity, the only issue to be presented at the first trial, Acushnet

    damages issues be tried separately immediately after a verdict on liability if necessary.

 2. **Admission of Exhibits:**

    A. The parties request that counsel be permitted to move, and the Court admit if appropriate, evidence on the morning following use of the evidence, to the extent not admitted at the time of use.

    B. Any exhibit identified in Callaway's or Acushnet's Exhibit List and not objected to is deemed admissible and authentic and may be entered into evidence, except that objections under FRE 104, 105, 402, and 403 are reserved for trial.

 3. **Deposition Designations:**

    A. Unless otherwise agreed during trial, each party will provide the other party a list of deposition designations (from the previously designated testimony) that it intends to introduce by 7:00 p.m. two days before the designations are intended to be used in court. New deposition designations may not be added without good cause.

    B. The other party will provide counter designations and objections (from the previously identified designations, and counter designations) by 7:00 p.m. the following evening. Such counter-designations may include deposition testimony previously designated by the other party. Any counter-counter designations will be provided by 10:00 p.m. that evening. The parties will meet and confer on any objections by 11:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed testimony. The parties hereby agree that, once confirmed, the deposition designations may not change absent good cause.

    C. The parties will identify by 10:00 p.m. the night before a deposition is played or read whether they intend to read the deposition transcript or play deposition video, if available. The parties will meet and confer on any objections to the manner in which a deposition will be presented and raise any objections with the Court if necessary before the deposition is played or read. The manner of using counter designations at trial shall be in the same manner (video versus reading deposition transcripts)

---

of course presented its witnesses first. Because the upcoming trial includes damages, however, the traditional approach of having the plaintiff patentee open the trial is warranted. Finally, while the Patent Case Management Judicial Guide does not appear to address the issue of damages, Callaway Golf's approach is nonetheless in line with that Guide's note, as Acushnet *will* present first on invalidity. In any event, consistent with how patent cases typically proceed in this District, Callaway Golf respectfully submits that the patentee should begin the upcoming trial with its proof on issues where it bears the burden.

    as that used for the designation sought to be rebutted, such that all designations, counter-designations, and cross designations will be played, or read, to the jury, as the case may be, in one consecutive segment in the order the testimony appears in the transcript. If a party offers video testimony, that party shall be responsible for including video portions of counter-designated testimony that is designated as described in this section. If a party reads testimony to the jury in lieu of playing video testimony, that party shall read all designations, counter designations and cross designations in one consecutive segment in the order the testimony appears in the transcript.

4. **Juror Information:**

    A. The parties shall be allowed to provide a jury notebook to each of the jurors, which shall include the patents-in-suit and such other evidence that the parties agree on. The jurors shall be permitted to take handwritten notes during the presentations of the parties. The jury will be permitted to bring these notebooks and handwritten notes into the deliberation room.

    B. Counsel are encouraged to make transition statements, to introduce witnesses and their role in the litigation.

5. **Confidential Information:**

    A. The parties request that the trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown as required under the governing law of the Third Circuit, the courtroom will be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of the trial. Each party must notify the opposing party of the identity of this corporate representative before trial.

    B. Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Prior to the time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to Court approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

6. **Witness Sequestration**: The parties request pursuant to Fed. R. Evid. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its

representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

7. **Opening and Closing Statements**: Counsel may use PowerPoint presentations in their opening and closing statements. In addition, the parties may request the Court to pre-admit into evidence certain exhibits prior to opening statements so that such evidence may be shown to the jury during opening statements. Neither admitted exhibits nor presentation materials need be exchanged prior to closing statements. Demonstratives that have yet to be used in Court other than for closings need to be exchanged in accordance with section III.D.4.

8. **Asserted Claims**: The parties agree that the asserted claims to be tried in this case are: claims 1, 4, and 5 of the '293 patent, claims 1, 2, and 3 of the '156 patent, claim 5 of the '130 patent, and claims 1 and 3 of the '873 patent.

9. **Reference to Prior Trial**: To the extent either party wishes to impeach a witness with testimony from the prior trial in this case, counsel may refer to the prior testimony only as "prior testimony given under oath." Counsel shall not disclose to the jury, or elicit testimony regarding the fact that a prior trial occurred or the subject matter, nature or outcome of the prior trial.

## IV. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
222 Delaware Avenue
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Roger A. Denning
12390 El Camino Real

*/s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Henry C. Bunsow
Joseph P. Lavelle
Brian A. Rosenthal
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004

*Attorneys for Defendants*
ACUSHNET COMPANY

San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

*Attorneys for Plaintiffs*
CALLAWAY GOLF COMPANY

SO ORDERED this ________ day of ____________, 2010.

______________________________________
UNITED STATES DISTRICT JUDGE