# FISH & RICHARDSON P.C.

17TH FLOOR
222 DELAWARE AVENUE
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
(302) 778-8407

Email
halkowski@fr.com

**VIA ELECTRONIC FILING**

March 1, 2010

**REDACTED**

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 North King St.
Wilmington, DE 19801

Re:   *Callaway Golf Co. v. Acushnet Company*
      USDC – D. Del. – C.A. No. 06-91 (SLR)

Dear Judge Robinson:

Callaway Golf respectfully submits this letter to apprise the Court of a recent development concerning Callaway Golf's pending motion *in limine* to exclude Acushnet's new Pro V1 ball [*See* D.I. 539 and 573].

Last week, on February 24th, Acushnet's damages expert, William Kerr, served a supplemental expert report of nearly 60 pages, including approximately 35 pages devoted to new evidence and analysis primarily concerning the redesigned Pro V1 and its alleged impact on damages. Supplementation of damages reports should have been limited to a simple updating of calculations based on new sales numbers for Acushnet's infringing Pro V1s.[1]

Dr. Kerr's supplemental report, attached hereto as Exhibit A, highlights the complete lack of discovery on the new Pro V1. His report relies on new documents and new discussions with Acushnet witnesses, including multiple interviews with Acushnet attorney Troy Lester and an interview with William Morgan, regarding the new Pro V1, as well as declarations prepared by Messrs. Bellis and Calabria in 2008 and 2009 – long after the 2007 jury trial in this matter. None of these witnesses, including Dr. Kerr, has been deposed about the new evidence.[2]

Dr. Kerr also states that Acushnet periodically tested golf balls ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ over the years, but there has been little to no discovery on this testing, and Dr. Kerr cites almost no production documents to support his contentions. Dr. Kerr even states that the conversion from the old to the new Pro V1 ▌▌▌▌▌▌▌▌▌▌▌ which contradicts Acushnet's *own* statements

---

[1] Indeed, Dr. Kerr's ultimate opinion is unchanged – he continues to insist that Callaway Golf is only entitled to a $10M lump sum damages payment.

[2] Additional key relevant witnesses would include persons from the United States Golf Association that allegedly did testing on the new Pro V1 golf ball, professional golfers who also tested the new ball, professional golfers who refused to play the new version of the Pro V1, Mr. Nauman (concerning his interactions with professional golfers), and corporate witness(es) to testify regarding topics such as the costs of the new Pro V1 golf ball and relevant details regarding its development.

to this Court during the injunction briefing where Acushnet stated that it would suffer irreparable harm if it was forced to promptly transition to a new ball. [*Compare* Kerr Supp. Rpt. (Ex. A) at ¶ 12 ( ███████████████████████████████████████████████ ███████████████████████████████████████ )(emphasis added)); *with* D.I. 464 (Acushnet's brief) at 8 ("Callaway's speculation that this should take only a few weeks is uninformed and wrong."); D.I. 437, Ex. 18 (Morgan Decl.) at ¶ 10 ("planning and execution of a new product launch takes nearly a year"); and ¶ 17 (noting that, apart from effort at testing prototypes and arriving at new formulation, "[i]t will normally take a number of months to design and implement the changes we need to make to our production lines to start making the 2009 version of the Pro V1s.").]

Dr. Kerr also makes a number of statements about the alleged acceptance of the new Pro V1 among tour players. But news articles indicate that Acushnet is using different versions of the Pro V1 on tour that do not have the same construction as the new Pro V1 [*See, e.g.*, Ex. B]. These new versions became available in August 2009, which is when the injunction against Acushnet was dissolved by the Federal Circuit. [*Id.* at 1 ("Since last August, Titleist has made two tour-only versions of the ProV1 ball available to PGA players."]. It appears, therefore, that at least some tour players have *not* accepted the new Pro V1 and, to satisfy them, Acushnet may have gone back to the infringing Pro V1 formulation after the injunction was vacated by the Federal Circuit.

There has been *no* discovery on this or the other multiple issues raised by Acushnet's belated switch to a new formulation after 8 years of infringing the four patents-in-suit – neither written discovery, nor document production, nor depositions. The lack of basic vetting of the numerous issues implicated by Acushnet's new Pro V1 golf balls precludes Callaway Golf from effectively cross-examining Acushnet's witnesses during trial. Moreover, discovery would be complicated by the many privilege issues arising from the fact that Acushnet's counsel was undoubtedly involved at every step along the way in the development, testing, and introduction of the new Pro V1 golf ball – a ball introduced to avoid the patents in suit.

Yet, as explained in Callaway Golf's briefing regarding its motion *in limine*, the new Pro V1 does not even provide a non-infringing alternative for purposes of the damages analysis because it infringes two other versions of Sullivan's pioneering invention (U.S. Patent Nos. 6,495,633 and 6,623,381) which are the subject of Callaway Golf's recently filed suit against Acushnet. For these reasons, amongst others detailed in Callaway Golf's motion *in limine* briefing, the new version of the Pro V1 is irrelevant to both damages and validity issues as well as being unduly prejudicial.[3]

---

[3] Indeed, Dr. Kerr admits that ( ███████████████████████████████████████████ ███████████████████████████ ) which was discussed in Dr. Kerr's initial, timely report (and therefore, unlike the new ball, was the subject of discovery). [Kerr Supp. Rpt. (Ex. A) at ¶ 11]. Yet, Acushnet declined to do so and instead adopted an admittedly *different* formulation for its new ███████ ball. [*Id.*

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
March 1, 2010
Page 3

Thus, Callaway Golf submits that Dr. Kerr's supplemental report provides further support for excluding the new golf balls released by Acushnet from the upcoming trial.

Respectfully,

/s/ *Thomas L. Halkowski*

Thomas L. Halkowski

TLH:jrm

Enclosures

cc: Clerk, U.S. District Court (via hand delivery)
Opposing Counsel (via email)

80092108.doc

---

¶ 28; *see also* D.I. 464 at 8 (Acushnet's brief to the Court re opposition to issuance of an injunction, "The redesign Acushnet is pursuing today is ***different*** from the one it would have pursued in 2002 and which is discussed by Dr. Kerr.") (emphasis added)].