**Callaway Golf Company**
**v.**
**Acushnet Company**
**Civil Action No. 06-91-SLR**

---

**PRELIMINARY JURY INSTRUCTIONS**

**Members of the Jury:**

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties**

This is an action for patent infringement arising under the patent laws of the United States. The plaintiff is Callaway Golf Company, which I will refer to as "Callaway." The defendant is Acushnet Company, which I will refer to as "Acushnet." Callaway and Acushnet are companies engaged in the design, development, marketing, and sale of golf balls.

Callaway is the owner of the United States patents at issue in this case. There are four patents at issue: U.S. Patent No. 6,506,130, which I will refer to as "the '130 patent"; U.S. Patent No. 6,503,156, which I will refer to as "the '156 patent"; U.S. Patent No. 6,210,293, which I will refer to as "the '293 patent"; and U.S. Patent No. 6,595,873, which I will refer to as "the '873 patent." I may refer to these patents collectively as "the patents in suit," or, alternatively, as "the Callaway patents."

Copies of these patents have been given to you in your notebooks along with these preliminary instructions. Paper is also provided for you to take notes if you choose to during the trial.

**Summary of the Issues**

The parties have stipulated that Acushnet infringes claims 1, 4, and 5 of the '293 patent, claims 1, 2, and 3 of the '156 patent, claim 5 of the '130 patent, and claims 1 and 3 of the '873 patent. Therefore, you will not be asked to determine the issue of infringement. However, Acushnet asserts that each of the patents in suit is invalid and, therefore, you will be asked to review the validity of each of these patents.

Callaway denies that the patents in suit are invalid and seeks damages for infringement of the patents by the following golf balls under Acushnet's Titleist brand: the Titleist Pro V1, the Titleist Pro V1x, and the Titleist Pro V1*.

You must decide these issues according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide:

1. Whether Acushnet has proven, by clear and convincing evidence, that the patents in suit are invalid.

2. If the patents are valid, whether Callaway has proven, by a preponderance of the evidence:

(a) that Callaway is entitled to lost profits damages for Acushnet's infringement; and

(b) the amount of these damages.

3. For any periods of time for which lost profits have either not been proven or not been claimed, the amount of reasonable royalty damages (or applicable royalty rate).

**Burdens of Proof**

This is a civil case in which Acushnet contends that the patents are invalid and in which Callaway is asking for damages for Acushnet's infringement.

Callaway has the burden of establishing the amount of damages by what is called a preponderance of the evidence. That means that Callaway has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Callaway claims is more likely true than not. To put it differently, if you were to put the evidence of Callaway and Acushnet concerning the amount of damages on opposite sides of a scale, the evidence supporting Callaway's claims would have to make the scales tip somewhat on its side.

Acushnet contends that the patents in suit are invalid. Acushnet has the burden of proving that each of the patents in suit are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether Callaway and Acushnet have met their respective burdens of proof in this case.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.   Statements, arguments and questions by lawyers are not evidence. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I

instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. I will instruct you further during the trial if this happens.

2. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

Although you are not to talk about the case with anyone else, you are permitted to talk to each other, when everyone is in the jury room, about the technology at issue in this case. You may write questions down and give them to Larisha, my courtroom deputy. She will give the questions to me and I will pass them along to the attorneys, who may or may not try to incorporate your questions into their examinations.

Even though you may talk to each other about the technology, you should not reach any conclusions as to the issues presented until all the evidence is in and you have been given your final instructions.

Finally, you must only consider the evidence presented in the courtroom. Do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try

to do any independent research or investigation on your own on matters relating to this case.

The proceedings during trial will be transcribed by court reporters; however, it is not the practice of this Court to make the trial transcripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we have provided to help you remember what witnesses said. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1) Note-taking is permitted, but it is not required. You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

(2) Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3) Your notes are memory aids; they are not evidence. Notes are not a record or written transcript of the trial. Whether or not you take notes, you will need to rely on your own memory of what was said. Notes are only to assist your memory; you

should not be overly influenced by notes.

We also ask you to wear your juror identification tags where people can see them, so persons involved in the case don't accidently engage you in conversation. Even if it is innocent conversation, it might draw into question your impartiality. So please make sure that people can identify you as jurors in the case.

**Course of the Trial**

The trial will now begin. The attorneys have three opportunities to talk to you during the trial. The first opportunity is the opening statement. During the opening statements, the attorneys will introduce their respective stories to you. As I've already instructed, however, what the lawyers say is not evidence. It will be up to you to determine whether the evidence - the testimony of the witnesses and the admitted documents - supports what the lawyers say in their opening statements. The second opportunity that the lawyers have to talk to you is during transition statements. Lawyers are permitted to make transition statements whenever they call a witness to the stand, to introduce the witness and to briefly explain the relevance of the witness's anticipated testimony. Finally, after all the evidence is in, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their story. I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

You should generally expect that we will start the trial each morning at 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch. As I said earlier, I time my civil trials, meaning each party is

given a certain number of hours in which to present its evidence. This assures that trials will be completed on a predictable basis. This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.

# GLOSSARY OF PATENT TERMS

**Assignment**  Transfer of ownership rights in a patent or patent application from one person or company to another.

**Claims**  That part of a patent which defines the limits of the invention. These are found at the end of the patent specification in the form of numbered paragraphs.

**Disclosure or Description**  That part of the patent specification which explains how the invention works and usually includes a drawing or drawings.

**File wrapper or Prosecution history**  The written record of proceedings in the United States Patent and Trademark Office (Patent Office or PTO) including the original patent application and subsequent communications between the Patent Office and applicant.

**Patent application**  The initial papers filed in the Patent Office by an applicant. These typically include a specification, drawings, and the oath (declaration) of applicant.

**Patent examiners**  Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention.

**Prior art**  Any information which is used to describe public, technical knowledge prior to the invention by the applicant or more than a year prior to his/her application.

**References**  Any item of prior art (publication or patent) used to determine patentability.

**Specification**  That part of the patent application or patent which describes the invention and concludes with one or more claims.