# FISH & RICHARDSON P.C.

17TH FLOOR
222 DELAWARE AVENUE
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
302 778-8407

Email
halkowski@fr.com

**VIA ELECTRONIC FILING**

**March 23, 2010**

The Honorable Sue L. Robinson
United States District Court
844 North King St., Lock Box 31
Wilmington, DE 19801

Re:  Acushnet's Motion Pursuant to Rule 408 (D.I. 586-14)
     *Callaway Golf v. Acushnet*, C.A. No. 06-91 (SLR)

Dear Judge Robinson:

Pursuant to the Court's instructions, Callaway Golf respectfully submits the following letter brief regarding the admissibility, for damages purposes, of certain license agreements not involving the patents-in-suit.

There are three licenses that Acushnet seeks to preclude from evidence under Rule of Evidence 408: (1) the 2001 license between Callaway Golf and Acushnet (PX-663) related to the Hebert/Morgan patents[1]; (2) the 2000 license between Acushnet and Dunlop (PX-540) related to other golf ball patents; and (3) the 2007 license between Acushnet and Bridgestone (PX-1027), also related to other golf ball patents. All of these licenses relate to patents for three-piece, polyurethane-covered golf balls.

None of these licenses involves the patents-in-suit, and Callaway Golf is not offering them to prove "liability or the invalidity or amount of any claim" between the parties who signed the agreements. *Michael Putnam & WEP v. Henkel Consumer Adhesives, Inc.*, 2007 WL 4794115 * (N.D. Ga. October 29, 2007); *see also Cornell Research Foundation Inc. v. Hewlett-Packard Co.*, 2007 WL 4349135 *18 (N.D.N.Y. January 31, 2007) ("Since in neither instance are the license and negotiations at issue being offered either to ***establish liability or for the purpose of valuation of the claim between Intel and CRF***, as distinct from these other, ancillary purposes, neither the letter nor the spirit of Rule 408 requires exclusion of the disputed license and negotiations at this juncture ...." (emphasis added)).

Rather, Callaway Golf's damages expert relies on the licenses as data points in the context of the *Georgia-Pacific* analysis, particularly because they show: (1) that running royalties are common in golf ball licenses; and (2) what royalty percentages parties in the golf industry have agreed to in the past for licenses to patents that relate to three-piece polyurethane covered golf balls. Acushnet's damages expert himself relies on at least the Hebert license as a data point to support his opinion of a lump sum royalty. *See* July 13, 2007 Expert Report of William Kerr at pp. 14-15. Thus, as used by the experts in this case, Rule 408 does not preclude the admission of the

---

[1] Included in the category with the Hebert/Morgan license are (1) a pre-license letter from Acushnet to Callaway Golf dated December 18, 2000 (PX-571), and (2) a post-license letter from Acushnet to Callaway Golf dated June 3, 2003 (PX-296).

The Honorable Sue L. Robinson
March 23, 2010
Page 2

licenses, because they are not being offered for any prohibited purpose. *See Cornell Research*, 2007 WL 4349135 at *18 ("as was previously noted, Rule 408 does not require exclusion of such evidence to the extent that it bears relevance on *other issues* in dispute. *See* Fed.R.Evid. 408(b)" (emphasis added)).

Indeed, Acushnet's counsel has conceded that the parties' damages experts are permitted to testify about these licenses in support of their opinions, including a reasonable royalty.

> **Mr. Rosenthal:** Well, I don't think so, your Honor. I think that it is often the case that a damages expert can rely on what that expert has seen in terms of settlement agreements and royalty rates in those agreements, but that's a different question from whether those can be published to the jury and admitted into evidence.
>
> The fact that the expert can rely on these things as support for his or her opinion about the royalty rate does not necessarily mean that these agreements are in evidence. An expert can rely on evidence that's not otherwise admissible in forming his or her opinion.
>
> So we don't object to Calloway's [*sic*] damages expert providing his opinion about what the appropriate royalty would be, and we don't object to the fact that part of that basis for his opinion is this [license] agreement.

March 22, 2010 Trial Tr., 142:20-143:9; *see also* D.I. 523 at 16 n.5 (Acushnet recognizing that the Hebert License "may be relevant to damages"). Acushnet's suggestion that the licenses themselves should be excluded even though the experts can testify about them makes no sense, and raises significant issues. First, if the experts will be testifying about the licenses but the licenses themselves are excluded, the appellate record will be incomplete if not insufficient for both sides. *See Lucent Technologies, Inc. v. Gateway, Inc., et al.*, 580 F.3d 1301, 1329 (Fed. Cir. 2009) (discussing the importance of comparable licenses under *Georgia-Pacific* factor 2, and stating the "law does not require an expert to convey all his knowledge to the jury about each license *in evidence*, but a lump-sum damages award cannot stand *solely on evidence which amounts to little more than a recitation of royalty numbers....*") (emphasis added).[2] With testimony only but no licenses in evidence, the Federal Circuit may conclude that there was insufficient evidence in the record to support any damages award, raising the prospect of yet another retrial. *See id.* at 63. In addition, if the licenses are not admitted, counsel will not be able to effectively cross-examine the experts on the basis for their opinions. *See* Fed. R. Evid. 705. To the extent Acushnet argues that all of the relevant substance of the licenses could in fact get into the record through testimony only, there would be no point of then excluding the documents themselves.

---

[2] At least one of the licenses admitted into evidence at trial in *Lucent* was a litigation settlement. *See Lucent Technologies, Inc. v. Gateway, Inc., et al.*, Case No. 07-CV-2000-H(CAB), March 11, 2008 Trial Tr. at 215:18-24.

The Honorable Sue L. Robinson
March 23, 2010
Page 3

Accordingly, Callaway Golf respectfully requests that the court deny Acushnet's request to exclude under Rule 408, and allow these licenses into evidence in this case.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

cc:  Clerk of the Court (via hand delivery)
     Counsel of Record (via electronic filing)