IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ACUSHNET COMPANY,<br><br>　　　　　Defendant. | C. A. No. 06-91 (SLR) |

**PLAINTIFF CALLAWAY GOLF'S MOTION FOR POST-TRIAL RELIEF**

On March 29, 2010, a jury returned a verdict that all of Callaway Golf's asserted claims were anticipated and obvious in light of the same prior art that the original examiners of the Sullivan Patents, this Court, and another jury had previously rejected. The Court entered judgment on that jury verdict on March 31, 2010. The parties have reached an agreement on an expedited schedule for post-trial briefing. [D.I. 615] Callaway Golf hereby moves for the grant of a new trial on the issues of anticipation, obviousness and damages, and, for the reasons set forth below as well as those noted in its motions for judgment as a matter of law prior to the jury deliberations [Trial Tr. 1283:10-23], Callaway Golf also hereby renews its motions for judgment as a matter of law on the issues of anticipation and obviousness. Callaway Golf briefly summarizes the grounds for its requested post-trial relief below and will submit its opening brief in support of its motions on Friday, April 30, 2010, pursuant to the parties' expedited schedule for post-trial briefing.

I.      **RULE 59 MOTION FOR A NEW TRIAL**

Whether the circumstances justify the granting of a new trial is a decision left to the sound discretion of the trial court. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). The Court is not bound to view the record in a light most favorable to Acushnet. *See Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 615 F. Supp. 2d 304, 310 (D. Del. 2009). "A motion for a new trial should be granted where substantial errors occurred in admission or rejection of evidence." *Goodman v. Pennsylvania Turnpike Com'n*, 293 F.3d 655, 676 (3d Cir. 2002). "A court's inquiry in evaluating a motion for a new trial on the basis of trial error is, therefore, twofold: (1) whether an error was in fact committed, and (2) whether that error was so prejudicial that denial of a new trial would be inconsistent with substantial justice. With respect to the second prong of this two-part test, a new trial must be granted unless it is highly probable that [the erroneous ruling] did not affect the [objecting party's] substantial rights." *Arthrocare Corp. v. Smith & Nephew, Inc.*, 310 F.Supp.2d 638, 666-67 (D. Del. 2004) (internal cites omitted), *vacated in part on other grounds* 406 F.3d 1365 (Fed. Cir. 2005). A new trial is also warranted when the verdict is against the great weight of the evidence. 615 F. Supp. 2d at 310.

Among other grounds discussed more thoroughly in its opening brief, Callaway Golf respectfully urges that a new trial is warranted because the great weight of the evidence was against the jury's finding on anticipation and obviousness, permitting the verdict to stand would result in manifest injustice, and the jury's erroneous anticipation decision clearly swayed its obviousness ruling. Further, there are a number of examples of evidentiary and legal errors initiated and capitalized upon by Acushnet that improperly skewed the jury's view of the facts of the case and, either alone or taken together, warrant a new trial. These errors—most of which were inconsistent with the prior trial and were not raised in the first appeal—include:

1. Exclusion of the Hebert patent evidence;

2. Removal of instruction on the statutory presumption of validity;

3. Acushnet's introduction of evidence not disclosed during discovery;

4. Exclusion of Proudfit and Nesbitt deposition testimony;

5. Exclusion of Phil Mickelson's deposition testimony;

6. Introduction of Acushnet's opinions related to willfulness; and

7. Inclusion of the "pieces of the puzzle" instruction on obviousness.

For these reasons, and the reasons that will be set forth in Callaway Golf's memorandum of points and authorities, Callaway Golf respectfully requests that the Court grant a new trial on anticipation and obviousness. Also, because the jury did not reach the issue of damages, Callaway Golf also respectfully requests a new trial on damages issues.

## II.   RULE 50 JMOL OF NO ANTICIPATION

Judgment as a matter of law is appropriate when, viewing the evidence in the light most favorable to the verdict, there is not substantial evidence to support the verdict. *Siemens Med. Solns. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 615 F. Supp. 2d 304, 310 (D. Del. 2009). Here, Acushnet failed to identify a single prior art reference that disclosed all the elements of the claimed inventions arranged as they are found in the claims. *See Therasense, Inc. v. Becton, Dickson & Co.*, 593 F.3d 1325 (Fed. Cir. 2010) ("Unless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations *arranged or combined in the same way as recited in the claim*, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102") (emphasis in original). For these reasons, and the reasons that will be set forth in Callaway Golf's memorandum of points and authorities, Callaway Golf respectfully requests that the Court

grant judgment as a matter of law that Acushnet has failed to show the asserted claims were anticipated.

## III. RULE 50 JMOL OF NO OBVIOUSNESS

Obviousness is a legal question that must be resolved by the Court. *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966) ("the ultimate question of patent validity is one of law…"). Indeed, Acushnet filed a petition for a writ of certiorari to the U.S. Supreme Court arguing that this Court failed to make an independent legal conclusion on obviousness separate and apart from the jury's verdict after the first trial. [*See* D.I. 541.] This Court has now seen two inconsistent jury verdicts on obviousness, and it is well aware of the evidence on both sides, including the objective considerations evidence Callaway Golf presented during both trials.[1] As Callaway Golf will explain in its memorandum of points and authorities, there was no evidence that the prior art taught all of the limitations of the asserted patents, including the critical outer cover layer Shore D hardness limitation. In fact, during the previous appeal, the Federal Circuit explicitly said that "none of the prior art references upon which Acushnet relied expressly discloses the requisite hardness limitation for a polyurethane golf-ball cover on a three-piece ball," and that substantial evidence supported a finding that the prior art did not render the asserted claims obvious. *See Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1339-40 (Fed. Cir. 2009). Further, Acushnet failed to present clear and convincing evidence of any reason to combine the many disparate prior art references it presented to the jury, or that one of ordinary skill would have a reasonable expectation of success from doing so. Also, as noted above, the jury's verdict on obviousness was clearly swayed by its finding on anticipation – a finding that is not supported by the evidence. For these reasons, and for the reasons that will be discussed in

---

[1] A detailed recitation of this evidence can be found in Callaway Golf's prior post-trial briefing, [*see, e.g.,* D.I. 455], which is incorporated herein by reference.

4

Callaway Golf's memorandum of points and authorities, Callaway Golf respectfully requests that the Court grant judgment as a matter of law that Acushnet has failed to show the asserted claims would have been obvious.

Dated:  April 28, 2010                            FISH & RICHARDSON P.C.

                 By:  */s/ Thomas L. Halkowski*
                    Thomas L. Halkowski (#4099)
                    222 Delaware Avenue, 17th Floor
                    P.O. Box 1114
                    Wilmington, DE  19899-1114
                    Tel:  (302) 652-5070
                    Fax:  (302) 652-0607

                    Frank E. Scherkenbach
                    225 Franklin Street
                    Boston, MA 02110-2804
                    Tel:  (617) 542-5070
                    Fax:  (617) 542-8906

                    Roger A. Denning
                    12390 El Camino Real
                    San Diego, CA 92130
                    Tel: (858) 678-5070
                    Fax:  (858) 678-5099

                    **ATTORNEYS FOR PLAINTIFF**
                    **CALLAWAY GOLF COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2010, I electronically filed with the Clerk of Court PLAINTIFF CALLAWAY GOLF'S MOTION FOR POST-TRIAL RELIEF using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via electronic mail:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>1313 North Market Street, 6th Floor<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi<br>Joseph P. Lavelle<br>Brian A. Rosenthal<br>Howrey LLP - DC<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | Attorneys for Defendant<br>ACUSHNET COMPANY |

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski

1