# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACUSHNET COMPANY, )<br>)<br>Defendant. ) | C.A. No. 06-91 (SLR) |

## ACUSHNET'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

OF COUNSEL:

Henry C. Bunsow
Joseph P. Lavelle
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

Dated: April 30, 2010

964505 / 30030

Defendant Acushnet Company files this memorandum in support of its motion to amend the judgment entered on March 31, 2010. Specifically, Acushnet respectfully requests that the Court amend the judgment to declare all nine claims subject to the March 22, 2010 Stipulated Order Regarding Asserted Claims ("the Stipulation") invalid. Amendment of the judgment is necessary to ensure that Callaway's allegations with respect to *all* asserted claims are finally resolved.

## I. BACKGROUND

Pursuant to the Stipulation, Callaway agreed to limit the number of asserted claims that it would present at trial to claim 1 of U.S. Patent No. 6,210,293 ("the '293 patent"); claim 1 of U.S. Patent No. 6,503,156 ("the '156 patent"); claim 5 of U.S. Patent No. 6,506,130 ("the '130 patent"); and claim 3 of U.S. Patent No. 6,595,873 ("the '873 patent"). D.I. 601. In exchange, Acushnet agreed that the determination of the validity of these four claims would apply to the validity of each of the other five claims for which Acushnet has stipulated to infringement ("i.e., for the '293 patent, the validity determination in this matter for claim 1 also applies to the validity of claims 4 and 5; for the '156 patent, the validity determination in this matter for claim 1 also applies to the validity of claims 2 and 3; and for the '873 patent, the validity determination in this matter for claim 3 also applies to the validity of claim 1"). D.I. 601. In other words, the parties expressly stipulated and agreed that the "determination in this matter of the validity of the claims [presented] shall apply to the validity of each of the other claims for which Acushnet has stipulated to infringement." D.I. 601.

On March 29, 2010, the jury returned a verdict finding invalid all four of the claims that Callaway presented at trial. D.I. 608. On March 31, 2010, the Court entered judgment in favor of Acushnet and against Callaway, "[f]or the reasons stated in the jury verdict of March 29, 2010," D.I. 611. The jury returned a verdict of invalidity specifically addressing only the four

claims presented at trial, rather than all nine of the asserted claims. Thus, the Court's judgment does not expressly reflect the invalidity of all nine asserted claims, as required by the terms of the parties' Stipulation.

## II.     ARGUMENT

Pursuant to the Stipulation, the effect of the jury's verdict is that each of the following nine asserted claims is now rendered invalid: claims 1, 4, and 5 of the '293 patent; claims 1-3 of the '156 patent; claim 5 of the '130 patent; and claims 1 and 3 of the '873 patent. Accordingly, the Court's judgment should be amended pursuant to Fed. R. Civ. P. 59(e) to reflect the terms of the parties' Stipulation.[1]

It is well settled that "[a] proper Rule 59(e) motion [] must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *See also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). In this case, this motion should be granted to prevent the manifest injustice that will result if the judgment does not adequately reflect the parties' Stipulation. If the judgment is not amended to reflect the terms of the Stipulation, Acushnet will be left with a judgment that does not explicitly address all of the invalidated claims in this case. Thus, an amended judgment is necessary to ensure that Callaway's allegations with respect to *all* asserted claims are finally resolved.

---

[1] Acushnet approached Callaway regarding a joint motion to amend the judgment in accordance with the Stipulation. Callaway declined to join the motion, stating that "Callaway Golf does not agree with Acushnet's proposed motion, does not believe the judgment should stand, and is preparing post-trial motions to that effect." As a result, Acushnet files this motion seeking an order from the Court modifying the judgment entered on March 31, 2010, such that the judgment accurately reflects the parties' Stipulation.

2

### III. CONCLUSION

For all of the foregoing reasons, Acushnet requests that the Court grant its motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e) such that the judgment is in accordance with the Stipulation.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Henry C. Bunsow<br>Joseph P. Lavelle<br>Brian A. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 783-0800<br><br>Dated: April 30, 2010<br>964505 / 30030 | By:  /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant Acushnet Company* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 30, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 30, 2010, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Robert A. Denning
W. Chad Shear
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
denning@fr.com
shear@fr.com

Jonathan J. Lamberson
Craig R. Compton
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
lamberson@fr.com
compton@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

721869 / 30030