IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLAWAY GOLF COMPANY,

              Plaintiff,

    v.

ACUSHNET COMPANY,

              Defendant.

C. A. No. 06-91 (SLR)

## MOTION PURSUANT TO FED. R. CIV. P. 60 TO VACATE THE COURT'S ORDER DISMISSING CALLAWAY GOLF'S BREACH OF CONTRACT CLAIM FOR LACK OF JURISDICTION AND TO REINSTATE THE COURT'S NOVEMBER 20, 2007 DECISION GRANTING SUMMARY JUDGMENT

FISH & RICHARDSON P.C.
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com
Tel:  (302) 652-5070

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel:  (617) 542-5070

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070

ATTORNEYS FOR PLAINTIFF
**CALLAWAY GOLF COMPANY**

DATED:  November 8, 2010

## TABLE OF CONTENTS

I.      BACKGROUND ........................................................................................... 2

II.     THIS COURT MAY ACT PURSUANT TO RULE 60(**b**)(6) OR
        60(**b**)(5) TO VACATE ITS JURISDICTIONAL RULING ON THE
        BREACH OF CONTRACT CLAIM............................................................ 6

III.    CALLAWAY GOLF REQUESTS THAT THE MOTION BE
        GRANTED NOW RATHER THAN HEED ACUSHNET'S
        PLEAS FOR DELAY. ................................................................................. 7

# TABLE OF AUTHORITIES

**Pages**

CASES

*Bagley v. C.I.R.*,
   121 F.3d 393 (8th Cir. 1997) ...................................................................................7

*U.S. v. Cal-Almond*,
   215 F.3d 1334 (9th Cir. 2000) .................................................................................7

*Wesley Jessen Corp. v. Bausch & Lomb Inc.*,
   235 F.Supp.2d 370 (D. Del. 2002) (Robinson, J.) ...................................................6

OTHER AUTHORITIES

Fed. R. Civ. P. 60(b)(5)..................................................................................................1, 5, 7

Fed. R. Civ. P. 60(b)(6)................................................................................................... passim

Fed. R. Civ. P. 60(c)(1)......................................................................................................6, 7

Rule 50(b)(5)........................................................................................................................7

Callaway Golf moves pursuant to Fed. R. Civ. P. 60(b)(6), or in the alternative pursuant to Fed. R. Civ. P. 60(b)(5), to vacate this Court's November 10, 2008 Order (D.I. 491). The Court's November 10, 2008 Order vacated the November 20, 2007 Order granting summary judgment (D.I. 347), after concluding the Court lacked jurisdiction. Previously, the Parties submitted a joint motion under Rule 60 to address that jurisdictional issue. Now that the jurisdictional roadblock has been removed, Callaway Golf submits this second Rule 60 motion and respectfully urges that the Court vacate its November 10, 2008 jurisdictional Order, and reinstate its November 20, 2007 Order which granted summary judgment to Callaway Golf on its breach of contract claim against Acushnet.

Callaway Golf intends to present the summary judgment regarding Acushnet's breach of contract to the Patent Office and request that it suspend or terminate the pending reexaminations filed by Acushnet in breach of its contract. Callaway Golf seeks action now, because the "race" between this litigation and Acushnet's improper reexaminations is growing much closer due in part to increased activity at the appellate level of the Board of Patent Appeals and Interferences. Acushnet does not dispute the merits of this motion – indeed, it previously agreed to submit this second Rule 60 motion jointly with Callaway Golf. When approached to submit this motion now, however, Acushnet informed Callaway Golf that it prefers to delay the reinstatement of the summary judgment until after Callaway Golf's motion for a new trial is decided. Acushnet's requested delay will aid its effort to win the "race" it has set up by filing *inter partes* patent reexamination requests in breach of its Agreement with Callaway Golf. Accordingly, Callaway Golf respectfully requests that the Court grant this motion now rather than heed Acushnet's call for further delay.

