IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>             Plaintiff,<br><br>      v.<br><br>ACUSHNET COMPANY,<br><br>             Defendant. | C. A. No. 06-91 (SLR) |

**CALLAWAY GOLF'S *REPLY* IN SUPPORT OF
RULE 60 MOTION TO VACATE ORDER DISMISSING CALLAWAY GOLF'S
BREACH OF CONTRACT CLAIM FOR LACK OF JURISDICTION AND
TO REINSTATE THE COURT'S NOVEMBER 20, 2007 DECISION**

FISH & RICHARDSON P.C.
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
 P.O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com
Tel:  (302) 652-5070

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel:  (617) 542-5070

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070

**ATTORNEYS FOR PLAINTIFF
CALLAWAY GOLF COMPANY**

Dated:  December 2, 2010

**TABLE OF CONTENTS**

I.   THIS MOTION IS TIMELY. ...................................................................................1

II.  THE PTO'S HYPOTHETICAL RESPONSE TO A RENEWED
     PETITION IS IRRELEVANT. ................................................................................5

III. CONCLUSION ........................................................................................................7

i

## **TABLE OF AUTHORITIES**

**CASES**                                                            **PAGE**

*Callaway Golf Co. v. Acushnet Co.*,
   576 F.3d 1331 (Fed. Cir. 2009)......................................................................................4

*Callaway Golf Company v. Acushnet Company*,
   Case No. 4165-VCS (Del. Ch. Ct.), Third Joint Status Report, Filed November 1,
   2010.................................................................................................................................2

*Sony Computer Entertainment Am Inc. v. Dudas*,
   No. 05-1447, 2006 WL 1472462 (E.D. Va. 2006) ........................................................6

**OTHER AUTHORITIES**

37 C.F.R. § 317(b) and.........................................................................................................4

Fed. R. Evid. 403 ................................................................................................................4

Rule 60 ............................................................................................................................1, 5

Rule 60(b)(6)..................................................................................................................2, 3

Callaway Golf seeks to have this motion granted so that the PTO can be advised of Acushnet's breach of contract and then take this fact into account in assessing whether to stay or perhaps terminate the on-going reexaminations. Granting this motion is even more critical now, given that after filing its Rule 60 motion Callaway Golf just received notice that the PTO has set January 19, 2011 for argument before the Board on the reexaminations. Acushnet concedes it has no basis on the merits for opposing Callaway Golf's motion. This is not surprising, given Acushnet previously agreed this request would be filed as a ***joint*** motion. (*See* Opp. at 3.) Acushnet disputes only the ***timing*** of this motion, arguing that it comes both too soon and too late. None of Acushnet's arguments for delaying this motion has merit, especially in light of the recent and dramatic advancement of the reexamination proceedings. They are merely an effort to allow Acushnet to continue benefiting from its breach.[1]

## I.   THIS MOTION IS TIMELY.

Callaway Golf filed the Rule 60 motion in early November after discovering that the PTO's Board appeared to be accelerating review of *inter partes* reexaminations that are pending on appeal at the PTO. Acushnet faults Callaway Golf for not bringing this motion earlier[2] so that

---

[1] Acushnet protests that it innocently breached the contract, apparently previewing an "advice of counsel" defense that it had not previously raised. Given the plain language of the contract at issue, Acushnet's protestations ring hollow. Moreover, Acushnet's actions regarding its breach of contract have been far from model. *See* D.I. 492 ("[T]he court does not condone defendant's lamentable behavior in this case… Surely it was not the intent of the *Sawka* and *Kokkonen* Courts to allow such gamesmanship at the expense of nearly two years of court resources.").

[2] Acushnet incorrectly states that before filing the instant motion Callaway Golf "never articulated" its desire to have this motion granted so that it could bring Acushnet's adjudicated breach to the attention of the PTO. Not so. Callaway Golf has been upfront as to the purpose for submitting this motion. Indeed, in the joint status report filed with the Chancery Court a full week before the filing of this motion, Callaway Golf stated:

> Thus, Callaway Golf seeks to reinstate the District Court's ruling that Acushnet's reexamination petitions were submitted to the Patent Office in breach of Acushnet's

contract and patent damages could have been tried together – yet it also concedes that the motion should be properly granted at some later point in time.  (Opp. at 3.)   Acushnet's inconsistent argument makes no sense given the procedural changes that occurred after the parties' first Joint Rule 60(b)(6) Motion was filed.  When the parties proposed in July 2009 that patent and contract damages be tried together after the resolution of the then-pending Federal Circuit appeal, Callaway Golf had prevailed on liability and thus only damages remained to be tried.  Because the Court of Appeals subsequently reversed-in-part on validity and remanded, both liability and damages issues on the patent claims were retried together, making it impossible to try the contract damages at the same time.  The relevant history is summarized below:

---

       contract and seeks, on that basis, to have the Patent Office suspend or terminate the reexaminations while the district court litigation is completed.

