IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-091-SLR |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of January, 2011, having reviewed plaintiff's motion to vacate the court's order dismissing plaintiff's breach of contract claim for lack of jurisdiction (D.I. 491), and to reinstate the court's November 20, 2007 decision granting summary judgment (D.I. 348), and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 631) is granted, for the reasons that follow:

1. **Background.** Callaway Golf Company ("plaintiff") filed this action against Acushnet Company ("defendant") on February 9, 2006, alleging infringement of U.S. Patent Nos. 6,506,130 ("the '130 patent"), 6,503,156 ("the '156 patent"), 6,210,293 ("the '293 patent"), and 6,595,873 ("the '873 patent") (collectively, "the Sullivan patents"). (D.I. 1) Plaintiff alleged that defendant's Titleist® Pro V1® brand golf balls embody the technology claimed in one or more claims of the asserted patents. (Id. at ¶¶ 17-21)

2. In 1996, in order to resolve prior patent litigation in this court between defendant and plaintiff's predecessor-in-interest, defendant entered into a settlement

agreement (the "Agreement"). The Agreement contained a "Dispute Resolution" clause, providing that "[a]ny dispute arising out of or relating to patents, . . . shall be resolved in accordance with the procedures specified in this [s]ection, which shall be the sole and exclusive procedure for the resolution of any such disputes," and required that, failing resolution by other specified means, "either party may initiate legal proceedings but only in the United States District Court for the District of Delaware, and no other." (D.I. 490 at 3) Upon execution of the Agreement, the parties dismissed the pending litigation by filing stipulations of dismissal pursuant to Rule 41(a)(1)(ii) with the court. (*Id.*) Although the stipulations provided that the court "shall retain jurisdiction to resolve any and all disputes arising out of the [Agreement] in accordance with the terms of the [Agreement]" (*id.*), the stipulations did not include a "So Ordered" line for the court's formal approval.

3. In 2005, the parties unsuccessfully engaged in mediation (pursuant to the Agreement) to resolve disputes regarding the Sullivan patents. Defendant thereafter filed inter partes reexamination requests for each patent with the United States Patent and Trademark Office ("PTO"). After filing the present infringement action, plaintiff petitioned the PTO to suspend or terminate the reexamination based on the Agreement; the PTO declined to grant plaintiff relief. Plaintiff then amended its complaint and moved for summary judgment with regard to breach of the Agreement. (*Id.*)

4. The court granted plaintiff's breach of contract motion on November 20, 2007, holding that defendant was bound by the terms of the Agreement and that the Agreement precluded filing requests for reexamination hearings before the PTO with

respect to issues related to the case at bar. (D.I. 347 at 23-29) A jury trial was held between December 5 and 14, 2007 on the issue of validity of each of the asserted claims, due to obviousness. The jury returned a verdict that each asserted claim was valid but one – claim 5 of the '293 patent – which it found invalid. (D.I. 399)

5. On August 12, 2008, defendant filed a motion to dismiss plaintiff's breach of contract claim and to vacate the court's November 20, 2007 opinion and order based on lack of subject matter jurisdiction (D.I. 471) In its memorandum opinion of November 10, 2008, the court reluctantly granted defendant's motion, despite the universal intention of the parties for the court to retain jurisdiction over the performance of the Agreement. The court concluded in this regard that, under Third Circuit precedent, such intent was not manifested by a court order sufficient to confer subject matter jurisdiction to enforce a settlement agreement. (D.I. 490 at 11) In its November 10, 2008 opinion, the court noted that,

> despite the result compelled by the applicable precedent in this instance, the court does not condone defendant's lamentable behavior in this case. Defendant manifested an intent for the court to retain jurisdiction, ignored every opportunity to contest jurisdiction, and retained a benefit from the presumption that jurisdiction existed where it suited it. Defendant elected to challenge jurisdiction only after defendant lost its invalidity case, presumably to minimize its overall losses. Surely it was not the intent of the *Sawka*[1] and *Kokkonen*[2] Courts to allow such gamesmanship at the expense of nearly two years of court resources.

