FISH & RICHARDSON P.C.

17TH FLOOR
222 DELAWARE AVENUE
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
302 778-8407

Email
halkowski@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

**VIA CM/ECF**

March 16, 2011

The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Callaway v. Acushnet*
USDC-D. Del. - C. A. No. 06-91-SLR

Dear Judge Robinson,

I write on behalf of Callaway Golf to clarify the description in Acushnet's March 15, 2011, letter and to further advise the Court of developments in the Patent Office proceedings and related litigation of which the Court may wish to be aware.

First, on March 9, 2011, the Patent Office denied Callaway Golf's petition requesting that the agency: (i) recognize this Court's ruling that Acushnet breached its contract in pursuing the reexaminations; and (ii) cease the reexaminations and allow the validity of the patents to be addressed on a full record in the appropriate forum – here, in District Court. Exhibit A.

Second, also on March 9, 2011, the Patent Office Board of Appeals affirmed the examiner's rejection of the claims in the four Sullivan patents at issue in this case. Exhibit B. In doing so, however, the Patent Office did not adopt or approve any rejection based upon anticipation. Its decision rests solely on one obviousness combination: Nesbitt and Molitor '637. Callaway Golf is seeking a rehearing and, if necessary, will appeal the Board's determination to the Federal Circuit due to a number of errors, including the Board's summary dismissal of the objective evidence of non-obviousness and its reliance upon the hindsight-induced declaration of Dr. MacKnight – the same "evidence" this Court excluded, noting, *inter alia*, "it was the lawyers who created this whole process." D.I. 427 (Tr. 755:6-7).[1]

---

[1] *See also* D.I. 346 at 2 (Order excluding Dr. MacKnight's test results from evidence) ("[T]he above declarations do not accurately describe Dr. MacKnight's role in the testing actually conducted. According to Dr. MacKnight's testimony, Acushnet personnel directed every aspect of these tests; Dr. MacKnight neither prepared nor tested anything. Indeed, aside from giving Acushnet the benefit of his impressive resume, I am hard pressed to identify what Dr. MacKnight did in connection with this testing. His "expert report" reflects no personal knowledge of any material aspect of

Given these decisions by the Patent Office, Acushnet is winning the "race" to have the Sullivan patents' validity adjudicated by reexaminations initiated in breach of contract rather than here in this court. In its continuing effort to halt the improper reexaminations, Callaway Golf yesterday filed an Administrative Procedure Act suit in the Eastern District of Virginia. That suit seeks expedited review of the Patent Office's refusal to vacate the reexaminations filed in breach of a valid, court-ordered settlement agreement. The complaint also challenges the PTO's refusal to stay proceedings before it in light of the fact that the validity of the same patents is properly being addressed in this Court. Exhibit C.

If the Court desires further information, counsel is available to discuss the above matters at the Court's convenience.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

cc Counsel of Record (via CM/ECF and e-mail)

TLH:jrm

80107957.doc

---

the subject matter and cannot be used to confer any indicia of trustworthiness to the test results. Therefore, to the extent that the reliability of the test results derives from Dr. MacKnight's voucher, such evidence is excluded.").