## I.    BACKGROUND

The procedural background for this motion is documented in prior filings, most recently the Parties' Joint Motion under Fed. R. Civ. P. 60(b)(6) filed in Case No. 96-73-MMS on June 29, 2009 (D.I. 81), and granted by this Court on July 23, 2009.  To briefly summarize, the Parties predecessors were involved in two lawsuits that were resolved with a settlement agreement in 1996 (the "Settlement Agreement").  The Settlement Agreement contained a dispute resolution clause and provided that if mediation failed, "[e]ither party may initiate legal proceedings [under the Settlement Agreement] but only in the United States District Court of the District of Delaware, and no other."  (D.I. 199 Ex. 1 at 21.)  The Settlement Agreement further provided that this Court "retains jurisdiction of the parties for such purposes."  *Id.*  After executing the Settlement Agreement, the cases were dismissed by filing stipulations incorporating the Settlement Agreement, and providing that the court should retain jurisdiction to resolve any and all disputes arising under the Settlement Agreement.  Upon the filing of these stipulations, both cases were closed, but no orders were entered by the Court relating to the stipulations.

In February 2006, Callaway Golf filed the instant lawsuit.  Callaway Golf later amended its complaint to allege that Acushnet breached the Settlement Agreement by filing *inter partes* requests for reexamination of Callaway Golf's patents-in-suit.  (D.I. 30.)  This Court considered competing summary judgment motions on Callaway Golf's contract claim, and granted Callaway Golf's motion, holding that Acushnet breached the Settlement Agreement.  D.I. 347 (November 20, 2007 Order).

After the first trial on the validity of the patents-in-suit, this Court: (i) issued a separate decision holding that it lacked subject matter jurisdiction to resolve Callaway Golf's breach of contract claim; (ii) vacated its November 20, 2007 decision; and (iii) dismissed Callaway Golf's breach of contract claim.  *See* D.I. 490 (November 10, 2008 Order).

This Court's November 2008 decision to vacate its November 2007 decision stated that there was a "universal intention for the court to retain jurisdiction over the performance of the Agreement." *See* D.I. 490 (November 10, 2008 Order) at 11.  The Court concluded, however, that there was no *affirmative* demonstration of the Court's intent in the record of the 1996 cases in order to effect the retention of jurisdiction for future proceedings under the Settlement Agreement.  The Court, in particular, held:

> Absent any affirmative indication of the court's intent to retain jurisdiction in the record, the court must conclude that jurisdiction is lacking in the case at bar.  This case perhaps demonstrates the validity of an old legal truism:  God may know but the record must show.  Despite the universal intention for the court to retain jurisdiction over the performance of the Agreement, this intent was not manifested in the court's order sufficient to confer subject matter jurisdiction to enforce a settlement agreement.

*Id.*  The Court, therefore, vacated its November 2007 decision and dismissed Callaway's breach of contract claim.

Callaway Golf timely filed a separate action in the Delaware Court of Chancery to pursue its breach of contract claim in that forum and seeking to reform the Settlement Agreement to provide for venue in the Chancery Court. Vice-Chancellor Strine, presiding over the Chancery Court action, recommended filing a joint Rule 60 motion with this Court to address the determination that the District Court lacked jurisdiction over the breach of contract claim.  The Parties agreed to the approach suggested by the Chancery Court and filed a joint motion on June 29, 2009.  (C.A. No. 96-73, D.I. 81.)  This Court granted the Parties' joint motion, re-opened the 1996 cases, and entered modified stipulations of dismissal that addressed the jurisdictional issue that led to this Court's dismissal of Callaway Golf's breach of contract claim.  *See  Spalding & Evenflo Companies, Inc. and Lisco, Inc. v. Acushnet Company*, Civil Action No. 96-73-MMS and *Acushnet Company v. Spalding & Evenflo Companies, Inc. and Lisco, Inc.*, Civil Action No. 96-78-MMS), at July 23rd and 30th, 2009, D.I. Nos. 40 and 83, respectively.

In the Parties' Joint Rule 60(b)(6) motion to this Court addressing the jurisdictional issue regarding the form of dismissal for the 1996 cases, the Parties stated that they would return to this Court with a second joint motion to permit this Court "to reissue its original grant of summary judgment in Callaway Golf's favor" on its breach of contract claim. *Spalding & Evenflo Companies, Inc. and Lisco, Inc. v. Acushnet Company*, Civil Action No. 96-73-MMS, at D.I. 81, p. 6. Specifically, the Parties provided that the second joint motion would be filed after the then-current-pending – but now concluded – appeal to the Federal Circuit was resolved:

> Also, and importantly, given that the judgment in the Golf Ball Patent Litigation is presently on appeal at the Federal Circuit, the Parties will not at this time request further action from this Court on the breach of contract claim. Rather, following completion of the current appeal, and depending on how that appeal is decided, the Parties will submit a second joint motion to rehear in summary fashion Callaway Golf's breach of contract claim summary judgment motion, thus allowing this Court to reissue its original grant of summary judgment in Callaway Golf's favor on that claim. Furthermore, to insure an efficient resolution of the patent matter, Acushnet notes that to the extent it intends to appeal the Court's grant of summary judgment on Callaway Golf's contract claim, Acushnet will pursue that appeal after all other remaining issues have been resolved by this Court in the Golf Ball Patent Litigation, including any damages relating to infringement and the breach of contract, which the Parties agree will be heard jointly in any damages phase of the Golf Ball Patent Litigation.