*Callaway Golf Company v. Acushnet Company*, Case No. 4165-VCS (Del. Ch. Ct.), Third Joint Status Report, Filed November 1, 2010, attached to D.I. 631 as Ex. A.

| | |
|---|---|
| November 2007 | The Court grants summary judgment on Callaway Golf's breach of contract claim. (D.I. 347) |
| December 2007 | Acushnet stipulates to infringement. (D.I.367)<br><br>Jury trial on validity concludes in Callaway Golf's favor on all but one asserted claim. |
| November 2008 | Post-trial briefing concludes. (D.I. 491)<br><br>The Court vacates its November 2007 judgment on breach of contract for lack of jurisdiction. (D.I. 492)<br><br>Acushnet files its Notice of Appeal to the Federal Circuit. (D.I. 495) |
| July 2009 | Pursuant to the Chancery Court's recommendation, the Parties file a joint motion to re-open the 1996 cases to remedy the jurisdictional defect in the settlement of those cases.  In their motion, the Parties state that they will file a second joint motion to reinstate the November 2007 breach of contract judgment following conclusion of the then-pending appeal, so as not to delay conclusion of the then-pending appeal and permit contract and patent damages to be tried together. |
| August 2009 | Court of Appeals issues its decision reversing-in-part and remanding for a new trial on validity. (D.I. 505) |
| March 2010 | Second jury trial on validity concludes in Acushnet's favor. (D.I. 608) |
| April – June 2010 | Parties file post-trial briefing on Callaway Golf's motion for a new trial. (D.I. 615-627) |
| November 2010 | Callaway Golf files motion to reinstate summary judgment on breach of contract claim, due to PTO's acceleration of hearings by the Board concerning *inter partes* reexaminations described below. (D.I. 631) |

If the Court of Appeals had affirmed the first jury's verdict on liability, the parties would have then submitted a second Rule 60(b)(6) motion reinstating the Court's finding of breach of contract liability and proceeded to a joint contract and patent damages trial as originally envisioned.  This approach would have been feasible because an affirmance by the Court of Appeals finding the asserted claims valid would have rendered the reexamination proceedings as

3

to the asserted claims moot and allowed them to be terminated, *see* 37 C.F.R. § 317(b) and MPEP § 2686.04, thus eliminating the possibility of Callaway Golf losing these key claims by virtue of Acushnet's breach and otherwise fixing another key aspect of Callaway Golf's breach of contract damages (namely, the fees and costs associated with the reexaminations). An affirmance would have therefore resolved the liability phase of the case and set the stage for a trial on damages – both contract and patent.

After the Court of Appeals reversal in August 2009, however, the parties needed to re-try validity issues – guaranteeing that the damages to Callaway Golf would continue to accrue due to the ongoing reexaminations and continuing the possibility that Callaway Golf would be substantially damaged by losing the asserted patent claims due to Acushnet's breach of contract. Moreover, this Court has repeatedly excluded any reference to the ongoing reexaminations in trials regarding the validity of the asserted patents pursuant to Fed. R. Evid. 403, *see, e.g.,* D.I. 424 (Tr. at 257:12-261:1); *see also* D.I. 188, 382, 384, 442, a decision specifically appealed to and affirmed by the Federal Circuit. *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009).

It, therefore, would have been impossible to try patent validity and breach of contract damages in a single trial. Acushnet's argument to the contrary simply makes no sense. Thus, regardless of whether this motion had been filed immediately after the conclusion of the appeal or after the second jury trial, damages related to the reexamination could not be addressed until resolution of the patent validity issues.

The only impact of the timing issue – Acushnet's sole basis for opposing this motion – is that the further delay sought by Acushnet will allow it to continue to benefit from its breach.[3]

---

[3] Acushnet's claim that it will be "more efficient" for the Court to wait until after post-trial motions to grant this motion lacks any merit. (*See* Opp. at 3.) Reinstating the Court's finding

4

The longer the reexamination proceedings go on, the more likely that Acushnet will potentially win the "race" it has set up between the PTO and this Court, all in breach of its agreement. The Board has recently accelerated its appellate review of *inter partes* examinations, *see* D.I. 631 Ex. A., and thus there is a significant risk that this Court's rulings that the parties' dispute should be decided here will be mooted. Indeed, as noted above, the PTO has now set argument before the Board on the reexaminations for January 19, 2011. Based on that argument date and recent data on the timing of Board decisions, a decision from the Board could be rendered as soon as March 2011. Given these undisputed facts, this motion is now ripe and Callaway Golf respectfully requests that it be granted.