(*Id.* at 12-13) (footnotes added) Defendant filed a notice of appeal of the jury verdict to the Federal Circuit on November 19, 2008. (D.I. 495)

---

[1] *Sawka v. Healtheast Inc.*, 989 F.2d 138 (3d Cir. 1993).

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

...
...
...
...

6. Plaintiff timely filed a new action in the Delaware Court of Chancery to pursue the breach of contract claim, seeking to reform the Agreement. (D.I. 631 at 3) At the recommendation of the Chancery Court, the parties instead filed joint motions with this court, pursuant to Fed. R. Civ. P. ("Rule") 60. (*Id.*; C.A. No. 96-73-SLR, D.I. 81; C.A. No. 96-78-SLR, D.I. 38) ("Joint Motions") The Joint Motions provided that,

> importantly, given that the judgment in the Golf Ball Patent Litigation is presently on appeal at the Federal Circuit, the Parties will not at this time request further action from this Court on the breach of contract claim. Rather, following completion of the current appeal, and depending on how that appeal is decided, the Parties will submit a second joint motion [("the second joint motion"] to rehear in summary fashion Callaway Golf's breach of contract claim summary judgment motion, thus allowing this Court to reissue its original grant of summary judgment in Callaway Golf's favor on that claim. Furthermore, to insure an efficient resolution of the patent matter, Acushnet notes that to the extent it intends to appeal the Court's grant of summary judgment on Callaway Golf's contract claim, Acushnet will pursue that appeal after all other remaining issues have been resolved by this Court in the Golf Ball Patent Litigation, including any damages relating to infringement and the breach of contract, which the Parties agree will be heard jointly in any damages phase of the Golf Ball Patent Litigation.

(Joint Motions at 6) In July of 2009, the court granted the Joint Motions, re-opened the 1996 cases, and entered modified stipulations of dismissal addressing the jurisdictional issue that led to the court's earlier dismissal of plaintiff's breach of contract claim. (C.A. No. 96-73, D.I. 83; C.A. No. 96-78 D.I. 40)

7. In August 2009, the Federal Circuit issued its decision reversing-in-part and remanding for a new trial on validity. (D.I. 505) On October 15, 2009, the Federal Circuit remanded the case for further proceedings not inconsistent with its decision. (D.I. 511) A second jury trial on validity was held in March 2010, concluding in defendant's favor. (D.I. 608) Presently before the court are various post-trial motions,

4

including plaintiff's motion pursuant to Rule 60 (D.I. 631) ("the Rule 60 Motion"), filed November 8, 2010, to vacate the court's order dismissing plaintiff's breach of contract claim for lack of jurisdiction (D.I. 491) and to reinstate the court's November 20, 2007 decision granting summary judgment (D.I. 348).

8. **Standard of Review.** Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Rule 60(b)(5) provides for relief from judgment by reason of "the judgment [having] been satisfied, released or discharged; . . . based on an earlier judgment that has been reversed or vacated; or [because] applying it prospectively is no longer equitable." Rule 60(b)(6) further provides that relief from a judgment or order may be by "any other reason that justifies relief." A motion for any such relief "must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). "A motion under Rule 60(b)(6) should be granted when 'appropriate to accomplish justice.'" *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) (*quoting Klapprott v. United States*, 335 U.S. 601 (1949)).

9. **Discussion.** Plaintiff argues that the court may grant the Rule 60 Motion pursuant to Rule 60(b)(5) or (6), that defendant agreed in the Joint Motions to support granting of the Rule 60 Motion, and that defendant now refuses to do so at this time in order to allow the PTO's reexamination proceedings to move forward to plaintiff's disadvantage. (D.I. 631) Plaintiff alleges that it has been notified by the PTO that a reexamination hearing regarding the subject patents will commence January 19, 2011. (D.I. 635) Defendant argues that the Rule 60 Motion is untimely in that it should have

5

been filed after the Federal Circuit's decision and before the second trial, to allow patent damages and contract damages to be tried together, and that plaintiff delayed by over one year from the date of the issuance of the Federal Circuit's decision. (D.I. 633 at 1-3) Defendant also argues that plaintiff's efforts to terminate or suspend the PTO proceedings are futile. (*Id.* at 7-9)

10. The circumstances at bar are exceptional. The court's original grant of a summary judgment establishing contractual liability was vacated at the behest of defendant, frustrating the original intent of the parties and the court. Defendant has now stipulated to the very jurisdiction that it formerly contested, thus allowing the court to "reissue its original grant of summary judgment in [plaintiff's] favor." Both parties stipulated to the filing of a motion under Rule 60; the only issue is the timeliness of the filing. The Joint Motions are vague as to the time for filing the Rule 60 Motion, providing only that, "following completion of the current appeal, and depending on how that appeal is decided, the Parties will submit [another] joint motion."

11. Defendant argues that "[t]he Parties agreed . . . that they would file a joint motion to vacate at a time that would allow patent damages and contract damages to be tried together. That time has passed; the trial on patent damages occurred in March of 2010." (D.I. 633 at 1) Further, defendant admits that the Rule 60 Motion would be timely if submitted after the Federal Circuit has addressed any appeals from the patent case, including resolution of all patent liability issues, which has not yet occurred. (D.I. 633 at 2-3) The court concludes, therefore, that the Joint Motions established a window of time for filing the Rule 60 Motion that opened on October, 15, 2009, the date the Federal Circuit remanded the case.

12. Defendant's arguments point to a conclusion that the window is either still open (pending appeal) or closed no earlier than March 2010 at the commencement of the second trial. The Rule 60 Motion was filed November 8, 2010, either within the window itself or well within one year of its close. Even if the Joint Motions were construed so as to require that the Rule 60 Motion be filed **immediately** "upon completion of the current appeal," the instant motion would have been filed less than thirteen months from that time. Further, the Joint Motions place responsibility for filing the Rule 60 Motion on both parties. Plaintiff filed the instant motion unilaterally only after defendant refused to support it. (D.I. 631 at 1) Although defendant now argues that the Rule 60 Motion is untimely, defendant fails to point to evidence of record that it attempted to timely file a similar motion. The court finds the timing of the Rule 60 Motion to be reasonable under such circumstances.

13. Defendant's arguments regarding resolution of damages and effect on the PTO's reexamination proceedings are of no moment in determining whether relief under Rule 60 is appropriate. Granting the Rule 60 Motion for summary judgment, at this time, does not necessarily require that contract damages be tried separately from patent damages. Defendant admits that, if the court grants plaintiff's motion for a new trial, it would "not object to the present motion at that time." (D.I. 633 at 2) Establishing contractual liability now instead of later militates in favor of granting the Rule 60 Motion by limiting delay and allowing the court flexibility in scheduling a trial on damages. There is no reason to deprive the PTO of any benefit, no matter how limited, it may receive from the court's judgment in this matter. That the PTO may not be induced to

terminate or suspend reexamination proceedings based on such judgment is of no moment to the equitable principles involved in the issue at bar.

14. The court finds that vacating the order dismissing summary judgment is proper under Rule 60(b)(6), that reinstating the order granting summary judgment is proper under Rule 60(b)(5) or, in the alternative, Rule 60(b)(6), and that the Rule 60 Motion is timely pursuant to Rule 60(c)(1).

15. **Conclusion.** Based upon the foregoing,

IT IS FURTHER ORDERED that:

1. This court's order of November 10, 2008 dismissing plaintiff's breach of contract claim for lack of jurisdiction (D.I. 491) is hereby vacated; and

2. This court's order of November 20, 2007 (D.I. 348) is hereby reinstated as to granting plaintiff's motion for summary judgment of breach of contract and denying defendant's motion for summary judgment of no breach of contract.

_____
United States District Judge