(C.A. No. 96-73, D.I. 81 at 6.)

After this Court granted the Parties' Joint Rule 60(b)(6) – thus addressing the jurisdictional issue that had led to the dismissal of Callaway Golf's breach of contract claim – the Federal Circuit ultimately disposed of the appeal by remanding the case to this Court. The Parties then focused on preparing and conducting a second trial on the merits of Callaway Golf's patent claims. A jury trial was held before this Court commencing March 22, 2010. The jury returned a verdict on March 29, 2010 finding Callaway Golf's asserted patent claims invalid as anticipated and obvious. (D.I. 607.) This Court entered judgment on the jury's verdict on March 31, 2010. (D.I. 611.) The Parties filed post-trial motions, including a motion by Callaway Golf

for a new trial.  (D.I. 616.)  Briefing by the parties on those motions was completed on June 15,

2010, and is currently pending.

   In the interim, the reexaminations filed by Acushnet in breach of contract have continued

to make their way through the Patent Office.  Now, nearly 5 years after they were wrongfully

started by Acushnet in January of 2006, the reexaminations are pending before the Board of

Patent Appeals and Interferences, which is the last stop in the Patent Office.  And the Board has

apparently begun to speed up its appellate review of *inter partes* reexaminations.[1]  Given this set

of circumstances, Acushnet's reexaminations may possibly win the "race"—a particularly unfair

result given that the petitions were filed in breach of its agreement.  The risk of an unfair result is

especially acute if Callaway Golf's pending request for a new trial is granted, which of course

Callaway Golf respectfully believes it should be.  To ensure that this matter is resolved in the

proper forum and that the extensive resources devoted to this case by the Court and the Parties

will not have been spent in vain, Callaway Golf wishes to advise the Board of the Court's

summary judgment ruling regarding Acushnet's reexaminations having been filed in breach of

contract, and request that the Board terminate the reexaminations, or at least suspend them until

this matter is resolved in court.[2]

   Accordingly, Callaway Golf requests relief here under Fed. R. Civ. P. 60(b)(6), or, in the

alternative, under Fed. R. Civ. P. 60(b)(5).  This Court's July 30, 2009 Orders have resolved the

---

[1] As illustrated by the chart attached hereto as Appendix A, the number of days from docketing to decision at the Board has dropped steadily from late 2008 to the present time.  In fact, the average pendency of the four most recent appeals was well under two months.

[2] At the outset of the reexaminations, Callaway Golf petitioned the Patent Office to terminate and/or suspend the reexaminations and explained the existence of the parties' Settlement Agreement.  However, at that time, this Court had not yet found breach or entered its initial summary judgment on that issue.  Callaway Golf now intends to renew its petition so that the Patent Office has the opportunity to review and take into account this Court's ruling regarding Acushnet's breach of contract.

jurisdictional issue identified by the Court in its November 10, 2008 Order and established that

the Court has retained jurisdiction to enforce the settlement of the 1996 cases.  Thus, Callaway

Golf submits this request to vacate the November 10, 2008 jurisdictional Order dismissing

Callaway Golf's breach of contract claim.  By vacating its November 10, 2008 Order, the Court

can reinstate its November 20, 2007 Order, which granted summary judgment to Callaway Golf

on its claim for breach of contract.  To avoid any doubt on the question, Callaway Golf's

proposed Order affirmatively states that, in granting this motion, the November 20, 2007 Order

is in fact reinstated.

## II.   THIS COURT MAY ACT PURSUANT TO RULE 60(b)(6) OR 60(b)(5) TO VACATE ITS JURISDICTIONAL RULING ON THE BREACH OF CONTRACT CLAIM

This Court has the power to grant the requested relief pursuant to Rule 60(b)(6).  Rule

60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order or proceeding" and allows such a motion for any

reason "that justifies relief."  Furthermore, a Rule 60(b)(6) motion may be made at any time, so

long as the time is "reasonable".  *See* Fed. R. Civ. P. 60(c)(1).

As to timing, Callaway Golf makes this motion within a reasonable time after the Court's

2009 Orders that addressed the jurisdictional issue regarding the form of settlement of the

Parties' 1996 cases. As to substance, the circumstances here warrant relief under Rule 60(b)(6).

This Court stated in its November 10, 2008 order dismissing Callaway's contract claim that it

was universally intended that the Court retain jurisdiction over the resolution of disputes arising

out of the Settlement Agreement.  Now that the Court has addressed that jurisdictional issue, it

may and should properly vacate the November 10, 2008 dismissal and reinstate the November

20, 2007 Order.  Accordingly, Callaway Golf respectfully requests that the Court grant this

motion. *See Wesley Jessen Corp. v. Bausch & Lomb Inc.,* 235 F.Supp.2d 370 (D. Del. 2002)

6

(Robinson, J.) (granting 60(b)(6) motion to modify injunction entered by former judge where

"the parties [did] not disagree on the language or the substance of the proposed modification").[3]

### III.   CALLAWAY GOLF REQUESTS THAT THE MOTION BE GRANTED NOW RATHER THAN HEED ACUSHNET'S PLEAS FOR DELAY.

Given that the instant Rule 60 motion was part of the original approach outlined by the

Chancery Court and ultimately agreed-upon by the Parties, this Motion is ready for consideration

by the Court.  Callaway Golf has asked Acushnet to join in the submission of this second Rule

60 motion but Acushnet has refused– offering instead to do so at a later point in time.  *See,* Ex.

A.  Acushnet's refusal to join in this Motion is inconsistent with the Parties' prior agreement

presented to this Court:

> *[F]ollowing completion of the current appeal*, and depending on how that appeal is decided, the Parties will submit a second joint motion to rehear in summary fashion Callaway Golf' s breach of contract claim summary judgment motion, thus allowing this Court to reissue its original grant of summary judgment in Callaway Golf' s favor on that claim.

C.A. No. 09-73, D.I. 81 at 6 (emphasis added).  The appeal that was pending at the time of the

Parties' Joint Rule 60 motion has been decided, so according to the terms of the agreement the

instant Motion is now ripe.

In addition, as explained above, the reexaminations that this Court found Acushnet filed

in breach of its contract are proceeding, have begun to move more quickly toward resolution, and

threaten to win the "race" with the instant litigation that Acushnet has set up.  Acushnet has not

identified any substantive basis for opposing this motion, but instead seeks to delay its

consideration until a later point in time.  Such delay, however, heightens the risk that Acushnet's

---

[3] Rule 60(b)(5) similarly provides for relief from a judgment so long as requested in a "reasonable time." Fed. R. Civ. P. 60(c)(1).  Because the Court's order of dismissal was based on an earlier judgment that has since been modified, relief is also proper under Rule 50(b)(5). *See generally U.S. v. Cal-Almond*, 215 F.3d 1334 (9th Cir. 2000); *Bagley v. C.I.R.*, 121 F.3d 393 (8th Cir. 1997).

reexaminations will be completed before the Patent Office is made aware that they were filed by Acushnet in breach of the Parties' Settlement Agreement.  Acushnet should not be permitted to drag its feet so that it can further benefit from its breach.  This issue is ripe for decision now.  For this reason, Callaway Golf respectfully requests that the Court **GRANT** this motion and enter the attached proposed order.

Dated:  November 8, 2010                    FISH & RICHARDSON P.C.

                              By:  */s/ Thomas L. Halkowski*
                                   Thomas L. Halkowski (#4099)
                                   222 Delaware Avenue, 17th Floor
                                    P.O. Box 1114
                                   Wilmington, DE  19899-1114
                                   halkowski@fr.com
                                   Tel:  (302) 652-5070

                                   Frank E. Scherkenbach
                                   225 Franklin Street
                                   Boston, MA 02110-2804
                                   Tel:  (617) 542-5070

                                   Roger A. Denning
                                   12390 El Camino Real
                                   San Diego, CA 92130
                                   Tel: (858) 678-5070

                              **ATTORNEYS FOR PLAINTIFF**
                              **CALLAWAY GOLF COMPANY**