## II. THE PTO'S HYPOTHETICAL RESPONSE TO A RENEWED PETITION IS IRRELEVANT.

Acushnet uses the bulk of its brief to argue that the PTO will not heed this Court's decision. (Opp. at 5-9.) These arguments are speculative and ultimately irrelevant. Callaway Golf believes reinstatement of the Court's decision is crucial to the PTO's determination of the legitimacy of the ongoing PTO proceedings. In its November 2007 decision, this Court rejected ***three principal conclusions*** that the PTO relied upon when it denied a prior motion to vacate the reexaminations as *ultra vires*. First, the Court rejected the PTO's conclusion that Acushnet's filing was not in breach of contract because the Settlement Agreement does not, by its terms,

---

of liability for breach of contract, as sought by Callaway Golf's Rule 60 motion, does not dictate the timing of damages trial. Any trial on damages for breach of contract would be scheduled at an appropriate time regardless of when judgment on liability is ultimately resolved. As noted above, Callaway Golf respectfully submits that such a trial cannot meaningfully be held until its damages are fixed by the ultimate outcome of the reexamination proceedings.

5

preclude administrative proceedings.  *See* Opinion at 27-28.  Second, the Court rejected the PTO's conclusion that Acushnet's filing was not in breach because the Settlement Agreement was entered before the *inter partes* reexamination statute was enacted.  *Id.*  And third, the Court rejected the PTO's conclusion that enforcement of the Settlement Agreement would be contrary to public policy.  *Id.* at 28-29.  Given the significant change in law represented by the Court's decision, and given that the PTO would be bound as a matter of law by this Court's decision finding breach if it were reinstated, *Koninklijke Philips Electronics N.V. v. Cardiac Science Operating Co.*, 590 F.3d 1326, 1337 (Fed. Cir. 2010) ("Judicial precedent is as binding on [the PTO] as are statutes."), it is vital that the PTO be given the opportunity to consider whether to vacate or stay the unlawfully filed *inter partes* reexaminations in view of the fact of breach.

The timely resolution of this motion will also further the efficient resolution of the parties' disputes before this Court and the PTO.  This Court has previously devoted invaluable resources to resolving the breach of contract claim, and its decision, if reinstated, will allow the PTO to forgo the further burden and expense required to continue the *inter partes* reexaminations in which Acushnet continues to participate in breach of contract.  It will also respect the time and effort that this Court has devoted to the underlying patent dispute through motion practice and two jury trials.  Acushnet "chose its route" – it signed the Settlement Agreement, which requires it to pursue the present patent dispute in this Court.  *See Sony Computer Entertainment Am Inc. v. Dudas*, No. 05-1447, 2006 WL 1472462, at *3 (E.D. Va. 2006).  Acushnet must now "deal with the consequences of its decision." *Id.* (quoting *In re Mark R. Tremblay, et al.,* PTO Reexamination Proceeding (Nov. 17, 2005)).  That Acushnet apparently still likes its chances in the Patent Office better than in this Court, while telling, is still no reason to ignore the settlement.  The best and most efficient means for eliminating the complexities and burdens created by

6

Acushnet's unlawful *inter partes* filings, and for instead allowing this Court to resolve the patent dispute with finality in accordance with the parties' agreement, is to promptly reinstate this Court's November 20, 2007 decision. Thus, Callaway Golf believes that the Patent Office, when presented with the facts concerning Acushnet's adjudicated breach of contract, will properly apply the relevant statutes and regulations and conclude that the reexaminations should be terminated, or at least stayed pending completion of the litigation.

In any event, if Acushnet is correct and the PTO disregards this Court's decision finding liability for breach of contract, then Acushnet has no basis to oppose the motion — "no harm no foul." If Acushnet is wrong and this Court's decision impacts ongoing PTO proceedings, then delay here allows Acushnet to improperly benefit from its breach of contract. In either case, how the PTO might respond to a future petition by Callaway Golf should have no bearing on the timing of this Court's action to reinstate its prior summary judgment ruling.

### III. CONCLUSION

Stripped of rhetoric, Acushnet's position is the same that it has maintained from the beginning of this dispute: to continue benefiting from its breach of contract by having the PTO, rather than this Court, determine validity, despite the Parties' 1996 Agreement that future patent disputes would be decided by this Court. Acushnet's efforts to postpone re-entry of summary judgment serve only to increase the likelihood that this matter will not be resolved in the proper forum, and that the substantial resources devoted to this case by the Court, the Federal Circuit, and the Parties will have been spent in vain. For these reasons, Callaway Golf respectfully requests that this Court **GRANT** Callaway Golf's motion to reinstate the Court's November 20, 2007 decision finding Acushnet liable for breach of contract.

Dated:  December 2, 2010    FISH & RICHARDSON P.C.

By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com
Tel:  (302) 652-5070

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel:  (617) 542-5070

Roger A. Denning
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070

**ATTORNEYS FOR PLAINTIFF
CALLAWAY GOLF COMPANY**

8

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2010, the attached document was electronically filed with the Clerk of Court  using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on December 2, 2010, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Alan M. Grimaldi, Esq.<br>Brian Rosenthal<br>Clint Brannon<br>Kenneth Donnolly<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004<br>grimaldia@howrey.com<br>rosenthalB@howrey.com<br>brannonC@howrey.com<br>donnellyk@howrey.com | Attorneys for Defendant<br>ACUSHNET COMPANY |
| Henry C. Bunsow<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105-2708<br>BunsowH@howrey.com | |

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski